David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-cv-07102-JSC<br>Hon. Jacqueline Scott Corley<br>Courtroom 8<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ALLOW SERVICE OF PROCESS ON DEFENDANT THROUGH SECRETARY OF STATE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Shannon L. Santos, Request for Judicial Notice, and Proposed Order]<br><br>Hearing Date: March 9, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th floor<br><br>Action Filed: November 14, 2022 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on March 9, 2023 at 10:00 a.m. in Courtroom 8 of the above-entitled court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Plaintiff Navigators Specialty Insurance Company ("Navigators") will and hereby does move this Court for an order allowing service of the Summons and Complaint in this case upon Defendant SVO Building One, LLC ("SVO") through the California Secretary of State ("Motion").

This Motion is made on the grounds that Navigators has been unable to locate the agent for service of process for SVO at the designated location for service. Service on SVO could not be affected with all due diligence at SVO's three known addresses for the following reasons: (1) the address designated by SVO for its agent for service of process was found to be the same address as the subject project built and completed by SVO, and SVO is unknown to the current occupant; (2) the address listed as SVO's principal and mailing address is an unoccupied site under reconstruction with no occupant; and (3) the address of the sole member of SVO resulted in no contact after three days of surveillance. In addition, Navigators has made several attempts to communicate with SVO's personal coverage counsel but has received no response about an agreement to accept service or the present location of SVO. Under these circumstances, the Court is statutorily permitted to grant an Order allowing service via the Secretary of State.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Shannon L. Santos and exhibits thereto, the accompanying Request for Judicial Notice and exhibits thereto, the pleadings and papers on file in this case, and upon such further oral argument as may be presented at the hearing on this Motion.

Dated: February 8, 2023

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: *<u>/s/ Shannon L. Santos</u>*
David Simantob
Shannon Santos
*Attorneys for Plaintiff Navigators Specialty Insurance Company*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this Motion to Allow Service of Process on the California Secretary of State ("Motion"), Plaintiff Navigators Insurance Company, Ltd. ("Navigators") seeks an Order permitting it to serve the Summons and Complaint in this action on Defendant SVO Building One, LLC ("SVO") through the California Secretary of State, because Navigators has been unable to locate SVO's agent for service of process or any other person associated with SVO for personal service. Furthermore, SVO's personal counsel failed to respond to Navigators' multiple attempts to communicate. Therefore, Navigators requires permission to serve SVO through an alternative means.

Navigators defended SVO under a reservation of rights in an underlying action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action") pursuant to an insurance policy issued to SVO. The Underlying Action has now settled, and Navigators brought this coverage action to seek a declaration that SVO must now reimburse Navigators for the amounts paid toward the defense of uncovered claims in the Underlying Action among other declaratory relief claims.

Navigators has also been unable to locate any individuals associated with SVO for service of the Summons and Complaint in this action. Process servers have attempted service at all locations SVO provided to the Secretary of State, but they have been unable to locate the company or any individual associated with the company. Unsuccessful service attempts have been made at SVO's three known addresses as follows: (1) the address designated by SVO for its agent for service of process was found to be the same address as the subject project built and completed by SVO, and SVO is unknown to the current occupant; (2) the address listed as SVO's principal and mailing address is an unoccupied site under reconstruction with no occupant; and (3) the address of the sole member of SVO resulted in no contact after three days of surveillance. In addition, Navigators has made several attempts to communicate with SVO's personal counsel but has received no response about an agreement to accept service or the present location of SVO. Thus, despite Navigators' diligence in attempting to serve SVO's agent for service of process

registered with the state or any other individuals associated with SVO, Navigators has been unable to do so. Therefore, Navigators requests that this Court exercise its express authority to grant an Order allowing Navigators to serve SVO through the California Secretary of State.

## II. BACKGROUND

### A. Attempt to Serve SVO's Designated Agent for Service

Through the Secretary of State, SVO identified Jennifer Przygrodzka as its agent for service of process at 2407 Ak Street, McClellan, California 95652 ("Service Address"). (Request for Judicial Notice ("RJN"), Exh. "1" thereto, Secretary of State Printout, 1-1.) On December 23, 2022, a process server went to the Service Address to serve Ms. Przygrodzka with the Summons and Complaint in addition to other court records. The process server reported that neither SVO nor Ms. Przygrodzka were known at this address. Rather, the property was occupied by a company identified as "Prime Data Center." (Santos Dec., ¶ 2, Exh. "A" thereto, Affidavit of Due Diligence, A-1.) This Service Address is the same as the address for the data center project built by SVO, the subject of the Underlying Action. [Doc. 1-2, Fourth Amended Complaint in Underlying Action, ¶ 5, B-2.]

### B. Attempt to Serve SVO at Designated Business and Mailing Address

SVO also identified its principal address and mailing address as 3140 Peacekeeper Way, Suite 101A, McClellan, California 95652 ("Business Address") with the Secretary of State. (RJN, Exh. "1" thereto, Secretary of State Printout, 1-1.) On December 23, 2022, a process server went to the Business Address to serve SVO. The process server reported that the building was under reconstruction and was "non-operational." (Santos Dec., ¶ 3, Exh. "B" thereto, Affidavit of Due Diligence, B-1.)

### C. Attempts to Serve SVO at Residential Address of Sole Member

The Secretary of State shows that SVO, a limited liability company, only has one member: Nicholas Laag. (RJN, Exh. "2" thereto, Secretary of State Statement of Information, 2-1.) A public records search was run on Mr. Laag, and a current residential address of 2961 Pacific Avenue, San Francisco, California 94115 ("Residential Address") was found. (Santos Dec., ¶ 4.) On January 20-22, 2023, a process server went to the Residential Address to serve

Mr. Laag with the relevant records in this action. The process server reported that, after three days of surveillance, there was no answer at the callbox with Mr. Laag's name and no person was observed entering or exiting the Residential Address. (Santos Dec., ¶¶ 5-6, Exh. "C" thereto, Affidavit of Due Diligence, C-1; Exh. "D" thereto, January 23, 2023 Email and Photo, D-1, 3.)

**D. Attempts to Serve SVO through Personal Counsel**

On January 4, 2023, Navigators' counsel sent a letter by email and U.S. mail to SVO's personal coverage counsel in the Underlying Action, Steven Murray [Doc. 1-7, May 3, 2021 Letter], and requested that he agree to waive service on behalf of SVO. Navigators pointed out that service at the two addresses identified with the Secretary of State were not current addresses. (Santos Dec., ¶ 7, Exh. "E" thereto, January 4, 2023 Email and Letter, E-1, 2.) After receiving no response, on January 11, 2023, counsel sent another email to Mr. Murray, reiterating the request. (Santos Dec., ¶ 8, Exh. "F" thereto, January 11, 2023 Email, F-1.) Navigators did not receive a bounce back to any of the emails to counsel. (Santos Dec., ¶ 9.) To date, Mr. Murray has not responded to these communications. (Santos Dec., ¶ 10.)

Given that the addresses SVO provided to the Secretary of State are not valid, Navigators brings this Motion to seek an Order to allow service through the Secretary of State.

## III. ARGUMENT

Under circumstances such as these, where the plaintiff is unable to locate the defendant for service, the Court has the express authority to allow the plaintiff to serve the Summons and Complaint on the Secretary of State. Federal Rules of Civil Procedure, Rule 4(h)(1)(B), states that a corporation such as SVO may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(e)(1) further allows service on the individual agent for service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In evaluating the state law procedure allowed to be followed, California Civil Code

Section 416.10 provides in relevant part as follows:

> A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
>
> (a) To the person designated as agent for service of process . . . .
>
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.
>
> * * *
>
> (d) If authorized by any provision in Section . . . 1702 . . . or 2111 of the Corporations Code . . ., as provided by that provision.

As relevant to this Motion, Section 1702(a) of the Corporations Code allows for service upon the Secretary of State as follows:

> . . . if the agent designated [for service of process] cannot with reasonable diligence be found at the address designated for personally delivering the process, . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in [California Code of Civil Procedure], **the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State**, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. . . .

(Emphasis added.)

Moreover, Section 2111(a) of the Corporations Code provides:

> If the agent designated for the service of process is a natural person and cannot be found with due diligence at the address stated in the designation . . ., then **the court may make an order that service be made by personal delivery to the Secretary of State** or to an assistant or deputy secretary of state of two copies of the process together with two copies of the order . . . .

(Emphasis added.)

Based on this authority, service on the Secretary of State is statutorily authorized under circumstances where the agent for service of process cannot be located.

As demonstrated herein, Navigators has attempted service on SVO's agent for service of process at the Service Address listed with the California Secretary of State as well as the Business Address listed as SVO's principal/mailing address. Both of those addresses were found to be invalid. Navigators also unsuccessfully attempted service at the Residential Address of its sole member despite three days of surveillance. SVO's personal counsel further failed to respond to Navigators' requests for waiver of service of process. Through this showing of due diligence, Navigators has met its burden to show that SVO cannot be served through the address provided to the Secretary of State for its agent for service of process nor at several other locations associated with SVO. Under such conditions, service through the Secretary of State is warranted. *See Sentinel Ins. Co., Ltd. v. Berkeley Executives, Inc.*, Case 3:19-cv-06312-VC, Doc. 28 (N.D. Cal. Jan. 21, 2020).

## IV. CONCLUSION

As Navigators has been unable to effect service on SVO with established due diligence, Navigators requests that the Court authorize service on SVO through the California Secretary of State as permitted by statute.

Dated: February 8, 2023

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff Navigators Specialty Insurance Company*