UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 22-cv-07102-JSC<br><br>**ORDER DENYING MOTION FOR SERVICE THROUGH SECRETARY OF STATE**<br><br>Re: Dkt. No. 12 |

Plaintiff moves to serve Defendant through the Secretary of State under Federal Rule of Civil Procedure 4, California Civil Code § 416.10(d), and California Corporations Code § 1702(a). After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary. *See* Civ. L.R. 7-1(b).  The motion is DENIED without prejudice because Plaintiff has failed to show reasonable diligence under California Code of Civil Procedure 415.30(a).  The hearing scheduled for March 9, 2023 is VACATED.

**BACKGROUND**

Plaintiff is an insurance company formed in New York with its principal place of business in Connecticut.  (Dkt. No. 1 ¶ 1.)  Defendant is a limited liability company with one member, Nicholas Laag. (*Id.* ¶ 3.)  Laag is believed to be a California citizen. (*Id.*)  He is also listed as Defendant's Chief Executive Officer. (Dkt. No. 13-2.)  Plaintiff filed this suit seeking reimbursement for costs associated with defending an underlying lawsuit against Defendant and for declaratory relief regarding the parties' contractual relationship.  (Dkt. No. 1-1 ¶ 29, 46.)

Plaintiff first attempted to serve Defendant's registered agent, Jennifer Przygrodzka, at an address in McClellan, California on December 23, 2022. (Dkt. Nos. 12-2; 13-2.)  The address given was a "Prime Data Center," but the registered agent was not present. (Dkt. No. 12-2.)  The

process server noted "Subject not known, company not known." (*Id.*) Plaintiff then attempted service upon the address listed as Defendant's principal business office: 3140 Peacekeeper Way, Suite 101A, McClellan, CA 95652. (Dkt. No. 12-3.) The process server noted "Building under reconstruction, one construction workers [sic] around, non-operational." (*Id.*)

Finally, Plaintiff attempted to serve Laag at the address he listed with the California Secretary of State: 110 Pacific Avenue in San Francisco, California. A process server staked out this residential location on three occasions between January 20, 2023 and January 22, 2023. (Dkt. No. 12-4.) Laag's name is on a call box at that address, but he did not answer when buzzed. (*Id.*) The process server watched the building for one to two hours on three occasions at varied times of day, but did not see anyone enter or exit the building. (*Id.*) Three vehicles close to the building were investigated but deemed unassociated with Laag. (*Id.*) Because Plaintiff has yet to successfully serve Defendant, Plaintiff brings this motion to serve Defendant through the California Secretary of State.

## DISCUSSION

### I. Service of Process Rules

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, a plaintiff may serve process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4(h), a corporation must be served according to Rule 4(e) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process...." Fed. R. Civ. P. 4(h)(1)(A)-(B). Pursuant to section 1702(a) of the California Corporations Code,

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation ***cannot be served with reasonable diligence*** upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may

2

> make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a) (emphasis added). Sections 415.10, 415.20, and 415.30 of the California Code of Civil Procedure provide the rules for personal service and service by mail. Sections 416.10 and 416.20 of the California Code of Civil Procedure provide the rules for service on a corporation.

In addition to delivery to a designated agent, section 416.10 provides that a summons may be served on a corporation "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). "[A]s a condition precedent to the issuance of an order for such substituted service," a plaintiff's affidavit must establish that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Batte v. Bandy*, 165 Cal. App. 2d 527, 535 (1958).

## II.     Application

The Court is satisfied Plaintiff attempted to serve Defendant's principal office address and Defendant's designated agent with reasonable diligence. Because both addresses listed in McClellan appear defunct, Defendant's failure to serve those addresses via mail was reasonable. However, Plaintiff has identified a valid address associated with Defendant's CEO, Laag, who can be served under § 416.10. Plaintiff has not shown reasonable diligence has not made any attempt to serve the CEO's address by mail under § 415.30(a). *See* Judicial Council's Comment, Cal Civ. Code § 415.30 (noting § 415.30 provides a means to serve individuals listed in § 416.10); *see also Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Prods. Serv. & Labor*, No. 20-cv-2063-JCS, Docket Number 12 at 2 (N.D. Cal. June 23, 2020) (denying motion to serve through Secretary of State for failure to conduct service on agent by mail). Thus, the Court cannot deem the requirements under California Corporations Code § 1702 met.[1]

---

[1] In addition to Plaintiff's failure to attempt serve by mail, the attempts to serve Laag personally

3

**CONCLUSION**

The motion is DENIED without prejudice because Plaintiff has failed to show reasonable diligence under California Code of Civil procedure 415.30(a).  The hearing scheduled for March 9, 2023 is VACATED.  The deadline for Plaintiff to serve Defendant is extended to May 12, 2023.

**IT IS SO ORDERED.**

This Order disposes of Docket Number 12.

Dated: March 6, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

---

were inadequate because Plaintiff's process server viewed his address on three consecutive days rather than at varied times. *See id.* at 2 (finding service attempts diligent where attempts were made at different times of day over a span of two months).

4