UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 22-cv-07102-AMO<br><br>**ORDER GRANTING MOTION TO ALLOW SERVICE OF PROCESS THROUGH SECRETARY OF STATE**<br><br>Re: Dkt. No. 17 |

Plaintiff moves to serve Defendant through the Secretary of State under Federal Rule of Civil Procedure 4, California Civil Code § 416.10(d), and California Corporations Code § 1702(a). After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary. *See* Civ. L. R. 7-1(b). The motion is **GRANTED** because Plaintiff has shown reasonable diligence under California Code of Civil Procedure § 415.10 and § 415.30(a).

## I.  PROCEDURAL BACKGROUND

This is Plaintiff Navigators Specialty Insurance Co.'s second motion for service of process on Defendant SVO Building One, LLC, through the California Secretary of State. Navigators filed the first motion for such service on February 8, 2023. "Motion I" (ECF No. 12). On March 6, 2023, this Court found that Plaintiff's attempt to serve SVO through its principal office address and designated agent satisfied reasonable diligence as both addresses appear defunct. Order (ECF No. 15) at 3. However, the Court found that Plaintiff's attempts to serve SVO through its CEO, Nicholas Laag, who is also the sole member of the limited liability corporation, were inadequate under Cal. Code Civ. Proc. § 415.30(a) as Plaintiff did not attempt to serve the CEO by mail. *Id.* In addition, the Court noted in a footnote that Plaintiff's attempts to serve the CEO personally were inadequate because Plaintiff attempted to serve the CEO at his home address "on three

1  consecutive days rather than at varied times." *Id.* at 3 n.1.  Plaintiff filed the present motion on

2  April 18, 2023.  "Motion II" (ECF No. 17).

## II. DISCUSSION

To order service of process through the California Secretary of State, the Court must determine whether Plaintiff has demonstrated that the agent designated for service of process, and any other person associated with Defendant for personal service, cannot be found with reasonable diligence.  *See Verizon California Inc. v. OnlineNIC Inc.*, No. C 08-2832 JF (RS), 2008 WL 4279709, at *1 (N.D. Cal. Sept. 16, 2008) (citation omitted) (plaintiff must show that the corporation cannot be served "with the exercise of due diligence in any other manner provided by the law").  The Federal Rules of Civil Procedure allow service of process by following state law in the jurisdiction where the district court is located.  Fed. R. Civ. P. 4(e)(1).  Pursuant to Rule 4(h), a corporation must be served according to Rule 4(e) or by delivering a copy of the summons and complaint to an officer or agent authorized to receive service of process.  Fed. R. Civ. P. 4(h)(1).  In California, service may be made by mail pursuant to Cal. Code Civ. Proc. § 415.30(a), personal delivery pursuant to § 415.10, and delivering a copy to the person designated as agent, or to the president, chief executive officer, or other head of the corporation, pursuant to § 416.10(a)-(b).

Both the address identified for SVO's agent, and the address designated as SVO's business address, were non-operational.  Motion II at 4-5.  After this Court denied the first motion, Navigators attempted to serve SVO's CEO Laag in accordance with Cal. Code Civ. Proc. § 415.30(a) by mailing Laag a letter at his residential address and at the address he included on SVO's Statement of Information.  Motion II at 6.  Navigators did not receive a signed copy of the waiver within 30 days, pursuant to the Federal Rules of Civil Procedure 4(d)(1)(F), and the mailing sent to the address listed on the Statement of Information was returned as undeliverable.  *Id.*  Further, Navigators attempted personal service at the residential address on five additional days, at varied times.  *Id.*  None of these attempts at service were successful.  *Id.* at 6-7.

## III. CONCLUSION

Plaintiff has demonstrated that it has been unable to serve Defendant with reasonable

diligence.  As such, the Court orders that service of process be made upon Defendant SVO by delivering the Summons and Complaint to the California Secretary of State pursuant to California Corporations Code § 1702(a) and § 2111(a).

**IT IS SO ORDERED.**

Dated:   June 7, 2023

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**