**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Arlen Khachatourians (SBN 334719)
arlen@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Attorneys for Defendant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

v.

SVO BUILDING ONE, LLC,

Defendant.

Case No. 3:22-CV-07102-AMO

[Assigned to Hon. Araceli Martinez-Olguin]

**DEFENDANT SVO BUILDING ONE, LLC's MOTIONS TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT UNDER F.R.C.P. 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRUCE T. SMYTH**

Date: November 30, 2023
Time: 2:00 p.m.
Dept.: Courtroom 10, 19th Floor

[Filed concurrently with: [Proposed] Order]

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on November 30, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 10, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant **SVO BUILDING ONE, LLC** (hereinafter "SVO") will move the Court for an order to dismiss the Complaint of Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY** ("Navigators") pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6), for failure to state facts upon which relief

can be granted, or in the alternative, for a more definite statement pursuant to the provisions of Federal Rule of Civil Procedure 12(e)(6), for a more definite statement.

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the Declaration of Bruce T. Smyth, the records and pleadings on file herein, and on such other evidence as may be presented.

DATED: July 28, 2023

**PARKER SHAFFIE LLP**

By: Bruce T. Smyth

Shawn S. Shaffie
Bruce T. Smyth
Arlen Khachatourians
Attorneys for Defendant
**SVO BUILDING ONE, LLC**

# TABLE OF CONTENTS

**Page**


MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. NAVIGATORS' CLAIMS AND PROCEDURAL BACKGROUND ........ 2

A. Allegations Of Complaint ........ 2

1. Introduction and General Allegations ........ 2

2. First Cause of Action ........ 5

3. Second Cause of Action ........ 6

4. Third Cause of Action ........ 7

III. LEGAL STANDARD ........ 7

A. Navigators Has Failed To Plead Facts Stating Causes of Action ........ 7

B. In The Alternative, Navigators Should Be Ordered To File A More Definite Statement ........ 8

IV. NAVIGATORS HAS FAILED TO PLEAD FACTS STATING CLAIMS FOR RELIEF ........ 8

A. Navigators' First and Second Causes of Action Fail to State Claims For Reimbursement Of Costs Solely Allocable to Non-Potentially Covered Claims. ........ 8

B. Navigators Concedes That There Are Potentially Covered Claims In The Underlying Action Where It Had A Duty To Defend. ........ 11

C. Navigators' First and Second Causes of Action Are Deficient Because It Does Not Plead That It Paid the Costs For Which It Seeks Reimbursement ........ 13

D. Navigators' Third Cause of Action For An Advisory Opinion On A Nonexistent Dispute Over An Unalleged Claim For Indemnity Must Be Dismissed. ........ 14

V. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Addington v. U.S. Airline Pilots Ass'n,* 606 F.3d 1174 (9th Cir. 2010) ........ 14

Atlantic Mut. Ins. Co. v. J. Lamb, Inc, 100 Cal. App. 4th 1017 (2002) ........ 12

*Axis Surplus Ins. Co. v. Reinoso,* 208 Cal. App. 4th 181 (2012) ........ 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 7

*Buss v. Superior Court*, 16 Cal. 4th 35 (1997) ........ 9, 10

*Calderon v. Ashmus,* 523 U.S. 740 (1998) ........ 14

*Cunningham v. Universal Underwriters,* 98 Cal. App. 4th 1141 (2002) ........ 12

Dobrin v. Allstate Ins. Co., 897 F. Supp. 442 (C.D. Cal. 1995) ........ 12

*Fibreboard Corp. v. Hartford Accident & Indem. Co.,* 16 Cal. App. 4th 492 (1993) ........ 12

*Gompper v. VISX, Inc.*, 298 F.3d 893 (9th Cir.2002) ........ 8

*Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076 (1993) ........ 9, 10

*Jackson v. Carey*, 353 F.3d 750 (9th Cir.2003) ........ 8

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir.2005) ........ 8

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir.2001) ........ 8

*Paylor v. Hartford Fire Ins. Co.,* 748 F. 3d 1117 (7th Cir. 2014) ........ 8

*State of California v. Pac. Indem. Co.,* 63 Cal. App. 4th 1535 (1998) ........ 13

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998) .......... 7

*Vandenberg v. Superior Court,* 21 Cal. 4th 815 (1999) .......... 12

*W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) .......... 7

**RULES**

F.R.C.P. 11(b)(3) .......... 1, 14

F.R.C.P. 12(b)(6) .......... 7

F.R.C.P. 12(e) .......... 8

F.R.C.P. 8 .......... 6

F.R.C.P. 8 (a)(2) .......... 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Court should dismiss all three of the purported causes of action of Navigators' Complaint for failure to plead the requisite elements of a claim for relief, or in the alternative, order a more definite statement. The first and second causes of action, for declaratory relief for reimbursement of attorney's fees and costs it alleges it "incurred" for the defense of non-covered claims in the underlying action, fail to plead the requisite elements of such claims. An insurer only has a right to be reimbursed for defense costs allocable *solely* to claims for which there was not even potential coverage under its policy. Navigators does not plead such facts. It also fails to plead the costs it alleges are solely applicable to claims which were not potentially covered.

Instead of pleading the requisite facts for reimbursement of defense costs, it cites every exclusion and provision in the policy of insurance it issued to SVO and contends that it did not have a duty to defend. That ship has sailed. The duty to defend terminated when the underlying action case settled 19 months ago.

Both purported causes of action for reimbursement are additionally deficient because although it alleges it "incurred" defense costs, it fails to plead that it in fact *paid* those costs. In fact, another insurer paid those costs. Navigators has no right to seek reimbursement for fees paid by someone else. Navigators had an obligation under Rule 11 before it filed its complaint to make a reasonable inquiry of the facts and not to allege claims lacking in evidentiary support (F.R.C.P. 11(b)(3)). It should know it cannot claim reimbursement for someone else's payment.

Navigators' first cause of action for declaratory relief is separately deficient because although it states every provision in the policy in contending that it does not have a duty to defend after the defamation cause of action was dismissed, it fails to respond to the statements made in a letter from SVO's counsel attached as Exhibit G to its Complaint and incorporated at paragraph 27 thereof which lists allegations remaining in the Complaint under which Navigators had continuing duty to defend. Indeed, Navigators concedes that it reversed its decision and accepted SVO's re-

/ / /

/ / /



P S PARKER SHAFFIE LLP

tender after receiving that letter. *See* Complaint at par. 28 and Exhibit H thereto.[1] Despite establishing the existence of potentially covered claims in Exhibit G, incorporated into the Complaint, the Complaint fails to even attempt to refute those allegations. Navigators thereby concedes the existence of potentially covered claims after the dismissal of the defamation cause of action. It thus also concedes the applicability of the standard set forth in *Buss* in order to obtain reimbursement.

Navigators' purported third cause of action, for a declaration that it has no duty to indemnify, fails to state any claim for relief because Navigators' allegations *confirm* that there is no bona fide dispute or actual controversy. Navigators alleges that SVO advised it that the settlement of the underlying action 19 months ago did not involve any indemnity under the policy. Navigators contends that there is some controversy because it cannot confirm the terms of the settlement. By its own allegations Navigators has failed to plead facts establishing any dispute as to whether it has any obligation to indemnify and pleaded that SVO has stated it will not seek indemnity from Navigators. Nor can Navigators attempt to state a claim for relief for restitution because it has not made any indemnity payment.

This Court accordingly should dismiss all three of Navigators' claims for relief.

## II. NAVIGATORS' CLAIMS AND PROCEDURAL BACKGROUND

The allegations of Navigators' Complaint establish that it has failed to plead facts establishing any cognizable claim for relief.

### A. Allegations Of Complaint

#### 1. Introduction and General Allegations

In paragraph 1 of the Complaint Navigators alleges that it brings this action for declarations that it is entitled to reimbursement of all defense fees and costs incurred in an action

[1] Although Navigators contended in Exhibit H that it had continued to defend, in a letter in response on the same date, SVO's counsel noted that it had not done so, but instead accepted SVO's re-tender, resulting in a gap in coverage. Further, SVO objected to all of the claimed rights that Navigators purported to reserve. Navigators failed to attach SVO's counsel's letter to the Complaint, but a copy is attached to the Declaration of Bruce T. Smyth ("Smyth Decl.") as Exhibit 2.

entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association Case No. 01-18-0003-1318 (the "Underlying Action"). In the same paragraph, it alleges that it understands that the Underlying Action settled after trial without any payment sought from Navigators for indemnity under the policy. Although it alleges in paragraph 4 of the Complaint that it is pursuing an action for declaratory relief to resolve "an actual controversy," for the reasons discussed below, it fails to establish the existence of any such controversy.

Navigators alleges the terms of the policy of insurance it issued to SVO, Policy No. LA17CGL219162IC for the period from July 12, 2017 to August 12, 2019 (the "Policy") , in paragraphs 1 and 6 through 9 of the Complaint. In paragraph 11 Navigators sets forth the 18 causes of action asserted against SVO in the Fourth Amended Complaint ("4th AC") alleged by the claimant in the Underlying Action, Liebert Corporation, which subsequently change its name to Vertivs (hereinafter "Claimant" or "Vertivs"). In paragraphs 12 through 16 it discusses the various factual allegations in the 4th AC. In paragraph 17 it describes the fifteenth cause of action for defamation in the 4th AC. It asserts that Vertivs alleged that SVO "disparaged" its work and reputation including but not limited to falsely stating that the commencement of equipment commissioning at the project was delayed as result of Vertiv's inability to manage the project and that the statements were made to competitors for purposes of harming Vertiv's reputation.

In paragraph 19 of the Complaint, Navigators alleges that Vertivs dismissed the defamation cause of action on March 24, 2021. In paragraph 22 of the Complaint, Navigators alleged that it was informed by SVO that the parties in the Underlying Action agreed to a settlement and resolution of the dispute without payment from Navigators and that it was told that the settlement would result in the dismissal of all claims with prejudice. In paragraph 23, Navigators alleged that a Joint Notice of Dismissal with Prejudice of all claims was filed on January 5, 2022.

In paragraph 24, Navigators alleged that it agreed to defend SVO the Underlying Action on October 28, 2019 and in paragraph 25 that it agreed to pay for SVO's counsel. In paragraph 26, it alleges that after Vertivs dismissed the defamation cause of action, Navigators advised SVO on March 31, 2021 that it would be withdrawing from its defense by letter, a true and correct copy of

which was attached to the Complaint as Exhibit F.

Navigators then alleged in paragraph 27 that by letter dated May 3, 2021, attached to the Complaint as Exhibit G, SVO objected to Navigators' withdrawal from the defense. In the letter, SVO's counsel noted that even after the dismissal of the defamation cause of action, the Complaint still alleged claims potentially covered by the Policy for the "personal injury" offenses of slander, libel and disparagement. Indeed, the Complaint still contained many of the same allegations included in the dismissed defamation cause of action. In the May 3, 2021 letter, SVO's counsel noted at least three allegations of disparagement and or defamation remained in the Fourth Amended Complaint:

- "causing third parties to issue false reports regarding the commissioning _of equipment on the Project;" (¶55, p. 12:23-24; ¶56, p.13:5-7.)
- SVO's conduct "erodes Vertiv's reputation as a designer and builder .... " (¶57, p.13;13.)
- Communications "disparaging Vertiv's work" were made by SVO to DPR. (¶146, p. 29:13.)

Complaint, Exhibit G.

SVO's letter also noted that claims for property damages covered under the Policy also remained, because the Policy covers loss of use of tangible property, which was not physically harmed. The letter then cited 11 such allegations remaining in the Fourth Amended Complaint:

- "SVO has given drawing and calculations prepared by Vertiv to designers and builders of data centers . . . ." (¶30, p. 8:19-20.);
- "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but . . . continues to do so. " (¶82, p. 16:25-28.);
- "SVO have [sic] continued to use in the United States without authority devices covered by the '082 Patent . . . ." (¶, p.18:8-9);
- "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but ... continues to do so." (¶93, p. 18:27-28 - p. 19:1-2.);
- " SVO have [sic] continued to use in the United States without authority devices covered by the '804 Patent .... " (¶97, p. 19:25-26.);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125 ) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but ... continues to do so." (¶104, p. 20:15-18.);

- "SVO have [sic] continued to use in the United States without authority devices covered by the '404 Patent .. .. " (¶108, p. 23:11-12.);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but .. . continues to do so." (¶115, p. 24:3-6. );

- "SVO have [sic] continued to use in the United States without authority devices covered by the '424 Patent .... " (¶119, p. 25:23-24.);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded EXL S1 UPS for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the EXL Sl UPS, but ... continues to do so." (¶126, p. 26:14-17.);

- "SVO have [sic] continued to use in the United States without authority devices covered by the '124 Patent .... " (¶130, p. 27:11-12.).

Complaint, Exhibit G.

Navigators' Complaint then alleges in paragraph 28 that on May 18, 2021, Navigators accepted the re-tender by letter attached to the Complaint as Exhibit H.[2]

Navigators' Complaint ignores the cited portions of the Fourth Amended Complaint in SVO's counsel's letter, even though incorporated into its Complaint by the attached Exhibit G. Nowhere in the Complaint does Navigators discuss, let alone attempt to refute, the allegations of the Complaint establishing Navigators' continued duty to defend after the dismissal of the defamation cause of action.

**2. First Cause of Action**

In its purported first cause of action at paragraph 30, Navigators alleges that it initially accepted SVO's defense pursuant to a reservation of rights including the right to seek reimbursement of amounts spent in defense of uncovered claims. It alleges in paragraph 31 that it

[2] As noted above, although Navigators contended in Exhibit H that it continued to defend, there was a gap in coverage, as set forth in a letter from SVO's counsel the same day. *See* Smyth Decl., Exhibit 2.

advised SVO that it was withdrawing from the defense after the defamation cause of action was dismissed but after SVO objected, agreed to continue to defend pursuant to a reservation of rights. Navigators then alleges that there is an actual controversy regarding whether Navigators had a duty to defend SVO after March 24, 2021 after the dismissal of the defamation cause of action and the right to reimbursement of attorney's fees and costs incurred since that time.

In paragraph 35, Navigators alleges that it had no duty to defend SVO based on 20 cited provisions of the policy. Not content to rely on those 20 provisions, Navigators then alleged in paragraph 36 that it also relied upon "all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein…"

Navigators' attempted pleading of every provision of its Policy in no way satisfies the requirements of F.R.C.P. 8 (a)(2) of a "short and plain of the claim showing that the pleader is entitled to relief;…."

**3. Second Cause of Action**

In its purported second cause of action at paragraph 43, Navigators alleges that there is a genuine dispute and actual controversy as to whether Navigators has a right to reimbursement of attorney's fees and costs incurred in the defense of uncovered claims in the Underlying Action. It then alleges in paragraph 43 that in accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policy "certain attorneys' fees and costs were incurred in defense of uncovered claims on behalf of SVO in the Underlying Action under the Policy or applicable law, in whole or in part, based upon the coverage defenses set forth in paragraph 35 of the First Cause of Action herein." In addition to the 20 provisions identified in paragraph 35, Navigators once again states, in paragraph 44, that it also relies upon all additional terms, definitions, exclusions, conditions and endorsements of the policy not specifically identified in paragraph 35.

Among other deficiencies, Navigators' second cause of action additionally violates the requirements of a "short and plain statement" of claim required under F.R.C.P. 8.

/ / /

/ / /

**4. Third Cause of Action**

In its purported third cause of action for declaratory relief, Navigators alleges at paragraph 47 that there is a bona fide dispute and actual controversy between it and SVO whether Navigators has a duty to indemnify SVO in connection with the Underlying Action. It then proceeds to allege facts establishing that there is in fact no such controversy. In paragraph 48 it alleges that "SVO advised that the settlement of the Underlying Action does not involve any indemnity payment under the Policy,…." This allegation tracks Navigators' allegation in paragraph 1 of the Complaint that it "understands that the Underlying Action settled after trial without any payment sought from Navigators for indemnity under the Policy,…" and its allegation in paragraph 22 of the Complaint that "Navigators was informed by SVO that the parties to the Underlying Action agreed to a settlement in resolution of the dispute without payment from Navigators." According to Navigators' allegation in paragraph 23, the case was dismissed with prejudice on January 5, 2022. Navigators does not allege that SVO has changed its position on indemnity in the intervening 19 months since then. Navigators clearly has failed to plead facts establishing any actual controversy.

## III. LEGAL STANDARD

### A. Navigators Has Failed To Plead Facts Stating Causes of Action

Navigators has failed to satisfy the requirements for stating any cause of action. Federal Rule of Civil Procedure 12(b)(6) provides that a claim should be dismissed if it fails to state facts upon which relief can be granted. A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss for failure to state a claim pursuant to Rule12(b)(6), the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Further, the court need not "assume the truth of legal conclusions merely because they are phrased in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

/ / /

In considering a motion to dismiss, the Court may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the complaint if no party questions their authenticity. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.2001)

Where the court is satisfied that deficiencies in the complaint cannot possibly be cured by amendment, dismissal without leave to amend is appropriate. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.2003). Leave to amend need not be granted where amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.2002).

**B. <u>In The Alternative, Navigators Should Be Ordered To File A More Definite Statement</u>**

A motion for a more definite statement should be granted under F.R.C.P. 12(e) because the first and second causes of action of the Complaint are "so vague and ambiguous that the party cannot reasonably prepare a response." F.R.C.P. 12(e). In both causes of action, Navigators alleges that it is entitled to reimbursement of the costs of defense in the Underlying Action because the claims in that Action are not covered under every term, definition, exclusion, condition and endorsement of its Policy. *See* Complaint, pars. 35 and 36, and 43 and 44. The complaint is "almost totally useless." *Paylor v. Hartford Fire Ins. Co.*, 748 F. 3d 1117, 1126 (7th Cir. 2014) (dismissing complaint because no specific factual allegation informs the reader how the defendant allegedly interfered with the plaintiff). Navigators' second and third cause of action are similarly useless in failing to inform SVO why it is entitled to reimbursement for any specific costs it paid which are solely applicable to claims which are not potentially covered.

## IV. <u>NAVIGATORS HAS FAILED TO PLEAD FACTS STATING CLAIMS FOR RELIEF</u>

**A. <u>Navigators' First and Second Causes of Action Fail to State Claims For Reimbursement Of Costs Solely Allocable to Non-Potentially Covered Claims.</u>**

Both of Navigators' first and second purported causes of action fail to plead the requisite facts to allege a proper cause of action for reimbursement under the controlling case of *Buss v.*

*Superior Court*, 16 Cal. 4th 35, 46-47 (1997) ("*Buss*"). Under *Buss*, in a "mixed" action, in which some of the claims are at least potentially covered and the others are not, the insurer has a duty to defend as to the claims that are at least potentially covered, having been paid premiums by the insured therefor, but does not have a duty to defend as to those that are not, having not been paid therefor. *Buss, supra*, at 48. As discussed in more detail below, Navigators concedes that the Underlying Action is a "mixed" one, because it asserts that the cause of action for defamation is potentially covered.

"California law clearly allows insurers to be reimbursed for attorney's fees" and other expenses "*paid* in defending insureds against claims for which there was no obligation to defend.'" *Buss, supra,* at 50. (Emphasis added.) Thus, an insurer may only seek reimbursement of defense costs from its insured for the costs "as to the claims that are not even potentially covered." *Buss*, 16 Cal. 4th 50. In such a case, the insurer may only obtain reimbursement for such defense costs "that can be allocated *solely* to the claims that are not even potentially covered." *Id.* at 52 (Emphasis added). The insurer has no right to reimbursement of defense costs jointly allocable to claims that were either potentially or actually covered under the policy at the outset of the case. *Id.* at 52-53.

When the insurer seeks reimbursement from the insured, it bears the burden of proving, by a preponderance of the evidence, the defense expenses *solely* allocable to claims not potentially covered. *Buss, supra,* 16 Cal. 4th at 53 (Emphasis added); *See Axis Surplus Ins. Co. v. Reinoso,* 208 Cal. App. 4th 181, 188 (2012) (insurer denied recovery of defense expenses where it failed to carry burden to show claims defended were not even potentially covered).

The insurer has the very difficult burden of proving that the defense costs incurred can be allocated solely to claims that are not even potentially covered. The insurer is to produce "undeniable evidence supporting an allocation of a specific portion of the defense costs to a noncovered claim." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081 (1993). In fact, the California Supreme Court has questioned whether the insurer's task of meeting its burden of showing such allocation is "ever feasible" and noting that it may be "extremely difficult." *Buss, supra,* 16 Cal. 4th 57-58.

Navigators' first and second causes of action are deficient for multiple reasons. First, it does not allege the requisite facts to maintain a claim for reimbursement in a mixed action under *Buss*. It fails to make the requisite allegation that it incurred and paid costs of defense allocable solely to claims that are not even potentially covered. In paragraph 43 in the second cause of action, it thus alleges that "certain attorneys' fees and costs were incurred in defense of uncovered claims" and at paragraph 45 that it seeks a declaration that it has a right "to reimbursement of attorneys' fees and costs incurred in defense of uncovered claims…." That is not the standard. It must first plead facts establishing that the costs of defense for which it seeks recovery are allocable solely to claims not even potentially covered.

Second, because the burden of proof is on the insurer, Navigators must cite the specific costs which it contends are solely allocable to potentially non-covered claims. It has failed to do that as well. The insurer is to produce "undeniable evidence supporting an allocation of a specific portion of the defense costs to a noncovered claim." *Horace Mann Ins. Co. v. Barbara B., supra*, 4 Cal.4th at 1081. Navigators does not identify *what* costs it allegedly incurred which it contends are solely applicable to claims which are not potentially covered, or any costs at all. Navigators must plead which costs it contends are solely applicable to potentially non-covered claims. There is at least one reason why it has not done so. As noted in *Buss*, it is questionable whether the insurer's task of meeting its burden of showing such allocation is "ever feasible." *Buss*, *supra*, 16 Cal. 4th 57-58.

Instead, Navigators cites all of the "terms, definitions, exclusions, conditions and endorsements" in the Policy in support of its contention that it did not have a duty to defend. (Complaint pars. 35 and 36). Those allegations do not plead the applicable elements of a claim for reimbursement. Nor do they even allege a legitimate claim that they have no duty to defend. First, any alleged issue of the duty to defend is moot at this point, 19 months after the duty to defend ended with the dismissal of the case. Second, it has conceded that it had a duty to defend because the Fourth Amended Complaint had allegations of defamation potentially covered as a covered "offense" under the personal liability provisions of the Policy. Third, it has failed to plead any cognizable claim that it had no duty to defend. Its rote citation of every provision of the

Policy does not plead facts to sufficient to state a claim for a declaration that it does not have a duty to defend.

**B. <u>Navigators Concedes That There Are Potentially Covered Claims In The Underlying Action Where It Had A Duty To Defend.</u>**

Navigators concedes that there are potentially covered causes of action in the Fourth Amended Complaint and therefore the standard and extremely difficult burden of establishing a claim for reimbursement of defense costs in "mixed actions" under *Buss* applies. In paragraph 24 of its Complaint, Navigators states that it advised SVO that it was defending it in the Underlying Action by a letter dated October 28, 2019, "because the FAC included an allegation of defamation which potentially qualified as an enumerated offense of 'personal or advertising injury'" under its policy. It attached the reservation of rights letter in which it made such admission as Exhibit "E" to the Complaint.

Navigators thus concedes that the Fourth Amended Complaint is a mixed action for which it seeks reimbursement under the Second Cause of Action in this action. In reverse chronological order, it alleges in its first cause of action that it seeks reimbursement of defense cost for a later period, from March 24, 2021 until apparently the dismissal of the Underlying Action in January 2022. However, the Underlying Action continued to be a "mixed action" with covered claims for that later period as well. Although Navigators alleges that it had no continuing duty to defend because the defamation cause of action had been dismissed at that point, the same or similar defamation claims were still alleged in the parts of the Fourth Amended Complaint which had not been dismissed, as confirmed both in the Fourth Amended Complaint attached to Navigators' complaint and in the letter from SVO's counsel citing those portions of the Fourth Amended Complaint attached by Navigators as Exhibit "G" to the Complaint.

The allegations remaining in the Fourth Amended Complaint after the dismissal of the defamation cause of action was dismissed still included claims of defamation or disparagement covered under the Navigators' policy:

- "causing third parties to issue false reports regarding the commissioning of equipment on the Project;" (4th AC, ¶55, p. 12:23-24; ¶56, p.13:5-7.)

- SVO's conduct (such allegedly false reports) "erodes Vertiv's reputation as a designer and builder .... " (4th AC, ¶ 57, p.13:13.)

- Communications "disparaging Vertiv's work" were made by SVO to DPR. (4th AC, ¶146, p. 29:13.)

Those allegations constitute "offenses" under the "personal and advertising injury" coverage in the Policy. In that Policy, "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

* * *

> d. Oral or written publication, in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;….

Complaint, par. 8 at p. 8, lines1-10.

The allegations remaining in the Complaint of false reports damaging Vertiv's reputation n and communications disparaging Vertiv's work to others constitute potentially covered claims of disparagement or libel. Under California law, the terms of such offenses "should be construed broadly to encompass all specific torts which reasonably could fall within the general category." *Fibreboard Corp. v. Hartford Accident & Indem. Co.*, 16 Cal. App. 4th 492, 515 (1993); *Cunningham v. Universal Underwriters,* 98 Cal. App. 4th 1141, 1148-1149 (2002). Even though none of the remaining causes of action in the Fourth Amended Complaint is titled "defamation," the nature of the claim or legal theory asserted by the plaintiffs is not determinative. Coverage depends on whether a covered risk has caused the type of loss covered by the policy. See *Vandenberg v. Superior Court,* 21 Cal. 4th 815, 841 (1999). Similarly, a complaint need not specifically plead a claim based on one of the personal injury offenses, as long as the factual allegations support such a claim. Thus factual allegations in other claims may show a potential claim for slander or libel. *See, e.g., Dobrin v. Allstate Ins. Co.*, 897 F. Supp. 442, 444 (C.D. Cal. 1995) (breach of fiduciary duty claim alleged facts showing slander and damage to reputation); *Atlantic Mut. Ins. Co. v. J. Lamb, Inc,* 100 Cal. App. 4th 1017, 1034-1035 (2002) (allegations of false statements to plaintiff's customers that plaintiff's products were burdened with patents and that purchasing the products would subject customers to litigation stated potential claim for product disparagement and trade libel).

As noted in the letter from SVO's counsel attached to the Complaint as Exhibit G, the Complaint additionally included claims for property damages covered under the Policy for loss of use of tangible property which was not physically harmed. In particular, the Complaint alleged loss of use of various "Liebert-designed, manufactured and branded" transfer switches and cooling systems and a "EXL S1 UPS" (*See* Exhibit G and Complaint in Underlying Action attached to Complaint As Exhibit 2 thereto at pars. 82, 93, 104, 15 and 126). At paragraph 8 of the Complaint at page 8, lines 13-17, Navigators states that "property damage" under the Policy means "loss of use of tangible property that is not physically injured." There thus is potential coverage for such property damage in the portions of the Fourth Amended Complaint remaining after dismissal of the defamation cause of action. The standard for reimbursement under *Buss* on the insurer of proving the defense expenses solely allocable to claims not potentially covered thus applies as a result of such property damage claims as well.

**C. <u>Navigators' First and Second Causes of Action Are Deficient Because It Does Not Plead That It Paid the Costs For Which It Seeks Reimbursement.</u>**

Navigators' first and second causes of action are additionally deficient because they fail to allege that it in fact *paid* the defense fees and costs for which it seeks reimbursement. "California law clearly allows insurers to be reimbursed for attorney's fees" and other expenses "*paid* in defending insureds against claims for which there was no obligation to defend.'" *Buss*, *supra*, at 50. (Emphasis added.) *See, also, State of California v. Pac. Indem. Co.*, 63 Cal. App. 4th 1535, 1549 (1998) (Insurer must pay for full defense before seeking reimbursement). Navigators alleges that it seeks reimbursement of all defense fees and costs it "incurred" (Par. 1, Complaint) that it agreed to pay for (Complaint, par. 25), the fees it "incurred" (Complaint, pars. 32, 37, 40, 41, 42 and 43), but does not state that it in fact paid them or if so, how much it alleges it paid and for what costs. This is no quibble. SVO was provided copies of fee bills by the defense counsel in the Underlying Action, Tyson & Mendes, LLP, in another action submitted to and allegedly paid by another insurer, Hallmark Financial Services, Inc. *See* attached Declaration of Bruce T. Smyth, and Exhibit 1 thereto, the last page of fee bill from Tyson & Mendes for the period ending in November 2021. Navigators is not entitled to seek "reimbursement" of fees and costs it never

paid or which were paid by someone else. Navigators had an obligation under Rule 11 before it filed its Complaint to make a reasonable inquiry of the facts and not to allege claims lacking in evidentiary support. *See* F.R.C. P. 11(b)(3). It not only has failed to allege the requirements of reimbursement, including the specific costs sit contends are solely applicable to potentially non-coverd claims, but it has failed to plead what fees and costs it asserts it actually paid.

**D. Navigators' Third Cause of Action For An Advisory Opinion On A Nonexistent Dispute Over An Unalleged Claim For Indemnity Must Be Dismissed.**

Navigators repeatedly alleges in the Complaint that SVO never requested a payment for indemnity in connection with the settlement of the Underlying Action, which was dismissed on January 5, 2022, all as set forth above. It does not allege that any request or demand has been made by SVO for indemnity in the intervening 19 months either. It then inexplicably seeks declaratory relief on a nonexistent dispute on an unalleged theoretical duty on its part to indemnify SVO. The third cause of action should be dismissed because Navigators has failed to plead facts establishing any case or controversy requiring declaratory relief. Navigators complains that it has never been informed of the terms of the settlement, but cites no ground requiring SVO to disclose it. An insurer is not permitted to haul its insured into court over a non-existent controversy because of its idle curiosity.

Navigators has failed to allege any case or controversy for at least two reasons. First, federal courts do not provide advisory opinions on potential issues which have not yet arisen. *See Calderon v. Ashmus*, 523 U.S. 740, 746-747 (1998) (no "case or controversy" where action seeks declaratory relief as to validity of a defense the defendant may or may not raise in subsequent litigation.) Second, any such undefined unlikely controversy is not ripe for judicial review. The test for ripeness is whether the relevant issues are sufficiently focused to permit judicial resolution without further factual development. See *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179-1180 (9th Cir. 2010) (seniority list agreement not yet approved by union was not fit for judicial review).

/ / /

Navigators has stated that the Underlying Action settled 19 months ago with SVO sating that it was not seeking any payment from Navigators for indemnity. It has not explained how it can seek a declaration on a non-existent theoretical claim where not only has there been no demand, there is no basis to determine the grounds for the non-existent demand, or the amount of the non-existent demand, if one were ever made. This Court should not be requested to try an issue which likely will never arise.

The third cause of action accordingly must be dismissed. Since there is no way that the allegations can be amended to state a cause of action, it should be dismissed without leave to amend.

## V. CONCLUSION

For the foregoing reasons, this Court should grant SVO's motion to dismiss the Complaint for failure to state facts upon which relief can be granted without leave to amend. In the alternative, it should order Navigators to file a more definite statement.

DATED: July 28, 2023

**PARKER SHAFFIE LLP**

By: [signature] Bruce T. Smyth

Shawn S. Shaffie
Bruce T. Smyth
Arlen Khachatourians
Attorneys for Defendant
**SVO BUILDING ONE, LLC**

# “SMYTH” DECLARATION

**DECLARATION OF BRUCE T. SMYTH**

I, Bruce T. Smyth, declare as follows:

1. I am an attorney duly admitted to practice before the courts of the State of California and have been admitted to the Bar of this Court. I am Senior Counsel with Parker Shaffie LLP, attorneys of record for Defendant SVO Building One, LLC ("SVO"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto.

2. Parker Shaffie LLP is also counsel of record for SVO in an action against Tyson & Mendes, LLP, titled *SVO Building One, LLP v. Tyson & Mendes, LLP,* Los Angeles County Superior Court Case No. 22STCV03736 (the "Tyson Action"), the law firm which represented it in the underlying action *Liebert Corporation v. SVO Building One, LLC,* American Arbitration Association Case No. 01-18-0003-1318 (the "Underlying Action") in which Plaintiff Navigators Specialty Insurance Company seeks reimbursement of defense fees and costs. In the Tyson Action, Tyson Mendes, LLP has produced copies of its invoices for defense fees and costs billed to the insurers in that action. Those invoices show that a substantial amount of the fees and costs incurred in the defense of the Underlying Action were billed to another insurance company, Hallmark Financial Services Inc. ("Hallmark"). Attached hereto as Exhibit "1" is a true and correct copy of the last page of an invoice in the Underlying Action produced by Tyson & Mendes LLP, bearing Production No. T&M 00647152, showing that 50% of the monthly fees for the period ending in November, 2021, were billed to Hallmark in the Underlying Action.

3. In paragraph 28 of the Complaint in this action and in a letter dated May 18, 2021, attached as Exhibit H thereto, Navigators contends that it had continued to defend SVO after withdrawing from the defense. In a letter in response on the same date, SVO's counsel, Steven W. Murray, noted that it had not done so, but instead accepted SVO's re-tender, resulting in a gap in coverage. A true and correct copy of the letter dated May 18, 2023 to Navigators' counsel, provided to me by Mr. Murray is attached hereto as Exhibit 2.

/ / /

/ / /

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 28th day of July, 2023, at Los Angeles, California.

Bruce T. Smyth

# EXHIBIT "1"

Sub-total Fees: $240,190.00

**Rate Summary**

| | | | |
|---|---|---|---|
| Robyne Dew | Paralegal | 151.90 hours at $80.00/hr | 12,152.00 |
| Richard P. Dieffenbach | Senior Counsel | 190.10 hours at $215.00/hr | 40,871.50 |
| David M. Frishman | Partner | 165.70 hours at $225.00/hr | 37,282.50 |
| Julee M. Fritsch | Senior Counsel | 155.80 hours at $215.00/hr | 33,497.00 |
| Ethan A. Kraft | Associate | 185.20 hours at $165.00/hr | 30,558.00 |
| Cindy N. Mader | Senior Counsel | 172.10 hours at $215.00/hr | 37,001.50 |
| Matthew K. Majd | Paralegal | 1.50 hours at $80.00/hr | 120.00 |
| Stephanie Perez | Paralegal | 105.80 hours at $80.00/hr | 8,464.00 |
| Jamie C. Tabrizi | Associate | 243.90 hours at $165.00/hr | 40,243.50 |
| | Total hours: | 1,372.00 | |

| **Expenses** | | Units | Price | Amount |
|---|---|---|---|---|
| 11/05/2021 | Fees Incurred for Certified Copy of Transcript of Arbitration - Phase II - Day 4 via Peterson Reporting, Video & Litigation Srvcs, Inc. (Invoice 443283) (Authorized by Angel Muth) | 1.00 | 1,335.84 | 1,335.84 |
| 11/06/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00159594) (Authorized by Angel Muth) | 1.00 | 720.30 | 720.30 |
| 11/06/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00159560) (Authorized by Angel Muth) | 1.00 | 1,310.54 | 1,310.54 |
| 11/12/2021 | Photocopies - 735 @ $0.10 / per copy | 735.00 | 0.10 | 73.50 |
| | | | Sub-total Expenses: | $3,440.18 |

| | |
|---|---|
| **Total Fees:** | $240,190.00 |
| **Total Expenses:** | $3,440.18 |
| **Total Current Billing:** | **$243,630.18** |

**Statement of Account**

| **Billing Party** | **%** | **Current Billing** | **Prior Balance** | **Total Now Due** |
|---|---|---|---|---|
| Hallmark Financial Services, Inc. | 50% | 121,815.09 | 361,570.43 | 483,385.52 |
| Navigators | 50% | 121,815.09 | 284,912.16 | 406,727.25 |
| **Balance Due** | | **$243,630.18** | **$646,482.59** | **$897,580.39** |

# EXHIBIT "2"

STEVEN W. MURRAY
a law corporation

SUITE 205
14930 VENTURA BOULEVARD
SHERMAN OAKS, CALIFORNIA 91403

(818) 501-2277
fax (818) 501-6441
info@psilaw.com

May 18, 2021

**Via Email and U.S. Mail**

David Simantob, Esq.
WILSON ELSER
555 S. Flower St., Ste. 2900
Los Angeles, CA 90071

Re: *Liebert Corporation vs. SVO Building One*
Navigators' Cl. No. 01-18-0003-1318

Dear Mr. Simantob:

Thank you for your May 18, 2021, letter, confirming Navigator's acceptance of SVO's re-tender of the *Liebert/Vertif* action. SVO has elected to be represented by *Cumis* counsel; its present counsel —David Frishman and Tyson & Mendes — will be acting in that capacity. The firm is also one of Navigators' approved panel firms.

Please note the Insureds expressly object to and disagree with all of Navigators' claimed reserved "rights" set forth in such May 18th letter, including the October 28, 2019, letter and "other correspondence" referred to therein. This includes, but is not limited to, unilateral withdrawal from the defense, seeking any form of reimbursement from the Insureds for any sums, or suing them for any reason whatsoever. An insurer cannot create "rights" solely by its correspondence. The Insureds do not agree to, acquiesce in or otherwise permit Navigators to assert "rights" not authorized by California law, while also reserving all of their lawful rights.

I appreciate your assistance in this matter, and look forward to a successful conclusion of the litigation. Thank you.

Very truly yours,

STEVEN W. MURRAY

SWM/dr
cc: SVO
David M. Frishman, Esq.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On July 28, 2023, I served true copies of the following document(s) described as **DEFENDANT SVO BUILDING ONE, LLC's MOTIONS TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT UNDER F.R.C.P. 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRUCE T. SMYTH** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2023, at Los Angeles, California.

Maricela Escanuela

Maricela Escanuela