David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-cv-07102-AMO<br>Hon. Araceli Martínez-Olguín<br>Courtroom 10<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT UNDER F.R.C.P. 12(e)**<br><br>Hearing Date: February 8, 2024<br>Time: 2:00 p.m.<br>Courtroom: 10, 19th Floor<br><br>Action Filed: November 14, 2022 |

/ / /

/ / /

**TABLE OF CONTENTS**


Page

I. INTRODUCTION ........ 6

II. ARGUMENT ........ 7

A. The Burden on Defendant Is High to Succeed on a Motion to Dismiss ........ 7

B. The First and Second Causes of Action Sufficiently Plead the Basis for Reimbursement of Defense Fees for Uncovered Claims ........ 9

1. Defendant Concedes in the Motion that an Actual Controversy Exists ........ 9

2. Reserving Rights Does Not Constitute a Concession of Coverage ........ 10

3. The Declaratory Relief Allegations Sufficiently Assert that Plaintiff Suffered Damages through Defendant's Defense ........ 13

C. If There Was No Controversy over Indemnification Coverage, Defendant Would Have Said So in the Motion ........ 15

D. If the Court Agrees with Any of the Arguments in the Motion, Leave to Amend the Pleading Is Warranted ........ 16

III. CONCLUSION ........ 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 US 662 (2009)....7, 8, 14, 15

*Babb v. Super. Ct.*,
3 Cal. 3d 841 (1971)....9

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 2011)....16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544....7, 8, 14

*Blue Ridge Ins. Co. v. Jacobsen*,
25 Cal. 4th 489 (2001)....10, 11

*Braden v. Wal-Mart Stores, Inc.*,
588 F.3d 585 (8th Cir. 2009)....8

*Broam v. Bogan*,
320 F.3d 1023 (9th Cir. 2003)....7

*Brownfield v. Daniel Freeman Marina Hosp.*,
208 Cal. App. 3d 405 (1989)....9

*Buss v. Super. Ct.*,
16 Cal. 4th 35 (1997).... 6, 11-14

*Campanelli v. Bockrath*,
100 F.3d 1476 (9th Cir. 1996)....8, 14

*Colony Ins. Co. v. Longley*,
2021 U.S. Dist. LEXIS 245775 (C.D. Cal. Mar. 25, 2021)....14

*Conley v. Gibson*,
355 U.S. 41 (1957)....8

*County of San Diego v. State of Cal.*,
164 Cal. App. 4th 580 (2008)....9

*Doe v. United States*,
419 F.3d 1058 (9th Cir. 2005)....7, 8, 14

*Federal Ins. Co. v. Red.com, Inc.*,
2019 U.S. Dist. LEXIS 150165 (C.D. Cal. Mar. 7, 2019)....11, 14

*Garamendi v. Golden Eagle Ins. Co*.,
116 Cal. App. 4th 694 (2004) .......... 10

*Great Am. Ins. Co. v. TLM Petro Labor Force, Inc*.,
2018 U.S. Dist. LEXIS 224946 (C.D. Cal. Oct. 11, 2018) .......... 14

*Horace Mann Ins. Co. v. Barbara B*.,
4 Cal. 4th 1076 (1993) .......... 13

*Insurance Co. of the West v. Haralambos Bev. Co.*,
195 Cal. App. 3d 1308 (1987) .......... 10

*Jolley v. Chase Home Fin., LLC*,
2013 Cal. App. 4th 872 (2013) .......... 9

*Kazi v. State Farm Fire & Cas. Co.*,
24 Cal. 4th 871 (2001) .......... 12

*Mesa Underwriters Spec. Ins. Co. v. Paradise Skate, Inc*.,
2016 U.S. Dist. LEXIS 190324 (N.D. Cal. Apr. 11, 2016) .......... 14

*National Council of La Raza v. Cegavske*,
800 F.3d 1032 (9th Cir. 2015) .......... 16

*National Union Fire Ins. Co. v. Siliconix, Inc.*,
726 F. Supp. 264 (N.D. Cal. 1989) .......... 12

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) .......... 7

*Northfield Ins. Co. v. Garcia*,
2016 U.S. Dist. LEXIS 61875 (E.D. Cal. May 9, 2016) .......... 9

*Northfield Ins. Co. v. Sandy's Place, LLC*,
530 F. Supp. 3d 952 (C.D. Cal. 2021) .......... 10

*Ringler Assoc. Inc. v. Maryland Cas. Co.*,
80 Cal. App. 4th 1165 (2000) .......... 10

*Rose v. Royal Ins. Co. of Am.*,
2 Cal. App. 4th 709 (1991) .......... 10

*Scottsdale Ins. Co. v. MV Transp*.,
36 Cal. 4th 643 (2005) .......... 6, 11-14

*Shroyer v. New Cingular Wireless Servs.*,
622 F.3d 1035 (9th Cir. 2010) .......... 7

*Snell v. G4S Secure Solutions (USA) Inc.*,
424 F. Supp. 3d 892 (E.D. Cal. Dec. 19, 2019) .......... 8

*Sony Comp. Entm't Am., Inc. v. American Home Assur. Co.*, 532 F.3d 1007 (9th Cir. 2008) ........................................12

*The Burlington Ins. Co. v. Devdhara*, 2010 U.S. Dist. LEXIS 99955 (N.D. Cal. Sept. 23, 2010) ........................................14

*United Fin. Cas. Co. v. Pa. Manufacturers' Ass'n Co.*, 2018 U.S. Dist. LEXIS 117105 (C.D. Cal. 2018) ........................................9

*United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ........................................16

*Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 19 (1995) ........................................12

**Statutes**

28 U.S.C. § 1332........................................13

28 U.S.C. § 2201........................................9, 15

**Rules**

Fed. R. Civ. Proc. § 8........................................6, 7

Fed. R. Civ. Proc. § 12........................................8

Fed. R. Civ. Proc. § 15........................................16

Plaintiff Navigators Specialty Insurance Company ("Plaintiff") hereby submits its Opposition to the Motion to Dismiss [Doc. 30] ("Motion") filed by Defendant SVO Building One, LLC ("Defendant") to the Complaint for Declaratory Relief [Doc. 1] ("Complaint"):

## I. INTRODUCTION

Defendant's Motion does not contend that Plaintiff's Complaint is without merit. Rather, the Motion seeks to obscure the point of the litigation in a question of semantics. Does the word "incurred" mean "paid"? Do allegations of no coverage mean that the claims were not even potentially covered? The Motion, which was filed in July 2023 and will not be adjudicated until February 2024, seeks to avoid responding to the true point of the lawsuit by procrastinating as long as possible, causing a protracted and unnecessarily delayed litigation, especially considering the Court's severely impacted schedule. In short, the Motion is a waste of everyone's time. The allegations in the Complaint were sufficiently pled to inform Defendant of the claims being made and the demand for relief. Fed. R. Civ. Proc. 8(a).

Defendant has not shown how the Complaint fails to state a claim. All elements of a declaratory relief cause of action are included in the Complaint for each claim. While Defendant would prefer different word choices in the allegations, the sufficiency of the pleading does not change. The allegations show that Plaintiff incurred damages through the defense of Defendant in the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action"), which is sufficient to proceed with the litigation for a declaration that it is entitled to reimbursement pursuant to *Buss v. Super. Ct.*, 16 Cal. 4th 35 (1997) and *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643 (2005). Moreover, while Defendant does not like the very long list of reasons why there was no coverage for its defense as listed in the Complaint, those provisions and exclusions from the subject insurance policy ("Policy") are how Plaintiff alleged that the claims in the Underlying Action were not even potentially covered, a conclusion Defendant ignores. Also, agreeing to defend Defendant in the Underlying Action is not a concession on coverage. Rather, Plaintiff properly reserved its right to seek reimbursement of fees for uncovered claims, which may be all fees depending on this Court's adjudication of the coverage issues.

Defendant further argues that the third cause of action for declaratory relief as to the duty to indemnify fails to state a claim as there is no controversy. Yet, Defendant does not state that it agrees there is no indemnity coverage. Defendant could have made the representation that it agreed with Plaintiff's coverage position under the Policy to avoid a declaratory relief dispute, but it specifically did not do so. The standard for a declaratory relief claim is whether an actual case or controversy exists – not whether an indemnity payment must be made. Thus, Plaintiff properly brought this claim in the Complaint as Defendant disputes that Plaintiff is entitled to a declaration over indemnity coverage available under the Policy.

The Motion fails to meet the high burden to challenge the pleading at this stage. However, even if the Court found a portion of the Motion had merit, Defendant has not made any showing that the matter cannot be resolved through amendment. Therefore, Plaintiff requests the Court deny the Motion or, at most, allow Plaintiff an opportunity to amend the pleading.

## II. ARGUMENT

### A. The Burden on Defendant Is High to Succeed on a Motion to Dismiss.

Federal Rules of Civil Procedure section 8(a)(2)-(3) only requires that the pleading show "that the pleader is entitled to relief" and "a demand for the relief sought." *See also*, *Ashcroft v. Iqbal*, 556 US 662, 677-678 (2009). In evaluating such a pleading standard, "Rule 12(b)(6) motions are viewed with disfavor. … Dismissal without leave to amend is proper only in 'extraordinary' cases." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Dismissal "for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010), quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Here, Defendant fails to meet this high standard to warrant dismissal of the Complaint.

"On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *see also*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 ("Factual

allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true"); *Ashcroft*, 556 U.S. at 678; *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "Under Rule 12(b)(6), 'the complaint should be read as a whole, not parsed piece by piece.'" *Snell v. G4S Secure Solutions (USA) Inc.*, 424 F. Supp. 3d 892, 904 (E.D. Cal. Dec. 19, 2019), quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

The Court's initial impression of the possibility of prevailing on the causes of action are immaterial to adjudication of a motion to dismiss. *Bell Atlantic Corp.*, 550 US at 548 (citation omitted) ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Doe*, 419 F.3d at 1060, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

To defeat a 12(b)(6) motion, the pleading must contain sufficient factual allegations to show a "plausible" claim for relief. *Bell Atlantic Corp.*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also*, *Bell Atlantic Corp.*, 550 U.S. at 556 ("Asking for plausible grounds … does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of the allegations). This analysis invokes a two-prong test, generally involving a review of the contents of the Complaint. *Campanelli*, 100 F.3d at 1479. First, the Court will take "note of the elements a plaintiff must plead to state a claim." *Ashcroft*, 556 US at 675. Second, the test "requires the reviewing court to draw on its judicial experience and common sense" to decide whether the factual allegations allege a plausible claim. *Id.* at 679.

Applying these liberal standards in favor of Plaintiff, the Motion must be denied as the Complaint states plausible claims for relief on its face.

/ / /

/ / /

**B. <u>The First and Second Causes of Action Sufficiently Plead the Basis for Reimbursement of Defense Fees for Uncovered Claims.</u>**

The first two causes of action in the Complaint seek declarations as to whether Plaintiff is entitled to reimbursement of defense fees and costs incurred in Defendant's defense of the Underlying Action to the extent the claims were not covered under the Policy. Defendant fails to show that the Complaint does not show a "plausible" theory of success on the declaratory relief claims under 28 U.S.C. § 2201(a).

**1. Defendant Concedes in the Motion that an Actual Controversy Exists.**

To state a claim for declaratory relief, Plaintiff must plead "two essential elements: '(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to [the party's] rights or obligations.'" *United Fin. Cas. Co. v. Pa. Manufacturers' Ass'n Co.*, 2018 U.S. Dist. LEXIS 117105, *22 (C.D. Cal. 2018), quoting *Jolley v. Chase Home Fin., LLC*, 2013 Cal. App. 4th 872, 909 (2013); *Northfield Ins. Co. v. Garcia*, 2016 U.S. Dist. LEXIS 61875, *12-13 (E.D. Cal. May 9, 2016); *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410 (1989). "A declaratory judgment 'serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them.'" *County of San Diego v. State of Cal.*, 164 Cal. App. 4th 580, 607-608 (2008), quoting *Babb v. Super. Ct.*, 3 Cal. 3d 841, 848 (1971). The Complaint alleges these elements of a declaratory relief claim.

The Motion further confirms that "an actual controversy" exists between the parties in this suit. As stated in the Complaint, the parties dispute whether Plaintiff is entitled to reimbursement for fees and costs incurred in defense of the Underlying Action. (Complaint, ¶¶ 33, 41.) The Complaint further sets forth in great detail all the reasons why there was no coverage for the claim.[1] The numerous Policy provisions identified in the Complaint that apply to preclude coverage show that there was no obligation to defend Defendant in the Underlying Action at any

---

[1] Defendant simultaneously argues that Plaintiff failed to state a claim while also arguing that Plaintiff put too much detail as to the reasons why there was no coverage under the Policy into the Complaint. (Motion, 1:11-13.)

point. Read as a whole, the allegations in the Complaint demonstrate the potential that Defendant's claim for coverage was barred from inception, warranting Plaintiff's claim for a declaration of reimbursement of all fees. *Snell*, 424 F. Supp. 3d at 904.

**2. Reserving Rights Does Not Constitute a Concession of Coverage.**

There is no allegation (or inference that can be made from the allegations) that Plaintiff conceded coverage under the Policy as Defendant contends. (Motion, 9:5-7.) Out of an abundance of caution for any rights Defendant had under the Policy, Plaintiff agreed to defend Defendant in the Underlying Action through independent counsel. That defense was expressly under ***a reservation of rights*** as to whether the Underlying Action triggered coverage. (Complaint, ¶¶ 24-25.) Later, when Plaintiff sought to withdraw from the defense and Defendant objected, Plaintiff again took action in the best interest of its insured by continuing to defend the lawsuit ***subject to a reservation of rights***. (Complaint, ¶¶ 26-28.) This conservative conduct does not amount to a concession of coverage. *Northfield Ins. Co. v. Sandy's Place, LLC*, 530 F. Supp. 3d 952, 969 (C.D. Cal. 2021) ("Because of the risks posed to insurers in declining coverage, it is well established under California law that an insurer may tender a defense of a third-party suit involving the insured while reserving its right to assert noncoverage of the claim under the insurance policy at a later time."); *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489, 497 (2001), quoting Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2000) P7:723, p. 7B-61 ("An insurer may agree to defend a suit subject to a reservation of rights. ... In this manner, an 'insurer meets its obligation to furnish a defense without waiving its right to assert coverage defenses against the insured at a later time."); *Rose v. Royal Ins. Co. of Am.*, 2 Cal. App. 4th 709, 717, n.2 (1991), quoting *Insurance Co. of the West v. Haralambos Bev. Co.*, 195 Cal. App. 3d 1308, 1320 (1987) ("[A]n insurer who assumes the defense of a disputed claim can avoid waiving coverage defenses and avoid estoppel by providing a sufficient and timely reservation of rights."); *Garamendi v. Golden Eagle Ins. Co.*, 116 Cal. App. 4th 694, 721 (2004), quoting *Ringler Assoc. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1188-1189 (2000) ("In the insurance context, California courts have applied the general rule that waiver requires the insurer to intentionally relinquish its right to deny coverage, and a denial of coverage on one ground does

not, absent clear and convincing evidence to suggest otherwise, impliedly waive grounds not stated in the denial.").

Moreover, the fact that Plaintiff asserted both the first and second causes of action does not acknowledge coverage. The first two causes of action are pled in the alternative. Plaintiff first alleges it is entitled to reimbursement for all fees and costs that it incurred from March 24, 2021 when the defamation cause of action against Defendant was dismissed in the Underlying Action. Alternatively, Plaintiff argues that it is entitled to reimbursement of all the fees and costs it incurred at any time in defending the Underlying Action that were not even potentially covered. Defendant's contention that this form of pleading in the alternative acknowledges a trigger of coverage ignores the language in the Complaint, Plaintiff's reservation of rights letters, and the California Supreme Court's decisions in *Scottsdale Ins. Co.*, 36 Cal. 4th 643, *Buss*, 16 Cal. 4th 35, and *Blue Ridge Ins. Co.*, 25 Cal. 4th 489. Allegations that there was never a duty to defend is sufficient to survive a motion to dismiss challenge as to the right to reimbursement of defense fees. *Federal Ins. Co. v. Red.com, Inc.*, 2019 U.S. Dist. LEXIS 150165, *10 (C.D. Cal. Mar. 7, 2019) ("Here, taking Plaintiff's allegations as true, Federal's assertion that it never had a duty to defend under its insurance policy and that it has an equitable basis to seek reimbursement of defense costs advanced to defend Red.com in the underlying [] Action is directly addressed by *Scottsdale*. Plaintiff has sufficiently pleaded facts alleging that Federal accepted Defendants' tender and is defending Defendants pursuant to a full and complete reservation of rights, including the right to seek declaratory relief and reimbursement. … Federal sufficiently pleads the essential elements of a defense cost reimbursement claim under *Scottsdale*, having elected to provide a defense to Red.com under a full reservation of rights before it sought a judicial determination of whether it had a duty to defend or not.").

Defendant further does not get to argue the merits of the case as to whether there were covered versus uncovered claims through the Motion. (Motion, 11:17-12:13.) Defendant will have the right to assert its position as to whether there was coverage for the Underlying Action throughout this case. A pleading challenge is not the right forum to do so. To respond to Defendant's arguments in the Motion though, the Complaint alleges that the Underlying Action

never triggered a duty to defend under the Policy. (Complaint, ¶¶ 35, 42-43.) Plaintiff originally defended the action given Defendant's assertion that the cause of action for defamation triggered "personal and advertising injury" under the enumerated offense for "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services," even though Plaintiff reserved rights as to whether this trigger of coverage had been met. (Complaint, ¶¶ 8, 11, 17, 24.) All the other claims in the original complaint were not even potentially covered, and Plaintiff is entitled to seek reimbursement for any defense fees and costs for such other uncovered claims pursuant to *Buss*, 16 Cal. 4th 35. In any event, the defamation claim was dismissed on March 24, 2021. (Complaint, ¶ 19.) From that point on, there was no allegation in the Underlying Action that could trigger coverage and Plaintiff is entitled to seek reimbursement of all defense fees and costs from then forward pursuant to *Scottsdale Ins. Co.*, 36 Cal. 4th 643. (Complaint, ¶ 26.) In that respect, the analysis turns on a reading of the pleadings in the Underlying Action, not the letters by Defendant's counsel asserting a position. *Kazi v. State Farm Fire & Cas. Co.*, 24 Cal. 4th 871 (2001), quoting *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 19 (1995) ("Courts first determine whether insurers have a duty to defend by 'comparing the allegations of the complaint with the terms of the policy."). An insured's counsel's "self-serving legal opinion" about potentially covered claims "hardly constitutes a 'fact' known to National Union which, under *Gray*, gives rise to a continuing duty to defend." *National Union Fire Ins. Co. v. Siliconix, Inc.*, 726 F. Supp. 264, 272 (N.D. Cal. 1989); *see also*, *Sony Comp. Entm't Am., Inc. v. American Home Assur. Co.*, 532 F.3d 1007, 1021 (9th Cir. 2008) ("American Home need not rely on the assertions of Sony's own counsel about potential covered claims in determining whether it has a duty to defend."). The allegations in the Complaint show how there was either no trigger of coverage from inception of the lawsuit or no trigger of coverage after dismissal of the defamation cause of action. It will be for this Court to adjudicate when or if a trigger of coverage existed.

Furthermore, there is no obligation under *Buss* for Plaintiff to allocate between covered and uncovered claims at the pleading stage. (Motion, 9:17-21; 10:3-4.) The allocation between covered and uncovered claims is a burden placed at trial – not in the Complaint. With regard to

the question of Plaintiff's burden of proof, Defendant also claims that "[t]he insurer is to produce '***undeniable evidence*** supporting an allocation.'" (Motion, 9:23-25, citing to *Horace Mann Ins. Co. v. Barbara B*., 4 Cal. 4th 1076, 1081 (1993) (emphasis added).) However, the California Supreme Court's subsequent decision made it clear that the insurer's burden in seeking allocation in a "mixed claim" is merely by a "***preponderance of the evidence***." *Buss*, 16 Cal. 4th at 53 ("The burden of proof is proof by a preponderance of the evidence."). This standard was acknowledged previously in Defendant's Motion, before the assertion of "undeniable evidence." (Motion, 9:17-18 ("When the insurer seeks reimbursement from the insured, it bears the burden of proving, by a ***preponderance of the evidence***") (emphasis added).) Further, to the extent that the Underlying Action was not a mixed claim (before or after March 24, 2021 when the defamation case was dismissed), there would be no need for an allocation as ***all*** fees and costs incurred by Plaintiff would be reimbursed under *Scottsdale Ins. Co.*, 36 Cal. 4th 643.

Regardless, the difficulty of Plaintiff's burden of proof is not relevant at the pleading stage or in a declaratory relief action seeking a declaration that Plaintiff has a right to such reimbursement in the first place.

**3. The Declaratory Relief Allegations Sufficiently Assert that Plaintiff Suffered Damages through Defendant's Defense.**

Finally, Defendant wrongfully contends that Plaintiff must allege the specific dollar figure it is trying to recover. (Motion, 10:10-12.) First, this fails to take into consideration that Plaintiff is not seeking recovery of damages. The Complaint only seeks a ***declaration*** as to the right to reimbursement. Thus, there is no dollar amount to include. Second, even if Plaintiff was seeking damages, it is not required to plead the specific amount. The only pleading requirement is to show that the case meets the jurisdictional minimum for federal court, which Plaintiff did through paragraphs 4, 32, and 40 of the Complaint. 28 U.S.C § 1332(a). The Complaint also specifically alleges that Plaintiff incurred damages as a result of accepting Defendant's defense of the Underlying Action given the uncovered claims. (Complaint, ¶¶ 32, 37, 40, 45.) The contention in the Motion that Plaintiff did not pay such fees, albeit false, is immaterial to the pleading challenge. (Motion, 13:24-14:1.) Plaintiff's claim that it "incurred" such damage is sufficient to

defeat the Motion as such an allegation must be accepted as true. *Doe*, 419 F.3d at 1062; *Bell Atlantic Corp.*, 550 U.S. at 555; *Ashcroft*, 556 U.S. at 678; *Campanelli*, 100 F.3d at 1479.

Indeed, despite Defendant's preference for how Plaintiff should have pled its cause of action (*i.e.*, "paid" vs. "incurred"), federal courts construing California law have repeatedly used "incurred" as a synonym to or in lieu of "paid" in describing an insurer's right to seek reimbursement. *See*, *e.g.*, *Colony Ins. Co. v. Longley*, 2021 U.S. Dist. LEXIS 245775, *20 (C.D. Cal. Mar. 25, 2021) ("An insurer may obtain a reimbursement of expenses ***incurred*** defending its insured if it is later determined that the policy never afforded a potential for coverage, so a duty to defend never arose.") (emphasis added); *Federal Ins. Co.*, 2019 U.S. Dist. LEXIS 150165 at *8, 9, citing to *Buss*, 16 Cal. 4th at 52 and *Scottsdale Ins. Co.*, 36 Cal. 4th at 643 ("The Court provided that such a policy provided a proper incentive for an insurer to continue providing a defense in mixed actions knowing that it has the right to recoup fees and costs ***incurred*** for noncovered claims. … Thus, an insurer can elect to defend under a reservation of rights and then, when it turns out coverage does not exist, the insurer can recoup all the defense costs ***incurred*** in that defense.") (emphasis added); *Great Am. Ins. Co. v. TLM Petro Labor Force, Inc.*, 2018 U.S. Dist. LEXIS 224946, *9 (C.D. Cal. Oct. 11, 2018), citing to *Buss*, 16 Cal. 4th at 50-51, 65 ("California law places a temporary, 'prophylactic' duty on the insurer to defend against the action in its entirety, subject to later reimbursement for defense costs ***incurred*** in defense of the uncovered losses.") (emphasis added); *Mesa Underwriters Spec. Ins. Co. v. Paradise Skate, Inc.*, 2016 U.S. Dist. LEXIS 190324, *18 (N.D. Cal. Apr. 11, 2016), citing to *Buss*, 16 Cal. 4th at 50 ("In California, an insurer that properly reserves its rights has a right to seek reimbursement of costs it ***incurs*** defending its insured against claims that the relevant policy does not potentially cover, but not for defending claims that are covered or potentially covered.") (emphasis added); *The Burlington Ins. Co. v. Devdhara*, 2010 U.S. Dist. LEXIS 99955, *19 (N.D. Cal. Sept. 23, 2010) ("[A]s to Plaintiffs' claim for recovery of all defense costs, under Buss, Plaintiffs are only allowed to reimbursement for defense costs ***incurred*** solely in defense of claims for which there was no potential for coverage.") (emphasis added).

Finally, contrary to Defendant's arguments that another carrier purportedly paid the

defense fees in the Underlying Action (Motion, 13:24-26), the accompanying Declaration of Bruce T. Smyth to the Motion ("Smyth Dec.") merely shows that another carrier was billed 50% of the defense fees while Plaintiff was billed the other 50%. (Smyth Decl., ¶ 2 & Exh. 1.) Even that purported invoice still shows that Plaintiff was billed $121,815.09 on that bill alone with a prior balance of $284,912. The document further does not address the prior fees and costs that had already been paid by Plaintiff or would subsequently be paid. It certainly does not support Defendant's assertion that Plaintiff did not pay any amounts in defense of the Underlying Action; to the contrary, it supports Plaintiff's allegations in the Complaint.

The Complaint sufficiently pleads the elements for declaratory relief. "Judicial experience and common sense" must conclude that the factual allegations allege a "plausible" claim. *Ashcroft*, 556 US at 675, 679. Therefore, Defendant's Motion fails to meet its burden to seek dismissal at the pleading stage.

**C. <u>If There Was No Controversy over Indemnification Coverage, Defendant Would Have Said So in the Motion.</u>**

The third cause of action in the Complaint alleges that there was no indemnity coverage under the Policy for the Underlying Action. (Complaint, ¶ 50.) As discussed above, that allegation is sufficient to meet the "plausible" standard for purposes of prevailing on a motion to dismiss.

Rather than acknowledge the coverage defenses, Defendant argues that such a declaration of rights would be an advisory opinion as the matter is not yet ripe for adjudication. (Motion, 14:19-27.) Yet, the Motion lacks any assertion that Defendant does not dispute the coverage determination under the Policy for any indemnity claim. The pertinent question is not whether Defendant has made a claim for indemnification. (Motion, 15:1-2.) The pertinent question is whether the parties dispute entitlement to such coverage under the Policy. 28 U.S.C. § 2201(a). Plaintiff needed to bring this matter before the Court as the insured effectively stopped responding to all of the insurer's inquiries on the settlement and as to whether there was a dispute about indemnity coverage. (Complaint, ¶¶ 22, 48.) As Defendant has not acknowledged that there is no dispute about indemnity coverage, a ruling on the third cause of action would not

constitute an advisory opinion. (Motion, 14:19-20.) Rather, an active case or controversy exists until Defendant states that there is no dispute as to whether the Policy affords indemnity coverage for the Underlying Action.

**D. <u>If the Court Agrees with Any of the Arguments in the Motion, Leave to Amend the Pleading Is Warranted.</u>**

Even if the Court were to agree with Defendant on the merits of the Motion, Plaintiff makes no contention in the pleading challenge that cannot be eliminated by amendment to the Complaint.

Leave to amend a pleading is almost always granted if a motion to dismiss is granted. "The standard for granting leave to amend is generous." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 2011). "It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015); Fed. R. Civ. Proc. 15(a)(1) ("A party may amend its pleading once as a matter of course."). Here, Plaintiff has not previously amended the Complaint.

If the Motion is granted, Plaintiff can amend the pleading to fix the issues raised in the Motion. If Defendant feels "paid" should be substituted for "incurred" in paragraphs 32 and 40 of the Complaint, Plaintiff is perfectly capable of making that change. If Defendant wants the Complaint to state in more places that there was never a trigger of coverage, such that all fees incurred in defense were for claims that were not even potentially covered, Plaintiff can do that as well. Such an exercise would be a further waste of time and effort as far as Plaintiff is concerned, but Defendant certainly has not met its burden to show dismissal without leave to amend is warranted. If the Motion is granted, Plaintiff seeks leave to amend the pleading.

/ / /

/ / /

## III. **CONCLUSION**

For these reasons, Plaintiff requests the Court deny the Motion and allow the Complaint to proceed on its merits.

Dated: November 22, 2023

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff Navigators Specialty Insurance Company*