WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

October 28, 2019

David Simantob
Direct (213) 330-8819
David.Simantob@wilsonelser.com

***Via Email (upelz@PRIMEDATACENTERS.COM) and***
***U.S. Mail, Return Receipt Requested***

Mr. Ulrich Pelz
SVO Building One, LLC
3140 Peacekeeper Way, Suite 101A
McClellan Park, CA 95652

Re: *Liebert Corporation v. SVO Building One, LLC*
American Arbitration Association Fourth Amended Complaint
Case No. 01-18-0003-1318
Named Insured: SVO Building One, LLC
Policy No.: LA17CGL219162IC
(effective 07/12/17 to 03/12/18, extended to 8/12/19)
WEMED No: 18753-318

Dear Mr. Pelz:

Please be advised that we are coverage counsel for Navigators Specialty Insurance Company ("Navigators") with regard to the above-referenced action ("Litigation"). Navigators is in receipt of your tender on behalf of the named insured, SVO Building One, LLC ("SVO") of the Litigation submitted to the American Arbitration Association ("AAA") under the above-referenced policy ("Policy") issued to SVO.

Navigators will agree to defend the SVO in the Litigation under the Policy under a full reservation of rights, as further discussed below. It is important that SVO understand that Navigators' defense of SVO in the Litigation is subject to the full and complete reservation of rights under the Policy as described below. The purpose of this letter is to confirm, set forth in detail, and explain the nature of the reservation.

Please be advised that Navigators' position is based on the allegations contained in the Litigation as they are currently pled and the facts and circumstances presently known to it. Navigators recognizes that the allegations in the Litigation may be unsubstantiated and nothing in this letter is intended to suggest that the allegations have any legal or factual merit. Again, if you have any facts, legal arguments or other information that you believe may impact Navigators' coverage position for the Litigation, Navigators requests that you immediately bring it to Navigators' attention. Similarly, if you learn of any information that may impact Navigators' coverage position as matters proceed, Navigators requests that you immediately notify Navigators so that

it may evaluate the new information. Navigators reserves its right to supplement, amend, or change its coverage position at any time, including, but not limited to in circumstances where additional information and/or amended pleadings are submitted to it.

## I. <u>The Policy.</u>

Navigators issued Policy Number LA17CGL219162IC effective July 12, 2017 to March 12, 2018 to SVO Building One, LLC ("Policy"). The effective date of the Policy was extended by endorsements to August 12, 2019. The Policy contains a $2 million per "occurrence" limit and a $2 million aggregate limit. Please note, however, that the discussion in this letter is only a partial recitation of the terms, conditions, exclusions, and definitions contained in the Policy. It is not intended to supplement, amend, supersede or otherwise alter the Policy. Navigators does not intend to waive any of the provisions of the Policy by virtue of its synopsis. Please consult SVO's copies of the Policy for a complete listing of all of the terms, conditions, exclusions, and definitions contained therein.

The Policy lists the business description for SVO as an "8 Month OCP Data Center Construction Project" McClellan Park Building 637 at 2407 AK Street in McClellan CA 95652. The Policy includes a limitation of coverage to designated premises or project endorsement for the McClellan Park Building 637, 2407 AK Street in McClellan, CA 95652.

The Policy contains the following relevant provisions, in pertinent part:

> **SECTION I COVERAGES**
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> > (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
> > (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
> > No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

***

**2. Exclusions**

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. . . .

***

o. Personal And Advertising Injury

"Bodily injury" arising out of "personal and advertising injury".

***

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

c. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

***

**2. Exclusions**

This insurance does not apply to:

a. Knowing Violation Of Rights Of Another
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

b. Material Published With Knowledge Of Falsity
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

c. Material Published Prior To Policy Period
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

d. Criminal Acts
"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

e. Contractual Liability
"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

f. Breach Of Contract
"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

The Policy contains an IP Amendment Endorsement Form Number, NPC 642 11 08, which provides in relevant part, as follows:

I. Item 14. of SECTION V - DEFINITIONS. Is deleted in its entirety and replaced with the following:

14. "Personal and advertising injury" means injury including consequential "bodily injury" arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment:

b. Malicious prosecution:
c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner landlord or lesser:
d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services:
e. Oral or written publication of material that violates a person's right of privacy.

II. Under SECTION I - COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, exclusion i. Infringement Of Copyright, Patent, Trademark Or Trade Secret, is deleted in its entirety and replaced with the following:

i. Infringement of Copyright, Patent, Trademark, Trade Secret, Trade Dress or Advertising Ideas "Personal and Advertising Injury" arising out of:
(a) Infringement, disparagement, dilution, diminishment of or damage to:
   i. Copyright, slogan or title:
   ii. Patent:
   iii. Trademark, service mark, collective mark, or certification mark, including without limitation any word, name, symbol, device or any combination thereof used to identify or distinguish the origin of a good, product or service:
   iv. Trade secret;
   v. Trade dress including without limitation, any shape, color, design or appearance used to distinguish the origin of a good, product or service:
   vi. Advertising ideas, concepts, campaigns, or style of doing business; or
   vii. Any other intellectual property rights recognized or implied by law.
(b) False designation of the origin of a good, product or service;

## II. <u>Litigation.</u>

The Plaintiff, Liebert Corporation ("Plaintiff") filed a Fourth Amended Complaint with the American Arbitration Association ("AAA") against the named insured, SVO Building One, LLC. The Fourth Amended Complaint alleges the following twelve causes of action:

1. Breach of Contract
2. Open Book Account
3. Reasonable Value
4. Declaratory Relief

5. Violation of Unfair Competition
6. Misappropriation of Trade Secrets
7. Patent Infringement
8. Intentional interference with contractual relations
9. Defamation
10. Fraud
11. Negligent Misrepresentation
12. Civil Conspiracy

Plaintiff alleges it entered into several agreements with SVO regarding the design and construction for a data center that SVO was building at 2407 AK Street, Sacramento, California ("Project"). The first contract was allegedly a Consultant Agreement dated December 2016 where Plaintiff was to perform certain design services for the Project. Plaintiff and SVO also allegedly entered into a Lump Sum Turnkey Agreement in May 2017 to provide certain design, engineering, procurement, installation, construction, testing, commissioning and start up services at the Project. The Project was allegedly developed in three phases with each phase completing one of the three data halls.

Plaintiff allegedly granted SVO a limited, non-exclusive, not transferable revocable license to use Plaintiff's Intellectual property and work product solely in connection with the Project.

SVO also allegedly entered into a separate construction agreement with DPR Construction in February 2016. Plaintiff alleges that, unbeknownst to Plaintiff, SVO did not terminate its agreement with DPR. In December 2017, Plaintiff alleges a supplement/change to the building permit was completed changing the general contractor from DPR to the Plaintiff. Plaintiff alleges that SVO agreed to provide DPR a concession amount if Plaintiff did not hire DPR as a subcontractor. Plaintiff alleges this this hindered its ability to negotiate fair and equitable terms with DPR and increased costs on the Project.

SVO allegedly terminated the Turnkey Agreement in July 2018 after Plaintiff substantially completed Phase 1 of the Project. Thereafter, Plaintiff allegedly revoked SVO's license in writing on August 9, 2018. Plaintiff alleges that SVO gave drawings, shared information, Plaintiff's trade secrets and patented technology with other designers and builders of data centers or Plaintiff's competitors.

**III. <u>Coverage Position</u>.**

Navigators will agree to defend the SVO in the Litigation under the Policy under a reservation of rights, as further discussed below.

The Insuring Agreement in the Policy for "bodily injury" and "property damage" provides, in relevant part that Navigators "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

The Insuring Agreement of the Policy also provides that the insurance only applies if "[t]he 'bodily injury' or 'property damage'" takes place "during the policy period . . . ." The Policy defines "bodily injury" in part as "bodily injury, sickness or disease sustained by a person. . ." The Policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property . . . or . . . [l]oss of use of tangible property that is not physically injured." The Policy defines "occurrence" to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Litigation does not allege "bodily injury" or "property damage" caused by an "occurrence", as those terms are defined in the Policy. Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent the Litigation does not allege covered "bodily injury" or "property damage" caused by an "occurrence" which takes place during the policy period.

The Policy is subject to a "Contractual Liability" exclusion which provides in part that the policy does not apply to "[b]odily injury or property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement," among certain exceptions. The Litigation alleges Breach of Contract. Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent the Contractual Liability Exclusion applies to preclude or limit coverage under each of the Policy.

The Policy is subject a "Personal and Advertising Injury" exclusion which provides in part that the Policy does not apply to "'[b]odily injury' arising out of 'personal and advertising injury'." Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent the Personal and Advertising Injury Exclusion applies to preclude or limit coverage under each of the Policy.

The Policy also contains an "expected or intended" exclusion which provides in part that the policy does not apply to "bodily injury" or "property damage" "expected or intended from the standpoint of the insured." The Litigation alleges various intentional conduct against SVO including, but not limited to, intentional interference with contractual relations, fraud, negligent misrepresentation and civil conspiracy, among others. Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent the "expected or intended" exclusion applies to preclude or limit coverage under each of the Policy.

The Insuring Agreement for the "personal and advertising injury" coverage part of the Policy provides, in part, that "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." The Policy further provides that "[t]his insurance applies to 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."

The Policy defines "personal and advertising injury" in part, as follows:

> "Personal and advertising injury" means injury including consequential "bodily injury" arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment:
> b. Malicious prosecution:
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner landlord or lesser:
> d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services:
> e. Oral or written publication of material that violates a person's right of privacy.

The Litigation alleges defamation against SVO, which is the only allegation contained in the Litigation which potentially qualifies as an enumerated "personal or advertising injury" offense. Under the defamation cause of action, Plaintiff alleges during Plaintiff's performance of work at the Project and following its termination, SVO "disparaged" Plaintiff's work and reputation by "making numerous false statements to third parties on the jobsite and within the industry, including but not limited, falsely stating that commencement of equipment commissioning at the Project was delayed as a result of Veritiv's inability to manage the Project." Plaintiff alleges that statements were made to competitors including "DPR, Critical Project Services, LLC and BCSFM, LLC for purposes of harming Veritiv's reputation." Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent the defamation claim does not fall within the "personal and advertising injury" offense of "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services" committed during the Policy period. Navigators also reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent the Litigation does not allege an enumerated "personal and advertising injury" offense, a "personal injury" offense or an "advertising injury" offense arising out of SVO's business and committed during the policy period, as required by the Policy.

The Policy contains a Knowledge of Falsity Exclusion under the "personal and advertising injury" coverage part, which provides that the insurance does not apply to:

> **b. Material Published With Knowledge Of Falsity**
> "Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

To the extent SVO published defamatory statements with knowledge that those statements are false, this exclusion may apply to preclude coverage. Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent this exclusion applies to preclude or limit coverage under the Policy.

The Policy also contains an Intellectual Property Exclusion, as modified by endorsement, under the "personal and advertising injury" coverage part, which provides that the insurance does not apply to:

> **i. Infringement of Copyright, Patent, Trademark, Trade Secret, Trade Dress or Advertising Ideas "Personal and Advertising Injury" arising out of:**
>
> (a) Infringement, disparagement, dilution, diminishment of or damage to:
>
> i. Copyright, slogan or title:
>
> ii. Patent:
>
> iii. Trademark, service mark, collective mark, or certification mark, including without limitation any word, name, symbol, device or any combination thereof used to identify or distinguish the origin of a good, product or service:
>
> iv. Trade secret;
>
> v. Trade dress including without limitation, any shape, color, design or appearance used to distinguish the origin of a good, product or service:
>
> vi. Advertising ideas, concepts, campaigns, or style of doing business; or
>
> vii. Any other intellectual property rights recognized or implied by law.
>
> (b) False designation of the origin of a good, product or service;

The Litigation alleges patent infringement and misappropriation of trade secrets, which are excluded by the Intellectual Property Exclusion. Navigators has no duty to indemnify SVO for any damages because of patent infringement or misappropriation of trade secrets. Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent this exclusion applies to preclude or limit coverage under the Policy.

The Policy contains contractual liability and breach of contract exclusions under the "personal and advertising injury" coverage part, which provides in pertinent part, as follows:

> **COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> ***
>
> **2. Exclusions**
>
> **This insurance does not apply to:**
>
> ***

e. Contractual Liability
"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

f. Breach Of Contract
"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

The Litigation alleges breach of contract. Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent the above exclusions apply to preclude or limit coverage under the Policy.

The Policy also excludes coverage for "personal and advertising injury" "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period." Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent this exclusion applies to preclude or limit coverage under the Policy.

The Policy also excludes coverage for "personal and advertising injury" "[a]rising out of a criminal act committed by or at the direction of the insured." The Litigation alleges fraud and civil conspiracy against SVO. Navigators reserves its rights to withdraw from the defense, deny a defense and/or indemnity and to seek reimbursement of any defense and/or indemnity to the extent this exclusion applies to preclude or limit coverage under the Policy.

The Policy also contains a punitive damages exclusion, by endorsement NPC-635 05 14, which provides in relevant part:

> This insurance does not apply to:
>
> Punitive damages, exemplary damages, fines, penalties, treble damages or other increase in damages resulting from the multiplication of compensatory damages, in whatever form assessed. If a "suit" is brought against the insured seeking damages to which this insurance applies and punitive or exemplary damages, we will provide a defense to such "suit". However, we will have no obligation to pay for any costs, interest, or judgment attributable to punitive or exemplary damages. Provisions of this exclusion do not apply in any state where such exclusion is expressly prohibited by state law or insurance department regulation.

To the extent the Litigation seeks punitive damages and those damages are not insurable, Navigators has no duty to indemnify SVO for any award of punitive damages.

Navigators also reserves its rights to deny indemnity for any equitable relief such as injunctive relief as they do not qualify as covered damages under the Policy. In addition, Navigators reserves its rights to deny indemnity for any causes of action that do not fall within a covered enumerated "personal or advertising injury" offense or qualify as a covered "property damage" or "bodily injury" caused by an "occurrence", including the causes of action for breach of contract, open book account, reasonable value, violation of unfair competition, misappropriation of trade secrets, patent infringement, intentional interference with contractual relations, fraud, negligent misrepresentation or civil conspiracy.

The Policy contains a limit of liability. Navigators will not pay any claim or judgment under the Policy to the extent that it exceeds the limits of the Policy. Any damage award in excess of the limit of liability, even for a loss that would be covered otherwise, will not be paid by Navigators.

## IV. Defense Counsel.

Navigators agrees to provide independent defense counsel selected by SVO in the Litigation from the date of tender of the Amended Complaint pursuant to California Civil Code §2860 which addresses the duties for independent counsel. As outlined in Civil Code Section 2860, the defense attorney selected by SVO to represent them must meet certain minimum qualifications. Pursuant to that statute, the defense attorney selected must have five (5) years of tort litigation practice, including substantial defense experience in the subjects and issues involved in the claim. They must also carry errors and omissions coverage.

Under California Civil Code §2860, Navigators' obligation to pay the reasonable fees incurred by defense counsel chosen by SVO is limited to rates which are actually paid by Navigators to its attorneys that it retains in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. California Civil Code §2860(c). Accordingly, Navigators will only agree to reimburse at hourly rates which are actually paid by Navigators in accord with California Civil Code §2860(c). Should counsel selected by SVO charge hourly rates in excess of these rates, SVO bears the full responsibility to pay the difference in rates.

Please note that SVO may choose to agree to waive its right to independent counsel pursuant to California Civil Code Section 2860, in which case Navigators will select and pay for defense counsel to defend SVO in this Litigation. ***Should SVO agree to waive its right to independent counsel, Navigators requests that it acknowledge its agreement to do so by signing the statement (which is required under California Civil Code Section 2860(e)) set forth at the end of this letter and returning it to my attention.***

Please be advised that Navigators will not pay any defense fees or costs relating to any insurance coverage action or advice, any non-legal fees and costs incurred for items such as crisis management or public relations, or any fees or costs incurred relative to any cross-claim SVO may file in this matter. To the extent that Navigators pays for the defense of claims that do not

fall within the scope of coverage, it reserves all rights under applicable law to seek reimbursement of those amounts from SVO.

Consistent with the provisions of the Policy and Civil Code § 2860, Navigators requests that SVO and defense counsel selected by SVO provide Navigators with all updates, pleadings, reports and analyses prepared detailing the evaluation of the Litigation, including an evaluation of the damages exposure, costs of defense through trial, and the amounts recommended for settlement of the Litigation. ***Please send all defense invoices and reports via email to the undersigned for review.*** Navigators reserves the right to review fees and costs billed by defense counsel chosen by SVO and to determine whether they are reasonable and reasonably incurred.

Please advise if another insurance carrier is providing coverage and/or a defense to SVO in the Litigation. Navigators will share the defense fees and costs of SVO in the Litigation with any other participating carrier defending SVO. If any other valid and collectible insurance is available to SVO for the defense of the Litigation, Navigators' obligations may be further limited under the Policy. Pursuant to the "other insurance" provision in the Policy, Navigators reserves the right to seek contribution for any defense and indemnity payments from all other valid and collectible insurance, whether issued to SVO or to others. Navigators also expressly reserves the right to assert its subrogation rights. Navigators requests that SVO immediately notify, if it has not already, any other insurance carriers whose coverage might apply to the claims asserted in this action and ask that the other carriers participate in the defense and indemnity of these claims. Please provide a copy of any such notification letters, any responses and their policies.

## V. Additional Reservation Of Rights.

Navigators also reserves the right to deny coverage for any uncovered damages alleged in the Litigation and/or where any damages are prohibited by applicable law, including, but not limited to Plaintiff's claim for punitive damages. The Policy also contains limits of insurance. Navigators will not pay any damages under the Policy to the extent any damages exceed the policy limit. Any damage award in excess of the limit of insurance, even for a loss that would be covered otherwise, will not be paid by Navigators.

Navigators wants SVO to know that by continuing with its investigation, by paying for lawyers to defend SVO in the Litigation, and by doing anything which Navigators feels is necessary to keep any loss to a minimum, Navigators is not necessarily agreeing to pay any judgment if one is obtained against SVO. Navigators will assert any and all of its applicable coverage defenses. Indeed, Navigators is not waiving its right to deny coverage, to further supplement or modify its reservation of rights, to raise any additional coverage defenses as they arise, or to refuse to defend SVO further at any future time. Navigators further reserves its right to seek reimbursement from SVO, independent counsel chosen by SVO, or from other persons not insured, and/or from other insurers, for all or a portion of all sums paid or advanced by Navigators towards attorneys' fees, costs, investigation, or any other sums paid by Navigators in

connection with the Litigation (including any indemnity payments) based on allocation between potentially covered claims and other claims, or based on any other reason.

Navigators agrees to defend SVO in the Litigation subject to a full reservation of rights, but will indemnify SVO only for those claims that come within the insuring agreements of, and are not excluded by, the Policy. Navigators will not indemnify SVO for any claims that are not so covered under the Policy. Any other damages awarded against SVO, or for which SVO assumes responsibility, would be the responsibility of SVO. Similarly, as noted above, should there be any award of punitive and/or exemplary damages, those would likewise be the responsibility of SVO.

Navigators expressly reserves its right to allocate between any covered and non-covered items of damages and payments (if any) of settlements and/or judgments and to seek reimbursement from SVO or others for any such non-covered indemnity payments. Navigators has no duty to indemnify SVO for any damages to the extent that those damages exceed the limits of insurance.

No payment by Navigators of any settlements and/or judgments shall constitute a waiver by Navigators of its rights under the Policy to later seek allocation and reimbursement of sums paid for any such settlements and/or judgments on the ground that there is no duty to indemnify SVO against all or a portion of this claim.

There may be additional terms, conditions, provisions and/or exclusions that bar or limit coverage under the Policy. Navigators reserves its rights to deny any duty to defend or indemnify and/or raise any and all coverage defenses.

## VI. <u>Conclusion.</u>

This letter is not intended as a comprehensive statement of each and every potentially applicable term, condition, exclusion, limitation, defense or right that Navigators may have under the Policy or in law. Navigators reserves the right to cite other provisions of the Policy not already cited in this letter. Navigators also reserves the right to raise and rely on all potentially applicable coverage defenses to disclaim coverage, whether or not stated in this letter. Navigators may rely on additional or different exclusionary terms or provisions in the Policy if, in the course of subsequent investigation, Navigators discovers facts which would make other terms of the Policy applicable. Navigators reserves the right to amend the coverage position set forth in this letter and to advise you of the grounds upon which any modifications are made.

Please note that nothing set forth in this letter should be deemed to amount to a waiver on the part of Navigators to assert the applicability of any of the provisions, terms, definitions, or exclusions of the Policy. Navigators expressly reserves the right to raise any additional coverage defenses, including the right to disclaim coverage on any other basis that may become apparent as this matter progresses and to file a declaratory judgment action to obtain a ruling on any disputed coverage issue.

Nothing contained herein should be construed as an estoppel or waiver of any rights or defenses, whether or not stated herein, which Navigators may possess under the Policy and/or applicable law. It should be understood further that any actions, including investigations, taken to date by Navigators and/or its agents and representatives do not constitute and are not intended as an estoppel or waiver of any rights or defenses available to Navigators, whether or not stated herein, that may be available now or at any point in time. Navigators specifically reserves its right to rely on the language of the Policy, and to deny coverage for any valid reason that may subsequently appear. Navigators shall not waive any of its rights unless expressly so stated in writing by Navigators.

Pursuant to the California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, Fair Lawsuits Settlement Practices Regulations, if insureds believe all or part of this claim has been wrongfully denied or rejected, they may have this matter reviewed by the following entity:

California Department of Insurance
Consumer Services Division
300 S. Spring Street
Los Angeles, CA 90013
1-800-927-4357-HELP

Should you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Wilson Elser Moskowitz Edelman & Dicker, LLP

David Simantob

cc: Mary Ann Vorndran *(Via email only MVorndran@navg.com)*

Lisa D. Nicolls (***Via email only lnicolls@murphyaustin.com***)
Murphy Austin Adams Schoenfeld LLP
555 Capitol Mall, Suite 850, Sacramento, CA 95814

Marianne Evans (***Via email only mevans@hoffmanbrown.com***)
Hoffman Brown Company

**WAIVER PURSUANT TO CALIFORNIA CIVIL CODE SECTION 2860**

This waiver is in connection with the matter entitled *Liebert Corporation v. SVO Building One, LLC,* American Arbitration Association, Case No. 01-18-0003-1318. The Insurer herein is Navigators Specialty Insurance Company.

SVO BUILDING ONE, LLC ("SVO") HAS BEEN ADVISED AND INFORMED OF ITS RIGHT TO SELECT INDEPENDENT COUNSEL TO REPRESENT IT IN THIS MATTER. IT HAS CONSIDERED THIS MATTER FULLY AND FREELY WAIVE ITS RIGHTS TO SELECT INDEPENDENT COUNSEL AT THIS TIME. SVO AUTHORIZES THE INSURER TO SELECT A DEFENSE ATTORNEY TO REPRESENT IT IN THIS MATTER.

DATED: _______________, 2019

SVO Building One, LLC

By: ________________________________
Its: ________________________________