STEVEN W. MURRAY
a law corporation

SUITE 205
14930 VENTURA BOULEVARD
SHERMAN OAKS, CALIFORNIA 91403

(818) 501-2277
fax (818) 501-6441
info@psilaw.com

May 3, 2021

David Simantob, Esq.
WILSON ELSER
555 S. Flower St., Ste. 2900
Los Angeles, CA 90071

Re: *Liebert Corporation vs. SVO Building One*
Navigators' Cl. No. 01-18-0003-1318

Dear Mr. Simantob:

SVO disagrees with Navigators' denial of coverage set forth in its March 31, 2021, letter stating it was withdrawing its defense in fifteen days.

> "the allegation of defamation against SVO is the *only* allegation contained in the Litigation that potentially qualifies as an enumerated 'personal or advertising injury' offense . . . ¶ We are in receipt of Liebert Corporation's . . . Dismissal . . . of . . . its defamation claim. *Navigators has determined there is no coverage under the Policy for the remaining claims asserted against SVO in the Lawsuit.* As Navigators has no duty to defend SVO . . . , **Navigators is withdrawing its defense of SVO in the Lawsuit on April 15, 2021, fifteen (15) days from the date of this letter.**" (Italics added.)

This determination is factually and legally unsupportable.

**1. Vertiv's 4th Amended Complaint Alleges Covered Claims.**

**A. Disparagement.** The policy provides coverage for the "personal injury" offenses of slander, libel and disparagement. Vertiv alleges this:

> "causing third parties to issue false reports regarding the commissioning of equipment on the Project;" (¶55, p. 12:23-24; ¶56, p.13:5-7.)
>
> SVO's conduct "erodes Vertiv's reputation as a designer and builder . . . ." (¶57, p. 13:13.)
>
> Communications "disparaging Vertiv's work" were made by SVO to DPR. (¶146, p. 29:13.)

**B. Property Damage.** The policy provides coverage for property damage which includes loss of use of tangible property which has not been physically injured. Vertiv alleges this:

> "SVO has given drawings and calculations prepared by Vertiv to designers and builders of data centers . . . ."(¶30, p. 8:19-20.)

> "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but . . . continues to do so." (¶82, p. 16:25-28.)

> "SVO have [sic] continued to use in the United States without authority devices covered by the '082 Patent . . . ." (¶86, p. 18:8-9.)

> "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but . . . continues to do so." (¶93, p. 18:27-28 to p. 19:1-2.)

> "SVO have [sic] continued to use in the United States without authority devices covered by the '804 Patent . . . ." (¶97, p. 19:25-26.)

> "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but . . . continues to do so." (¶104, p. 20:15-18.)

> "SVO have [sic] continued to use in the United States without authority devices covered by the '404 Patent . . . ." (¶108, p. 23:11-12.)

> "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but . . . continues to do so." (¶115, p. 24:3-6.)

> "SVO have [sic] continued to use in the United States without authority devices covered by the '424 Patent . . . ." (¶119, p. 25:23-24.)

> "Vertiv provided SVO with a Liebert-designed, manufactured and branded EXL S1 UPS for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the EXL S1 UPS, but . . . continues to do so." (¶126, p. 26:14-17.)

> "SVO have [sic] continued to use in the United States without authority devices covered by the '124 Patent . . . ." (¶130, p. 27:11-12.)

**2. Navigators' Duty To Defend Continues.**

The dismissal of the Defamation Cause has no effect on Navigators' defense obligations because the other covered claims asserted against SVO remain in full force and effect. The continued pendency of the action triggers Navigators' duty to defend.

> "The duty commences upon tender of the defense, and continues until the underlying lawsuit is concluded." (*Lambert vs. Commonwealth Land Title* (1991) 53 Cal.3d 1072, 1077.)

**3. Summary.**

SVO is entitled to the policy benefits it bought and which California law protects. It continues to be entitled to a defense in the *Liebert* action. Navigators should revisit its coverage denial and withdrawal, and agree to protect SVO and make it whole. A written favorable response is requested within ten (10) days.

Very truly yours,

STEVEN W. MURRAY

SWM:dr
cc: SVO

EXH. G-3