WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

May 18, 2021

David Simantob
Direct (213) 330-8819
David.Simantob@wilsonelser.com

***Via Email (swm@psilaw.com)***

Steven W. Murray, Esq.
14930 Ventura Blvd.
Suite 205
Sherman Oaks, California 91403

Re: *Liebert Corporation v. SVO Building One, LLC*
American Arbitration Association Fourth Amended Complaint
Case No. 01-18-0003-1318
Named Insured: SVO Building One, LLC
Policy No.: LA17CGL219162IC
(effective 07/12/17 to 03/12/18, extended to 8/12/19)
WEMED No: 18753-318

Dear Mr. Murray:

As you know, we are coverage counsel for Navigators Specialty Insurance Company ("Navigators") with regard to your tender on behalf of the named insured, SVO Building One, LLC ("SVO") of the above-referenced arbitration ("Litigation") before the American Arbitration Association ("AAA") under the above-referenced policy ("Policy") issued to SVO.

By our letter of October 28, 2019, Navigators agreed to defend SVO in the Litigation subject to a full and complete reservation of rights including, among other things, the right to withdraw from the defense. On March 24, 2021, however, the claimant Vertiv Corporation fka Liebert Corporation ("Vertiv") dismissed without prejudice, among other things, the Fifteenth Cause of Action for Defamation in its Fourth Amended Complaint ("Complaint"). On March 31, 2021, Navigators wrote to SVO and advised that, in light of the dismissal of defamation cause of action, Navigators no longer had a duty to defend SVO and was withdrawing its defense of SVO in the Litigation on April 15, 2021. We are in receipt of your letter of May 3, 2021, wherein you state that "SVO disagrees with Navigators' denial of coverage set forth in its March 31, 2021, letter" and assert that SVO "continues to be entitled to a defense in the [Litigation]."

While Navigators continues to believe it no longer has a duty to defend SVO in the Litigation, in light of your May 3, 2021 letter, Navigators will not withdraw from the defense of SVO in the Litigation at this time. Navigators' continued defense of SVO is subject to its full and complete reservation of rights as set forth in its October 28, 2019 letter and other correspondence with SVO. Specifically, as set forth in its October 28, 2019 letter, Navigators reserved its right "to

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP



seek reimbursement of any defense" to the extent that it was for a non-covered claim and "[t]o the extent that Navigators pays for the defense of claims that do not fall within the scope of coverage, it reserves all rights under applicable law to seek reimbursement of those amounts from SVO." Navigators continues to reserve all such rights pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997), *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and *Hartford Cas. Ins. Co. v. J.R. Marketing, Inc*., 61 Cal.4th 988, (2015). Navigators also specifically reserves the right to file an action seeking declaratory and/or other relief on any issue raised herein, or which has been previously communicated to SVO, or which may be raised in the future, including, but not limited to, a declaratory relief action seeking a judicial determination that Navigators has no duty to defend or indemnify SVO and or is entitled to reimbursement.

In the meantime, nothing contained herein should be construed as an estoppel or waiver of any rights or defenses, whether or not stated herein, which Navigators may possess under the Policy and/or applicable law. It should be understood further that any actions by Navigators and/or its agents and representatives do not constitute and are not intended as an estoppel or waiver of any rights or defenses available to Navigators, whether or not stated herein, that may be available now or at any point in time. Navigators specifically reserves its right to rely on the language of the Policy, and to deny coverage for any valid reason that may subsequently appear. Navigators shall not waive any of its rights unless expressly so stated in writing by Navigators.

Pursuant to the California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, Fair Lawsuits Settlement Practices Regulations, if insureds believe all or part of this claim has been wrongfully denied or rejected, they may have this matter reviewed by the following entity:

California Department of Insurance
Consumer Services Division
300 S. Spring Street
Los Angeles, CA 90013
1-800-927-4357-HELP

Should you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Wilson Elser Moskowitz Edelman & Dicker, LLP

/s/

David Simantob