**Pages 1 - 21**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Araceli Martínez-Olguín, Judge

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

VS.

SVO BUILDING ONE, LLC,

Defendant.

**Case No. 3:22-cv-07102 AMO**

San Francisco, California
Thursday, February 8, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
**BY: SHANNON L. SANTOS**

For Defendant:
PARKER SHAFFIE LLP
800 W 6th Street, Suite 500
Los Angeles, CA 90017-2708
**BY: BRUCE T. SMYTH**

REPORTED BY: Kendra A. Steppler, RPR, CRR
Official United States Court Reporter

Thursday - February 8, 2024 2:27 p.m.

P R O C E E D I N G S

---o0o---

**THE CLERK:** Calling Civil Matter 22-7102, Navigators Specialty Insurance Company v. SVO Building One, LLC.

Counsel, please come up to the podiums to state your appearances for the record, starting with the plaintiff.

**MS. SANTOS:** Shannon Santos for plaintiff Navigators.

**MR. SMYTH:** Bruce Smyth for defendant SVO Building One.

**THE COURT:** Good afternoon, Counsel.

**MR. SMYTH:** Afternoon, Your Honor.

**THE COURT:** So, folks, we're here to take up defendant's motion to dismiss or, in the alternative, for a more definite statement. Even though I know that motion is made in the alternative, I want to start with it.

So a motion for a more definite statement is brought under Rule 12(e). Rule 12(e) requires that a motion for a more definite statement be made before a responsive pleading, and it also requires that you point out the defects and details desired.

Mr. Smyth, you argue that Navigators' complaint is almost totally useless, because Navigators doesn't explain why it is entitled to reimbursement. And you cite to paragraphs 35, 36, 43, and 44; however, you don't explain what is missing, such

that you cannot reasonably prepare a response.

To the extent that you argue that Navigators did not plead that it paid the costs for which it seeks reimbursement, that's not the case. And I would direct you to look at paragraphs 40, 32, 30 -- excuse me -- 32, 42, and 43 from the complaint. Because you failed to comply with the plain requirements of Rule 12(e), I'm denying the motion for a more definite statement, be it in the alternative.

I want to talk with you all a little bit now about the motion to dismiss. And I actually want to start with the third claim. Right? The Declaratory -- all claims were brought under the Declaratory Judgment Act. The Declaratory Judgment Act allows the Court to issue a declaratory judgment, but only in cases of actual controversy.

Navigators -- in the complaint, you admit that SVO has advised that the settlement of the underlying action doesn't involve any indemnity payment under the policy. SVO has not sought indemnity from you. And Navigators -- you haven't shown that such -- that any such injury may or is likely to occur, or what hardship you would suffer, if the Court withholds review, until SVO actually seeks indemnity, if it ever does. For that reason, I'm inclined to dismiss this claim as not ripe.

Can you please tell me, Ms. Santos, what am I -- well, I want to ask, do you want to be heard on this, because I -- what am I missing? Because, as far as I can tell, that claim isn't

ripe.

**MS. SANTOS:** No, I appreciate the opportunity to respond to it.

The declaratory relief third cause of action is seeking a determination as to whether or not there's indemnity coverage under the policy. I do not believe Navigators has admitted that SVO does not think there is coverage. The motion to dismiss and the reply do not say that.

If SVO was saying we do not believe that there is indemnity coverage for the underlying action under the policy, I agree, there's no case in controversy. SVO has not made that determination.

Now, they haven't sought an indemnity payment, mostly because they stopped responding to Navigators. But the -- did -- the third cause of action seeks a declaration as to what coverages are available. So it's not a matter of whether or not they've sought it yet; it's whether or not the actual policy affords that coverage.

**THE COURT:** But doesn't that part of the policy only come into play should they seek indemnification?

**MS. SANTOS:** Not necessarily. If we had filed this dec relief action during the underlying action, we would have brought the same cause of action -- no duty to indemnify -- even though the underlying action was still pending. We can seek the declaration that there's no coverage for an indemnity

payment, even if the underlying action hasn't proceeded to judgment or settlement yet.

**THE COURT:** Would you like to respond to that?

**MR. SMYTH:** Yeah, I would.

She's -- Navigators is arguing that if they had filed it during the action, then they could state a claim for declaratory relief or indemnity. But we're after the action. The case settled two years ago. There's never been a demand for indemnity. There's no request for it.

I said, in my reply, there was no dispute about indemnity coverage. And it's just not appropriate for an insurer to bring in a policyholder on a claim that doesn't exist, has never been asserted, and just -- you know -- has -- and is not ripe for determination. There's just no -- there's been no claim. Two years have passed by. You know, and there's no -- there's no need for this. And --

**THE COURT:** Let me ask, what's the statute of limitations? At what point can SVO no longer seek indemnification from Navigators?

**MR. SMYTH:** Well, I think there's -- there's -- I believe, generally, there's a four-year statute on breach of contract. If the complaint survives the motion to dismiss, then there would be the issue, on our part, as to whether it would be a compulsory cross-complaint or counterclaim if we were going to assert indemnity. But there's no -- there's no

plan to assert indemnity. There's never been a claim on it. It's an old case, at this point.

**THE COURT:** Mr. Smyth, let me ask this: Are you prepared to -- are you either empowered to or prepared to commit your client not to seek indemnity?

**MR. SMYTH:** Well, I'm not empowered to do that. But --

**THE COURT:** And let me say this: I ask because I've had one other case where this came up. It was -- it was not an insurance dispute, but ripeness was the issue. And, frankly, defendant, in their response at some point, wrote in, we are not looking for -- like, we are not going to file that lawsuit. We are not going to assert this claim, at which point that becomes a judicial admission. And then it becomes crystal clear that it isn't ripe.

**MR. SMYTH:** That's right, Your Honor. And I don't have authority to do that. But let me -- let me say that, you know, there are lots of issues that could be brought before the Court. And -- but the requirement is, particularly on declaratory relief, that it has to be ripe, and there has to be an actual controversy. And there's been no showing that there's any kind of controversy. I mean, they even pleaded in their complaint there's never been a request for indemnity.

And, you know, the time is -- the time is running. And it hasn't been asserted. And there's no present plans to assert

it. I can definitely say that. But, you know, it's just not -- it's -- I don't think it's ripe for an insurance company to bring a policyholder in, and litigate an issue that the policyholder hasn't raised, and force them to incur the costs of litigation on an issue that's not ripe.

**THE COURT:** Ms. Santos, I want to give you the last word on this. So could you -- if no -- if no indemnity claim has been asserted -- I understand that you're seeking the declaration -- but could you speak a little bit more to why there's an actual controversy? I understand you would prefer to have your rights declared, but I still don't see whey they're at issue with this regard -- with regard to this. We'll get to the other two.

**MS. SANTOS:** So with respect to how long it's been, the complaint was filed November 2022. And the docket reflects that we spent a considerable amount of time trying to get the defendant served. Mr. Smyth has come in and has represented --

**THE COURT:** None of that goes to the controversy about --

**MS. SANTOS:** Yeah.

**THE COURT:** Get me to indemnification, please.

**MS. SANTOS:** So I understand Mr. Smyth was not involved in the underlying action, and he's limited by what his client has told him going into today's hearing. But what I hear him saying is, if they are considering a cross-claim, that

means that there is the thought that they think that they are entitled to indemnity coverage. So --

**THE COURT:** But the problem is that now we're into the -- so -- so -- I'm sorry. Let me let you finish, and then I'll come in. Go ahead.

**MS. SANTOS:** So I believe that until they tell Navigators -- because Navigators has no idea what happened with the settlement, even though we were defending -- we should have been informed. We weren't. We have no idea what happened. We don't know if they paid anything. The comments here today suggest they did. And if they did pay something, we're entitled to a declaration under the policy saying we don't owe coverage for that.

I understand, at this point, it has now been 19 months. But 19 months have gone by, and they will not commit that they are not seeking indemnity under the policy.

So I don't -- I think that the claim is ripe for adjudication. We can determine, under the policy, whether there's indemnity coverage, regardless of whether an indemnity payment has been made, because the issue is what the policy is going to recover with respect to the allegations that went to trial in the underlying action. And those have all been decided.

**THE COURT:** So let me tell you, Ms. Santos, at this moment, to the extent that you're -- to the extent that you're

saying, if this happens, then it would be -- then there's a dispute -- that's exactly why this strikes me as unripe at this moment.

So in light of all of this, I'm -- the Court concludes that there is no actual controversy, today, with regard to indemnification for the underlying action, and that Navigators hasn't shown that any injury is likely to occur or that it would suffer from any hardship if the Court withholds review. Accordingly, the motion to dismiss is granted with regard to Claim 3 without prejudice to you reviving this claim when or if it should ripen.

All right. Let's talk about Claims 1 and 2. I understand SVO generally to make four arguments in the motion to dismiss that Navigators has failed to state a claim. Right? I understand that SVO -- I want to -- I'm going to talk you through my best understanding of them so you then can tell me -- educate me -- of the places that perhaps I have not well integrated your papers into my thinking.

So SVO argues that because the insurer has the burden of proof, it must cite specific costs, which are solely allocable to potentially not covered claims. While Navigators will ultimately bear this burden at summary judgment or trial, it's not the burden at the pleadings stage. And SVO also argues that incurred -- that the use of the word "incurred" in the complaint doesn't mean paid. But I don't really find that

semantics argument persuasive.

So at least with regard to that accident -- excuse me -- with that argument, Mr. Smyth, what am I missing about -- I don't understand them to have to specify, at this point, the exact numbers. And I don't -- and I don't find convincing -- they say they have incurred these costs, and you're saying they haven't alleged they paid anything. So what am I missing here?

**MR. SMYTH:** Well, on the "incurred," we filed -- or we challenged -- the allegation that they had incurred the expenses as opposed to paying them, because we know that another insurer paid over a million dollars of the defense fees. And we assume that they're using the word "incurred" to not be required to admit that.

Now, they say they're willing to say that they paid these fees. And we attached, as an exhibit, a document that shows that they haven't paid all those fees. So -- so we think now that it's -- and they haven't -- they haven't disputed that. They haven't really admitted it. But it shows an underlying flaw, which is an insurer cannot seek reimbursement of fees that a third party paid. And that's what they're doing. And that's not -- it's not appropriate. That is -- it -- we submit it violates Rule 11. You have to have the basis for the claim. And there's at least $1 million that they --

**THE COURT:** All right. I'm going to stop you at the Rule 11 allegation, because our local rules have very

specific-- that isn't included anywhere in your motion to dismiss, nor should it have been. That's a separate filing. So you can just --

**MR. SMYTH:** Okay.

**THE COURT:** -- leave that in your briefcase somewhere, because that isn't properly before me.

**MR. SMYTH:** I agree. And -- and we're not seeking any kind of a --

**THE COURT:** Right.

**MR. SMYTH:** -- Rule 11. But the standard --

**THE COURT:** So please don't -- so please don't invoke it to me now.

**MR. SMYTH:** Okay. But the standard is -- in a pleading -- is that you have to have a basis for it. And we know that Hallmark Financial Services paid $1 million of these fees. And there's just no way that Navigators -- unless they've got an assignment or something like that, which they would need to plead -- there's no way that Navigators has a right to seek reimbursement of fees paid for by another insurer. And that's what they're doing.

**THE COURT:** But let me ask you -- you're telling me that these things were part of your motion to dismiss. Did I receive -- did you submit requests for judicial notice of those documents? How are they properly before me to consider at the pleadings stage?

You may be right, at some point. But at the pleadings stage -- what I got from your papers was you arguing semantics. The rest of it I don't think it properly before me. So -- all right. Let's -- let's move to the -- let's move on to your second argument here.

So I understand SVO to argue that Navigators has conceded that there were potentially covered causes of action pointing to Navigators' agreement to defend SVO in the underlying action; however, Navigators agreed to defend SVO, subject to a reservation of rights. So I don't -- this argument I just don't understand, because I think that I have their reservation of rights as a basis for them not having conceded that.

**MR. SMYTH:** Let me try to be more clear than I was, I guess, apparently, in the papers.

The -- when there is a mixed action -- an action involving covered and non-covered claims -- then the standard for reimbursement is that set forth in the Buss case. And Buss basically says you have to prove -- in order to recover expenses, you have to prove that those expenses are solely allocable to potentially non-covered claims.

**THE COURT:** Mm-hm.

**MR. SMYTH:** So in the complaint, they -- "they" being Navigators -- admitted that there was a potentially covered claim for defamation. And that makes this a mixed action and, therefore, the standard of Buss should apply. That in order to

obtain recovery of fees, they have to show that the particular expenses are allocable solely to non-covered claims.

**THE COURT:** Now, that I thought -- that is what I've been thinking of is your fourth argument. Because I understand you to argue that Navigators' claim should fail because it only alleges that it incurred costs in defense of uncovered claims when the standard is not -- is not potentially covered claims. And I'll tell you, that -- so I was -- I was -- we've gone through your first argument. I'm describing to you what I understand is your second argument. Your fourth argument is actually the one I found may have some merit.

So I want to give -- I want to give Ms. Santos a chance here. But I just -- maybe I missed something in your second argument. Because I'd understood that at least -- that your second argument was simply about the fact that -- that seemed to say that the reservation of rights somehow -- that despite the reservation of rights, Navigators had conceded coverage. And that -- you know -- maybe I misunderstood that.

**MR. SMYTH:** Yeah. I don't -- I don't believe that's an argument we made. We did not argue that they conceded coverage. We argued, basically, that they were required to plead facts establishing the Buss standard --

**THE COURT:** Okay.

**MR. SMYTH:** -- and that they failed to do so.

**THE COURT:** Before we get to the Buss standard, let

me -- let me -- let's talk, for a moment, about what I understood to be your third argument, which is that the allegations in the underlying complaint show that some of the claims were potentially covered. But that SVO hasn't pointed to which causes of action were potentially covered under the policy, as a matter of law, such that Navigators may not seek reimbursement for defense costs.

Could you -- I guess, I'm -- I'm -- maybe we just need some time on the fourth one. But I will tell you, the third one I also sort of -- I understood that to be more a function of -- they didn't parse it, but my sense is that -- in the end, the papers here -- your -- I don't disagree with you. I think that the complaint gave me lots -- gave me lots of the policy's text without necessarily pointing to what.

But let me ask you, Ms. Santos. Because I think that this is the one -- of the arguments made -- the one that I found most compelling from SVO was about the fact that the -- the allegations are that -- the allegations are that your client incurred costs in defense of uncovered claims when the standard is for not potentially covered claims.

**MS. SANTOS:** Okay. And I didn't read that out of his motion. So if the opposition didn't address it, that's why.

If you -- if you look at the life of the claim from the point of tender, we picked up the ROR. We agreed to defend the entire action, because there was an allegation of defamation.

**THE COURT:** Mm-hm.

**MS. SANTOS:** It's not a cause-of-action issue. We don't -- we don't defend based on a cause of action, and we don't eliminate based on causes of action. It's the allegations.

So there's an allegation of defamation. We agree to defend the entire case at a 50 percent breakdown, as I understand it, with another insurer. So we're defending. During that time -- the whole time we're incurring fees -- the -- anything that is in the underlying action that is not part of an allegation of defamation is not covered. We are paying for the defense of it, but we're entitled to reimbursement of those fees.

So that's why, from the start of the action, there are fees we incurred that are not covered under the policy. Not covered. It's not potentially. They were never covered. The ROR says that. Those we get reimbursement for through the end of the action.

When the defamation allegations were dismissed, at that point, there's now nothing even potentially covered. We had a right to withdraw from the defense. From that point on, we're entitled to reimbursement of 100 percent of the fees. So the allocation -- the breakdown -- which is a litigation-discovery-to-be-proven-later issue, is as to which portion of that first set of fees would be to a not ever

potentially covered claim or what would have gone to the allegation of defamation.

That's why we are seeking reimbursement of fees that were never covered. To the extent that there were fees that were potentially covered, what -- we understand we're paying those defense fees -- and those would have ended when those allegations were dismissed.

So the breakdown would never happen at the pleadings stage. Like, the breakdown has to be shown later through allocation. And it's a matter of going through those time records and figuring out what went to the defamation allegations.

**THE COURT:** So I understand that, in terms of ultimately deciding what -- what you might -- what reimbursement, if any, you may end up being entitled to. I think the thing that I'm having -- the part that I'm ultimately finding -- the reason I'm finding merit in -- the reason I'm finding merit in SVO's argument is because the legal standard is still for you -- at this stage, you're supposed to carve out an exception for potentially covered claims, because that's what -- that is also how I read Buss.

**MS. SANTOS:** Well, I think that it is carved out. So the first --

**THE COURT:** Could you point me where in your complaint?

**MS. SANTOS:** Yeah. I'm -- so the first cause of action is -- deals with everything; right?

**THE COURT:** Mm-hm.

**MS. SANTOS:** Okay. So a right to -- no. That's the part -- the first cause of action is after the dismissal. So the first cause of action is seeking reimbursement of all fees that occurred as of March 24th, 2021.

The second cause of action would have been the right to reimbursement of uncovered claims. So pre-March 24th, from the start -- from the point when we started paying -- we're seeking reimbursement of the fees that were never covered. So we're not arguing they were potentially covered. We're saying we're seeking the fees that were never covered from the start and through the end of the litigation. Because the causes of action that continued after March 24th were also not covered.

I don't think that anything in the complaint suggests that we're seeking reimbursement of the fees incurred for the potentially covered allegation of defamation. That's why there's two separate causes of action.

**THE COURT:** I'm looking at 43 -- paragraph 43 -- which is on page 17. "In accordance with the insuring agreements provisions terms" -- yada, yada, yada. Okay. "Certain attorney's fees and costs were incurred in defense of uncovered claims on behalf of SVO."

**MS. SANTOS:** Never covered. Never would have been

covered under the policy. And if the underlying action had not included defamation, SVO would have gotten a denial letter for these bases. Those are the fees.

The fees for potentially covered claims, which is the defense of the defamation allegation, we are not seeking reimbursement for. That we had a duty to defend if there was a potentially covered claim, and we fulfilled that duty. The complaint is seeking reimbursement for the fees that were never covered, because they didn't relate to defamation, through the course of the entire underlying action.

I don't see where we would say -- I'm not even sure how it would be amended to fix what you're concerned about. You want to include a line that says we're not seeking fees for reimbursement of --

**THE COURT:** I think -- I think the idea is, to the extent that you -- you are not entitled to reimbursement for potentially covered claims. And if I'm hearing you, your point is nor do you -- this doesn't -- this, to me, reads -- and it's also what I understand SVO's argument to be -- this reads as if you are seeking reimbursement for anything that might have been --

**MS. SANTOS:** No.

**THE COURT:** Okay. Yeah.

**MS. SANTOS:** If that's the concern, then that is not what this complaint says. It specifically says --

**THE COURT:** Which is the problem. That's how they read it, and that's how I read it. So let me -- let me -- let's wrap us up here. Because the truth -- if -- if that's how they're reading it, I agree with their reading of it. I see the complaint as not aligned with the standards as stated in Buss.

So if you feel certain that that's not -- I do think there's an amendment here to be made. And that's ultimately where I'm hoping to get us, is that I am going to grant their motion to dismiss, with regard to the first two claims, with leave to amend so that you are alleging that you are seeking reimbursement for defending claims that were not even potentially covered by the policy. Because that's what I understand Buss to allow you.

**MS. SANTOS:** We can make that amendment. I -- I mean, on the very first paragraph, which is the same as 43 --

**THE COURT:** Mm-hm.

**MS. SANTOS:** Although paragraph 1 actually says we paid the fees -- it -- we repeatedly say for uncovered claims. Uncovered were never covered -- never actually covered. It's not a potential. Uncovered claims would never have been covered. So that's why I -- that's why I read that as we're not seeking the potentially covered. We're only seeking the fees that were incurred for the actually uncovered claims.

**THE COURT:** Right. But that's where I think the

disconnect is. So -- look, because -- I grasped that this -- that -- look, I've had a few interchanges with Mr. Smyth where I say to him that some of it feels like semantics and I'm not buying it, including incurred versus paid. Right?

So apologies -- you know -- this may seem like a departure from some of my other comments today. But this was one -- this was one where the difference in the words feels significant, because, ultimately, what Mr. Smyth is pointing to is case law that says the standard is about potentially covered claims.

So understanding that it is -- I think it is a relatively light lift, but one that I think is needed, I'm going to grant the motion to dismiss and ask you to file an amended complaint. I was going to -- because it is a light lift, I was going to ask for it in 14 days.

**MS. SANTOS:** That's fine.

**THE COURT:** All right.

**MS. SANTOS:** To make sure that this is being amended in the way so we don't end up back here again, as I understand it, you just want there to be an indication in the complaint that Navigators is not seeking reimbursement of fees incurred in defense of potentially covered claims.

**THE COURT:** Correct.

**MS. SANTOS:** Okay. I can do that.

**THE COURT:** All right. So, in sum, here's where I think we are. I dismissed the third claim without prejudice to

the claim ripening and granted the motion to dismiss with regard to Claims 1 and 2, with leave to amend to include a carve-out for potentially covered claims.

What you said was right. If my repetition of it was not, what you said was correct.

**MS. SANTOS:** No, that's fair.

**THE COURT:** Okay.

Counsel, anything else today?

**MR. SMYTH:** No, I don't think so. Thank you, Your Honor.

**THE COURT:** Thank you, both. Have a good afternoon. Safe travels home.

**MS. SANTOS:** Thank you. It was an ordeal, that's for sure.

**THE COURT:** I heard.

(Proceedings adjourned at 2:55 p.m.)

---o0o---

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Tuesday, February 13, 2024



Kendra A. Steppler, RPR, CRR

Official Reporter, U.S. District Court