**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Arlen Khachatourians (SBN 334719)
arlen@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Attorneys for Defendant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>[Assigned to Hon. Araceli Martinez-Olguin]<br><br>**DEFENDANT SVO BUILDING ONE, LLC's MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRUCE T. SMYTH**<br><br>Date: June 20, 2024<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor<br><br>[Filed concurrently with: [Proposed] Order] |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on June 20, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 10, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant **SVO BUILDING ONE, LLC** (hereinafter "SVO") will move the Court for an order to dismiss the First Amended Complaint of Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY** ("Navigators") pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6), for failure to state facts upon which relief can be granted.

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the Declaration of Bruce T. Smyth, the records and pleadings on file herein, and on such other evidence as may be presented.

DATED: February 29, 2024

**PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth
Shawn S. Shaffie
Bruce T. Smyth
Arlen Khachatourians
Attorneys for Defendant
**SVO BUILDING ONE, LLC**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. NAVIGATORS' CLAIMS AND PROCEDURAL BACKGROUND ..... 2

III. LEGAL STANDARD ..... 6

A. Navigators Has Failed To Plead Facts Stating Causes of Action ..... 6

IV. NAVIGATORS STILL HAS FAILED TO STATE CAUSES OF ACTION FOR REIMBURSEMENT OF COSTS SOLELY ALLOCABLE TO NON-POTENTIALLY COVERED CLAIMS ..... 7

V. THE FAC SHOULD BE DISMISSED BECAUSE NAVIGATORS HAS CONCEDED IT IS SEEKING REIMBURSEMENT OF FEES AND COSTS PAID BY ANOTHER AND THE INVOICES UPON WHICH ITS CAUSES OF ACTION ARE BASED CONFIRM THAT. ..... 10

VI. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**


Atlantic Mut. Ins. Co. v. J. Lamb, Inc.
100 Cal. App. 4th 1017, 1034-1035 (2002) .... 10

*Axis Surplus Ins. Co. v. Reinoso*
208 Cal. App. 4th 181, 188 (2012).... 1, 8

*Buss v. Superior Court*
16 Cal. 4th 35 (1997).... 1, 3, 8

*Cunningham v. Universal Underwriters*
98 Cal. App. 4th 1141, 1148-1149 (2002) .... 9

*Fibreboard Corp. v. Hartford Accident & Indem. Co.*
16 Cal. App. 4th 492, 515 (1993).... 9

*Vandenberg v. Superior Court*
21 Cal. 4th 815, 841 (1999).... 10


**FEDERAL CASES**


*Arturet–Vélez v. R.J. Reynolds Tobacco Co.*
429 F.3d 10, 13 n. 2 (1st Cir.2005) .... 11

*Beddall v. State Street Bank and Trust Co.*
137 F. 3d 12, 16-17 (1998).... 2, 12

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 570 (2007) .... 7

*Branch v. Tunnell*
14 F. 3d 449, 454 (9th Cir. 1994).... 2, 7

Dobrin v. Allstate Ins. Co.
897 F. Supp. 442, 444 (C.D. Cal. 1995).... 10

*Galbraith v. County of Santa Clara*
307 F. 3d 1119 (9th Cir. 2002).... 2

*Gompper v. VISX, Inc.*
298 F.3d 893, 898 (9th Cir.2002).... 7

*Jackson v. Carey*
353 F.3d 750, 758 (9th Cir.2003).... 7

*Knievel v. ESPN*
393 F.3d 1068, 1076 (9th Cir.2005).... 7

*Lee v. City of Los Angeles*
250 F.3d 668, 688-89 (9th Cir.2001) .......... 7

*Schatz v. Republican State Leadership Comm.*
669 F.3d 50, 55–56 (1st Cir. 2012) .......... 11

*Steckman v. Hart Brewing, Inc.*
143 F.3d 1293, 1295–96 (9th Cir. 1998) .......... 7

*W. Mining Council v. Watt*
643 F.2d 618, 624 (9th Cir. 1981) .......... 7

**RULES**

Rule 12(b)(6) .......... 2, 6, 11

**TREATISES**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762–63 (2d ed. 1990) .......... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The First Amended Complaint ("FAC") of Plaintiff Navigators Specialty Insurance Company ("Navigators") still fails to plead the requisite elements of causes of action for reimbursement of attorney's fees and costs under the controlling case of *Buss v. Superior Court*, 16 Cal. 4th 35 (1997) ("*Buss*"). On February 8, 2024, this Court granted the motion of Defendant SVO Building One, LLC ("SVO") to dismiss the first and second causes of action for reimbursement of attorney's fees and costs without prejudice, because Navigators had failed to plead the elements of a cause of action for reimbursement under *Buss.* When the insurer seeks reimbursement from the insured, it bears the burden of proving, by a preponderance of the evidence, the defense expenses *solely* allocable to claims not potentially covered. *Buss, supra,* 16 Cal. 4th at 53 (Emphasis added); *See Axis Surplus Ins. Co. v. Reinoso,* 208 Cal. App. 4th 181, 188 (2012) (insurer denied recovery of defense expenses where it failed to carry burden to show claims defended were not even potentially covered). Because Navigators has failed to plead that it is seeking recovery of defense expenses solely allocable to claims not potentially covered, its FAC should be dismissed.

The FAC should be dismissed based on the second and separate deficiency that it seeks reimbursement of attorney's fees and costs it did not pay, and which were paid by another insurer. Navigators previously objected in its opposition to SVO's prior motion to dismiss that the copy of an invoice establishing the billing to the other insurer, Hallmark Financial Services, Inc. ("Hallmark"), did not establish payment by that insurer. Then during the hearing, Navigator's counsel conceded that it paid only half of the defense fees:

> "We agree to defend the entire case at a 50 percent breakdown, as I understand it, with another insurer…."

Transcript of Proceedings, February 8, 2024, at page 15, lines 6-8. A complete copy of that Transcript is attached to the accompanying Declaration of Bruce T. Smyth ("Smyth Decl.") as Exhibit 1 thereto. That statement constitutes an admission by Navigators. Further, where a plaintiff fails to introduce a pertinent document as part of its pleading, the defendant may

introduce it as part of a motion attacking the pleading, without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F. 3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002) . *See also, Beddall v. State Street Bank and Trust Co.,* 137 F. 3d 12, 16-17 (1998) (when complaint's factual allegations are expressly linked to and dependent upon a document the authenticity of which is not challenged that document effectively merges into the pleadings and the trial court can review it in considering a motion to dismiss under Rule 12(b)(6).)

SVO attaches to the Smyth Decl. as Exhibit 2 thereto pertinent portions of the invoices for defense fees for which Navigators seeks recovery, establishing that such fees were paid by another insurer, Hallmark Financial Services. As shown by the calculation attached as Exhibit 3 to the Smyth Decl., Hallmark paid over $1 million of fees and costs. Navigators' whole case is based on the alleged fees and costs it incurred under such invoices and there can be no issue of their authenticity, since they were produced by the defense counsel in the case, Tyson & Mendes. Those documents and the admission of counsel for Navigators establish that for a substantial period of time 50% of the fees for which Navigators seeks "reimbursement" were paid by another insurer. Because Navigators cannot seek to recover fees paid by someone else, absent an assignment or contract which it has not pleaded, both the remaining two causes of action accordingly should be dismissed.

## II. NAVIGATORS' CLAIMS AND PROCEDURAL BACKGROUND

In this action, Navigators seeks reimbursement of the defense fees and costs it paid on behalf of SVO in the action entitled *Liebert Corporation v. SVO Building One, LLC* (the "Underlying Action"). On February 8, 2024, this Court granted SVO's motion to dismiss the complaint as to all three causes of action with leave to amend. Navigators elected not to amend the alleged third cause of action for declaratory relief re indemnity. The allegations of Navigators' FAC still fail to plead facts establishing any cognizable claim for relief for the remaining two causes of action.

/ / /

/ / /

The minor amendments Navigators has made fail to establish claims for reimbursement of defense fees and costs under its two remaining causes of action. The sole significant changes in the two alleged causes of action in the FAC are the insertion of identical sentences in paragraphs 1 and 42. In paragraph 1 of the FAC, after alleging that it brings the action for declarations that it is "entitled to reimbursement of all defense fees and costs incurred in the action entitled *Liebert Corporation v. SVO Building One, LLC"* and "and for any and all other amounts paid in defense of uncovered claims" under its policy, Navigators then states that it "does not contend it has a right to reimbursement of attorneys' fees and costs incurred in SVO's defense of claims that were potentially covered under the Policy."

The allegations of paragraph 1 are deficient for two reasons. First, the allegations that Navigators seeks a declaration that it is entitled to reimbursement of *all* defense fees and costs incurred in the Underlying Action and that it does not contend that it has a right to reimbursement of defense fees and costs incurred in defense of claims that were potentially covered are contradictory. If it is asserting that latter position it should not also state the former. Second and more importantly, Navigators does not allege the correct standard under *Buss*. Under that case, an insurer may only obtain reimbursement for such defense costs "that can be allocated *solely* to the claims that are not even potentially covered." *Buss, supra,* 16 Cal. 4th at 52. (Emphasis added). Navigators has not alleged such standard.

Navigators alleges the terms of the policy of insurance it issued to SVO, Policy No. LA17CGL219162IC for the period from July 12, 2017 to August 12, 2019 (the "Policy") in paragraphs 1 and 6 through 9 of the FAC. In paragraph 11 of the FAC Navigators sets forth the 18 causes of action asserted against SVO in the Fourth Amended Complaint alleged by the claimant in the Underlying Action, Liebert Corporation, which subsequently changed its name to Vertiv (hereinafter "Claimant" or "Vertiv"). In paragraph 17 of the FAC it describes the fifteenth cause of action for defamation in the Fourth Amended Complaint in the Underlying Action. It asserts that Vertiv alleged that SVO "disparaged" its work and reputation including but not limited to falsely stating that the commencement of equipment commissioning at the project was delayed as result of Vertiv's inability to manage the project and that the statements were made to

competitors for purposes of harming Vertiv's reputation.

In paragraph 19 of the FAC, Navigators alleges that Vertiv dismissed the defamation cause of action on March 24, 2021. In paragraph 22 of the FAC, Navigators alleged that it was informed by SVO that the parties in the Underlying Action agreed to a settlement and resolution of the dispute without payment from Navigators. In paragraph 23 of the FAC, Navigators alleged that a Joint Notice of Dismissal with Prejudice of all claims was filed on January 5, 2022.

In paragraph 24, Navigators alleged that it agreed to defend SVO in the Underlying Action on October 28, 2019 and in paragraph 25 that it agreed to pay for SVO's counsel. In paragraph 26, it alleges that after Vertiv dismissed the defamation cause of action, Navigators advised SVO on March 31, 2021 that it would be withdrawing from its defense by letter, a copy of which was attached to the FAC as Exhibit F.

Navigators then alleged in paragraph 27 that by letter dated May 3, 2021, attached to the FAC as Exhibit G, SVO objected to Navigators' withdrawal from the defense. In the letter, SVO's counsel noted that even after the dismissal of the defamation cause of action, the Fourth Amended Complaint in the Underlying Action still contained at least three allegations of disparagement or defamation potentially covered by the Policy for the "personal injury" offenses of slander, libel and disparagement:

- "causing third parties to issue false reports regarding the commissioning _of equipment on the Project;" (¶55, p. 12:23-24; ¶56, p.13:5-7.)
- SVO's conduct "erodes Vertiv's reputation as a designer and builder .... " (¶57, p.13;13.)
- Communications "disparaging Vertiv's work" were made by SVO to DPR. (¶146, p. 29:13.)

FAC, Exhibit G.

SVO's letter also noted that claims for property damages covered under the Policy also remained, because the Policy covers loss of use of tangible property which was not physically harmed. The letter then cited 11 such allegations remaining in the Fourth Amended Complaint of the Underlying Action:

- “SVO has given drawing and calculations prepared by Vertiv to designers and builders of data centers . . . .” (¶30, p. 8:19-20.);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but . . . continues to do so. " (¶82, p. 16:25-28.);

- “SVO have [sic] continued to use in the United States without authority devices covered by the ‘082 Patent . . . .” (¶, p.18:8-9);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but ... continues to do so." (¶93, p. 18:27-28 - p. 19:1-2.);

- " SVO have [sic] continued to use in the United States without authority devices covered by the '804 Patent .... " (¶97, p. 19:25-26.);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125 ) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but ... continues to do so." (¶104, p. 20:15-18.);

- "SVO have [sic] continued to use in the United States without authority devices covered by the '404 Patent .. .. " (¶108, p. 23:11-12.);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but .. . continues to do so." (¶115, p. 24:3-6. );

- "SVO have [sic] continued to use in the United States without authority devices covered by the '424 Patent .... " (¶119, p. 25:23-24.);

- "Vertiv provided SVO with a Liebert-designed, manufactured and branded EXL S1 UPS for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the EXL Sl UPS, but ... continues to do so." (¶126, p. 26:14-17.);

- "SVO have [sic] continued to use in the United States without authority devices covered by the '124 Patent .... " (¶130, p. 27:11-12.).

FAC, Exhibit G.

Navigators’ FAC then alleges in paragraph 28 that on May 18, 2021, Navigators accepted the re-tender by letter attached to the Complaint as Exhibit H.



PS PARKER SHAFFIE LLP

Navigators' FAC ignores the cited portions of the Fourth Amended Complaint in SVO's counsel's letter, even though incorporated into its FAC by the attached Exhibit G. Nowhere in the FAC does Navigators discuss, let alone attempt to refute, the allegations of the Fourth Amended Complaint in the Underlying Action establishing Navigators' continued duty to defend after the dismissal of the defamation cause of action.

Although the motion to dismiss was granted as to the first cause of action, in the FAC Navigators has not bothered to amend that cause of action. At paragraph 37, it still alleges that it seeks a declaration that it has a right to reimbursement of *all* attorneys' fees and costs incurred in defense of the Underlying Action. Even though the FAC includes the citation of the allegations of defamation and property damage remaining in the Fourth Amended Complaint in the Underlying Action, and thus potentially covered claims, Navigators still fails to plead that it is seeking only recovery of fees and costs solely allocable to claims which were not potentially covered. It thus still fails to plead the requisite facts to maintain a cause of action for reimbursement .

The alleged second cause of action contains the same infirmities as the first. In paragraph 42 it fails to plead the requisite elements of a claim for reimbursement, leaving unchanged the allegation that it has a right to reimbursement of attorneys' fees and costs incurred in the defense of uncovered claims on behalf of SVO, and then adding a new allegation that says the same thing: "Navigators does not contend it has a right to reimbursement of attorneys' fees and costs incurred in defense of claims in the Underlying Action that were potentially covered under the Policy." Neither allegation sets for the correct standard under *Buss*, that the insurer may only obtain reimbursement for such defense costs "that can be allocated *solely* to the claims that are not even potentially covered." *Id.* at 52. (Emphasis added).

## III. <u>LEGAL STANDARD</u>

### A. <u>Navigators Has Failed To Plead Facts Stating Causes of Action</u>

Navigators has failed to satisfy the requirements for stating any cause of action. Federal Rule of Civil Procedure 12(b)(6) provides that a claim should be dismissed if it fails to state facts upon which relief can be granted. A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) Further, the court need not "assume the truth of legal conclusions merely because they are phrased in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In considering a motion to dismiss, the Court may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the complaint if no party questions their authenticity. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.2001). Further, where a plaintiff fails to introduce a pertinent document as part of its pleading, the defendant may introduce it as part of a motion attacking the pleading, without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*.

Where the court is satisfied that deficiencies in the complaint cannot possibly be cured by amendment, dismissal without leave to amend is appropriate. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.2003). Leave to amend need not be granted where amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.2002).

## IV. NAVIGATORS STILL HAS FAILED TO STATE CAUSES OF ACTION FOR REIMBURSEMENT OF COSTS SOLELY ALLOCABLE TO NON-POTENTIALLY COVERED CLAIMS

Both of Navigators' first and second purported causes of action still fail to plead the requisite facts to allege a proper cause of action for reimbursement under the controlling case of *Buss*. Under *Buss,* in a "mixed" action, in which some of the claims are at least potentially covered and the others are not, the insurer has a duty to defend as to the claims that are at least potentially covered, having been paid premiums by the insured therefor, but does not have a duty to defend as to those that are not, having not been paid therefor. *Buss, supra*, at 48. As discussed

in more detail below, Navigators concedes that the Underlying Action is a "mixed" one, because it asserts that the cause of action for defamation is potentially covered.

Under California law, an insurer may only seek reimbursement of defense costs from its insured for the costs "as to the claims that are not even potentially covered." *Buss*, 16 Cal. 4th 50. In such a case, the insurer may only obtain reimbursement for such defense costs "that can be allocated *solely* to the claims that are not even potentially covered." *Id.* at 52 (Emphasis added). The insurer has no right to reimbursement of defense costs jointly allocable to claims that were either potentially or actually covered under the policy at the outset of the case. *Id.* at 52-53.

When the insurer seeks reimbursement from the insured, it bears the burden of proving, by a preponderance of the evidence, the defense expenses *solely* allocable to claims not potentially covered. *Buss, supra,* 16 Cal. 4th at 53 (Emphasis added); *See Axis Surplus Ins. Co. v. Reinoso, supra,* 208 Cal. App. 4th at 188 (insurer denied recovery of defense expenses where it failed to carry burden to show claims defended were not even potentially covered).

The insurer has the very difficult burden of proving that the defense costs incurred can be allocated solely to claims that are not even potentially covered. In fact, the California Supreme Court has questioned whether the insurer's task of meeting its burden of showing such allocation is "ever feasible" and noting that it may be "extremely difficult." *Buss, supra,* 16 Cal. 4th 57-58.

Navigators' first and second causes of action are deficient for at least two reasons. First, it does not allege the requisite facts to maintain a claim for reimbursement in a mixed action under *Buss*. It fails to make the requisite allegation that it incurred and paid costs of defense allocable solely to claims that are not even potentially covered. In paragraph 43 in the second cause of action, it thus alleges that "certain attorneys' fees and costs were incurred in defense of uncovered claims" and at paragraph 45 that it seeks a declaration that it has a right "to reimbursement of attorneys' fees and costs incurred in defense of uncovered claims…." That is not the standard. It must first plead facts establishing that the costs of defense for which it seeks recovery are allocable solely to claims not even potentially covered. Because it has not done so, both of the remaining causes of action should be dismissed.

Navigators concedes that there are potentially covered causes of action in the Fourth Amended Complaint and therefore the standard and extremely difficult burden of establishing a claim for reimbursement of defense costs in "mixed actions" under *Buss* applies. In paragraph 24 of its FAC, Navigators states that it advised SVO that it was defending it in the Underlying Action by a letter dated October 28, 2019, "because the FAC included an allegation of defamation which potentially qualified as an enumerated offense of 'personal or advertising injury'" under its policy. It attached the reservation of rights letter in which it made such admission as Exhibit "E" to the Complaint.

Navigators thus concedes that the Fourth Amended Complaint is a mixed action for which it seeks reimbursement under the Second Cause of Action in this action. In reverse chronological order, it alleges in its first cause of action that it seeks reimbursement of defense cost for a later period, from March 24, 2021 until apparently the dismissal of the Underlying Action in January 2022. However, the Underlying Action continued to be a "mixed action" with covered claims for that later period as well. Although Navigators alleges that it had no continuing duty to defend because the defamation cause of action had been dismissed at that point, the same or similar defamation claims were still alleged in the parts of the Fourth Amended Complaint which had not been dismissed, as confirmed both in the Fourth Amended Complaint attached to Navigators' complaint and in the letter from SVO's counsel citing those portions of the Fourth Amended Complaint attached by Navigators as Exhibit "G" to the Complaint.

The allegations remaining in the Complaint of false reports damaging Vertiv's reputation n and communications disparaging Vertiv's work to others constitute potentially covered claims of disparagement or libel. Under California law, the terms of such offenses "should be construed broadly to encompass all specific torts which reasonably could fall within the general category." *Fibreboard Corp. v. Hartford Accident & Indem. Co.,* 16 Cal. App. 4th 492, 515 (1993) *Cunningham v. Universal Underwriters,* 98 Cal. App. 4th 1141, 1148-1149 (2002). Even though none of the remaining causes of action in the Fourth Amended Complaint is titled "defamation," the nature of the claim or legal theory asserted by the plaintiffs is not determinative. Coverage depends on whether a covered risk has caused the type of loss covered by the policy. *See*

*Vandenberg v. Superior Court,* 21 Cal. 4th 815, 841 (1999). Similarly, a complaint need not specifically plead a claim based on one of the personal injury offenses, as long as the factual allegations support such a claim. Thus factual allegations in other claims may show a potential claim for slander or libel. *See, e.g., Dobrin v. Allstate Ins. Co.,* 897 F. Supp. 442, 444 (C.D. Cal. 1995) (breach of fiduciary duty claim alleged facts showing slander and damage to reputation); *Atlantic Mut. Ins. Co. v. J. Lamb, Inc,* 100 Cal. App. 4th 1017, 1034-1035 (2002) (allegations of false statements to plaintiff's customers that plaintiff's products were burdened with patents and that purchasing the products would subject customers to litigation stated potential claim for product disparagement and trade libel).

As noted in the letter from SVO's counsel attached to the Complaint as Exhibit G, the Complaint additionally included claims for property damages covered under the Policy for loss of use of tangible property which was not physically harmed. In particular, the Complaint alleged loss of use of various "Liebert-designed, manufactured and branded" transfer switches and cooling systems and a "EXL S1 UPS" (*See* Exhibit G and Complaint in Underlying Action attached to Complaint As Exhibit 2 thereto at pars. 82, 93, 104, 15 and 126). At paragraph 8 of the Complaint at page 8, lines 13-17, Navigators states that "property damage" under the Policy means "loss of use of tangible property that is not physically injured." There thus is potential coverage for such property damage in the portions of the Fourth Amended Complaint remaining after dismissal of the defamation cause of action. The standard for reimbursement under *Buss* on the insurer of proving the defense expenses solely allocable to claims not potentially covered thus applies as a result of such property damage claims as well.

## V. <u>THE FAC SHOULD BE DISMISSED BECAUSE NAVIGATORS HAS CONCEDED IT IS SEEKING REIMBURSEMENT OF FEES AND COSTS PAID BY ANOTHER AND THE INVOICES UPON WHICH ITS CAUSES OF ACTION ARE BASED CONFIRM THAT.</u>

The FAC should be dismissed based on the second and separate deficiency that it seeks reimbursement of attorney's fees and costs paid by another insurer. Thus, in the FAC Navigators repeatedly alleges that it is "entitled to reimbursement of all defense fees and costs incurred in [the

Underlying Action]" (FAC, paragraph 1) and that it "has a right reimbursement of all attorneys' fees and costs incurred in the defense of the Underlying Action…" (FAC, paragraph 37). In fact, Navigators did not incur liability for or pay all attorney's fees and costs and is not entitled to reimbursement of those fees and costs. Another insurer, Hallmark, paid over $1 million in fees and costs and Navigators has no right to "reimbursement" of fees and costs paid by someone else. Navigators knows this but still seeks recovery of such fees and costs. Navigators previously objected in its opposition to SVO's prior motion to dismiss that the copy of an invoice establishing the billing to the other insurer, Hallmark, did not establish payment by that insurer. Then during the hearing, Navigator's counsel conceded that it paid only half of the defense fees:

> "We agree to defend the entire case at a 50 percent breakdown, as I understand it, with another insurer…."

Transcript of Proceedings, February 8, 2024, at page 15, lines 6-8. A complete copy of that Transcript is attached to the accompanying Declaration of Bruce T. Smyth ("Smyth Decl.") as Exhibit 1 thereto. That statement constitutes an admission by Navigators. In ruling on a motion to dismiss, court may take into account "concessions" in plaintiff's "response to the motion to dismiss." *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55–56 (1st Cir. 2012); *Arturet–Vélez v. R.J. Reynolds Tobacco Co.,* 429 F.3d 10, 13 n. 2 (1st Cir.2005).

Further, where a plaintiff fails to introduce a pertinent document as part of its pleading, the defendant may introduce it as part of a motion attacking the pleading, without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, *supra,* 14 F. 3d at 454. In that case, the court noted that the leading commentators state that "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762–63 (2d ed. 1990) *Id.* at 454. The court thus held that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does "not convert the motion to dismiss into a motion for summary judgment." *Id.*

Similarly, in *Beddall v. State Street Bank and Trust Co., supra,* 137 F. 3d at16-17, the court found that when a complaint's factual allegations are expressly linked to and dependent upon a document the authenticity of which is not challenged that document effectively merges into the pleadings and the trial court can review it in considering a motion to dismiss under Rule 12(b)(6).As that court concluded:

> While a plaintiff only is obliged to make provable allegations, the court's inquiry into the viability of those allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which *by her own admission* the allegations rest. Any other approach would seriously hinder recourse to Rule 12 motions, as a plaintiff could thwart the consideration of a critical document merely by omitting it from the complaint. We doubt that the drafters of the Civil Rules, who envisioned Rule 12(b)(6) motions as a swift, uncomplicated way to weed out plainly unmeritorious cases, would have countenanced such a result.

*Id.* at 17.

! Navigators' whole case here is an action for reimbursement of the fees and costs it incurred and allegedly paid under the invoices for fees and costs submitted by counsel, Tyson & Mendes. Those fee bills are the central documents in this case and Navigators' failure to attach them as an exhibit does not allow them to seek recovery of fees billed to and paid by another.

SVO attaches to the Smyth Decl. as Exhibit 2 thereto pertinent portions of the invoices for defense fees for which Navigators seeks recovery, establishing that such fees were paid by another insurer, Hallmark. By subtracting the prior balance for the succeeding period from the fee total due for the earlier period, SVO was able to determine what had been paid by Hallmark from the previous balance. Those calculations, attached as Exhibit 3 to the Smyth Decl., establish that Hallmark paid over $1 million of fees and costs. There can be no issue of the authenticity of the fee bills, since they were produced by the defense counsel in the Underlying Action, Tyson & Mendes. Those documents and the admission of counsel for Navigators establish that for a

substantial period of time 50% of the fees for which Navigators seeks "reimbursement" were paid by another insurer. Because Navigators cannot seek reimbursement of fees paid by someone else, absent an assignment or contract which it has not pleaded, both the remaining two causes of action accordingly should be dismissed.

## VI. CONCLUSION

For the foregoing reasons, this Court should grant SVO's motion to dismiss the FAC for failure to state facts upon which relief can be granted without leave to amend.

DATED: February 29, 2024 **PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth

Shawn S. Shaffie
Bruce T. Smyth
Arlen Khachatourians
Attorneys for Defendant
**SVO BUILDING ONE, LLC**

# DECLARATION OF BRUCE T. SMYTH

I, Bruce T. Smyth, declare as follows:

1. I am an attorney duly admitted to practice before the courts of the State of California and have been admitted to the Bar of this Court. I am Senior Counsel with Parker Shaffie LLP, attorneys of record for Defendant SVO Building One, LLC ("SVO"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto.

2. Attached hereto for convenient reference as Exhibit 1 hereto is a true and correct copy of the transcript of the hearing on SVO's motion to dismiss the Complaint in this action, heard on February 8, 2024 by this Court.

3. Parker Shaffie LLP is also counsel of record for SVO in an action against Tyson & Mendes, LLP, titled *SVO Building One, LLP v. Tyson & Mendes, LLP,* Los Angeles County Superior Court Case No. 22STCV03736 (the "Tyson Action"), the law firm which represented SVO in the underlying action *Liebert Corporation v. SVO Building One, LLC,* American Arbitration Association Case No. 01-18-0003-1318 (the "Underlying Action"). Plaintiff Navigators seeks "reimbursement" of defense fees and costs incurred by Tyson & Mendes, LLP in the Underlying Action. In the Tyson Action, defendant Tyson Mendes, LLP has produced copies of its invoices for defense fees and costs billed to the insurers in the Underlying Action. Those invoices show that a substantial amount of the fees and costs incurred in the defense of the Underlying Action were billed to another insurance company, Hallmark Financial Services Inc. ("Hallmark"). Attached hereto collectively as Exhibit "2" are true and correct copies of the first and last pages of invoices from the production by Tyson & Mendes, LLP from the billing periods of July 1, 2021 to May 3, 2022, bearing the Tyson & Mendes LLP production numbers. Those documents show the amounts billed to and paid by Hallmark in the Underlying Action.

4. By subtracting the prior balance for the succeeding period from the fee total due for the earlier period, I was able to determine amounts had been paid by Hallmark from the previous balance. I added those amounts for the various billing periods and calculated the total amount at $1,055,044.37. Those calculations, attached as Exhibit 3 hereto, establish that Hallmark paid over

$1 million of fees and costs. Those documents and the admission of counsel for Navigators establish that for a substantial period of time 50% of the fees for which Navigators seeks "reimbursement" were paid by another insurer.

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 29th day of February, 2024, at Los Angeles, California.

Bruce T. Smyth

Bruce T. Smyth

# EXHIBIT "1"

**Pages 1 - 21**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Araceli Martínez-Olguín, Judge

NAVIGATORS SPECIALTY INSURANCE COMPANY, )
Plaintiff, )
VS. ) **Case No. 3:22-cv-07102 AMO**
SVO BUILDING ONE, LLC, )
Defendant. )

San Francisco, California
Thursday, February 8, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
**BY: SHANNON L. SANTOS**

For Defendant:
PARKER SHAFFIE LLP
800 W 6th Street, Suite 500
Los Angeles, CA 90017-2708
**BY: BRUCE T. SMYTH**

REPORTED BY: Kendra A. Steppler, RPR, CRR
Official United States Court Reporter

Thursday - February 8, 2024 2:27 p.m.

P R O C E E D I N G S

---o0o---

**THE CLERK:** Calling Civil Matter 22-7102, Navigators Specialty Insurance Company v. SVO Building One, LLC.

Counsel, please come up to the podiums to state your appearances for the record, starting with the plaintiff.

**MS. SANTOS:** Shannon Santos for plaintiff Navigators.

**MR. SMYTH:** Bruce Smyth for defendant SVO Building One.

**THE COURT:** Good afternoon, Counsel.

**MR. SMYTH:** Afternoon, Your Honor.

**THE COURT:** So, folks, we're here to take up defendant's motion to dismiss or, in the alternative, for a more definite statement. Even though I know that motion is made in the alternative, I want to start with it.

So a motion for a more definite statement is brought under Rule 12(e). Rule 12(e) requires that a motion for a more definite statement be made before a responsive pleading, and it also requires that you point out the defects and details desired.

Mr. Smyth, you argue that Navigators' complaint is almost totally useless, because Navigators doesn't explain why it is entitled to reimbursement. And you cite to paragraphs 35, 36, 43, and 44; however, you don't explain what is missing, such

that you cannot reasonably prepare a response.

To the extent that you argue that Navigators did not plead that it paid the costs for which it seeks reimbursement, that's not the case. And I would direct you to look at paragraphs 40, 32, 30 -- excuse me -- 32, 42, and 43 from the complaint. Because you failed to comply with the plain requirements of Rule 12(e), I'm denying the motion for a more definite statement, be it in the alternative.

I want to talk with you all a little bit now about the motion to dismiss. And I actually want to start with the third claim. Right? The Declaratory -- all claims were brought under the Declaratory Judgment Act. The Declaratory Judgment Act allows the Court to issue a declaratory judgment, but only in cases of actual controversy.

Navigators -- in the complaint, you admit that SVO has advised that the settlement of the underlying action doesn't involve any indemnity payment under the policy. SVO has not sought indemnity from you. And Navigators -- you haven't shown that such -- that any such injury may or is likely to occur, or what hardship you would suffer, if the Court withholds review, until SVO actually seeks indemnity, if it ever does. For that reason, I'm inclined to dismiss this claim as not ripe.

Can you please tell me, Ms. Santos, what am I -- well, I want to ask, do you want to be heard on this, because I -- what am I missing? Because, as far as I can tell, that claim isn't

ripe.

**MS. SANTOS:** No, I appreciate the opportunity to respond to it.

The declaratory relief third cause of action is seeking a determination as to whether or not there's indemnity coverage under the policy. I do not believe Navigators has admitted that SVO does not think there is coverage. The motion to dismiss and the reply do not say that.

If SVO was saying we do not believe that there is indemnity coverage for the underlying action under the policy, I agree, there's no case in controversy. SVO has not made that determination.

Now, they haven't sought an indemnity payment, mostly because they stopped responding to Navigators. But the -- did -- the third cause of action seeks a declaration as to what coverages are available. So it's not a matter of whether or not they've sought it yet; it's whether or not the actual policy affords that coverage.

**THE COURT:** But doesn't that part of the policy only come into play should they seek indemnification?

**MS. SANTOS:** Not necessarily. If we had filed this dec relief action during the underlying action, we would have brought the same cause of action -- no duty to indemnify -- even though the underlying action was still pending. We can seek the declaration that there's no coverage for an indemnity

payment, even if the underlying action hasn't proceeded to judgment or settlement yet.

**THE COURT:** Would you like to respond to that?

**MR. SMYTH:** Yeah, I would.

She's -- Navigators is arguing that if they had filed it during the action, then they could state a claim for declaratory relief or indemnity. But we're after the action. The case settled two years ago. There's never been a demand for indemnity. There's no request for it.

I said, in my reply, there was no dispute about indemnity coverage. And it's just not appropriate for an insurer to bring in a policyholder on a claim that doesn't exist, has never been asserted, and just -- you know -- has -- and is not ripe for determination. There's just no -- there's been no claim. Two years have passed by. You know, and there's no -- there's no need for this. And --

**THE COURT:** Let me ask, what's the statute of limitations? At what point can SVO no longer seek indemnification from Navigators?

**MR. SMYTH:** Well, I think there's -- there's -- I believe, generally, there's a four-year statute on breach of contract. If the complaint survives the motion to dismiss, then there would be the issue, on our part, as to whether it would be a compulsory cross-complaint or counterclaim if we were going to assert indemnity. But there's no -- there's no

plan to assert indemnity. There's never been a claim on it. It's an old case, at this point.

**THE COURT:** Mr. Smyth, let me ask this: Are you prepared to -- are you either empowered to or prepared to commit your client not to seek indemnity?

**MR. SMYTH:** Well, I'm not empowered to do that. But --

**THE COURT:** And let me say this: I ask because I've had one other case where this came up. It was -- it was not an insurance dispute, but ripeness was the issue. And, frankly, defendant, in their response at some point, wrote in, we are not looking for -- like, we are not going to file that lawsuit. We are not going to assert this claim, at which point that becomes a judicial admission. And then it becomes crystal clear that it isn't ripe.

**MR. SMYTH:** That's right, Your Honor. And I don't have authority to do that. But let me -- let me say that, you know, there are lots of issues that could be brought before the Court. And -- but the requirement is, particularly on declaratory relief, that it has to be ripe, and there has to be an actual controversy. And there's been no showing that there's any kind of controversy. I mean, they even pleaded in their complaint there's never been a request for indemnity.

And, you know, the time is -- the time is running. And it hasn't been asserted. And there's no present plans to assert

it. I can definitely say that. But, you know, it's just not -- it's -- I don't think it's ripe for an insurance company to bring a policyholder in, and litigate an issue that the policyholder hasn't raised, and force them to incur the costs of litigation on an issue that's not ripe.

**THE COURT:** Ms. Santos, I want to give you the last word on this. So could you -- if no -- if no indemnity claim has been asserted -- I understand that you're seeking the declaration -- but could you speak a little bit more to why there's an actual controversy? I understand you would prefer to have your rights declared, but I still don't see whey they're at issue with this regard -- with regard to this. We'll get to the other two.

**MS. SANTOS:** So with respect to how long it's been, the complaint was filed November 2022. And the docket reflects that we spent a considerable amount of time trying to get the defendant served. Mr. Smyth has come in and has represented --

**THE COURT:** None of that goes to the controversy about --

**MS. SANTOS:** Yeah.

**THE COURT:** Get me to indemnification, please.

**MS. SANTOS:** So I understand Mr. Smyth was not involved in the underlying action, and he's limited by what his client has told him going into today's hearing. But what I hear him saying is, if they are considering a cross-claim, that

means that there is the thought that they think that they are entitled to indemnity coverage. So --

**THE COURT:** But the problem is that now we're into the -- so -- so -- I'm sorry. Let me let you finish, and then I'll come in. Go ahead.

**MS. SANTOS:** So I believe that until they tell Navigators -- because Navigators has no idea what happened with the settlement, even though we were defending -- we should have been informed. We weren't. We have no idea what happened. We don't know if they paid anything. The comments here today suggest they did. And if they did pay something, we're entitled to a declaration under the policy saying we don't owe coverage for that.

I understand, at this point, it has now been 19 months. But 19 months have gone by, and they will not commit that they are not seeking indemnity under the policy.

So I don't -- I think that the claim is ripe for adjudication. We can determine, under the policy, whether there's indemnity coverage, regardless of whether an indemnity payment has been made, because the issue is what the policy is going to recover with respect to the allegations that went to trial in the underlying action. And those have all been decided.

**THE COURT:** So let me tell you, Ms. Santos, at this moment, to the extent that you're -- to the extent that you're

saying, if this happens, then it would be -- then there's a dispute -- that's exactly why this strikes me as unripe at this moment.

So in light of all of this, I'm -- the Court concludes that there is no actual controversy, today, with regard to indemnification for the underlying action, and that Navigators hasn't shown that any injury is likely to occur or that it would suffer from any hardship if the Court withholds review. Accordingly, the motion to dismiss is granted with regard to Claim 3 without prejudice to you reviving this claim when or if it should ripen.

All right. Let's talk about Claims 1 and 2. I understand SVO generally to make four arguments in the motion to dismiss that Navigators has failed to state a claim. Right? I understand that SVO -- I want to -- I'm going to talk you through my best understanding of them so you then can tell me -- educate me -- of the places that perhaps I have not well integrated your papers into my thinking.

So SVO argues that because the insurer has the burden of proof, it must cite specific costs, which are solely allocable to potentially not covered claims. While Navigators will ultimately bear this burden at summary judgment or trial, it's not the burden at the pleadings stage. And SVO also argues that incurred -- that the use of the word "incurred" in the complaint doesn't mean paid. But I don't really find that

semantics argument persuasive.

So at least with regard to that accident -- excuse me -- with that argument, Mr. Smyth, what am I missing about -- I don't understand them to have to specify, at this point, the exact numbers. And I don't -- and I don't find convincing -- they say they have incurred these costs, and you're saying they haven't alleged they paid anything. So what am I missing here?

**MR. SMYTH:** Well, on the "incurred," we filed -- or we challenged -- the allegation that they had incurred the expenses as opposed to paying them, because we know that another insurer paid over a million dollars of the defense fees. And we assume that they're using the word "incurred" to not be required to admit that.

Now, they say they're willing to say that they paid these fees. And we attached, as an exhibit, a document that shows that they haven't paid all those fees. So -- so we think now that it's -- and they haven't -- they haven't disputed that. They haven't really admitted it. But it shows an underlying flaw, which is an insurer cannot seek reimbursement of fees that a third party paid. And that's what they're doing. And that's not -- it's not appropriate. That is -- it -- we submit it violates Rule 11. You have to have the basis for the claim. And there's at least $1 million that they --

**THE COURT:** All right. I'm going to stop you at the Rule 11 allegation, because our local rules have very

specific-- that isn't included anywhere in your motion to dismiss, nor should it have been. That's a separate filing. So you can just --

**MR. SMYTH:** Okay.

**THE COURT:** -- leave that in your briefcase somewhere, because that isn't properly before me.

**MR. SMYTH:** I agree. And -- and we're not seeking any kind of a --

**THE COURT:** Right.

**MR. SMYTH:** -- Rule 11. But the standard --

**THE COURT:** So please don't -- so please don't invoke it to me now.

**MR. SMYTH:** Okay. But the standard is -- in a pleading -- is that you have to have a basis for it. And we know that Hallmark Financial Services paid $1 million of these fees. And there's just no way that Navigators -- unless they've got an assignment or something like that, which they would need to plead -- there's no way that Navigators has a right to seek reimbursement of fees paid for by another insurer. And that's what they're doing.

**THE COURT:** But let me ask you -- you're telling me that these things were part of your motion to dismiss. Did I receive -- did you submit requests for judicial notice of those documents? How are they properly before me to consider at the pleadings stage?

You may be right, at some point. But at the pleadings stage -- what I got from your papers was you arguing semantics. The rest of it I don't think it properly before me. So -- all right. Let's -- let's move to the -- let's move on to your second argument here.

So I understand SVO to argue that Navigators has conceded that there were potentially covered causes of action pointing to Navigators' agreement to defend SVO in the underlying action; however, Navigators agreed to defend SVO, subject to a reservation of rights. So I don't -- this argument I just don't understand, because I think that I have their reservation of rights as a basis for them not having conceded that.

**MR. SMYTH:** Let me try to be more clear than I was, I guess, apparently, in the papers.

The -- when there is a mixed action -- an action involving covered and non-covered claims -- then the standard for reimbursement is that set forth in the Buss case. And Buss basically says you have to prove -- in order to recover expenses, you have to prove that those expenses are solely allocable to potentially non-covered claims.

**THE COURT:** Mm-hm.

**MR. SMYTH:** So in the complaint, they -- "they" being Navigators -- admitted that there was a potentially covered claim for defamation. And that makes this a mixed action and, therefore, the standard of Buss should apply. That in order to

obtain recovery of fees, they have to show that the particular expenses are allocable solely to non-covered claims.

**THE COURT:** Now, that I thought -- that is what I've been thinking of is your fourth argument. Because I understand you to argue that Navigators' claim should fail because it only alleges that it incurred costs in defense of uncovered claims when the standard is not -- is not potentially covered claims. And I'll tell you, that -- so I was -- I was -- we've gone through your first argument. I'm describing to you what I understand is your second argument. Your fourth argument is actually the one I found may have some merit.

So I want to give -- I want to give Ms. Santos a chance here. But I just -- maybe I missed something in your second argument. Because I'd understood that at least -- that your second argument was simply about the fact that -- that seemed to say that the reservation of rights somehow -- that despite the reservation of rights, Navigators had conceded coverage. And that -- you know -- maybe I misunderstood that.

**MR. SMYTH:** Yeah. I don't -- I don't believe that's an argument we made. We did not argue that they conceded coverage. We argued, basically, that they were required to plead facts establishing the Buss standard --

**THE COURT:** Okay.

**MR. SMYTH:** -- and that they failed to do so.

**THE COURT:** Before we get to the Buss standard, let

me -- let me -- let's talk, for a moment, about what I understood to be your third argument, which is that the allegations in the underlying complaint show that some of the claims were potentially covered. But that SVO hasn't pointed to which causes of action were potentially covered under the policy, as a matter of law, such that Navigators may not seek reimbursement for defense costs.

Could you -- I guess, I'm -- I'm -- maybe we just need some time on the fourth one. But I will tell you, the third one I also sort of -- I understood that to be more a function of -- they didn't parse it, but my sense is that -- in the end, the papers here -- your -- I don't disagree with you. I think that the complaint gave me lots -- gave me lots of the policy's text without necessarily pointing to what.

But let me ask you, Ms. Santos. Because I think that this is the one -- of the arguments made -- the one that I found most compelling from SVO was about the fact that the -- the allegations are that -- the allegations are that your client incurred costs in defense of uncovered claims when the standard is for not potentially covered claims.

**MS. SANTOS:** Okay. And I didn't read that out of his motion. So if the opposition didn't address it, that's why.

If you -- if you look at the life of the claim from the point of tender, we picked up the ROR. We agreed to defend the entire action, because there was an allegation of defamation.

**THE COURT:** Mm-hm.

**MS. SANTOS:** It's not a cause-of-action issue. We don't -- we don't defend based on a cause of action, and we don't eliminate based on causes of action. It's the allegations.

So there's an allegation of defamation. We agree to defend the entire case at a 50 percent breakdown, as I understand it, with another insurer. So we're defending. During that time -- the whole time we're incurring fees -- the -- anything that is in the underlying action that is not part of an allegation of defamation is not covered. We are paying for the defense of it, but we're entitled to reimbursement of those fees.

So that's why, from the start of the action, there are fees we incurred that are not covered under the policy. Not covered. It's not potentially. They were never covered. The ROR says that. Those we get reimbursement for through the end of the action.

When the defamation allegations were dismissed, at that point, there's now nothing even potentially covered. We had a right to withdraw from the defense. From that point on, we're entitled to reimbursement of 100 percent of the fees. So the allocation -- the breakdown -- which is a litigation-discovery-to-be-proven-later issue, is as to which portion of that first set of fees would be to a not ever

potentially covered claim or what would have gone to the allegation of defamation.

That's why we are seeking reimbursement of fees that were never covered. To the extent that there were fees that were potentially covered, what -- we understand we're paying those defense fees -- and those would have ended when those allegations were dismissed.

So the breakdown would never happen at the pleadings stage. Like, the breakdown has to be shown later through allocation. And it's a matter of going through those time records and figuring out what went to the defamation allegations.

**THE COURT:** So I understand that, in terms of ultimately deciding what -- what you might -- what reimbursement, if any, you may end up being entitled to. I think the thing that I'm having -- the part that I'm ultimately finding -- the reason I'm finding merit in -- the reason I'm finding merit in SVO's argument is because the legal standard is still for you -- at this stage, you're supposed to carve out an exception for potentially covered claims, because that's what -- that is also how I read Buss.

**MS. SANTOS:** Well, I think that it is carved out. So the first --

**THE COURT:** Could you point me where in your complaint?

**MS. SANTOS:** Yeah. I'm -- so the first cause of action is -- deals with everything; right?

**THE COURT:** Mm-hm.

**MS. SANTOS:** Okay. So a right to -- no. That's the part -- the first cause of action is after the dismissal. So the first cause of action is seeking reimbursement of all fees that occurred as of March 24th, 2021.

The second cause of action would have been the right to reimbursement of uncovered claims. So pre-March 24th, from the start -- from the point when we started paying -- we're seeking reimbursement of the fees that were never covered. So we're not arguing they were potentially covered. We're saying we're seeking the fees that were never covered from the start and through the end of the litigation. Because the causes of action that continued after March 24th were also not covered.

I don't think that anything in the complaint suggests that we're seeking reimbursement of the fees incurred for the potentially covered allegation of defamation. That's why there's two separate causes of action.

**THE COURT:** I'm looking at 43 -- paragraph 43 -- which is on page 17. "In accordance with the insuring agreements provisions terms" -- yada, yada, yada. Okay. "Certain attorney's fees and costs were incurred in defense of uncovered claims on behalf of SVO."

**MS. SANTOS:** Never covered. Never would have been

covered under the policy. And if the underlying action had not included defamation, SVO would have gotten a denial letter for these bases. Those are the fees.

The fees for potentially covered claims, which is the defense of the defamation allegation, we are not seeking reimbursement for. That we had a duty to defend if there was a potentially covered claim, and we fulfilled that duty. The complaint is seeking reimbursement for the fees that were never covered, because they didn't relate to defamation, through the course of the entire underlying action.

I don't see where we would say -- I'm not even sure how it would be amended to fix what you're concerned about. You want to include a line that says we're not seeking fees for reimbursement of --

**THE COURT:** I think -- I think the idea is, to the extent that you -- you are not entitled to reimbursement for potentially covered claims. And if I'm hearing you, your point is nor do you -- this doesn't -- this, to me, reads -- and it's also what I understand SVO's argument to be -- this reads as if you are seeking reimbursement for anything that might have been --

**MS. SANTOS:** No.

**THE COURT:** Okay. Yeah.

**MS. SANTOS:** If that's the concern, then that is not what this complaint says. It specifically says --

**THE COURT:** Which is the problem. That's how they read it, and that's how I read it. So let me -- let me -- let's wrap us up here. Because the truth -- if -- if that's how they're reading it, I agree with their reading of it. I see the complaint as not aligned with the standards as stated in Buss.

So if you feel certain that that's not -- I do think there's an amendment here to be made. And that's ultimately where I'm hoping to get us, is that I am going to grant their motion to dismiss, with regard to the first two claims, with leave to amend so that you are alleging that you are seeking reimbursement for defending claims that were not even potentially covered by the policy. Because that's what I understand Buss to allow you.

**MS. SANTOS:** We can make that amendment. I -- I mean, on the very first paragraph, which is the same as 43 --

**THE COURT:** Mm-hm.

**MS. SANTOS:** Although paragraph 1 actually says we paid the fees -- it -- we repeatedly say for uncovered claims. Uncovered were never covered -- never actually covered. It's not a potential. Uncovered claims would never have been covered. So that's why I -- that's why I read that as we're not seeking the potentially covered. We're only seeking the fees that were incurred for the actually uncovered claims.

**THE COURT:** Right. But that's where I think the

disconnect is. So -- look, because -- I grasped that this -- that -- look, I've had a few interchanges with Mr. Smyth where I say to him that some of it feels like semantics and I'm not buying it, including incurred versus paid. Right?

So apologies -- you know -- this may seem like a departure from some of my other comments today. But this was one -- this was one where the difference in the words feels significant, because, ultimately, what Mr. Smyth is pointing to is case law that says the standard is about potentially covered claims.

So understanding that it is -- I think it is a relatively light lift, but one that I think is needed, I'm going to grant the motion to dismiss and ask you to file an amended complaint. I was going to -- because it is a light lift, I was going to ask for it in 14 days.

**MS. SANTOS:** That's fine.

**THE COURT:** All right.

**MS. SANTOS:** To make sure that this is being amended in the way so we don't end up back here again, as I understand it, you just want there to be an indication in the complaint that Navigators is not seeking reimbursement of fees incurred in defense of potentially covered claims.

**THE COURT:** Correct.

**MS. SANTOS:** Okay. I can do that.

**THE COURT:** All right. So, in sum, here's where I think we are. I dismissed the third claim without prejudice to

the claim ripening and granted the motion to dismiss with regard to Claims 1 and 2, with leave to amend to include a carve-out for potentially covered claims.

What you said was right. If my repetition of it was not, what you said was correct.

**MS. SANTOS:** No, that's fair.

**THE COURT:** Okay.

Counsel, anything else today?

**MR. SMYTH:** No, I don't think so. Thank you, Your Honor.

**THE COURT:** Thank you, both. Have a good afternoon. Safe travels home.

**MS. SANTOS:** Thank you. It was an ordeal, that's for sure.

**THE COURT:** I heard.

(Proceedings adjourned at 2:55 p.m.)

---o0o---

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Tuesday, February 13, 2024

Kendra Steppler

Kendra A. Steppler, RPR, CRR

Official Reporter, U.S. District Court

# EXHIBIT "2"

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 08/30/2021
**Invoice Number:** 80276

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 07/01/2021 - 07/31/2021 |

## Professional Fees

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 07/01/2021 | ALR | Review and analysis of "other invoices" provided by client Ulrich Pelz for Ken Baker to determine relevance and where they belonged in Ken Baker's standard of care expert report, comparing documents provided by SVO to master invoice spreadsheet used by HKA (45 documents roughly 150 pages) | 1.70 | 165.00 | 280.50 |
| 07/01/2021 | ALR | Review and analysis of "other invoices" provided by client Ulrich Pelz for Ken Baker to determine relevance and where they belonged in Ken Baker's standard of care expert report, comparing documents provided by SVO to master invoice spreadsheet used by HKA (50 documents roughly 140 pages) | 1.60 | 165.00 | 264.00 |
| 07/01/2021 | ALR | Review and analysis of descriptions for subcontractors provided by Ulrich Pelz for Ken Baker's standard of care expert report to ensure their completion and accuracy (40 pages) | 1.60 | 165.00 | 264.00 |
| 07/01/2021 | ALR | Review and analysis of descriptions for subcontractors provided by Ulrich Pelz for Ken Baker's expert report to ensure their completion and accuracy (40 pages) | 1.80 | 165.00 | 297.00 |
| 07/01/2021 | ALR | Review and analysis of documents relating to invoices for Dunn Engineering for use in Ken Baker's expert report (45 documents roughly 130 pages) | 1.40 | 165.00 | 231.00 |
| 07/01/2021 | CNM | Communicate with client, Ulrich Pelz, regarding of the patent assignments and related value issues | 0.20 | 215.00 | 43.00 |
| 07/01/2021 | CNM | Review and analyze Vertiv's responses to request for production of documents, sets 5, 6, 7 and 8 to assess value of patent assignments | 0.20 | 215.00 | 43.00 |
| 07/01/2021 | CNM | Communicate with claims representative, Angel Muth, regarding payment of invoices of expert, Ian Bitterlin | 0.10 | 215.00 | 21.50 |

| | |
|---|---|
| **Total Fees:** | $352,267.00 |
| **Total Expenses:** | $13,480.05 |
| **Total Current Billing:** | **$365,747.05** |

**Statement of Account**

| **Billing Party** | **%** | **Current Billing** | **Prior Balance** | **Total Now Due** |
|---|---|---|---|---|
| Navigators | 50% | 182,873.52 | 287,683.24 | 470,556.76 |
| Hallmark Financial Services, Inc. | 50% | 182,873.53 | 249,294.94 | 432,168.47 |
| **Balance Due** | | **$365,747.05** | **$536,978.18** | **$910,192.85** |

**Payment by check sent via U.S. Mail should be sent to:**

Tyson & Mendes, LLP
Dept. LA 25187
Pasadena, CA 91185-5187

**Payment by check sent via FedEx/UPS should be sent to:**

Tyson & Mendes, LLP
Lockbox - 25187
14005 Live Oak Ave.
Irwindale, CA 91706-1300

**OR**

**Payment by wire transfer/ACH should be sent to:**

HSBC Bank USA. N.A.
452 Fifth Avenue, New York, NY 10018, United States
ABA Transit #: 021001088
Routing #: 022000020
Account #: 917022785
Account Name: Tyson & Mendes LLP
Swift Code: MRMDUS33
Reference: Invoice # and/or client matter #

**When sending payment via wire/ACH, please send remittance advice information to cashreceipts@tysonmendes.com in order to guarantee proper allocation of payments.**

**All payments must be in U.S. Dollars**
**Questions relating to this invoice should be directed to:**
**billing@tysonmendes.com**

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 10/18/2021
**Invoice Number:** 90149

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 08/01/2021 - 08/31/2021 |

## Professional Fees

| Date | Staff | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 08/01/2021 | DF | Review, revise, supplement and finalize draft objections to Vertiv exhibits regarding arbitration phase I (objections to 62 exhibits) | 1.20 | 225.00 | 270.00 |
| 08/01/2021 | DF | Further preparations of opening statement and related powerpoint presentation for same, including annotation of draft statement | 2.30 | 225.00 | 517.50 |
| 08/01/2021 | EAK | Review and analysis of documents on relativity for assistance in compiling GC and Licensure exhibits critical for use at arbitration for Phase I Exhibits. | 2.00 | 165.00 | 330.00 |
| 08/01/2021 | EAK | Further review and analysis of documents on relativity for assistance in compiling GC and Licensure exhibits critical for use at arbitration for Phase I Exhibits. | 2.00 | 165.00 | 330.00 |
| 08/01/2021 | JCT | Drafting opening statement outline for powerpoint with input from Client Ulrich Pelz for Phase 1 of bifurcated arbitration | 6.90 | 165.00 | 1,138.50 |
| 08/01/2021 | JCT | Prepare opening demonstrative presentation on powerpoint for Phase 1 of birfurcated arbitration | 7.20 | 165.00 | 1,188.00 |
| 08/01/2021 | JMF | Preparation of witness testimony of Ulrich Pelz of SVO regarding Phase I arbitration | 7.00 | 215.00 | 1,505.00 |
| 08/01/2021 | JMF | Preparation of witness Nicholas Laag of SVO for phase I arbitration testimony | 6.00 | 215.00 | 1,290.00 |
| 08/01/2021 | RPD | Draft objections to Vertiv exhibits (objections to 62 exhibits | 3.20 | 215.00 | 688.00 |
| 08/01/2021 | RPD | Review deposition of Vertiv expert Crandall for page line summaries for deposition clips for impeachment | 0.90 | 215.00 | 193.50 |
| 08/01/2021 | RPD | Prepare page line summary for video clips of Vertiv Experts Crandall and Harris | 2.70 | 215.00 | 580.50 |
| 08/01/2021 | RPD | Review deposition of Phil Vermeulen SVO expert, in preparation for video clip page line | 0.60 | 215.00 | 129.00 |
| 08/01/2021 | RPD | Draft page line video clip request for Phil Vermeulen, SVO expert | 0.60 | 215.00 | 129.00 |
| 08/01/2021 | RPD | Attention to exhibits, including review of all Baseball Clause emails, review of declarations submitted by Vertiv, Review of Vertiv exhibits for purpose of asserting objections to same | 1.30 | 215.00 | 279.50 |

| | |
|---|---|
| **Total Fees:** | $250,361.00 |
| **Total Expenses:** | $4,272.58 |
| **Total Current Billing:** | **$254,633.58** |

**Statement of Account**

| **Billing Party** | **%** | **Current Billing** | **Prior Balance** | **Total Now Due** |
|---|---|---|---|---|
| Navigators | 50% | 127,316.79 | 224,101.41 | 351,418.20 |
| Hallmark Financial Services, Inc. | 50% | 127,316.79 | 366,644.56 | 493,961.35 |
| **Balance Due** | | **$254,633.58** | **$590,745.97** | **$852,847.17** |

**Payment by check sent via U.S. Mail should be sent to:**

Tyson & Mendes, LLP
Dept. LA 25187
Pasadena, CA 91185-5187

**Payment by check sent via FedEx/UPS should be sent to:**

Tyson & Mendes, LLP
Lockbox - 25187
14005 Live Oak Ave.
Irwindale, CA 91706-1300

**OR**

**Payment by wire transfer/ACH should be sent to:**

HSBC Bank USA. N.A.
452 Fifth Avenue, New York, NY 10018, United States
ABA Transit #: 021001088
Routing #: 022000020
Account #: 917022785
Account Name: Tyson & Mendes LLP
Swift Code: MRMDUS33
Reference: Invoice # and/or client matter #

**When sending payment via wire/ACH, please send remittance advice information to cashreceipts@tysonmendes.com in order to guarantee proper allocation of payments.**

**All payments must be in U.S. Dollars**
**Questions relating to this invoice should be directed to:**
**billing@tysonmendes.com**

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 11/18/2021
**Invoice Number:** 91756

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 09/01/2021 - 09/30/2021 |

## Professional Fees

| Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 09/01/2021 | ALR | Review and analysis of documents to be provided to Ian Bitterlin for his expert report (50 documents roughly 210 pages) | 2.40 | 165.00 | 396.00 |
| 09/01/2021 | ALR | Review and analysis of documents to be provided to Ian Bitterlin for his expert report (40 documents roughly 200 pages) | 2.40 | 165.00 | 396.00 |
| 09/01/2021 | ALR | Review and analysis of documents to be provided to Ian Bitterlin for his expert report (30 documents roughly 180 pages) | 2.20 | 165.00 | 363.00 |
| 09/01/2021 | CNM | Review additional edits to expert electrical report | 0.90 | 215.00 | 193.50 |
| 09/01/2021 | CNM | Prepare documents cited in electrical report to be processed and bates labeled in compliance with ESI Protocol | 1.10 | 215.00 | 236.50 |
| 09/01/2021 | CNM | Communicate with eDiscovery vendor, KLD, regarding processing of documents to be produced with electrical report | 0.10 | 215.00 | 21.50 |
| 09/01/2021 | CNM | Communicate with electrical expert regarding notice of deposition. | 0.10 | 215.00 | 21.50 |
| 09/01/2021 | DF | Further review regarding status and related issues concerning deposition of SVO expert Ian Bitterlin, including strategy to convince counsel for Vertiv to take deposition prior to commencement of phase II of arbitration | 0.20 | 225.00 | 45.00 |
| 09/01/2021 | DF | Limited review of final report of electrical engineering report Ian Bitterlin for completeness | 1.40 | 225.00 | 315.00 |
| 09/01/2021 | DF | Review regarding i expert power point presentations for phase II of arbitration , including issues concerning status of presentations and related strategy | 0.20 | 225.00 | 45.00 |
| 09/01/2021 | DF | Review regarding supplemental production of documents recently discovered | 0.30 | 225.00 | 67.50 |
| 09/01/2021 | DF | Email exchanges expert Ian Bitterlin regarding deposition and pre-deposition preparation issues | 0.20 | 225.00 | 45.00 |
| 09/01/2021 | DF | Email to client SVO contact Ulrich Pelz regarding deposition of expert Ian Bitterlin and related issues | 0.10 | 225.00 | 22.50 |
| 09/01/2021 | DF | Further Email to expert Ian Bitterlin regarding confirmation of deposition and related issues, including request for production of documents by Vertiv attendant to Vertiv's notice of deposition | 0.20 | 225.00 | 45.00 |

**Statement of Account**

| Billing Party | % | Current Billing | Prior Balance | Total Now Due |
|---|---|---|---|---|
| Hallmark Financial Services, Inc. | 50% | 107,231.64 | 266,355.08 | 373,586.72 |
| Navigators | 50% | 107,231.64 | 239,462.54 | 346,694.18 |
| **Balance Due** | | **$214,463.28** | **$505,817.62** | **$727,748.52** |

---

**Payment by check sent via U.S. Mail should be sent to:**

Tyson & Mendes, LLP
Dept. LA 25187
Pasadena, CA 91185-5187

**Payment by check sent via FedEx/UPS should be sent to:**

Tyson & Mendes, LLP
Lockbox - 25187
14005 Live Oak Ave.
Irwindale, CA 91706-1300

**OR**

**Payment by wire transfer/ACH should be sent to:**

HSBC Bank USA. N.A.
452 Fifth Avenue, New York, NY 10018, United States
ABA Transit #: 021001088
Routing #: 022000020
Account #: 917022785
Account Name: Tyson & Mendes LLP
Swift Code: MRMDUS33
Reference: Invoice # and/or client matter #

---

**When sending payment via wire/ACH, please send remittance advice information to cashreceipts@tysonmendes.com in order to guarantee proper allocation of payments.**

**All payments must be in U.S. Dollars**
**Questions relating to this invoice should be directed to:**
**billing@tysonmendes.com**

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 12/20/2021
**Invoice Number:** 93312

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 10/01/2021 - 10/31/2021 |

## Professional Fees

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/01/2021 | BGB | Review and analysis of emails not yet produced regarding Twitter, for the purpose of determining whether these emails ought to be produced in response to plaintiff's subpoena. (Twitter Confidential Relativity Documents # 1093-1200 reviewed.) | 1.70 | 165.00 | 280.50 |
| 10/01/2021 | BGB | Review and analysis of emails not yet produced regarding Twitter, for the purpose of determining whether these emails ought to be produced in response to plaintiff's subpoena. (Twitter Confidential Relativity Documents # 1200 - 1300 reviewed.) | 1.60 | 165.00 | 264.00 |
| 10/01/2021 | BGB | Review and analysis of emails not yet produced regarding Twitter, for the purpose of determining whether these emails ought to be produced in response to plaintiff's subpoena. (Twitter Confidential Relativity Documents # 1300-1400 reviewed.) | 1.60 | 165.00 | 264.00 |
| 10/01/2021 | CNM | Revise declaration in support of motion to quash Vertiv's subpoena to Tenant and preparation of exhibits A through E in support thereof | 1.60 | 215.00 | 344.00 |
| 10/01/2021 | CNM | Revise declaration in support of claw back motion pursuant to Code of Civil Procedure section 473 and exhibits A through C relating to confidential documents relating to Tenant. | 1.50 | 215.00 | 322.50 |
| 10/01/2021 | CNM | Draft separate statement of objections in support of motion to quash Vertiv's subpoena to Tenant | 0.60 | 215.00 | 129.00 |
| 10/01/2021 | DF | Review regarding motion to quash Vertiv subpoena and Phase I briefing, including strategy related issues | 5.20 | 225.00 | 1,170.00 |
| 10/01/2021 | DF | Review and reply to email from client SVO contact Ulrich Pelz regarding supplemental electrical engineering expert opinions | 0.10 | 225.00 | 22.50 |
| 10/01/2021 | DF | Email to counsel for SVO tenant regarding arbitrator | 0.10 | 225.00 | 22.50 |
| 10/01/2021 | DF | Email to client SVO contact Ulrich Pelz regarding contact from counsel for SVO tenant | 0.10 | 225.00 | 22.50 |
| 10/01/2021 | DF | Email to counsel for Vertiv regarding representation of SVO tenant by Perkins Coie | 0.10 | 225.00 | 22.50 |

| | | | | |
|---|---|---|---|---|
| 10/06/2021 | Photocopies - 434 @ $0.10 / per copy | 434.00 | 0.10 | 43.40 |
| 10/06/2021 | Photocopies - 798 @ $0.10 / per copy | 798.00 | 0.10 | 79.80 |
| 10/06/2021 | Distribution of Documents from Tyson & Mendes via First Legal Network (Invoice No. LA202214) Approved by Angel Muth | 1.00 | 171.75 | 171.75 |
| 10/06/2021 | Distribution of Documents from Tyson & Mendes via First Legal Network (Invoice No. LA202216) Approved by Angel Muth | 1.00 | 138.00 | 138.00 |
| 10/07/2021 | Photocopies - 176 @ $0.10 / per copy | 176.00 | 0.10 | 17.60 |
| 10/11/2021 | Distribution of Documents from Tyson and Mendes via Nationwide Legal (Invoice No. LA203535) Approved by Angel Muth | 1.00 | 213.00 | 213.00 |
| 10/11/2021 | Distribution of Documents from Tyson and Mendes via Nationwide Legal (Invoice No. LA203534) Approved by Angel Muth | 1.00 | 149.25 | 149.25 |
| 10/15/2021 | Original and two certified transcripts split among counsel via Peterson Reporting (Invoice No. 442605) [Approved by Angel Muth and Jason Smith] | 1.00 | 770.53 | 770.53 |
| 10/15/2021 | Original and two certified transcripts split among counsel via Peterson Reporting (Invoice No. 442392) [Approved by Angel Muth and Jason Smith] | 1.00 | 1,708.22 | 1,708.22 |
| 10/18/2021 | Distribution of Documents from Tyson and Mendes via Nationwide Legal (Invoice No. LA205454) Approved by Angel Muth | 1.00 | 88.75 | 88.75 |
| 10/20/2021 | Original and two certified green transcripts of the deposition via Peterson Reporting (Invoice No. 442740) [Approved by Angel Muth and Jason Smith] | 1.00 | 812.21 | 812.21 |
| 10/27/2021 | Photocopies - 51 @ $0.10 / per copy | 51.00 | 0.10 | 5.10 |
| 10/27/2021 | Distribution of Documents from Tyson and Mendes via Nationwide Legal (Invoice No. LA208613) | 1.00 | 87.00 | 87.00 |
| | | Sub-total Expenses: | | $4,760.51 |

| | |
|---|---|
| **Total Fees:** | $249,283.50 |
| **Total Expenses:** | $4,760.51 |
| **Total Current Billing:** | **$254,044.01** |

**Statement of Account**

| Billing Party | % | Current Billing | Prior Balance | Total Now Due |
|---|---|---|---|---|
| Navigators | 50% | 127,022.01 | 260,103.02 | 387,125.03 |
| Hallmark Financial Services, Inc. | 50% | 127,022.00 | 373,586.72 | 500,608.72 |
| **Balance Due** | | **$254,044.01** | **$633,689.74** | **$895,201.37** |

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 01/18/2022
**Invoice Number:** 94549

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 11/01/2021 - 11/30/2021 |

## Professional Fees

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/01/2021 | CNM | Review and analyze 9/30/21 and 10/5/21 hearing transcripts in preparation for drafting opposition to terminating sanctions motion relating to Tenant production | 1.30 | 215.00 | 279.50 |
| 11/01/2021 | CNM | Review and analyze 10/12/21 and 10/19/21 hearing transcripts in preparation for drafting opposition to terminating sanctions motion relating to Tenant communication regarding production of document | 1.60 | 215.00 | 344.00 |
| 11/01/2021 | CNM | Draft sections relating to background, interaction with Tenant's counsel regarding consent for production of documents in opposition to terminating sanction motion | 3.70 | 215.00 | 795.50 |
| 11/01/2021 | CNM | Review and analyze email from Ian Bitterlin regarding availability for hearing and preparation strategy. | 0.10 | 215.00 | 21.50 |
| 11/01/2021 | DF | Review regarding strategy concerning opposition to Vertiv motion for terminating sanctions, including draft memorandum of points and authorities, including assessment of legal authorities | 4.20 | 225.00 | 945.00 |
| 11/01/2021 | EAK | Review and Analysis of documents for Opposition to Terminating Motion Sanctions (125 pages) | 2.00 | 165.00 | 330.00 |
| 11/01/2021 | EAK | Review and Analysis of documents for Opposition to Terminating Motion Sanctions (100 documents around 100 pages) | 2.00 | 165.00 | 330.00 |
| 11/01/2021 | EAK | Review and Analysis of documents for Opposition to Terminating Motion Sanctions (50 documents around 100 pages) | 2.40 | 165.00 | 396.00 |
| 11/01/2021 | EAK | Review and Analysis of documents on Relativity for Opposition to Terminating Motion Sanctions (100 documents around 100 pages) | 3.00 | 165.00 | 495.00 |
| 11/01/2021 | JCT | Extensive review and analysis of California and AAA authority pertaining to when terminating sanctions for discovery abuse are appropriate and analogues cases in order to prepare legal standard section of SVO's opposition to Vertiv's motion for terminating sanctions | 2.90 | 165.00 | 478.50 |
| 11/01/2021 | JCT | Preparation of legal standard section of SVO's opposition to Vertiv's motion for terminating sanctions specifically pertaining to terminating sanctions for discovery abuses | 3.10 | 165.00 | 511.50 |

| | | | | | |
|---|---|---|---|---|---|
| 11/30/2021 | SP | Review and analysis of 100+ exhibits to identify missing exhibits or errors in SVO's exhibit list. | 3.50 | 80.00 | 280.00 |
| 11/30/2021 | SP | Review invoices and payment records in support of SVO's claimed costs and identify same in mechanical damages exhibits and exhibit list for arbitrators review. 100 of 300+ pages | 3.00 | 80.00 | 240.00 |
| | | | | Sub-total Fees: | $240,190.00 |

**Rate Summary**

| | | | |
|---|---|---|---|
| Robyne Dew | Paralegal | 151.90 hours at $80.00/hr | 12,152.00 |
| Richard P. Dieffenbach | Senior Counsel | 190.10 hours at $215.00/hr | 40,871.50 |
| David M. Frishman | Partner | 165.70 hours at $225.00/hr | 37,282.50 |
| Julee M. Fritsch | Senior Counsel | 155.80 hours at $215.00/hr | 33,497.00 |
| Ethan A. Kraft | Associate | 185.20 hours at $165.00/hr | 30,558.00 |
| Cindy N. Mader | Senior Counsel | 172.10 hours at $215.00/hr | 37,001.50 |
| Matthew K. Majd | Paralegal | 1.50 hours at $80.00/hr | 120.00 |
| Stephanie Perez | Paralegal | 105.80 hours at $80.00/hr | 8,464.00 |
| Jamie C. Tabrizi | Associate | 243.90 hours at $165.00/hr | 40,243.50 |
| | Total hours: | 1,372.00 | |

| **Expenses** | | Units | Price | Amount |
|---|---|---|---|---|
| 11/05/2021 | Fees Incurred for Certified Copy of Transcript of Arbitration - Phase II - Day 4 via Peterson Reporting, Video & Litigation Srvcs, Inc. (Invoice 443283) (Authorized by Angel Muth) | 1.00 | 1,335.84 | 1,335.84 |
| 11/06/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00159594) (Authorized by Angel Muth) | 1.00 | 720.30 | 720.30 |
| 11/06/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00159560) (Authorized by Angel Muth) | 1.00 | 1,310.54 | 1,310.54 |
| 11/12/2021 | Photocopies - 735 @ $0.10 / per copy | 735.00 | 0.10 | 73.50 |
| | | | Sub-total Expenses: | $3,440.18 |

| | |
|---|---|
| **Total Fees:** | $240,190.00 |
| **Total Expenses:** | $3,440.18 |
| **Total Current Billing:** | **$243,630.18** |

**Statement of Account**

| **Billing Party** | **%** | **Current Billing** | **Prior Balance** | **Total Now Due** |
|---|---|---|---|---|
| Hallmark Financial Services, Inc. | 50% | 121,815.09 | 361,570.43 | 483,385.52 |
| Navigators | 50% | 121,815.09 | 284,912.16 | 406,727.25 |
| **Balance Due** | | **$243,630.18** | **$646,482.59** | **$897,580.39** |

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Hallmark Financial Services, Inc.**
**Jason Smith**
**6500 Pinecrest Drive**
**Suite 100**
**Plano, TX 75024**

**Invoice Date:** 01/18/2022
**Invoice Number:** 94549

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 11/01/2021 - 11/30/2021 |

## Professional Fees

| Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/01/2021 | RPD | Correspondence with expert Philip Vermeulen regarding invoices | 0.20 | 215.00 | 43.00 |
| 11/01/2021 | RPD | Correspondence with Angel Muth and Jason Smith regarding expert Philip Vermeulen outstanding invoices | 0.20 | 215.00 | 43.00 |
| 11/01/2021 | DF | Review regarding strategy concerning opposition to Vertiv motion for terminating sanctions, including draft memorandum of points and authorities, including assessment of legal authorities | 4.20 | 225.00 | 945.00 |
| 11/01/2021 | JMF | Review Ulrich Pelz's chart describing 800 defect items (approximately 30 pages) | 1.60 | 215.00 | 344.00 |
| 11/01/2021 | JMF | Review Swinerton RFIs to SVO (approximately 20 pages) | 1.30 | 215.00 | 279.50 |
| 11/01/2021 | EAK | Review and Analysis of documents for Opposition to Terminating Motion Sanctions (125 pages) | 2.00 | 165.00 | 330.00 |
| 11/01/2021 | EAK | Review and Analysis of documents for Opposition to Terminating Motion Sanctions (100 documents around 100 pages) | 2.00 | 165.00 | 330.00 |
| 11/01/2021 | EAK | Review and Analysis of documents for Opposition to Terminating Motion Sanctions (50 documents around 100 pages) | 2.40 | 165.00 | 396.00 |
| 11/01/2021 | EAK | Review and Analysis of documents on Relativity for Opposition to Terminating Motion Sanctions (100 documents around 100 pages) | 3.00 | 165.00 | 495.00 |
| 11/01/2021 | CNM | Review and analyze 9/30/21 and 10/5/21 hearing transcripts in preparation for drafting opposition to terminating sanctions motion relating to Tenant production | 1.30 | 215.00 | 279.50 |
| 11/01/2021 | CNM | Review and analyze 10/12/21 and 10/19/21 hearing transcripts in preparation for drafting opposition to terminating sanctions motion relating to Tenant communication regarding production of document | 1.60 | 215.00 | 344.00 |
| 11/01/2021 | CNM | Draft sections relating to background, interaction with Tenant's counsel regarding consent for production of documents in opposition to terminating sanction motion | 3.70 | 215.00 | 795.50 |

| | |
|---|---|
| Sub-total Fees: | $240,190.00 |

**Rate Summary**

| | | | | |
|---|---|---|---|---|
| Robyne Dew | Paralegal | 151.90 | hours at $80.00/hr | 12,152.00 |
| Richard P. Dieffenbach | Senior Counsel | 190.10 | hours at $215.00/hr | 40,871.50 |
| David M. Frishman | Partner | 165.70 | hours at $225.00/hr | 37,282.50 |
| Julee M. Fritsch | Senior Counsel | 155.80 | hours at $215.00/hr | 33,497.00 |
| Ethan A. Kraft | Associate | 185.20 | hours at $165.00/hr | 30,558.00 |
| Cindy N. Mader | Senior Counsel | 172.10 | hours at $215.00/hr | 37,001.50 |
| Matthew K. Majd | Paralegal | 1.50 | hours at $80.00/hr | 120.00 |
| Stephanie Perez | Paralegal | 105.80 | hours at $80.00/hr | 8,464.00 |
| Jamie C. Tabrizi | Associate | 243.90 | hours at $165.00/hr | 40,243.50 |
| Total hours: | | 1,372.00 | | |

| **Expenses** | | Units | Price | Amount |
|---|---|---|---|---|
| 11/05/2021 | Fees Incurred for Certified Copy of Transcript of Arbitration - Phase II - Day 4 via Peterson Reporting, Video & Litigation Srvcs, Inc. (Invoice 443283) (Authorized by Angel Muth) | 1.00 | 1,335.84 | 1,335.84 |
| 11/06/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00159594) (Authorized by Angel Muth) | 1.00 | 720.30 | 720.30 |
| 11/06/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00159560) (Authorized by Angel Muth) | 1.00 | 1,310.54 | 1,310.54 |
| 11/12/2021 | Photocopies - 735 @ $0.10 / per copy | 735.00 | 0.10 | 73.50 |
| | Sub-total Expenses: | | | $3,440.18 |

| | |
|---|---|
| **Total Fees:** | $240,190.00 |
| **Total Expenses:** | $3,440.18 |
| **Total Current Billing:** | **$243,630.18** |

**Statement of Account**

| **Billing Party** | **%** | **Current Billing** | **Prior Balance** | **Total Now Due** |
|---|---|---|---|---|
| Hallmark Financial Services, Inc. | 50% | 121,815.09 | 361,570.43 | 483,385.52 |
| Navigators | 50% | 121,815.09 | 284,912.16 | 406,727.25 |
| **Balance Due** | | **$243,630.18** | **$646,482.59** | **$897,580.39** |

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 02/07/2022
**Invoice Number:** 95662

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 12/01/2021 - 12/31/2021 |

## Professional Fees

| Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/01/2021 | CNM | Attend day 6 of hearing and direct examination of SVO's witness, Nicholas Laag, with team members David Frishman, Richard Dieffenbach, Jamie Tabrizi and Julie Fritsch (multiple attorney attendance authorized by Angel Muth of Navigator and Jason Smith of Hallmark) | 6.00 | 215.00 | 1,290.00 |
| 12/01/2021 | CNM | Attend conference with potential witness, Jason Kramer, with team member David Frishman regarding external CFD analysis conducted prior to 2017 and potential of testifying at hearing as rebuttal witness. | 0.40 | 215.00 | 86.00 |
| 12/01/2021 | CNM | Attend conference with witness and former Vertiv employee, Kevan Harrison, with team member David Frishman regarding direct examination regarding declaration | 0.50 | 215.00 | 107.50 |
| 12/01/2021 | CNM | Draft email to former Vertiv employee, Kevan Harrison, regarding declaration and emails regarding issues with SVO project in preparation for examination | 0.10 | 215.00 | 21.50 |
| 12/01/2021 | CNM | Review and analyze 24 missing bank statements regarding electrical issues in preparation of summary report | 2.80 | 215.00 | 602.00 |
| 12/01/2021 | CNM | Draft email to opposing counsel regarding witness line-up for Thursday. | 0.10 | 215.00 | 21.50 |
| 12/01/2021 | DF | Attend Phase 2 Arbitration (testimony of Nicholas Laag) with TM Attorneys Richard Dieffenbach, Jamie Tabrizi, Julee Fritsch, Cindy Mader and paralegal Robyne Dew (Multiple timekeepers authorization per Angel Muth of Navigators and Jason Smith of Hallmark) | 6.00 | 225.00 | 1,350.00 |
| 12/01/2021 | DF | Telephone call with witness Kevan Harrison regarding examination questioning and related arbitration appearance issues | 1.40 | 225.00 | 315.00 |
| 12/01/2021 | DF | Telephone call with wittiness Dale Meyer regarding examination questions and related arbitration appearance issues | 1.20 | 225.00 | 270.00 |
| 12/01/2021 | DF | Email to carrier representatives (Angel Muth, Jason Smith and Beth Albright) regarding arbitration status and providing daily transcripts for week 1 of phase II of arbitration | 0.20 | 225.00 | 45.00 |
| 12/01/2021 | DF | Review regarding revised strategy concerning wittiness Nicholas Lagg and revamped examination outline and realted issues | 0.50 | 225.00 | 112.50 |

| | | | | | |
|---|---|---|---|---|---|
| 12/31/2021 | DF | Review of settlement agreement between client SVO and Vertiv | 0.40 | 225.00 | 90.00 |
| | | | | Sub-total Fees: | $279,066.00 |

**Rate Summary**

| | | | | |
|---|---|---|---|---|
| Robyne Dew | Paralegal | 206.40 | hours at $80.00/hr | 16,512.00 |
| Richard P. Dieffenbach | Senior Counsel | 218.40 | hours at $215.00/hr | 46,956.00 |
| David M. Frishman | Partner | 210.80 | hours at $225.00/hr | 47,430.00 |
| Julee M. Fritsch | Senior Counsel | 215.80 | hours at $215.00/hr | 46,397.00 |
| Lauren Fuller | Paralegal | 0.20 | hours at $80.00/hr | 16.00 |
| Ethan A. Kraft | Associate | 193.70 | hours at $165.00/hr | 31,960.50 |
| Cindy N. Mader | Senior Counsel | 182.00 | hours at $215.00/hr | 39,130.00 |
| Stephanie Perez | Paralegal | 181.00 | hours at $80.00/hr | 14,480.00 |
| Jamie C. Tabrizi | Associate | 219.30 | hours at $165.00/hr | 36,184.50 |
| | Total hours: | 1,627.60 | | |

| **Expenses** | | Units | Price | Amount |
|---|---|---|---|---|
| 09/29/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00157512) (Authorized by Ulrich Pelz) | 1.00 | 2,869.38 | 2,869.38 |
| 11/27/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00159866) (Authorized by Angel Muth) | 1.00 | 637.32 | 637.32 |
| 12/14/2021 | Fees incurred for Document Processing Services via Inventus LLC (Invoice No. INV00164034) (Authorized by Angel Muth) | 1.00 | 289.22 | 289.22 |
| | | | Sub-total Expenses: | $3,795.92 |

| | |
|---|---|
| **Total Fees:** | $279,066.00 |
| **Total Expenses:** | $3,795.92 |
| **Total Current Billing:** | **$282,861.92** |

**Statement of Account**

| **Billing Party** | **%** | **Current Billing** | **Prior Balance** | **Total Now Due** |
|---|---|---|---|---|
| Navigators | 50% | 141,430.96 | 304,202.56 | 445,633.52 |
| Hallmark Financial Services, Inc. | 50% | 141,430.96 | 256,229.09 | 397,660.05 |
| **Balance Due** | | **$282,861.92** | **$560,431.65** | **$850,761.19** |

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 03/30/2022
**Invoice Number:** 98380

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | 01/03/2022 - 02/28/2022 |

## Professional Fees

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/03/2022 | DF | Review letter from arbitrator George Fisher regarding arbitration status and related issues | 0.20 | 225.00 | 45.00 |
| 01/04/2022 | DF | Review email from counsel for Vertiv, Robert Sloss regarding settlement and conclusion of arbitration related matters | 0.10 | 225.00 | 22.50 |
| 01/04/2022 | DF | Draft letter to carrier representatives Angel Muth of Navigators, Jason Smith of Hallmark and Beth Albright of RUSI regarding arbitration status, SVO settlement and pending conclusion of matter | 0.30 | 225.00 | 67.50 |
| 01/05/2022 | DF | Email exchange with counsel for Vertiv regarding dismissal related issues | 0.10 | 225.00 | 22.50 |
| 01/05/2022 | DF | Further email to general counsel for SVO regarding dismissal and related issues | 0.10 | 225.00 | 22.50 |
| 01/05/2022 | DF | Review and reply to email from general counsel for SVO regarding dismissal and related issues | 0.10 | 225.00 | 22.50 |

[redacted]

| | |
|---|---|
| **Total Fees:** | $779.50 |
| **Total Expenses:** | $7,817.91 |
| **Total Current Billing:** | **$8,597.41** |

**Statement of Account**

| Billing Party | % | Current Billing | Prior Balance | Total Now Due |
|---|---|---|---|---|
| Hallmark Financial Services, Inc. | 50% | 4,298.71 | 394,830.30 | 399,129.01 |
| Navigators | 50% | 4,298.70 | 321,062.85 | 325,361.55 |
| **Balance Due** | | **$8,597.41** | **$715,893.15** | **$731,958.18** |

**Payment by check sent via U.S. Mail should be sent to:**

Tyson & Mendes, LLP
Dept. LA 25187
Pasadena, CA 91185-5187

**Payment by check sent via FedEx/UPS should be sent to:**

Tyson & Mendes, LLP
Lockbox - 25187
14005 Live Oak Ave.
Irwindale, CA 91706-1300

**OR**

**Payment by wire transfer/ACH should be sent to:**

HSBC Bank USA. N.A.
452 Fifth Avenue, New York, NY 10018, United States
ABA Transit #: 021001088
Routing #: 022000020
Account #: 917022785
Account Name: Tyson & Mendes LLP
Swift Code: MRMDUS33
Reference: Invoice # and/or client matter #

**When sending payment via wire/ACH, please send remittance advice information to cashreceipts@tysonmendes.com in order to guarantee proper allocation of payments.**

**All payments must be in U.S. Dollars**
**Questions relating to this invoice should be directed to:**
**billing@tysonmendes.com**

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 04/13/2022
**Invoice Number:** 98885

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | - 04/13/2022 |

| **Expenses** | | Units | Price | Amount |
|---|---|---|---|---|
| 04/13/2022 | Distribution of Documents from Tyson and Mendes via Nationwide Legal (Invoice No. LA228486) Approved by Angel Muth | 1.00 | (623.10) | (623.10) |
| | | Sub-total Expenses: | | ($623.10) |

| | |
|---|---|
| **Total Fees:** | $0.00 |
| **Total Expenses:** | ($623.10) |
| **Total Current Billing:** | **($623.10)** |

**Statement of Account**

| **Billing Party** | **%** | **Current Billing** | **Prior Balance** | **Total Now Due** |
|---|---|---|---|---|
| Hallmark Financial Services, Inc. | 50% | -311.55 | 277,841.17 | 277,529.62 |
| Navigators | 50% | -311.55 | 321,436.00 | 321,124.45 |
| **Balance Due** | | **($623.10)** | **$599,277.17** | **$606,121.69** |

**Tyson & Mendes, LLP**
5661 La Jolla Boulevard
La Jolla, CA 92037
Phone No.: (858) 459-4400
Fax: (858) 459-3864
Federal Tax ID: 20-2119209

**Navigators**
**Angel Muth**

**Invoice Date:** 05/03/2022
**Invoice Number:** 100030

**20-2453 / Liebert International v. SVO Building One, LLC**

| | |
|---|---|
| **CASE:** | Liebert International v. SVO Building One, LLC |
| **INSURED:** | Vertiv |
| **CLAIM NO:** | CGL325269 |
| **OUR FILE NO:** | 20-2453 |
| **BILLING PERIOD:** | - 04/30/2022 |

| **Expenses** | | Units | Price | Amount |
|---|---|---|---|---|
| 08/01/2021 | Weekend Parking -Expense Report of Nazemi Tabrizi, Jamie | 18.00 | 1.00 | 18.00 |
| 08/02/2021 | Meal with team and client during pre arbitration work up final day -Expense Report of Nazemi Tabrizi, Jamie | 1.00 | 99.69 | 99.69 |
| 08/05/2021 | Fees Incurred for Conference Room via Peterson Reporting (Invoice No. 440681) [Approved by Angel Muth and Jason Smith] | 1.00 | 250.00 | 250.00 |
| 08/05/2021 | Conference room charges re R. Jeffrey Smith via Peterson Reporting (Invoice No. 440680) [Approved by Angel Muth and Jason Smith] | 1.00 | 250.00 | 250.00 |
| 08/14/2021 | Weekend parking -Expense Report of Nazemi Tabrizi, Jamie | 15.00 | 1.00 | 15.00 |
| 10/14/2021 | Fees incurred for delivery of package via Fedex -Receipt #284904534570 | 1.00 | 38.01 | 38.01 |
| 11/12/2021 | Fees incurred for delivery of package via FedEx -Receipt #775201836860 | 1.00 | 54.80 | 54.80 |
| 11/12/2021 | Original and two certified transcripts split among counsel re Arbitration - Phase II - Day 6 - CONFIDENTIAL via Peterson Reporting (Invoice No. 443366) [Approved by Angel Muth and Jason Smith] | 1.00 | 611.02 | 611.02 |
| 11/30/2021 | Photocopies - 21 @ $0.10 / per copy | 21.00 | 0.10 | 2.10 |
| 12/06/2021 | Photocopies - 108 @ $0.10 / per copy | 108.00 | 0.10 | 10.80 |
| 12/06/2021 | Original and two certified transcripts split among counsel re Arbitration - Phase II - Day 7 - CONFIDENTIAL via Peterson Reporting (Invoice No. 443969) [Approved by Angel Muth and Jason Smith] | 1.00 | 1,718.96 | 1,718.96 |
| 12/06/2021 | Original and two certified transcripts split among counsel re Motion Hearing via Peterson Reporting (Invoice No. 444082) [Approved by Angel Muth and Jason Smith] | 1.00 | 1,397.55 | 1,397.55 |
| 12/09/2021 | Photocopies - 653 @ $0.10 / per copy | 653.00 | 0.10 | 65.30 |
| 12/10/2021 | Photocopies - 8 @ $0.10 / per copy | 8.00 | 0.10 | 0.80 |
| 12/17/2021 | Original and two certified transcripts split among counsel re Arbitration - Phase II - Day 13 - CONFIDENTIAL via Peterson Reporting (Invoice No. 444466) [Approved by Angel Muth and Jason Smith] | 1.00 | 1,123.93 | 1,123.93 |

| | | | | |
|---|---|---|---|---|
| 01/04/2022 | Reporter's fee for time spent split between counsel re Arbitration - Phase II - Day 21 - CONFIDENTIAL via Peterson Reporting (Invoice No. 444787) [Approved by Angel Muth and Jason Smith] | 1.00 | 1,227.94 | 1,227.94 |
| 01/04/2022 | Reporter's fee for time spent split between counsel re Arbitration - Phase II - Day 22 - CONFIDENTIAL via Peterson Reporting (Invoice No. 444790) [Approved by Angel Muth and Jason Smith] | 1.00 | 1,262.54 | 1,262.54 |
| 01/04/2022 | Reporter's fee for time spent split between counsel re Arbitration - Phase II - Day 26 - CONFIDENTIAL via Peterson Reporting (Invoice No. 444799) [Approved by Angel Muth and Jason Smith] | 1.00 | 1,227.94 | 1,227.94 |
| 01/04/2022 | Reporter's fee for time spent split between counsel re Arbitration - Phase II - Day 24 - CONFIDENTIAL via Peterson Reporting (Invoice No. 444795) [Approved by Angel Muth and Jason Smith] | 1.00 | 570.54 | 570.54 |
| 01/05/2022 | Reporter's fee for time spent split between counsel re Arbitration - Phase II - Day 28 - CONFIDENTIAL via Peterson Reporting (Invoice No. 444855) [Approved by Angel Muth and Jason Smith] | 1.00 | 781.60 | 781.60 |
| | | Sub-total Expenses: | | $42,929.14 |

| | |
|---|---|
| **Total Fees:** | $0.00 |
| **Total Expenses:** | $42,929.14 |
| **Total Current Billing:** | **$42,929.14** |

**Statement of Account**

| Billing Party | % | Current Billing | Prior Balance | Total Now Due |
|---|---|---|---|---|
| Navigators | 50% | 21,464.57 | 321,124.45 | 342,589.02 |
| Hallmark Financial Services, Inc. | 50% | 21,464.57 | 5,927.74 | 27,392.31 |
| **Balance Due** | | **$42,929.14** | **$327,052.19** | **$377,448.95** |

**Payment by check sent via U.S. Mail should be sent to:**

Tyson & Mendes, LLP
Dept. LA 25187
Pasadena, CA 91185-5187

**Payment by check sent via FedEx/UPS should be sent to:**

Tyson & Mendes, LLP
Lockbox - 25187
14005 Live Oak Ave.
Irwindale, CA 91706-1300

**OR**

**Payment by wire transfer/ACH should be sent to:**

HSBC Bank USA. N.A.
452 Fifth Avenue, New York, NY 10018, United States
ABA Transit #: 021001088
Routing #: 022000020
Account #: 917022785
Account Name: Tyson & Mendes LLP
Swift Code: MRMDUS33
Reference: Invoice # and/or client matter #

**When sending payment via wire/ACH, please send remittance advice information to cashreceipts@tysonmendes.com in order to guarantee proper allocation of payments.**

**All payments must be in U.S. Dollars**
**Questions relating to this invoice should be directed to:**
**billing@tysonmendes.com**

EXHIBIT “3”

## Navigators – Hallmark Financial Services

| Invoice Date | Invoice Number | Current Billing | Prior Balance | Total Now Due | Amount from previous balance paid | Bates# |
|---|---|---|---|---|---|---|
| 08/30/2021 | 80276 | 182, 873.53 | 249,294.94 | 432,168.47 | | T&M 00646822 |
| 10/18/2021 | 90149 | 127,316.79 | 366,644.56 | 493,961.35 | 65,523.91 | T&M 00646906 |
| 11/18/2021 | 91756 | 107,231.64 | 266,355.08 | 373,586.72 | 227,606.27 | T&M 00646948 |
| 12/20/2021 | 93312 | 127,022.00 | 373,586.72 | 500,608.72 | 0 | T&M 00646997 |
| 01/18/2022 | 94549 | 121,815.09 | 361,570.43 | 483,385.52 | 139,038.29 | T&M 00647110 T&M 00647066 |
| 02/07/2022 | *95662* | 141,430.96 | 256,229.09 | 397,660.05 | 227,156.43 | T&M 00647158 |
| 03/30/2022 | 98380 | 4,298.71 | 394,830.30 | 399,129.01 | 2,829.75 | T&M 00647197 |
| 04/13/2022 | 98885 | -311.55 | 277,841.17 | 277,529.62 | 121,287.84 | T&M 00647200 |
| 05/03/2022 | 100030 | 21,464.57 | 5,927.74 | 27,392.31 | 271,601.88 | T&M 00647202 |
| Total | | | | | 1,055,044.37 | |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On February 29, 2024, I served true copies of the following document(s) described as **DEFENDANT SVO BUILDING ONE, LLC's MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRUCE T. SMYTH** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 29, 2024, at Los Angeles, California.

[signature]

Benjamin Barragan