UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 22-cv-07102-AMO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 45 |

This case is about an insurance company, Navigators Specialty Insurance Company, seeking to recover costs and fees incurred in its defense of an underlying lawsuit brought by Claimant Liebert Corporation against Defendant SVO Building One, LLC. Before the Court is SVO Building One, LLC's motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 20, 2024, is VACATED. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the motion to dismiss for the following reasons.

**I.     BACKGROUND[1]**

**A.     Factual Background**

Plaintiff Navigators Specialty Insurance Company ("Navigators") issued an insurance policy to SVO Building One, LLC ("SVO"), effective Jun 12, 2017 to August 12, 2019 (the "Policy"), which provides coverage for certain bodily injury, property damage, and "personal and

---

[1] The Court accepts Plaintiff's allegations in the complaint as true and construes the pleadings in the light most favorable to Plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

1   advertising injury." ECF 43 ("First Amended Complaint" or "FAC") ¶¶ 6-8. Liebert Corporation

2   ("Claimant") brought suit against SVO. FAC ¶¶ 10-11. In *Liebert Corporation v. SVO Building*

3   *One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action"),

4   Claimant asserted 18 causes of action against SVO, including breach of contract, misappropriation

5   of trade secrets, patent infringement, intentional interference with contractual relations,

6   defamation, fraud, negligent misrepresentation, and civil conspiracy. FAC ¶¶ 1, 10-11.

7         Upon SVO's tender of the claim, Navigators agreed to defend SVO in the Underlying

8   Action on October 28, 2019, pursuant to a reservation of rights. FAC ¶ 24. On March 24, 2021,

9   the Claimant dismissed the defamation cause of action. FAC ¶ 19. After the Claimant's dismissal

10  of the defamation cause of action, Navigators advised SVO on March 31, 2021, that it would

11  withdraw from the defense because there was no coverage. FAC ¶ 26. SVO objected to

12  Navigators' withdrawal, and Navigators agreed to continue defending the Underlying Action,

13  reserving its rights to argue that coverage was not required. FAC ¶¶ 27-28. On January 5, 2022,

14  the parties in the Underlying Action settled and filed a joint notice of dismissal with prejudice.

15  FAC ¶¶ 22-23.

16        **B.**    **Procedural Background**

17        On November 14, 2022, Navigators filed the instant action against SVO seeking

18  declaratory judgment for three causes of action: 1) that it is entitled to reimbursement for defense

19  fees and costs incurred in the Underlying Action after March 24, 2021; 2) that it is entitled to

20  reimbursement for uncovered claims under the policy; and 3) that it has no duty to indemnify SVO

21  in the Underlying Action. ECF 1 ("Complaint") ¶¶ 29-52. SVO moved to dismiss the Complaint.

22  ECF 30. The Court granted the motion to dismiss, dismissing the third cause of action without

23  prejudice for lack of ripeness and the first two causes of action with leave to amend to allege that

24  Navigators incurred defense costs for claims that are not potentially covered. ECF 41. On

25  February 15, 2024, Navigators filed the First Amended Complaint, the operative complaint. ECF

26  43. Through the instant motion, SVO moves to dismiss the two causes of action. ECF 45

27  ("Mot.").

28

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citations omitted). The Court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

## III. DISCUSSION

Under California law, an insurer has the duty to defend claims that are "merely potentially covered" by the insurance policy. *Buss v. Superior Ct.*, 16 Cal. 4th 35, 46 (1997). Conversely, the insurer has no duty to defend in an action where none of the claims are potentially covered. *Id.* at 47. In "mixed" causes of action, in which some claims are at least potentially covered, and others are not, "the insurer has a duty to defend as to the claims that are at least potentially covered . . . but does not have a duty to defend as to those that are not . . . [.]" *Id.* at 47-48. While in such a mixed action the insurer must defend the action in its entirety, *id.* at 48 (citing *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993)), if the insurer reserved its rights to later seek

1  reimbursement of defenses costs, it may seek reimbursement "[a]s to the claims that are not even

2  potentially covered," *id.* at 50, 61 n.27; *see Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th

3  643, 649 (2005). That is, the insurer may be reimbursed for "[d]efense costs that can be allocated

4  solely to the claims that are not even potentially covered[.]" *Buss*, 16 Cal. 4th at 52. It is the

5  insurer's burden to show that it is entitled to reimbursement beyond a preponderance of the

6  evidence. *Id.* at 53.

7  SVO moves to dismiss both of Navigators' causes of action, arguing that the FAC fails to

8  allege that Navigators incurred defense costs allocable solely to claims that are not potentially

9  covered. Mot. at 13. In the FAC, Navigators contends that "it is entitled to reimbursement of all

10 defense fees and costs incurred," and that "Navigators does not contend it has a right to

11 reimbursement of attorneys' fees and costs incurred in SVO's defense of claims that were

12 potentially covered under the Policy." FAC ¶¶ 1, 42. SVO argues that these allegations are

13 deficient because they are contradictory, and Navigators does not allege the correct standard under

14 *Buss* – that the insurer may only obtain reimbursement for costs "that can be allocated solely to

15 claims that are not even potentially covered." Mot at 8 (citing *Buss*, 16 Cal. 4th at 52). The

16 amended complaint states that Navigators is not seeking reimbursement for defending claims "that

17 were potentially covered." FAC ¶¶ 1, 42. This is the standard in *Buss*, 16 Cal. 4th at 52.

18 Accordingly, Navigators has stated a claim and the Court will not dismiss on this basis.

19 SVO also argues that the FAC should be dismissed because Navigators has conceded that

20 it is seeking reimbursement of fees and costs paid by another insurer. Mot. at 15. Not so.

21 Navigators does not contest that another insurer, Hallmark Financial Services, Inc. ("Hallmark"),

22 paid certain fees and costs in the Underlying Action. *See* ECF 47 ("Opp.") at 17. SVO attaches

23 invoices to its motion to dismiss which show that Navigators and another insurer, Hallmark, both

24 incurred fees in the defense of the Underlying Action. ECF 45 at 45-63 (Ex. 2). SVO argues that

25 these invoices show that Navigators "is seeking reimbursement of fees and costs paid by another."

26 Mot. at 15. That is not so. Instead, the invoices show that Navigators and Hallmark were each

27 billed 50% of the cost on each invoice. They do not support SVO's assertion that Navigators

28 seeks reimbursement of costs or fees it did not incur. Further, the language of the FAC shows that

4

Navigators only seeks reimbursement of fees and costs it incurred. SVO takes issue with Navigators' use of the word "all" in alleging that it is "entitled to reimbursement of all defense fees and costs incurred in [the Underlying Action]." Mot. at 15-16 (citing FAC ¶¶ 1, 37). SVO fails to include the rest of the language in the FAC, which states that Navigators seeks recovery of "all fees and costs incurred . . . under the Policy." FAC ¶¶ 1, 37. Navigators thus only seeks the fees and costs which it incurred in its defense of SVO under the Policy between Navigators and SVO. The Court therefore declines to dismiss on this basis as well.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 13, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[2] SVO also appears to argue that the claims should be dismissed because some allegations in the Underlying Complaint were "potentially covered." Mot. at 14-15. However, SVO does not provide any analysis as to why these allegations are potentially covered under the Policy. Accordingly, the Court cannot assess the merits of this argument and declines to dismiss the complaint on this basis.