David B. Parker (SBN 72192)
parker@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818 501-8441

Attorneys for **Defendant/Counterclaimant SVO BUILDING ONE, LLC,**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102<br><br>Hon. Araceli Martinez-Olguin<br>Courtroom 10<br><br>**SVO BUILDING ONE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT; AND**<br><br>**SVO BUILDING ONE, LLC'S COUNTERCLAIM FOR:**<br><br>**1. BREACH OF CONTRACT;**<br><br>**2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>**3. VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ. AND §§ 17500 ET SEQ.; AND**<br><br>**4. DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |
| SVO BUILDING ONE, LLC,<br><br>Counterclaimants,<br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY; and DOES 1-10.<br><br>Counter-defendants. | |

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant SVO Building One, LLC (hereinafter "SVO") hereby answers the First Amended Complaint of Plaintiff Navigators Specialty Insurance Company (hereinafter "Navigators"). If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO FIRST AMENDED COMPLAINT

1. Paragraph 1 of the First Amended Complaint does not contain any factual allegations for SVO to admit or deny. To the extent that any statement in Paragraph 1 is deemed to be a factual allegation, SVO denies that allegation.

2. Responding to Paragraph 2 of the First Amended Complaint, SVO lacks sufficient knowledge or information to form a belief concerning the truth of factual allegations contained therein.

3. Responding to Paragraph 3 of the First Amended Complaint, SVO admits it is a limited liability company registered in Delaware with its principal place of business in McClellan, California, denies that Nicholas Laag is the only member or manager of SVO identified with the Secretary of State of California and lacks sufficient knowledge or belief concerning the truth of the remaining factual allegations contained therein.

4. Paragraph 4 of the First Amended Complaint contains legal conclusions and argument to which no response is required. However, SVO does not dispute that the alleged amount in controversy exceeds $75,000.

5. Paragraph 5 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent any statements in Paragraph 5 are deemed to be a factual allegation, SVO denies that allegation. SVO does not dispute that venue is proper within this judicial district.

6. Responding to Paragraph 6, SVO admits the Navigators' Policy reads as it reads, that the Exhibit A speaks for itself, and denies each and every remaining allegation set forth therein.

7. Responding to Paragraph 7, SVO admits the Navigators' Policy reads as it reads,

that the Exhibit A speaks for itself, and denies each and every remaining allegation set forth therein.

8. Responding to the allegations of Paragraph 8 of the First Amended Complaint, SVO admits the Navigators' Policy reads as it reads, states that Exhibit A speaks for itself, and denies each and every remaining allegation set forth therein.

9. Responding to the allegations of Paragraph 9, SVO admits the Navigators' Policy reads as it reads, states that the Exhibit A speaks for itself, and denies each and every remaining allegation set forth therein.

10. Responding to Paragraph 10 of the First Amended Complaint, SVO admits that Liebert Corporation filed the Underlying Action with the American Arbitration Association.

11. Responding to Paragraph 11 of the First Amended Complaint, SVO admits the Fourth Amended Complaint filed on July 11, 2019 in the Underlying Action contained eighteen causes of action as stated and states that Exhibit B speaks for itself.

12. Responding to Paragraph 12 of the First Amended Complaint, SVO states that the Fourth Amended Complaint reads as it reads, that Exhibit B speaks for itself, and denies each and every remaining allegation set forth therein.

13. Responding to Paragraph 13 of the First Amended Complaint, SVO states that the Fourth Amended Complaint reads as it reads, that Exhibit B speaks for itself, and denies each and every remaining allegation set forth therein.

14. Responding to Paragraph 14 of the First Amended Complaint, SVO states that the Fourth Amended Complaint reads as it reads, that Exhibit B speaks for itself, and denies each and every remaining allegation set forth therein.

15. Regarding Paragraph 15 of the First Amended Complaint, states that the Fourth Amended Complaint reads as it reads, that Exhibit B speaks for itself, and denies each and every remaining allegation set forth therein.

16. Responding to Paragraph 16 of the First Amended Complaint, states that the Fourth Amended Complaint reads as it reads, that Exhibit B speaks for itself, and denies each and every remaining allegation set forth therein.

17. Responding to Paragraph 17 of the First Amended Complaint, states that the Fourth Amended Complaint reads as it reads, that Exhibit B speaks for itself and denies each and every remaining allegation set forth therein.

18. Responding to Paragraph 18 of the First Amended Complaint, states that the Fourth Amended Complaint reads as it reads, that Exhibit B speaks for itself, and denies each and every remaining allegation set forth therein.

19. Responding to Paragraph 19 of the First Amended Complaint, SVO admits that the Claimant dismissed the defamation cause of action from the Fourth Amended Complaint in the Underlying Action on March 24, 2021 and states that Exhibit C speaks for itself.

20. Responding to Paragraph 20 of the First Amended Complaint, SVO admits the Underlying Action proceeded to arbitration on the Phase I trial from August 3 - 11, 2021 and on the Phase II trial from November 16, 2021 through December 10, 2021.

21. Responding to Paragraph 21 of the First Amended Complaint, SVO denies each and every allegation therein.

22. Responding to Paragraph 22 of the First Amended Complaint, SVO admits there was a settlement of the Underlying Action without payment from Navigators and that the settlement resulted in the dismissal of all claims with prejudice and denies each and every remaining allegation contained therein.

23. Responding to Paragraph 23 of the First Amended Complaint, SVO admits the parties to the Underlying Action filed a Joint Notice of Dismissal with Prejudice of all claims. SVO states that the Exhibit D speaks for itself.

24. Paragraph 24 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation and states that Exhibit E speaks for itself.

25. Responding to Paragraph 25 of the First Amended Complaint, SVO states that Exhibit E speaks for itself and denies each and every remaining allegation set forth therein.

26. Paragraph 26 of the First Amended Complaint contains legal conclusions and

argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation and states that the Exhibit F speaks for itself.

27. Responding to Paragraph 27 of the First Amended Complaint, SVO admits that on May 3, 2021, SVO objected to Navigators' withdrawal from the defense and states that Exhibit G speaks for itself.

28. Responding to Paragraph 28 of the First Amended Complaint, SVO states that Exhibit H speaks for itself and denies each and every remaining allegation therein.

29. Responding to Paragraph 29 of the First Amended Complaint, SVO incorporates its responses to each of the foregoing paragraphs as if fully set forth herein.

30. Paragraph 30 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

31. Paragraph 31 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

32. Responding to Paragraph 32 of the First Amended Complaint, admits that Navigators has incurred attorneys' fees and costs associated with SVO's defense of the Underlying Action since March 24, 2021 that exceed the jurisdictional limit of this Court under diversity jurisdiction.

33. Paragraph 33 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation. SVO denies that Navigators continued to defend after its withdrawal, but alleges that Navigators accepted SVO's retender of its defense.

34. Paragraph 34 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

35. Paragraph 35 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

36. Paragraph 36 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

37. Paragraph 37 of the First Amended Complaint does not contain any factual allegations for SVO to deny. To the extent that any statements in Paragraph 37 are deemed to be a factual allegation, SVO denies that allegation.

38. Responding to Paragraph 38 of the First Amended Complaint, SVO incorporates its responses to each of the foregoing paragraphs as if fully set forth herein.

39. Paragraph 39 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

40. Paragraph 40 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

41. Responding to Paragraph 41 of the First Amended Complaint, SVO admits that a controversy exists between itself and Navigators and denies each of the remaining allegations therein.

42. Paragraph 42 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

43. Paragraph 43 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

44. Paragraph 44 of the First Amended Complaint contains legal conclusions and argument to which no response is required. To the extent that any such allegation is not deemed to

be a conclusion of law or argument, SVO denies that allegation.

45. Paragraph 45 of the First Amended Complaint does not contain any factual allegations for SVO to deny. To the extent that any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

46. Navigators' allegations titled "Prayer for Relief" with subparagraphs 1, 2, 3, 4, and 5 contain legal conclusions and argument to which no response is required. To the extent any such allegation is not deemed to be a conclusion of law or argument, SVO denies that allegation.

## AFFIRMATIVE DEFENSES

SVO pleads the following separate defenses. SVO reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. As a separate and first affirmative defense to the First Amended Complaint, and to the purported causes of action set forth therein, SVO alleges that the First Amended Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Unclean Hands)**

2. As a separate and second affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges that Navigators is barred, in whole or in part, from prosecuting the purported causes of action set forth in the First Amended Complaint by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

3. As a separate and third affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges that as a result of its own acts and/or omissions, Navigators has waived any right which it may have had to recover, and/or is estopped from recovering any relief sought against SVO.

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

4. As a separate and fourth affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges the Policy is a written and enforceable contract between Navigators and SVO which Navigators has breached by among other things, withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation; and failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Navigators policy, and that any obligations owed by SVO under the alleged contract were excused by Navigators' breach of the alleged contract.

**FIFTH AFFIRMATIVE DEFENSE**

**(Excessive Defense Costs)**

5. As a separate and fifth affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges that Navigators incurred or allowed to be incurred, excessive defense costs by hiring inexperienced and unqualified counsel, and failing to competently manage the operations, costs and expenses of the defense, by allowing said counsel to bill for unnecessary services, and by retaining and paying for excessive and unqualified experts and consultants, which costs Navigators now intends to pass on to SVO.

**SIXTH AFFIRMATIVE DEFENSE**

**(Prior Material Breach)**

6. As a separate and sixth affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges that the purported causes of action asserted in the First Amended Complaint are barred by reason of the breach of the agreement or agreements by Navigators upon which it bases its First Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

7. As a separate and seventh affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges that it incurred costs of defense including

legal fees, expert witness fees, court reporter fees and arbitrator fees necessary to the defense after it demanded a defense from Navigators of the Underlying Action, which Navigators failed to pay and SVO was forced to pay as a result and that any claim by Navigators for payment of attorney's fees and costs in the First Amended Complaint must be offset by the amount of the fees and costs incurred by SVO that Navigators did not pay.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Restitutionary Relief Barred By Failure to Convey Benefit)**

8. As a separate and eighth affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges that Navigators is barred from recovering attorney's fees or costs based on a theory of restitutionary relief under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), to the extent that the actions by defense counsel retained by Navigators in the Underlying Action did not confer a benefit on SVO.

**NINTH AFFIRMATIVE DEFENSE**

**(Insurer's Bad Faith)**

9. As a separate and ninth affirmative defense to the First Amended Complaint, and each purported cause of action therein, SVO alleges that Navigators is barred from recovering attorney's fees or costs allegedly incurred in the defense of Navigators by virtue of its breach of the implied covenant of good faith and fair dealing by among other things, withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation; and failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Navigators policy.

**TENTH AFFIRMATIVE DEFENSE**

**(Unstated Affirmative Defenses)**

10. All possible affirmative defenses may not have been alleged if sufficient facts were not available after reasonable inquiry upon the filing of SVO's Answer and therefore SVO reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

/ / /

WHEREFORE, Defendant SVO prays for relief as follows:

1. That the First Amended Complaint be dismissed, with prejudice and in its entirety;

2. That Navigators take nothing by reason of this First Amended Complaint and that judgment be entered against Navigators and in favor of SVO;

3, That SVO be awarded its costs incurred in defending this action; and

4. That SVO be granted such other and further relief as the Court may deem just and proper.

## SVO BUILDING ONE, LLC'S COUNTERCLAIM

For its claims against Counter-defendant Navigators Specialty Insurance Company (hereinafter "Navigators"), Counterclaimant SVO Building One, LLC (hereinafter "SVO") alleges as follows:

## PARTIES

1. Counterclaimant SVO is a limited liability company, registered in Delaware, with its principal place of business in McClellan, California. At all times mentioned in this Counterclaim, SVO has been authorized to do business in the State of California.

2. Upon information and belief, Counter-defendant Navigators is a corporation formed under the laws of the State of New York with its principal place of business in Connecticut. Based on information and belief, as well as the allegations in its own First Amended Complaint, Navigators has been at all times authorized to do business in the State of California

## JURISDICTION AND VENUE

3. This Court has jurisdiction over SVO's Counterclaim pursuant to 28 U.S.C. § 1332 and Rule 20 of the Federal Rules of Civil Procedure.

4. Pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship between SVO and Navigators and there is more than $75,000 in controversy. Counter-Defendant is liable to pay 100% of SVO's defense fees since owes an independent duty to SVO under its insurance

policy.

5. Pursuant to Rule 20(a)(2)(A)-(B) of the Federal Rules of Civil Procedure, SVO's Counterclaim seeks relief from Counter-defendant related to the same underlying lawsuit that forms the basis of Navigators' First Amended Complaint. Therefore, SVO's Counterclaim arises out of the same transaction, occurrence, or series of transactions or occurrences as those alleged in Navigators' First Amended Complaint. Furthermore, SVO's Counterclaim presents questions of fact and law that are common to Navigators' First Amended Complaint, which concerns the defense of the same underlying lawsuit pending against SVO in this Court, and reimbursement of the expenses that SVO has and will incur defending this lawsuit.

6. In addition, to the extent this Court is willing to assert jurisdiction over Navigators' First Amended Complaint, it should also assert supplemental jurisdiction over SVO's Counterclaim under 28 U.S.C. § 1367, notwithstanding this Court's original jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**GENERAL ALLEGATIONS**

8. SVO bought a commercial liability insurance policy from Navigators, Navigators' Policy No. LA17CGL219162IC covering the period from July 12, 2017 to August 12, 2019 (the "Policy"). A true and correct copy of the Policy, which was in full force and effect at all relevant times discussed herein, is attached hereto as **Exhibit A**.

9. SVO paid all premiums due under the Policy and performed all conditions and obligations required of it under the Policy.

10. Sometime in 2018, Liebert Corporation, which later changed its name to Vertiv ("Vertiv"), filed a complaint with the American Arbitration Association against SVO titled *Liebert Corporation v. SVO Building One, LLC* (the "Underlying Action"). SVO subsequently filed a counterclaim against Vertiv. In this action, Navigators seeks reimbursement of defense fees and costs it alleges it paid on behalf of SVO in that action.

11. On July 11, 2019, Vertiv filed a Fourth Amended Complaint (the "4th AC") in the Underlying Action, asserting eighteen causes of action against SVO as follows: (a) breach of

contract; (b) open book account; (c) reasonable value; (d) declaratory relief; (e) violation of unfair competition law; (f) misappropriation of trade secrets (asserted as two causes of action under separate statutes); (g) patent infringement (asserted as six causes of action under separate patents); (h) intentional interference with contractual relations; (i) defamation; (j) fraud; (k) negligent misrepresentation; and (l) civil conspiracy. A true and correct copy of the underlying 4th AC, without exhibits, is attached hereto as **Exhibit B**.

12. The 4th AC alleged claims that all times were actually and potentially covered by the Policy, triggering Navigators' duty to defend SVO in the Underlying Action.

13. On October 28, 2019, SVO timely tendered defense of the Underlying Action to Navigators and requested that Navigators provide SVO a defense to the 4th AC. Prior to the acceptance of the defense by Navigators, SVO had been conducting its defense through a law firm it had selected, Murphy Austin, and the matter was proceeding to arbitration. Navigators accepted tender and agreed to provide defense to SVO pursuant to a letter asserting a reservation of rights to deny coverage, a true and correct copy of which is attached hereto as **Exhibit C**. In the letter, Navigators claimed that the Underlying Action's defamation cause of action was the only allegation that was potentially covered. It assigned one of its panel counsel -- the law firm of Gordon Rees Scully & Masukhani, LLP ("GRSM") -- to conduct the defense. After nine months of work, with the arbitration date fast approaching, GRSM asserted that it had a conflict of interest because it represented a subcontractor of Vertiv and had to withdraw from the case. Navigators then assigned another of its panel counsel defense firms -- Tyson & Mendes -- to conduct the defense for SVO of the Underlying Action.

14. At all times herein mentioned, Navigators was and is a client of Tyson & Mendes and Tyson & Mendes represents Navigators.

15. On or about November 10, 2020, Navigators informed SVO that it confirmed Tyson & Mendes did not have a conflict in assuming the representation of SVO in the Underlying Action.

16. Tyson & Mendes asserted that it had performed a detailed review of SVO's request that Tyson & Mendes also represent SVO in connection with its affirmative claims

(Counter/Cross-Claims) against Vertiv in the Underlying Action, while continuing to defend SVO as to the claims against it. SVO's defense against Vertiv *and* affirmative claims against Vertiv were based on the same facts making them inextricably intertwined.

17. At no time did anyone from Tyson & Mendes inform SVO that prosecuting the affirmative claims (which were based on the same facts supporting SVO's defenses), while at the same time defending SVO as panel counsel for Navigators, could or would create a conflict of interest between SVO and Navigators Insurance. SVO was not provided with a written conflict disclosure and waiver at this time, or at any time, as required by The State Bar of California Rules of Professional Conduct, Rule 1.7 which requires both written disclosure and informed consent of the actual and/or potential conflict related circumstances, as well any reasonably foreseeable adverse consequences stemming from such a conflict.

18. SVO incurred expenses to avoid or at least minimize liability from the use of consultants, experts and counsel necessary for the conduct of the defense in the period after it made demand on Navigators for a defense and continuing through the end of the Underlying Case. Such expenses were necessary to the conduct of the defense and were an obligation of Navigators under its duty to defend. Nonetheless, Navigators failed to reimburse SVO for such expenses in whole or in part. SVO additionally had to pay for arbitration fees incurred by AAA which should have been paid by Navigators under the Policy. Such fees and expenses exceed $1 million. As a result of Navigators' failure to pay such expenses, SVO was forced to pay those defense expenses by itself.

19. Navigators failed in its duty to competently manage the defense. Instead of utilizing a small, knowledgeable and efficient team of attorneys devoted to the case, Navigators utilized a partner who devoted insufficient time to the defense and a rotating group of numerous attorneys who had little knowledge of the case and the issues in dispute and performed duplicative and unnecessary tasks. This led to rampant overbilling, duplicative billing, and inflated and padded time entry charges, often for work Navigators knew or should have known had little to no use for the defense of the matter.

20. A competent manager of the defense fees and expenses would have and should have discovered these practices and halted them. Navigators may have paid less attention to the excessive

fees and costs incurred because it intended to seek recovery of its payments to Tyson & Mendes and experts it retained from SVO. Ultimately, Tyson & Mendes billed in excess of $2 million for the Underlying Action between at least 11 different timekeepers including lawyers (partners and associates) and paralegals. SVO received little or no benefit to its defense from those fees and expenses.

21. Navigators also mismanaged the retention of experts in the defense of the Underlying Action, retaining excessively expensive multiple experts who did not have sufficient knowledge of the issues involved in the construction of a data center, instead of a few experts with knowledge of in the relevant and specific areas of expertise. The experts retained by Navigators did not contribute to the defense of the Underlying Action but incurred excessive expenses that a competent manager would not have permitted.

22. On March 24, 2021, Vertiv dismissed the defamation cause of action from the 4th AC.

23. On March 31, 2021, Navigators sent SVO a letter stating that because the defamation cause of action had been dismissed Navigators was denying all coverage and that it would be withdrawing its defense of SVO only 15 days later on April 15, 2021. Navigators stated that it would no longer pay for any legal fees or expenses incurred on behalf of SVO in the litigation and that it would not contribute to any settlement involving SVO in the litigation. Such withdrawal violated California law mandating that as long as a potential of coverage existed, the duty to defend continued until final conclusion of the action.

24. The March 31, 2021 letter from Navigators also informed SVO that "Tyson & Mendes, LLP is copied on this correspondence. Tyson & Mendes has been appointed by Navigators to defend SVO with respect to the Litigation, and SVO approved that appointment. Additionally, Navigators understands that SVO has entered into a separate engagement with Tyson & Mendes with respect to the prosecution of SVO's affirmative claims in the Litigation. It is your responsibility to contact Tyson & Mendes regarding any continued engagement regarding representation of SVO in the Litigation." SVO is informed and believes that Navigators had actual or constructive knowledge that Tyson & Mendes had required SVO to sign a new and

separate retainer with respect to the defense and prosecution of the Underlying Action.25.On April 15, 2021, Navigators withdrew its defense of SVO in the arbitration.

25. On or about April 28, 2021, SVO and Tyson & Mendes entered into an Amended Legal Services Agreement, which superseded all prior legal services agreements between Tyson & Mendes and SVO (the "Amended Agreement"). The scope of legal services in the Amended Agreement was "Handling all aspects of Client's defense and affirmative counter/cross-claim in the arbitration between SVO Building One, LLC and [Company]..." The Amended Agreement also provided for a $325,000 retainer, which was promptly paid by SVO.

26. As a result of the improper withdrawal of the defense, Navigators was forced to utilize and pay for the services of coverage counsel to obtain the Policy benefits of a defense after Navigators' unfounded withdrawal in breach of its obligations under the Policy. On May 3, 2021, SVO promptly objected to the withdrawal and sent a letter to Navigators, by a letter prepared by the coverage counsel Navigators retained, a true and correct copy of which is attached hereto as **Exhibit D**. The letter stated that SVO disagreed with Navigators' denial of coverage and that Navigators' duty to defend continued. SVO retendered its defense to Navigators and informed it that their determination concerning coverage was "factually and legally unsupported". Moreover, SVO informed Navigators that the 4th AC still triggered the duty to defend because it still included claims of disparagement, as follows:

- "causing third parties to issue false reports regarding the commissioning _of equipment on the Project;" (¶55, p. 12:23-24; ¶56, p.13:5-7.)
- SVO's conduct "erodes Vertiv's reputation as a designer and builder .... "
- Communications "disparaging Vertiv's work" were made by SVO to DPR. (¶146, p. 29:13.)

(*Id.*)

27. SVO's letter also stated that the property damage claim in the 4th AC was covered under the Policy under the coverage for property damages—including loss of use of tangible property, which was not physically harmed. SVO cited numerous allegations in the 4th AC that would qualify under the Policy as follows:


PS PARKER SHAFFIE LLP

- “SVO has given drawing and calculations prepared by Vertiv to designers and builders of data centers . . . .” (¶30, p. 8:19-20.);
- "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but . . . continues to do so. " (¶82, p. 16:25-28.);
- “SVO have [sic] continued to use in the United States without authority devices covered by the ‘082 Patent . . . .” (¶, p.18:8-9);
- "Vertiv provided SVO with a Liebert-designed, manufactured and branded STS2 Static Transfer Switch 2 for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the STS2 Static Transfer Switch 2, but ... continues to do so." (¶93, p. 18:27-28 - p. 19:1-2.);
- " SVO have [sic] continued to use in the United States without authority devices covered by the '804 Patent .... " (¶97, p. 19:25-26.);
- "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125 ) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but ... continues to do so." (104, p. 20:15-18.);
- "SVO have [sic] continued to use in the United States without authority devices covered by the '404 Patent .. .. " (108, p. 23:11-12.);
- "Vertiv provided SVO with a Liebert-designed, manufactured and branded DSE cooling system (e.g., DA150 and DA125) for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the DSE cooling system, but .. . continues to do so." (115, p. 24:3-6. );

- "SVO have [sic] continued to use in the United States without authority devices covered by the '424 Patent .... " (119, p. 25:23-24.);
- "Vertiv provided SVO with a Liebert-designed, manufactured and branded EXL S1 UPS for use in the Project. When Vertiv properly revoked the license in August 2018, SVO no longer had the right to use the EXL Sl UPS, but ... continues to do so." (126, p. 26:14-17.);
- "SVO have [sic] continued to use in the United States without authority devices covered by the '124 Patent .... " (130, p. 27:11-12.);

(*Id.*).

28. On May 18, 2021, Navigators accepted SVO's retender of defense by a letter, a true and correct copy of which is attached hereto as **Exhibit E**. SVO accepted the retendered defense the same day, rejecting its attempted restrictive terms by letter, a true copy of which is attached hereto as **Exhibit F**. That letter also informed Navigators that SVO had selected Tyson & Menes and independent Cumis counsel, but Navigators still refused to disclose the conflict presented by Tyson & Mendes as panel counsel.

29. Despite representing Navigators in other matters and its undisclosed conflict of interest, Tyson & Mendes allocated the attorney's fees and expenses between those it contended were incurred in the defense of the Underlying Action, payable by Navigators, and those incurred in the prosecution of SVO's counterclaim, payable by SVO. Instead of allocating all fees and expenses related to the defense of the action to Navigators, Tyson & Mendes, acting on behalf of Navigators, allocated expenses and fees which should have been paid by Navigators to SVO, resulting in over $100,000 of fees and expenses which should have been paid by Navigators being charged to and paid by SVO.

30. On or about December, 2021, SVO, with private counsel other than Tyson & Mendes, settled with Vertiv, which dismissed all of its claims against SVO, and Navigators did not pay one penny in settlement of indemnity.

31. On or about January 31, 2022, SVO filed an action against Tyson & Mendes alleging legal malpractice in the conduct of SVO's defense in the Underlying Action. Navigators

retaliated by filing this action to seek recovery of fees and defense costs it alleges it incurred in such defense pursuant to the case of *Buss v. Superior Court*, 16 Cal. 4th 35 (1997) pursuant to what it contended was its reservation of rights to seek reimbursement of the fees and costs it incurred and for the defense of claims for which there was no potential of coverage.

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against Navigators)**

32. SVO realleges and incorporates the preceding paragraphs as if fully set forth herein.

33. The Policy is a written and enforceable contract between Navigators and SVO.

34. SVO fully satisfied all of the conditions precedent and had satisfied all other obligations under the Policy.

35. Under the Policy, Navigators owed a duty to defend SVO against the Underlying Action and to pay for all sums that SVO became legally obligated to pay because of the Underlying Action. SVO's reasonable expectation was that it would do so.

36. Navigators breached its contractual obligations by (i) by mismanaging the defense of the Underlying Action during the period Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify; (ii) by refusing to reimburse in whole or in part the costs of experts and counsel necessary to the defense which SVO was then forced to pay; (iii) by withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation; and (iv) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

37. As a direct and proximate result of Navigators' breach, SVO has suffered substantial damages in an amount to be determined at trial. In addition, SVO has sustained, and continues to sustain, attorneys' fees and costs in pursuing its rights under the Policy.

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Navigators)**

38. SVO realleges and incorporates the preceding paragraphs as if fully set forth herein.

39. In every contract of insurance, including the Navigators Policy, there is an implied covenant of good faith and fair dealing that the insurance company will do nothing to unfairly deprive its policyholder of the benefits of the contract or to place its own interests before the interests of its policyholder. Navigators, having sold the Navigators policy to SVO, was at all times bound, and continues to be bound, to this implied covenant of good faith and fair dealing.

40. In the course of wrongfully denying SVO insurance coverage for the Underlying Action and taking the positions described herein, Navigators breached the implied covenant of good faith and fair dealing by, among other things:

(a) mismanaging the defense of the Underlying Action during the period that Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify;

(b) refusing to reimburse in whole or in part the costs of experts and counsel necessary to the defense of the Underlying Action which SVO was then forced to pay;

(c) denying a defense based on policy exclusions which are inappplicable to the case;

(d) withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation; and

(e) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

41. Navigators' conduct was unreasonable and engaged in for the purpose of placing Navigators' own interests ahead of those of SVO, its insured, and for withholding from SVO the rights and benefits to which SVO is entitled under the Navigators' policy.

42. Navigators' conduct was done with conscious disregard of SVO's rights and constitutes despicable conduct, and was done with the intent to vex, injure or annoy SVO such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling SVO to punitive damages in an amount appropriate to punish or set an example of Navigators.

43. As a direct and proximate result of Navigator's breach, SVO has suffered substantial damages in an amount to be determined at trial. In addition, SVO has incurred, and continues to incur, attorneys' fees and costs in pursuing their rights under the Policy.

**THIRD CAUSE OF ACTION**

**(Violation of Business & Professions Code §§ 17200, et seq. and §§17500 et seq.)**

44. SVO realleges and incorporates the preceding paragraphs as if fully set forth herein.

45. SVO is an insurance consumer and member of the public, and is therefore a member of the class of persons intended to be protected by the provisions of the Unfair Practices Act, California *Business & Professions Code* §§17200, et seq. Said laws prohibit any unlawful, unfair or fraudulent business act or practice. They also prohibit any unfair, deceptive, untrue or misleading advertising, and include violations of §17500. They were intended to prevent the type of conduct and injury set forth herein, and to be enforced by SVO.

46. Navigators promised and provided grants of defense coverage for property damage and personal injury, including disparagement claims in suits against SVO. It also was required to inform and disclose to SVO any conflict of interest it created by its conduct in defending by selecting defense counsel.

47. Navigators intentionally selected Tyson & Mendes, one of its panel counsel, which had an existing financial and legal relationship with Navigators, as SVO's defense counsel. But Navigators was required to disclose to SVO and inform it of Tyson & Mendes's panel counsel status, and to obtain SVO's informed and written consent to such representation. This disclosure was in addition to the disclosure of any coverage disputes. It defeats the reasonable expectations of SVO to have a lawyer loyal to its interests. Navigators' conduct is contrary to and in violation of California law, is unlawful, violating *San Diego Navy Federal Credit Bureau vs. Cumis Ins.*

*Society* (1984) 162 Cal.App.3d 358. It is unfair in that SVO got lawyers who were concurrently representing an adversary.

48. By the acts, omissions, and representations of said Defendants, as alleged herein, Navigators has violated its duties, including those contained in *California Insurance Code* § 780.

49. By the acts and omissions of Navigators as alleged herein, it has engaged in unfair competition as defined in *California Business & Professions Code* §§17200 *et seq*. The unfair competition, or deceptive conduct, arises out of SVO's claims for the various policy benefits, including a conflict free defense; it includes, but is not limited to, violation of *Insurance Code* § 780 and correlative regulations, and California decisional law requiring an insurer to disclose conflicts of interest.

50. The acts of Navigators constitute unlawful, unfair and fraudulent business practices. Pursuant to *Business & Professions Code* §17203, SVO is entitled to an injunction preventing and enjoining the proposed and actual performance of such conduct.

51. In addition, *Business & Professions Code* §17203, authorizes the Court to order restitution. SVO also seeks attorneys' fees pursuant to California *Code of Civil Procedure* §1021.5.

**<u>FOURTH CAUSE OF ACTION</u>**

**(For Declaratory Relief)**

52. SVO realleges and incorporates the preceding paragraphs as if fully set forth herein.

53. An actual controversy has arisen and now exists between SVO, on the one hand, and Navigators, on the other hand, in that Navigators is seeking to recover fees and expenses it paid to defense counsel it selected to defend SVO in the Underlying Action for which it bears the burden of proving that are solely allocable to claims not potentially covered, but that SVO is entitled to recovery against Navigators as a result of Navigators' actions, that the claims of Navigators against SVO are barred, and in the alternative, that any award on Navigators' claims must be offset by virtue of the damages incurred by SVO as a result of Navigator's actions

(a) mismanaging the defense of the Underlying Action during the period that

Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify;

(b) refusing to reimburse the costs of experts and counsel necessary to the defense of the Underlying Action which were covered costs of defense that should have been paid by Navigators which SVO was then forced to pay;

(c) withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation and thereby breaching its contractual obligations and the implied covenant of good faith and fair dealing in the insurance contract; and

(d) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

54. SVO is informed and believes that Navigators contends otherwise.

55. SVO desires a judicial determination that it is entitled to an award of damages against Navigators, or in the alternative for an offset of any claim for damges of Navigators against it, for each of the following acts, omissions and breaches of contract:

(a) mismanaging the defense of the Underlying Action during the period that Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify;

(b) refusing to reimburse the costs of experts and counsel necessary to the defense of the Underlying Action which were covered costs of defense that should have been paid by Navigators which SVO was then forced to pay;

(c) withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation and thereby breaching its contractual obligations and the implied covenant of good faith and fair dealing in the

insurance contract; and

(d) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

**WHEREFORE**, SVO prays for judgment as follows:

**1. <u>FIRST CAUSE OF ACTION</u>**

(a) a judgment of liability against Navigators for SVO's damages, according to proof at trial;

(b) compensatory and consequential damages exceeding $75,000 exclusive of interest and costs, according to proof at trial;

(c) prejudgment interest on all amounts of money due to SVO at the legal rate;

(d) costs of suit incurred; and

(e) such other and further damage and relief as the Court may deem just and proper.

**2. <u>SECOND CAUSE OF ACTION</u>**

(a) a judgment of liability against Navigators for SVO's damages, according to proof at trial;

(b) compensatory and consequential damages exceeding $75,000 exclusive of interest and costs, according to proof at trial;

(c) prejudgment interest on all amounts of money due to SVO at the legal rate;

(d) costs of suit incurred;

(e) attorney's fees incurred to obtain insurance coverage for defense fees incurred by SVO;

(e) punitive damages at the full extent permitted by law; and

(f) such other and further damage and relief as the Court may deem just and proper.

**<u>THIRD CAUSE OF ACTION</u>**

(a) an injunction preventing and enjoining the unlawful, unfair, and fraudulent

business practices set forth herein;

(b) restitution of the benefits obtained by Navigators from SVO by its by its unlawful, unfair and fraudulent business practices;

(c) an award of attorney's fees pursuant to C.C.P. §1021.5;

(d) costs of suit incurred herein; and

(e) such other and further relief as the court may deem just and proper.

**FOURTH CAUSE OF ACTION**

(a) a judicial determination and declaration that it is entitled to an award of damages against Navigators for each of the following acts, omissions and breaches of contract:

(1) mismanaging the defense of the Underlying Action during the period that Tyson & Mendes was retained as panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify;

(2) refusing to reimburse the costs of experts and counsel necessary to the defense of the Underlying Action which were covered costs of defense that should have been paid by Navigators which SVO was then forced to pay;

(3) withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation and thereby breaching its contractual obligations and the implied covenant of good faith and fair dealing in the insurance contract; and

(4) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy;

(b) prejudgment interest on all amounts of money due to SVO at the legal rate;

(c) costs of suit incurred; and

(d) such other and further damage and relief as the Court may deem just and proper.

DATED: July 16, 2024

**PARKER SHAFFIE LLP**

By: *[signature]*

David B. Parker
Bruce T. Smyth
Attorneys for **Defendant/Counterclaimant SVO BUILDING ONE, LLC**

**DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 3-6 and Rule 38 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant SVO Building One, LLC respectfully requests a jury trial on all issues so triable. This request applies to all jury-triable issues in Navigator's First Amended Complaint and SVO's Counterclaim.

DATED: July16, 2024

**PARKER SHAFFIE LLP**

By: *[signature]*

David B. Parker
Bruce T. Smyth
Attorneys for **Defendant/Counterclaimant SVO BUILDING ONE, LLC.**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On July 16, 2024, I served true copies of the following document(s) described as **SVO BUILDING ONE'S ANSWER AND COUNTERCLAIM** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 16, 2024, at Los Angeles, California.

Ben Barragan