David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-cv-07102-AMO<br>Hon. Araceli Martínez-Olguín<br>Courtroom 10<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Case Management Conference</u><br>Date: August 20, 2024<br>Time: 10:00 a.m.<br>Ctrm.: 10<br><br>Action Filed: November 14, 2022 |
| SVO BUILDING ONE, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-Defendant. | |

In accordance with Federal Rules of Civil Procedure, Rule 26, Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") and Defendant/Counterclaimant SVO Building One, LLC ("SVO") hereby submit their Joint Case Management Statement to the Court following their meet and confer conference. Navigators and SVO will collectively be referred to

as the "Parties" herein.

**1. JURISDICTION & SERVICE**

As set forth in Navigators' First Amended Complaint for Declaratory Relief [Doc. 43] ("FAC"), Navigators filed this action in the Northern District of California based on diversity jurisdiction. Navigators is a citizen of New York, and SVO is a citizen of California. (FAC, ¶¶ 2-3.) The amount in controversy exceeds $75,000. (FAC, ¶ 4.) SVO's Answer to First Amended Complaint and Counterclaim [Doc. 53] ("Counterclaim") asserts jurisdiction on the same basis. (Counterclaim, ¶¶ 1-2, 4.) No issue exists regarding personal jurisdiction or venue. All Parties have been served.

**2. FACTS**

**A. Navigators' Position**

The action arises out of a dispute over reimbursement owed to Navigators after its defense of SVO under Policy No. LA17CGL219162IC ("Policy") in the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action"). The Fourth Amended Complaint in the Underlying Action asserted a cause of action for defamation, alleging SVO "disparaged" the work of Liebert Corporation ("Claimant") and its reputation through conduct including "making numerous false statements to third parties on the jobsite and within the industry, including but not limited [to], falsely stating that commencement of equipment commissioning at the Project was delayed as a result of [the Claimant's] inability to manage the Project." [Doc. 43-2, Fourth Amended Complaint, ¶ 151, pp. B-29, 30.] The Policy's definition of "personal and advertising injury" includes the enumerated offense of "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." [Doc. 43-1, Policy, p. A-37.] Given the disparagement allegations in the Underlying Action, Navigators agreed to defend SVO through independent counsel pursuant to a reservation of rights on October 29, 2019, including the right to withdraw from SVO's defense and to seek reimbursement of all attorneys' fees and costs incurred in defense of uncovered claims. [Doc. 43-5, Reservation of Rights Letter, pp. E-1 to E-15.]

It is undisputed that the Claimant dismissed the defamation cause of action and all allegations contained therein from the Underlying Action on March 24, 2021. [Doc. 43-3, Dismissal, p. C-2.] After that time, as there was no potential duty to defend under the Policy, Navigators rightfully advised SVO that it was withdrawing from the defense effective March 24, 2021. [Doc. 43-6, March 31, 2021 Letter, pp. F-1 to F-2.] SVO objected to the withdrawal, so Navigators agreed to continue with the defense pursuant to its reservation of rights despite the fact that all attorneys' fees and costs incurred from March 24, 2021 on were for uncovered claims and would be subject to reimbursement from SVO, which Navigators advised SVO at the time. [Doc. 43-8, May 18, 2021 Letter, pp. H-1 to H-2.] The Underlying Action proceeded to arbitration, and there was no mention of defamation throughout those proceedings. Navigators is now entitled to recovery of all such fees and costs incurred since March 24, 2021 in addition to those incurred in defense of uncovered claims since Navigators' defense began given the numerous other coverage defenses in the Policy.

Navigators filed the FAC seeking declarations that (1) it is entitled to reimbursement for all defense fees incurred from March 24, 2021; and (2) it is entitled to reimbursement for fees incurred in defense of uncovered claims since the inception of the Underlying Action.

**B. <u>SVO's Position</u>**

The plaintiff in this matter, Navigators, is seeking to recover attorney's fees and costs it alleges it incurred in the defense of Defendant and Counterclaimant SVO Building One, LLC. Under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), in order to recover any expense paid, Navigators bears the burden of establishing that any expense for which it seeks recovery is solely allocable to a non-covered claim. SVO contends that because there were potentially covered claims throughout the period Navigators was obligated to provide a defense, few of the attorney's fee expenses and costs it alleges it paid satisfy that standard.

Contrary to Navigators' claims, a number of allegations of defamation remained in the fourth amended complaint after the dismissal, without prejudice, of the defamation cause of action. Under California law, an insurer must continue to provide a defense until the action is tried and or settled. Further, because a cause of action dismissed without prejudice could be re-

filed, the dismissal does not eliminate the duty to defend.

Additionally, any recovery for an insurer under *Buss* is restitutionary in nature and because SVO did not receive any benefit from the work of the defense counsel retained by Navigators, no amount is owed. Further, any claim for recovery of fees is barred because of Navigator's breach of the implied covenant of good faith and fair dealing in abandoning the defense of SVO.

SVO asserts claims against Navigators in its counterclaim for breach of the insurance contract, breach of the implied covenant of good faith and fair dealing, violations of California Business and Professions Code sections 17200, *et seq.* and 17500, *et seq.,* and declaratory relief. SVO incurred expenses for counsel, consultants, experts and arbitrators that Navigators was obligated to pay for as part of its defense but did not in breach of its contractual obligations. Navigators additionally breached its contractual obligations by mismanaging the defense of the underlying action during the period Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, at the same time Navigators knew it would be seeking recovery of those fees and expenses from SVO.

The withdrawal of the defense counsel by Navigators additionally constituted a breach of the implied covenant of good faith and fair dealing. Additionally, Navigators was required to disclose the fact that it had an existing financial and legal relationship with the panel counsel it selected, Tyson & Mendes, and to obtain SVO's informed and written consent to such representation, but failed to do so and thereby engaged in unfair competition as defined in California Business & Professions Code sections 17200, *et seq.*, by its actions.

## 3. LEGAL ISSUES

### A. Navigators' Position

This case involves a judicial determination of coverages owed under the Policy for the Underlying Action. All amounts owed under the Policy for defense of the Underlying Action have been paid, and additional amounts were paid in defense of uncovered claims, including all attorneys' fees and costs incurred as of dismissal of the defamation claim on March 24, 2021,

entitling Navigators to reimbursement as a matter of law. The Court will determine what claims were not covered under the Policy since the inception of the Underlying Action and whether the dismissal of the defamation cause of action eliminated any potential trigger of coverage as of March 24, 2021. A coverage determination on these issues resolves all claims brought by Navigators and SVO. It will fully adjudicate the declaratory relief causes of action in the FAC and the Counterclaim as well as the breach of contract claim in the Counterclaim. After resolution of the breach of contract claim, SVO's tort claims fail as a matter of law.

**B. <u>SVO's Position</u>**

The determination before the jury at trial will be whether Navigators has met its burden of proof as to whether specific attorney's fee entries are solely allocable to non-covered claims, and not, as Navigators contends, what claims are covered. Defendant and Counterclaimant SVO believes that the following legal issues are in dispute:

Can Navigators meet its burden of proof under Buss of establishing that any expense for which it seeks recovery is solely allocable to a non-covered claim?

May Navigators recover attorney's fees and costs for expenses solely allocable to a non-covered claim for which SVO received no benefit?

Is Navigators' claim for recovery of attorney's fees and costs barred by its breach of the implied covenant of good faith and fair dealing by withdrawing its defense of potentially covered claims?

Is Navigators liable for breach of contract in failing to pay the costs of attorney's fees, expert fees, consulting fees and arbitrator's fees incurred in the defense of the underlying action during the Navigators' policy period?

Is Navigators liable for breach of the implied covenant of good faith and fair dealing for withdrawing the defense of SVO while the underlying action was pending?

Did Navigators violate the provisions of California Business & Professions Code section 17200 prohibiting unlawful, unfair or fraudulent failing to disclose that the panel counsel it selected, Tyson & Mendes, had an existing financial and legal relationship with Navigators and to obtain SVO's informed and written consent to such relationship but failed to do so?

**4. MOTIONS**

No motions have been filed to date. Navigators anticipates filing a dispositive motion to adjudicate the claims in the FAC and Counterclaim.

**5. AMENDMENT OF PLEADINGS**

The Parties do not anticipate any parties, claims, or defenses will be added to this action. The Parties propose a deadline for amending the pleadings of September 19, 2024.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to Federal Rules of Civil Procedure, Rule 26(f), regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

The Parties have agreed to make their Initial Disclosures by September 12, 2024.

**8. DISCOVERY**

Many of the documents that will impact the issues in this case will be jointly authenticated by the Parties. It is Navigators' position that this matter can be largely resolved based on the Policy language and the pleadings in the Underlying Action. Navigators would like to avoid a protracted litigation by engaging in unnecessary discovery until a coverage determination is made. Navigators will pursue discovery if necessary should SVO proceed with its planned discovery. Navigators further believes that any discovery on the tort claims would be more efficiently handled in phases to follow a determination by this Court on the coverage issues.

It is SVO's position that this matter is not appropriate for summary judgment on the first amended complaint because in order to obtain recovery for any fee entry or expense, Navigators must prove that the expense is solely allocable to a non-covered claim, which requires a fact-by-fact determination. SVO asserts that Navigator's position that the case can be resolved on the pleadings ignores the applicable law, in particular the *Buss* case. SVO intends to conduct discovery, among other things, as to the expenses Navigators contends are solely allocable to non-covered claims, its decision to withdraw SVO's defense, and its refusal to reimburse SVO for

defense expenses. SVO does not believe that there are any grounds for summary judgment or any reason for delaying document discovery, among other reasons, because the discovery on the claims for breach of contract is largely co-extensive with any tort claims. Depositions can commence after and depositions after document discovery has proceeded.

The Parties do not anticipate any issue with preserving discovery information, e-discovery, or claims of privilege. They do not seek any changes to the statutory rules for discovery.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

There is no related case to this matter. SVO advises the Court that it has a legal malpractice arbitration pending against the panel counsel that handled SVO's defense of the Underlying Action.

**11. RELIEF**

Through the FAC, Navigators seeks the declarations identified above. Through the Counterclaim, SVO seeks recovery of the costs of defense incurred and paid by it which it contends should have been paid by Navigators, of the attorney's fees and expenses incurred by SVO as a result of Navigators' decision to withdraw its defense and a declaration that Navigators is not entitled to recovery for excessive billing on fees and expenses of its panel counsel.

**12. SETTLEMENT & ADR**

The Parties have met and conferred in compliance with ADR L.R. 3-5. The Parties will file their "ADR Certification by Parties and Counsel." The Parties agree to abide by ADR L.R. 3-7 for the private mediation to take place within 90 days after the entry of an order referring the case to a specific ADR process.

**13. OTHER REFERENCES**

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

/ / /

**14. NARROWING OF ISSUES**

The Parties intend to stipulate to authenticity of many of the key documents for adjudication of issues in this case.

Navigators will request that SVO's tort claims be bifurcated so that they will be adjudicated after a determination of the entitlement to coverage under the Policy.

SVO sees no grounds for bifurcation because the issues involved in the claims on the first amended complaint of Navigators and SVO's breach of contract claims require the discovery and determination of the same issues. Further, thre is no issue of indemnity "coverage" here, but only of the duty to defend .

**15. EXPEDITED TRIAL PROCEDURE**

This case cannot be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. SCHEDULING**

The Parties propose the following pertinent dates for this action:

| Event | Deadline |
|---|---|
| Initial Disclosures | September 12, 2024 |
| Last Day to Amend Pleadings | September 19, 2024 |
| Fact Discovery Cutoff | October 6, 2025 |
| Initial Expert Disclosures | November 3, 2025 |
| Rebuttal Expert Disclosures | November 17, 2025 |
| Expert Discovery Cutoff | December 15, 2025 |
| ADR Deadline | January 26, 2026 |
| Last Date to Hear Motions | January 26, 2026 |
| Pretrial Conference | February 9, 2026 |
| Trial Date | February 23, 2026 |

/ / /

/ / /

**17. TRIAL**

SVO has requested a jury trial through its Answer and Counterclaim. The expected length of the trial is 10 days.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have all filed their Certificates of Interested Entities or Persons. Navigators' Certificate of Interested Parties [Doc. 3] states:

1. Plaintiff Navigators Specialty Insurance Company;
2. Defendant SVO Building One, LLC;
3. Navigators Insurance Company, the entity that wholly owns Navigators Specialty Insurance Company;
4. The Navigators Group, Inc., the entity that wholly owns Navigators Insurance Company; and
5. The Hartford Financial Services Group, Inc., the company that wholly owns The Navigators Group, Inc. The Hartford Financial Services Group, Inc. is a publicly traded corporation that has no parent corporation. To the best of our knowledge, no publicly held corporation currently owns 10% or more of its common stock.

SVO's Certificate of Interested Parties [Doc. 29] states:

| PARTY | CONNECTION/INTEREST |
|---|---|
| SVO Building One, LLC | Defendant |
| Sacramento Venture One, LLC | Owner of Defendant |
| Prime Data Centers. LLC | Majority Owner of Sacramento Venture One, LLC |
| MP-637 LLC | Minority Owner of Sacramento Venture One, LLC |
| McClellan Business Park LLC | Owner of MP-637 LLC |
| Data Realty Group, LLC | Majority Owner of Prime Data Centers, LLC |
| Wholesale DC Asset Holdings, LLC | Minority Owner of Prime Data Centers, LLC |
| Ares Prime Consumer SPV, LLC | Minority Owner of Prime Data Centers, LLC |

| | |
|---|---|
| Macquarie Communication Infrastructure Holdings, LLC | Owner of Wholesale DC Asset Holdings, LLC |

**19. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. OTHER MATTERS**

Not applicable.

Dated: August 13, 2024

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

Dated: August 13, 2024

PARKER SHAFFIE LLP

By: */s/ Bruce T. Smyth*
Shawn Shaffie
Bruce T. Smyth
*Attorneys for Defendant/Counterclaimant SVO Building One, LLC*

**ATTESTATION OF SIGNATURES**

Pursuant to L.R. 5-1(h)(3), each of the other signatories to this document have concurred in the filing of this document.

Dated: August 13, 2024

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*