**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>[Assigned to Hon. Araceli Martinez-Olguin]<br><br>**SVO BUILDING ONE, LLC'S MOTION TO CONTINUE TRIAL AND ALL DEADLINES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS**<br><br>Date: October 16, 2025<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor<br><br>*(Declarations of Bruce T. Smyth and Brandon Brousseau filed concurrently)* |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

/ / /

/ / /

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 16, 2025, at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 10, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant **SVO BUILDING ONE, LLC** (hereinafter "SVO") will move the Court to continue the trial in the pending action and all other deadlines by seven months to allow SVO to review the voluminous evidence in this matter, to resolve various discovery disputes with opposing counsel including responses to interrogatories and document requests, to resolve issues with respect to the form of protective order and to allow SVO to maintain a third party claim against Tyson & Mendes, LLP ("Tyson") in this action.

The motion for continuance is based on the grounds that SVO has been diligent in attempting to secure basic discovery and document production from Navigators Specialty Insurance Company ("Navigators") regarding their claims for reimbursement for defense costs paid to Tyson in an underlying action per *Buss v. Superior Court*, 16 Cal.4th 35, 46-47 (1997), but that the volume of documentation and the number of factual issues in this case require additional time. SVO has collected millions of pages of documents from Tyson in response to document requests in an arbitration by SVO against Tyson for legal malpractice now pending before Signature Resolution. Millions more pages are expected to be received shortly and entered into searchable databases. The documents are relevant to the issues and document requests propounded in this action, but the collection of such documents is not complete and the searches for relevant documents cannot yet be completed and SVO requires five more months to complete that work. More importantly, Navigators owes further document production in response to SVO's document requests and has not provided adequate responses to interrogatories.

SVO's motion is further based on the grounds that SVO seeks to assert a third party claim against Tyson in this action because many of the alleged claims by Navigators against SVO are the fault of Tyson. A complaint resulting in an arbitration was filed almost a year before this action and SVO expected that its claims against Tyson would be resolved before this action was tried. The arbitration is set for hearing on September 9, 2026, after the current trial date in this matter. Allowing the third party claim of many of the same issues would as in the arbitration

would avoid those issues being tried twice, since SVO and Tyson would be parties in both matters.

The trial in this action is currently set for July 14, 2026. (ECF 64). The Parties have previously filed one joint stipulation to modify the scheduling order to conduct a mediation on June 11, 2025 (ECF 63), which was granted as modified by the Court on June 16, 2025. (ECF 64). The mediation was conducted before the Hon. John Leo Wagner (Ret.) on September 5, 2025 and settlement discussions are continuing. SVO has twice requested that Navigators stipulate to this additional modification, on August 19, 2025 and again on September 7, 2025, but Navigators only responded on September 9, 2025, rejecting such request.

SVO seeks to move the trial and pre-trial deadlines to address the issues described above, and to allow sufficient time for discovery to continue as well as to allow the arbitration on SVO's malpractice claims to take place, such that those claims do not need to be adjudicated in this matter. SVO respectfully moves for the following amendments which extend the deadlines to the Court's Scheduling Order by seven (7) months as follows:

| Event | Deadline |
|---|---|
| Close of fact discovery | 4/24/26 |
| Initial expert disclosures | 5/15/26 |
| Rebuttal expert disclosures | 6/5/26 |
| Close of expert discovery | 6/21/26 |
| Dispositive motions | 7/1/26 |
| Oppositions to dispositive motions | 7/15/26 |
| Replies to dispositive motions | 7/22/26 |
| Dispositive motion hearing | 10/5/26 |
| Joint pretrial conference statement | 12/21/26 |
| Pretrial conference | 1/11/27 |
| Jury selection | 2/16/27 |
| Trial | 2/16/27 |

/ / /

These motions are based upon this Notice of Motions, the attached Memorandum of Points and Authorities, the Declarations of Bruce T. Smyth and Brandon Brousseau, and proposed order filed concurrently herewith, all of the pleadings, files and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: September 11, 2025 **PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth
Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

# TABLE OF CONTENTS

Page


MEMORANDUM OF POINTS AND AUTHORITIES ....... 1

I. INTRODUCTION ....... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ....... 2

A. Litigation Background ....... 2

III. CIRCUMSTANCES SUPPORT CONTINUING THE TRIAL AND PRETRIAL DATES ....... 5

IV. STANDARD OF REVIEW ....... 6

V. ARGUMENT ....... 7

A. Diligence ....... 7

B. The Need for the Continuance Would be Met if Granted ....... 10

C. The Proposed Discovery Cut-Off and Pretrial Deadline Extension Will Not Prejudice Navigators Nor Will it Inconvenience the Court ....... 11

D. SVO Will be Prejudiced if the Continuance is Denied ....... 12

VI. CONCLUSION ....... 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Buss v. Superior Court*, 16 Cal.4th 35 (1997) .... 4, 8, 10

*CTC Global Corp. v. Mercury Cable & Energy, Inc.* 2017 WL 11628848 (C.D. Cal. August 4, 2017) .... 7

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001) .... 6

*Johnson v. Mammoth Recreations, Inc.* 975 F2d 604 (9th Cir. 1992) .... 6

*Mkrtchyan v. Sacramento Cnty.*, 2021 WL 5284322 (E.D. Cal. Nov. 12, 2021) .... 12

*U.S. v. Kloehn*, 620 F.3d 1122 (9th Cir. 2010) .... 10

*United States v. Flynt,* 756 F.2d 1352 (9th Cir. 1985) .... 6

## STATUTES

California Business and Professions Code section 17200 .... 4

California Business and Professions Code Section 17500 .... 4

## RULES

Fed. R. Civ Proc. Rule 16 .... 6

Fed. R. Civ. Proc. 34 .... 8

## TREATISES

Wayne D. Brazil, 16 Moore's Federal Practice .... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counterclaimant SVO Building One, LLC ("SVO") seeks that this Court continue the trial of this action and all discovery and other deadlines for seven months for three principal reasons:

First, the parties have been unable to complete discovery on the current time frames. The complexity of the matters, the volume of documents to be reviewed, and the existence of disputes with plaintiff Navigators concerning the responses to basic discovery have made it impossible for SVO to meet the current deadlines. Navigators has not produced all of the relevant documents and has not adequately answered SVO's interrogatories. Further, some of the documents needed for SVO's case are in the possession of the panel defense counsel Tyson & Mendes LLP ("Tyson"), whose fees and expenses are the subject of Navigators' Complaint for reimbursement. SVO is seeking production of the documents from Tyson's representation in an underlying arbitration, which is not complete. The production by Tyson in that arbitration to date totals almost three million files and over 13 million pages and SVO cannot conduct a search in the database for relevant documents until that production is complete. See accompanying Declaration of Brandon Brousseau. ("Brousseau Decl."). SVO cannot complete its own discovery until that production is complete and it is able to conduct its own review.

Second, this action is extremely complex. Navigators is seeking reimbursement of attorneys' fees from over 8,000 billing entries and expert and consultant expenses it contends exceed $5 million. SVO is seeking under its counterclaims over $750,000 for fees and expenses that Navigators did not pay and damages for its insurance bad faith when it dropped SVO's defense in the middle of the case.

Third, SVO's motion is further based on the grounds that SVO seeks to assert a third party claim against Tyson in this action because many of the alleged claims by Navigators are the fault of Tyson. Navigators is entitled to no recovery from SVO, but in the event that it did obtain a recovery, Tyson bears liability and it should be found liable in the same action. The arbitration against Tyson was filed almost a year before this action and SVO expected that its claims against

Tyson would be resolved before this action was tried. The arbitration is set for hearing on September 9, 2026, after the current trial date in this matter. Allowing the third party complaint of many of the same issues as in the arbitration and continuance of the trial in this matter would avoid those issues being tried twice since SVO and Tyson would be parties in both matters and the arbitration would be tried first.

It makes no sense to try the issues of Tyson's malpractice twice, once in the malpractice action and again in this action. If the arbitration is held first, significant judicial resources will be saved in this action.

For the reasons set forth herein, SVO accordingly moves the Court to continue the trial date and all other deadline dates for seven months, which will be after the conclusion of the arbitration against Tyson in September 2026. By separately filed motion, SVO seeks that the Court grant leave to it to file a third party claim against Tyson for indemnity in this action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Litigation Background

This case arises from an arbitration filed by Liebert Corporation, which subsequently changed its name to Vertiv Corporation ("Vertiv"), against the insured, SVO, alleging breach of contract by allegedly failing to pay Vertiv for the construction of a data center. SVO cross-complained for breach of contract. SVO was represented by counsel it selected, the law firm Murphy Austin. In July 2019, Vertiv filed a fourth amended complaint which added a number of claims including one for defamation. SVO tendered the Fourth Amended Complaint to its insurers, including Navigators, which subsequently agreed to provide it a defense with panel counsel. In a reservation of rights letter, Navigators asserted that it was providing a defense solely because of what it contended was the only potentially covered claim for defamation. Navigators subsequently selected Gordon Rees Scully & Mansukani, LLP ("GRSM"), which then substituted into the action in place of Murphy Austin. After representing SVO for about nine months and incurring approximately $1 million in fees and expenses, GRSM reported that it had a conflict in continuing representation because the principal subcontractor of Vertiv on the construction project, DPR, was a regular client who would not waive the conflict.

Navigators then selected Tyson, another of its panel counsel, to substitute into the case in place of GRSM. On March 24, 2022, Vertiv filed dismissal of a number of causes of action, including the cause of action for defamation, without prejudice. Navigators informed SVO that it was withdrawing the defense and SVO was required to pay a retainer of $325,000 to continue being represented by Tyson and assume the responsibility for attorney's fees. SVO was required to retain coverage counsel, the Law Offices of Steven W. Murray ("Murray"). After Murray informed Navigators that the Fourth Amended Complaint still contained allegations of disparagement and of loss of use of property that were still potentially covered under the Navigators policy, Navigators agreed to assume the defense again. Navigators was additionally obligated to continue the defense because the defamation claim had only been dismissed without prejudice and could have been brought back into the case.

During the course of the representation, Tyson breached its obligations to SVO in numerous ways. It failed to respond to motions and claims by Vertiv's counsel that it had failed to completely produce all documents in SVO's possession. Finally, the arbitrator granted Vertiv's motion to strike some of Vertiv's counterclaims for damages, resulting in the loss of claims worth over $10 million. Tyson additionally failed to investigate other insurance available to SVO, in particular the prior commercial general liability insurer, Hallmark, who subsequently agreed to share in the costs of defense over a year later. Navigators' claim would be dramatically lower if Hallmark, which is not suing SVO, had been sharing the attorney's fees and expert expenses. In breach of its obligations to SVO, Tyson assumed the responsibility to divide fees that were being incurred to prosecute SVO's cross-complaint against Vertiv, which SVO was paying, from defense costs, which Navigators was paying. Worse yet, it did so erroneously and charged SVO for fees which were appropriately chargeable to the defense which should have been paid by Navigators.

In late 2022, frustrated by Tyson's inadequate defense, SVO undertook the negotiation of a settlement with Vertiv utilizing separate counsel and reached a settlement agreement. Under the agreement, Vertiv agreed to pay SVO $6 million and SVO agreed to purchase a fixed quantity of additional products from Vertiv at a supposedly discounted price.


PS PARKER SHAFFIE LLP

Tyson asserted that it was entitled to a share from SVO of the $6 million recovery from Vertiv under an attorney's fee agreement with SVO in connection with the prosecution of SVO's counterclaim. It then filed a lien on the full amount of the recovery, even though if it prevailed on its claim, its share would be a fraction of that recovery. On January 31, 2022, SVO filed a claim for legal malpractice against Tyson for numerous failures on its part and the dispute proceeded to arbitration. A copy of the complaint in that action is attached to the accompanying Declaration of Brandon Brousseau. The arbitration is set for hearing on September 9, 2026.

On November 14, 2022, Navigators filed this action, seeking reimbursement of attorney's fees and costs it alleges it incurred in the defense of SVO in the Vertiv action under the authority of *Buss v. Superior Court*, 16 Cal.4th 35, 46-47 (1997). In a lawsuit with covered and uncovered claims, the insurer has a duty to defend the entire action. *Id.* at 48. However, in such a "mixed action", the insurer may seek reimbursement only for "[d]efense costs that can be allocated solely to the claims that are not even potentially covered." *Id.* at 52. The burden is on the insurer when seeking reimbursement from the insured. *Id*.

Any recovery for an insurer under *Buss* is restitutionary in nature and the failure to provide a benefit to the allegedly receiving party constitutes a defense. SVO did not receive any benefit from the work of the defense counsel retained by Navigators and asserted the absence of any benefit as an affirmative defense in its answer. Further, any claim for recovery of fees is barred because of Navigator's breach of the implied covenant of good faith and fair dealing in abandoning the defense of SVO. Navigators was forced to incur the expense of coverage counsel to have Navigators re-assume the defense.

SVO asserts multiple claims against Navigators in its counterclaim -- for breach of the insurance contract, breach of the implied covenant of good faith and fair dealing, violations of California Business and Professions Code sections 17200, *et seq.* and 17500*, et seq*., and declaratory relief.

SVO incurred expenses for counsel, consultants, experts and arbitrators that Navigators was obligated to pay for as part of its defense but refused to do in breach of its contractual obligations. SVO seeks recovery of those fees and expenses, which exceed $1 million. Navigators

additionally breached its contractual obligations by mismanaging the defense of the Underlying Action during the period Tyson was panel counsel for Navigators prior to its defense withdrawal. Among other damages inflicted on SVO, Tyson's mismanagement resulted in the granting of a motion striking SVO's evidence in support of counterclaims against Vertiv worth over $10 million. Tyson additionally failed to investigate other insurance available to SVO, in particular the prior commercial general liability insurer, Hallmark, who subsequently agreed to share in the costs of defense over a year later.

Navigators also improperly permitted the gross overbilling of fees and expenses by defense counsel and approved the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify, while it at the same time it knew it would be seeking recovery of those fees and expenses from SVO. Navigators additionally breached its obligations to SVO by withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation.

## III. CIRCUMSTANCES SUPPORT CONTINUING THE TRIAL AND PRETRIAL DATES

On June 16, 2025, the Court entered an order granting the stipulation between the parties to continue trial and pre-trial dates (ECF 64) to allow the parties to conduct a mediation. The order modified the dates, which currently are as follows:

| Event | Deadline |
|---|---|
| Close of fact discovery | 9/24/25 |
| Initial expert disclosures | 10/15/25 |
| Rebuttal expert disclosures | 11/5/25 |
| Close of expert discovery | 11/21/25 |
| Dispositive motions | 12/1/25 |
| Oppositions to dispositive motions | 12/15/25 |
| Replies to dispositive motions | 12/22/25 |
| Dispositive motion hearing | 3/5/26 |

| | |
|---|---|
| Joint pretrial conference statement | 5/21/26 |
| Pretrial conference | 6/11/26 |
| Jury selection | 7/14/26 |
| Trial | 7/14/26 |

The parties participated in a mediation on September 5, 2025, and settlement discussions are continuing. Given the continued discovery disputes resulting in inadequate discovery responses, coupled with the delay in the arbitration of the claims SVO has against Tyson, the current trial date and pretrial deadlines are insufficient to allow for completion of necessary discovery and the resolution of claims against Tyson.

## IV. STANDARD OF REVIEW

A court has broad discretion in ruling upon motions to continue. See *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference.") Rule 16 of the Federal Rules of Civil Procedure authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters. Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed. R. Civ Proc. 16(b).

In *United States v. Flynt,* 756 F.2d 1352 (9th Cir. 1985), the Ninth Circuit established a four-factor test to evaluate whether good cause exists to grant a trial continuance in a civil case: 1) *Diligence:* The moving party's diligence in preparing his or her defense before the date set for trial; 2) *Usefulness of the Continuance:* The likelihood that granting the continuance would meet the need for a continuance; 3) *Inconvenience:* The inconvenience to the court and opposing parties, including witnesses, that would result from granting the continuance; and 4) *Prejudice:* The potential harm to the party resulting from the denial of the continuance. 756 F.2d at 1359.

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson v. Mammoth Recreations, Inc.* 975 F2d 604, 609 (9th Cir. 1992). Although the

existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted).

"The moving party may establish good cause by showing:

> (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order."

*CTC Global Corp. v. Mercury Cable & Energy, Inc.,* 2017 WL 11628848, at *3 (C.D. Cal., Aug. 4, 2017 (citations omitted.)

## V. **ARGUMENT**

Each of the *Flynt* factors weigh in SVO's favor. SVO has been diligent in meeting the pending timetables, and modification of the pre-trial schedule will not result in any prejudice to Navigators nor any inconvenience to the Court. Without the continuance, SVO will be prejudiced in preparing its defense, presenting its counterclaims, and in duplicative litigation and discovery. Accordingly, SVO requests this Court grant its motion in order to ensure that SVO is able to fully litigate and properly prepare its defense and counterclaims in this action.

### A. **Diligence**

In the present case, SVO has diligently prepared the case for trial throughout the discovery period. SVO filed its verified answer to the First Amended Complaint on July 16, 2024 [ECF 53] following the denial of its motion to dismiss pursuant to Rule12(b)(6) [see ECF 49]. SVO served its first discovery, two sets of requests for production, in August 2024, well before the discovery cut-off date. (Smyth Decl. ¶ 5.) Navigators provided written responses on September 20, 2024, containing many meritless objections. (Smyth Decl. ¶ 6.) Navigators provided only a partial

production but did not provide a timeframe for a complete production as required by Fed. R. Civ. P. 34(b)(2)(B). (*Id.*) During meet and confer efforts on the issue, Navigators simply repeated that documents would be produced "once they are ready" thus causing a delay in the discovery process including the taking of depositions and the propagation of additional discovery. (Smyth Decl. ¶ 7.)

Additionally, the responses indicated that certain categories of documents would not be produced. (Smyth Decl. ¶ 8.) The parties engaged in meet and confer efforts on that issue as well resulting in an agreement that a protective order would be needed for part of the document production. (*Id.*) Despite this agreement, discussions regarding the language for the protective order have been ongoing since November 2024, with Navigators still questioning language as recently as August 12, 2025. (Smyth Decl. ¶ 9.) The parties have only recently agreed on the subject matter of the protective order on September 10, 2025. (*Id.*)

A subset of documents have been produced, but a significant number remain outstanding. (Smyth Decl. ¶ 10.) A significant amount of promised documents remain outstanding pending finalizing issues with regard to the requested protective order, which was just achieved on September 10, 2025, only 14 days before non-expert discovery cutoff. (Smyth Decl. ¶ 11.)

Following the limited production, SVO sent interrogatories to Navigators regarding the documents produced, including questions requesting Navigators provide the facts supporting their burden pursuant to the factors enumerated in *Buss v. Superior Court,* 16 Cal.4th 35 (1997). (Smyth Decl. ¶ 12.) Specifically, the interrogatories request Navigators to identify the costs that can be allocated solely to the claims that are not even potentially covered. *Buss*, 16 Cal. 4th at 52. It is Navigators' burden to show that it is entitled to reimbursement beyond a preponderance of the evidence. *Id.* at 53. Navigators provided deficient responses to those interrogatories on August 25, 2025. (Smyth Decl. ¶ 13.) Navigators has asserted right to recover "all fees and costs incurred after the March 24, 2021 dismissal of the allegations of defamation in [the Underlying Action]" and "[v]irtually all (if not all)" fees incurred prior to the dismissal. (*Id.*) There are over 8000 billing entries from Tyson in the Underlying Matter. SVO has had to spend a significant amount of time reviewing these entries. (Smyth Decl. ¶ 14.) Navigators has refused to do so and provide adequate responses to discovery regarding their burden under *Buss*. (*Id.*)



PS PARKER SHAFFIE LLP

SVO is currently engaged in the required meet and confer process to obtain appropriate answers to those interrogatories. (Smyth Decl. ¶ 15.) Proper responses to these interrogatories will demonstrate whether Navigators has the evidence and ability to support its claims. The current discovery cut off does not allow for sufficient time to ensure proper responses are provided, move to compel proper responses if necessary, and obtain depositions of key witnesses to support those claims.

The Parties have engaged in extensive meet and confer efforts, including SVO agreeing to extend Navigators' time to respond to various discovery and the draft stipulated protective order, multiple times in order to avoid judicial intervention. (Smyth Decl. ¶ 16.) Despite SVO's efforts and diligence, Navigators has delayed responding. In fact, even regarding this motion, SVO requested a stipulation to continue these dates on August 21, 2025. (Smyth Decl. ¶ 17, Ex. A.) Navigators responded on that same day saying that the request would be conveyed to the client and that Navigators would advise when a response was received. (*Id.*) When that request was reiterated on September 7, 2025, Navigators again refused to respond. (Smyth Decl. ¶ 18, Ex. B.) Only on September 9, 2025 did Navigators respond, denying the requests. (*Id.*)

Navigators' failure to produce documents in a timely manner, despite SVO's diligent pursuit, precludes SVO from conducting meaningful depositions. Navigators' delay in discussing the particulars of the protective order, have significantly stalled the conduct of discovery in this case. Notwithstanding Navigators decisions to elect not to participate in discovery, followed by the strategic decision to frustrate discovery, SVO has continued to be diligent in its quest for discovery.

SVO needs additional time for the reason that some of the documents needed for SVO's case are in the possession of the panel defense counsel Tyson & Mendes LLP whose fees and expenses are the subject of Navigators' Complaint for reimbursement. SVO is seeking production of the documents from Tyson's representation in an underlying arbitration, which is not complete. The production by Tyson in that arbitration to date totals almost three million files and over 13 million pages and SVO cannot conduct a search in the database for relevant documents until that production is complete. See accompanying Declaration of Brandon Brousseau. ("Brousseau

Decl."). SVO cannot complete its own discovery until that production is complete and it is able to conduct its own review.

**B. <u>The Need for the Continuance Would be Met if Granted</u>**

To determine whether the need for a continuance would be met if granted, the Court inquires into the usefulness of a continuance in the case by asking how likely it is that the purpose of the continuance would be achieved if the continuance is granted. See *U.S. v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). Here, the need for a reasonable continuance is based on multiple factors. First, such a continuance would allow SVO to ensure that it can actually obtain all responsive documents from Navigators, review and propound discovery regarding said documents, and have sufficient time to actually review such documents prior to taking the depositions of Navigators' witnesses.

This is vitally important to SVO's defense of the claims brought by Navigators, and is what SVO has been attempting to do since August 2024, with little success. Navigators has refused to provide their reasoning and evidence that supports their claims under the *Buss* case. Further, Navigators has indicated that it is seeking reimbursement for essentially all amounts charged by underlying counsels Tyson & Mendes and GRSM, despite their limited document production indicating that significantly less was paid by Navigators compared to what was charged. Now that SVO has this bare minimum of documents and responses, it has begun to dig deeper into the evidence provided by Navigators. True to form, Navigators is continuing to delay and avoid their discovery obligations, preventing SVO from testing the claims, holding Navigators to heir burden of proof, and asserting its defenses. Given the history of delay by Navigators, this process will take time, however, and thus a continuance is appropriate.

Secondarily, continuance of this action allows the arbitration of the malpractice claims by SVO against Tyson to be completed prior to the trial in this matter. This arbitration, currently set for July 2026, will take weeks to complete, but will be dispositive on aspects of the claims by SVO whether Tyson conferred no benefit on SVO because of the malpractice of the defense counsel, which among other breaches of their obligations, caused SVO to incur the loss of counterclaims worth millions of dollars. The arbitration started almost a year before this action,

but has yet to be completed due to the extensive amount of document discovery and ESI issues involved in that arbitration. If this action is not continued to allow the arbitration to go forward first, these malpractice claims will have to be tried twice, wasting weeks this Court's time and resources, which can be saved by a seven month continuance.

**C. The Proposed Discovery Cut-Off and Pretrial Deadline Extension Will Not Prejudice Navigators, Nor Will it Inconvenience the Court**

Any extension of the trial and pre-trial deadlines will not prejudice Navigators. "An amendment is prejudicial to the non-moving party if it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the dispute." Wayne D. Brazil, 16 Moore's Federal Practice - Civil § 16.14 (Matthew Bender & Company, Inc. 2015).

Navigators will not be prejudiced by the continuance as they too have significant discovery to complete. No depositions have been taken as a result of Navigators' failure to timely respond to the requests regarding the protective order. Allowing a seven month extension to enable SVO to review Navigators produced discovery, follow up on the deficiency of the responses, engage in this Court's meet and confer requirements, will not prejudice Navigators. In fact, this extension will allow for Navigators to seek discovery that it needs which has been delayed due to the failures to finalize the protective order such that proper document productions can occur and relevant depositions can be noticed and taken.

Similarly, the requested continuance will not inconvenience the Court, but will actually encourage efficiency and preserve judicial resources. Specifically, a continuance will ensure that discovery has been completed before trial, and will avoid needless motion practice. Additionally, continuing the deadlines will avoid the need for either party to move to re-open discovery should the need arise. Re-opening discovery after it has closed is extremely disruptive and can cause significant expense and place a significant burden on both the Parties and the Court. See, e.g., *Mkrtchyan v. Sacramento Cnty.*, No. 2:17-CV-2366 TLN KJN, 2021 WL 5284322, at *3 (E.D. Cal. Nov. 12, 2021). Further, it would shorten the trial on this matter significantly by allowing the adjudication of the malpractice arbitration against Tyson to be completed, negating the need to

litigate those issues vis a vis SVO's affirmative defenses and counterclaims.

### D. SVO Will be Prejudiced if the Continuance is Denied

The final ***Flynt*** factor also weighs heavily in favor of a continuance. As discussed above, Navigators has made deficient document production and failed to provide adequate answers to interrogatories. The documents that SVO has received constitute over 8,000 billing entries from Tyson. SVO has asked Navigators to prove its claims by elucidating the entries that meet the *Buss* standard, but has been met with obfuscation. Navigators also has failed to conclude discussions for a necessary protective order to ensure timely document exchange. SVO has tried to conduct discovery to defend itself. SVO is still missing documents that were promised a year ago.

SVO also needs more time to review the documents produced to it by Tyson relevant to SVO's claims. SVO has collected millions of pages of documents from Tyson in response to document requests in the arbitration by SVO against Tyson for legal malpractice and millions more pages are expected to be received shortly are entered into searchable databases that are relevant to the issues and document requests propounded in this action, but the collection of such documents is not complete and the searches for relevant documents cannot yet be conducted and SVO requires five more months to complete that work. *See* Brousseau Decl.

SVO has diligently attempted to obtain cooperation and discovery from Navigators since August 2024, only to be blocked at every turn by Navigators' obstructive behavior. As such, this motion should be granted and the current case deadlines should be continued.

## VI. CONCLUSION

SVO has been diligent in trying to meet the current pre-trial deadlines in this matter. However, the volume of material at issue, combined with the combative nature of counsel for Navigators, including their refusal to respond timely and properly to relevant discovery, has hampered SVO's ability to properly prepare the matter and meet the current deadlines. There has been very little cooperation from opposing counsel in moving the case forward. There are several issues, particularly with regard to discovery, that have caused the need for this delay.

/ / /

/ / /

In light of the foregoing, SVO's motion should be granted because SVO has met the "good cause" standard; has shown the requested extension is necessary; and that SVO would be prejudiced in this action otherwise.

DATED: September 11, 2025

**PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On September 11, 2025, I served true copies of the following document(s) described as **SVO BUILDING ONE, LLC'S MOTION TO CONTINUE TRIAL AND ALL DEADLINES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2025, at Los Angeles, California.

Ben Barragan