**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>[Assigned to Hon. Araceli Martinez-Olguin]<br><br>**DECLARATION OF BRUCE T. SMYTH IN SUPPORT OF MOTION TO CONTINUE TRIAL AND OTHER DATES**<br><br>Date: October 16, 2025<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

/ / /

/ / /

2372904



PARKER SHAFFIE LLP

**DECLARATION OF BRUCE T. SMYTH**

I, Bruce T. Smyth, declare as follows:

1. I am an attorney at law licensed to practice before the Courts of the State of California and have been admitted to the Bar of the United Staes District Court for the Northern District of California. I am Senior Counsel with Parker Shaffie, LLP, counsel of record for SVO. In that capacity, I am aware of the facts set forth herein of my own personal knowledge.

2. I submit this declaration in support of SVO's motion to continue the trial and pre-trial dates so that the parties have sufficient time to properly investigate and prepare the matter for trial.

3. Despite diligently working to meet the current pre-trial deadlines, the parties have been and will be unable to fully prepare the matter for trial with the current deadlines in place. SVO requests that the Court continue the trial and pre-trial deadlines as follows:

| Event | Deadline |
|---|---|
| Close of fact discovery | 4/24/26 |
| Initial expert disclosures | 5/15/26 |
| Rebuttal expert disclosures | 6/5/26 |
| Close of expert discovery | 6/21/26 |
| Dispositive motions | 7/1/26 |
| Oppositions to dispositive motions | 7/15/26 |
| Replies to dispositive motions | 7/22/26 |
| Dispositive motion hearing | 10/5/26 |
| Joint pretrial conference statement | 12/21/26 |
| Pretrial conference | 1/11/27 |
| Jury selection | 2/16/27 |
| Trial | 2/16/27 |

4. SVO has worked diligently to secure discovery into the claims made by Navigators in this matter and to prepare defenses to those claims.

5. On August 21, 2023 and August 23, 2024 respectively, SVO propounded its first and second set of requests for production on Navigators regarding various categories of documents related to their claims for reimbursement of fees and their relationship and requirements with Tyson & Mendes.

6. Navigators provided written responses on September 20, 2024, containing many meritless objections. No documents were provided, though many were promised, and no timeframe for the production was provided despite the requirements of Fed. R. Civ. P. 34(b)(2)(B).

7. My office undertook significant and lengthy meet and confer efforts to obtain the documents, or at least a timeframe of when they could be expected. The meet and confer efforts consisted of multiple video conferences and emails. The constant refrain from counsel for Navigators was that the documents would be produced "once they are ready." At no point did Navigators attempt to provide a timeframe of when documents would be produced, blatantly ignoring Fed. R. Civ. P. 34(b)(2)(B).

8. In addition to promising to provide some documents, but failing to do so, Navigators also refused outright to produce other categories of documents. During meet and confer efforts, counsel for Navigators indicated that they would only produce the "claims file" and they would make no efforts to look beyond the claims file. Eventually, Navigators agreed to change their position on certain categories of information, but only subject to the filing of a protective order.

9. Navigators sent the initial proposed stipulated protective order in November 2024. This office made proposed additions to the order and requested responses from counsel for Navigators. We were required to follow up on the proposed language several times since then. Navigators refused to respond for months, until questioning language as recently as August 12, 2025. An agreement on language was finally secured on September 10, 2025.

10. A small subset of the promised document was produced on October 21, 2024. It does not cover all of the documents promised or all of the categories of documents requested in the requests for production propounded. The documents only related to the payments to Tyson in

the underlying arbitration.

11. A significant amount of promised documents remain outstanding, that now should be produced as the requested protective order has finally been agreed to on September 10, 2025, only 14 days before non-expert discovery cutoff. SVO has no time to follow up on the newly expected discovery responses, even if they are produced immediately.

12. Following the limited production, my office sent out interrogatories related to the burden Navigators has in proving their reimbursement cause of action, specifically, interrogatories directed toward the factors enumerated in *Buss v. Superior Court,* 16 Cal.4th 35 (1997).

13. Responses to those interrogatories were provided on August 25, 2025. These responses were deficient. Instead of providing specific and full responses, Navigators responded to every interrogatory that they are entitled to reimbursement of "all fees and costs incurred after the March 24, 2021 dismissal of the allegations of defamation in [the Underlying Action]" and "[v]irtually all (if not all)" fees incurred prior to the dismissal.

14. There are over 8000 billing entries from Tyson & Mendes for fees charged in the underlying matter. SVO has been and continues to review those entries to determine to which the *Buss* factors apply. Navigators has seemingly made no such inquiry and has made no attempt to meet their burden and prove their case pursuant to *Buss*.

15. I am currently engaged in meet and confer efforts with counsel for Navigators to obtain proper responses to the interrogatories, to no avail thus far.

16. I have made every attempt and engaged in extensive meet and confer efforts, including extending Navigators' time to respond to various discovery, and the draft stipulated protective order, multiple times in order to avoid judicial intervention. These attempts have been largely for not and have resulted in the bringing of this motion, and likely others.

<u>Meet and Confer Efforts</u>

17. On August 21, 2025, I spoke on a conference call with counsel for Plaintiff Navigators and asked whether they would stipulate to this requested trial continuance as well as the related dates, to permit the needed discovery in this matter to continue without interruption. Plaintiff's counsel did not have a response, indicating that they were waiting to hear back from

their client in regard to the request. Plaintiff's counsel provided an email that same day indicating as much. Attached hereto as Exhibit "A" is a true and correct copy of the email from counsel for Plaintiff Navigators.

18. Counsel for the parties participated in a mediation on September 5, 2025. After that mediation did not resolve this matter (though discussions are continuing), SVO's counsel initiated a request for a conference between counsel. On September 5, 2025 Plaintiff's counsel stated that they would be unable to agree or disagree without direction from their client. On September 9, 2025 at 2:40 p.m. Plaintiff's counsel confirmed that they would not agree to stipulate to continue the trial and the related pre-trial dates. SVO sought clarification as to whether Plaintiff's counsel would stipulate to hearing its motions on short notice. Plaintiff rejected that stipulation as well. Attached hereto as Exhibit "B" is a true and correct copy of an email I caused to be sent to counsel for Plaintiff Navigators as part of the meet and confer process.

19. Previously, the trial date and related deadlines were moved by stipulation one time to allow for the September 5, 2025 mediation.

20. If the trial and pre-trial dates are not continued, SVO will not be permitted to complete necessary discovery, will be prejudiced in having to try issues that overlap with the arbitration on their malpractice claim against Tyson & Mendes, and will be prevented from providing a full defense given Navigators' failure to justify their reimbursement claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 11, 2025 at Los Angeles, California

Bruce T. Smyth

Bruce T. Smyth

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On September 11, 2025, I served true copies of the following document(s) described as **DECLARATION OF BRUCE T. SMYTH IN SUPPORT OF MOTION TO CONTINUE TRIAL AND OTHER DATES** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2025, at Los Angeles, California.

Ben Barragan

**DECLARATION OF BRUCE T. SMYTH**

I, Bruce T. Smyth, declare as follows:

1. I am an attorney at law licensed to practice before the Courts of the State of California and have been admitted to the Bar of the United Staes District Court for the Northern District of California. I am Senior Counsel with Parker Shaffie, LLP, counsel of record for SVO. In that capacity, I am aware of the facts set forth herein of my own personal knowledge.

2. I submit this declaration in support of SVO's motion to continue the trial and pre-trial dates so that the parties have sufficient time to properly investigate and prepare the matter for trial.

3. Despite diligently working to meet the current pre-trial deadlines, the parties have been and will be unable to fully prepare the matter for trial with the current deadlines in place. SVO requests that the Court continue the trial and pre-trial deadlines as follows:

| **Event** | **Deadline** |
|---|---|
| Close of fact discovery | 4/24/26 |
| Initial expert disclosures | 5/15/26 |
| Rebuttal expert disclosures | 6/5/26 |
| Close of expert discovery | 6/21/26 |
| Dispositive motions | 7/1/26 |
| Oppositions to dispositive motions | 7/15/26 |
| Replies to dispositive motions | 7/22/26 |
| Dispositive motion hearing | 10/5/26 |
| Joint pretrial conference statement | 12/21/26 |
| Pretrial conference | 1/11/27 |
| Jury selection | 1/14/27 |
| Trial | 1/14/27 |

4. SVO has worked diligently to secure discovery into the claims made by Navigators in this matter and to prepare defenses to those claims.



P S PARKER SHAFFIE LLP

5. On August 21, 2023 and August 23, 2024 respectively, SVO propounded its first and second set of requests for production on Navigators regarding various categories of documents related to their claims for reimbursement of fees and their relationship and requirements with Tyson & Mendes.

6. Navigators provided written responses on September 20, 2024, containing many meritless objections. No documents were provided, though many were promised, and no timeframe for the production was provided despite the requirements of Fed. R. Civ. P. 34(b)(2)(B).

7. My office undertook significant and lengthy meet and confer efforts to obtain the documents, or at least a timeframe of when they could be expected. The meet and confer efforts consisted of multiple video conferences and emails. The constant refrain from counsel for Navigators was that the documents would be produced "once they are ready." At no point did Navigators attempt to provide a timeframe of when documents would be produced, blatantly ignoring Fed. R. Civ. P. 34(b)(2)(B).

8. In addition to promising to provide some documents, but failing to do so, Navigators also refused outright to produce other categories of documents. During meet and confer efforts, counsel for Navigators indicated that they would only produce the "claims file" and they would make no efforts to look beyond the claims file. Eventually, Navigators agreed to change their position on certain categories of information, but only subject to the filing of a protective order.

9. Navigators sent the initial proposed stipulated protective order in November 2024. This office made proposed additions to the order and requested responses from counsel for Navigators. We were required to follow up on the proposed language several times since then. Navigators refused to respond for months, until questioning language as recently as August 12, 2025. An agreement on language was finally secured on September 10, 2025.

10. A small subset of the promised document was produced on October 21, 2024. It does not cover all of the documents promised or all of the categories of documents requested in the requests for production propounded. The documents only related to the payments to Tyson in

the underlying arbitration.

11. A significant amount of promised documents remain outstanding, that now should be produced as the requested protective order has finally been agreed to on September 10, 2025, only 14 days before non-expert discovery cutoff. SVO has no time to follow up on the newly expected discovery responses, even if they are produced immediately.

12. Following the limited production, my office sent out interrogatories related to the burden Navigators has in proving their reimbursement cause of action, specifically, interrogatories directed toward the factors enumerated in *Buss v. Superior Court,* 16 Cal.4th 35 (1997).

13. Responses to those interrogatories were provided on August 25, 2025. These responses were deficient. Instead of providing specific and full responses, Navigators responded to every interrogatory that they are entitled to reimbursement of "all fees and costs incurred after the March 24, 2021 dismissal of the allegations of defamation in [the Underlying Action]" and "[v]irtually all (if not all)" fees incurred prior to the dismissal.

14. There are over 8000 billing entries from Tyson & Mendes for fees charged in the underlying matter. SVO has been and continues to review those entries to determine to which the *Buss* factors apply. Navigators has seemingly made no such inquiry and has made no attempt to meet their burden and prove their case pursuant to *Buss*.

15. I am currently engaged in meet and confer efforts with counsel for Navigators to obtain proper responses to the interrogatories, to no avail thus far.

16. I have made every attempt and engaged in extensive meet and confer efforts, including extending Navigators' time to respond to various discovery, and the draft stipulated protective order, multiple times in order to avoid judicial intervention. These attempts have been largely for not and have resulted in the bringing of this motion, and likely others.

<u>Meet and Confer Efforts</u>

17. On August 21, 2025, I spoke on a conference call with counsel for Plaintiff Navigators and asked whether they would stipulate to this requested trial continuance as well as the related dates, to permit the needed discovery in this matter to continue without interruption. Plaintiff's counsel did not have a response, indicating that they were waiting to hear back from

their client in regard to the request. Plaintiff's counsel provided an email that same day indicating as much. Attached hereto as Exhibit "A" is a true and correct copy of the email from counsel for Plaintiff Navigators.

18. Counsel for the parties participated in a mediation on September 5, 2025. After that mediation did not resolve this matter (though discussions are continuing), SVO's counsel initiated a request for a conference between counsel. On September 5, 2025 Plaintiff's counsel stated that they would be unable to agree or disagree without direction from their client. On September 9, 2025 at 2:40 p.m. Plaintiff's counsel confirmed that they would not agree to stipulate to continue the trial and the related pre-trial dates. SVO sought clarification as to whether Plaintiff's counsel would stipulate to hearing its motions on short notice. Plaintiff rejected that stipulation as well. Attached hereto as Exhibit "B" is a true and correct copy of an email I caused to be sent to counsel for Plaintiff Navigators as part of the meet and confer process.

19. Previously, the trial date and related deadlines were moved by stipulation one time to allow for the September 5, 2025 mediation.

20. If the trial and pre-trial dates are not continued, SVO will not be permitted to complete necessary discovery, will be prejudiced in having to try issues that overlap with the arbitration on their malpractice claim against Tyson & Mendes, and will be prevented from providing a full defense given Navigators' failure to justify their reimbursement claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 11, 2025 at Los Angeles, California

Bruce T. Smyth
___
Bruce T. Smyth



P S PARKER SHAFFIE LLP

# EXHIBIT "A"

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

PARKER SHAFFIE LLP

[redacted]

[redacted]

[redacted] [redacted]

---

**From:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Sent:** Thursday, August 21, 2025 5:40 PM
**To:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Cc:** Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David

<David.Simantob@wilsonelser.com>
**Subject:** [EXTERNAL] Navigators v. SVO - Trial Continuance Request and Discovery Issues

Following our call today, this will confirm that I am discussing delineated categories of documents to include in section 2.2 of the stipulated protective order with Navigators. You advised that SVO will be prepared to make its document production once the protective order is entered.

I have also conveyed SVO's request for a further continuance of the trial and pretrial dates of six to seven months to Navigators. I will advise when I receive a response.

Thank you.

Shannon L. Santos
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8864 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
Shannon.Santos@wilsonelser.com
Pronouns: she, her, hers

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# EXHIBIT "B"

**From:** Santos, Shannon L.
**To:** Bruce Smyth
**Cc:** Ben Barragan; Simantob, David; Shawn Shaffie; Adam Telanoff; Christian Przybylowski
**Subject:** [EXTERNAL] RE: Navigators v. SVO
**Date:** Tuesday, September 9, 2025 2:40:34 PM
**Attachments:** image001.png
2024.10.15 Navigators" Deposition Notice of SVO.pdf

---

Navigators will not stipulate to a continuance of the trial or pretrial dates. Navigators will also not stipulate to allow SVO to file a third-party claim against Tyson & Mendes as the date to add parties or amend the pleadings has already passed. Therefore, the parties will need to move forward with discovery before the fact discovery cutoff.

As you know, Navigators noticed the deposition of SVO in October 2024 with the attached notice. Since SVO had not produced any documents, this deposition was continued until after the SVO document production was made, which has not happened in the 11 months since then. If SVO makes its document production this week, we will be prepared to move forward with the SVO deposition at the end of next week. Please advise as to the status of the document production.

Thank you.

Shannon L. Santos
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8864 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
Shannon.Santos@wilsonelser.com
Pronouns: she, her, hers

---

**From:** Santos, Shannon L.
**Sent:** Monday, September 8, 2025 9:49 AM
**To:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Cc:** Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>; Shawn Shaffie <Shaffie@parkershaffiellp.com>; Adam Telanoff <telanoff@parkershaffiellp.com>; Christian Przybylowski <christian@parkershaffiellp.com>
**Subject:** RE: Navigators v. SVO

To clarify your email, I did not say that Navigators wanted to wait until after the mediation outcome to respond. I said I would get back to you once I had a response from Navigators, which might not be until after the mediation. I have not yet heard back, so I do not see a benefit to another phone call on the topic. Once Navigators gives me its position on the second requested trial continuance, I will let you know.

Thank you.

Shannon L. Santos
Attorney at Law

Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8864 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
Shannon.Santos@wilsonelser.com
Pronouns: she, her, hers

---

**From:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Sent:** Sunday, September 7, 2025 12:01 PM
**To:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Cc:** Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>; Shawn Shaffie <Shaffie@parkershaffiellp.com>; Adam Telanoff <telanoff@parkershaffiellp.com>; Christian Przybylowski <christian@parkershaffiellp.com>
**Subject:** RE: Navigators v. SVO

**EXTERNAL EMAIL** This email originated from outside the organization.

Shannon,

We previously spoke about my request on behalf of SVO for Navigators to stipulate to a six to seven month extension of the trial and all other deadlines in the case because of the substantial amount of discovery and related issues to be resolved and the very limited time to complete those tasks in light of imminent deadlines. I additionally discussed our client's desire to file a third party claim against Tyson & Mendes. You said that you would relay that request to Navigators and said that they wanted to wait to see if the matter settled at the mediation. As you know, it did not settle at the mediation on Friday, although settlement discussions are ongoing.

Because of the rapidly approaching discovery and expert witness deadlines in this matter we need to determine whether Navigators will agree to the proposed continuance and its position on SVO's motion to file a third party claim against Tyson & Mendes. SVO will have to file motions and seek an order setting the hearings on shortened time ex parte if we cannot file a stipulation.

We propose to discuss these issues by phone tomorrow at 12:00 p.m. Please let me know if you are available. If not, please provide some other time tomorrow.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

P S PARKER SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

---

**From:** Bruce Smyth
**Sent:** Tuesday, August 19, 2025 1:34 PM
**To:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Cc:** Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>; Shawn Shaffie <Shaffie@parkershaffiellp.com>
**Subject:** RE: Navigators v. SVO - SVO's Interrogatories

How about Thursday at 11:00 a.m.?

Bruce T. Smyth
Senior Counsel

P S PARKER SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-

mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

---

**From:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Sent:** Tuesday, August 19, 2025 11:58 AM
**To:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Cc:** Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>; Shawn Shaffie <Shaffie@parkershaffiellp.com>
**Subject:** [EXTERNAL] RE: Navigators v. SVO - SVO's Interrogatories

I am available tomorrow before 11:00 a.m. or Thursday except for 12:00-2:00 p.m.

Shannon L. Santos
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8864 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
Shannon.Santos@wilsonelser.com
Pronouns: she, her, hers

---

**From:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Sent:** Tuesday, August 19, 2025 11:02 AM
**To:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Cc:** Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>; Shawn Shaffie <Shaffie@parkershaffiellp.com>
**Subject:** RE: Navigators v. SVO - SVO's Interrogatories

**EXTERNAL EMAIL** This email originated from outside the organization.

Shannon,

Do you have some time to discuss scheduling in this matter tomorrow or Thursday? It appears to me that we have a lot that needs to scheduled if this matter does not settle at the mediation.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On September 11, 2025, I served true copies of the following document(s) described as **DECLARATION OF BRUCE T. SMYTH IN SUPPORT OF MOTION TO CONTINUE TRIAL AND OTHER DATES** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2025, at Los Angeles, California.

Ben Barragan