Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818 501-8441

Attorneys for **Defendant/Counterclaimant SVO BUILDING ONE, LLC,**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102<br><br>**SVO BUILDING ONE, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT AND MEMORANDUM IN SUPPORT; DECLARATION OF BRUCE T. SMYTH**<br><br>Date: October 16, 2025<br>Time: 2:00 P.M.<br>Courtroom: 10<br><br>Judge: Hon. Araceli Martinez-Olguin |
| SVO BUILDING ONE, LLC,<br><br>Counterclaimants,<br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY; and DOES 1-10.<br><br>Counter-defendants. | |

/ / /

/ / /

/ / /

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 16, 2025 at 2:00 p.m. at Courtroom 10 of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Araceli Martinez-Olguin, Defendant and Counterclaimant SVO BUILDING ONE, LLC ("SVO") will and hereby does move for an order granting this Motion For Leave To File A Third-Party Complaint against Tyson & Mendes, LLP ("Tyson"). This motion is set for hearing concurrently with SVO's motion to continue trial and all other deadlines in this matter.

SVO's motion for leave to file third party complaint is made on the grounds that plaintiff Navigators Specialty Insurance Company ("Navigators") seeks reimbursement of fees and expenses from SVO incurred by Tyson in the defense of SVO in the underlying case, that Tyson's malpractice in conducting that defense conveyed little or no benefit to SVO and resulted in the loss of millions of dollars of counterclaims in the underlying case and the loss of an insured defense from another insurer, and that to the extent that any liability is imposed on SVO by any of claims of Navigators in the complaint, such liability should be borne by Tyson.

This motion will be based on this Notice and Motion and the Memorandum of Points and Authorities below, as well as the proposed Third-Party Complaint and proposed Summons on Third-Party Complaint attached as Exhibits 1 and 2.

DATED: September 11, 2025 **PARKER SHAFFIE LLP**

By: /s/ Bruce T. [signature]

Attorneys for Defendant and Counterclaimant
SVO BUILDING ONE, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. RELIEF SOUGHT

Defendant seeks leave to file a Third-Party Complaint against Third-Party Defendant for indemnity.

Plaintiff is an insurance company that seeks, in the Complaint, to recoup legal fees and costs that it paid during the defense of Defendant in the underlying litigation. Third-Party Defendant was panel counsel that represented Defendant for most of the underlying litigation. While Defendant denies that any amount is due to Plaintiff, in the event that any amount is determined to be due to Plaintiff then Defendant is entitled to indemnification from Third-Party Defendant.

## II. NATURE OF THE CASE

Plaintiff and Counter-defendant Navigators Specialty Insurance Company ("**Navigators**") issued an insurance policy to Defendant, SVO Building One, LLC ("**SVO**") and seeks reimbursement of the attorney's fees and expert and consultant fees incurred in the defense of SVO in an underlying arbitration. Third-Party Defendant, Tyson & Mendes, LLP ("**Tyson**") is, and at all relevant times mentioned herein was, a law firm and limited liability partnership organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California, which was the defense counsel for SVO during most of the arbitration.

SVO bought a commercial liability insurance policy from Navigators, Navigators' Policy No. LA17CGL219162IC covering the period from July 12, 2017 to August 12, 2019. Sometime in 2018, Liebert Corporation, which later changed its name to Vertiv Corporation ("**Vertiv**"), filed a complaint with the American Arbitration Association against SVO titled *Liebert Corporation v. SVO Building One, LLC* (the "**Underlying Action**"). SVO subsequently filed a counterclaim against Vertiv. By way of its Complaint, Navigators seeks reimbursement of defense fees and costs it alleges it paid on behalf of SVO in the Underlying Action.

SVO timely tendered defense of the Underlying Action to Navigators and requested that Navigators provide SVO a defense. Navigators accepted tender and agreed to provide defense to SVO pursuant to a letter asserting a reservation of rights to deny coverage. Ultimately Navigators assigned panel counsel Tyson to conduct the defense for SVO of the Underlying Action. Tyson

also represented SVO in connection with its affirmative claims against Vertiv in the Underlying Action, while continuing to defend SVO as to the claims against it.

In its Complaint Navigators seeks reimbursement of defense fees and costs it alleges it paid on behalf of SVO in the Underlying Action. SVO has alleged that Tyson's representation of it failed to meet the standard of care and has initiated a separate legal malpractice arbitration against Tyson. That matter is currently set for hearing on September 9, 2026 with Signature Resolution, LLC.

Separate and apart from the claims made in the pending legal malpractice arbitration, SVO has claims against Tyson for indemnity to the extent that SVO is found liable to Navigators. The basis for Tyson's indemnity is Tyson's its over-staffing and over-billing, as well as negligent conduct of the defense which resulted in SVO's loss of a counterclaim worth millions. In addition, a separate basis for indemnity exists as to Tyson's failure to timely advise SVO that the costs of defense could have been covered by a separate policy issued by Hallmark, which later shared the costs of defense of Navigators. If Tyson had timely notified Hallmark of the claims against its client, Navigators' claim for a year of fees and expenses would have been halved.

## ARGUMENT

### A. <u>Impleader Is Permissible Under FRCP 14(a)</u>

Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant may implead a third-party defendant who "is or may be liable" for "all or part of the claim" against the defendant. FRCP 14(a). When, as here, more than 14 days have elapsed since Defendant's answer was filed, leave of Court must first be obtained.

A third-party claim is appropriately asserted when, as here, the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative. *Kim v. Fujikawa,* 871 F.2d 1427, 1434 (9TH Cir. 1989). Third-party Tyson would be liable under an indemnity claim if Navigators is successful in its claims. There is a separate arbitration pending to determine the SVO's independent claims against Tyson. This impleader is to address SVO's indemnity claims, which are separate from those at issue in the pending arbitration.

Impleader should be allowed if there is any possible scenario in which the third-party defendant (Tyson) may be liable for all or part of third-party plaintiff's (SVO) potential liability to plaintiff (Navigators). *Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minnesota,* 753 F. Supp 1516 (1990)("it is sufficient if there is some possible scenario under which the third-party defendant may be liable for some or all of the defendant's liability to plaintiff.")].

The basis for this third-party complaint is that Tyson is responsible for all or a portion of any potential recovery Navigators is able to obtain in this action. The basis for Tyson's indemnity is Tyson's its over-staffing and over-billing, as well as negligent conduct of the defense which resulted in SVO's loss of a counterclaim worth millions. In addition, a separate basis for indemnity exists as to Tyson's failure to timely advise SVO that the costs of defense could have been covered by a separate policy issued by Hallmark, which later shared the costs of defense of Navigators. If Tyson had timely notified Hallmark of the claims against its client, Navigators' claim for a year of fees and expenses would have been halved.

**B. <u>This Court Has Jurisdiction Over The Claims In The Third-Party Complaint</u>**

Impleader falls within the supplemental jurisdiction of the Court, meaning that an independent basis for jurisdiction between plaintiff and the third-party defendant is not required even in cases, such as this one, based on diversity. 28 U.S.C. § 1367(b).

**C. <u>Granting Leave To Implead Tyson Will Not Prejudice Plaintiff</u>**

Because Rule 14(a) is designed to reduce multiplicity of litigation, it is liberally construed in favor of allowing impleader. *Southwest Admrs., Inc. v. Rozay's Transfer,* 791 F.2d 769 (9th Cir. 1986). It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff. *Banks v. Emeryville,* 109 F.R.D. 535, 540 (N.D. Cal. 1985).

When a court is called upon to exercise its discretion as to an impleader, it must consider whether the plaintiff will suffer prejudice from the additional of the third-party complaint. *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439–40 n. 6 (3rd Cir, 1971), *cert. denied*, 405 U.S. 1017 (1972)]. Trial courts generally consider four factors in making this

determination: 1) prejudice to plaintiff, 2) complication of issues at trial, 3) likelihood of trial delay, and 4) timeliness of motion to implead. *Irwin v. Mascott,* 94 F.Supp.2d 1052, 1056 (2000).

**1. There is no prejudice to plaintiff**

Tyson's indemnity obligations flow directly from Navigators need to prove that Tyson's bills were solely for non-covered fees and costs. Navigators' burden is unchanged and it suffers no prejudice. To the contrary, as the basis for Navigators' claim against SVO is Tyson's charges, having Tyson in this action as a party will actually facilitate Navigators' ability to conduct discovery and present its evidence at trial.

**2. Impleader will not complicate issues at trial**

As noted above, the main focus of the trial is allocation of the obligation to pay Tyson's bills between Navigators and SVO. Including Tyson as a party will not complicate the issues at trial because the indemnity claims arise out of the analysis of Tyson's billing – the exact issue involved in Navigators' claims against SVO.

There generally is no undue complication if the third-party claim is dependent on the outcome of the main claim. *Stewart v. American Int'l Oil & Gas Co*., 845 F.2d 196, 199–200 (9th Cir. 1988). In this action, there is clear dependency as Tyson would only be liable to SVO, under its indemnity claim, if and to the extent that SVO is liable to Navigators.

**3. Impleader will not delay the trial**

Adding Tyson as a party will not delay the trial. By a concurrent and independent motion there already is a pending request to continue the trial in this action, based on, among other things, the extensive document review and discovery that has been underway in this action and which is unlikely to be completed any time soon. Having Tyson present in this action may actually alleviate some of the complications that have arisen in the course of obtaining and reviewing discovery. Again, the primary focus of this action is Tyson's bills, which would be the focus of this third-party complaint.

**4. The motion to implead is reasonably timely**

There is no specific time limitation on when a motion to implead may be brought. The stage of the case can be relevant. Trial is almost one year in the future. In addition, there is a

concurrent, independent motion that seeks to amend the current deadlines based on discovery issues alone. Timeliness is best gauged by potential prejudice to plaintiff. In this case, there is no prejudice to plaintiff by the additional of Tyson as a third-party defendant.

## III. LEAVE TO ADD TYSON AS A THIRD-PARTY DEFENDANT SHOULD BE GRANTED

SVO's indemnity claims against Tyson arise directly from Navigators' claims against SVO. There will be no prejudice, and potentially an advantage, to Navigators if Tyson were brought into this case as a third-party defendant. Including Tyson in this action will also alleviate the need for an additional action for indemnity in the event that Navigators is able to prevail, in whole or in part, in this case.

DATED: September 11, 2025 **PARKER SHAFFIE LLP**

By: Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

**DECLARATION OF BRUCE T. SMYTH**

I, Bruce T. Smyth, declare as follows:

1. I am an attorney at law licensed to practice before the Courts of the State of California and have been admitted to the Bar of the United States District Court for the Northern District of California. I am Senior Counsel with Parker Shaffie, LLP, counsel of record this action for SVO Building One, LLC ("SVO"). In that capacity, I am aware of the following facts of my own personal knowledge.

2. In the first Amended Complaint in this action Navigators seeks to recover fees and costs incurred in the arbitration by Vertiv Corporation against SVO before the American Arbitration Association (the "Underlying Matter"). For much of the Underlying Matter, Tyson was SVO's attorney and a substantial amount of Navigators' claims in the Complaint are fees and costs paid to Tyson.

3. The basis for Tyson's indemnity is Tyson's its over-staffing and over-billing, as well as negligent conduct of the defense which resulted in SVO's loss of a counterclaim worth millions. In addition, a separate basis for indemnity exists as to Tyson's failure to timely advise SVO that the costs of defense could have been covered by a separate policy issued by Hallmark, which later shared the costs of defense of Navigators. If Tyson had timely notified Hallmark of the claims against its client, Navigators' claim for a year of fees and expenses would have been halved.

4. To the extent that Tyson overcharged for the work that it performed and/or failed to properly record its time sufficient to ensure that all covered work was actually covered, SVO has a claim for indemnity as to Tyson. In addition, to the extent that SVO is found liable to Navigators for fees and costs that could have been covered by Hallmark, had Tyson properly advised SVO to tender to Hallmark, then SVO has an additional indemnity claim against Tyson.

5. There is no prejudice to Navigators with the addition of Tyson as a third-party defendant. The addition would not impact Navigators' claims and would potentially assist Navigators in obtaining discovery from Tyson that would impact their ability to present their case.

/ / /

6. SVO's claims against Tyson flow from Navigators' claims against SVO and are depending on the outcome of the claims in the existing action.

7. The action by SVO, which resulted in the pending arbitration against Tyson was filed in January of 2022. Navigators filed its action against SVO in November of 2022. SVO assumed that its claims in the arbitration would be tried well before the trial of this action, but the arbitration is set for hearing on September 9, 2026, after the trial in this matter. Addition of Tyson at this time is timely in order to ensure that Tyson's liability for any claims on which Navigators prevails against SVO will be timely adjudicated.

8. Attached hereto respectively as Exhibits 1 and 2 are copies of the proposed Third-Party Complaint and proposed Summons on the Third-Party Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 11, 2025 at Los Angeles, California

Bruce T. Smyth

Bruce T. Smyth

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT

for the

Northern District of California

__________ Division

| | |
|---|---|
| NAVIGATORS SPECIALTY INS. CO.<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>**-v-**<br>SVO BUILDING ONE, LLC<br>*Defendant, Third–party plaintiff(s)*<br>*(Write the full name of each defendant/third–party plaintiff. If the names of all the defendants/third–party plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>**-v-**<br>TYSON & MENDES, LLP<br>*Third–party defendant(s)*<br>*(Write the full name of each third–party defendant. If the names of all the third–party defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 3:22-CV-07102<br>*(to be filled in by the Clerk's Office)*<br>Jury Trial: *(check one)* ☑ Yes ☐ No |

## THIRD – PARTY COMPLAINT

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | NAVIGATORS SPECIALTY INS. CO |
| Street Address | 555 South Flower Street, Suite 2900 |
| City and County | Los Angeles, |
| State and Zip Code | California 90071 |
| Telephone Number | 213.443.5100 |
| E-mail Address *(if known)* | David.Simantob@wilsonelser.com |

**B. The Defendant(s)/Third–Party Plaintiff(s)**

Provide the information below for each defendant/third–party plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | SVO BUILDING ONE, LLC |
| Street Address | 800 W. 6th Street, Suite 500 |
| City and County | Los Angeles, |
| State and Zip Code | California 90017 |
| Telephone Number | (213) 622-4441 |
| E-mail Address | smyth@parkershaffiellp.com |

**C. The Third–Party Defendant(s)**

Provide the information below for each third–party defendant named in the complaint, whether the third–party defendant is an individual, a government agency, an organization, or a corporation. For an individual third–party defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Third–Party Defendant No. 1

| | |
|---|---|
| Name | TYSON & MENDES LLP |
| Job or Title *(if known)* | |
| Street Address | 300 South Grand Ave., Ste. 2780 |
| City and County | Los Angeles |
| State and Zip Code | California 90017 |
| Telephone Number | (213) 745-8600 |
| E-mail Address *(if known)* | dfrishman@tysonmendes.com |

Third–Party Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Third–Party Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Third–Party Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## II. Initial Complaint

A. Identify the initial complaint filed against you and the date it was filed. Describe the events that gave rise to the plaintiff's complaint, the nature of the claims asserted, and the relief sought. Attach the complaint as an exhibit.

The Complaint was filed 11/14/22, a true and correct copy of the Complaint is attached as Exhibit 1. Plaintiff was Defendant's insurance company. Plaintiff incurred fees and costs related to the defense of an arbitration titled Liebert Corporation v. SVO Building One, LLC. Navigators paid a significant amount of fees and costs to Third-Party Defendant. Navigators seeks to recover the fees and costs paid in Defendant's defense from Defendants.

B. State whether you have filed an answer to the complaint and, if so, briefly summarize what admissions or denials that answer asserted. Attach the answer as an exhibit.

Defendants have answered and filed a counter-claim against Plaintiffs. A true and correct copy of the Answer and Counterclaim is attached as Exhibit 2. Defendant admits that Plaintiff paid for the fees and costs for its defense in the Underlying Action, but denies 1) that Plaintiff is entitled to reimbursement and 2) contests the amount of claimed reimbursement.

## III. Third–Party Complaint

A. Describe the nature of the relationship between you and the third–party defendant. Attach any contracts or documents showing the nature of the relationship.

Third-Party Defendant represented Defendant in the Underlying Action and incurred a substantial amount of the fees and costs now sought by Plaintiff. In a separate matter, Defendant alleges legal malpractice. In this matter, Defendant alleges that to the extent Defendant is found to have an obligation to indemnify Plaintiff that such obligation will arise out the action and inaction of Third Party Defendant such that Defendant is entitled to indemnity.

B. Explain why, if the plaintiff received any judgment against you, you will be entitled to judgment against the third–party defendant for contribution to or indemnification for the amount of damages and costs awarded to the plaintiff. Include the percentage of the plaintiff's recovery that the third–party defendant will be required to contribute. Describe the facts, or relevant provisions of state law, that demonstrate you are entitled to collect from the third–party defendant.

In the event that Plaintiff succeeds in obtaining a judgment against Defendant, it will be because Third-Party Defendant: 1) charged excessive fees and incurred excessive costs, 2) negligently and carelessly performed its representation of Defendant such that its work had no value to the defense of Defendant and resulted in the loss of counterclaims against Plaintiff in the Underlying Action, and 3) negligently failed to tender the complaint to another insurer, Hallmark.

## IV. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ____________________

Signature of Defendant/Third–Party Plaintiff ____________________

Printed Name of Defendant/Third–Party Plaintiff ____________________

### B. For Attorneys

Date of signing: ____________________

Signature of Attorney ____________________

Printed Name of Attorney Bruce Smyth

Bar Number 089171

| | |
|---|---|
| Name of Law Firm | PARKER SHAFFIE LLP |
| Street Address | 800 W. 6th Street, Suite 500 |
| State and Zip Code | California 90017 |
| Telephone Number | (213) 622-4441 |
| E-mail Address | smyth@parkershaffiellp.com |

# EXHIBIT "2"

AO 441 (Rev. 07/10) Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of California

NAVIGATORS SPECIALTY INS. CO.
*Plaintiff*
v.
SVO BUILDING ONE, LLC
*Defendant, Third-party plaintiff*
v.
TYSON & MENDES, LLP
*Third-party defendant*

Civil Action No. 3:22-CV-07102

**SUMMONS ON A THIRD-PARTY COMPLAINT**

To: *(Third-party defendant's name and address)* TYSON & MENDES, LLP

A lawsuit has been filed against defendant SVO Building One LLC, who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff Navigators Specialty Ins Co.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

David B. Parker, Bruce T. Smyth; PARKER SHAFFIE LLP
800 W. 6th Street, Suite 500
Los Angeles, CA 90017

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint. You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached. You may – but are not required to – respond to it.

Date: ________________

*CLERK OF COURT*

______________________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:22-CV-07102

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
______________________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*: ______________________________
______________________________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On September 11, 2025, I served true copies of the following document(s) described as **SVO BUILDING ONE, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT AND MEMORANDUM IN SUPPORT; DECLARATION OF BRUCE T. SMYTH** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2025, at Los Angeles, California.

Ben Barragan