**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>[Assigned to Hon. Araceli Martinez-Olguin]<br><br>**SVO'S STATEMENT REGARDING DISCOVERY DISPUTE UNDER COURT'S STANDING ORDER** |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

/ / /

/ / /

Defendant and Counterclaimant SVO Building One, LLC ("SVO") hereby submits this Statement, pursuant to the provisions of Section II.b. of the Court's Standing Order.

SVO seeks that Plaintiff and Counter-defendant Navigators Specialty Insurance Company ("Navigators") be ordered to serve further responses to Interrogatories requiring it to identify each of the specific billing entries and expenses for which it seeks reimbursement under the controlling case of *Buss v. Superior Ct.,* 16 Cal. 4th 35 (1997) ("*Buss*"). Under *Buss*, an insurer may obtain reimbursement for defense costs "that can be allocated solely to the claims that are not even potentially covered." *Id.* at 52. The insurer has no right to reimbursement of defense costs jointly allocable to claims that were either potentially or actually covered under the policy at the outset of the case. *Id.* at 52-53. When the insurer seeks reimbursement from the insured, it bears the burden of proving, by a preponderance of the evidence, the defense expenses solely allocable to claims not potentially covered. *Id.* at 53. *See also, Axis Surplus Ins. Co. v. Reinoso*, 208 Cal. App. 4th 181, 188 (2012) (insurer denied recovery where it failed to carry burden to show claims defended were not even potentially covered.) The *Buss* court specifically held that an insurer must accomplish this task "'if ever feasible' [and] may be 'extremely difficult.'" *Id*. at 58. In fact, the Court recognized that carrying this burden may lead an insurer to only pursuing this matter in exceptional cases. *Id*.

Interrogatories 1-5 propounded by SVO requested that Navigators provide the basic information in support of its reimbursement action. Copies of Navigators' Responses to those Interrogatories, which include the Interrogatories themselves, are attached hereto as Exhibit 1. Interrogatory 1 requested that Navigators identify each billing entry by defense counsel Tyson & Mendes LLP which it contended was solely allocable to a potentially non-covered claim. Interrogatory 2 asked that Navigators identify each entry it contended was recoverable under *Buss*. Interrogatory 3 asked that it identify each billing entry by prior defense counsel Gordon Rees Scully & Mansukani LLP which it contended was solely allocable to a potentially non-covered claim. Interrogatory 4 asked that it identify each cost or expense and Interrogatory 5, each expert or consulting fee, that it contended was solely allocable to a potentially non-covered claim. Navigators answered none of these.

Instead it refused to identify any entry, cost, expense or consulting or expert fee. It merely cited numbers it calculated for the fees and expenses it paid prior to the dismissal without prejudice of the defamation cause of action on March 24, 2021 and after the dismissal. It asserted that "virtually all (if not all)" of the fees and expenses after the dismissal were incurred in the defense of uncovered claims. Such information is the crux of Navigators' claims for reimbursement. It must either provide that information now or be barred from attempting to introduce it at trial.

Counsel for SVO has repeatedly engaged in extensive discussions with counsel for Navigators in an attempt to informally resolve this dispute. Copies of the emails with Navigators' counsel are attached here to collectively as Exhibit 2. It includes an email outlining the issues prior to the video conference on the dispute on September 13, 2025, an email after the video conference on September 15, 2025, recounting the issues in dispute, an email from Navigators' counsel on September 20, 2025, erroneously stating that the time to move to compel discovery responses had expired and refusing to participate in preparing a joint statement and an email from SVO's counsel on September 21, 2025, confirming that Navigators refused to participate in a joint statement.

In the video discovery conference, Navigators asserted that billing entries prior to the dismissal of the defamation cause of action would be identified by expert testimony, but the facts upon which Navigators' reimbursement claim is based are not a subject of expert testimony. SVO's counsel asked if Navigators would assert that it still was entitled to recovery of some of the fees and expenses if it did not prevail on its claim that it was entitled to all the fees and expenses after the dismissal of the defamation cause of action without prejudice. Navigators asserted that it would still make such claim but that it would prove it by expert testimony. Navigators is required to identify such expenses and fees solely allocable to potentially non-covered claims now as part of its initial burden under *Buss* and to allow SVO to respond to such contentions. Those facts form the entire basis of Navigators' reimbursement claim and it must disclose them now.

DATED: September 26, 2025

**PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

# EXHIBIT "1"

David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

SVO BUILDING ONE, LLC,

Defendant.

SVO BUILDING ONE, LLC,

Counterclaimant,

vs.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-Defendant.

Case No. 3:22-cv-07102-AMO
Hon. Araceli Martínez-Olguín
Courtroom 10

**NAVIGATORS SPECIALTY INSURANCE COMPANY'S RESPONSES TO SVO BUILDING ONE, LLC'S INTERROGATORIES, SET NO. ONE**

Action Filed: November 14, 2022
Trial Date: July 14, 2026

PROPOUNDING PARTY: Defendant/Counterclaimant SVO Building One, LLC

RESPONDING PARTY: Plaintiff/Counter-Defendant Navigators Specialty Insurance Company

SET NO.: One

/ / /

/ / /

Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") hereby responds to the Interrogatories, Set No. One, propounded by Defendant/Counterclaimant SVO Building One, LLC ("SVO").

## GENERAL OBJECTIONS

1. Navigators objects to the extent the Interrogatories are vague, ambiguous, uncertain, overly broad, calls for speculation, or are not reasonably calculated to lead to the discovery of admissible evidence.

2. Navigators objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the litigation privilege, or any other lawfully recognized privilege or immunity which may attach to the information requested.

3. Navigators objects to the Interrogatories to the extent they seek information protected from disclosure as trade secret, proprietary, and/or confidential.

4. Navigators objects to the Interrogatories to the extent they seek information not within the care, custody, or control of Navigators.

5. Navigators objects to the Interrogatories to the extent they seek information which is equally available to SVO.

6. Navigators objects to the Interrogatories to the extent they seek information which can be obtained by less intrusive means or is already in the SVO's care, custody, or control.

7. Navigators objects to the Interrogatories to the extent they are burdensome and seek information which is not proportional to the needs of the case.

8. Navigators objects to the Interrogatories as vague and ambiguous as, under the "DEFINITIONS" section, there appear to be instructions as far as the responses to the Interrogatories are concerned. As these instructions as identified as "DEFINITIONS," the information is unclear and nonsensical.

9. Navigators objects to the Interrogatories as any instructions under the "DEFINITIONS" section attempt to impose on Navigators obligations that exceed the discovery rules under the Federal Rules of Civil Procedure and Local Rules.

Navigators has not yet completed its investigation and discovery of this matter. The following responses are provided to the best of Navigators' ability and understanding at this time. Discovery is continuing, and Navigators reserves the right to supplement these responses as additional information becomes available.

These General Objections are incorporated by reference as though fully set forth into each response to the Requests.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES that YOU contend is solely allocable to a NON-COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 1:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects that the phrase "NON-COVERED CLAIM" is capitalized, suggesting it is a defined phrase, but SVO's discovery does not include such a definition. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: As Navigators previously advised SVO, all fees and costs incurred after the March 24, 2021 dismissal of the allegations of defamation in the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action") were not potentially covered under Navigators Policy No. LA17CGL219162IC issued to SVO effective July 12, 2017 to August 12, 2019 ("Policy"). Navigators paid approximately $2,998,457.50 for such fees and costs. Prior to the dismissal, all fees and costs incurred in defense of any claim other than allegations that SVO disparaged the underlying claimant, Vertiv (formerly known as Liebert Corporation) ("Claimant"), were not potentially covered under the Policy. These defamation allegations were limited to one of 18 causes of action asserted by the Claimant in the Fourth Amended Complaint. Navigators paid approximately $2,497,187.09 for all fees and costs incurred prior to the March 24, 2021 dismissal of the defamation cause of action. Virtually all (if not all) of that amount was incurred in defense of uncovered claims. Navigators is entitled to recovery of all fees and costs incurred in defense of such uncovered claims. Discovery is continuing, and Navigators reserves the right to amend this response accordingly, including once expert analysis has been completed.

**INTERROGATORY NO. 2:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES in the UNDERLYING ACTION that YOU contend is recoverable by YOU under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997).

**RESPONSE TO INTERROGATORY NO. 2:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of

Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**INTERROGATORY NO. 3:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to GRSM that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 3:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and

harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**INTERROGATORY NO. 4:**

IDENTIFY each and every cost or expense YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 4:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference

as if set forth in full.

**INTERROGATORY NO. 5:**

IDENTIFY each and every expert fee or consultant fee YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 5:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual fees and costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**INTERROGATORY NO. 6:**

State the total amount of attorneys' fees and costs including expert and consultants' fees, YOU paid for the defense of SVO in the UNDERLYING ACTION.

/ / /

on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Ulrich Pez and Angel Muth.

Dated: August 25, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: Shannon L. Santos

David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**VERIFICATION**

I, Angel L. Muth, am a Director of Global Specialty Claims for Navigators Specialty Insurance Company ("Navigators"), a party to the above-entitled action. I am authorized to execute this verification on behalf of Navigators. I have read the foregoing **NAVIGATORS SPECIALTY INSURANCE COMPANY'S RESPONSES TO SVO BUILDING ONE, LLC'S INTERROGATORIES, SET NO. ONE**, and know its contents. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true based on my own knowledge and my review of Navigators' records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 25, 2025 at Los Angeles, California.

Angel Muth

Angel L. Muth

# EXHIBIT "2"

**Ben Barragan**

**From:** Bruce Smyth
**Sent:** Sunday, September 21, 2025 8:34 PM
**To:** Santos, Shannon L.
**Cc:** Shawn Shaffie; Steven Murray; Brandon Brousseau; Ben Barragan; Simantob, David; Megan T. Ortiz; Christian Przybylowski
**Subject:** RE: Navigators v. SVO

Shannon,

The statement in your email about the deadline to file a motion to compel having expired might be correct if this action had been filed in State Court. Navigators chose to file it in the District Court. The deadline line to **file** a discovery motion under Local Rule 37-3 of the Northern District of California is seven days after the factual discovery cut-off, which is October 1, 2025.

Additionally, as you know, we have filed a motion to continue the trial and the discovery deadlines. Your email supports that motion because it is further evidence of Navigators' efforts to run out the clock on discovery.

I assume from your email that Navigators does not intend to comply with the requirements of the Judge's Standing Order that it participate in the preparation of a five-page joint statement on the issues in dispute on Navigators' interrogatory responses. If Navigators will participate in that process, please let me know immediately. The deadline to file a discovery motion is arriving quickly, though not as quickly as Navigators thought.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

PARKER SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

**From:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Sent:** Saturday, September 20, 2025 8:08 PM

**To:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Cc:** Shawn Shaffie <Shaffie@parkershaffiellp.com>; Steven Murray <swm@psilaw.com>; Brandon Brousseau <brousseau@parkershaffiellp.com>; Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>
**Subject:** [EXTERNAL] RE: Navigators v. SVO

The time to move to compel through joint statement or otherwise expired. There was no ability to file a motion to compel to be heard before the fact discovery cutoff at the time SVO served the interrogatories. Despite this, Navigators still provided substantive responses to the interrogatories. If Navigators elects to serve amended responses to any of the interrogatories before the fact discovery cutoff, we will let you know.

Shannon L. Santos
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8864 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
Shannon.Santos@wilsonelser.com
Pronouns: she, her, hers

---

**From:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Sent:** Monday, September 15, 2025 2:43 PM
**To:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Cc:** Shawn Shaffie <Shaffie@parkershaffiellp.com>; Steven Murray <swm@psilaw.com>; Brandon Brousseau <brousseau@parkershaffiellp.com>; Ben Barragan <barragan@parkershaffiellp.com>
**Subject:** Navigators v. SVO

**EXTERNAL EMAIL** This email originated from outside the organization.

Shannon,

We received your amended notice of deposition, set for the last day of the discovery in this matter, unless the court grants our motion to continue the discovery deadlines. Your client opposed our proposed extension or any extension. In any event, for the reasons set forth below, it is not possible to comply with the notice.

First, this amended deposition notice bears the same deficiencies as the original notice you served, some of which we noted in our email to you of 11/14/2024, because it is virtually identical to that notice. These deficiencies include that the number of topics, 23, is grossly excessive, that a number of topics are not set forth with reasonable specificity, that a number of topics will require many multiple witnesses, that many of the topics seek testimony not relevant to the issues in the case and not proportional to the needs of the case, and that the number of topics violate the limitation of the number of depositions under the Federal Rules of Civil Procedure. We previously requested that you carefully consider the topics in an amended deposition notice and pare them down to a much more reasonable number. This obviously has not been done.

Second, because of the deficiencies of the notice, it is not possible to have the many multiple witnesses requested by that notice to be present and complete the deposition before the current cut-off. If our pending motion to continue the discovery deadlines is granted, we can discuss scheduling a deposition. However, the deficiencies of the notice we have previously noted need to be corrected, including but not limited to the number of categories and the lack of specificity of the categories.

Navigators additionally has not complied with SVO's discovery in this case, in multiple respects discussed below.

**Navigators' Failure To Respond Adequately To Document Requests**

Navigators has not responded adequately to the document requests of SVO in this matter. The deficiencies of its responses are set forth in our letter to you dated October 15, 2024, a copy of which is attached. We have had a discovery conference and exchanged numerous emails since then, but Navigators still has not made a complete production. On a number of occasions you stated that Navigators would make a further production after the parties agreed on the form of a protective order. We have gone back and forth on that issue for months until Navigators recently agreed to the provisions we had been seeking. We have approved the form of that stipulation and are awaiting production of the additional documentation.

**Navigators' Failure To Respond Adequately To Interrogatories**

Navigators has provided deficient responses to the interrogatories propounded by SVO, which were the subject of the meet-and-confer last Friday by video. A copy of my email to you in advance of that discussion is set forth below.

In our discussion of Interrogatory Nos. 1-4 and 6, we noted Navigators' obligations to identify each of the billing entries and expenses it contended were recoverable under the *Buss* standard. You asserted that for the entries prior to the dismissal of the defamation cause of action such entries would be identified by expert testimony at a later point. The issue of the identification of the specific billing entries and expenses for which Navigators contends it is entitled to restitution is not a subject of expert testimony. These are the basic facts of Navigators' claims and must be disclosed now.

You additionally stated that Navigators would be seeking recovery of all the entries and expenses for the period after the dismissal of the defamation cause of action based on that dismissal. In our conversation I asked whether Navigators would still be pursuing recovery of some of the fees and expenses if it did not prevail on a motion that it was entitled to all of them. You said that Navigators would still be pursuing such claims but that Navigators would identify them by expert testimony. This position is without merit for the same reasons discussed above – The fees and expenses Navigators is pursuing and the reasons for each is not subject for expert testimony. Navigators must state the facts upon which its claims for each of the fees and expenses it is seeking are based.

Most of Navigators' claim for reimbursement is for expert and consultants fees. It must identify each of those expenses in response to Interrogatory 5, but has not even provided a total.

Navigators indicated that it would provide a further response to Interrogatory 13, requesting that the persons who decided to withdraw the defense be identified.

Interrogatories 14-17 asked whether Tyson & Mendes represented Navigators and/or its owner, Hartford, since 2020, on coverage matters. Interrogatory 18 asked the same question with respect to GRSM. I understand you were going to inquire as to the number of such matters. Navigators should answer such questions.

Interrogatory Nos. 19 and 20 asked that Navigators state why it contended that here was no conflict in Tyson & Mendes representing SVO and Navigators and to identify the witnesses with respect to such determination. As we previously noted, Navigators' response that there is not a conflict with Tyson representing both SVO and Navigators on the underlying action itself does not answer the entire question. Navigators must state whether

Tyson & Mendes represented it on other matters and why it contends that no conflict existed on such dual representation.

Interrogatory Nos. 21- 23 asked why Tyson & Mendes failed to produce documents after ordered to do so in the underlying action, why it did not produce documents its experts reviewed and why it failed to timely respond to a motion for a preclusion order that was subsequently granted.

In our discussion, I noted that Navigators' response that it had no responsibility for the actions of Tyson & Mendes missed the point. Navigators cannot seek restitution for attorney's fees that provided no benefit to its insured, SVO, and in fact caused SVO millions of dollars in losses. In our conversation, you stated that you would make further inquiries as to Navigator's position on these interrogatories and get back to me.

Please let us know whether and when Navigators will provide complete document production in response to SVO's document requests and complete responses to SVO's interrogatories. If Navigators will not agree to provide such additional discovery, we will need to prepare a joint statement on these disputed issues under the Judge's Civil Standing Order for consideration by the Court.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

P
S PARKER SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

Shannon,

I am writing to request a Zoom conference to discuss Navigators' Responses to SVO's Interrogatories, which are deficient in a number of respects, some of which are outlined below.

**Responses to Interrogatories 1-4 and 6**

Interrogatory No. 1 requested that Navigators identify each and every billing entry of attorney's fees that it paid to Tyson & Mendes that it contends is solely allocable to a non-covered claim in the underlying action. Interrogatories 2, 3 and 6 sought the same information. Interrogatory 3 thus requested that Navigators

identify each and every billing entry of attorney's fees that it paid to Tyson & Mendes in the underlying action that it contends is recoverable by it under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997).

Navigators did not identify each billing entry, but merely stated that it sought all of the fees it expended from the March 24, 2021 dismissal of $2,998,457.50 and most or all of the fees and expenses incurred before that, which it asserted were $2,497,187.09.

These responses are deficient. Under *Buss,* the insurer may only obtain reimbursement for such defense costs "that can be allocated solely to the claims that are not even potentially covered." *Id.* at 52 (Emphasis added). The insurer has no right to reimbursement of defense costs jointly allocable to claims that were either potentially or actually covered under the policy at the outset of the case. *Id.* at 52-53.

When the insurer seeks reimbursement from the insured, it bears the burden of proving, by a preponderance of the evidence, the defense expenses solely allocable to claims not potentially covered. *Buss, supra*, 16 Cal. 4th at 53 (Emphasis added); *See Axis Surplus Ins. Co. v. Reinoso,* 208 Cal. App. 4th 181, 188 (2012)(insurer denied recovery of defense expenses where it failed to carry burden to show claims defended were not even potentially covered). These interrogatories requested that Navigators identify each billing entry which it contended was solely allocable to non-covered claims. Navigators has not done so.

Further, the numbers identified, which total $5,495,644.59, are grossly in excess of the record of actual fee payments by Navigators in the only records produced by Navigators in response to SVO's document requests, the payments approved by Legal eXchange.

**Response to Interrogatory No. 5**

SVO requested that Navigators identify the expert and consultant fees it paid for which it seeks recovery. Navigators has sued SVO to recover those fees and expenses and its refusal to identify them is without merit.

**Response to Interrogatory No. 10**

Navigators retained GRSM, a firm that had an obvious conflict, which was forced to withdraw from the case. Much of the work it did had to be performed again as a new firm had to get up to speed. Navigators reviews the bills for the work perfomed by GRSM and Tyson & Mendes and should have demanded a reduction from GRSM for the work which had to be done over again because of the conflict. Navigators should have been able to calculate the amount of duplicative work and set forth that amount in response to this interrogatory.

**Response to Interrogatory No. 13**

This interrogatory requested that Navigators state who participated in the decision to withdraw the defense from SVO after the dismissal without prejudice of the defamation claim. Navigators' statement that SVO can go look up the file documents produced to determine an answer is non-responsive. There cannot be more than a handful of people involved and it would not be difficult to name them. The current response is obstructive.

**Responses to Interrogatories 14 -18**

Interrogatories 14-17 asked whether Tyson & Mendes represented Navigators and/or its owner, Hartford, since 2020, on coverage matters. Interrogatory 18 asked the same question with respect to GRSM. The questions are

directly relevant to the existence of a conflict of interest in the representation of SVO in the underlying action. It should not be difficult for Navigators and Hartford to answer such questions.

**Response to Interrogatories 19 and 20**

These interrogatories asked that Navigators state why it contended that here was no conflict in Tyson & Mendes representing SVO and Navigators and to identify the witnesses with respect to such determination. Navigators' response that there is not a conflict with Tyson representing both SVO and Navigators on the underlying action itself does not answer the entire question. Navigators must state whether Tyson & Mendes represented it on other matters and why it contends that no conflict existed on such dual representation.

**Responses to Interrogatories 21-23**

These interrogatories asked why Tyson & Mendes failed to produce documents after ordered to do so in the underlying action, why it did not produce documents its experts reviewed and why it failed to timely respond to a motion for a preclusion order that was subsequently granted. Navigators' response that it had no responsibility for the action of Tyson & Mendes is unfounded and additionally misses the point. First, Navigators selected Tyson & Mendes and bears responsibility for its gross negligence. Second, Navigators cannot seek restitution for attorney's fees that provided no benefit to its insured, SVO, and in fact caused SVO millions of dollars in losses. Navigators must answer these interrogatories.

We propose a Zoom conference on Navigators responses on Wednesday, September 3, 2025 at 2:00 p.m. Please let us know if that is convenient.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have

received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On September 26, 2025, I served true copies of the following document(s) described as **SVO'S STATEMENT REGARDING DISCOVERY DISPUTE UNDER COURT'S STANDING ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 26, 2025, at Los Angeles, California.

Benjamin Barragan