David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

SVO BUILDING ONE, LLC,

Defendant.

---

SVO BUILDING ONE, LLC,

Counterclaimant,

vs.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-Defendant.

Case No. 3:22-cv-07102-AMO
Hon. Araceli Martínez-Olguín
Courtroom 10

**DECLARATION OF SHANNON L. SANTOS IN RESPONSE TO SVO BUILDING ONE, LLC'S STATEMENT REGARDING DISCOVERY DISPUTE UNDER COURT'S STANDING ORDER [DOC. 76]**

Action Filed: November 14, 2022
Trial Date: July 14, 2026

/ / /

/ / /

I, Shannon L. Santos, declare as follows:

1. I am an attorney of record for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") in this action. I have personal knowledge of the matters set forth below and could testify thereto if required.

2. I make this declaration in response to the "Statement regarding Discovery Dispute under Court's Standing Order" [Doc. 76] ("Discovery Brief") filed by Defendant/Counterclaimant SVO Building One, LLC ("SVO").

3. SVO misrepresented to the Court that Navigators "refused to participate in a joint statement" contemplated by the Court's Standing Order, Section I.2.b. (Discovery Brief, 3:14-16.) In support of this statement, SVO intentionally omitted the correspondence between myself and counsel for SVO, through which Navigators agreed to do joint statements on the outstanding discovery disputes between the parties. The September 26, 2025 email from Navigators' counsel states:

> Navigators complied with its meet and confer requirements on SVO's failure to produce documents and a witness at deposition in December 2024. While SVO attempted to serve documents after hours on the close of fact discovery, such documents fall well short of the materials SVO agreed to produce in its December 5, 2025 written responses. Our position on moving to exclude witnesses and documents remains the same.
>
> Please advise if SVO wants to submit joint statements to the Court on the three discovery disputes.

The "three discovery disputes" was defined at SVO's request as:

- SVO's responses to Requests for Production of Documents
- SVO's failure to appear at deposition
- Navigators' responses to Interrogatories

A true and correct copy of an email chain between me and counsel for SVO, Bruce Smyth, sent on September 26, 2025 is attached as **Exhibit A** hereto.

/ / /

4. SVO filed the Discovery Brief without ever circulating a proposed joint statement to Navigators to insert its portions.

5. SVO further misrepresented that, in discovery responses, Navigators "asserted that 'virtually all (if not all)' of the fees and expenses after the dismissal were incurred in the defense of uncovered claims." (Discovery Brief, 3:3-5.) A review of the discovery responses attached to the Discovery Brief shows that this statement is false. Navigators responded to SVO's Interrogatory Nos. 1-5 that "all fees and costs incurred after the March 24, 2021 dismissal of the allegations of defamation in the [underlying action] were not potentially covered under [the subject policy]. Navigators paid approximately $2,998,457.50 for such fees and costs." (Discovery Brief, Ex. "1" thereto, 4:1-7; 5:9-11; 6:4-6; 6:27-7:1; 7:22-24.)

6. While Navigators substantively disputes SVO's arguments in the Discovery Brief, Navigators will reserve those arguments should the Court order formal briefing on the dispute. (Standing Order, § I.2.b.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2025 at Los Angeles, California.

*/s/ Shannon L. Santos*
Shannon L. Santos