**Santos, Shannon L.**

**From:** Santos, Shannon L.
**Sent:** Friday, September 26, 2025 1:13 PM
**To:** 'Bruce Smyth'
**Cc:** Shawn Shaffie; Steven Murray; Brandon Brousseau; Ben Barragan; Simantob, David
**Subject:** RE: Navigators v. SVO

The video conference took place on December 6, 2025 with both you and Shawn Shaffie. As I understand your position, the three proposed motions would be:

- SVO's responses to Requests for Production of Documents
- SVO's failure to appear at deposition
- Navigators' responses to Interrogatories

Shannon L. Santos
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8864 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
Shannon.Santos@wilsonelser.com
Pronouns: she, her, hers

WILSON ELSER | BES COMPAN TO WORK USNe

**From:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Sent:** Friday, September 26, 2025 11:05 AM
**To:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Cc:** Shawn Shaffie <Shaffie@parkershaffiellp.com>; Steven Murray <swm@psilaw.com>; Brandon Brousseau <brousseau@parkershaffiellp.com>; Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>
**Subject:** RE: Navigators v. SVO

**EXTERNAL EMAIL** This email originated from outside the organization.

Shannon,

Under Judge Martinez-Holguin's Standing Order, you must conduct a video conference or in person meeting before taking any further action on a discovery dispute. You have done neither. Additionally, It would be helpful if you identified what the "three" discovery disputes you contend are. We will participate in preparing joint statements but first you need to comply with the Court's Standing Order.

Bruce T. Smyth
Senior Counsel



EX. A-1

PARKER SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

---

**From:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Sent:** Friday, September 26, 2025 9:06 AM
**To:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Cc:** Shawn Shaffie <Shaffie@parkershaffiellp.com>; Steven Murray <swm@psilaw.com>; Brandon Brousseau <brousseau@parkershaffiellp.com>; Ben Barragan <barragan@parkershaffiellp.com>; Simantob, David <David.Simantob@wilsonelser.com>
**Subject:** [EXTERNAL] RE: Navigators v. SVO

Navigators complied with its meet and confer requirements on SVO's failure to produce documents and a witness at deposition in December 2024. While SVO attempted to serve documents after hours on the close of fact discovery, such documents fall well short of the materials SVO agreed to produce in its December 5, 2025 written responses. Our position on moving to exclude witnesses and documents remains the same.

Please advise if SVO wants to submit joint statements to the Court on the three discovery disputes.

Shannon L. Santos
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
213.330.8864 (Direct)
213.443.5100 (Main)
213.443.5101 (Fax)
Shannon.Santos@wilsonelser.com
Pronouns: she, her, hers

---

**From:** Bruce Smyth <Smyth@parkershaffiellp.com>
**Sent:** Wednesday, September 24, 2025 3:26 PM
**To:** Santos, Shannon L. <Shannon.Santos@wilsonelser.com>
**Cc:** Shawn Shaffie <Shaffie@parkershaffiellp.com>; Steven Murray <swm@psilaw.com>; Brandon Brousseau <brousseau@parkershaffiellp.com>; Ben Barragan <barragan@parkershaffiellp.com>
**Subject:** RE: Navigators v. SVO

**EXTERNAL EMAIL** This email originated from outside the organization.

Shannon,

We received your email stating that Navigators will move to exclude SVO's witnesses at trial because we did not produce witnesses for the deposition you arbitrarily noticed for the last day of the discovery cut-off. We noted the deficiencies of that notice in my email of September 15, 2025, a copy of which is set forth below, and the practical impossibility of scheduling witnesses on 23 separate and in many cases irrelevant topics for a single day. The problem would d be mitigated if Navigators had agreed to continue the discovery and trial dates out six or seven months as we had proposed, but Navigators chose not to do that. SVO was then forced to file the motion for continuance set for hearing on October 16, 2025.

In any event, Navigators is required, among other obligations, to meet and confer about discovery disputes before seeking to file a motion to compel depositions, well before seeking to exclude testimony. It has not done so.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

P | S PARKER SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

---

**From:** Bruce Smyth
**Sent:** Monday, September 15, 2025 2:43 PM
**To:** Santos, Shannon L. <shannon.santos@wilsonelser.com>
**Cc:** Shawn Shaffie <Shaffie@parkershaffiellp.com>; Steven Murray <swm@psilaw.com>; Brandon Brousseau <brousseau@parkershaffiellp.com>; Ben Barragan <barragan@parkershaffiellp.com>
**Subject:** Navigators v. SVO

Shannon,

We received your amended notice of deposition, set for the last day of the discovery in this matter, unless the court grants our motion to continue the discovery deadlines. Your client opposed our

proposed extension or any extension. In any event, for the reasons set forth below, it is not possible to comply with the notice.

First, this amended deposition notice bears the same deficiencies as the original notice you served, some of which we noted in our email to you of 11/14/2024, because it is virtually identical to that notice. These deficiencies include that the number of topics, 23, is grossly excessive, that a number of topics are not set forth with reasonable specificity, that a number of topics will require many multiple witnesses, that many of the topics seek testimony not relevant to the issues in the case and not proportional to the needs of the case, and that the number of topics violate the limitation of the number of depositions under the Federal Rules of Civil Procedure. We previously requested that you carefully consider the topics in an amended deposition notice and pare them down to a much more reasonable number. This obviously has not been done.

Second, because of the deficiencies of the notice, it is not possible to have the many multiple witnesses requested by that notice to be present and complete the deposition before the current cut-off. If our pending motion to continue the discovery deadlines is granted, we can discuss scheduling a deposition. However, the deficiencies of the notice we have previously noted need to be corrected, including but not limited to the number of categories and the lack of specificity of the categories.

Navigators additionally has not complied with SVO's discovery in this case, in multiple respects discussed below.

**Navigators' Failure To Respond Adequately To Document Requests**

Navigators has not responded adequately to the document requests of SVO in this matter. The deficiencies of its responses are set forth in our letter to you dated October 15, 2024, a copy of which is attached. We have had a discovery conference and exchanged numerous emails since then, but Navigators still has not made a complete production. On a number of occasions you stated that Navigators would make a further production after the parties agreed on the form of a protective order. We have gone back and forth on that issue for months until Navigators recently agreed to the provisions we had been seeking. We have approved the form of that stipulation and are awaiting production of the additional documentation.

**Navigators' Failure To Respond Adequately To Interrogatories**

Navigators has provided deficient responses to the interrogatories propounded by SVO, which were the subject of the meet-and-confer last Friday by video. A copy of my email to you in advance of that discussion is set forth below.

In our discussion of Interrogatory Nos. 1-4 and 6, we noted Navigators' obligations to identify each of the billing entries and expenses it contended were recoverable under the *Buss* standard. You asserted that for the entries prior to the dismissal of the defamation cause of action such entries would be identified by expert testimony at a later point. The issue of the identification of the specific billing entries and expenses for which Navigators contends it is entitled to restitution is not a subject of expert testimony. These are the basic facts of Navigators' claims and must be disclosed now.

You additionally stated that Navigators would be seeking recovery of all the entries and expenses for the period after the dismissal of the defamation cause of action based on that dismissal. In our

conversation I asked whether Navigators would still be pursuing recovery of some of the fees and expenses if it did not prevail on a motion that it was entitled to all of them. You said that Navigators would still be pursuing such claims but that Navigators would identify them by expert testimony. This position is without merit for the same reasons discussed above – The fees and expenses Navigators is pursuing and the reasons for each is not subject for expert testimony. Navigators must state the facts upon which its claims for each of the fees and expenses it is seeking are based.

Most of Navigators' claim for reimbursement is for expert and consultants fees. It must identify each of those expenses in response to Interrogatory 5, but has not even provided a total.

Navigators indicated that it would provide a further response to Interrogatory 13, requesting that the persons who decided to withdraw the defense be identified.

Interrogatories 14-17 asked whether Tyson & Mendes represented Navigators and/or its owner, Hartford, since 2020, on coverage matters. Interrogatory 18 asked the same question with respect to GRSM. I understand you were going to inquire as to the number of such matters. Navigators should answer such questions.

Interrogatory Nos. 19 and 20 asked that Navigators state why it contended that here was no conflict in Tyson & Mendes representing SVO and Navigators and to identify the witnesses with respect to such determination. As we previously noted, Navigators' response that there is not a conflict with Tyson representing both SVO and Navigators on the underlying action itself does not answer the entire question. Navigators must state whether Tyson & Mendes represented it on other matters and why it contends that no conflict existed on such dual representation.

Interrogatory Nos. 21- 23 asked why Tyson & Mendes failed to produce documents after ordered to do so in the underlying action, why it did not produce documents its experts reviewed and why it failed to timely respond to a motion for a preclusion order that was subsequently granted.

In our discussion, I noted that Navigators' response that it had no responsibility for the actions of Tyson & Mendes missed the point. Navigators cannot seek restitution for attorney's fees that provided no benefit to its insured, SVO, and in fact caused SVO millions of dollars in losses. In our conversation, you stated that you would make further inquiries as to Navigator's position on these interrogatories and get back to me.

Please let us know whether and when Navigators will provide complete document production in response to SVO's document requests and complete responses to SVO's interrogatories. If Navigators will not agree to provide such additional discovery, we will need to prepare a joint statement on these disputed issues under the Judge's Civil Standing Order for consideration by the Court.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

P
S PARKER
SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

***Please consider the environment before printing this email.***

Shannon,

I am writing to request a Zoom conference to discuss Navigators' Responses to SVO's Interrogatories, which are deficient in a number of respects, some of which are outlined below.

**Responses to Interrogatories 1-4 and 6**

Interrogatory No. 1 requested that Navigators identify each and every billing entry of attorney's fees that it paid to Tyson & Mendes that it contends is solely allocable to a non-covered claim in the underlying action. Interrogatories 2, 3 and 6 sought the same information. Interrogatory 3 thus requested that Navigators identify each and every billing entry of attorney's fees that it paid to Tyson & Mendes in the underlying action that it contends is recoverable by it under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997).

Navigators did not identify each billing entry, but merely stated that it sought all of the fees it expended from the March 24, 2021 dismissal of $2,998,457.50 and most or all of the fees and expenses incurred before that, which it asserted were $2,497,187.09.

These responses are deficient. Under *Buss,* the insurer may only obtain reimbursement for such defense costs "that can be allocated solely to the claims that are not even potentially covered." *Id.* at 52 (Emphasis added). The insurer has no right to reimbursement of defense costs jointly allocable to claims that were either potentially or actually covered under the policy at the outset of the case. *Id.* at 52-53.

When the insurer seeks reimbursement from the insured, it bears the burden of proving, by a preponderance of the evidence, the defense expenses solely allocable to claims not potentially covered. *Buss, supra*, 16 Cal. 4th at 53 (Emphasis added); *See Axis Surplus Ins. Co. v. Reinoso,* 208 Cal. App. 4th 181, 188 (2012)(insurer denied recovery of defense expenses where it failed to carry burden to show claims defended were not even potentially covered). These interrogatories requested that Navigators identify each billing entry which it contended was solely allocable to non-covered claims. Navigators has not done so.

Further, the numbers identified, which total $5,495,644.59, are grossly in excess of the record of actual fee payments by Navigators in the only records produced by Navigators in response to SVO's document requests, the payments approved by Legal eXchange.

**Response to Interrogatory No. 5**

SVO requested that Navigators identify the expert and consultant fees it paid for which it seeks recovery. Navigators has sued SVO to recover those fees and expenses and its refusal to identify them is without merit.

**Response to Interrogatory No. 10**

Navigators retained GRSM, a firm that had an obvious conflict, which was forced to withdraw from the case. Much of the work it did had to be performed again as a new firm had to get up to speed. Navigators reviews the bills for the work perfomed by GRSM and Tyson & Mendes and should have demanded a reduction from GRSM for the work which had to be done over again because of the conflict. Navigators should have been able to calculate the amount of duplicative work and set forth that amount in response to this interrogatory.

**Response to Interrogatory No. 13**

This interrogatory requested that Navigators state who participated in the decision to withdraw the defense from SVO after the dismissal without prejudice of the defamation claim. Navigators' statement that SVO can go look up the file documents produced to determine an answer is non-responsive. There cannot be more than a handful of people involved and it would not be difficult to name them. The current response is obstructive.

**Responses to Interrogatories 14 -18**

Interrogatories 14-17 asked whether Tyson & Mendes represented Navigators and/or its owner, Hartford, since 2020, on coverage matters. Interrogatory 18 asked the same question with respect to GRSM. The questions are directly relevant to the existence of a conflict of interest in the representation of SVO in the underlying action. It should not be difficult for Navigators and Hartford to answer such questions.

**Response to Interrogatories 19 and 20**

These interrogatories asked that Navigators state why it contended that here was no conflict in Tyson & Mendes representing SVO and Navigators and to identify the witnesses with respect to such determination. Navigators' response that there is not a conflict with Tyson representing both SVO and Navigators on the underlying action itself does not answer the entire question. Navigators must state whether Tyson & Mendes represented it on other matters and why it contends that no conflict existed on such dual representation.

**Responses to Interrogatories 21-23**

These interrogatories asked why Tyson & Mendes failed to produce documents after ordered to do so in the underlying action, why it did not produce documents its experts reviewed and why it failed to timely respond to a motion for a preclusion order that was subsequently granted. Navigators' response that it had no responsibility for the action of Tyson & Mendes is unfounded and additionally misses the point. First, Navigators selected Tyson & Mendes and bears responsibility for its gross negligence.

Second, Navigators cannot seek restitution for attorney's fees that provided no benefit to its insured, SVO, and in fact caused SVO millions of dollars in losses. Navigators must answer these interrogatories.

We propose a Zoom conference on Navigators responses on Wednesday, September 3, 2025 at 2:00 p.m. Please let us know if that is convenient.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser Moskowitz Edelman & Dicker LLP provides to you either in the body of this or any email or in an attachment without first speaking with the attorney in our office who is handling your transaction. Further, DO NOT accept emailed wire instructions from anyone else without voice verification. Even if an email looks like it has come from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.