**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br>[Assigned to Hon. Araceli Martinez-Olguin]<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE UNDER COURT'S STANDING ORDER** |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

/ / /

/ / /

/ / /

Defendant and Counterclaimant SVO Building One, LLC ("SVO") hereby submits this Statement, pursuant to the provisions of Section II.b. of the Court's Standing Order.

SVO seeks that Plaintiff and Counter-defendant Navigators Specialty Insurance Company ("Navigators") be ordered to serve further responses and productions to SVO's Requests for Production. At issue are further responses and productions to SVO's Requests for Production Nos. 13, 16, and 18, the relevant portions of which are discussed in further detail below.

Request for Production No. 13 propounded by SVO relates to Navigators' production of the underwriting file and related documents. Specifically, Request for Production No. 13 requested that Navigators produce the complete original underwriting file pertaining to Navigators Specialty Insurance Company Policy No. LA17CGL2191621C from the time Defendant's application for that policy was submitted up to and including the present, including the file folders and adjacent exhibit folders. A copy of Navigators' Response to Request for Production No. 13, which includes the Request, is attached hereto as **Exhibit 1**. Navigators objected on the basis that the Request sought confidential information that is protected from disclosure as well as the use of the language "files folders or file jackets and adjacent or related exhibit Folders" is ambiguous, and on that basis, stated that no documents would be produced in response to the Request.

SVO's Requests for Production Nos. 16 and 18 relate to Navigators' production of documents related to claim number CGL325269 and Navigators' standards investigating claims since the inception of the subject insurance policy. Request for Production No. 16 requested that Navigators provide documents, including claims manuals and memoranda, that sets forth company practices or policies regarding the handling of claims submitted by its insureds that were in effect at the time Navigators Specialty Insurance Company claim number CGL325269 was being processed. Request for Production No. 18 requested documents and communications related to written standards for the prompt investigation and processing of claims adopted Navigators in compliance with 10 Cal. Code Regs. § 2695.6(b) which were in effect since the inception of Navigators Specialty Insurance Company Policy No. LA17CGL2191621C. A copy of Navigators' Responses to Requests for Production Nos. 16 and 18, which include the Requests, are attached hereto as **Exhibit 2**. In response to both Requests, Navigators objected on the basis that confidential

information that is protected from disclosure was sought and stated that no documents will be produced.

Counsel for the parties engaged in extensive meet and confer discussions regarding a stipulation for a protective order in an attempt to informally resolve this dispute. The parties were able to reach an agreement and a Stipulation for Entry of a Protective Order was filed on September 12, 2025, which is currently pending before the Court. The corresponding Declaration of Bruce T. Smyth, Counsel for SVO, was filed on September 22, 2025.

On December 6, 2024, Navigator's insufficient responses to SVO's document requests were the subject of a meet and confer conference between Counsel for SVO and Navigators before a court reporter. During this meet and confer, Counsel for Navigators explicitly stated that "Once the stipulated protective order is in place, we can produce the underwriting file materials." For the documents related to Navigators' best practices, Counsel for Navigators stated that such documents are marked and would likely be able to be produced soon after the protective order is entered the Court. The relevant excerpt of meet and confer discussion, Page 12, Lines 1-9, is attached hereto as **Exhibit 3**. As of the date of this Statement, there has been no further production of documents by Navigators.

Navigators further responses and productions to SVO's Requests for Production Nos. 13, 16, and 18 are directly related to the instant action as such documents examine the standards related to Navigators contention that it was not required to defend SVO in the underlying action. Such materials also relate to SVO's counterclaim that Navigators breached the implied covenant of good faith and fair dealing.

**NAVIGATORS' POSITION**

SVO fails to set forth any relevancy for seeking the requested materials or explain how the materials relate to the issues in this case. Absent the requisite showing of relevancy, SVO is not entitled to an Order compelling a further document production after the close of fact discovery separate from the production of the claim file, which Navigators produced in October 2024.

/ / /

/ / /

First, with respect to **Request No. 13**, the underwriting file materials have no bearing on the coverage issues in this case. SVO has never argued that the subject insurance policy issued by Navigators to SVO ("Policy") was not issued with the negotiated terms and conditions. The language in the Policy is not in dispute. The only question is how the Policy applies to SVO's claim for coverage for the defense of the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action") for purposes of evaluating the amount of reimbursement Navigators is entitled to with respect to the defense fees and costs incurred in defense of uncovered claims. Underwriting of the Policy is not part of that analysis. Absent a showing of an ambiguity in the Policy language, SVO cannot rely on the underwriting file for interpretation of the defense obligation.

Despite this, Navigators did agree to produce the underwriting file materials subject to privilege if a protective order was entered in this case. SVO insisted on altering the standard language in the Northern District preferred form for protective orders, and the Court rejected the submission on September 16, 2025. [Docs. 69, 71.] There is no protective order in place, and discovery is now closed. SVO missed the opportunity for this production by not following the Court's preferred procedure. SVO cannot obtain a further document production after the close of discovery when, by SVO's own admission, Navigators agreed to the production on December 6, 2024 if a protective order was in place. SVO's history of delay in this case is the only cause of its failure to obtain these documents.

Second, Navigators never agreed to produce the documents requested in response to **Requests Nos. 16 and 18**. The discovery as propounded, particularly Request No. 18, was not limited to procedures in place for (1) the same business line as the subject dispute, (2) similar claims, or (3) even by jurisdiction. The discovery was fundamentally overbroad and harassing as seeking information far outside the scope of the issues raised in this case. Navigators further informed SVO that no "claims manuals" exist. Yet, in an effort to meet and confer despite the improper nature of the discovery, Navigators underwent the extensive and lengthy review of its "Best Practices" to evaluate whether any procedures were potentially applicable to SVO's claim for defense of the Underlying Action. Navigators identified a limited number of "Best Practices" that it would consider

producing subject to a protective order. As discussed, SVO failed to obtain a protective order prior to the close of discovery given its election to deviate from the Northern District's standard form. It is now too late to seek these materials subject to a protective order.

SVO's delay in seeking materials during discovery is not grounds for seeking an order compelling production after the close of fact discovery. For these reasons, Navigators requests the Court issue a ruling, denying SVO's request for permission to move to compel these documents after the close of discovery in accordance with section I.2.b. of the Standing Order.

DATED: October 1, 2025

**PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

# EXHIBIT "1"

folders," Navigators cannot respond to the Request as drafted.

**REQUEST FOR PRODUCTION NO. 13 (erroneously numbered 63)**:

The complete original underwriting file (including, but not limited to, home office, regional office, local or other office) pertaining to Navigators Specialty Insurance Company Policy No. LA17CGL2191621C from the time Defendant's application for that policy was submitted up to and including the present, including, but not limited to, the file folder or file folders themselves and adjacent exhibit folders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13 (erroneously numbered 63)**:

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the extent the Request seeks documents not reasonably calculated to lead to the discovery of admissible evidence as there is no allegation by any party in this suit that the Policy was written with different terms than agreed to in the underwriting process. As such, the Request is burdensome and solely meant to harass Navigators. Navigators objects that the Request is vague and ambiguous given the language "files folder or file folders and adjacent exhibit folders," which makes the Request nonsensical. The use of the word "exhibit" in particular suggests that the Request seeks documents related to a litigation, which would not apply to Navigators as an insurance company. Navigators objects that the Request is compound. Navigators objects that the Request seeks confidential, proprietary, or trade secret information, which is protected from disclosure. Navigators objects to the extent the Request seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege.

No documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 14 (erroneously numbered 74):**

ALL DOCUMENTS or COMMUNICATIONS RELATING TO the issuance of Navigators Specialty Insurance Company Policy No. LA17CGL2191621C.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14 (erroneously numbered 74):**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the extent the Request seeks documents not

# EXHIBIT “2”

discussion, conversation, … negotiation, review, … understanding, meeting or interview," all of which would not involve any physical document in violation of Federal Rules of Civil Procedure, Rule 34(a)(1), which limits this method of discovery to be utilized for inspection of documents, electronically stored information, and tangible things. Navigators objects that the Request seeks confidential, proprietary, or trade secret information, which is protected from disclosure. Navigators objects to the extent the Request seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege.

No documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS (including but not limited to, claims manuals and/or procedures manuals, policy statements, bulletins, COMMUNICATIONS or memoranda) which set forth company practices or policies regarding the handling, processing and/or investigation of claims submitted by YOUR insureds which were in effect or which were utilized by YOU at the time Navigators Specialty Insurance Company claim number CGL325269 was handled, processed and/or investigated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the extent the Request seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Navigators objects to the definition of "YOU" and "YOUR" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the definition of "COMMUNICATIONS" as seeking "oral, telephonic, … discussion, conversation, … negotiation, review, … understanding, meeting or interview," all of which would not involve any physical document in violation of Federal Rules of Civil Procedure, Rule 34(a)(1), which limits this method of discovery to be utilized for inspection of documents, electronically stored information, and tangible things. Navigators objects that the Request is overly broad and

burdensome as it is not tailored to the matters at issue in this action nor limited to a reasonable period of time. Navigators objects to the extent the Request seeks confidential, proprietary, or trade secret information, which is protected from disclosure. Navigators objects to the extent the Request seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege.

No documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All additions, revisions, deletions or other changes that have been made in the claims manuals and/or procedures manuals from the time claim number CGL325269 was submitted up to and including the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the extent the Request seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Navigators objects that the Request is overly broad and burdensome as it is not tailored to the matters at issue in this action nor limited to a reasonable period of time. Navigators objects to the extent the Request seeks confidential, proprietary, or trade secret information, which is protected from disclosure. Navigators objects to the extent the Request seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege.

No documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS or COMMUNICATIONS regarding written standards for the prompt investigation and processing of claims adopted by Plaintiff in compliance with 10 Cal. Code Regs. § 2695.6(b) which were in effect since the inception of Navigators Specialty Insurance Company Policy No. LA17CGL2191621C.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the extent the Request seeks documents not

reasonably calculated to lead to the discovery of admissible evidence. Navigators objects to the definition of "COMMUNICATIONS" as seeking "oral, telephonic, … discussion, conversation, … negotiation, review, … understanding, meeting or interview," all of which would not involve any physical document in violation of Federal Rules of Civil Procedure, Rule 34(a)(1), which limits this method of discovery to be utilized for inspection of documents, electronically stored information, and tangible things. Navigators objects that the Request is overly broad and burdensome as it is not tailored to the matters at issue in this action nor limited to a reasonable period of time. Navigators objects to the extent the Request seeks confidential, proprietary, or trade secret information, which is protected from disclosure. Navigators objects to the extent the Request seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects that the Request calls for a legal conclusion.

No documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS between YOU and the law firm of TYSON & MENDES regarding all offers to settle the claims made in the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the extent the Request seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the definition of "COMMUNICATIONS" as seeking "oral, telephonic, … discussion, conversation, … negotiation, review, … understanding, meeting or interview," all of which would not involve any physical document in violation of Federal Rules of Civil Procedure, Rule 34(a)(1), which limits this method of discovery to be utilized for inspection of documents, electronically stored

# EXHIBIT "3"

we got this e-mail about the protective order. So that's where the confusion may lie.

MR. SMYTH: Okay. Let me see if I can cut through this. We're here to discuss the document production. I understand that the position of Navigators is that they cannot complete the document production because of the fact that we don't yet have a protective order. So I think the protective order is part of the document production. If you don't contend that the -- that the protective order is a problem with respect to the document production, fine. We won't talk about it today. We'll move on, just talk about the document production.

MS. SANTOS: All right. So then, let's get some -- we were under the impression we were here to talk about the document productions and the responses, then let me substantively respond to what you said, Bruce.

First, obviously I disagree that we have not produced documents in response to the original request. We already produced the claim file with the privileged log that indicated what privileged information was withheld. During our past two phone calls about those responses, we have agreed to do an amended privileged log that provides additional information with respect to



the documents that were withheld that matches the court's standing order. I had told you -- I had also indicated that we would do amended written responses to certain request for production where we had objected that the term was not defined and we would amend those; however, I indicated to you that I didn't want to do multiple sets of amended responses. And since we were also negotiating language that would not limit the responses to the claim file, which is how the current responses are drafted, I told you I'd rather wait until we were in position to amend all the responses before I did it piecemeal. That being said, if you want separate amended responses to, first, what I can do right now, which is the ones I said it indicated the term was not defined, I can serve amended written responses to those now indicating we already produced the claim file. I can also produce the amended privileged log with that. What we were trying to do was facilitate this and make it easier by doing all of these things at once, but that is not to say that nothing has been done. Claim file has been produced.

Now, we have the underwriting file that we also agreed to produce subject to a protective order that is prepared to be produced. We are waiting for your edits on the privilege log, the stipulated protective order,



in order to do that. Once the stipulated protective order is in place, we can produce the underwriting file materials. We also have -- have found the best practices, which, while we do not maintain claim manuals, I'm going to give SVO the benefit of the doubt that these will be the type of documents that SVO is looking for. And we have those marked and would likely be able to produce soon after the protective order is entered.

So those two productions are waiting on SVO's response to our drafted protective order. I originally told you we were holding off on the protective order because I wanted to make sure that the -- that Hartford was going to produce documents in response to a protective order before I sent you a draft. However, during our last phone call, you said, let's go ahead and get it started and send us the draft so we can work on that. So that is what we were trying to accomplish. Navigators is now prepared to produce in response to protective order, but we still have not heard back from you about the document -- the protective order document. That covers --

MR. WILLIS: Did you mention the Outlook files too for the particular --

MS. SANTOS: No. Well, I was responding to his



comment that the -- that the protective order was what was holding up the productions, and that's not true. SVO's delay in reviewing the protective order has delayed our production of the underwriting file and we cannot produce the best practices at this time. There were three other categories of documents that the parties had been negotiating. The Outlook files, the number of times Tyson Mendes was retained, and then payments on the claim.

Now, the -- we have worked on all of those. But when you say that we told you we couldn't produce anything before the end of the year, you know that was specific to the Outlook files. I told you that -- and during our prior phone calls we discussed this at length, that pulling the Outlook files for all of the personnel was going to be an extraordinary amount of data that was going to require a significantly long privileged review. I then told you -- you asked for a response before -- by December 2nd, and I sent you a response a week earlier than that as soon as I had an indication as to what kind of time frame we were looking at. I told you there were six megabytes worth of data, which is obviously an extremely large amount and it's going to involve numerous duplicates because I told you pulling those individual, every single person was going

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On October 1, 2025, I served true copies of the following document(s) described as **SVO'S STATEMENT REGARDING DISCOVERY DISPUTE UNDER COURT'S STANDING ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 1, 2025, at Los Angeles, California.

Benjamin Barragan