David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

SVO BUILDING ONE, LLC,

Defendant.

SVO BUILDING ONE, LLC,

Counterclaimant,

vs.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-Defendant.

Case No. 3:22-cv-07102-AMO
Hon. Araceli Martínez-Olguín
Courtroom 10

**JOINT STATEMENT REGARDING SVO BUILDING ONE, LLC'S PRODUCTION IN RESPONSE TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

[Filed concurrently with Declaration of Shannon L. Santos]

Action Filed: November 14, 2022
Trial Date: July 14, 2026

In accordance with section I.2.b. of the Court's Standing Order, Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") and Defendant/Counterclaimant SVO Building One, LLC ("SVO") (collectively "Parties") hereby submit their joint statement with respect to a dispute that has arisen in connection with SVO's production in response to Navigators' Requests for Production of Documents, Set No. One.

## I. NAVIGATORS' POSITION

This discovery dispute is very simple: SVO agreed to produce documents in December 2024. In the ten months since then, SVO has not produced the documents. SVO should be ordered to produce the documents it already agreed to produce. Alternatively, Navigators will move to exclude SVO from introducing any documents at trial.

This action centers on insurance coverage available for SVO's defense of the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action"), throughout which Navigators defended SVO subject to a reservation of rights. Navigators is entitled to reimbursement of all fees and costs incurred in defense of uncovered claims, including 100% reimbursement of fees incurred after the defamation cause of action was dismissed against SVO. SVO disputes Navigators' right to reimbursement and has asserted a variety of claims against Navigators.

On October 15, 2024, Navigators propounded its Requests for Production of Documents, Set No. One ("Requests"), to SVO. On December 5th, SVO served their written responses to the Requests but did not produce any documents. (Declaration of Shannon L. Santos ("Santos Dec."), ¶ 2, Ex. "A" thereto, SVO Responses to Requests.) On September 24, 2025, the close of fact discovery date, SVO produced 808 pages of documents to Shannon Santos, one of the two attorneys of record for Navigators. (Santos Dec., ¶ 3, Ex. "B" thereto, September 24, 2025 Email.)

Consistent with the allegations by the Parties, Navigators' Requests were tailored to elicit documentation in support of SVO's position on coverage for the Underlying Action and its damages claims. Navigators is entitled through discovery to ascertain the factual basis for SVO's defenses to the reimbursement claims and any Counterclaims asserted. After hours on the close of fact discovery in this case, SVO attempted to serve its initial document production in the case to only one of Navigators' counsel of record. Even then, SVO failed to produce all of the documents it represented it would. The following are the Requests that SVO confirmed in writing it would produce but has not done so to date:

/ / /

- **Request Nos. 1-3:** These Requests seek all insurance policies covering SVO for any type of liability claims for period June 1, 2016 through January 5, 2022 as well as notices of tender made under those insurance policies and any coverage opinions SVO received.
- **Request Nos. 27-30 and 33-37:** These Requests seek invoices and proof of payment in connection with specific experts used in SVO's defense in the Underlying Action.
- **Request No. 39:** This Request seeks all documents that SVO submitted to Navigators as part of its insurance claim for defense of the Underlying Action.
- **Request Nos. 43-44:** These Requests seek documents supporting SVO's contentions that there was a potential for coverage for its defense from July 18, 2019 to March 24, 2021 (the date the defamation cause of action was dismissed) and from March 25, 2021 through the conclusion of the Underlying Action.
- **Request Nos. 49-51:** These Requests seek documents supporting SVO's contentions in its Answer and Counterclaims and evidencing damages SVO seeks against Navigators.

(Santos Dec., ¶ 2, Ex. "A" thereto, SVO Responses to Requests.)

SVO should not be permitted to rely on documents in its defense or prosecution of this case when the documents were specifically requested through discovery, and SVO elected not to produce such information. SVO's failure to produce the documents that it said it would constitutes a blatant breach of its obligations under the discovery rules.

SVO's failure to produce documents in this action was discussed at a meet and confer conference between counsel on December 6, 2024. At that time, SVO was still representing that the documents would be produced. (Santos Dec., ¶ 4.) Given SVO's positions, Navigators does not believe further meet and confer efforts will resolve the dispute.

## II. SVO'S POSITION

Navigators again has not complied with the requirements for pursuing a motion to compel discovery under this Court's Standing Order. It has not conducted a meet and confer by video or in person, or at all. The meet and confer it refers to in its statement is one conducted by SVO on Navigators' failure to produce the documents in **SVO's** document requests. Copies of the emails to Navigators' counsel setting forth its failures to comply with the requirements of a discovery

conference on a motion to compel document production are attached hereto collectively as Exhibit 1.

Further, the joint statement is to be confined to a single topic. Instead, Navigators seeks to move to compel either production or further responses – it is not at all clear – on 16 individual requests. Much of what Navigators may be contending is included in a declaration of Shannon Santos, but that declaration has not been provided to SVO. Further any argument in that declaration would exceed the page limit in the Standing Order.

Although Navigators complains that SVO has not produced the documents, it then states that SVO in fact made a production on September 24, 2025. If it contends that that production was somehow incomplete, it should identify the specific alleged deficiencies. It similarly alleges in conclusory fashion that SVO committed to produce documents in 16 responses to discovery but does not state what it contends SVO failed to produce in those responses. It also does not cite the responses,which objected to some portions of the requests and agreed to produce documents responsive to other portions. In fact, SVO agreed to produce and has produced most of the documents Navigators requested and correctly objected to the remainder. Of course the topics in dispute could have been narrowed considerably if Navigators had conducted a meet and confer on the topics in dispute, but it has not done so.

Navigators' motion to compel should be denied because it has not complied with the requirements of a motion to move to compel. In the alternative, if the court extends the discovery deadlines, it should order Navigators to conduct an actual meet and confer by video on the issues alleged to be in dispute before bringing the issues to the Court.

Dated: October 1, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*

David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant*
*Navigators Specialty Insurance Company*