**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Adam J. Telanoff (SBN 159761)
telanoff@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818 501-8441

Attorneys for **Defendant/Counterclaimant SVO BUILDING ONE, LLC,**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO |
| SVO BUILDING ONE, LLC,<br><br>Counterclaimant,<br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-Defendant. | **SVO'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE** |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF NAVIGATORS SPECIALTY INSURANCE COMPANY |
| RESPONDING PARTY: | DEFENDANT SVO BUILDING ONE, LLC |
| SET NO.: | ONE |

Defendant SVO Building One, LLC ("SVO") hereby responds to the Requests for Production of Documents propounded by Plaintiff Navigators Specialty Insurance Company ("Navigators") as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Defendant SVO objects to the definition of the terms "YOU" and "YOUR" in the Requests for Production of Documents ("Requests") on the grounds that they are vague and ambiguous, among other reasons because they include in the definition the attorneys for SVO and the prior counsel for SVO who were attorneys for plaintiff Navigators.

2. SVO objects to the extent the Requests are vague, ambiguous, uncertain, overly broad, call for speculation, or are not reasonably calculated to lead to the discovery of admissible evidence.

3. SVO objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity which may attach to the information requested.

4. SVO objects to the Requests to the extent they seek information protected from disclosure as trade secret, proprietary, and/or confidential.

5. SVO objects to the Requests to the extent they seek information not within the care, custody, or control of SVO.

/ / /

/ / /

6. SVO objects to the Requests to the extent they seek information which can be obtained by less intrusive means or are already in Navigators' care, custody, or control.

7. SVO objects to the Requests to the extent they are burdensome and seek information which is not proportional to the needs of the case.

8. SVO objects to the Requests as any instructions under the "INSTRUCTIONS" and "DEFINITIONS" sections attempt to impose on SVO obligations that exceed the discovery rules under the Federal Rules of Civil Procedure and Local Rules.

9. SVO has not yet completed its investigation and discovery of this matter. The following responses are provided to the best of SVO's ability and understanding at this time. Discovery is continuing, and SVO reserves the right to supplement these responses as additional information becomes available.

These General Objections are incorporated by reference as though fully set forth into each response to the Requests.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All insurance policies covering YOU for any type of liability claims for the period of June 1, 2016 through January 5, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request seeks documents that are not relevant to the claim or defense of any party in that any insurance policy other than the policy between responding party and propounding party is not relevant to any of the claims in this action. The dispute concerns payments and coverage subject to responding party's insurance policy with propounding party only.

/ / /

Without waiving such objections, responding party will produce Navigators Policy No. LA17CGL2191621C issued to SVO for the period of July 12, 2017 to August 12, 2019 and the policy issued by Hallmark Specialty Insurance Company, Policy No. 77GLO15D776.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS evidencing notices or tenders of the UNDERLYING ACTION that YOU made under all insurance policies covering YOU for any type of liability claims for the period of June 1, 2016 through January 5, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request seeks documents that are not relevant to the claim or defense of any party in that any tender of the UNDERLYING ACTION under any insurance policy other than the policy between responding party and propounding party is not relevant to any of the claims in this action. Additionally, communications with any other carrier are protected from disclosure by the attorney-client privilege and the attorney work product doctrine. The dispute is with regard to payments and coverage subject to responding party's insurance policy with propounding party only. No documents will be provided regarding any tender to any other insurance carrier.

Responding party will produce the tenders of the UNDERLYING ACTION to Navigators.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS evidencing coverage position letters by insurers in response to notices or tenders of the UNDERLYING ACTION that YOU made under all insurance policies covering YOU for any type of liability claims for the period of June 1, 2016 through January 5, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is not relevant to any party's claim or defense and is not proportional to the needs of the case. The coverage position of any non-party

insurer based on their policy provisions is not relevant to any of the claims or defenses in this case and as such is not within the scope of discovery. Additionally, such communications are protected from disclosure by the attorney-client privilege and the attorney-work product doctrine.

Without waving such objections, responding will provide coverage position letters from propounding party.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

All pleadings filed in the UNDERLYING ACTION.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Propounding party can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party. As a result, no documents will be provided.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

All written discovery responses served by any party in the UNDERLYING ACTION.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Propounding party can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party. As a result, no documents will be provided.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

All DOCUMENTS reflecting any agreement for resolution of the UNDERLYING ACTION that resulted in the "Joint Notice of Dismissal with Prejudice" being filed in the UNDERLYING ACTION on or about January 5, 2022.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to such request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine, that the request is unduly burdensome and oppressive and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS evidencing communications between YOU and TYSON regarding the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. The request is vague and ambiguous because the definition of "YOU" includes the counsel for responding party, which at one point was TYSON, with whom responding party is in litigation,  that it is unduly burdensome and oppressive, that it seeks the production of documents which are not relevant to the issues in this action or proportional to the needs of the case, that it is overbroad, and that it seeks the production of documents protected from disclosure by the attorney client privilege and/or the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS evidencing communications between YOU and GORDON REES regarding the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. The request is vague and ambiguous because the definition of "YOU" includes the counsel for responding party, which at one point was GORDON REES, that it is unduly burdensome and oppressive, that it seeks the production of documents which are not relevant to the issues in this action or proportional to the needs of the case, and that it seeks the production of documents protected from disclosure by the attorney client privilege and/or the attorney work product doctrine.

/ / /

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

All DOCUMENTS evidencing communications between YOU and LOSB regarding the UNDERLYING ACTION.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Objection. The request is vague and ambiguous because the definition of "YOU" includes the counsel for responding party, which at one point was LOSB, that it is unduly burdensome and oppressive, that it seeks the production of documents which are not relevant to the issues in this action or proportional to the needs of the case, and that it seeks the production of documents protected from disclosure by the attorney client privilege and/or the attorney work product doctrine.

Without waiving such objections, responding party will produce copies of the nonprivileged portions of the fee invoices for which it is seeking recovery under its Counterclaim.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All DOCUMENTS evidencing communications between YOU and MURPHY AUSTIN regarding the UNDERLYING ACTION.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

Objection. The request is vague and ambiguous because the definition of "YOU" includes the counsel for responding party, which at one point was MURPHY AUSTIN, that it is unduly burdensome and oppressive, that it seeks the production of documents which are not relevant to the issues in this action or proportional to the needs of the case, and that it seeks the production of documents protected from disclosure by the attorney client privilege and/or the attorney work product doctrine.

Without waiving such objections, responding party will produce copies of the nonprivileged portions of the fee invoices for which it is seeking recovery under its Counterclaim.

/ / /

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**

All DOCUMENTS evidencing communications between YOU and PROCOPIO regarding the UNDERLYING ACTION.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11</u>:**

Objection. This request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Communications between responding party and other law firms regarding the matters that are not subject to propounding party's claims for reimbursement of legal fees are not relevant to any of the claims or defenses in this case and as such are not within the scope of discovery. As a result, no documents will be provided.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

All DOCUMENTS evidencing communications regarding the UNDERLYING ACTION between YOU and any law firm for which YOU are seeking recovery of fees in this action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12</u>:**

Objection. This request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Communications between responding party and other law firms regarding the matter that are not subject to propounding party's claims for reimbursement of legal fees are not relevant to any of the claims or defenses in this case and as such are not within the scope of discovery. Additionally, all communications between responding party and any law firm are protected from disclosure by the attorney client privilege and the attorney work product doctrine.

Without waiving such objections, responding party will produce copies of the non-privileged portions of the attorney fee invoices for which it is seeking recovery under its Counterclaim.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

All DOCUMENTS evidencing invoices for work performed by TYSON on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Propounding party can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party. Additionally, such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine. As a result, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS evidencing invoices for work performed by GORDON REES on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. These documents are equally, if not more available, from propounding party's agent, GORDON REES. Propounding party can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party. Additionally, such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

Only documents evidencing damages claimed by responding party in its Counterclaim will be provided.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS evidencing invoices for work performed by LOSB on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. The invoices for legal work provided to responding party by LOSB are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is overbroad, burdensome and oppressive and not proportional to the needs of the case.

Without waiving such objections, only invoices evidencing the damages claimed by responding party for the work performed by LOSB in its Counterclaim will be provided.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS evidencing invoices for work performed by MURPHY AUSTIN on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. The invoices for legal work provided to responding party by MURPHY AUSTIN are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is overbroad, burdensome and oppressive and not proportional to the needs of the case.

Without waiving such objections, only invoices evidencing the damages claimed by responding party for the work performed by MURPHY AUSTIN in its Counterclaim will be provided.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS evidencing invoices for work performed by PROCOPIO on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

No responsive documents exist.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS evidencing invoices for work performed by any other law firm on YOUR defense the UNDERLYING ACTION for which YOU are seeking recovery of fees in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. The invoices for legal work performed provided to responding party by a law firm are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "any other law

firm," overbroad, burdensome and oppressive and not proportional to the needs of the case.

Without waiving such objections, only invoices evidencing damages claimed by responding party in its Counterclaim will be provided.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS evidencing payment by YOU on invoices for work performed by TYSON on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. The invoices for legal work performed provided to responding party by TYSON are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, overbroad, burdensome and oppressive and not proportional to the needs of the case.

Without waiving such objections, responding party will provide evidence of payment of invoices of TYSON.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS evidencing payment by YOU on invoices for work performed by GORDON REES on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. Documents regarding payment by responding party for legal work provided to responding party by GORDON REES are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request seeks documents that are not relevant to the claim or defense of any party.

Without waiving such objections, no documents evidencing payment by responding party for work performed by Gordon Rees in the Underlying Action exist.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS evidencing payment by YOU on invoices for work performed by LOSB on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. The invoices for legal work performed provided to responding party by LOSB are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, overbroad, burdensome and oppressive and seeks documents which are not relevant to the subject matter of this action and not proportional to the needs of the case.

Without waiving such objections, only invoices pertaining to the damages claimed by responding party in its Counterclaim for work performed by LOSB and for payment for that work will be provided.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS evidencing payment by YOU on invoices for work performed by MURPHY AUSTIN on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. The invoices for legal work performed provided to responding party by MURPHY AUSTIN are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, overbroad, burdensome and oppressive and seeks documents which are not relevant to the subject matter of this action and not proportional to the needs

of the case.

Without waiving such objections, only invoices pertaining to the damages claimed by responding party in its Counterclaim for work performed by MURPHY AUSTIN and for payment for that work will be provided.

**<u>REQUEST FOR PRODUCTION NO. 23</u>:**

All DOCUMENTS evidencing payment by YOU on invoices for work performed by PROCOPIO on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 23</u>:**

No responsive documents exist.

**<u>REQUEST FOR PRODUCTION NO. 24</u>:**

All DOCUMENTS evidencing payment by YOU on invoices for work performed by any other law firm on YOUR defense the UNDERLYING ACTION for which YOU are seeking recovery of fees in this action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 24</u>:**

Objection. The invoices for legal work performed provided to responding party by a law firm are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "any other law firm," overbroad, burdensome and oppressive and not proportional to the needs of the case.

Without waiving such objections, only invoices evidencing damages claimed by responding party in its Counterclaim for work provided by a law firm will be provided.

**<u>REQUEST FOR PRODUCTION NO. 25</u>:**

All DOCUMENTS evidencing invoices for expert work performed by HKA on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Additionally, propounding party was the payor of many of the requested expert invoices and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, copies of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS evidencing invoices for expert work performed by Ian Bitterlin on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Additionally, propounding party was the payor of many of the requested expert invoices and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing invoices for expert work performed by Frank Watson on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Additionally, propounding party was the

payor of some of the requested expert invoices and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS evidencing invoices for expert work performed by Michael Wall on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Additionally, propounding party was the payor of some of the requested expert invoices and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS evidencing invoices for expert work performed by Erik Laykin on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Additionally, propounding party was the payor of some of the requested expert invoices and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

/ / /

Without waiving such objections, to the extent that any expert invoices were paid by responding party, those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS evidencing invoices for expert work performed by Phil Vermeulen on YOUR defense the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter. Additionally, propounding party was the payor of the requested expert invoices and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS evidencing invoices for work performed by any other expert on YOUR defense the UNDERLYING ACTION for which YOU are seeking recovery of fees in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the terms "any other expert" and "on YOUR defense the UNDERLYING ACTION." The documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, those invoices will be provided.

/ / /

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS evidencing payment by YOU on invoices for expert work performed by HKA on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "on YOUR defense the UNDERLYING ACTION." These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter, and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that expert invoices were paid by responding party, those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS evidencing payment by YOU on invoices for expert work performed by Ian Bitterlin on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "on YOUR defense the UNDERLYING ACTION." These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter, and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that expert invoices were paid by responding party, those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing payment by YOU on invoices for expert work performed by Frank Watson on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "on YOUR defense the UNDERLYING ACTION." These documents are equally, if not more available, from propounding party's agent, TYSON & MENDES, who is in active litigation with responding party in a separate matter, and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, evidence of payment of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS evidencing payment by YOU on invoices for expert work performed by Michael Wall on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "on YOUR defense the UNDERLYING ACTION." These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter, and as such can obtain these requested documents at less expense and effort

and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, evidence of payment of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing payment by YOU on invoices for expert work performed by Erik Laykin on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "on YOUR defense the UNDERLYING ACTION." These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter, and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that any expert invoices were paid by responding party, evidence of payment of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS evidencing payment by YOU on invoices for expert work performed by Phil Vermeulen on YOUR defense the UNDERLYING ACTION, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "on YOUR defense the UNDERLYING ACTION." These documents are equally, if not more available, from propounding party's agent,

Tyson & Mendes, who is in active litigation with responding party in a separate matter, and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that expert invoices were paid by responding party, evidence of payment of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS evidencing payment by YOU on invoices for work performed by any other expert on YOUR defense the UNDERLYING ACTION for which YOU are seeking recovery of fees in this action, including, but not limited to invoices, receipts, bank statements, credit card statements, canceled checks, and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "on YOUR defense the UNDERLYING ACTION." These documents are equally, if not more available, from propounding party's agent, Tyson & Mendes, who is in active litigation with responding party in a separate matter, and as such can obtain these requested documents at less expense and effort and as a result this request is designed only to harass and burden the responding party.

Without waiving such objections, to the extent that expert invoices were paid by responding party, evidence of payment of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS YOU submitted to NAVIGATORS as part of YOUR insurance claim for defense of the UNDERLYING ACTION under the POLICY.

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "as part of YOUR insurance claim." Propounding party, NAVIGATORS, would by definition have the requested documents. As a result, this request is not designed to discover a matter relevant to any party's claim or defense, but instead is designed only to harass and burden the responding party.

Without waiving such objections, responding party will produce some nonprivileged documents supporting its contention that there was a potential for coverage in the UNDERLYING ACTION requiring propounding party to provide a defense.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS evidencing communications between YOU and NAVIGATORS regarding the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. This request is vague and ambiguous, seeks documents which are not relevant to the subject matter of this action and not proportional to the needs of the case, overbroad and unduly burdensome and oppressive. Propounding party would by definition have the requested documents. As a result, this request is not designed to discover a matter relevant to any party's claim or defense, but instead is designed only to harass and burden the responding party. As a result, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS evidencing YOUR internal communications regarding YOUR insurance claim for defense of the UNDERLYING ACTION under the POLICY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "internal communications," overbroad, burdensome and

oppressive and seeks documents which are not relevant to the subject matter of this action and not proportional to the needs of the case. The request additionally seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. As a result, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS evidencing YOUR internal communications regarding the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection. This request is vague and ambiguous, including but not limited to the meaning of the term "internal communications," overbroad, burdensome and oppressive and seeks documents which are not relevant to the subject matter of this action and not proportional to the needs of the case. The request additionally seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. As a result, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 43:**

DOCUMENTS supporting YOUR contention that there was a potential for coverage under the POLICY for YOUR defense of the UNDERLYING ACTION from July 18, 2019 to March 24, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Objection. This request is vague and ambiguous, including but not limited to the contention that responding party contends that there was a potential for coverage limited to the time period in the request, that it is overbroad, burdensome and oppressive and seeks documents which are not relevant to the subject matter of this action and not proportional to the needs of the case. The request additionally seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine.

/ / /

/ / /

Without waiving such objections, responding party will produce some nonprivileged documents supporting its contention that there was a potential for coverage in the UNDERLYING ACTION requiring propounding party to provide a defense.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS supporting YOUR contention that there was a potential for coverage under the POLICY for YOUR defense of the UNDERLYING ACTION from March 25, 2021 through the conclusion of the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection. This request is vague and ambiguous, including but not limited to the contention that responding party contends that there was a potential for coverage limited to the time period in the request, that it is overbroad, burdensome and oppressive and seeks documents which are not relevant to the subject matter of this action and not proportional to the needs of the case. The request additionally seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine.

Without waiving such objections, responding party will produce documents supporting its contention that there was a potential for coverage in the UNDERLYING ACTION requiring propounding party to provide a defense.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS evidencing attorneys' fees and costs YOU paid out of pocket in defense of the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection. The invoices for legal work performed provided to responding party by a law firm are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "paid out of

pocket," overbroad, burdensome and oppressive and not proportional to the needs of the case. This request is duplicative of requests 19 through 24 and as such is burdensome and harassing.

Without waiving such objections, only invoices evidencing the damages claimed by responding party in its Counterclaim and for payment of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS evidencing attorneys' fees and costs HALLMARK paid towards YOUR defense of the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection. This request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Any payments by any non-party insurer based on their policy provisions is not relevant to any of the claims or defenses in this case and as such is not within the scope of discovery. As a result, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS evidencing expert fees YOU paid out of pocket in defense of the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Objection. The invoices for legal work provided to responding party by a law firm are protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "paid out of pocket," overbroad, burdensome and oppressive and not proportional to the needs of the case. This request is duplicative of requests 32 through 38 and as such is burdensome and harassing.

/ / /

/ / /

Without waiving such objections, only invoices evidencing the damages claimed by responding party in its Counterclaim for expert fees and for payment of those invoices will be provided.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS evidencing expert fees HALLMARK paid towards YOUR defense of the UNDERLYING ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Objection. This request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Any payments by any non-party insurer based on their policy provisions is not relevant to any of the claims or defenses in this case and as such is not within the scope of discovery. As a result, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS supporting YOUR contentions made in the ANSWER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "all," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery.

Without waiving such objections, responding party will provide documents supporting its contentions in the Answer.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS supporting YOUR contentions made in the COUNTERCLAIM.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "all," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery.

Without waiving such objections, responding party will provide documents supporting its contentions in the Counterclaim.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS evidencing each type of damages YOU are seeking in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "each type of damages," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery.

Without waiving such objections, responding party will provide documents supporting its damages alleged in the Counterclaim.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS evidencing the attorneys' fees YOU are seeking in pursuit of POLICY benefits as damages in this action, including, but not limited to, contracts, invoices, billing statements, bank statements, credit card statements, wire transfers, canceled checks, and receipts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "each type of damages," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS evidencing YOUR contention that an officer, director, or managing agent of NAVIGATORS was guilty of oppression, fraud, or malice or had actual knowledge and ratified such conduct in connection with YOUR defense of the UNDERLYING ACTION as alleged as part of the punitive damages claim sought in paragraph 42 of the COUNTERCLAIM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "all," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery.

Without waiving such objections, responding party will provide documents supporting its contentions of punitive damages in the Counterclaim.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS identified in YOUR Initial Disclosures.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "all," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery. Responding party additionally asserts that propounding party is estopped from seeking discovery based on responding party's initial disclosures because propounding party's initial disclosures did not satisfy the requirements of the Federal Rules of Civil Procedure and identified no witnesses or documents.

Without waiving such objections, responding party will provide documents identified in its initial disclosures within its care, custody or control.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS supporting YOUR responses to the Interrogatories served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the terms "all" and "supporting," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery.

Without waiving such objections, responding party will provide documents supporting its interrogatory responses.

/ / /

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS supporting YOUR responses to each of the Requests for Admissions served concurrently herewith, which is not an unqualified admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Objection. The request seeks documents protected from disclosure by the attorney client privilege and the attorney work product doctrine. Additionally, this request is vague and ambiguous, including but not limited to the meaning of the term "all," overbroad, burdensome and oppressive and not proportional to the needs of the case. Additionally, discovery has just begun and responding party reserves the right to produce documents based on documents obtained and facts learned in the course of discovery.

DATED: December 5, 2024 **PARKER SHAFFIE LLP**

By: Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant
**SVO BUILDING ONE, LLC**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On December 5, 2024, I served true copies of the following document(s) described as **SVO'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail:<br>David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address barragan@parkershaffiellp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 5, 2024, at Los Angeles, California.

[signature]

Ben Barragan