David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

SVO BUILDING ONE, LLC,

Defendant.

---

SVO BUILDING ONE, LLC,

Counterclaimant,

vs.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-Defendant.

Case No. 3:22-cv-07102-AMO
Hon. Araceli Martínez-Olguín
Courtroom 10

**JOINT STATEMENT REGARDING SVO BUILDING ONE, LLC'S APPEARANCE AT DEPOSITION IN RESPONSE TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S NOTICE OF DEPOSITION**

[Filed concurrently with Declaration of Shannon L. Santos]

Action Filed: November 14, 2022
Trial Date: July 14, 2026

In accordance with section I.2.b. of the Court's Standing Order, Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") and Defendant/Counterclaimant SVO Building One, LLC ("SVO") (collectively "Parties") hereby submit their joint statement with respect to a dispute that has arisen in connection with SVO's appearance at deposition in response to deposition notices.

## I. NAVIGATORS' POSITION

SVO has known since the inception of this lawsuit that it would need to appear for deposition. In October 2024, Navigators put SVO on notice of the categories of examination that would be covered. It's a year later, and SVO still has not appeared for deposition. SVO is not permitted to avoid its obligation to provide testimony in support of its contentions and still testify at trial. If SVO is not ordered to appear at deposition, Navigators will move to exclude SVO from introducing any representatives to testify at trial.

On October 15, 2024, Navigators served its Notice of Deposition of Person Most Knowledgeable of SVO ("Deposition Notice"). (Declaration of Shannon L. Santos ("Santos Dec."), ¶ 2, Ex. "A" thereto, Deposition Notice.) On December 4, 2024, SVO served its Objections to the Deposition Notice. (Santos Dec., ¶ 3, Ex. "B" thereto, Objections.) On September 10, 2025, Navigators served its Amended Notice of Deposition of Person Most Knowledgeable of SVO ("Amended Deposition Notice") in accordance with federal discovery rules to ensure the deposition took place before the fact discovery cutoff. (Santos Dec., ¶ 4, Ex. "C" thereto, Amended Deposition Notice.) SVO did not serve objections to the Amended Deposition Notice nor file a Motion for Protective Order. (Santos Dec., ¶ 5.) On September 15, 2025, counsel for SVO advised that SVO would not appear at deposition as noticed. (Santos Dec., ¶ 6.) Throughout the pendency of this case, SVO never appeared at a deposition despite the multiple deposition notices. (Santos Dec., ¶ 7.)

The Deposition Notice and the Amended Deposition Notice contained the same topics of examination, intended to elicit information about SVO's contention that coverage was available for its defense of the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action") and the arguments SVO makes in this case. The topics included the following:

- **Topic Nos. 1-3 and 12-14:** These topics cover the subject insurance policy, the Underlying Action, and SVO's contention that there is coverage afforded for its defense.
- **Topic Nos. 4-11:** These topics cover the attorneys' fees and costs SVO incurred in defense of the Underlying Action along with payments made on those amounts from SVO,

Navigators, and the other defending insurer.

- **Topic Nos. 15-23:** These topics address the factual bases for SVO's Answer, Counterclaims, claims for damages, initial disclosures, discovery responses, and document productions made in this case.

There is nothing surprising let alone objectionable about these categories of examination. Each was narrowly tailored and sufficiently delineated to inform SVO of the intended line of questioning, all of which directly relate to the coverage dispute. There was not a single topic served that did not go directly to SVO's allegations in this case and the fundamental dispute as to whether coverage was owed for the Underlying Action. Navigators is entitled to this information in pursuit of its claims against SVO and in defense of the Counterclaims.

SVO is not permitted to run out the clock on the fact discovery period without suffering the consequences for its failure to abide by its discovery obligations. If SVO does not want to testify at deposition, then it should not be permitted to testify at trial.

SVO's appearance at deposition was discussed at a meet and confer conference between counsel on December 6, 2024. At that time, SVO was still representing that it would appear for deposition. (Santos Dec., ¶ 8.) Given SVO's position, Navigators does not believe further meet and confer efforts will resolve the dispute.

## II. SVO'S POSITION

Navigators has not complied with any of the requirements of the Federal Rues of Civil Procedure, the Local Rules or this Court's Standing Order with respect to the deposition it claims to have noticed. Its most unfounded contention is that SVO is attempting to "run out the clock" on discovery. Navigators refused to sign a stipulation SVO proposed to extend the discovery cut-off and all other dates seven months because of the need for additional time to complete discovery in a complex case with lots of issues and documents. It has then opposed SVO's motion for such relief.

Navigators did not comply with Local Rule 30-1 that it consult with opposing counsel before noticing a deposition, the requirement of the Court's Standing Order at section I.6. that it serve a notice of deposition at least 30 days prior to the close of discovery, or the provisions of the

Court's Standing Order at Section I.2.b. that it conduct a meet and confer by video or in person on a discovery dispute before making a motion. Instead, in the meet and confer which SVO conducted with respect to Navigators' failure to respond to SVO's document requests, it agreed to hold off on a deposition until it produced the documents that SVO had requested. It has not produced those documents.

Under the Court's Standing Order, Navigators is supposed to confine a Joint Statement to a single topic or related topics. Instead, Navigators seeks to move to compel on 23 topics. It discusses none of them in its Statement. Moreover, the Joint Statement is limited to five pages, but most of Navigators' argument is apparently included in a declaration of its counsel, which appears to be much longer and was not even provided to SVO's counsel.

The deposition notice does not satisfy the requirement of F.R.Civ.P. 30(b)(6), most notably that it does not describe the topics "with reasonable particularity." It instead has vague and overbroad topics such as "the Policy" (Request 1), the "Underlying Action" (Request 2), and "your initial disclosures."

Finally, Navigators asserts that SVO did not "serve" objections, though there is no procedure for such objections in the Federal Rules. More importantly, SVO did send an email to Navigators' counsel noting its objections and its failure to meet and confer. A copy of that email is attached hereto as Exhibit "1."

SVO requests that the Court either deny Navigators' request for deposition or in the alternative, if it continues the discovery deadline in this matter, to direct Navigators to conduct a meaningful meet and confer in person or by video, to discuss limited, narrow, deposition topics of no more than five which satisfy the requirements of F.R.Civ.P. 30(b)(6) and to negotiate reasonable deposition date or dates mutually agreeable to the parties.

Dated: October 1, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*