**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Christian Przybylowski (SBN 279174)
christian@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>**SVO BUILDING ONE, LLC'S OBJECTIONS TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF SVO BUILDING ONE, LLC** |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, Cross-Claimant SVO BUILDING ONE, LLC ("SVO"), hereby objects to Plaintiff, Counter-Defendant, NAVIGATORS SPECIALTY INSURANCE COMPANY (hereinafter "Navigators") Notice of Deposition of Person Most Knowledgeable of SVO objections to said Notice of Deposition are as follows:

**<u>INTRODUCTION AND GENERAL OBJECTIONS</u>**

SVO objects to the entirety of the of the Notice of Deposition of Navigators on the grounds that Navigators failed to meet and confer with counsel for SVO to schedule a date for the depositions noticed herein as required by the Local Rules, the number of topics, 23, is excessive and constitutes an improper attempt to evade the limits on the number of interrogatories permitted a party under the Federal Rules of Civil Procedure and on the number of depositions permitted by a party under the Federal Rules of Civil procedure and the Local Rules.

SVO additionally objects to the notice on the grounds that Navigators failed to meet and confer in good faith about the matters for examination as required by Rule 30(b)(6) before and after the notice of deposition was served.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

SVO additionally generally objects to the topics on the grounds below:

**1. The Topics Are Not Relevant To The Subject Matter Of The Action And Not Proportional To The Needs Of The Case**

The scope of discovery under the Federal Rules is limited. Rule 26(b) states that discovery must be "relevant" and "proportional" based on several factors including, "the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (Fed. R. Civ. P. 26(b)(1).) Under Federal Rule 30(b), a party may take the deposition of an organization by identifying deposition topics with "reasonable particularity." (See Fed. R. Civ. P. 30(b)(6).) Furthermore, the individuals designated by the corporate entity "must testify about information known or reasonably available to the organization." (*Id.*) Several topics are so vague and overbroad in scope that they seek information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and SVO cannot reasonably be expected to prepare an individual to testify on behalf of the organization on such irrelevant and overbroad topics. See, e.g., Topic Nos. 1 -3, 8, and 9.

**2. The Topics Are Not Drafted With The Requisite Specificity**

SVO objects that the subject areas listed for examination are not stated with reasonable particularity or the "painstaking specificity" required by federal law. (See *Prokosch v. Catalina Lighting, Inc.* (D. Minn. 2000) 193 F.R.D. 633, 638 ["to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute"]; see Fed. Rules Civ.Proc. 30(b)(6).) The topics below do not specifying what the corporate designee is supposed to be ready to discuss with regard to each topic. As written, SVO cannot know what aspect of the listed topics Navigators seeks to examine SVO. Consequently, SVO cannot efficiently or reasonably prepare an individual to testify on behalf of the organization on such overbroad and open-ended topics. Likewise, certain of the listed topics simply reference a noun without identifying the area or purpose of inquiry. See, e.g., Topic Nos. 1– 11, 13, and 21 - 23.

/ / /

/ / /

**3. The Topics Improperly Seek Expert Discovery**

It is improper to seek information about expert discovery and/or contention topics through a 30(b)(6) witness. (See *Trustees of Boston University v. Everlight Electronics Co., Ltd.* (D. Mass., Sept. 24, 2014, No. 12-CV-11935-PBS) 2014 WL 5786492, at *4. [“A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriate through contention interrogatories and/or expert testimony.”]; see also *U.S. v. District Council of New York City and Vicinity of United Broth. of Carpenters and Joiners of America* (S.D.N.Y., Aug. 18, 1992, No. 90 CIV. 5722 (CSH)) 1992 WL 208284, at *15.) The appropriate manner for obtaining this information is through expert witness depositions and/or contention interrogatories. (*Fidelity Management & Research Co. v. Actuate Corp.* (D. Mass. 2011) 275 F.R.D. 63, 64 [“it is not clear that a 30(b)(6) deposition is the best method for obtaining the information. Rather, it can be argued that contention interrogatories are a better vehicle.”].)

A number of topics, due to their lack of required specificity, improperly seek expert testimony and are not proper for a Rule 30(b)(6) deposition. See, e.g., Topic Nos. 1 and 12 – 20.

**4. Deposition Topics About the Factual And Legal Bases Of Claims Are Not Proper.**

A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims. (*Smithkline Beecham Corp. v. Apotex Corp.* (N.D. Ill., Jan. 24, 2000, No. 98 C 3952) 2000 WL 116082, at *9.) ; “Even under the present-day liberal discovery rules, [the recipient of a Rule 30(b)(6) request] is not required to have counsel ‘marshall all of its factual proof’ and prepare a witness to be able to testify on a given defense or []claim.” (*In re Independent Service Organizations Antitrust Litigation* (D. Kan. 1996) 168 F.R.D. 651, 654.) As the court in that case explained:

> The reason is simple--complaints and answers, including affirmative defenses, are drafted by attorneys, and asking a 30(b)(6) witness, usually a non-lawyer, to answer this type of questions after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between "facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension. This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers... And drawing the line between questions which seek to elicit facts and questions which will lead to a revelation of work-product matters can be difficult.

(*Id.*) As such, Navigators' deposition topics concerning "contentions" as written do not seek facts, but rather seek to elicit information concerning legal consequences and reasoning that are protected by the attorney-client privilege and/or work product doctrine. Many of Navigators' topics seek testimony from fact witnesses about matters of expert opinion, which have not been disclosed. Each of the following topics seeks information appropriate for an expert and not for a fact witness. See Topic Nos.12 - 18.

## OBJECTIONS TO INDIVIDUAL TOPICS

**1. The POLICY.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. As phrased, the massive possible scope of the topic means it seeks improper expert discovery and seeks to inquire into attorneys' legal strategies and work product. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery.

/ / /

/ / /

**2. The UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. As phrased, the massive possible scope of the topic means it seeks improper expert discovery and seeks to inquire into attorneys' legal strategies and work product. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery.

**3. Communications between YOU and any person or entity regarding the UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. The scope of this topic is not proportional based on the needs of the case in that there are hundreds if not thousands of communications "regarding" the underlying action on any number of topics that have nothing to do with the claims in the complaint or counterclaim, making the request, without specificity regarding what communications are to be discussed, not relevant.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**4. The attorneys' fees and costs incurred in YOUR defense of the UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. As phrased, this topic seeks irrelevant information as only some, not all of attorneys' fees and costs incurred in the UNDERLYING ACTION are subject to any of the claims, defenses, or counter claims in this matter. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why these fees are recoverable damages, a topic for contention interrogatories. Any questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

/ / /

/ / /

/ / /

**5. The fees and costs for expert work performed for YOUR defense of the UNDERLYING ACTION.**

As phrased, this topic seeks irrelevant information as only some, not all of fees and costs incurred for expert work in the UNDERLYING ACTION are subject to any of the claims, defenses, or counter claims in this matter. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why these fees are recoverable damages, a topic for contention interrogatories. Any questions concerning this topic would necessarily inquire into SVO's theory of the case and invade work product, attorney client privilege, and expert testimony.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**6. YOUR payments for attorneys' fees and costs incurred in YOUR defense of the UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. As phrased, this topic seeks irrelevant information as only

some, not all of attorneys' fees and costs incurred in the UNDERLYING ACTION are subject to any of the claims, defenses, or counter claims in this matter. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why these payments are or are not applicable, a topic for contention interrogatories. Any questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**7. YOUR payments for fees and costs for expert work performed for YOUR defense of the UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. As phrased, this topic seeks irrelevant information as only some, not all of fees and costs incurred for expert work in the UNDERLYING ACTION are subject to any of the claims, defenses, or counter claims in this matter. This topic seeks discovery into contentions or

legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why these payments are or are not applicable, a topic for contention interrogatories. Any questions concerning this topic would necessarily inquire into SVO's theory of the case and invade work product, attorney client privilege, and expert testimony.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**8. HALLMARK's payments for attorneys' fees and costs incurred in YOUR defense of the UNDERLYING ACTION.**

This topic seeks irrelevant information as HALLMARK's payment of attorneys' fees and costs in the UNDERLYING ACTION is not subject to any of the claims, defenses, or counter claims in this matter.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**9. HALLMARK's payments for fees and costs for expert work performed for YOUR defense of the UNDERLYING ACTION.**

This topic seeks irrelevant information as HALLMARK's payment of for expert work in the UNDERLYING ACTION is not subject to any of the claims, defenses, or counterclaims in this matter.

SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**10. NAVIGATORS' payments for attorneys' fees and costs incurred in YOUR defense of the UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. SVO objects to such topic because it seeks testimony as to Plaintiff's claims of payments for the defense which Plaintiff paid. SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**11. NAVIGATORS' payments for fees and costs for expert work performed for YOUR defense of the UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is

supposed to be ready to discuss with regard to this topic. SVO objects to such topic because it seeks testimony as to Plaintiff's claims of payments for the defense which Plaintiff paid. SVO additionally objects to the definitions of the defined terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, including but not limited to the fact that they are defined to include in those terms, SVO's attorneys and agents which include attorneys and agents of Navigators, such as Tyson & Mendes.

**12. YOUR assertion of entitlement to benefits under the POLICY for the UNDERLYING ACTION.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic.

This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. Any questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

/ / /

/ / /

/ / /

**13. Communications between YOU and any person or entity regarding YOUR assertion of entitlement to benefits under the POLICY for the UNDERLYING ACTION.**

This topic is not identified with “reasonable particularity” or the “painstaking specificity” required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic.

This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. Any questions concerning this topic would necessarily inquire into SVO’ theory of the case and invade work product, attorney client privilege, and expert testimony.

**14. The factual basis upon which YOU contend that there was coverage for YOUR defense of the UNDERLYING ACTION under the POLICY.**

This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. Any questions concerning this topic

would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

**15. The factual basis that supports YOUR contentions made in the ANSWER.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. As the ANSWER was prepared by SVO' attorneys, any questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product and attorney client privilege.

**16. The factual basis that supports YOUR contentions made in the COUNTERCLAIM.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not

specify what the corporate designee is supposed to be ready to discuss with regard to this topic. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. As the COUNTERCLAIM was prepared by SVO's attorneys, any questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

**17. All damages YOU are seeking in this action.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. The determination of available damages, and which damages to seek, would have been determined through counsel, and questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

**18. The factual basis that supports all damages YOU are seeking in this action.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. The determination of available damages, and which damages to seek, would have been determined through counsel, and questions concerning this topic would necessarily inquire into SVO's theory of the case and invade work product, attorney client privilege, and expert testimony.

**19. The factual basis for YOUR claim for attorneys' fees incurred in pursuit of POLICY benefits as asserted in this action.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with

regard to this topic. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. The determination of available damages, and which damages to seek, would have been determined through counsel, and questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

**20. The factual basis for YOUR claim for punitive damages as asserted in this action.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. Given the lack of specificity, the topic seeks information that is not relevant nor proportional to any of the claims, defenses, or counterclaims in the current matter and so are outside the scope of discovery. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to this topic. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. This topic is not investigative in nature, seeking factual support of particular allegations, but instead seeking why this factual allegation exists, a topic for contention interrogatories. The determination of available damages, and which damages to seek, would have been determined through counsel, and questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client

privilege, and expert testimony.

**21. YOUR Initial Disclosures.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to the initial disclosures. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. As the initial disclosures were prepared with SVO' attorneys, any questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

**22. YOUR responses to discovery propounded in this action.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to the discovery responses. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. As the discovery responses were prepared with SVO' attorneys, any questions concerning this topic would necessarily inquire into SVO's theory of the case and invade work product, attorney client privilege, and expert testimony.

/ / /

/ / /

/ / /

/ / /

/ / /

**23. YOUR document productions in this action.**

This topic is not identified with "reasonable particularity" or the "painstaking specificity" required by federal law. This topic does not specify what the corporate designee is supposed to be ready to discuss with regard to the document production including which documents. As there are thousands of documents potentially responsive to the document request propounded by Plaintiffs, this topic is not proportional based on the needs of the case. Without specificity regarding what documents are to be discussed it is impossible for SVO to adequately identify and prepare a witness for this topic. This topic seeks discovery into contentions or legal theories, not facts, and so may be appropriate for contention interrogatories, but not a 30(b)(6) deposition and it seeks to inquire into attorneys' legal strategies and work product. As the initial disclosures were prepared with SVO' attorneys, any questions concerning this topic would necessarily inquire into SVO' theory of the case and invade work product, attorney client privilege, and expert testimony.

DATED: December 4, 2024 **PARKER SHAFFIE LLP**

By: ______________________

Christian Przybylowski
Attorneys for Defendant
**SVO BUILDING ONE, LLC**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On December 4, 2024, I served true copies of the following document(s) described as **SVO BUILDING ONE, LLC'S OBJECTIONS TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF SVO BUILDING ONE, LLC** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail:<br>David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address barragan@parkershaffiellp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 4, 2024, at Los Angeles, California.

Ben Barragan