# EXHIBIT "1"

**Ben Barragan**

**From:** Bruce Smyth
**Sent:** Wednesday, September 24, 2025 3:26 PM
**To:** Santos, Shannon L.
**Cc:** Shawn Shaffie; Steven Murray; Brandon Brousseau; Ben Barragan
**Subject:** RE: Navigators v. SVO

Shannon,

We received your email stating that Navigators will move to exclude SVO's witnesses at trial because we did not produce witnesses for the deposition you arbitrarily noticed for the last day of the discovery cut-off. We noted the deficiencies of that notice in my email of September 15, 2025, a copy of which is set forth below, and the practical impossibility of scheduling witnesses on 23 separate and in many cases irrelevant topics for a single day. The problem would d be mitigated if Navigators had agreed to continue the discovery and trial dates out six or seven months as we had proposed, but Navigators chose not to do that. SVO was then forced to file the motion for continuance set for hearing on October 16, 2025.

In any event, Navigators is required, among other obligations, to meet and confer about discovery disputes before seeking to file a motion to compel depositions, well before seeking to exclude testimony. It has not done so.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel

P S PARKER SHAFFIE LLP

800 West 6th Street, Suite 500
Los Angeles, CA 90017-2702
phone 213.622.4441 fax 213.622.1444
www.parkershaffiellp.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify PARKER SHAFFIE LLP immediately by telephone at (213) 622-4441, or by e-mail, and destroy all copies of this message and any attachments.

*Please consider the environment before printing this email.*

**From:** Bruce Smyth
**Sent:** Monday, September 15, 2025 2:43 PM
**To:** Santos, Shannon L. <shannon.santos@wilsonelser.com>
**Cc:** Shawn Shaffie <Shaffie@parkershaffiellp.com>; Steven Murray <swm@psilaw.com>; Brandon Brousseau

<brousseau@parkershaffiellp.com>; Ben Barragan <barragan@parkershaffiellp.com>
**Subject:** Navigators v. SVO

Shannon,

We received your amended notice of deposition, set for the last day of the discovery in this matter, unless the court grants our motion to continue the discovery deadlines. Your client opposed our proposed extension or any extension. In any event, for the reasons set forth below, it is not possible to comply with the notice.

First, this amended deposition notice bears the same deficiencies as the original notice you served, some of which we noted in our email to you of 11/14/2024, because it is virtually identical to that notice. These deficiencies include that the number of topics, 23, is grossly excessive, that a number of topics are not set forth with reasonable specificity, that a number of topics will require many multiple witnesses, that many of the topics seek testimony not relevant to the issues in the case and not proportional to the needs of the case, and that the number of topics violate the limitation of the number of depositions under the Federal Rules of Civil Procedure. We previously requested that you carefully consider the topics in an amended deposition notice and pare them down to a much more reasonable number. This obviously has not been done.

Second, because of the deficiencies of the notice, it is not possible to have the many multiple witnesses requested by that notice to be present and complete the deposition before the current cut-off. If our pending motion to continue the discovery deadlines is granted, we can discuss scheduling a deposition. However, the deficiencies of the notice we have previously noted need to be corrected, including but not limited to the number of categories and the lack of specificity of the categories.

Navigators additionally has not complied with SVO's discovery in this case, in multiple respects discussed below.

**Navigators' Failure To Respond Adequately To Document Requests**

Navigators has not responded adequately to the document requests of SVO in this matter. The deficiencies of its responses are set forth in our letter to you dated October 15, 2024, a copy of which is attached. We have had a discovery conference and exchanged numerous emails since then, but Navigators still has not made a complete production. On a number of occasions you stated that Navigators would make a further production after the parties agreed on the form of a protective order. We have gone back and forth on that issue for months until Navigators recently agreed to the provisions we had been seeking. We have approved the form of that stipulation and are awaiting production of the additional documentation.

**Navigators' Failure To Respond Adequately To Interrogatories**

Navigators has provided deficient responses to the interrogatories propounded by SVO, which were the subject of the meet-and-confer last Friday by video. A copy of my email to you in advance of that discussion is set forth below.

In our discussion of Interrogatory Nos. 1-4 and 6, we noted Navigators' obligations to identify each of the billing entries and expenses it contended were recoverable under the *Buss* standard. You asserted that for the entries prior to the dismissal of the defamation cause of action such entries would be identified by expert testimony at a later point. The issue of the identification of the specific billing entries and expenses for which Navigators contends it is entitled to restitution is not a subject of expert testimony. These are the basic facts of Navigators' claims and must be disclosed now.

You additionally stated that Navigators would be seeking recovery of all the entries and expenses for the period after the dismissal of the defamation cause of action based on that dismissal. In our conversation I asked whether Navigators would still be pursuing recovery of some of the fees and expenses if it did not prevail on a motion that it was entitled to all of them. You said that Navigators would still be pursuing such claims but that Navigators would identify them by expert testimony. This position is without merit for the same reasons discussed above – The fees and expenses Navigators is pursuing and the reasons for each is not subject for expert testimony. Navigators must state the facts upon which its claims for each of the fees and expenses it is seeking are based.

Most of Navigators' claim for reimbursement is for expert and consultants fees. It must identify each of those expenses in response to Interrogatory 5, but has not even provided a total.

Navigators indicated that it would provide a further response to Interrogatory 13, requesting that the persons who decided to withdraw the defense be identified.

Interrogatories 14-17 asked whether Tyson & Mendes represented Navigators and/or its owner, Hartford, since 2020, on coverage matters. Interrogatory 18 asked the same question with respect to GRSM. I understand you were going to inquire as to the number of such matters. Navigators should answer such questions.

Interrogatory Nos. 19 and 20 asked that Navigators state why it contended that here was no conflict in Tyson & Mendes representing SVO and Navigators and to identify the witnesses with respect to such determination. As we previously noted, Navigators' response that there is not a conflict with Tyson representing both SVO and Navigators on the underlying action itself does not answer the entire question. Navigators must state whether Tyson & Mendes represented it on other matters and why it contends that no conflict existed on such dual representation.

Interrogatory Nos. 21- 23 asked why Tyson & Mendes failed to produce documents after ordered to do so in the underlying action, why it did not produce documents its experts reviewed and why it failed to timely respond to a motion for a preclusion order that was subsequently granted.

In our discussion, I noted that Navigators' response that it had no responsibility for the actions of Tyson & Mendes missed the point. Navigators cannot seek restitution for attorney's fees that provided no benefit to its insured, SVO, and in fact caused SVO millions of dollars in losses. In our conversation, you stated that you would make further inquiries as to Navigator's position on these interrogatories and get back to me.

Please let us know whether and when Navigators will provide complete document production in response to SVO's document requests and complete responses to SVO's interrogatories. If Navigators will not agree to provide such additional discovery, we will need to prepare a joint statement on these disputed issues under the Judge's Civil Standing Order for consideration by the Court.

Regards,

Bruce

Bruce T. Smyth
Senior Counsel