**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>[Assigned to Hon. Araceli Martinez-Olguin]<br><br>**JOINT STATEMENT AFTER MEETING AND CONFERRING REGARDING DISCOVERY DISPUTE ON RESPONSES TO SVO'S INTERROGATORIES, SET NO. ONE, PURSUANT TO COURT'S ORDER** |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

/ / /

/ / /

Plaintiff and Counter-Defendant Navigators Specialty Insurance Company ("Navigators") and Defendant and Counterclaimant SVO Building One, LLC ("SVO") hereby submit this Joint Statement on a dispute regarding responses to SVO's Interrogatory Nos. 1-5, pursuant to the Court's Order at the hearing on October 16, 2025, as follows:

**SVO's Position**

Pursuant to the Court's order, the counsel for the parties conferred by video on October 27, 2025 on SVO's motion to compel Navigators to provide further responses to SVO's Interrogatory Nos. 1-5. Copies of Navigators' Responses to those Interrogatories, which include the Interrogatories themselves, are attached hereto as Exhibit 1.[1] The parties did not reach agreement. SVO seeks that Navigators serve further responses identifying each of the specific billing entries and expenses for which it seeks reimbursement under the controlling case of *Buss v. Superior Ct.,* 16 Cal. 4th 35 (1997) ("*Buss*"). Under *Buss*, an insurer may obtain reimbursement for defense costs "that can be allocated solely to the claims that are not even potentially covered." *Id.* at 52. The insurer has no right to reimbursement of defense costs jointly allocable to claims that were either potentially or actually covered under the policy at the outset of the case. *Id.* at 52-53. The insurer bears the burden of proving, by a preponderance of the evidence, the defense expenses solely allocable to claims not even potentially covered. *Id.* at 53. The insurer must prove that "specific costs" can be allocated solely to the causes of action that were not even potentially covered. *Id* at 61. The *Buss* court specifically held that an insurer must accomplish this task "'if ever feasible' [and] may be 'extremely difficult.'" *Id*. at 58. In fact, the Court recognized that carrying this burden may lead an insurer to only pursuing this matter in exceptional cases. *Id*.

Interrogatory 1 requested that Navigators identify each billing entry by defense counsel Tyson & Mendes LLP which it contended was solely allocable to claims which were not even potentially covered. Interrogatory 2 asked that Navigators identify each entry it contended was recoverable under *Buss*. Interrogatory 3 asked that it identify each billing entry by prior defense

[1] SVO previously filed a Statement (ECF 76) recounting earlier efforts by SVO's counsel to meet and confer on Navigators 'Responses.


PARKER SHAFFIE LLP

counsel Gordon Rees Scully & Mansukhani LLP which it contended was solely allocable to claims which were not even potentially covered. Interrogatory 4 asked that it identify each cost or expense and Interrogatory 5, each expert or consulting fee, that it contended was solely allocable to claims which were not even potentially covered.

Navigators answered none of these interrogatories, refusing to identify any entry, cost, expense or consulting or expert fee. Instead it provided calculations of what it contended were the *totals* of fees and expenses it alleges it paid prior to the dismissal without prejudice of the defamation cause of action on March 24, 2021 and after the dismissal. It asserted in its response to Interrogatory No. 1, which was incorporated into its responses to Interrogatories 2 through 5, that "all fees and costs after the March 24, 2021 dismissal of the allegations of defamation … were not potentially covered." In the meet and confer counsel for SVO asked if Navigators would be pursuing recovery of some of those fees if it did not prevail on a motion that it was entitled to all of them. Navigators' counsel responded that it would still be pursuing such claims but would identify the specific billing entries in later expert testimony. Its later assertion that the experts will be providing the allocation of fees in the defense of covered and uncovered claims at trial does not concede that its response that is seeks 100% of fees and expenses after the dismissal of the defamation claim will not change if the court rules that it is not entitled to all of those fees under California law. It must identify those fees and expenses now.

More importantly, SVO requested that Navigators state the *facts* upon which its reimbursement claim is based under *Buss*. The response does not require expert testimony. For example, the determination of whether an insurer must continue to defend after an allegedly covered claim is dismissed without prejudice is clearly a legal determination based on applicable California law and the allegations of the complaint. Under California law, an insurer is required to continue to provide a defense of a potentially covered claim which is dismissed without prejudice because it could be brought back into the case. *See, e.g, Westfield Ins. Co. v. TWT, Inc.,* 723 F. Supp. 492, 496 (N.D. Cal. 1989) (dismissal of cross-complaint without prejudice does not eliminate duty to defend because it could be reasserted at any time). The legal determination is to be made in the first case by the Court and not a hired "expert." Further, expert opinion that is only a legal


PS PARKER SHAFFIE LLP

conclusion without underlying factual support constitutes "unsupported speculation" and does not meet the requirements of *Daubert. Plush Lounge Las Vegas LLC v. Hotspur Resorts Nevada Inc.*, 371 Fed.Appx. 719, 720 (9th Cir.2010) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993)). The declaration submitted by Navigators' "expert," which is not attached by Navigators likely because of its extreme volume, is not admissible in any event and will be the subject of a *Daubert* motion. Navigators is not permitted to hold back its responses to these interrogatories until trial or some subsequent event.

Navigators did not identify the billing entries or costs and expenses for the period *before* the dismissal without prejudice of the defamation claim either. It stated that "[v]irtually all (if not all)" of the total amount of fees and costs in that period was incurred in the defense of uncovered claims. This response does not answer the interrogatories or satisfy the requirements under *Buss*. Under *Buss* the insurer bears the burden of proving, by a preponderance of the evidence, the defense expenses solely allocable to claims not even potentially covered. *Id.* at 53. The insurer must prove the "specific costs" that can be allocated solely to the causes of action that were not even potentially covered. *Id* at 61.

In the meet and confer, Navigators refused to provide further responses to Interrogatories 1 through 3. SVO noted that Navigators failed to answer Interrogatory 4, which asked that it identify each cost or expense and Interrogatory 5, each expert or consulting fee, that it contended was solely allocable to claims which were not even potentially covered under the policy. Navigators stated that it would provide an amended answer stating that 97% of the costs and expenses and 100% of the expert and consultants' fees were solely allocable to claims which were not even potentially covered. These responses are insufficient. Navigators bears the burden of establishing that "specific costs" can be allocated solely to the causes of action that were not even potentially covered. *Id* at 61. It must identify them and merely stating that 97% of them are so allocable without identifying them is insufficient. Navigators has the burden of identifying the expenses and fees it contends are solely allocable to claims which are not even potentially covered at trial. It should not be permitted to withhold that information now and spring it at trial.

Navigators is required to identify the expenses and fees solely allocable to potentially non-

covered claims for which it seeks reimbursement now as part of its initial burden under *Buss* and to allow SVO to respond to such contentions. Those facts form the entire basis of Navigators' reimbursement claim and it must disclose them.

Navigators' contention that the Court is barred from ruling on this dispute is unfounded. The Joint Statement was filed within the time to move to compel under the Local Rule. The Standing Order at I. 2. states that the court will advise the parties as to how it intends to proceed and "may issue a ruling or schedule a video conference of the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates"

SVO's position is that its motion to compel on the five interrogatory responses must be resolved in advance of the deadline for dispositive motions because the responses to such interrogatories will be directly relevant to a dispositive motion that Navigators has indicated that it will file. The decision on the motion can be delayed if the deadline on dispositive motions is extended.

**Navigators' Position**

Through Interrogatory Nos. 1-5, SVO improperly seeks an expert analysis on allocation completed by Navigators' personnel. As Navigators' responses to the Interrogatories state, "Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery." Despite the improper nature of the Interrogatories, served too late to move to compel as noted below, Navigators advised through the discovery that:

1. 100% of the $2,998,457.50 in fees and costs in SVO's defense of the underlying action incurred after the allegations of defamation were dismissed were for uncovered claims; and
2. Virtually all of the $2,497,187.09 fees and costs incurred before dismissal of the defamation allegations were for uncovered claims.

(Responses to Interrogatory Nos. 1-5.)

Beyond that, responses to SVO's discovery required an expert allocation of the fees and costs. Expert discovery has now commenced, and Navigators' expert reached the same conclusions as those

Navigators provided in the discovery responses. Confirming the information in connection with point 1 above, Navigators' expert opined that, "[t]he services rendered after March 24, 2021, the date the defamation claim was formally dismissed, are subject to reimbursement in total. After that date, the potential for defamation claim did not exist." (Navigators Initial Expert Disclosures, Ex. "A" thereto, Expert Report of André Jardini ("Jardini Expert Report"), ¶ 53.) There is no additional information to provide in response to the discovery than that which Navigators already advised. Each and every time entry entered after March 24, 2021 was incurred in defense of uncovered claims.

As to the time incurred before March 24, 2021 (point 2 above), Navigators' expert opined that, "[n]o potential coverage existed" for 17 of the 18 claims in the underlying action asserted against SVO as "[p]otential coverage existed only as to the defamation claim." (Jardini Expert Report, ¶ 45.) Moreover, "very little time was expended related to the defamation claim." (Jardini Expert Report, ¶ 56.) Based on a review of the time entries incurred, the expert determined that **only 1% of the time incurred prior to the dismissal went to the defamation claim** and "certainly less than 3%." (Jardini Expert Report, ¶¶ 59-61.) For this reason, the expert opined that "97% of fees and costs incurred before March 24, 2021 are recoverable by Navigators." (Jardini Expert Report, ¶ 64.)

As Navigators' expert has now opined on the allocation issue, Navigators volunteered to amend the discovery responses – despite the close of fact discovery – as follows: as to Interrogatory Nos. 1-4, to state that at least **$5,420,728.98 Navigators paid is subject to reimbursement** (100% of the $2,998,457.50 and 97% of $2,497,187.09) and, as to Interrogatory No. 5, to state that all expert and consultant fees and costs are recoverable at 100% as no experts in the underlying action were involved in the defamation allegations.[2]

SVO's position section above, using 3.5 pages of a 5-page total allotment (Standing Order, § I.2.b.), contains a number of false statements, including that "Navigators answered none of these interrogatories." The contention that "Navigators' counsel responded that it would still be pursuing

[2] SVO's statement that "Navigators refused to provide further responses to Interrogatories 1 through 3" does not accurately reflect the meet and confer conference. Navigators' counsel stated that, if SVO wanted an amended response to Interrogatory No. 5, then amended responses will be provided for Nos. 1-5 with the information stated herein.

such claims but would identify the specific billing entries in later expert testimony" is also false. Navigators has always maintained that the allocation issue for a *Buss* reimbursement is subject to expert opinion. That is true regardless of whether Navigators "prevail[s] on a motion." If this matter proceeds to a jury, the experts will provide the allocation of time incurred in defense of covered and uncovered claims.

SVO deliberately tries to mislead the Court on the scope of the dispute by stating, "SVO requested that Navigators state the *facts* upon which its reimbursement claim is based." (Emphasis in original.) **Nowhere in Interrogatory Nos. 1-5 does the discovery ask for facts.** The discovery states: (1) "IDENTIFY each and every BILLING ENTRY"; (2) "IDENTIFY each and every BILLING ENTRY"; (3) "IDENTIFY each and every BILLING ENTRY"; (4) "IDENTIFY each and every cost or expense"; and (5) "IDENTIFY each and every expert fee or consultant fee." The only thing SVO asked for was a line-by-line allocation, which it is not entitled to in fact discovery.

While the Court allowed SVO to "refile" in connection with this discovery dispute at the October 16th hearing, the original matter is still untimely. SVO contends it will be seeking a motion to compel in accordance with L.R. 37-3, which states, "no discovery-related motions may be filed more than 7 days after the discovery cut-off." The discovery cutoff in this action was September 24, 2025. The Local Rule required a motion to compel, not a preliminary joint statement, be filed by October 1st. **To date, SVO has not filed such a motion.** The Court's Standing Order sets forth a procedure to informally resolve a discovery dispute with the judge, which includes this joint statement, prior to filing "more formal briefing" in connection with a motion to compel in accordance with FRCP 37. (Standing Order, § I.2.b.) As SVO belatedly served its first set of Interrogatories on July 18th (responses served August 25th) before the September 24th discovery cutoff, there was never time for SVO to engage in the court-ordered meet and confer process set forth in the Standing Order before filing a timely motion to compel. Navigators informed SVO of this failure on September 20th. As SVO did not timely file a discovery motion, this request should be denied.

For all of these reasons, Navigators request the Court deny SVO's request to file a Motion to Compel Further Responses to the Interrogatories.

DATED: October 30, 2025

**PARKER SHAFFIE LLP**

By: [signature]

Bruce T. Smyth
Attorney for Defendant and Counterclaimant

DATED: October 30, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: */s/ Shannon L. Santos*

David Simantob
Shannon L. Santos
Attorneys for Plaintiff and Counterdefendant

# EXHIBIT “1”

David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant.<br><br>SVO BUILDING ONE, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-Defendant. | Case No. 3:22-cv-07102-AMO<br>Hon. Araceli Martínez-Olguín<br>Courtroom 10<br><br>**NAVIGATORS SPECIALTY INSURANCE COMPANY'S RESPONSES TO SVO BUILDING ONE, LLC'S INTERROGATORIES, SET NO. ONE**<br><br>Action Filed: November 14, 2022<br>Trial Date: July 14, 2026 |

PROPOUNDING PARTY: Defendant/Counterclaimant SVO Building One, LLC

RESPONDING PARTY: Plaintiff/Counter-Defendant Navigators Specialty Insurance Company

SET NO.: One

/ / /

/ / /

Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") hereby responds to the Interrogatories, Set No. One, propounded by Defendant/Counterclaimant SVO Building One, LLC ("SVO").

## GENERAL OBJECTIONS

1. Navigators objects to the extent the Interrogatories are vague, ambiguous, uncertain, overly broad, calls for speculation, or are not reasonably calculated to lead to the discovery of admissible evidence.

2. Navigators objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the litigation privilege, or any other lawfully recognized privilege or immunity which may attach to the information requested.

3. Navigators objects to the Interrogatories to the extent they seek information protected from disclosure as trade secret, proprietary, and/or confidential.

4. Navigators objects to the Interrogatories to the extent they seek information not within the care, custody, or control of Navigators.

5. Navigators objects to the Interrogatories to the extent they seek information which is equally available to SVO.

6. Navigators objects to the Interrogatories to the extent they seek information which can be obtained by less intrusive means or is already in the SVO's care, custody, or control.

7. Navigators objects to the Interrogatories to the extent they are burdensome and seek information which is not proportional to the needs of the case.

8. Navigators objects to the Interrogatories as vague and ambiguous as, under the "DEFINITIONS" section, there appear to be instructions as far as the responses to the Interrogatories are concerned. As these instructions as identified as "DEFINITIONS," the information is unclear and nonsensical.

9. Navigators objects to the Interrogatories as any instructions under the "DEFINITIONS" section attempt to impose on Navigators obligations that exceed the discovery rules under the Federal Rules of Civil Procedure and Local Rules.

Navigators has not yet completed its investigation and discovery of this matter. The following responses are provided to the best of Navigators' ability and understanding at this time. Discovery is continuing, and Navigators reserves the right to supplement these responses as additional information becomes available.

These General Objections are incorporated by reference as though fully set forth into each response to the Requests.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES that YOU contend is solely allocable to a NON-COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 1:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects that the phrase "NON-COVERED CLAIM" is capitalized, suggesting it is a defined phrase, but SVO's discovery does not include such a definition. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: As Navigators previously advised SVO, all fees and costs incurred after the March 24, 2021 dismissal of the allegations of defamation in the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action") were not potentially covered under Navigators Policy No. LA17CGL219162IC issued to SVO effective July 12, 2017 to August 12, 2019 ("Policy"). Navigators paid approximately $2,998,457.50 for such fees and costs. Prior to the dismissal, all fees and costs incurred in defense of any claim other than allegations that SVO disparaged the underlying claimant, Vertiv (formerly known as Liebert Corporation) ("Claimant"), were not potentially covered under the Policy. These defamation allegations were limited to one of 18 causes of action asserted by the Claimant in the Fourth Amended Complaint. Navigators paid approximately $2,497,187.09 for all fees and costs incurred prior to the March 24, 2021 dismissal of the defamation cause of action. Virtually all (if not all) of that amount was incurred in defense of uncovered claims. Navigators is entitled to recovery of all fees and costs incurred in defense of such uncovered claims. Discovery is continuing, and Navigators reserves the right to amend this response accordingly, including once expert analysis has been completed.

**INTERROGATORY NO. 2:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES in the UNDERLYING ACTION that YOU contend is recoverable by YOU under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997).

**RESPONSE TO INTERROGATORY NO. 2:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of

Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**INTERROGATORY NO. 3:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to GRSM that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 3:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and

harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**INTERROGATORY NO. 4:**

IDENTIFY each and every cost or expense YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 4:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference

as if set forth in full.

**INTERROGATORY NO. 5:**

IDENTIFY each and every expert fee or consultant fee YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 5:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual fees and costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**INTERROGATORY NO. 6:**

State the total amount of attorneys' fees and costs including expert and consultants' fees, YOU paid for the defense of SVO in the UNDERLYING ACTION.

/ / /

on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Ulrich Pez and Angel Muth.

Dated: August 25, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: Shannon L. Santos

David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**VERIFICATION**

I, Angel L. Muth, am a Director of Global Specialty Claims for Navigators Specialty Insurance Company ("Navigators"), a party to the above-entitled action. I am authorized to execute this verification on behalf of Navigators. I have read the foregoing **NAVIGATORS SPECIALTY INSURANCE COMPANY'S RESPONSES TO SVO BUILDING ONE, LLC'S INTERROGATORIES, SET NO. ONE**, and know its contents. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true based on my own knowledge and my review of Navigators' records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 25, 2025 at Los Angeles, California.

*Angel Muth*

Angel L. Muth

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On October 30, 2025, I served true copies of the following document(s) described as **JOINT STATEMENT AFTER MEETING AND CONFERRING REGARDING DISCOVERY DISPUTES PURSUANT TO COURT'S ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 30, 2025, at Los Angeles, California.

Benjamin Barragan