**PARKER SHAFFIE LLP**
Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Adam J. Telanoff (SBN 159761)
telanoff@parkershaffiellp.com
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

**STEVEN W. MURRAY, APC**
Steven W. Murray (SBN 41493)
swm@psilaw.com
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818 501-8441

Attorneys for **Defendant/Counterclaimant SVO BUILDING ONE, LLC,**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>**SVO'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE** |
| SVO BUILDING ONE, LLC,<br><br>Counterclaimant,<br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-Defendant. | |

PROPOUNDING PARTY: PLAINTIFF AND COUNTER-DEFENDANT NAVIGATORS SPECIALTY INSURANCE COMPANY

RESPONDING PARTY: DEFENDANT AND COUNTERCLAIMANT SVO BUILDING ONE, LLC

SET NO.: ONE

Defendant SVO Building One, LLC ("SVO") hereby responds to the Interrogatories, Set One, propounded by Plaintiff Navigators Specialty Insurance Company ("Navigators") as follows:

**OBJECTIONS TO DEFINITIONS**

1. Defendant SVO Building One, LLC ("SVO") objects to the definition of the terms "YOU" and "YOUR" on the grounds that they are vague and ambiguous, among other reasons because they include in the definition the attorneys for SVO and the prior counsel for SVO who were attorneys for plaintiff Navigators Specialty Insurance Company ("Navigators").

2. SVO objects to the extent the Interrogatories are vague, ambiguous, uncertain, overbroad, call for speculation, or are not reasonably calculated to lead to the discovery of admissible evidence.

3. SVO objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity which may attach to the information requested.

4. SVO objects to the Interrogatories to the extent they seek information protected from disclosure as trade secret, proprietary, and/or confidential.

5. SVO objects to the Interrogatories to the extent they seek information not within the care, custody, or control of SVO.

/ / /

6. SVO objects to the Interrogatories to the extent they seek information which can be obtained by less intrusive means or are already in Navigators' care, custody, or control.

7. SVO objects to the Interrogatories to the extent they are burdensome and seek information which is not proportional to the needs of the case.

8. SVO objects to the Interrogatories as any instructions under the "DEFINITIONS" section attempt to impose on SVO obligations that exceed the discovery rules under the Federal Rules of Civil Procedure and Local Rules.

9. SVO has not yet completed its investigation and discovery of this matter. The following responses are provided to the best of SVO's ability and understanding at this time. Discovery is continuing, and SVO reserves the right to supplement these responses as additional information becomes available.

These General Objections are incorporated by reference as though fully set forth into each response to the Interrogatories.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the dates that the UNDERLYING ACTION was pending that YOU contend there was coverage for YOUR defense under the POLICY.

**RESPONSE TO INTERROGATORY NO. 1:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous and that it is compound. Without waiving such objections, SVO states that Navigators has and continues to have a duty to provide a defense to SVO from the date SVO tendered the complaint in the UNDERLYING ACTION to Navigators for defense and indemnity and to the present and that the duty to provide that defense continues.

/ / /

/ / /

/ / /

**<u>INTERROGATORY NO. 2</u>:**

State all facts supporting YOUR contention that there was a potential for coverage for the UNDERLYING ACTION under the POLICY after March 24, 2021.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous, that the case has just begun and discovery has just commenced and that it is overbroad and unduly oppressive and burdensome in seeking "all facts" supporting SVO's contentions.

Without waiving such objections, SVO provides the following information: The policy provides coverage for the "personal injury" offenses of slander, libel and disparagement, which were alleged by Vertiv both before and after the dismissal without prejudice of the defamation cause of action in the complaint. The policy provides coverage for property damage which includes loss of use of tangible property which has not been physically injured, which claims were alleged by Vertiv.

**<u>INTERROGATORY NO. 3</u>:**

State the total amount of attorneys' fees and costs YOU paid out of pocket in defense of the UNDERLYING ACTION from July 18, 2019 to March 24, 2021.

**<u>RESPONSE TO INTERROGATORY NO. 3</u>:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous, including but not limited to the use of the term "paid out of pocket," that it requires SVO to make calculation of the fees and costs based on an allegation of Navigators of an artificially constructed and irrelevant time period, that it seeks information which is not relevant to the issues in dispute in this action, that the requested calculation is not proportional to the needs of the case and that it is unduly burdensome and oppressive.

/ / /

**<u>INTERROGATORY NO. 4</u>:**

State the total amount of attorneys' fees and costs HALLMARK paid towards YOUR defense of the UNDERLYING ACTION from July 18, 2019 to March 24, 2021.

**<u>RESPONSE TO INTERROGATORY NO. 4</u>:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous, that it requires SVO to make calculation of the fees and costs based on an allegation of Navigators of an artificially constructed and irrelevant time period, that it seeks information which is not relevant to the issues in dispute in this action, that the requested calculation is not proportional to the needs of the case, that the calculation can be made from information equally available to Navigators and that it is unduly burdensome and oppressive.

**<u>INTERROGATORY NO. 5</u>:**

State the total amount of attorneys' fees and costs YOU paid out of pocket in defense of the UNDERLYING ACTION from March 25, 2021 through the conclusion of the UNDERLYING ACTION.

**<u>RESPONSE TO INTERROGATORY NO. 5</u>:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous including but not limited to the use of the term "paid out of pocket," that it requires SVO to make calculation of the fees and costs based on an allegation of Navigators of an artificially constructed and irrelevant time period, that it seeks information which is not relevant to the issues in dispute in this action, that the requested calculation is not proportional to the needs of the case, that the calculation can be made from information equally available to Navigators and that it is unduly burdensome and oppressive.

/ / /

/ / /

/ / /

**INTERROGATORY NO. 6:**

State the total amount of attorneys' fees and costs HALLMARK paid towards YOUR defense of the UNDERLYING ACTION from March 25, 2021 through the conclusion of the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 6:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous, that it requires SVO to make calculation of the fees and costs based on an allegation of Navigators based on an allegation of Navigators of an artificially constructed and irrelevant time period, that it seeks information which is not relevant to the issues in dispute in this action, that the requested calculation is not proportional to the needs of the case, that the calculation can be made from information equally available to Navigators and that it is unduly burdensome and oppressive.

**INTERROGATORY NO. 7:**

State all facts supporting YOUR contentions made in the ANSWER.

**RESPONSE TO INTERROGATORY NO. 7:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous including but not limited to the use of the term "all facts," that it is compound, that the requested information sought is not proportional to the amount sought in the claim from information equally available to Navigators and that it is unduly burdensome and oppressive, that it is overbroad, and that discovery has just begun. Further, because each contention in the Answer constitutes a separate interrogatory (See Local Rule 36-2), a response regarding each contention would exceed the limit of 25 interrogatories which may be propounded.

**INTERROGATORY NO. 8:**

Identify all witnesses with knowledge of the facts supporting YOUR contentions made in the ANSWER by stating the person's full name, address, telephone number, and email address.

**RESPONSE TO INTERROGATORY NO. 8:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous including but not limited to the use of the term "all witnesses," that it is compound, that the requested information sought is not proportional to the needs of the case, and that it is unduly burdensome and oppressive, and that discovery has just begun.

Without waiving such objections, SVO identifies the following individuals:

A. Individuals associated with Plaintiff and counter-defendant, Navigators, who have information regarding the facts, circumstances, and events related to coverage.

1. Muth, Angel L.
2. Hill, Desiree
3. Lokus, Steven
4. Klepps, Christopher
5. Swamy, Gayatri

B. Individuals associated with Tyson & Mendes, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' contact information is 633 W. 5th Street, Suite 5500, Los Angeles, CA 90071 (213) 241-0900 at the time they worked on the Underlying Action. Some subsequently may have changed employment.

1. Artley, Travis
2. Bittinger, Sarah
3. Casillas, Xico
4. Grebing, Charles
5. Conte, Polina
6. Conway, Patricia
7. Dew, Robyne

8. Dieffenbach, Richard
9. Doan, Bao
10. Escobar, Grace
11. Frishman, David
12. Fritsch, Julee
13. Kraft, Ethan
14. Le-Ward, Paula
15. Lynch, Cayce E.
16. Maceachern, Brynne
17. Mader, Cindy
18. Mendes, Pat
19. Modica, Robert
20. Mulamekic, Omar
21. Ninteman, Christy
22. Pape, Kara
23. Randolph, Alexander
24. Sabaratnam, Thushan
25. Sasaki, Anna
26. Schultz, Greta
27. Shetabi, Pegah
28. Smith, Andrew
29. Tabrizi, Jamie
30. Tyson, Robert
31. Willoughby, Suzanne

C. Individuals associated with Gordon Rees Scully Mansukhani LLP, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' employment location at the time they worked on the Underlying Action is 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071 (213)

576-5000. Some may be currently employed elsewhere.

1. Broomand, Hooshie
2. David Heckadon
3. Douglas Smurr
4. Brenda Ramacher
5. Montgomery, Kassandra
6. Sorooshian, Shayan

D. The Law Offices of Sean DeBruine, who has information regarding the facts, circumstances and events in the Underlying Action.

1. DeBruine, Sean

E. Individuals associated with Murphy Austin Adams Schoenfeld LLP, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' contact information is 555 Capitol Mall, Suite 850, Sacramento, CA 95814 (916) 446-2300:

1. Lisa Nicolls
2. Steven Lamon

F. Individuals associated with Procopio, Cory, Hargraves, & Savitch LLP, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' contact information is: 12544 High Bluff Drive, Suite 400, San Diego, CA 92130

1. Budwig, Mark G.
2. Omohundro, Scott R.
3. Phillips, Laurence R.
4. Sloss, Robert H

G. Steven Murray, a law corporation, Counsel for Defendant, 14930 Ventura Blvd, Suite 205, Sherman Oaks, CA 91403, 818.501.2277

H. Individuals associated with Defendant and Cross-Complainant, SVO Building One, LLC who have information regarding the facts, circumstances and

events in the Underlying Action, and coverage. These individuals' contact information is in care of Parker Shaffie, LLP, counsel for SVO:

1. Laag, Nicholas
2. Pelz, Ulrich
3. Chris Sumter
4. Marco Venero
5. Jenny Przygrodzka

I. Individuals associated with HKA, who have information regarding their role as an expert witness in the Underlying Action. These individuals' contact information is: 11440 West Bernado Court, Suite 120, San Diego, CA 92127 (858) 832-8844

1. Baker, Kenneth
2. Beihagi, Kamyar
3. Hartford, Gerald
4. Lepik, Judy
5. Patel, Hirenkumar
6. Shah, Alay
7. Smith, Robert
8. Bones, David
9. Liddicoat, Gary

J. Bitterlin, Ian, who has information regarding the underlying action as an expert witness.

K. Watson, Frank, who has information regarding the underlying action as a counsel and consultant.

L. Wall, Michael, witness and data center expert

M. Individuals associated with Wilson Elser who have information regarding coverage. These individuals' contact information is: 555 S. Flower St, Suite 2900, Los Angeles, CA 90071, (213) 330-8819

1. Simantob, David

N. Laykin, Erik, who has information regarding the underlying action as an expert witness.

O. Vermeulen, Phil, who has information regarding the underlying action as an expert witness.

**INTERROGATORY NO. 9:**

State all facts supporting YOUR contentions made in the COUNTERCLAIM.

**RESPONSE TO INTERROGATORY NO. 9:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous including but not limited to the use of the term "all facts," that it is compound, that the requested information sought is not proportional to the needs of the case, that it is unduly burdensome and oppressive, that it seeks information protected by the attorney-client privilege and the attorney work product doctrine, that discovery has just begun, and that it is not full and complete.

Without waiving such objections, SVO provides the following information:

SVO bought a commercial liability insurance policy from Navigators, Navigators' Policy No. LA17CGL219162IC, covering the period from July 12, 2017 to August 12, 2019 (the "Policy"). SVO paid all premiums due under the Policy and performed all conditions and obligations required of it under the Policy. Sometime in 2018, Liebert Corporation, which later changed its name to Vertiv ("Vertiv"), filed a complaint with the American Arbitration Association against SVO titled Liebert Corporation v. SVO Building One, LLC (the "Underlying Action"). SVO subsequently filed a counterclaim against Vertiv.

On July 11, 2019, Vertiv filed a Fourth Amended Complaint (the "4th AC") in the Underlying Action, asserting eighteen causes of action against SVO, which included causes of action that were actually and potentially covered by the Policy. SVO timely tendered defense of the Underlying Action to Navigators. Navigators accepted the tender and agreed to provide defense to SVO under a reservation of

rights.

Navigators assigned one of its panel counsel, the law firm of Gordon Rees Scully & Masukhani, LLP ("GRSM"), to conduct the defense. After nine months of work, with the arbitration date fast approaching, GRSM asserted that it had a conflict of interest because it represented a subcontractor of Vertiv and had to withdraw from the case. Navigators failed to have GSRM conduct a sufficient conflict check before it selected them and GRSM's withdrawal caused SVO months of delay and wasted effort. Nonetheless, Navigators is seeking recovery of the fees for the wasted efforts of GRSM from SVO herein. Navigators then assigned another of its panel counsel defense firms, Tyson & Mendes ("T&M"), to conduct the defense for SVO of the Underlying Action. Navigators was and is a client of T&M and T&M represents Navigators. On or about November 10, 2020, Navigators informed SVO that it confirmed T&M did not have a conflict in assuming the representation of SVO in the Underlying Action.

T&M asserted that it had performed a detailed review of SVO's request that T&M also represent SVO in connection with its affirmative claims against Vertiv in the Underlying Action, while continuing to defend SVO as to the claims against it. SVO's defense against Vertiv and affirmative claims against Vertiv were based on the same facts making them inextricably intertwined.

SVO incurred expenses to avoid or at least minimize liability from the use of consultants, experts and counsel necessary for the conduct of the defense in the period after it made demand on Navigators for a defense and continuing through the end of the Underlying Action. Such expenses were necessary to the conduct of the defense and were an obligation of Navigators under its duty to defend. Nonetheless, Navigators failed to reimburse SVO for such expenses in whole or in part. SVO additionally had to pay for arbitration fees incurred by AAA which should have been paid by Navigators under the Policy. As a result of Navigators' failure to pay such expenses, SVO was forced to pay those defense expenses by itself.

Navigators failed to competently manage T&M and GRSM and allowed T&M to bill in excess of $2 million, which is far more than was reasonable. Similarly, Navigators failed to competently manage the retention of experts, which also resulted in expert costs far in excess of what was reasonable.

On March 31, 2021 Navigators denied coverage and stated that it would withdraw its defense of SVO. As a result of the improper withdrawal of the defense, Navigators was forced to utilize and pay for the services of coverage counsel to obtain the Policy benefits of a defense after Navigators' unfounded withdrawal in breach of its obligations under the Policy. On May 3, 2021, SVO promptly objected to the withdrawal and sent a letter to Navigators stating that SVO disagreed with Navigators' denial of coverage and that Navigators' duty to defend continued. SVO retendered its defense to Navigators and informed it that their determination concerning coverage was "factually and legally unsupported" and explained why Navigators continued to be responsible for defending SVO.

On May 18, 2021, Navigators accepted SVO's retender of defense. T&M remained counsel for SVO. Despite the fact that T&M was now *Cumis* counsel, Navigators failed and refused to disclose the conflict presented by T&M as panel counsel for Navigators.

Despite representing Navigators in other matters and its undisclosed conflict of interest, T&M allocated the attorney's fees and expenses between those it contended were incurred in the defense of the Underlying Action, payable by Navigators, and those incurred in the prosecution of SVO's counterclaim, payable by SVO. Instead of allocating all fees and expenses related to the defense of the action to Navigators, T&M, acting on behalf of Navigators, allocated expenses and fees which should have been paid by Navigators to SVO, resulting in over $100,000 of fees and expenses which should have been paid by Navigators being charged to and paid by SVO.

/ / /

On or about December, 2021, SVO, with private counsel other than T&M, settled with Vertiv, which dismissed all of its claims against SVO, and Navigators did not pay one penny in settlement of indemnity.

On or about January 31, 2022, SVO filed an action against T&M alleging legal malpractice in the conduct of SVO's defense in the Underlying Action. Navigators retaliated by filing this action to seek recovery of fees and defense costs it alleges it incurred in such defense pursuant to the case of Buss v. Superior Court, 16 Cal. 4th 35 (1997) pursuant to what it contended was its reservation of rights to seek reimbursement of the fees and costs it incurred and for the defense of claims for which there was no potential of coverage.

The Policy is a written and enforceable contract between Navigators and SVO. SVO fully satisfied all of the conditions precedent and had satisfied all other obligations under the Policy.

Under the Policy, Navigators owed a duty to defend SVO against the Underlying Action and to pay for all sums that SVO became legally obligated to pay because of the Underlying Action. SVO's reasonable expectation was that it would do so.

Navigators breached its contractual obligations by (i) by mismanaging the defense of the Underlying Action during the period Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify; (ii) by refusing to reimburse in whole or in part the costs of experts and counsel necessary to the defense which SVO was then forced to pay; (iii) by withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation; and (iv) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

As a direct and proximate result of Navigators' breach, SVO has suffered substantial damages in an amount to be determined at trial. In addition, SVO has sustained, and continues to sustain, attorneys' fees and costs in pursuing its rights under the Policy.

In every contract of insurance, including the Navigators Policy, there is an implied covenant of good faith and fair dealing that the insurance company will do nothing to unfairly deprive its policyholder of the benefits of the contract or to place its own interests before the interests of its policyholder. Navigators, having sold the Navigators policy to SVO, was at all times bound, and continues to be bound, to this implied covenant of good faith and fair dealing.

In the course of wrongfully denying SVO insurance coverage for the Underlying Action and taking the positions described herein, Navigators breached the implied covenant of good faith and fair dealing by, among other things:

(a) mismanaging the defense of the Underlying Action during the period that GRSM was panel counsel by failing to require them to conduct a competent conflict check, resulting in the waste of time, expense and effort when they withdrew from the defense yet nonetheless seeking recovery of the fees incurred by them in this action and by mismanaging the defense during the period that Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify;

(b) refusing to reimburse in whole or in part the costs of experts and counsel necessary to the defense of the Underlying Action which SVO was then forced to pay;

(c) denying a defense based on policy exclusions which are inapplicable to the case;

(d) withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation; and

(e) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

Navigators' conduct was unreasonable and engaged in for the purpose of placing Navigators' own interests ahead of those of SVO, its insured, and for withholding from SVO the rights and benefits to which SVO is entitled under the Navigators' policy.

Navigators' conduct was done with conscious disregard of SVO's rights and constitutes despicable conduct, and was done with the intent to vex, injure or annoy SVO such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling SVO to punitive damages in an amount appropriate to punish or set an example of Navigators.

As a direct and proximate result of Navigator's breach, SVO has suffered substantial damages in an amount to be determined at trial. In addition, SVO has incurred, and continues to incur, attorneys' fees and costs in pursuing their rights under the Policy.

SVO is an insurance consumer and member of the public, and is therefore a member of the class of persons intended to be protected by the provisions of the Unfair Practices Act, California *Business & Professions Code* §§17200, et seq. Said laws prohibit any unlawful, unfair or fraudulent business act or practice. They also prohibit any unfair, deceptive, untrue or misleading advertising, and include violations of §17500. They were intended to prevent the type of conduct and injury set forth herein, and to be enforced by SVO.

Navigators promised and provided grants of defense coverage for property damage and personal injury, including disparagement claims in suits against SVO. It also was required to inform and disclose to SVO any conflict of interest it created by its conduct in defending by selecting defense counsel.

Navigators intentionally selected Tyson & Mendes, one of its panel counsel, which had an existing financial and legal relationship with Navigators, as SVO's defense counsel. But Navigators was required to disclose to SVO and inform it of Tyson & Mendes's panel counsel status, and to obtain SVO's informed and written consent to such representation. This disclosure was in addition to the disclosure of any coverage disputes. It defeats the reasonable expectations of SVO to have a lawyer loyal to its interests. Navigators' conduct is contrary to and in violation of California law, is unlawful, violating *San Diego Navy Federal Credit Bureau vs. Cumis Ins. Society* (1984) 162 Cal.App.3d 358. It is unfair in that SVO got lawyers who were concurrently representing an adversary.

By the acts, omissions, and representations of said Defendants, as alleged herein, Navigators has violated its duties, including those contained in *California Insurance Code* § 780.

By the acts and omissions of Navigators as alleged herein, it has engaged in unfair competition as defined in *California Business & Professions Code* §§17200 *et seq.* The unfair competition, or deceptive conduct, arises out of SVO's claims for the various policy benefits, including a conflict free defense; it includes, but is not limited to, violation of *Insurance Code* § 780 and correlative regulations, and California decisional law requiring an insurer to disclose conflicts of interest.

The acts of Navigators constitute unlawful, unfair and fraudulent business practices. Pursuant to *Business & Professions Code* §17203, SVO is entitled to an injunction preventing and enjoining the proposed and actual performance of such conduct.

In addition, *Business & Professions Code* §17203, authorizes the Court to order restitution. SVO also seeks attorneys' fees pursuant to California *Code of Civil Procedure* §1021.5.

An actual controversy has arisen and now exists between SVO, on the one hand, and Navigators, on the other hand, in that Navigators is seeking to recover

fees and expenses it paid to defense counsel it selected to defend SVO in the Underlying Action for which it bears the burden of proving that are solely allocable to claims not potentially covered, but that SVO is entitled to recovery against Navigators as a result of Navigators' actions, that the claims of Navigators against SVO are barred, and in the alternative, that any award on Navigators' claims must be offset by virtue of the damages incurred by SVO as a result of Navigator's actions

(a) mismanaging the defense of the Underlying Action during the period that Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify;

(b) refusing to reimburse the costs of experts and counsel necessary to the defense of the Underlying Action which were covered costs of defense that should have been paid by Navigators which SVO was then forced to pay;

(c) withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation and thereby breaching its contractual obligations and the implied covenant of good faith and fair dealing in the insurance contract; and

(d) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

SVO is informed and believes that Navigators contends otherwise.

SVO desires a judicial determination that it is entitled to an award of damages against Navigators, or in the alternative for an offset of any claim for damges of Navigators against it, for each of the following acts, omissions and breaches of contract:

(a) mismanaging the defense of the Underlying Action during the

period that GRSM was panel counsel by failing to require them to conduct a competent conflict check, resulting in the waste of time, expense and effort when they withdrew from the defense yet nonetheless seeking recovery of the fees incurred by them in this action and by mismanaging the defense during the period that Tyson & Mendes was panel counsel for Navigators prior to its defense withdrawal by permitting the gross overbilling of fees and expenses by defense counsel and approving the retention of numerous expert witnesses who did not have relevant expertise, some of whom were not allowed to testify;

(b) refusing to reimburse the costs of experts and counsel necessary to the defense of the Underlying Action which were covered costs of defense that should have been paid by Navigators which SVO was then forced to pay;

(c) withdrawing defense counsel and refusing to pay for SVO's defense expenses in the Underlying Action while still in litigation and thereby breaching its contractual obligations and the implied covenant of good faith and fair dealing in the insurance contract; and

(d) failing and refusing to pay for SVO's defense expenses for a claim that was actually and potentially covered under the Policy.

**INTERROGATORY NO. 10:**

Identify all witnesses with knowledge of the facts supporting YOUR contentions made in the COUNTERCLAIM by stating the person's full name, address, telephone number, and email address.

**RESPONSE TO INTERROGATORY NO. 10:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous including but not limited to the use of the term "all witnesses," that it is compound, that the requested information sought is not proportional to the amount sought in the claim from information equally available to Navigators and that it is unduly burdensome and oppressive, and that discovery has just begun.

Without waiving such objections, SVO provides the following information: SVO identifies the following individuals:

A. Individuals associated with Plaintiff and counter-defendant, Navigators Specialty Insurance Company, who have information regarding the facts, circumstances, and events related to coverage.

1. Muth, Angel L.
2. Hill, Desiree
3. Lokus, Steven
4. Klepps, Christopher
5. Swamy, Gayatri

B. Individuals associated with Tyson & Mendes, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' contact information is 633 W. 5th Street, Suite 5500, Los Angeles, CA 90071 (213) 241-0900 at the time they worked on the Underlying Action. Some subsequently may have changed employment.

1. Artley, Travis
2. Bittinger, Sarah
3. Casillas, Xico
4. Grebing, Charles
5. Conte, Polina
6. Conway, Patricia
7. Dew, Robyne
8. Dieffenbach, Richard
9. Doan, Bao
10. Escobar, Grace

11. Frishman, David
12. Fritsch, Julee
13. Kraft, Ethan
14. Le-Ward, Paula
15. Lynch, Cayce E.
16. Maceachern, Brynne
17. Mader, Cindy
18. Mendes, Pat
19. Modica, Robert
20. Mulamekic, Omar
21. Ninteman, Christy
22. Pape, Kara
23. Randolph, Alexander
24. Sabaratnam, Thushan
25. Sasaki, Anna
26. Schultz, Greta
27. Shetabi, Pegah
28. Smith, Andrew
29. Tabrizi, Jamie
30. Tyson, Robert
31. Willoughby, Suzanne

C. Individuals associated with Gordon Rees Scully Mansukhani LLP, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' employment location at the time they worked on the Underlying Action is 633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071 (213) 576-5000. Some may be currently employed elsewhere.

1. Broomand, Hooshie
2. David Heckadon

3. Douglas Smurr
4. Brenda Ramacher
5. Montgomery, Kassandra
6. Sorooshian, Shayan

D. The Law Offices of Sean DeBruin, who has information regarding the facts, circumstances and events in the Underlying Action.

1. DeBruin, Sean

E. Individuals associated with Murphy Austin Adams Schoenfeld LLP, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' contact information is 555 Capitol Mall, Suite 850, Sacramento, CA 95814 (916) 446-2300:

1. Lisa Nicolls
2. Steven Lamon

F. Individuals associated with Procopio, Cory, Hargraves, & Savitch LLP, who have information regarding the facts, circumstances and events in the Underlying Action. These individuals' contact information is: 12544 High Bluff Drive, Suite 400, San Diego, CA 92130

1. Budwig, Mark G.
2. Omohundro, Scott R.
3. Phillips, Laurence R.
4. Sloss, Robert H

G. Steven Murray, a law corporation, Counsel for Defendant, 14930 Ventura Blvd, STE 205, Sherman Oaks, CA 91403, 818.501.2277

H. Individuals associated with Defendant and Cross-Complainant, SVO Building One, LLC who have information regarding the facts, circumstances and events in the Underlying Action, and coverage. These individuals' contact information is in care of Parker Shaffie, LLP, counsel for SVO:

1. Laag, Nicholas

2. Pelz, Ulrich
3. Chris Sumter
4. Marco Venero
5. Jenny Przygrodzka

I. Individuals associated with HKA, who have information regarding their role as an expert witness in the Underlying Action. These individuals' contact information is: 11440 West Bernado Court, Suite 120, San Diego, CA 92127 (858) 832-8844

1. Baker, Kenneth
2. Beihagi, Kamyar
3. Hartford, Gerald
4. Lepik, Judy
5. Patel, Hirenkumar
6. Shah, Alay
7. Smith, Robert
8. Bones, David
9. Liddicoat, Gary

J. Bitterlin, Ian, who has information regarding the underlying action as an expert witness.

K. Watson, Frank, who has information regarding the underlying action as a counsel and consultant.

L. Wall, Michael, witness and data center expert

M. Individuals associated with Wilson Elser who have information regarding coverage. These individuals' contact information is: 555 S. Flower St, STE 2900, Los Angeles, CA 90071, (213) 330-8819

1. Simantob, David

N. Laykin, Erik, who has information regarding the underlying action as an expert witness.

O. Vermeulen, Phil, who has information regarding the underlying action as an expert witness.

**INTERROGATORY NO. 11:**

State the amount of each type of damages YOU are seeking in this action.

**RESPONSE TO INTERROGATORY NO. 11:**

SVO objects to such interrogatory on the grounds that it is vague and ambiguous including but not limited to the use of the term "each type of damges," that it is compound, that the requested information sought is not proportional to the amount sought in the claim, and that it is unduly burdensome and oppressive, and that discovery has just begun.

Without waiving such objections, SVO provides the following information with respect to the damages it is seeking:

| Damages Description | Damages Amount |
|---|---|
| Legal Services – Steven W. Murray | $360,729.00 and ongoing |
| Legal Services – Watson Law | $48,400.00 |
| Legal Services- Tyson & Mendes | $150,302.50 |
| Legal Services – GRSM | $348.00 |
| Service Provider – Peterson Reporting | $3,276.30 |
| KL Discovery | $28,904.37 |
| Arbitration Fees – AAA | $227, 872.30 |
| Legal Services – Sean DeBruine | $42,110.00 |
| Legal Services – Murphy Austin | $452,103.45 |
| Expert Witness – Dunn Engineering | $76,893.78 |
| Expert Witness – CPS Critical Project Services | $85,000.00 |
| Consultant - HKA | $631,625.44 |

| | |
|---|---|
| Consultant -Legility | $2,869.38 |
| Consultant- Dale Meyer | $800.00 |
| Consultant- Matthew Coats | $586.60 |
| Consultant – GKT Symphonea | $140,000.00 |
| Consultant- Symphonea | $521,693.44 |
| Legal Services- Parker Shaffie LLP | Ongoing |

**INTERROGATORY NO. 12:**

Describe with specificity how YOU calculated the amount of damages identified in response to Interrogatory No. 11.

**RESPONSE TO INTERROGATORY NO. 12:**

SVO objects to the interrogatory on the grounds that it is vague and ambiguous, that it seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine, and that it seeks information that is equally available to Navigators.

Without waiving such objections, SVO states that it determined such damages in part by reviewing invoices or summaries of invoices and utilized the process of addition.

**INTERROGATORY NO. 13:**

For attorneys' fees incurred by YOU in this action, state the amount that was spent pursuing benefits under the POLICY.

**RESPONSE TO INTERROGATORY NO. 13:**

SVO objects to the interrogatory on the grounds that it is vague and ambiguous, including but not limited to the term "spent pursuing benefits under the POLICY," and that it seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

Without waiving such objections, SVO provides the following information:

SVO has incurred and is continuing to incur attorney's fees to obtain a defense and preserve the rights to recover and maintain the costs of defense and other policy benefits including but not limited to the fees incurred by the Law Offices of Steven Murray and Parker Shaffie LLP.

**INTERROGATORY NO. 14:**

For attorneys' fees incurred by YOU in this action, state the amount that was spent pursuing tort claims.

**RESPONSE TO INTERROGATORY NO. 14:**

SVO objects to the interrogatory on the grounds that it is vague and ambiguous, including but not limited to the term "spent pursuing tort claims," that it seeks information protected from disclosure by the attorney- client privilege and the attorney work product doctrine, that it seeks information that is equally available to Navigators, that it seeks information which is not relevant to the subject matter of this action and is not proportional to the value of the claims being litigated.

**INTERROGATORY NO. 15:**

State all facts that support YOUR contention that an officer, director, or managing agent of NAVIGATORS was guilty of oppression, fraud, or malice or had actual knowledge and ratified such conduct in connection with YOUR defense of the UNDERLYING ACTION as alleged as part of the punitive damages claim sought in paragraph 42 of the COUNTERCLAIM.

**RESPONSE TO INTERROGATORY NO. 15:**

SVO objects to the interrogatory on the grounds that it is vague and ambiguous, including but not limited to the term "in connection with YOUR defense of the UNDERLYING ACTION," that it falsely asserts allegations not made in the punitive damges allegation in the counterclaim; that it is compound, that it seeks information protected from disclosure by the attorney- client privilege and the attorney work product doctrine, that it seeks information that is equally available to

Navigators, and that discovery and investigation are ongoing.

Without waiving such objections, SVO provides the following information:

Navigators knowingly and wrongfully withdrew the defense of SVO during the arbitration of the claims against SVO even though it knew that it had a duty provide a defense because of the allegations pending in the operative fourth amended complaint. On information and belief this action was initiated by Navigators in response to SVO exercising its constitutional right to petition in bringing an action against Navigators' panel counsel, Tyson & Mendes, for breach of their professional obligations to SVO. Discovery has just begun and is continuing.

**INTERROGATORY NO. 16:**

For each of YOUR responses to the Requests for Admissions served concurrently herewith, which is not an unqualified admission, state all facts that supporting YOUR response.

**RESPONSE TO INTERROGATORY NO. 16:**

SVO objects to the interrogatory on the grounds that it is vague and ambiguous, including but not limited to the term "all facts," that it is not full and complete in and of itself, that it is compound, that it seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine, that discovery and investigation are ongoing, and that each request for the basis of the denial of a request for admissions constitutes a separate interrogatory (See Local Rule 36-2) and the number of interrogatories thus exceeds the limit of 25 interrogatories under the Federal Rules of Civil Procedure.

Without waiving such objections, SVO provides the following information with respect to the first nine requests for admission, to reach the total of 25 interrogatories permitted Navigators under the Federal Rules of Civil Procedure:

/ / /

/ / /

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 1</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 3</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 4</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 5</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 6</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 7</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 8</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The original does not contain highlighting as is present in the referenced Exhibit.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 9</u>:**

Objection. This Request is not full and complete, in and of itself. Notwithstanding the objection, **Deny.** The fifteenth cause of action in the fourth amended complaint was dismissed without prejudice.

DATED: December 5, 2024 **PARKER SHAFFIE LLP**

By: Bruce T. Smyth
Bruce T. Smyth
Attorneys for Defendant
**SVO BUILDING ONE, LLC**

**VERIFICATION**

I am an officer of SVO Building One, LLC, the defendant herein, and I have been authorized to make this verification on its behalf.

I have read the foregoing SVO'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE, and know its contents. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are on information and belief and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 5, 2024, at New York City

Nicholas Laag

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On December 5, 2024, I served true copies of the following document(s) described as **SVO'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail:<br>David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address barragan@parkershaffiellp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 5, 2024, at Los Angeles, California.

Ben Barragan