Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

v.

SVO BUILDING ONE, LLC,

Defendant.

SVO BUILDING ONE, LLC

Counterclaimant,

v.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-defendant.

Case No. 3:22-CV-07102-AMO
[Assigned to Hon. Araceli Martínez-Olguín]

**DEFENDANT SVO BUILDING ONE LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: March 5, 2026
Time: 2:00 p.m.
Dept.: Courtroom 10, 19th Floor

*[Declaration of Bruce T. Smyth in Support of Motion for Summary Judgment and [Proposed] Order Filed Concurrently]*

/ / /

/ / /

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 5, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Araceli Martínez-Olguín, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant and Counterclaimant SVO Building One, LLC ("SVO") will and hereby does move this Court under Rule 56(a) of the Federal Rules of Civil Procedure for an order granting summary judgment, or in the alternative, partial summary judgment in favor of SVO on the following Claims of the First Amended Complaint (ECF No. 43) filed by Plaintiff Navigators Specialty Insurance Company ("Navigators"), upon which there are no genuine disputes of material fact:

1. The Second Cause of Action for Declaratory Relief, seeking reimbursement of fees and costs incurred prior to March 24, 2021, because Navigators has failed to produce admissible evidence showing that it has met its burden of proof under the authority of *Buss v. Superior Ct.*, 16 Cal. 4th 35, 53 (1997), warranting reimbursement only for "defense costs that can be allocated solely to the claims that are not even potentially covered."

2. The First Cause of Action for Declaratory Relief, seeking reimbursement of all fees and costs incurred after March 24, 2021, because under California Law, Navigators' duty to defend continued after March 24, 2021; as Navigators has failed to produce evidence of a *Buss* allocation for such fees and costs, Navigators is precluded from receiving the relief sought.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is based upon this Notice; the Memorandum of Points and Authorities in support thereof; the Declaration of Bruce T. Smyth in Support of Motion and the exhibits attached thereto; the Proposed Order; the files and records of the Court in this action; the arguments of counsel to be presented at the hearing; and such other information as the Court may find appropriate to consider.

DATED: December 1, 2025

**PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

# TABLE OF CONTENTS

**Page**


MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................1

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................2

III. LEGAL STANDARD .....................................................................................................4

A. Summary Judgment Should Be Granted Here Because Navigators Cannot Establish That Its Reimbursemnt Claims Satisfy The Requirements of *Buss*...........4

B. Navigators Cannot Satisfy The Requirements Of Reimbursement Under *Buss* .........................................................................................................5

II. ARGUMENT .................................................................................................................6

A. SVO Should Be Granted Summary Judgment On Navigators' Claim For Reimbursement Of Fees And Costs Because Navigators Has Failed To Produce Admissible Evidence To Meet Its Burden of Proof Under *Buss*.................6

1. Navigators Has Failed To Produce Admissible Evidence In Support Of Its Reimbursement Claim..........................................................7

2. Jardini's Report And His Testimony Should Not Be Admitted Because He Completely Disregards The Holding Of *Buss* In Allocating Attorneys' Fees..........................................................10

3. Navigators Has Not Met Its Burden of Establishing Expert and Consultant Fees And Expenses Solely Allocable To Claims Not Even Potentially Covered..........................................................15

B. Navigators Has Failed To Meet Its Burden To Establish Reimbursement For Fees And Expenses Incurred After The Dismissal Without Prejudice Of The Defamation Cause Of Action. ..........................................................16

1. Navigators Ignores Its Continued Duty To Defend After The Dismissal Of The Defamation Cause of Action Without Prejudice.............16

2. Navigators Had A Continuing Duty To Defend Because the Defamation Cause Of Action Was Dismissed Without Prejudice. ..............20

3. Navigators Has Not Met Its Burden Of Establishing That The Fees Incurred After The Dismissal Of The Defamation Cause of Action Are Solely Allocable To Claims Which Are Not Even Potentially Covered. ..........................................................20

4. Navigators' is Precluded from Introducing Evidence of a *Buss* Allocation for Fees and Costs Incurred After March 24, 2021. ...................22

IV. CONCLUSION ............................................................................................................23




PS PARKER SHAFFIE LLP

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Barnett v. Fireman's Fund Ins. Co.*
90 Cal.App.4th 500 (2001)........................................ 18, 19

*Borg v. Transamerica Corp.*
47 Cal. App. 4th 448 (1996)........................................ 18

*Buss v. Superior Court*,
16 Cal. 4th 35, 53 (1997)........................................ 1

*CNA Cas. of Cal. v. Seaboard Sur. Co.*
176 Cal.App.3d 598 (1986)........................................ 19

*Gray*
65 Cal. 2d 263 ........................................ 17

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*
59 Cal. 4th 277 (2014)........................................ 19, 20

*Hogan v. Midland Nat'l Ins. Co.*
3 Cal.3d 553 (1970)........................................ 16

*Horace Mann*
4 Cal. 4th at 1081 ........................................ 18

*LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*,
156 Cal.App.4th 1259, 1271 (2007)........................................ 6

*Reg'l Steel Corp. v. Liberty Surplus Ins. Corp.*
226 Cal. App. 4th 1377 (2014)........................................ 18

*Scottsdale Ins. Co. v. MV Transp.*
36 Cal. 4th 643, (2005)........................................ 16, 17

*State Farm General Ins. Co. v. Mintarsih*,
175 Cal.App.4th 274, 286 (2009)........................................ 6

*Thee Sombrero, Inc. v. Scottsdale Ins. Co.*
28 Cal. App. 5th 729 (2018)........................................ 18

*Vann v. Travelers Companies*
39 Cal.App.4th 1610 (1995)........................................ 17

*Waller v. Truck Ins. Exchange, Inc.*
11 Cal. 4th 1 (1995)........................................ 16

**FEDERAL CASES**


*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 250 (1986) ..................... 4

*Cabrera v. Cordis Corp.*
134 F.3d 1418, (9th Cir. 1998)..................... 11

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ..................... 2, 4

*Coregis Ins. Co. v. Urbach, Kahn & Werlin, P.C.*
201 F.3d 443 (9th Cir. 1999)..................... 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*
509 U.S. 579 (1993) ..................... 10

*Dobrin v. Allstate Ins. Co.*
897 F.Supp. 442 (C.D.Cal.1995)..................... 19

*Hanover Ins. Co. v. Paul M. Zagaris, Inc.*
714 Fed. App'x 735 (9th Cir. 2018) ..................... 18

*Hudson Ins. Co. v. Colony Ins. Co*
624 F3d 1264 (9th Cir. 2010)..................... 20

*Liberty Mut. Ins. Co. v. Blatt*
357 F. App'x 776 (9th Cir. 2009) ..................... 6

*Lujan v. Nat'l Wildlife Fed'n*
497 U.S. 871 (1990) ..................... 5

*LVRC Holdings LLC v. Brekka*
581 F.3d 1127 (9th Cir. 2009)..................... 5

*Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*
307 F.3d 944 (9th Cir. 2002)..................... 18

*Westfield Ins. Co. v. TWT, Inc.*
723 F. Supp. 492 (N.D. Cal. 1989) ..................... 20


**FEDERAL STATUTES**


Fed. R. Civ. P. 56(a)..................... 4

Fed. R. Civ. P. 56(c)..................... 5

Fed. R. Civ. P. 56(e)..................... 4

**RULES**

Federal Rule of Evidence 702 .......................................................................................... 10, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counterclaimant SVO Building One, LLC ("SVO") has filed this motion for summary judgment on the Amended Complaint of Plaintiff and Counter-defendant Navigators Specialty Insurance Company ("Navigators"), because Navigators has failed to meet its burden of establishing attorneys' fees and costs solely allocable to claims which are not even potentially covered, as it is required to do to obtain reimbursement of those fees and costs under the controlling case of *Buss v. Superior Court*, 16 Cal. 4th 35, 53 (1997) ("*Buss*"). SVO requested that information in Interrogatories, which Navigators refused to provide even after a motion to compel further responses was granted against it. Instead, it incorporated by reference the report of its alleged expert, Andre Jardini, who ignored the applicable standard for reimbursement under *Buss*, did not analyze each fee entry or any expenses, had his assistants arbitrarily categorize different fee entries into groupings without any standards for doing so, and utilized an approach for allocating fees and expenses based on the number of causes of action covered and not covered, which is totally contrary to the method set forth in *Buss*.

Neither Navigators nor Jardini even attempted to satisfy the requirements of *Buss* for the fees and expenses incurred after the March 24, 2021 dismissal without prejudice of the potentially covered defamation cause of action, though allegations of other causes of action sufficient to trigger a duty to defend, such as disparagement, other defamation allegations and loss of use of property, continued to be asserted in the portions of the underlying complaint which remained. Further, California case authority establishes a continuing duty to defend until the case is concluded when a covered cause of action has been dismissed without prejudice. Neither Navigators nor Jardini even attempted to analyze the substantial expenses and costs incurred in the defense of the underlying case, including consulting and expert fees, let alone satisfy the requirements of *Buss* that such expenses be solely allocable to cause of action not even potentially covered.

/ / /

/ / /

Jardini's expert report and his testimony in deposition establish that neither meets the basic requirements of admissibility under the controlling *Daubert* case and SVO has filed concurrently a motion to exclude that testimony. Regardless of the ruling on that motion, Navigators has not met its burden under *Buss* to obtain reimbursement of fees and expenses. Because Navigators bears the burden of proof, in order for SVO to obtain summary judgment, it need establish only that there is an absence of evidence to support the opposing party's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Navigators has not provided any evidence to establish its entitlement to reimbursement under *Buss.* SVO's motion for summary judgment on the Amended Complaint accordingly should be granted.

## II. BACKGROUND

In 2017, SVO entered into an agreement with Liebert Corporation, a large equipment manufacturing company, to design, engineer, construct, test, and startup a data center located in Sacramento, California. In 2018, Liebert brought an action against SVO alleging breach of contract, *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association Case No. 01-18-0003-1318 (the "Underlying Action"). Liebert Corporation shortly thereafter changed its name to Vertiv Corporation ("Vertiv") and is referred to herein under that name. On July 11, 2019, Vertiv filed a Fourth Amended Complaint, which asserted eighteen causes of action, including a cause of action for defamation.[1] On July 29, 2019, SVO tendered the Fourth Amended Complaint to Navigators. On October 28, 2019, coverage counsel for Navigators wrote to SVO agreeing to provide a defense to the Fourth Amended Complaint pursuant to an insurance policy effective June 12, 2017 through August 12, 2019 (the "Navigators Policy") conditioned on a reservation of rights to deny coverage. Smyth Decl. Ex. 1, Ex. A-1 through A-96. Navigators paid some of the fees and expenses of the firms defending SVO, Murphy Austin and the Law Offices of Sean DeBruine, from the date of tender until panel counsel were appointed, Gordon

---

[1] Navigators filed an Amended Complaint in this action (ECF 43) which is attached to the accompanying Declaration of Bruce T. Smyth ("Smyth Decl.") as Exhibit 1 for convenient reference. The Amended Complaint attaches the policy of insurance issued by Navigators, Ex. A-1 through A-96, the Fourth Amended Complaint in the underlying action (Ex. b1 through B-36) and numerous documents and letters between the parties and counsel as Exhibits A through H, thereto, and which are so referred to in this Memorandum and the Smyth Decl.

Rees Scully & Mansukhani ("GRAM"). After GRSM reported that it had a conflict, Navigators appointed Tyson & Mendes, LLP ("Tyson") to replace them.

On March 24, 2021, Vertiv dismissed a number of causes of action without prejudice, including the defamation cause of action. Smyth Decl. Ex. 1, Ex. C-1 through C-4. On March 31, 2021, Navigators' claims representative, Angel Muth, wrote to SVO advising it was denying all coverage, would be withdrawing its defense of SVO as of April 15, 2021, and would no longer pay for any legal fees or costs incurred on behalf of SVO in the Underlying Action after that date. Navigators asserted that the dismissal of the defamation cause of action eliminated the potential of coverage under its Policy. Smyth Decl. Ex. 1, Ex. F-1 through F-2.

On May 3, 2021, SVO's newly retained coverage counsel, Steven Murray, retendered its defense to Navigators and informed Navigators by letter that its denial of coverage was "factually and legally unsupported." Smyth Decl. Ex. 1, G-1 through G-3. Murray cited allegations of "disparagement" in two other causes of action in the Fourth Amended Complaint, as well as allegations of potentially covered property damage. Murray cited the specific allegations of disparagement remaining in the Fourth Amended Complaint:

> "causing third parties to issue false reports regarding the commissioning of equipment on the Project;" (¶55, p. 12:23-24; ¶56, p.13:5-7.)
> SVO's conduct "erodes Vertiv's reputation as a designer and builder .... " (¶57. p.13:10-16.)
> Communications "disparaging Vertiv's work" were made by SVO to DPR. (¶146, p. 29:13.)

Smyth Decl. Ex. G-1 through G-3.

On May 18, 2021, Navigators' coverage counsel who had written Navigators' initial reservation of rights letter, David Simantob, apparently was rehired to reverse Muth's letter. In a letter on that date, while Navigators claimed it no longer had a duty to defend, it stated it would continue providing a defense under a reservation of rights. Smyth Decl. Ex.1, Ex. H-1 through H-2. Murray also tendered the Fourth Amended Complaint to another of SVO's insurers, Hallmark Insurance Company ("Hallmark"), which thereupon paid half of the defense fees and costs from the date of tender. On January 5, 2022, the Underlying Action settled and was subsequently

dismissed with prejudice in its entirety.

On November 14, 2022, Navigators filed this action against SVO seeking declaratory relief under three purported causes of action. Hallmark, which paid half of the fees and cost of defense from May, 2021, has not seen fit to sue its own insured for reimbursement of the costs of defense it paid. After SVO's motion to dismiss the Complaint was granted in part, on February 15, 2024, Navigators filed the First Amended Complaint (ECF No. 43), seeking declaratory relief on the two causes of action which are now before this Court by way of this motion.

## III. LEGAL STANDARD

### A. Summary Judgment Should Be Granted Here Because Navigators Cannot Establish That Its Reimbursemnt Claims Satisfy The Requirements of *Buss*.

A motion for summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." *Id.* The party seeking summary judgment bears the initial burden to show the basis for the motion and to identify those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Where the nonmoving party bears the burden of proof on an issue at trial, the moving party must only demonstrate that there is an absence of evidence to support nonmoving party's claims. *Id*. More specifically, the moving party need not produce any evidence to show the absence of a genuine issue of material fact. *Id.* at 325. "Instead,... the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id*. When the moving party meets its initial burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

/ / /

With a few exceptions, only admissible evidence may be considered in the context of a motion for summary judgment. Fed. R. Civ. P. 56(c). “The object of [the motion] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.” *Lujan v. Nat’l Wildlife Fed’n*, 497 U.S. 871, 888 (1990). Thus, speculative, conclusory testimony in the form of declarations or other evidentiary materials will be insufficient to show the existence of genuine issues of material fact and to defeat summary judgment. *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136 (9th Cir. 2009); *Thornhill Publ’g Co., Inc. v. Gen. Tel. & Elecs. Corp*., 594 F.2d 730, 738 (9th Cir. 1979).

**B. <u>Navigators Cannot Satisfy The Requirements Of Reimbursement Under *Buss*</u>**

In *Buss,* 16 Cal.4th 35, the California Supreme Court asked and answered four questions relating to whether and under what conditions insurers could recover defense costs:

> First, may the insurer seek reimbursement from the insured for defense costs? Yes, as to claims that are not even potentially covered, but no, as to those that are. Second, for what specific costs may the insurer obtain reimbursement? Those that can be allocated **solely** to claims that are not even potentially covered. Third, when the insurer seeks reimbursement, which party must carry the burden of proof? The insurer. Fourth and final, what is the burden of proof? Proof by a preponderance of the evidence. *Id.* at 39. (Emphasis added)

Thus, it is the insurer's burden to prove what costs are *solely* allocable to claims that were not even potentially covered. As the Court in *Buss* explained: “Evidence Code section 500 provides that, generally, a party desiring relief must carry the burden of proof thereon. We can find no exception for an insurer seeking reimbursement for defense costs. We will create none.” *Id.* at 53.

In its Order Denying Motion to Dismiss (ECF No. 49), this Court affirmed in no uncertain terms the applicable standard under *Buss* as follows:

> Under California law, an insurer has the duty to defend claims that are “merely potentially covered” by the insurance policy. *Buss v. Superior Ct*., 16 Cal. 4th 35, 46 (1997). Conversely, the insurer has no duty to defend in an action where none of the claims are potentially covered. *Id*. at 47. In “mixed” causes of action, in which some claims are at least potentially covered, and others are not, “the insurer has a duty to defend as to the claims that are at least potentially covered . . . but does not have a duty to defend as to those that are not . . . [.]” *Id*. at 47-48. While in such a mixed action

> the insurer must defend the action in its entirety, *id.* at 48 (citing *Horace Mann Ins. Co. v. Barbara* B., 4 Cal. 4th 1076, 1081 (1993)), if the insurer reserved its rights to later seek reimbursement of defenses costs, it may seek reimbursement "[a]s to the claims that are not even potentially covered," *id.* at 50, 61 n.27; *see Scottsdale Ins. Co. v. MV Transportation,* 36 Cal. 4th 643, 649 (2005). That is, the insurer may be reimbursed for "[d]efense costs that can be allocated **solely** to the claims that are not even potentially covered[.]" *Buss*, 16 Cal. 4th at 52. It is the insurer's burden to show that it is entitled to reimbursement beyond a preponderance of the evidence. *Id.* at 53. (Emphasis added)

In addition, relevant case law relying on and interpreting *Buss* has repeatedly underscored the applicable standard with a specific focus on the word "solely." *See e.g., State Farm General Ins. Co. v. Mintarsih,* 175 Cal.App.4th 274, 286 (2009) (determining that "[a]ttorney fees awarded as costs against the insured can be allocated solely to claims that were not even potentially covered if (1) the fees were incurred *solely* to defend against claims that were not even potentially covered or (2) the right to recover fees arose *solely* from claims that were not even potentially covered." (Emphasis in original)); *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.* 156 Cal.App.4th 1259, 1271 (2007) (citing *Buss* "[a]n insurer may obtain reimbursement *only* for defense costs that can be allocated *solely* to the claims that are not even potentially covered. To do that, it must carry the burden of proof as to these costs by a preponderance of the evidence. And to do that ... it must accomplish a task that, 'if ever feasible,' may be 'extremely difficult.' " (Emphasis in original). *Buss* additionally makes clear that a party seeking reimbursement must identify the "*specific costs* can be allocated solely to the causes of action that were not even potentially covered." *Buss* at 61 (Emphasis added); *See also*, *Liberty Mut. Ins. Co. v. Blatt*, 357 F. App'x 776, 777 (9th Cir. 2009).

## II. ARGUMENT

### A. SVO Should Be Granted Summary Judgment On Navigators' Claim For Reimbursement Of Fees And Costs Because Navigators Has Failed To Produce Admissible Evidence To Meet Its Burden of Proof Under *Buss.*

Summary judgment should be granted to SVO under Navigators' Amended Complaint because it has failed to produce evidence establishing the fees and costs solely allocable to claims which are not even potentially covered. In *Coregis Ins. Co. v. Urbach, Kahn & Werlin, P.C.,* 201

F.3d 443 (9th Cir. 1999), the Court of Appeals affirmed the district court's order granting summary judgment against an insurer for having failed to meet that very standard under *Buss*. The court reasoned: "[s]pecifically, [the insurer] needed to show that a portion of its defense costs in the London litigation were solely allocable to 'claims that [were] not even potentially covered' by London's policy with [the insurer]. *Buss*, 939 P.2d at 778. The record shows that [the insurer] failed to offer such evidence. We thus agree with the district court that [the insurer] failed to meet its burden, and therefore its action cannot survive [the] motion for summary judgment."

Navigators bore the burden of making an affirmative showing that *each* fee entry or expense for which it seeks recovery is solely allocable to claims which are not even potentially covered. Navigators has failed to meet its burden of proof because it has refused to provide that information despite being ordered to provide it in amended interrogatory responses. Its amended responses then purported to incorporate by reference the expert report of Andre Jardini -- which does not provide that information either. Jardini instead made up an arbitrary methodology which in no way satisfies the requirements of *Buss*.

### 1. Navigators Has Failed To Produce Admissible Evidence In Support Of Its Reimbursement Claim.

SVO propounded interrogatories which specifically asked Navigators to identify the billing entries and expenses it contended were solely allocable to potentially non-covered claims. Its first set of interrogatories, Interrogatory Nos. 1-5, propounded on July 18, 2025, thus asked as follows:

> **INTERROGATORY NO. 1:**
> IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES that YOU contend is solely allocable to a NON-COVERED CLAIM in the UNDERLYING ACTION.
> **INTERROGATORY NO. 2:** IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES in the UNDERLYING ACTION that YOU contend is recoverable by YOU under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997).
> **INTERROGATORY NO. 3:** IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to GRSM that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.
> **INTERROGATORY NO. 4:** IDENTIFY each and every cost or expense YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-

> POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.
> **INTERROGATORY NO. 5:** IDENTIFY each and every expert fee or consultant fee YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

See Smyth Decl., Ex. 2.

Instead of answering those interrogatories, on August 25, 2025, Navigators served deficient responses to all five interrogatories, the latter four incorporating the response to the first. Navigators just alleged that prior to the dismissal of the defamation cause of action

> "all fees and costs incurred in defense of any claim other than allegations that SVO disparaged the underlying claimant [….] were not potentially covered under the Policy. These defamation allegations were limited to one of 18 causes of action asserted by the Claimant in the Fourth Amended Complaint. Navigators paid approximately $2,497,187.09 for all fees and costs incurred prior to the March 24, 2021 dismissal of the defamation cause of action. Virtually all (if not all) of that amount was incurred in defense of uncovered claims. Navigators is entitled to recovery of all fees and costs incurred in defense of such uncovered claims.

See Smyth Decl. Ex. 3.

This of course is not the standard under *Buss*. The standard is not the fees and costs incurred in the defense of any claim other than defamation; the standard is the costs solely allocable to claims which are not even potentially covered. Navigators' response that "[v]irtually all (if not all)" of what it contends without support are of the fees and costs it paid prior to the dismissal of the defamation cause of action does not identify those fees or costs.

SVO moved to compel further responses and this Court, by Hon. Robert M. Illman, granted SVO's motion on November 5, 2025. At the hearing, SVO's counselwas asked if its expert's report, which it referenced in opposition to SVO's motion contained line-by-line allocations of fees and expenses, and responded "No, but it included the general opinion based on the expert's review line-by-line." See Transcript of Hearing, November 5, page 2, lines 13-21, a copy of which is attached to the Smyth Decl. as Ex.4. The Court then asked "as to the line by line allocation, when do you contend that they are entitled to that? If they are not entitled to it in fact

discovery, when are they entitled to it?" Transcript, page 3, lines 5-8. See Smyth Decl. at Ex. 4. The Court then noted the plaintiff's obligation to provide that information:

> They do have a responsibility to turn over those line items in response to the interrogatories based on the claims at present. In other cases that I've reviewed in advance of this hearing, the only time the court didn't do that was when there was an expert report coming out that was going to have the detailed information in it. The expert report here doesn't. It doesn't meet the factual information and documents underlying the report, so I'm going to order Navigators to respond to the interrogatories.

Transcript of Hearing page 12, lines 8-20 attached to Smyth Decl. as Ex. 4. The Court specifically instructed Navigators to produce detailed information regarding Navigators' proffered *Buss* allocation. That is, a line-by-line breakdown and analysis of how and using what methodology Navigators claimed it had performed the allocation under *Buss.*

Navigators' "amended" responses to Interrogatory Nos. 1-5, served on November 19, 2025, do not provide the ordered information. See Amended Responses attached to the Smyth Decl. as Ex. 5. Although Navigators states at page 5, line 9, that it provides a "line by line allocation of all attorney's fees listed," it does nothing of the sort. Instead of a line by line allocation of attorney fee entries, the response provides it amalgamation only an of entries which Navigators asserts show that only 10.2 hours were spent on the defense of the defamation claim and incorporates the same answer in an amended response to Interrogatory No. 2. Most importantly, the entries it cites for the hours totaled *are not time entries*. Instead, as discussed in more detail below on the deficiencies of Jardini's report, they are artificially constructed arbitrary summaries developed by Jardini's assistants with no formal guidance from the alleged expert.

Navigators utilizes the same deficient type of response with respect to Interrogatory No.3 which asked for the fees with respect to GRSM, for which it comes up with a total of 33.3 hours. Even before getting to the numerous deficiencies of Jardini's report, Navigtors unequivocally does not answer the interrogatories. It simply does not list the fees incurred by Tyson or on the third interrogatory by GRSM it contends were solely allocable to claims which were not even potentially covered.

/ / /



PS PARKER SHAFFIE LLP

**2. Jardini's Report And His Testimony Should Not Be Admitted Because He Completely Disregards The Holding Of *Buss* In Allocating Attorneys' Fees**

Navigators asserts that it incorporates the report of its expert, Andre Jardini, in its amended responses to interrogatories which it asserts provides a "line by line allocation of all attorney's fees listed," as discussed above. A copy of that report is attached to the Smyth Decl. as Ex. 6. In fact, Jardini completely ignores the standard set forth in *Buss* and is even contemptuous of the "line by line" allocation its counsel states that Navigators is providing. In his deposition at page 57, lines 17-19 he states that "*doing it line by line is just entering into a mudhole*…It does not help the process." (Emphasis added). *See* Smyth Decl., Ex. 7.

As detailed in SVO's motion pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), filed concurrently herewith, Jardini's proffered expert report and his deposition testimony blatantly disregard the applicable standard under *Buss* by failing to provide any evidence of the requisite line-by-line breakdown and analysis of the *actual* items of billing or cost for which Navigators claims an entitlement to reimbursement. Jardini makes no attempt to analyze each item of billing or cost to show that it was incurred solely in defense of a claim not even potentially covered. In lieu of the applicable standard under *Buss*, Mr. Jardini attempts to categorize the billing entries his firm <u>reconstructed</u> as covered or potentially covered with no explanation as to how he determined a potentiality for coverage.

Jardini's method of allocation simply defies the holding of *Buss*. Instead of demonstrating each fee entry which Navigators contends is solely allocable to claims which are not even potentially covered, Jardini invents his own methodology which contains multiple flaws. Somebody working for Jardini first performed a word search for "defamation" in the fee bills. Since fee entries usually do not reference a particular cause of action, the number was very small. Jardini then categorizes various entries as "potentially" related to defamation, designated with the letter "P," while offering *zero insight* as to how and in reliance upon what applicable methodology, if any, he determined a potentiality for coverage. As discussed above, this approach does not even begin to comply with the standard under *Buss*.



PARKER SHAFFIE LLP

This Court should exclude Mr. Jardini's expert testimony pursuant to FRE 702 and *Daubert*, due to its lack of reliability and its failure to comply with the applicable standards. SVO thus is entitled to summary judgment on Navigators' Second Cause of Action because Navigators has failed to produce admissible evidence in compliance with *Buss*, thus invalidating its claim for relief. *See Cabrera v. Cordis Corp.* 134 F.3d 1418, 1423 (9th Cir. 1998) (Finding that the district court did not abuse its discretion in granting summary judgement in favor of defendant based on a determination that plaintiff lacked the ability to prove liability because the court duly excluded plaintiff's expert testimony that it did not find reliable under FRE 702 and *Daubert*).

Even if this Court does not exclude Jardini's testimony under *Daubert*, SVO still should be granted summary judgment because Navigators has not met its burden of establishing fees and expenses solely allocable to claims for relief which were not even potentially covered because of the numerous deficiencies of Jardini's report and testimony.

First, instead of evaluating the individual fee entries, he had non-attorney staff members collect fee entries into arbitrary categories, without providing any guidance as to the categories to be created. Individual entries often with lengthy individual descriptions of the work performed over lengthy periods of time by different timekeepers are thus collected into a category of document review totaling scores of hours. Jardini Dep. 8:9-9:5; Smyth Decl. at Ex. 7. The vast majority of the work in support of his report was performed by non-attorney staff -- only 23.6 hours of 173.7 total hours billed was performed by Jardini. Jardini Dep. 12:4-19. Jardini did not provide any guidance as to how the fee entries should be collected or batched, asserting that they were "objectively" batched. Jardini Dep. 15:1-13; Smyth Decl. Ex. 7. The standard under which they were "objectively" batched is not disclosed. These deficiencies and others are noted in the Rebuttal Report of SVO's designated expert, Kenneth Moscaret, a copy of which is attached to the Smyth Decl. as Ex. 8.

Second, rather than determining whether each entry can be *solely* allocated to claims which are not even potentially covered, Jardini then just makes his own arbitrary determination as to whether the work would have included tasks related to defamation. Jardini's description of the standard in his expert report omits the "solely" part of the standard: "[r]ecovery is permitted by an


PS PARKER SHAFFIE LLP

insurer against the insured as to claims that are not even potentially covered by the insurance policy." Jardini report at ¶43, Smyth Decl. Ex. 6. Because he asserts that there was only one covered claim and 17 which are not covered he invariably concludes that it is "more probable than not" that the entries do not include work related to defamation. The "Jardini standard" is not the *Buss* standard. *Buss* nowhere states that that the insurer may allocate fees based on the number of covered and uncovered claims or that it may speculate whether some generally described work may be more likely to related to uncovered claims. The burden is on the insurer. In circumstances where the insurer cannot satisfy its burden of establishing that the particular fee entry or entries are solely allocable to claims for relief which are not even ponteially covered, those expenses are not reimbursable to the insurer. Jardini has the standard reversed.

Jardini's speculations are far-fetched in some instances. When Jardini was questioned why 26.9 hours of fees for document review in one of his arbitrary combinations would not include time for review of documents relevant to the defamation cause of action, he responded that he believed that that it was 50.1 percent likely that the documents did not include ones related to defamation. Jardini Dep. 64:15-65:23; See also Jardini Dep. at 26:9-32:3; Smyth Decl. at Ex. 7. Jardini similarly was questioned why his collection of 35.4 hours for the transfer of a file from the prior defense counsel, Murphy Austin, to the panel counsel, GRSM, would not include files and discussions including the defamation cause of action. Jardini responded that he did not know but that it was more probable than not that such discussions and transfer efforts did not involve defamation. Jardini Dep. 80:2-82:11; See Smyth Decl. Ex. 7. This of course is not the standard. Navigators must prove that each fee entry is not solely allocable to a claims which are not even potentially covered. The standard is not whether it is more likely or not that most of the work related to non-covered claims or that based on the number of uncovered versus covered claims it is more probable than not that an entry may related to non-covered claims.

Jardini similarly asserted that 56.7 hours his assistants collected for fees incurred for the preparation of an arbitration brief would not include fees related to defamation because it was "likely that they did not involve to a meaningful degree at all, or perhaps at all, defamation." Jardini Dep. 104:21-105:20; Smyth Decl. Ex. 7. Buss requires that the fees be solely allocable to

claim which are not even potentially covered to be reimbursable to the insurer, not that the covered claim not be "involved to a meaningful degree."

Other allocations by Jardini are completely arbitrary and inconsistent. Jardini was questioned whether attendance at a conference with the arbitrator would not be reimbursable to the insurer because an attorney defending a defamation claim would have to attend. He reluctantly stated that "out of an abundance of caution" he would include fees for such attendance as not being reimbursable. When asked why he did not apply that same standard to another entry with the identical description, he simply asserted that it was a 5.7 hour "mistake." Jardini Dep. at 62:11 to 64:14; See Smyth Decl. at Ex. 7. Jardini departs from his own purported standard not "out of an abundance of caution" but because his allocations of non-reimbursable fees would otherwise be even more ridiculously low that they are -- essentially limited to fees disclosed in a word search of the term "defamation."

Third, Jardini not only applies the wrong standard, but his report seeks reimbursement for attorneys' fees which Navigators did not even pay. Most of his "outlines" of services by law firm list attached as recoverable fees as including those before the tender of the Fourth Amended Complaint to Navigators and he concede that insurers would not pay for fees incurred prior to the tender date. Jardini Dep. at 74:11- 77:6; Smyth Decl. Ex. 7. His outlines thus seek "reimbursement" to Navigators for fees which Navigators did not pay. Jardini Dep. At 77:23-78:8; Smyth Decl. at Ex. 7.[2]

In sum, even though Navigators has had ample opportunity to present admissible evidence in support of its claim for reimbursement in compliance with *Buss,* Navigators has simply failed to do so here. SVO is thus entitled to summary judgment on Navigators' Second Cause of Action claiming a right of reimbursement for uncovered claims.

Finally, the calculations in Jardini's report are contradictory and thus unreliable. Mr. Jardini claims on the one hand that "…records reflect that Navigators paid approximately

---

[2] Navigators' attempt to seek "reimbursement" of attorneys' fees *it did not pay* stands in sharp contrast to the position of the other similarly situated insurer, Hallmark, which is not seeking reimbursement at all of the fees it did in fact pay.


PS PARKER SHAFFIE LLP

$2,497,187.09 in fees and costs incurred prior to the March 24, 2021 dismissal of the defamation cause of action." Jardini Report at ¶ 42; Smyth Decl. Ex. 6. He further asserts, without any factual support, that "[t]he records reflect that in total Navigators paid approximately $2,998,457.50 in fees and costs for the defense of the underlying action after the March 24, 2021 dismissal of the defamation cause of action[.]" *Id.* Thus, based on the aforesaid, Mr. Jardini's assessment of the total fees and costs paid should amount to $5,495,644.59. These numbers, whatever their source, are contradicted by Jardini's own alleged calculations. The last exhibit attached to Mr. Jardini's report paints an entirely different picture of the numbers: the fees and costs incurred prior to March 24, 2021 amount to $1,981,947.57 not $2,497,187.09 and the total fees and costs incurred both before and after March 24, 2021 amount to $4,396,824.12 not $5,495,644.59. *Id.* at ¶ 42, ¶ 52; Ex. 10.; Smyth Decl. Ex. 6. That is, Mr. Jardini's own report presents discrepancies in the amount of $515,239.52 and $1,098,820.47 respectively. To make matters worse, Mr. Jardini duly acknowledges that the Fourth Amended Complaint was filed on July 11, 2019, giving rise to SVO's tender of defense to Navigators and Navigators' acceptance thereof. *Id.* at ¶¶ 22-25; Smyth Decl. Ex. 6. Nevertheless, in his reimbursement analysis, Mr. Jardini unfathomably includes billing entries and statements pre-dating July 11, 2019, which Navigators did not even pay in the first place enabling it to claim reimbursement now. *Id.* at ¶ 48; Exs. 5-7; ¶ 52 Ex. 10; Smyth Decl. Ex. 6. There are multiple billing entries pre-dating July 11, 2019 for which Mr. Jardini asserts a claim of reimbursement in his reporting. Considering Exhibit 7 alone, Mr. Jardini designates the letter "P" to two entries billed on November 12, 2018 and November 20, 2018 respectively. Namely, he makes the incomprehensible determination that these entries, pre-dating the filing of the Fourth Amended Complaint and SVO's tender of defense to Navigators, were potentially covered under the Subject Policy. Mr. Jardini's report is inconsistent and unreliable and provides no basis for allocation of fees or expenses under *Buss*.

/ / /

/ / /

/ / /

/ / /

### 3. Navigators Has Not Met Its Burden of Establishing Expert and Consultant Fees And Expenses Solely Allocable To Claims Not Even Potentially Covered

Navigators has cited no authority that expert and consultant fees and expenses are recoverable under *Buss*. However, even if they are, Navigators has not met its burden for obtaining reimbursement of those expenses. In Interrogatory No. 4, Navigators was asked to identify the costs and expenses, and in Interrogatory No. 5, the expert and consultant fees, it contends were recoverable under *Buss*. After deficient responses and an order to provide amended response, Navigators still provided deficient amended responses. Instead of identifying each expense or cost, Navigators instead asserted tht it was entitled to 97% of the costs and expenses based on its deficient calculation of the attorneys' fees it contended were reimbursable. Despite the order that it provide further responses, Navigators then provides no calculation of the expert and consultant fees and expenses it allegedly incurred. Instead it cites a document it asserts it produced, bearing production nos. 9905-9908, which it asserts provides such calculation, if one subtracts the attorneys' fees incurred by Tyson Mendes and GRSM. A copy of that document is attached to the Smyth Decl. as Ex. 9. In any event those calculations are incorrect. Included in the total are a payment to SVO of $472,139.25. SVO obviously is not an expert or consultant. If that amount is alleged to be payment to SVO for fees incurred after the tender of the defense to Navigators for other law firms such as Murphy Austin and the Law Offices of Sean DeBruine, Navigators has included those fees in its calculation of attorneys' fees for those firms in its outlines attached as Exhibits to Jardini's Report and it therefore is double-counting them.

Navigators is not entitled to recover the expenses or expert fees based on Jardini's report either. In his deposition he testified that he "didn't look at expenses." Jardini Dep. 30:11, Smyth Decl. Ex.7. He testified that he did not review expense bills (Jardini Dep. 116:12-117:18; Smyth Decl. Ex. 7) and that there is no entry on his invoice for any such review. Jardini Dep. 133:2-6; Smyth Decl. Ex. 7.

/ / /

/ / /

**B. <u>Navigators Has Failed To Meet Its Burden To Establish Reimbursement For Fees And Expenses Incurred After The Dismissal Without Prejudice Of The Defamation Cause Of Action.</u>**

Navigators has not established that it is entitled to reimbursement of attorneys' fees after the dismissal without prejudice of the defamation cause of action either, for multiple reasons. First, under California law, once a duty to defend arises, it "lasts until the underlying lawsuit is concluded, or until it has been shown there is no potential for coverage." *Scottsdale Ins. Co. v. MV Transp*., 36 Cal. 4th 643, 655 (2005). The duty to defend the defamation claim thus was not extinguished until the case was dismissed with prejudice. The Fourth Amended Complaint in any event still included claims for disparagement, a covered offense under the Navigators' Policy after the dismissal without prejudice of the defamation cause of action. Second, under California precedent, a dismissal without prejudice does not eliminate the duty to defend the dismissed claim because it can always be brought back into the case. Third, Navigators has not met its burden of establishing that all of the fee entries in the post dismissal period are solely allocable to claims which are not even potentially covered. It provided no evidence of such expenses and its expert, Jardini, did not even review those fees and as discussed above he utilized the wrong standard and disregards the requirement that the insurer bears the burden of establishing fees solely allocable to claims which are not even potentially covered.

**1. Navigators Ignores Its Continued Duty To Defend After The Dismissal Of The Defamation Cause of Action Without Prejudice.**

Navigators had a continuing duty to defend after the dismissal of the defamation cause of action without prejudice. *Hogan v. Midland Nat'l Ins. Co*., 3 Cal.3d 553, 563–64 (1970) (holding that "[t]he rule is settled that an insurer is under a duty to defend a claim whenever the allegations of a complaint would support a recovery upon a risk covered by the policy.") The determination is "usually ... made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18–19 (1995). "If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises" upon tender.



PARKER SHAFFIE LLP

*See Scottsdale Ins. Co. v. MV Transp*., 36 Cal. 4th 643, 655 (2005) (Emphasis added). Once such duty arises, it "lasts until the underlying lawsuit is concluded, or until it has been shown that there is *no potential for coverage*." *Id*. (Emphasis added). More specifically, in order to meet its burden, the insurer must conclusively prove that there was no potential for coverage. *See Id.* (determining that "the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*.") (Emphasis in original); *see also Vann v. Travelers Companies* 39 Cal.App.4th 1610, 1614 (1995); *Gray*, 65 Cal. 2d 263 at 275.

At the time of the subject dismissal on March 24, 2021, the operative Fourth Amended Complaint in the Underlying Action irrefutably included other allegations that were virtually akin to defamation or even expressly asserted *disparagement*. More specifically, in the Fifth Cause of Action for Violation of Unfair Competition Law, the Fourth Amended Complaint asserted the following against SVO:

> Without limitation, at least the following acts by SVO were unfair business acts: … **<u>seeking and/or causing third parties to issue false reports regarding the commissioning of equipment on the Project</u>**… Without limitation, at least the following acts by SVO were fraudulent business acts: … **<u>seeking and/or causing third parties to issue false reports regarding the commissioning of equipment on the Project</u>**… As a direct and proximate cause of the wrongful conduct of SVO, Vertiv has been injured in fact. For example, as a direct consequence of the acts of SVO, SVO are using Vertiv's intellectual property and work product to complete Phase 1 of the Project and to design and construct Phases 2 and 3 of the Project, which erodes Vertiv's reputation as a designer and builder of data centers and provides an unjustified cost savings to SVO.

Fourth Amended Complaint at ¶¶ 55, 56, 57 (Emphasis added); Smyth Decl. Ex. B-1 through B-36.

The Fourth Amended Complaint additionally asserted the following against SVO:

> SVO improperly and intentionally interfered with Vertiv's contract with DPR in various manners, including but not limited to routinely engaging in secretive and unauthorized direct communications with personnel regarding the work and services DPR was performing DPR for Vertiv on the jobsite and **<u>disparaging Vertiv's work</u>**.

Fourth Amended Complaint at ¶ 146 (Emphasis added); Smyth Decl. at Ex.B-1 through B-36.

Indeed, after on May 3, 2021, when SVO's newly retained coverage counsel, Steven Murray, retendered its defense to Navigators and informed Navigators by letter that its denial of coverage was "factually and legally unsupported." Navigators promptly reversed its decision to withdraw SVO's defense Smyth Decl. Ex. H-1 through H-2. Murray cited the allegations of "disparagement" in two other causes of action in the Fourth Amended Complaint, as well as allegations of potentially covered property damage. Murray cited the specific allegations of disparagement remaining in the Fourth Amended Complaint cited above. Smyth Decl. Ex. G-1 through G-3.

Murray also noted Navigators' duty to defend based on allegations in the amended complaint of property damage including the loss of use of tangible property which has not been physically damaged. These included allegations of loss of use of transfer switches, cooling systems and other devices. Smyth Decl. Ex. G-1 through G-3. *See, e.g. , Borg v. Transamerica Corp.,* 47 Cal. App. 4th 448, 457 (1996) (loss of use of tangible property by overhanging deck covered); *Thee Sombrero, Inc. v. Scottsdale Ins. Co.,* 28 Cal. App. 5th 729,736 (2018) (loss of use of nightclub from shooting on premises resulting in loss of conditional use permit was covered loss of use of tangible property).

Any doubt as to whether the facts triggered a continued duty to defend by the insurer, Navigators, must be resolved in favor of the insured, SVO. *See Hanover Ins. Co. v. Paul M. Zagaris, Inc*., 714 Fed. App'x 735, 737 (9th Cir. 2018) (holding that "[d]oubts concerning the potential for coverage and the existence of [a] duty to defend are resolved in favor of the insured." quoting *Reg'l Steel Corp. v. Liberty Surplus Ins. Corp*., 226 Cal. App. 4th 1377, 1389 (2014)); *see also Horace Mann*, 4 Cal. 4th at 1081.

"California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty." *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.* 307 F.3d 944, 952 (9th Cir. 2002) (noting that a "loose nexus [is] required for duty-to-defend determinations.") (Citing *Barnett v. Fireman's Fund Ins. Co*., 90 Cal.App.4th 500 (2001); *CNA Cas. of Cal. v. Seaboard Sur. Co*., 176 Cal.App.3d 598

(1986); *Dobrin v. Allstate Ins. Co.*, 897 F.Supp. 442, 444 (C.D.Cal.1995)).

In *Barnett*, for instance, the California Court of Appeal was faced with an inquiry nearly identical to that which is before this Court. 90 Cal.App.4th at 500. There, the applicable policy provided coverage for "injury ... arising out of one or more of the following offenses: ... d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." *Id.* at 509. The complaint in the underlying action contained causes of action for breach of fiduciary duty, intentional interference with contractual relations, breach of the implied covenant of good faith as well as fraud. The court found that a duty to defend had been properly triggered because the complaint in the underlying action alleged that the insured's officers and employees had "told third persons that MedPartners' methods of doing business were flawed and would result in its failure and made other representations that disparaged and damaged MedPartners and SCMC." *Id.* at 510. These allegations were buried in the complaint and the court observed "the duty to defend arises when the facts alleged in the underlying complaint give rise to a potentially covered claim regardless of the technical legal cause of action pleaded by the third party." *Id.* As a result, the court found that "[the] allegations trigger[ed] at least a potential for coverage under the personal injury coverage for defamation provided by the [policy]." *Id.*

The Navigators Policy provides coverage for "personal and advertising injury" offenses defined as including the following:

> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

Navigators' Policy attached to First Amended Complaint at 50 of 178, Exhibit A-32; Smyth Decl., Ex. 1. The same definition is cited in Navigators' First Amended Complaint at paragraph 8, page 8, lines 2-3.

Under California law disparagement means a knowingly false or misleading publication that derogates another's property or business and results in special damages. *See, e.g., Hartford Cas. Ins. Co. v. Swift Distribution, Inc.,* 59 Cal. 4th 277, 291 (2014). Because allegations of a potentially covered claim for disparagement remained in the Fourth Amended Complaint,

Navigators had a continued duty to defend.

**2. Navigators Had A Continuing Duty To Defend Because the Defamation Cause Of Action Was Dismissed Without Prejudice.**

Navigators had a continuing duty to defend because the dismissal of the defamation cause of action was without prejudice and it could be brought back into the case. Under California law, an insurer is required to continue to provide a defense of a potentially covered claim which is dismissed without prejudice because it could be brought back into the case. *See, e.g, Westfield Ins. Co. v. TWT, Inc.,* 723 F. Supp. 492, 496 (N.D. Cal. 1989) (dismissal of cross-complaint without prejudice does not eliminate duty to defend because it could be reasserted at any time). The risk of a claim being brought back into the case is heightened when the existing allegations regarding disparagement, seeking or causing third parties to issue false reports, and erosion of reputation were already sufficient to amount to a defamation claim. "[T]hat the precise causes of action pled by the third party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 287 (2014); *see also Hudson Ins. Co. v. Colony Ins. Co,* 624 F3d 1264, 1267-1269 (9th Cir. 2010) (holding that a duty to defend was triggered where the facts alleged would have supported a cause of action for slogan infringement even though slogan infringement was not specifically pleaded).

**3. Navigators Has Not Met Its Burden Of Establishing That The Fees Incurred After The Dismissal Of The Defamation Cause of Action Are Solely Allocable To Claims Which Are Not Even Potentially Covered.**

Navigators additionally has not met its burden because neither its interrogatory responses nor Jardini's report or testimony provide any evidence that all attorneys' fees are solely allocable to causes of actually which are not even potentially covered. In its Amended Response to SVO's Interrogatory No.1 it quotes Jardini's report at paragraph 53, which states "The services rendered after March 24, 2021, the date the defamation claim was formally dismissed, are subject to

reimbursement in total. After that date, the potential for defamation claim (sic) did not exist." This Amended Response, which is incorporated into the Amended Responses to Interrogatory Nos. 2 and 3, does not provide any evidence of any allocation so attorneys' fees to solely claims which are not even potentially covered. Jardini's statement provides no evidence either, for multiple reasons.

First, Jardini does not consider the allegations of a cause of action for disparagement remaining in the case. Jardini refused to consider whether disparagement was a covered offense under the Navigators' policy (Jardini Dep. 39:8-25; Smyth Decl. Ex. 7.), in looking at the fees allocable did not consider disparagement (Jardini Dep. 42:7-19; Smyth Decl. Ex. 7), and did not look for fees incurred under the tort of disparagement. Jardini Dep. 111:12-112:9; Smyth Decl. Ex. 7). Jardini further erroneously stated that it was undisputed that there was only one potentially covered cause of action in the Fourth Amended Complaint, for defamation. When confronted with Steven Murray's letter of May 3, 2021 noting the existence of allegations for disparagement in the Fourth Amended Complaint, Jardini confessed that his assertion had been erroneous. Jardini Dep. 52:10-22; Smyth Decl. Ex. 7. It is not even clear that Mr. Jardini or anyone with his firm even looked at the invoices for work after March 24, 2021. Jardini conceded that did not see any entries specifically to that effect in his invoice. Dep. 110:11-18; 132:14-133:1; Smyth Decl. Ex. 7. Jardini invoice attached to Jardini Dep. as Ex. 7 thereto; Smyth Decl. Ex.10).

Finally, even if he had looked, Jardini utilized the wrong standard because he disregards the requirement that the insurer bears the burden of establishing fees solely allocable to claims which are not even potentially covered. Under the *Buss* standard, fees incurred for tasks generally allocable to litigation activities an attorney who would be guarding against claims such as defamation which might be brought back into the case or of disparagement which could be asserted at any time would need to review discovery propounded by the other side and attend arbitration conferences as to the prosecution and defense of claims. A quick review of some of the fees incurred after the dismissal of the defamation cause of action shows a task related to the defense of a disparagement claim (Navigators production no. N08397 on July 10, 2021 Smyth Decl. Ex.11) and general tasks an attorney defending a disparagement or defamation claim would

necessarily attend or participate in (Navigators' Production No. 07812 Attend strategy conference September 29, 2021) and Navigators Production No. N07818 Attend hearing on motion for reconsideration September 30, 2021) Navigators fee bills from Legal Xchange; Smyth Decl. Ex. 10).

Based on the foregoing, SVO respectfully requests that this Court find that the dismissal of the cause of action for defamation did not extinguish Navigators' duty to defend. Accordingly, as Navigators cannot put forth undisputed facts that could completely eliminate a possibility of coverage after March 24, 2021, SVO is entitled to summary judgement on Navigators' First Cause of Action for Declaratory Relief, claiming a right of reimbursement to all fees and costs incurred post the March 24, 2021 dismissal.

#### 4. Navigators' is Precluded from Introducing Evidence of a *Buss* Allocation for Fees and Costs Incurred After March 24, 2021.

As discussed herein, Navigators opted to take the unsupportable position that it is entitled to recover *all* fees and costs incurred after March 24, 2021, relying upon the misapprehension that it owed no duty to defend SVO after the dismissal of the defamation cause of action. In so claiming, Navigators did not perform an allocation under *Buss* pertaining to these fees and costs, regardless of whether such allocation was done correctly or not. Mr. Jardini's proffered expert report does not even contain an erroneous *Buss* allocation for the fees and costs incurred after March 24, 2021, as indicated by his reconstructed billing entries stopping on February 26, 2021. *See* Jardini Report ¶48; Ex. 9 thereto at 10; Smyth Decl. Ex. 6. Since Navigators has failed to present admissible evidence before the close of fact and expert discovery, accounting for an allocation under *Buss* for the fees and costs incurred after March 24, 2021, Navigators must be precluded from attempting to introduce evidence of such allocation if the Court finds that its duty to defend to SVO duly continued after the dismissal of the defamation cause of action.

/ / /

/ / /

/ / /

## IV. CONCLUSION

In *Buss*, the California Supreme Court noted that the burden establishing fees solely allocable to causes of action which are not even potentially covered required that the insurer "must accomplish a task that, 'if ever feasible,' may be 'extremely difficult.' " *Buss* at 61. Indeed, there does not appear to be a reported case in the 28 years since *Buss* was handed down where an insurer has accomplished that task. Navigators has not done so here. It has ignored the standard set forth in *Buss*. Because it has refused to meet its burden of establishing fees solely allocable to causes of action which are not even potentially covered, this Court should grant SVO's motion for summary judgment.

DATED: December 1, 2025 **PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth
Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On December 1, 2025, I served true copies of the following document(s) described as **SVO BUILDING ONE, LLC'S MOTION FOR SUMMARY JUDGMENT ON AMENDED COMPALAINT OR FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 1, 2025, at Los Angeles, California.

[signature]

Ben Barragan