Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

v.

SVO BUILDING ONE, LLC,

Defendant.

SVO BUILDING ONE, LLC

Counterclaimant,

v.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-defendant.

Case No. 3:22-CV-07102-AMO

[Assigned to Hon. Araceli Martínez-Olguín]

**DECLARATION OF BRUCE T. SMYTH IN SUPPORT OF MOTION OF MOTION TO EXCLUDE TESTIMONY OF NAVIGATORS SPECIALTY INSURANCE COMPANY'S EXPERT WITNESS ANDRÉ E. JARDINI**

Date: March 5, 2026
Time: 2:00 p.m.
Dept.: Courtroom 10, 19th Floor

*[Filed concurrently with Motion to Exclude Testimony of Navigators Specialty Insurance Company's Expert Witness Andre E. Jardini; Memorandum of Points and Authorities; [Proposed] Order]*

/ / /

/ / /

# DECLARATION OF BRUCE T. SMYTH

I, Bruce T. Smyth, declare as follows:

1. I am an attorney at law licensed to practice before the Courts of the State of California and have been admitted to the Bar of the United States District Court for the Northern District of California. I am Senior Counsel with Parker Shaffie, LLP, counsel of record for defendant and counterclaimant SVO Building One, LLC ("SVO"). In that capacity, I am aware of the facts set forth herein of my own personal knowledge.

2. I submit this declaration in support of SVO's motion to exclude the testimony of André E. Jardini retained as an expert witness by Plaintiff and Counter-defendant Navigators Specialty Insurance Company ("Navigators").

3. Attached hereto as **Exhibit 1** are true and correct copies of excerpts from the certified copy of the deposition of André Jardini, which I took by video on November 18, 2025.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the report served by Navigators' designated expert, André Jardini.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the invoice for services to Navigators' counsel produced by André Jardini in connection with his deposition and which was identified in his deposition as Exhibit 7 thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 1, 2025 at Los Angeles, California

Bruce T. Smyth

Bruce T. Smyth

# EXHIBIT "1"

CERTIFIED COPY

Express Deposition Services by ExpressNetwork

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Navigators Specialty Insurance Company vs SVO Building One, LLC

Andre Jardini - Expert

November 18, 2025

Laurie A. Schmidt, CSR No. 12719, Job No. 11711

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, Plaintiff, v. SVO BUILDING ONE, LLC Defendant. | Case No. 3:22-CV-07102-AMO |
| AND RELATED CROSS-ACTION | |

VIDEOCONFERENCE DEPOSITION OF

ANDRE JARDINI - EXPERT

TUESDAY, NOVEMBER 18, 2025, 9:27 A.M.

Reported by Laurie A. Schmidt, CSR No. 12719

Job #11711

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC<br><br>Defendant.<br>____________________<br><br>AND RELATED CROSS-ACTION<br>____________________ | Case No. 3:22-CV-07102-AMO |

VIDEOCONFERENCE DEPOSITION OF ANDRE JARDINI, EXPERT, taken on behalf of the Defendant and Counterclaimant, commencing at 9:29 a.m., Tuesday, November 18th, 2025, remotely, via Zoom, before Laurie A. Schmidt, Certified Shorthand Reporter No. 12719.

Job No.: 11711

APPEARANCES OF COUNSEL

FOR THE PLAINTIFF NAVIGATORS SPECIALTY INSURANCE COMPANY:

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
BY: SHANNON L. SANTOS, ESQ.
555 South Flower Street
Suite 2900
Los Angeles, California 90071
(213) 443-5100
Shannon.Santos@wilsonelder.com

FOR THE DEFENDANT AND COUNTERCLAIMANT SVO BUILDING ONE, LLC:

PARKER SHAFFIE LLP
BY: BRUCE T. SMYTH, ESQ. (SBN 89171)
800 West 6th Street
Suite 500
Los Angeles, California 90017
(213) 622-4441
smyth@parkershaffiellp.com

ALSO PRESENT: Brad Bissegger, Videographer

# I N D E X

DEPONENT: ANDRE JARDINI, EXPERT PAGE:

EXAMINED BY MR. SMYTH 6

## E X H I B I T S

EXHIBIT NOS.: PAGE:

EXHIBIT 6: NOTICE OF VIDEO DEPOSITION OF EXPERT WITNESS ANDRE JARDINI 7

EXHIBIT 7: Expert Documents (N10515-N10519) 11

EXHIBIT 8: NAVIGATORS SPECIALTY INSURANCE COMPANY'S INITIAL EXPERT WITNESS DISCLOSURES 13

EXHIBIT 9: Buss v. Superior Court 16 Cal.4th 35 (1997) 26

EXHIBIT 10: Navigators' Document Production (redacted) (N03168-N03170) 40

QUESTIONS INSTRUCTED NOT TO ANSWER:

PAGE LINE

(None.)

VIA ZOOM VIDEOCONFERENCING;

TUESDAY, NOVEMBER 18, 2025; 9:27 A.M.

THE VIDEOGRAPHER: Okay. My name is Brad Bissegger. I am a videographer associated with Express Deposition Services.

Today's date is November 18th, 2025, and the time is 9:27 a.m. Pacific Standard Time.

This deposition is being taken via Zoom in the matter of Navigators Specialty Insurance Company versus SVO Building One, LLC, and related cross-actions, in the United States District Court, Northern District of California. Case Number 3:22-CV-07102-AMO.

This is the videotaped deposition of Andre Jardini. This deposition is being taken on behalf of the Defendant and Counterclaimant.

Will Counsel please introduce themselves for the record?

MR. SMYTH: Bruce Smyth of Parker Shaffie LLP, Counsel for SVO Building One, LLC.

MS. SANTOS: Shannon Santos for Navigators Specialty Insurance Company.

MR. SMYTH: Thank you.

Will the court reporter please swear in the witness?

CERTIFIED SHORTHAND STENOGRAPHER: Certainly. Thank you.

(ANDRE JARDINI,
EXPERT WITNESS
Deponent, was sworn and examined
and testified as follows:)

CERTIFIED SHORTHAND STENOGRAPHER: Do you solemnly state that the testimony that you shall give in this matter shall be the truth, the whole truth, and nothing but the truth, so help you God?

MR. JARDINI: I do.

CERTIFIED SHORTHAND STENOGRAPHER: Thank you.

I will state, my name is Laurie Schmidt. I am a Certified Shorthand Stenographer. My License Number is 12719.

Counsel, you may proceed.

MR. SMYTH: Okay.

EXAMINATION

BY MR. SMYTH:

Q. Mr. Jardini, could you just give your full name for the record, please?

A. My full name is Andre, middle name Emilio,

E-m-i-l-i-o, last name Jardini, J-a-r-d-i-n-i.

Q. Mr. Jardini, you are testifying as an expert witness on behalf of the Plaintiff Navigators in this case; is that correct?

A. That is correct.

Q. Okay. I know you've had your deposition taken probably over a hundred times. Can I dispense with the admonitions?

A. I'm perfectly fine with that, if you choose to do that.

Q. Okay. Are you under any medication or suffering from any condition that would prevent you from giving your best testimony today?

A. No.

MR. SMYTH: Okay. Okay. I'd like to bring up as Exhibit Number 1 the Notice of Deposition in this matter.

MS. SANTOS: Are we going to mark this as Exhibit 6?

MR. SMYTH: Yes.

(Exhibit 6 was marked for identification and is attached hereto.)

Q. BY MR. SMYTH: Mr. Jardini, were you provided a copy of this notice of deposition?

A. Yes, I was.

Q. A subsequent bill will be prepared of the additional time; is that right?
A. That's my expectation.
Q. Okay. Now, there is a listing in the Timekeeper Summary, "JARDINI, A E Director," and it says 23.60 hours.
Does that reflect the time that you had spent on this matter as of the time of that invoice being prepared?
A. Yes.
Q. Okay. And the rest of the hours, let's see, of the total of 173.70 -- well, let me rephrase that.
A total of 173.7 hours were spent on the project as of the time of this billing?
A. Yes, that's correct.
Q. Okay. And all the time, other than 23.60 hours, was spent by the non-attorney personnel employed by KPC; is that right?
A. Yes, I had the benefit of their work.
MR. SMYTH: Okay. Now, you prepared -- and let's -- actually, let's go -- exhibit next in order, will be -- and we're going on hold onto this one, but we might as well make another exhibit, is the Initial Expert Witness Disclosures. I would like to make that as Exhibit Number, I believe it's "8."

amount of fees and costs that are applicable. So, that's going to be the best record of that.

Q. BY MR. SMYTH: Okay. Now, if in order to determine from Exhibit 10 the total of fees incurred prior -- fees and costs prior to March 24, 2021, you would add the totals in Exhibit 10 for the pre-March 24, 2021 fees incurred; is that right?

A. Okay. It's very clearly specified in the schedules, the fees and costs billed schedules.

You look at total fees and costs for Murphy Austin Adams & Schoenfeld, you'd add it to the total fees and costs billed by Morris James, LLP, you'd add that to total fees and costs billed by Law Offices of Sean Debruine, and then, you'd add total fees and costs billed by Gordon & Rees, then you'd add total fees and costs billed pre-March 24, 2021 by Tyson & Mendes, and those are the amounts billed.

Paragraph 42 is expressed in amounts paid. So, that may be the difference. I'm not sure, I'd have to go back and check, but they aren't necessarily the same thing, billed and paid.

Q. Well, do you know what other amounts would be paid to get the totals different?

A. I don't know the reason for the disparity. I just note that Exhibit 10 in painstaking detail has

every invoice by all those firms broken down by the relevant date, and those are the amounts in the bills that we reviewed and that we saw. And in this Paragraph 42, I'm expressing it as to amounts paid. And so, those may be different numbers.

I don't know the answer to that, as I sit here today, but that is a potential reason for a disparity.

Q. Because of the disparity, do you have an understanding that the numbers that you have in Paragraph 42 came from another source, and the addition of the numbers in paragraph -- excuse me -- in Exhibit 10?

A. I think that we have all the invoices because they're specified by actual invoice number and date, we also have the entire claim file of Navigators, which would have payment information. So, there may be two different sources. I don't recall, as I sit here today, if that's the case or not.

Q. You don't -- you don't -- is it correct you don't recall what the source would be of the numbers in Paragraph 42?

A. Well, it says "Paid," so there would be some reference in the claims file of amounts paid. It's something that anyone could look at if they needed to, and then, the bills that we reviewed are specifically

Q. Let me rephrase it.

In batching these various items, a determination is made by one of your staff members as to whether the items belong in a particular category.

A. Wrong.

Q. Right?

A. Wrong. They don't -- they don't determine any category; I determine that. They -- they look at every identifiable billing service, batch all the time that was spent with regard to that service, identify the timekeepers and date range of that service, and present it on an outline of services.

They have not categorized it in any way, shape, or form. The allocation analysis is mine alone.

So, the process of doing this has no impact on the ultimate answer to the question of how the entry should be allocated.

Q. Now, after your staff does the categorization of these various elements of -- or various time entries, do you do any kind of analysis to check to see whether their categorization is correct?

MS. SANTOS: Objection. Mischaracterizes testimony and argumentative as to the use of the word --

THE WITNESS: Yeah, they don't do a characterization, they do an objective batching of time.

Let's put it down to its elements. They're working on answering interrogatories. Six people do it over 38 days; there are 26 entries on doing that. They're all put in one place, answering the interrogatories. Here's all the people involved, here's the date range. That doesn't categorize anything, other than to put all the time spent for doing that, answering the interrogatories, in one place so one decision could be made.

What apparently Mosgaret thinks is better is to make 26 separate decisions about the interrogatories, which is not helpful, by the way.

So, I reject your notion that the -- that the auditors categorize anything. They batch time objectively as described by the lawyers doing the services, expecting that lawyers do the services that they do in litigated cases. They don't invent new things every case. They're doing pleadings; they're doing discovery; they're doing pre-trial; they're doing motions, and so on. They're doing very specific things which they identify with those kinds of words in their billing because they're telling the client what they're doing, and it's valid to put all their time as to one thing. Let's say they worked on a motion to dismiss, put all the time as to the motion to dismiss in one

place, here's the 53 hours, here's the four people that billed on it, now how do we allocate that?

The thought that you have to allocate as to every separate entry that went into the motion to dismiss is just multiplying the work for no reason.

Q. BY MR. SMYTH: Well, I -- respectfully, I think you misunderstood my question, but let's use your language in terms of the batching.

After the staff does the batching, say on answering interrogatories, is there any kind of check to determine whether they've done that correctly?

A. Well, they do it all day, every day, and in most cases, for more than 20 years. We don't go back and redo the work that they do. We have quality control in the work that we do, and there are -- there's backup information if there's ever a question as to how that was done, but I don't go back and check. Anybody could. We give you the date range, we give you the people that did the work, we give you the description that generally is the description that they used, if not identical.

So, if you don't think it's correct, go back and check it. All the information is there. It's like the fourth grade. Check your work, go do it. It's not impossible. In fact, it's readily done, and if you went back and did it, you'd see that there was a high degree

of accuracy.
Q. Okay. And I want to be clear on this. Is it correct to say that you believe that you do not need to evaluate each entry to determine whether it can be solely allocable to claims not potentially covered?
A. Our process --
MS. SANTOS: Objection. Mischaracterizes testimony.
THE WITNESS: Our process does evaluate every entry, every entry that's -- that's dedicated to an identifiable litigation service, and that's most of the entries.
Q. BY MR. SMYTH: Okay. Now, let's take something -- some -- or strike that.
Is it correct that the analysis that was done in the outlines does not include all of the billing entries in the bills of the various law firms?
A. The process identifies the litigation services as described by the lawyers. There are minor entries, random e-mails, a phone call. Adding those to the outline would impede the analysis.
The ultimate analysis is done against the time reviewed, and the assumption is that the minor events, like an e-mail or phone call, and so on, would follow in approximately that proportion. That's a fair way to do

to that.
MS. SANTOS: It's Page 52 of the PDF.
MR. SMYTH: It's Exhibit 8. Let's see. Yes.
Q. Okay. Let me -- let's go to the next page. And I would like to draw your attention to the entry at "5/20/2020 Conference call with arbitrator Fisher."
Do you see that?
A. Yes.
Q. Okay. That is not listed with your -- either your "P" or your "D" designation.
Do you know why that is?
A. Yeah, I made a mistake. It should be.
So, if you add 5.7 hours, you're still well short of the three percent of my opinion.
Q. Okay. Now, let's look at -- let's look at Page 4 of 9, and there's an entry there, "Review and analysis of documents in preparation for discovery and production," and it's 26.9 hours. Now -- and it's not -- it's not marked.
How can you determine whether the review and analysis of documents in that circumstance is solely allocable to potentially non-covered claims?
A. So, you're addressing a notion that could it be possible that one second of that time was spent in connection with something that might be distantly

related to defamation.

I'm looking at it in the context of a case in which defamation was dismissed voluntarily; meaning, it's not an important part of the case; that it was only one of 18 claims, and that that discovery, more likely than not, was related to things not defamation.

And so, under that kind of an analysis, the preponderance-of-the-evidence-type analysis, it's extremely unlikely, and that puts it, you know, below the 51 percent on preponderance of evidence.

Q. So, when you are evaluating whether an expense is solely allocable to non-covered claims, you're applying a standard of whether it's more likely than not that it's not covered; is that right?

A. Right. There's the standard, and then, there's the burden of proving that standard. And the burden of proof is 51 percent, or 50.1 percent, as some people argue, or less than that even.

And so, in this case, involving trademark, intellectual property, trade secrets, involving complicated business transactions, the clear likelihood is, this is not related to defamation, and I think that's a fair conclusion.

Q. So, in this particular case, if there were 50 pages that dealt with allegations relating to

A. Okay.
Q. Do you have any reason to question the tender date of July 24, 2019?
A. I mean, I don't think you would tell me the wrong date.
Q. Okay.
A. But I just don't happen to know the date, but somewhere in the file materials the date is stated.
Q. Okay. And do you have an understanding that Navigators did not pay for defense fees prior to the tender date?
A. Yeah, that's customary. I didn't review that in detail certainly, but obviously, there's no obligation to defend until there's a tender. I mean, that's just black letter principles that apply.
Q. Okay. So, at least as to Murphy Austin, that cuts out probably well over a hundred hours.
As to --
A. Well, it was counted by me, and they're getting three percent of that. So, bank error in your favor.
Q. That's an interesting way of putting it. I don't think I agree, but okay.
Let's go to -- on, Morris James, it basically -- if you use the correct tender date, it excludes virtually all of those fees, if you look at Exhibit 6.

A. Okay.
Q. Okay. And if you look at Exhibit 7, it excludes seven of the entries, all of which are in 2018 on the Sean DeBruine fees; is that right?
A. There are entries before the date of July 24, 2019.
Q. Okay. Now, do these outlines -- or strike that.
It's correct that these outlines do not necessarily include the fees that Navigators paid; is that right?
A. The outlines are information taken from the invoices themselves. The invoices from which they're taken are listed on Exhibit 10. The amounts paid, as it turns out I now know, were from interrogatories that Navigators answered under oath.
So, my Paragraph 42, as to the amounts paid, are the amounts paid as detailed in answers to your discovery.
So, whether those should be the same or different, I don't have an answer for you, but what we looked at is the Exhibit 10 invoices, and produced the outlines of services, which you've been going through.
Q. But it's correct though that the outlines of services include time periods for which Navigators did not reimburse?

A. I don't know that for sure because I haven't lined up payments according to dates. You've shown me a few entries here and there, where pretender entries appear on our outline of services, they also appear on the invoices.

You're suggesting that that wasn't paid. Okay, it wasn't paid. But if that's the case, it doesn't change my opinion.

Q. Now, you know, you testified earlier that not all of the time entries in the bills were included in your outline of services performed.

How was the determination made as to which time entries would be included in the outlines and which ones would not?

A. All time entries which relate to an identifiable legal service are included, and batched to be put in one place. If it's a minor entry, telephone call, short letter, e-mail, that doesn't refer to any particular litigation service that's been rendered, it's not included because to include it is simply to regurgitate the bill, and this is meant to be a tool that permits analysis and extrapolation, and there's no point in putting a stray e-mail onto the outline of services, and so it's not included. That's part of the normal procedure. You don't end up with a hundred percent of

defending them. You can't say they have no import or value.

At the end of the day, settlements are entered into for a host of reasons. Some of them economic, some of them with trade-offs that you're not mentioning.

And I don't have the settlement agreement in front of me, so it's really unfair to have you have me characterize who won what in the settlement.

They spent $5 million defending those claims. They're not nothing claims. They're worth at least $5 million of attorney's fees.

Q. In your review, is it correct that you did not review the non-attorney expenses incurred in the defense of SVO?

A. You mean costs?

Q. Costs.

A. It's not correct that we didn't review them. They are part of every invoice; at least the costs that were fronted by the lawyers. The cost would travel in the same atmosphere as the fees. Meaning, that if you had a maximum of three percent of the fees being non-reimbursable to Navigators, it's fair to conclude that three percent of the costs would follow in the same way, rough justice.

Q. Okay. Is it correct, though, that you did not

look at each cost in order to determine how it should be allocated?

A. I didn't make separate decisions on costs, other than that they should follow in the same proportion. They're not litigating in the cost arena defamation, anymore so than in the fee arena.

Q. And is it correct that you did not look at the expert fees to determine how those should be allocated?

A. I did, actually. I was informed and believe that none of the experts had anything to do with defamation, and that all of the amounts paid for the experts should be reimbursed to Navigators.

Q. And who --

[Simultaneous discussion.]

Q. I'm sorry.

A. Since they had nothing to do with defamation.

Q. Okay. Did you review those expert bills?

A. No, I did not.

Q. Okay. Did you review the consultant bills?

A. Well, most of the consultants were experts. You mean, document people or something like that? I'm not sure who you mean.

Q. Well, let's take -- well, let's take consultants who became experts. You didn't -- you didn't review those bills; is that right?

that's probably where it is.

Q. Okay. And is it correct that there's no entry for the review of expert bills or invoices?

A. Well, there's, "Review claim file," and I don't recall if that would have included that. So, there's no specific entry that mentions experts or expert invoices.

MR. SMYTH: Okay. Okay. I don't have anything further.

THE VIDEOGRAPHER: Ms. Santos, before we go off record, did you need a copy of the transcript?

MS. SANTOS: Transcript, yes; video, no.

THE VIDEOGRAPHER: All right. Thank you.

This concludes today's deposition. The time is 2:15 p.m., the date is November 18th, 2025, and we're off the record.

(Whereupon the deposition proceeding was concluded at 2:15 p.m.)

**I have read the foregoing deposition transcript and by signing hereafter, approve same.**

**Dated______________________.**

______________________________

**ANDRE JARDINI - EXPERT**

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA )
)s.s.
COUNTY OF LOS ANGELES )

I, Laurie A. Schmidt, hereby certify:

I am a duly qualified Certified Shorthand Reporter, in the State of California, holder of Certificate Number CSR 12719 issued by the Court Reporters Board of California and which is in full force and effect. (Bus. & Prof. 8016)

I am not financially interested in this action and am not a relative or employee of any attorney of the parties, or of any of the parties. (Civ. Proc. 2025.320(a))

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the retrained was first placed under oath or affirmation by me. (Civ. Proc. 2025.320, 2025.540(a))

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record of the testimony given. (Civ. Proc. 2025.540(a))

I have not, and shall not, offer or provide any services or products to any party's attorney or third party who is financing all or part of the action without first offering same to all parties or their attorneys attending the deposition and making same available at the same time to all parties or their attorneys. (Civ. Proc.  2025.320(b))

I shall not provide any service or product consisting of the deposition officer's notations or comments regarding the demeanor of any witness, attorney, or party present at the deposition to any party or any party's attorney or third party who is financing all or part of the action, nor shall I collect any personal identifying information about the witness as a service or product to be provided to any party or third party who is financing all or part of the action. (Civ. Proc.  2025.320(c))

Dated: November 24, 2025



**DECLARATION ERRATA SHEET**

ASSIGNMENT NO.: 11711

CASE CAPTION: Navigators Specialty Insurance Company v. SVO Building One, LLC

DEPONENT: Andre Jardini- Expert

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I have read the foregoing transcript of my deposition taken in the above-captioned matter or the same has been read to me, and the same is true and accurate, save and except for the changes and/or corrections, if any, as indicated by me on the DEPOSITION ERRATA SHEET hereof, with the understanding that I offer these changes as if still under oath.

Signed on the _______ day of

______________________________, 2025.

____________________________________

ANDRE JARDINI - EXPERT

# EXHIBIT "2"

David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

SVO BUILDING ONE, LLC,

Defendant.

SVO BUILDING ONE, LLC,

Counterclaimant,

vs.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-Defendant.

Case No. 3:22-cv-07102-AMO
Hon. Araceli Martínez-Olguín
Courtroom 10

**NAVIGATORS SPECIALTY INSURANCE COMPANY'S INITIAL EXPERT WITNESS DISCLOSURES**

Action Filed: November 14, 2022
Trial Date: July 14, 2026

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") hereby discloses the identity of witnesses that they may use at the trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

**Andre E. Jardini**, Knapp Peterson Clarke, 550 North Brand Blvd., Suite 1500, Glendale, California 91203-1922, (818)547-5000. Mr. Jardini is expected to testify on the following issues: (1) Navigators' claim for reimbursement of attorneys' fees in connection with the defense of Defendant/Counterclaimant SVO Building One, LLC ("SVO") in the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action"); (2) the determination that no fees and costs incurred after the March 24, 2021 dismissal of the defamation allegations in the Underlying Action related to the defamation claims; (3) analysis of which portions of fees and costs incurred before the March 24, 2021 dismissal of the defamation allegations in the Underlying Action related to the defamation claims; and (4) all matters addressed in the reports, depositions, and/or declarations of any experts retained by SVO in this matter, including any supplemental reports. Mr. Jardini's fee for providing testimony and consulting is $695 per hour. Mr. Jardini's Rule 26(a)(2)(b) written report is attached as **Exhibit A** hereto.

Navigators reserves the right to submit the names of additional expert witnesses for the purpose of expressing an opinion on a subject to be covered by experts designated by SVO. Navigators reserves the right to call any other experts that it deems necessary as rebuttal witnesses to any witnesses called by SVO or to impeach any expert witnesses called by SVO. Navigators reserves the right to designate additional expert witnesses in this action up to and including the time of trial.

Dated: October 15, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: [signature]
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

# EXHIBIT A

RULE 26 EXPERT REPORT OF ANDRÉ E. JARDINI

I, André E. Jardini, submit the following expert report pursuant to Rule 26 in this matter, *Navigators Specialty Insurance Company, plaintiff v. SVO Building One, LLC*, defendant pending in the United States District Court for the Northern District of California bearing Case No. 3:22-cv-0701-AMO.

1. I have been retained by counsel for Navigators to conduct a review of certain attorney invoices and to allocate attorney services between covered and uncovered claims.

**QUALIFICATIONS**

2. I have practiced law, principally as a litigation attorney, in California, for 48 years. I have a Bachelor of Arts Degree from the University of Notre Dame, granted in 1973. I graduated from University of California College of the Law, San Francisco (formerly Hastings College of the Law) with a Juris Doctorate in 1976 and was admitted to the Bar of the State of California that same year. I have also been admitted to practice before the United States District Court for the Central District of California, as well as in the Southern District, Northern District and Eastern District. I am admitted to practice and have often appeared before the Ninth Circuit Court of Appeals.

3. I served as a law clerk to the Honorable Robert Firth of the United States District Court, Central District of California, in 1977 and 1978.

4. From time to time, I serve as an arbitrator in the Los Angeles County Bar Association Dispute Resolutions Services Program, which concerns attorney-client disputes over legal billings.

5. I have participated as an expert witness in arbitrations and hearings in various courts of general jurisdiction concerning attorney fee disputes throughout California and the U.S. I have testified on attorney fee issues in 37 states and a number of foreign countries.

6. I have been employed at Knapp, Petersen & Clarke since its inception as a law firm in 1981. I am currently President of the firm. My practice has consisted predominantly of trial work. I have tried 55 jury trials to conclusion during my tenure with

the firm. I am a member of the American Board of Trial Advocates, having achieved "Advocate" status with ABOTA based on the completion of more than 50 jury trials. (Attached hereto as **Exhibit 1** is a listing of some of my trial experience.) These trials cover a wide variety of subject areas. I have had extensive experience in litigating and trying cases in various Superior Courts in the State of California and in California Federal Courts.

7. I have often litigated sophisticated defamation unfair competition, intellectual property, trade secrets and other business tort claims in California state and federal courts.

8. Attached hereto as **Exhibit 2** is a listing of 4 years of cases in which I have appeared as an expert witness and reviewed attorneys' fees issues and testified at deposition or trial.

9. Since 1985, I have been retained by clients and actively engaged in the auditing of legal billings and consulting with companies to control legal expenditures. As a consultant or expert witness, I have personally audited the billings of a large proportion of the major law firms in California, as well as billings of numerous out-of-state firms. To date, I have performed more than 1,950 such legal fee audits, with billing reviewed in excess of $2.75 billion.

10. I have tried and arbitrated numerous cases in which the predominant issue involved is the reasonableness of attorneys' fees and costs and applicable attorney rates.

11. Attached as **Exhibit 3** is an outline of my qualifications to testify as an expert concerning attorneys' fees issues, including allocation of such fees.

12. Based on my significant experience relating to legal audit matters and our firm's belief that there was a need for such a service in the legal community, in October of 1991, Knapp, Petersen & Clarke established KPC Legal Audit Services, Inc. I am the founder and the President of that company.

13. KPC Legal Audit Services, Inc. is a dba of Knapp, Petersen & Clarke. The company specializes in the review and audit of legal billings and consulting and education on legal cost containment.

14. KPC Legal Audit has been a member of the National Association of Legal Fee Analysis (“NALFA”) since its inception. I have often been a speaker on attorney fee topics at NALFA seminars and other MCLE events. NALFA has included me on its list of "The Nation's Top Fee Experts" since that listing was created. (Attached as **Exhibit 4** is a NALFA fact sheet describing its mission.)

15. I have taught attorney fee issues at UCLA Law School and USC Law School.

16. KPC Legal Audit has reviewed billing relating to a wide variety of different types of litigation including hundreds of matters involving business practices, unfair competition, consumer remedies, and many other topic areas including indemnity claim litigation, intellectual property litigation, civil rights claims, commercial law matters, transactional matters, real estate matters, public interest cases, environmental litigation, family law, bankruptcy and others. These cases include complex litigation involving attorney fee issues in the Superior Court in Los Angeles and in United States District Courts throughout the U.S.

17. I have testified as an expert witness, through declaration or live testimony, in more than 560 cases regarding reasonableness of legal fees, and/or allocation of such fees both on behalf of the proponent of such fees and on behalf of the opposing party.

18. On rare occasions, concerning past opinions, judges have disagreed with some or all of my conclusions. Far more frequently, in fact in most matters as to which I am informed of the result, the judge, arbitrator or jury has accepted most, if not all, of my reasoning and opinions. Given the volume of my opinions over the decades that I have presented testimony on attorney fee issues, the occasional, and specific, critical comments as have been made are understandable and minor. In no past court finding has any specific opinion on a specific audit issue reached the basis and underpinning of my opinions in this case. I am not aware of ever being excluded as an expert witness for any reason.

19. I have often been requested in litigated matters to provide opinion testimony as to an appropriate allocation of attorneys’ fees which might be recoverable and those which might not. Those allocations have been done in at least 100 cases. The methodology

for such allocations is well established. Those allocations have been done based on claims, parties, time and other relevant issues.

20. My time in performing the services herein is billed at $695 an hour. Time spent by my auditors is billed $295; the time spent by assistant auditors is billed at $135; and $155 for project manager.

**BACKGROUND FACTS**

21. Navigators has undertaken the defense of its insured SVO Building in the action entitled *Liebert Corporation v. SVO Building One, LLC*, litigated in a AAA Arbitration bearing Case No. 01-18-0003-1318 ("underlying action"). Navigators defended SVO in the underlying action pursuant to an insurance policy issued to SVO effective from July 12, 2017 to August 12, 2019 ("policy").

22. The defense was tendered to SVO by Navigators based on the inclusion of a claim for defamation in the underlying action.

23. The defamation claim was one of 18 claims made in the underlying action. The Navigators policy provided coverage for "personal and advertising injury." That coverage extended to defamation under the definition "oral or written publication of material that slanders or libels a person or organization or disparages a person's or organizations goods, products or services."

24. Navigation dutifully paid attorneys' fees for the defense of SVO in the underlying action. SVO was initially defended by Sean DeBruine. Thereafter, SVO was defended by Gordon & Rees. That firm withdrew based on a business conflict. Thereafter, SVO was defended in the action by Tyson & Mendes.

**THE UNDERLYING ACTION**

25. In the underlying action on July 11, 2019, Liebert Corporation ("claimant") filed its Fourth Amended Complaint ("FAC") asserting 18 causes of action against SVO as follows:

- Breach of Contract;
- Open Book Account;

- Reasonable Value;
- Declaratory Relief;
- Violation of Unfair Competition Law;
- Misappropriation of Trade Secrets (asserted as two causes of action under separate statutes);
- Patent infringement (asserted as six causes of action under separate patents);
- Intentional Interference with Contractual Relations;
- Defamation;
- Fraud;
- Negligent Misrepresentation; and
- Civil Conspiracy.

26. The FAC alleged that the claimant entered into agreements with SVO regarding the design and construction for a data center that SVO was building at a particular property.

27. It was alleged that under two agreements, claimant would retain ownership of all intellectual property and work product used at the property and that claimant granted SVO a license to use claimant's intellectual property solely in connection with the property.

28. The FAC further alleged that prior to entering into these agreements with the claimant, SVO entered into a construction agreement with BPR construction in February 2016 and did not terminate it prior to the claimant's agreements. In 2017, a change to the building permit was completed changing the general contractor from DPR to the claimant. SVO is alleged to have agreed without claimant's knowledge to provide DPR a concession amount if the claimant did not hire if the claimant did not hire DPR to work on the property, allegedly causing claimant harm.

29. The FAC alleged that in July 2018, SVO terminated its agreements with the claimant and the claimant's thereafter revoked SVO license.

////

30. Thereafter, SVO allegedly wrongfully disclosed trade secret information and patent in technology providing information and trade secrets to other parties, including claimant's competitors.

31. The defamation claim alleges that SVO "disparage(d)" claimant's work and reputation by making false statements to third parties including statements that certain aspects of the work was delayed as a result of claimant's inability to manage the project.

32. On March 24, 2021 the claimant dismissed the defamation cause of action from the FAC.

33. After March 24, 2021, the defamation count ceased to exist, was no further litigated and was no part of the underlying action.

34. The underlying action proceeded to arbitration in two phases in 2021. There was no mention of defamation at the arbitration of the underlying action. Defamation ceased to be a part of the case after the dismissal of the defamation count on March 24, 2021.

35. After the arbitration concluded, SVO apparently agreed to a settlement to resolve the underlying action. The settlement apparently resulted in dismissal of all remaining claims with prejudice.

**<u>DOCUMENTS REVIEWED</u>**

36. I have reviewed considerable information in connection with this matter and the underlying action to inform my opinions.

37. I have reviewed the first amended complaint for declaratory relief and the multiple exhibits attached thereto. Those exhibits include the relevant insurance policy, the fourth amended complaint in the underlying action, the March 24, 2021 dismissal of the defamation cause of action from the FAC and the other referenced exhibits.

38. I have reviewed SVO's answer to Navigators first amended complaint and its four counterclaims.

39. I have read Navigators responses to SVO interrogatories, set one.

////

40. I have been provided a complete copy of the voluminous claim file concerning Navigators' adjustment of the claim in the underlying action. That claim file has many thousands of pages.

41. The claim file material includes certain billing records which reflect the services rendered by Tyson & Mendes, Gordon & Rees, Morris James, Murphy Austin and Sean DeBruine.

42. These records reflect that Navigators paid approximately $2,497,187.09 in fees and costs incurred prior to the March 24, 2021 dismissal of the defamation cause of action. The records reflect that in total Navigators paid approximately $2,998,457.50 in fees and costs for the defense of the underlying action after the March 24, 2021 dismissal of the defamation cause of action. .

**APPLICABLE STANDARDS**

43. Pursuant to the court's decision in *Buss v. Superior Court* (Transamerica Ins. Co.) (1997) 16 Cal. 4th 35, the California Supreme Court determined that an insurer may seek reimbursement from an insured for defense cost. Recovery is permitted by an insurer against the insured as to claims that are not even potentially covered by the insurance policy.

44. The court discussed that an allocation need be made between those claims that are not even potentially covered and those that are potentially covered.

45. Here, it is undisputed that 17 of the 18 claims in the underlying action were not subject to coverage under the relevant insurance policy. No potential coverage existed as to these claims. Potential coverage existed only as to the defamation claim. On this basis, Navigators provided a complete defense to SVO in the underlying action. Navigators is entitled to reimbursement for all services that were dedicated to 17 of the 18 claims which are not subject to potential coverage. My allocation analysis in this matter is designed to determine which services and in what amounts were incurred as to the potentially covered claim as opposed to the remaining 17 claims.

////

**REVIEW OF ATTORNEY BILLING RECORDS**

46. I have reviewed carefully the billing records of the firms that defended SVO.

47. I have caused to be prepared useful schedules based on the billing records to assist in my review.

48. For each firm (and before the critical March 24, 2021 date) the identifiable services were listed in chronological order. The following schedules were prepared:

- Outline of Services Performed – Murphy Austin Adams & Schoenfeld
- Outline of Services Performed – Morris James
- Outline of Services Performed – Sean DeBruine
- Outline of Services Performed – Gordon & Rees
- Outline of Services Performed – Tyson & Mendes

(These schedules are attached hereto **as Exhibits 5, 6, 7, 8 & 9** respectively.)

49. Each **Outline** batches the identifiable legal services chronologically. Each entry fairly summarized the language from the billing entries involved, lists the date range of each service, and lists the initials of the timekeepers involved.

50. This process has captured the great majority of all the time spent by these firms.

51. The **Outlines** are useful in assisting in the allocation analysis as to services rendered related to the defamation claim.

52. In addition, I have prepared schedules as to the **Total Fees and Costs Billed** by each firm (excluding fees and costs incurred after March 24, 2021.) Those schedules are attached hereto collectively as **Exhibit 10**.

**OPINION**

53. The services rendered after March 24, 2021, the date the defamation claim was formally dismissed, are subject to reimbursement in total. After that date, the potential for defamation claim did not exist. The claimant affirmatively withdrew that claim. The claim was thereafter not litigated at arbitration.

54. There is no evidence that any amount was paid by SVO as to any defamation

claim in settlement.

55. I have reviewed the Tyson & Mendez invoices after the date of March 24, 2021. That review reveals that no time at all was spent in connection with any service related to a defamation claim. This is not surprising as the defamation claim had been withdrawn and was nonexistent at the time those services were rendered.

56. As to the services rendered and fees incurred before March 24, 2021, very little time was expended related to the defamation claim. As discussed above, I have conducted a careful examination of the billing records before the defamation claim was dismissed. The term defamation occurs only 8 times over that period. Five of those hits occurred on March 24, 20210 concerning the dismissal of the defamation claim itself.

57. Review of the **Outline of Services** identified services mentioning defamation. Only 3.8 hours at Tyson & Mendes contained that description.

58. I identified services that were possibly partially related to a defamation claim. In making this analysis, I had in mind the overwhelming import in the case of the various trade secret claims as opposed to the defamation claim as shown by both Liebert and SVO.

59. This analysis showed a total of only 63.6 hours of the 5,242.9 hours which appear on the **Outlines of Services** as potentially related to defamation. This analysis puts defamation efforts at about 1% of all time spent.

60. To account for any shortcomings in this analysis, I am of the opinion that certainly less than 3% of the fees before March 24, 2021 even arguably related to defamation.

61. Based on my analysis, less than 3% of the time spent by counsel defending SVO before the defamation claim was dismissed related even remotely to the defamation claim.

62. I have reviewed information concerning expert witnesses hired to testify on behalf of SVO. No issue subject to expert testimony by these witnesses concerned defamation. Therefore, all funds paid to these experts by Navigators should be reimbursed by SVO.

////

**CONCLUSION**

63. Since no time after March 24, 2021 related to any defamation claim, all fees incurred thereafter are recoverable by Navigators.

64. As to the fees incurred before the defamation claim was dismissed, less than 3% related to the defamation claim. Therefore, 97% of fees and costs incurred before March 24, 2021 are recoverable by Navigators.

Executed on this 14th day of October, 2025, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

André E. Jardini

KNAPP, PETERSEN & CLARKE

# EXHIBIT 1

**ANDRÉ E. JARDINI**
**TRIAL EXPERIENCE**

**December 2019** *LaFace v. Ralphs*

trial in Los Angeles Superior Court
Private Attorneys General Action to enforce wage order re seating for cashiers
4-week trial, and subsequent appeal

**October 2012** *Mendoza v. Nordstrom*

- trial in United States District Court
- enforcement of day of rest statutes (Labor Code sections 551 and 552)
- Nordstrom had employees work more than six consecutive days on more than 26,000 occasions
- case referred by Ninth Circuit Court of Appeals to California Supreme Court to answer questions regarding interpretation of statutes

**March 2010** *Mendoza v. ABM Industries*

- 6-week trial (Los Angeles Superior Court)
- prosecution of whistleblower case against employer of HR Director
- financial irregularities and labor violations were observed and reported
- jury finds that the violations and financial issues existed and were accurately reported
- jury finds that whistleblower's activity was not the direct cause of the termination

**August 2009** *Allstate Insurance v. Thacher, et al.*

- 5-day trial (U.S. District Court/Los Angeles)
- insurance coverage action against insurer who denied coverage and defense to a long-time insured for a personal injury accident at a rental property
- jury finds that primary and excess policies are in force
- jury finds arbitration result in underlying action was not collusive or unreasonable
- $780,000 awarded, to firm's clients. Judgment affirmed on appeal

**November 2008** *Selvin & Weiner v. Bench International Search, Inc.*

- 11-week trial (Los Angeles Superior Court – Malibu)
- defense of Bench International in a collection action by a law firm
- law firm sought approximately $643,000 (with interest)
- Bench International defended with suit for legal malpractice
- jury awarded only $200,000, without interest
- jury found legal malpractice and misrepresentations had occurred
- case resumed with new jury due to mistrial after 4 weeks

**April 2007** *Roy v. Edgetech, Inc.*

- 7-day trial (Los Angeles Superior Court)
- suit to enforce two-year employment contract
- defendant paid for only two months to employee who moved from France to take the job
- offer of $40,000; demand of $52,500
- jury finds for plaintiff with penalties, interest and attorneys' fees, award is $225,000

**April 2006** *Confidential Case Name*

- $30 million class action settlement
- case alleging wage and hour violations against an international package delivery company
- recovery for 13,000 California employees who were allegedly unpaid for hours worked and were not provided required meal and rest breaks
- defendant company altered its procedure at the time of the settlement to comply with California law

**August 2006** *HJF, Inc., Sitara Management v. Equilon*

- 15-day trial (Los Angeles Superior Court)
- suit for breach of contract and fraud against oil company by gas station owner client
- jury verdict for firm client that administration of lease program caused harm to gas station owner
- jury awards $225,000

**May 2005** *Goodwin v. City of San Bernardino*

- 5-day retrial (U.S. District Court/Riverside)
- civil rights case for unlawful entry and arrest
- second mistrial due to lack of jury unanimity

Knapp Petersen Clarke
A PROFESSIONAL CORPORATION

**October 2004** *Confidential Case Name*

- 22-day trial (Los Angeles Superior Court)
- legal malpractice case; lawyers lost summary judgment for failure to produce available evidence
- jury verdict (10-2) that firm client would have recovered for breach of contract and fraud in underlying case
- client deprived of partnership interest in 129 lot residential development
- jury awards $4.2 million

**June 2004** *Confidential Case Name*

- legal malpractice case
- Imperfect CCP § 998 offer in catastrophic injury case causes loss of hundreds of thousands of dollars
- settled first day of trial (Los Angeles Superior Court)

**March 2003** *Goodwin v. City of San Bernardino*

- 5-day trial (U.S. District Court/Riverside)
- civil rights case for unlawful entry and arrest
- mistrial due to lack of jury unanimity

**May 2002** *Amezquita v. John J. Fox, M.D., Inc.*

- 14-day trial (Los Angeles Superior Court - Glendale)
- medical malpractice case
- OB/GYN implants IUD in woman who is already pregnant resulting in premature birth of child with developmental delays

**January 2002** *Titus v. Randazzo*

- 6-day trial (Los Angeles Superior Court - Glendale)
- client, a juror on a prior case, causes automobile accident
- victim claims serious degenerative nerve problems with medical expenses of six figures
- jury finds accident did not cause claimed injuries

Knapp Petersen Clarke
A PROFESSIONAL CORPORATION

**November 2001** *Valdivia v. Burlington Northern Santa Fe Corporation*

- 11-day trial (San Bernardino Superior Court - Victorville)
- wrongful death of 10-year-old boy killed by train; accident is witnessed by seven-year-old sister
- settlement offer doubled during trial

**May 2001** *Orlandini v . San Gabriel Valley Medical Center*

- 6-day trial (Los Angeles Superior Court - Pasadena)
- medical malpractice case
- woman awakens under general anesthesia during hysterectomy

**December 2000** *Spaggiari v. 21st Century*

- trial (Los Angeles Superior Court - Van Nuys)
- insurance bad faith case
- insurer discontinues living expense coverage necessary for family displaced by Northridge earthquake
- settled for firm client for $525,000 on first day of trial

**October 2000** *Gaggero v. Stacey*

- 10-day trial (Los Angeles Superior Court - Norwalk)
- firm client, a developer, sues former attorney for legal malpractice
- attorney failed to advise concerning California's anti-SLAPP
- statute before filing suit for malicious prosecution against neighborhood activists protesting Venice Beach development, resulting in award of attorneys' fees of $102,000
- jury awards $332,177 to firm client

**April 2000** *Barraza v. Stephenson, Acquisto & Colman*

- 6-day trial (Los Angeles Superior Court - Glendale)
- suit for wrongful termination on account of pregnancy
- law firm fires employee in same telephone conversation in which it learns she is pregnant

**July 1999** *Briggs v. Villa Esperanza*

- 5-day trial (Los Angeles Superior Court)
- firm client, a registered nurse, seeks unpaid overtime, interest, penalties and attorney's fees
- compensation awarded by the Department of Labor
- employer appealed; trial de novo in Superior Court
- $59,000 award, plus interest, costs and attorney's fees

**February 1999** *Erath v. UCLA, et al.*

- 8-day trial (Los Angeles Superior Court)
- scientific records loaned to UCLA by firm client are lost
- question to be decided is value of the lost documents
- UCLA offers $50,000 before trial, and argues at trial that the documents have no value
- jury awards $125,000 to firm client

**March 1998** *Hughes Aircraft v. Associated Aviation Underwriters, et al.*

- 12-day trial (Los Angeles Superior Court)
- representation of AAU, excess carrier in a complicated multi-issue suit for insurance coverage for environmental contamination at Hughes' facility in Fullerton
- damages of $35,000,000 claimed; $25,000,000 had been paid by primary insurers
- jury determines that only 32% of contamination is from a sudden and accidental cause; also, jury diminishes claimed damages by more than $5,000,000
- on appeal award is reduced to nothing based on verdict and offsets

**March 1998** *Liberty Paper v. San Paolo Bank, et al.*

- 5-day trial (Los Angeles Superior Court)
- retrial of punitive damage phase of suit for fraud in real estate transaction against Italian bank
- $150,000 offered by defendant bank before trial
- jury awards $1,700,000 to firm's client

**February 1998** *Del Babb v. Property Tax Assistance, Inc.*

- 2-day trial (Martinez Superior Court)
- former employee sues to recover unpaid overtime compensation and unpaid bonuses in the amount of $750,000 against firm client
- case dismissed by plaintiff upon ruling of no entitlement to overtime compensation

**January 1998** *Hugo Valdivia v. MCE Corporation, Hardy & Harper, Inc.*

- 8-day trial (Los Angeles Superior Court)
- personal injury case, involving knee injury to firefighter at station caused by a defective rolling gate
- $100,000 statutory offer by defendants to firm's client
- client had returned to work 10 months after the accident and had worked without restriction for 20 months before trial
- jury awards $1.5 million to firm's client (12-0 vote)

**November 1997** *Associated Aviation Underwriters v. Wolfe Air, et al.*

- 12-day trial (Los Angeles Superior Court - Central Civil West)
- insurance bad faith case
- $18,000,000 sought by air carrier for damages caused by alleged failure to pay benefits by insurer due to alleged prior cancellation of insurance policy, all arising out of helicopter accident
- air carrier contended cancellation was ineffective and won summary judgment on this issue
- court finds that insurance company's coverage position is reasonable and judgment awarded for firm's client

**August 1997** *Liberty Paper v. San Paolo Bank, et al.*

- 5-day trial (Los Angeles Superior Court)
- suit to recover damages for defendant bank's failure to complete sale of commercial office building to firm's client
- $25,000 offered by defendant bank before trial
- jury awards $2,505,000 (including punitive damages) to firm's client

**June 1997** *Hospital Learning Centers v. Century Properties, et al.*

- 6-day trial (Los Angeles Superior Court - Van Nuys)
- suit to recover value of business property destroyed by post-earthquake demolition of office building
- no offer by defendant building owner
- jury awards $370,000 to firm client (with pre-judgment interest, costs and attorneys' fees, award exceeds $700,000)

**April 1997** *Moshfegh v. California Pizza Kitchen*

- 7-day trial (Los Angeles Superior Court - Malibu)
- false imprisonment and discrimination case
- party of eight kept from leaving restaurant and arrested for failure to pay tip

**October 1996** *Investor's Thrift v. Old Republic Insurance Company*

- 8-day trial (Orange County Superior Court - Harbor)
- suit to recover loan losses covered by insurance for firm's thrift client
- $200,000 offered by defendants before trial
- jury awards $437,096 (with pre-judgment interest and costs, award exceeds $600,000) to firm's client

**May 1996** *Steven Lenarth v. Stephanie Pacetti, Mount Vernon Foods*

- 13-day trial (Los Angeles Superior Court - Burbank)
- casualty case, personal injury from rear end accident; firm represents defendants
- $4,050,000 settlement demand by plaintiff injured on LADOT DASH bus hit by minivan
- Plaintiff suffered fractured knee and torn meniscus allegedly resulting in reflex sympathetic dystrophy. Plaintiff in wheelchair, had not used leg in two years, and would not walk again
- C.C.P. §998 formal offer to compromise of $250,000 made; structured settlement with present value of $286,000 offered
- plaintiff dismissed case with prejudice on 13th day of trial for no payment and waiver of costs

Knapp Petersen Clarke
A PROFESSIONAL CORPORATION

**January 1996** *RGP Orthopedic Appliances v. Atlantic Mutual Insurance Company*

- 13-day trial (San Diego Superior Court)
- insurance bad faith case
- $11,250,000 sought by company and two severely injured judgment creditors for failure to pay $2,000,000 limits of umbrella insurance policy for damages incurred in a very serious automobile accident
- insured asserted exclusion was missing key language due to a clerical error; court finds exclusion unenforceable
- award of $1,225,000 in extra-contractual damages; (defendant insurer had offered $1,400,000 in settlement)

**October 1995** *Landers v. State Farm Fire and Casualty Company*

- 29-day trial (Los Angeles Superior Court)
- insurance bad faith case
- $150,000 sought for alleged failure to pay no-fault benefits under a New York insurance policy
- award of $50,000 to plaintiff

**August 1995** *Rosenfield v. (Confidential - two defendants)*

- trial (Los Angeles Superior Court - Santa Monica)
- wrongful termination on the basis of sexual orientation
settlement during trial; firm's client receives $575,000

**July 1995** *Nationwide Insurance Company v. Great American Insurance Company*

- 7-day trial (Los Angeles Superior Court - Santa Monica)
- recovery sought for progressive loss arising out of soil settlement at residence in Pacific Palisades
- believed to be first jury trial after Supreme Court decision in
- Montrose Chemical Corporation v. Admiral Insurance Company regarding allocation between insurers for continuous loss
- 10-2 jury verdict for client finding defendant insurer should participate in paying loss; $125,000 awarded, including interest

Knapp Petersen Clarke
A PROFESSIONAL CORPORATION

**December 1994** *Glick v. State Farm Fire and Casualty Company*

- 5-day trial (United States District Court - Los Angeles)
- insurance bad faith case
- $338,000 sought, plus consequential damages, for business personal property lost in theft and for lost income caused by business interruption
- 8-0 defense verdict for client, State Farm

**July 1994** *Brown v. South Los Angeles Mortuary*

- 25-day trial (Los Angeles Superior Court - Central Civil West)
- mortuary malpractice case involving 17 plaintiffs who were relatives of a decedent whose remains were mishandled and exposed to insects
- more than $5 million sought for emotional distress and punitive damages
- jury verdict finding firm client only 10 percent responsible (cemetery found 90 percent responsible)
- total award against firm client $97,000 - more than $300,000 had been offered in settlement

**April 1994** *Edison v. Labowe, Labowe & Hoffman*

- 30-day trial (Los Angeles Superior Court)
- legal malpractice case against firm client
- $2.7 million sought for law firm errors in complicated real estate transaction involving loss of 65 percent interest in a commercial property
- jury verdict for plaintiff for $430,000; reversed on appeal on statute of limitations grounds; plaintiff takes nothing

**September 1993** *International Registered Nurses of America, Inc. v. State Farm Fire and Casualty Company*

- 1 day trial (United States District Court - Los Angeles)
- insurance bad faith case
- $1,424,000 sought, plus consequential damages, for lost business income and failure to pay claim
- judgment in favor of client, State Farm

**September 1993** *Smith v. Battalia, Remax South Bay Realty*

- 3-day binding arbitration per real estate purchase contract
- real estate fraud
- $150,000 sought for misrepresentation in sale of real estate, failing to disclose movement from subsurface soil condition
- judgment in favor of client seller

**March 1993** *Esters v. State Farm Mutual Automobile Insurance Company*

- 7-day trial (United States District Court - Los Angeles)
- insurance bad faith case
- $250,000 sought for five-year delay in paying
- uninsured motorist claim and for unreasonably low offer
- 8-0 defense verdict for client

**September 1992** *Block v. State Farm Mutual Automobile Insurance Company*

- 6-day trial (Los Angeles Superior Court - Beverly Hills)
- insurance bad faith case
- $100,000 sought for failure to settle uninsured motorist claim and failure to pay medical bills
- 12-0 defense verdict for firm client

**May 1992** *Shane v. Neil Lloyd & Co., Daniel Monnin*

- 5-day trial (Los Angeles Superior Court - Glendale)
- wrongful death of four-year-old child by drunk driver
- represented employer of drunk driver, good Samaritan who attempted to drive the drunk driver home and his employer
- tried on liability issues only
- motion for non-suit and directed verdict granted for all three firm clients

**March 1992** *Reid v. Ulysses M. Carbajal, M.D.*

- 8-day trial (Los Angeles Superior Court - Central Civil West)
- medical malpractice action
- unnecessary surgery for acute sinusitis
- $72,000 award for plaintiff client

**January 1992** *Stern v. State Farm Mutual Automobile Insurance Company*

- 3-day binding arbitration (JAMS Santa Monica)
- insurance bad faith case
- alleged mishandling of claims re collision and UM coverages
- award for client defendant on all claims

**November 1991** *Tucker v. Westminster Memorial Park*

- trial (Orange County Superior Court)
- crematory misfeasance case
- settled for our initial offer of $120,000 during trial

**September 1991** *Bohall v. ARCS Mortgage, Bank of New York*

- 10-day trial (Los Angeles Superior Court)
- retrial of wrongful termination case
- branch manager fired with cause
- $2 million dollar demand; $2,718 award

**May/June 1991** *Proposition 103 Hearings*

- 4 weeks of hearings (San Francisco and Los Angeles)
- cross-examination of Department of Insurance expert witnesses on rate of return, leverage, allowable expense, executive compensation and other issues

**January 1991** *Bohall v. ARCS Mortgage, Bank of New York*

- 10-day trial (Los Angeles Superior Court)
- wrongful termination, defamation and conversion case
- $1.5 million dollar demand; $300,000 offer
- $1.2 million dollar award, including $6,500 punitive damages, new trial motion granted

**October 1990** *Smoke Island Interiors v. General Accident Insurance*

- trial (Los Angeles Superior Court)
- insurance bad faith case
- allegations of unreasonable claims handling and denial of claim for stolen artwork; claim for $180,000 plus consequential and punitive damages
- settled for $17,500 during trial

**June 1990** *The Austin Company v. J.H. Baxter Company*

- 5-day trial (United States District Court - Los Angeles)
- product defect case
- failure of three-acre roof with a $2.5 million dollar replacement cost allegedly due to corrosion caused by fire retardant chemicals used by J.H. Baxter
- 6-0 defense verdict for our client J.H. Baxter

**May 1990** *Blanchard v. State Farm Fire and Casualty Company*

- 10-day trial (Los Angeles Superior Court - Santa Monica)
- insurance bad faith case
- $450,000 sought for failure to provide independent counsel in defense of covered construction defect litigation
- 10-2 defense verdict for our client, upheld on appeal

**February 1990** *Sykes, et al., v. Associated Farm Management*

- 9-day trial (United States District Court - Los Angeles)
- federal securities law case
- 100+ plaintiffs sought recovery of amounts lost in investments in nine limited partnerships in farmland - grapes, tree fruit, citrus - in California's Central Valley
- $29 million recovery requested; judgment rendered for $8.6 million

**June 1989** — *Aetna Insurance Company v. Centennial Insurance Company*

- 5-day trial (United States District Court - Los Angeles)
- insurance equitable subrogation case
- Aetna sought contribution re two-thirds of $725,000 in defense costs expended in defending underlying patent litigation
- court agreed with our position that two-sevenths was proper allocation and that attorney bills were unreasonably high; upheld on appeal

**February 1989** — *Della Ripa v. Kaiser Hospital*

- 5-day binding arbitration
- medical malpractice case
- $187,000 award for our client for defendant's failure to diagnose "panic disorder"

**November 1988** — *Transtechnology, Inc. v. Allied Signal Corporation*

- 11-day binding arbitration (3 arbitrator panel)
- environmental case
- second ever arbitration to apportion fault for groundwater pollution under California Health and Safety Code
our client, Allied Signal, found responsible for 4 percent of response costs of $1.5 million dollars

**June 1988** — *Wolf v. Fisher*

- 6-day trial (Los Angeles Superior Court)
- suit for violation of rent control ordinance and intentional infliction of emotional distress
- 12-0 defense verdict for our clients, property owners

**October 1987** — *Frederick v. Ambassador Insurance*

- trial (Los Angeles Superior Court)
- insurance bad faith case
- insurer and parent company sued for failing to defend and indemnify in personal injury case
- client insurer insolvent per Vermont liquidation and dismissed; client employee pays $2,000; parent company, represented by another law firm, suffers $2 million dollar verdict

Knapp Petersen Clarke
A PROFESSIONAL CORPORATION

**September 1987** *Olson/Hurston v. L.B. Foster Company*

- 8-day trial (United States District Court - Los Angeles)
- product defect case
- two pile drivers suffered multiple leg fractures when a ground release shackle failed and dropped a 900-pound sheet pile
- 6-0 defense verdict for our client, the distributor of the device

**May 1986** *Noma Corporation v. Centennial Insurance Company*

- 7-day trial (United States District Court - Los Angeles)
- insurance bad faith case
- insured franchisor sought payment of $243,000 in legal fees for defense of covered suits by franchisees and $18,000,000 in consequential damages for failure to defend
- determined that $19,000 was only amount due

**April 1986** *Shea v. Owen, Century 21 Realty*

- trial/stipulated judgment
- real estate fraud case
- fraudulent trade of primary residence for two unsecured greenhouses
- client plaintiff recovered $115,000 from defendants for fraudulent real estate transaction

**December 1985/ January 1986** *Stotts v. Wallace and Tiernan Division of Pennwalt Corporation*

- 28-day trial (Los Angeles Superior Court)
- product defect case
- client manufacturer's valve cracks exposing plaintiff to chlorine gas and causing serious impairment of lung function
- award $400,000

# EXHIBIT 2

## ANDRÉ E. JARDINI'S DEPOSITION AND TRIAL TESTIMONY
## (LAST FOUR YEARS)

| | File Name | Type Of Testimony | Case Number | Court/Jurisdiction |
|---|---|---|---|---|
| 1 | Gadinis v. United Services (2018) | Deposition | 37-2018-00015334-cu-UM-CTL | Superior Court State of California County of San Diego, Central |
| 2 | Pech v. Morgan | Deposition and Trial | 18STCV02178 | LASC Central District |
| 3 | Averon v. The Crosby & AMS Paving | Deposition | 19-cv-02369-WQH-NLS | USDC Southern District |
| 4 | Mesa Water District v. KDC, Inc., et al. | Trial | 30-2016-00832860-cu-BC-CJC | OCSC |
| 5 | In Re Marriage of Skylar Peak and Janet Freisen Peak | Trial | 19STFL09382 | LASC |
| 6 | Simplot v. McCain | Deposition | 1:16-cv-00449-DCN | US District Court District of Idaho (Boise) |
| 7 | Greenberg Glusker v. Amin S. Lakha | Deposition | 1210036873 (JAMS) | JAMS Arbitration |
| 8 | Fraissl v. Moore | Deposition | BC535745 | LASC |
| 9 | Mark Hughes Family Trust | Deposition | BP 063500 | LASC |
| 10 | Travelers Insurance v. Salesforce | Deposition | JAMS Ref. 1100111905 | JAMS San Francisco |
| 11 | Golden Pacific Bank v. Kronick, Moskovich, Tiedeman & Girard | Deposition and Trial | 34-2018-00236905 | Superior Court State of California County of Sacramento |
| 12 | Premier Reimbursement Solutions v. Koetsier | Deposition | VCU281481 | Superior Court of the State of California County of Tulare |
| 13 | Dryit Inc. dba Jarvis Restoration v. Allstate Insurance Company | Deposition | 30-2020-01149888-CU-BC-CJC | Superior Court of the State of California County of Orange |
| 14 | Hughes v. Libeu | Deposition and Trial | SCv-261621 | Superior Court of California County of Sonoma |
| 15 | Hakkasan USA Inc. v. Endurance American Specialty Insurance, et al. | Deposition | A-20-816145-B | District Court clarke County, Nevada |
| 16 | Madeline8, LLC, et al. v. Alvaradosmith, APC, et al. | Deposition | 30-2020-01124146-CU-PN-CJC | Superior Court of California County of Orange Central Division |
| 17 | Green Solar Technologies, Inc. v. Raymond McElfish, et al. | Deposition | BC712758 | LASC |

| | File Name | Type Of Testimony | Case Number | Court/Jurisdiction |
|---|---|---|---|---|
| 18 | Miller Marital Deduction Trust, et al. v. Estate of Mark B. Dubois, et al. | Deposition and Trial | 2:16-cv-01883-SB | US District Court Eastern District of California |
| 19 | Google LLC v. Sonos | Deposition | 3:21-cv-07559-WHA | US District Court Northern District of California |
| 20 | Tutor Perini v. First Mercury | Deposition | 2:20-cv-09329-CAS-GJSx.(aco) | US District Court Central District of California |
| 21 | Caruso Affiliated v. Allied World | Deposition and Trial | 21STCV12443 | LASC |
| 22 | Clean & Sober Media, et al. v. HUB International Insurance Services | Deposition and Trial | 21STCV20391 | LASC |
| 23 | Richard Pech v. Thomas E. Morgan, III, et al. | Trial | 18STCV02178 | LASC |
| 24 | Epicgenetics/Gillis v. Gibson, Dunn & Crutcher | Deposition | Ref. No.5210000295 | JAMS |
| 25 | Motavassel v. Mokhtarzadeh | Deposition andTrial | 20 STCV02243 | LASC |
| 26 | The Charles Company v. Bryan Cave | Deposition | Ref. No. 1200059383 | JAMS |
| 27 | Barbizon School of San Francisco, et al. v. Putterman Landry & Yu | Deposition | Ref. No. 11300110356 | JAMS |
| 28 | Fashion Nova, LLC v. Citizens Insurance Company of America | Deposition | 23STCV01107 | USDC Central District |
| 29 | Katab v. Performance Team | Deposition | 2:23-cv-05811-ODW-JPR | USDC California Western Division |
| 30 | In Re Power Property v. DC-19-00695 | Deposition | DC-19-00695 | USDC Dallas, TX |
| 31 | White, Arnold & Dowd v. TomPaul ACIPCO LLC | Deposition | 2:23-cv01372-ACA | USDC of Alabama Southern District |
| 32 | Hogs & Heifers v. 201 North 3rd Street LV | Deposition | A-19-795091-B | District Clark County, Nevada |
| 33 | Peiffer Wolf Carr, et al. v. Valley Forge Insurance Co. | Deposition | 2:23-CV-06235 | USDC Eastern District of Louisiana |
| 34 | Jenee Child v. Certain Underwriters | Deposition | CIVSB2300838 | San Bernardino Superior Court |

| | File Name | Type Of Testimony | Case Number | Court/Jurisdiction |
|---|---|---|---|---|
| 35 | Maria Fresonke v. Navy Military Personnel Command, et al. | Deposition | OWCP No. 18-090613; 18-304964; 18-486100; 18-100991; 18-486103 and other OALJ case numbers | United States Department of Labor, Office of Administrative Law Judges |

# EXHIBIT 3

# OUTLINE OF BACKGROUND AND QUALIFICATIONS
# ANDRÉ E. JARDINI

- Practicing lawyer, principally as a trial attorney, in California since 1976.
- B.A. University of Notre Dame 1973; J.D. Hastings College of the Law 1976; admitted to the State Bar, December 1976.
- Clerkship in 1977 and 1978 in United States District Court in Los Angeles with Judge Robert Firth.
- Admitted to practice in all courts in the State of California, including four United States District Courts and the Ninth Circuit Court of Appeals. Admitted in the District Court for the Eastern District of Michigan.
- Partner at Knapp, Petersen & Clarke, a law firm providing litigation and transactional services to its clients. Currently serving as President of the firm.
- Founder and President of KPC Legal Audit Services, Inc.
- Trial and arbitration of numerous cases in which the predominant issue was the reasonableness of attorney's fees.
- Since 1986, has personally audited the billings of a large proportion of the major law firms in California, has conducted audits throughout the U.S., and internationally. More than 1,800 audits performed.
- Has audited billings exceeding cumulatively $2 billion.
- Has been under contract to the State of California (Cal PERS, California Lottery, Attorney General’s Office) and numerous other government entities regarding audit services.
- Arbitrator in the Los Angeles County Bar Association Dispute Resolution Services Program regarding attorney/client disputes over legal billings.
- Qualified as an expert witness with regard to reasonableness of attorney's fees issues and ethical and attorney performance issues.
- Testimony as an expert witness at trial and in arbitration concerning attorney fee disputes.
- Experience as an attorney for litigants in matters concerning attorney fee disputes.

- Practice consists predominantly of trial work. More than 50 jury trials conducted to conclusion.
- Member, American Board of Trial Advocates. (Advocate status.)
- Articles written, seminars conducted and speaking engagements on the subject of reasonableness of attorney's fees and auditing practices.
- Martindale-Hubbell, rated AV, "Preeminent."
- Super Lawyer 2012 – 2020.
- The National Association of Legal Fee Analysis ("NALFA") ranks André E. Jardini as a "Top Attorney Fee Expert," and ranks KPC Legal Audit Services, Inc. as one of nation's top outside legal bill review programs, which follows Best Practices in Legal Fee Analysis.
- Representative cases on appeal:

  **Simon v. San Paolo U.S. Holding Co., Inc.** (2005) 35 Cal. 4th 1159
  California Supreme Court case establishing Constitutional limits on punitive damages.

  **Blanchard v. State Farm** (1991) 2 Cal. App. 4th 345
  Case finding no entitlement to independent counsel in construction defect case.

  **Kliger v. Superior Court** (1990) 52 Cal. 3d 65
  California Supreme Court case establishing parameters for suits for employer conduct in violation of public policy.

  **Trope v. Katz (1995)** 11 Cal. 4th 274
  Trial testimony in case establishing that attorneys cannot recover fees representing themselves in a fee collection action.

  **Lance Camper v. Republic Indemnity** (2001) 90 Cal App. 4th 1151
  Trial testimony concerning *Brandt* fees in insurance bad faith case.

# EXHIBIT 4

# NATIONAL ASSOCIATION OF LEGAL FEE ANALYSIS
Specializing in Legal Billing & Attorney Fees
A Network of Experts & Ethics

The National Association of Legal Fee Analysis (NALFA) is a 501(c)(6) non-profit professional association for the legal fee analysis field. Our members provide a range of services on attorney fee and legal billing matters. We serve as the organizing and governing body for the legal fee analysis profession.

Courts and clients turn to us for expertise when attorney fees and expenses are at issue in large, complex cases. NALFA members are fully qualified attorney fee experts, special masters, bankruptcy fee examiners, fee dispute neutrals, and legal bill auditors. All our members follow Best Practices in Legal Fee Analysis.

**NALFA Fact Sheet:**

NALFA is an approved 501(c)(6) federal tax-exempt organization under the IRS Code.

NALFA is an A.M. Best Recommended Expert Service Provider (2008-Present).

NALFA has recommended qualified attorney fee experts on legal fee and billing matters ranging from $42,000-$500 million.

Since 2008, NALFA has hosted over 45 different CLE and professional development programs on attorney fees and legal billing topics. Our CLE faculty has included 23 sitting federal judges.

Every year, NALFA announces, "The Nation's Top Attorney Fee Experts".

Every year, NALFA conducts an hourly rate survey of civil litigation in the U.S. This is the nation's largest and most comprehensive survey or study of hourly billing rates in litigation.

NALFA offers a Certificate in Ethical Billing & Reasonable Fees, the nation's first and only certificate of its kind for registered guests of multiple CLE programs.

NALFA has established Best Practices in Outside Legal Fee Analysis, a peer-review driven code of professional conduct for professionals who routinely perform outside legal fee analysis.

NALFA's News Blog covers legal billing and attorney fee issues from across the U.S.

NALFA filed Amicus Briefs in *Worley v. Storage USA*, *Pipefitters v. Oakley* in California appellate courts and in the landmark ADA case, *Covington v. McNeese State University* in the Louisiana Supreme Court.

NALFA has been cited or quoted by over 20 different media outlets and/or publications: The Wall Street Journal, Bloomberg News, ALM's American Lawyer, The Chicago Tribune, Bloomberg BNA, CNBC, Thomson Reuters, Insurance Journal, Minneapolis-St. Paul Business Journal, Daily Journal, ALM's Daily Business Review, ALM's National Law Journal, FindLaw.com, The Florida Bar Journal, Law 360, Politico, ALM's Law.com, Missouri Lawyers Media, ALM's Critical Mass, Portland Business Journal, Detroit Free Press, and ABA Journal.

NALFA houses a body of scholarship on reasonable attorney fees including surveys, reports, articles, and studies. NALFA also recognizes the nation's most influential scholarship on attorney fees.

NALFA conducts custom design hourly rate surveys for law firms and corporate legal departments. A federal judge cited a NALFA hourly rate survey in his attorney fee award in the *Vortens* class settlement.

# EXHIBIT 5

**NAVIGATORS V. SVO FEE REVIEW**
**Re: Murphy Austin Adams Schoenfeld LLP**
**Outline of Services Performed**

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 7/1/2019 | | Review draft of escrowing settlement agreement | SAL | 3.00 | |
| 7/1/2019 | | Review Bladeroom documents | SAL | 3.00 | |
| 7/1/2019 | 7/2/2019 | Draft letter re 4th amended complaint; legal research owner as "stranger" to general-sub contract | SMJ, SAL | 6.20 | |
| 7/1/2019 | 7/31/2019 | Document review, import and download, database updates | SAL, LFB | 37.90 | |
| 7/3/2019 | 7/8/2019 | Draft motion for severance; legal research doctrine of impossibility | SMJ, SAL | 10.10 | |
| 7/7/2019 | | Draft memo re gross negligence | SMJ | 2.30 | |
| 7/8/2019 | | Draft outline MSJ re baseball arbitration | SMJ | 1.80 | |
| 7/9/2019 | 7/15/2019 | Draft motion to compel reply papers re corporate retention policies | SAL, SMJ, LDN | 32.90 | |
| 7/10/2019 | 7/15/2019 | Draft contractor 7031 motion | SMJ, LDN, SAL | 18.40 | |
| 7/15/2019 | | Prepare for hearing | SAL | 3.00 | |
| 7/16/2019 | | Travel and attend hearing on pending arbitration motions | SAL, LDN | 16.00 | |
| 7/17/2019 | | Comprehenseive email re pending and pressing matters | SAL | 4.50 | |
| 7/18/2019 | | Draft opposition to motion to compel Ulrich and Keith laptops | SAL | 3.40 | |
| 7/19/2019 | 8/23/2019 | Document review re licensure | SAL | 40.20 | |
| 7/24/2019 | | Meeting with client re status | LDN, SAL | 6.00 | |
| 7/26/2019 | 7/30/2019 | Review AEO documents re designation | SAL, LFB | 18.20 | |
| 7/31/2019 | 9/4/2019 | Review Vertiv latest document request and prepare response | SAL, LDN | 7.70 | |
| 8/1/2019 | 8/5/2019 | Review terms of protective order | SAL | 3.00 | |
| 8/1/2019 | 8/12/2019 | Review Vertiv documents re lessons learned | SAL | 6.50 | |
| 8/1/2019 | 8/30/2019 | Document review, import and download, database updates | SAL, LFB | 74.70 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 8/5/2019 | | Review documents re A. Weeks | SAL | 1.00 | |
| 8/5/2019 | 8/7/2019 | Draft answer to 4th amended complaint | SAL, SMJ, LDN | 22.00 | **P** |
| 8/7/2019 | 8/12/2019 | Prepare statement for additional depositions and hearing continuance | SAL | 6.00 | |
| 8/12/2019 | | Draft memo re SVO production deficiencies | LFB | 3.20 | |
| 8/13/2019 | 8/14/2019 | Review "briefs" from opposing counsel | SAL | 5.10 | |
| 8/13/2019 | 8/16/2019 | Draft request for production to Leibert | SMJ | 3.50 | |
| 8/13/2019 | 8/16/2019 | Draft DPR organizational chart and protocol | LFB, SAL | 6.30 | |
| 8/14/2019 | | Attend meeting with client re document review | SAL, LFB | 6.00 | |
| 8/15/2019 | | Prepare for hearing | SAL | 1.50 | |
| 8/16/2019 | | Draft reply to objections to statement for additional depositions | SAL | 2.30 | |
| 8/19/2019 | | Review arbitration proposed agenda and prepare outline | SAL | 2.00 | |
| 8/19/2019 | 8/23/2019 | Review and analysis REI stipulation and protective order | SAL | 3.00 | |
| 8/19/2019 | 9/4/2019 | Additional subpoenas to third party outside consultants | SAL, SMJ | 9.10 | |
| 8/20/2019 | | Travel and attend arbitration | LDR, SAL | 16.00 | |
| 8/21/2019 | 8/29/2019 | Review documents for production | SAL, SMJ | 9.30 | |
| 8/22/2019 | | Telephone conference with client re documents | LDR | 1.70 | |
| 8/26/2019 | | Document review re R. Nichols termination | SAL | 26.00 | |
| 8/27/2019 | 8/28/2019 | Draft request for production to Vertiv in DPR case | SAL | 5.00 | |
| 8/29/2019 | | Review orders from arbitration | SAL | 2.50 | |
| 9/1/2019 | 9/23/2019 | Document review, import and download, database updates | LFB | 27.70 | |
| 9/3/2019 | 10/21/2019 | Draft amended cross-claim | SAL, SMJ | 51.10 | |
| 9/4/2019 | | Attend meeting at MAAS re status; meeting with clients | SAL, SMJ | 11.60 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 9/5/2019 | 9/17/2019 | Meet and confer re Bladeroom case issues | SAL | 13.40 | |
| 9/5/2019 | 9/19/2019 | Draft objections to subpoenas, including Collusum | SMJ, SAL | 3.50 | |
| 9/9/2019 | | Review ACP documents | SAL | 1.00 | |
| 9/9/2019 | 10/1/2019 | Draft Wall subpoena | SAL | 7.80 | |
| 9/10/2019 | 9/12/2019 | Draft R. Nichols subpoena | SAL | 3.00 | |
| 9/10/2019 | 9/30/2019 | Review AEO documents | LFB, SAL | 15.40 | |
| 9/10/2019 | 10/1/2019 | Draft A. Weeks subpoena | SAL | 5.50 | |
| 9/11/2019 | | Review additional facts from County re PRAR | SAL | 2.00 | |
| 9/12/2019 | | Draft K. Little subpoena | SAL | 1.00 | |
| 9/16/2019 | 9/27/2019 | Review documents re licensure and acceleration | SAL | 13.50 | |
| 9/17/2019 | | Review Vertiv objections and response to request for production 4 | SAL | 1.50 | |
| 9/18/2019 | | Review objections to request for production in DPR case | SAL | 6.00 | |
| 9/19/2019 | | Review permits transfer issue | SAL | 2.00 | |
| 9/19/2019 | 9/23/2019 | Review proposed scheduling order | SAL | 6.50 | |
| 9/20/2019 | | Legal research and draft 7031.5 motion | SMJ | 2.30 | |
| 9/20/2019 | | Review issues re Coates and Ulrich laptops | SAL | 1.50 | |
| 9/23/2019 | 9/30/2019 | Legal research building permit codes | SMJ | 9.60 | |
| 9/24/2019 | 9/26/2019 | Prepare release of additional CPS documents | SAL | 4.30 | |
| 9/25/2019 | | Draft proposed list of lay deponents | SAL | 2.00 | |
| 9/26/2019 | | Draft protective order re Rosendin Electric | SAL | 2.40 | |
| 9/30/2019 | | Legal research foreclosure of mechanics liens | SMJ | 2.70 | |
| 10/1/2019 | | Draft subpoenas to third party Linesight | SAL | 1.30 | |

| Date | | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| From | To | | | | |
| 10/1/2019 | | Review BCSFM motion re non-payment | SAL | 2.00 | |
| 10/1/2019 | 10/29/2019 | Continued document review re licensure | SAL, SMJ | 9.70 | |
| 10/1/2019 | 10/31/2019 | Document review, import and download, database updates | SAL, LFB | 78.30 | |
| 10/2/2019 | | Review Realtime CFO documents | SMJ | 1.20 | |
| 10/2/2019 | 10/25/2019 | Draft opposition to numerous motions to stay proceeding | SAL, LDN | 17.30 | |
| 10/4/2019 | | Meeting with consultants | SAL | 3.80 | |
| 10/4/2019 | 10/7/2019 | Review project records re sales tax issues | SAL | 9.00 | |
| 10/8/2019 | | Legal research fraud cause of action | LDN | 4.00 | |
| 10/11/2019 | | Review Vertiv request for production #6 | SAL | 3.40 | |
| 10/21/2019 | | Attend hearing with arbitrator re discovery | LDN, SAL | 2.00 | |
| 10/22/2019 | 10/23/2019 | Legal research discoverability of joint defense agreements | SAL, SMJ | 7.90 | |
| 10/24/2019 | | Review discovery response from G. Reed | SAL | 1.80 | |
| 10/24/2019 | 10/25/2019 | Review DPR records re status of lien release | SAL | 3.10 | |
| 10/25/2019 | | Draft letter to arbitrator re motion to amend complaint | SAL, SMJ | 5.20 | |
| 10/28/2019 | | Review Building Department response to public record request | SMJ | 1.40 | |
| 10/29/2019 | 10/31/2019 | Draft motion for leave to file amended cross complaint | SAL, SMJ | 11.80 | |
| 10/29/2019 | 10/31/2019 | Review DPR documents | SAL | 6.70 | |
| 10/31/2019 | | Draft letter to ACCO re designation of documents | SMJ | 1.00 | |
| 11/1/2019 | 11/26/2019 | Draft reply in support of motion to stay | SAL, SMJ | 45.90 | |
| 11/1/2019 | 11/26/2019 | Continued document review, importing documents, database updates and privilege review | SAL, LFB | 147.20 | |
| 11/6/2019 | 11/15/2019 | Draft motion to compel joint defense agreements | SAL, SMJ | 19.70 | |
| 11/10/2019 | | Prepare for meeting with experts | LDN | 2.20 | |

| Date From | To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 11/11/2019 | | Prepare for and attend meeting with experts, including K. Dines | LDN, SAL | 14.50 | |
| 11/11/2019 | 11/19/2019 | Prepare motion to compel, including document review of DPR correspondence and MAAS re settlement offers | SAL, SMJ | 5.80 | |
| 11/12/2019 | | Legal research common interest doctrine | SMJ | 4.60 | |
| 11/15/2019 | | Attend hearing re motion for leave to file first amended complaint | SAL | 2.50 | |
| 11/15/2019 | | Draft subpoena to Swinerton | SAL | 2.50 | |
| 11/15/2019 | 2/6/2020 | Import and review Swinerton production | LFB, SAL | 14.50 | |
| 11/17/2019 | | Attend hearing on motion to strike | LDN | 3.00 | |
| 11/18/2019 | | Prepare for deposition of R. Pfleging | SAL | 1.70 | |
| 11/18/2019 | 11/20/2019 | Review and revise subpoenas and deposition notice to be issued by Fisher | SAL | 8.40 | |
| 11/18/2019 | 11/30/2019 | Review documents for lay depositions | SAL, LDN | 25.40 | |
| 11/19/2019 | | Review third party documents from CHD | SAL | 2.00 | |
| 11/21/2019 | | Review status of Rosendin Electric documents | SAL | 2.00 | |
| 11/22/2019 | | Review Building Permit documents | SMJ | 6.10 | |
| 11/26/2019 | 11/27/2019 | Review AEO records | SAL | 9.90 | |
| 1/2/2020 | | Document review for consultant HKA | SAL | 1.90 | |
| 1/2/2020 | 1/3/2020 | Review documents re Bladeroom case | SAL | 4.90 | |
| 1/6/2020 | 1/8/2020 | Prepare for deposition of B. Brooks | SAL, LFB | 14.00 | |
| 1/6/2020 | 1/30/2020 | Continued document review, importing documents, database updates and privilege review | LFB | 13.90 | |
| 1/7/2020 | | Deposition preparation re Vertiv licensure | LDN | 1.20 | |
| 1/7/2020 | 1/8/2020 | Prepare for upcoming discovery | SAL | 4.90 | |
| 1/8/2020 | 1/29/2020 | Review AEO documents re discovery proceeding | SAL | 5.10 | |
| 1/9/2020 | | Travel and attend deposition of B. Brooks | SAL | 12.00 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 1/13/2020 | 1/17/2020 | Review and revise proposed scheduling order | SAL | 6.20 | |
| 1/13/2020 | 1/28/2020 | Draft objections to request for production #8 | SAL | 6.10 | |
| 1/14/2020 | 1/30/2020 | Review Vertiv and DPR documents and update timeline | SAL | 35.00 | |
| 1/15/2020 | | Review issues re recording lien release bond | SAL | 1.10 | |
| 1/22/2020 | 1/23/2020 | Review construction progress videotapes | SAL | 5.10 | |
| 1/27/2020 | | Draft audit response | SMJ | 1.10 | |
| 1/28/2020 | 1/31/2020 | Review documents re ACCO subpoena | SAC, SMJ | 4.90 | |
| 1/29/2020 | | Draft letter re Bladeroom issues | LDN | 1.20 | |
| 2/3/2020 | 2/12/2020 | Continued document review | LFB | 4.70 | |
| 2/10/2020 | | Review three additional subpoenas from opposing counsel | SAL | 2.60 | |
| 2/10/2020 | 2/18/2020 | Communication and emails re transfer of file to Gordon | SAL | 35.40 | |
| | | **Total** | | **1,277.70** | |

| | Allocation | Hours Billed |
|---|---|---|
| P | Potentially Defamation | 22.00 |
| | | 22.00 |

# EXHIBIT 6

**NAVIGATORS V. SVO FEE REVIEW**
**Re: Morris James LLP**
**Outline of Services Performed**

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 2/5/2019 | 2/28/2019 | Communication with co-counsel | KLD, TAS | 2.20 | |
| 3/28/2019 | 10/2/2019 | Communication with co-counsel | KLS, TAS, EEL | 3.20 | |
| 4/2/2019 | | Review and analysis pleadings, order and opinion denying motion to dismiss | EEL | 1.60 | |
| | | **Total** | | **7.00** | |

# EXHIBIT 7

# NAVIGATORS V. SVO FEE REVIEW
## Re: Law Office of Sean DeBruine
## Outline of Services Performed

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 11/12/2018 | | Review complaint | SD | 1.10 | **P** |
| 11/20/2018 | | Draft Lamon letter to Budwig to drop complaint | SD | 1.20 | **P** |
| 12/3/2018 | | Research experts re technologies at issue | SD | 1.30 | |
| 12/6/2018 | | Review first amended complaint and legal research opposition to preliminary injunction | SD | 2.50 | |
| 12/11/2018 | 12/21/2018 | Draft motion to dismiss | SD | 28.00 | |
| 12/18/2018 | 12/26/2018 | Review proposed stipulation re preliminary inunction motion and motion to extend time\stay | SD | 5.90 | |
| 12/28/2018 | | Draft discovery to Vertiv re PI issues | SD | 3.60 | |
| 1/9/2020 | 1/10/2020 | Review notice of supplemental authority | SD | 2.30 | |
| 1/17/2020 | 1/23/2020 | Draft reply in support of motion to dismiss | SD | 10.70 | |
| 1/27/2020 | 1/31/2020 | Draft amended reply in support of motion to dismiss | SD | 3.30 | |
| 2/6/2020 | 2/22/2020 | Draft opinion re injunction | SD | 12.50 | |
| 2/11/2020 | 3/1/2020 | Drat opposition to motion for preliminary injunction, including document review and supporting declaration of K. Knott | SD | 51.30 | |
| 3/4/2020 | | Draft notice of supplemental authority re opposition to preliminary injunction | SD | 1.00 | |
| 3/4/2020 | 3/1/2032 | Draft response to request for production and interrogatories | SD | 8.20 | |
| 3/15/2020 | | Draft meet and confer re SVO discovery responses | SD | 1.30 | |
| 3/21/2020 | 3/27/2020 | Draft objections to depositions and subpoenas, including legal research motion to compel third party compliance with subpoenas | SD | 5.30 | |
| 3/29/2020 | 4/1/2020 | Letter brief opposing Laag deposition | SD | 2.50 | |
| 4/4/2020 | 4/24/2020 | Revise demurrer | SD | 3.60 | |
| 4/24/2020 | | Telephone conference hearing re motion to strike and objections to subpoenas re PI | SD | 1.30 | |
| 4/30/2020 | | Travel and attend hearing on motion to strike | SD | 2.00 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 5/2/2020 | 5/20/2020 | Draft opposition to preliminary injunction motion | SD | 35.00 | |
| 5/9/2020 | 5/14/2020 | Draft reply in support of demurrer | SD | 7.70 | |
| 5/21/2020 | | Travel, prepare for and attend hearing on demurrer | SD | 5.00 | |
| 5/21/2020 | 6/13/2020 | Prepare letter to Sloss on motion to compel trade secret disclosures | SD | 21.10 | |
| 5/30/2020 | 5/31/2020 | Draft IP request for production | SD | 4.00 | |
| 6/4/2020 | | Research expert witness candidates | SD | 2.60 | |
| 6/13/2020 | | Attend telephone conference for status conference | SD | 1.40 | |
| 7/8/2020 | 7/9/2020 | Draft reply to response re letter on trade secret disclosures | SD | 9.80 | |
| 7/11/2020 | 7/15/2020 | Prepare for PI hearing | SD | 8.80 | |
| 7/11/2020 | 7/31/2020 | Prepare letter to Sloss re Vertiv objections to third request for production | SD | 5.80 | |
| 7/16/2020 | | Prepare for and attend preliminary injunction motion hearing | SD | 6.30 | |
| 7/29/2020 | | Prepare list of search terms | SD | 1.00 | |
| 8/5/2020 | | Meet and confer re SVO 3rd request for production and patent contentions | SD | 1.10 | |
| 8/14/2020 | | Review amended trade secret disclosures | SD | 2.80 | |
| 8/18/2020 | | Prepare for and attend telephone conference with Ulrich re IP strategy | SD | 1.10 | |
| 8/19/2020 | | Telephone conference with G. Brannigan re expert for Bladeroom | SD | 1.00 | |
| 8/19/2020 | | Prepare for hearing | SD | 1.50 | |
| 8/20/2020 | | Prepare for and attend hearing | SD | 3.60 | |
| 8/28/2020 | | Attend meeting with Ulrich; follow-up | SD | 2.00 | |
| 8/30/2020 | | Revise response to 4th set of request for production | SD | 1.10 | |
| 9/5/2020 | 9/6/2020 | Draft additional IP production of document requests | SD | 3.20 | |
| 9/12/2020 | | Meet and confer re SVO RFP3 and VertivRFP4 | SD | 1.20 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 9/12/2020 | 9/17/2020 | Meet and confer letter and motion to compel | SD | 7.20 | |
| 9/20/2020 | 9/23/2020 | Prepare for hearing | SD | 4.50 | |
| 9/24/2020 | | Prepare for and attend hearing; summary | SD | 5.20 | |
| 9/25/2020 | 10/15/2020 | Draft Myers declaration | SD | 10.60 | |
| 10/7/2020 | 10/9/2020 | Review Vertiv patent infringement disclosures | SD | 4.50 | |
| 10/14/2020 | | Review commissioning scripts documents | SD | 1.00 | |
| 10/14/2020 | 10/15/2020 | Review proposed order re Vertiv RFP4 | SD | 2.40 | |
| 10/25/2020 | 11/12/2020 | Draft motion to strike\motion to dismiss re trade secrets, including Bladeroom trade secrets | SD | 33.10 | |
| 10/29/2020 | | Review drafted amended cross claims | SD | 1.00 | |
| 11/6/2020 | 11/7/2020 | Meet and confer re Bladeroom document issues | SD | 1.50 | |
| 11/11/2020 | | Meeting with Ulrich and HKA | SD | 1.00 | |
| 11/19/2020 | | Prepare for and attend telephone conference hearing re Bladeroom documents and motion to strike | SD | 3.70 | |
| 11/20/2020 | 11/22/2020 | Draft letter to arbitrator re Bladeroom documents | SD | 4.70 | |
| | | **Total** | | **356.40** | |

| | Allocation | Hours Billed |
|---|---|---|
| P | Potentially Defamation | 2.30 |
| | | 2.30 |

# EXHIBIT 8

# NAVIGATORS V. SVO FEE REVIEW
## Re: Gordon & Rees LLP
## Outline of Services Performed

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 12/30/2019 | 3/22/2020 | Patent issue and case history review and explanations of patent procedure | DH | 44.90 | |
| 1/18/2020 | | Travel and attend meeting with N. Lang | DH | 10.40 | |
| 2/4/2020 | 2/10/2020 | Document review and status letter to client and carrier | DB, IHB | 8.90 | |
| 2/11/2020 | | Conference call with former counsel S. Lamon re transition | DS, IHB | 5.00 | |
| 2/18/2020 | 7/29/2020 | Communication with HKA expert K. Baker, quantum and delay expert engineer | DH, KM, IHB | 1.90 | |
| 2/18/2020 | 7/29/2020 | Prepare for deposition of HKA expert Ken Baker, including quantum and delay expert issues engineer | IHB | 1.20 | |
| 2/26/2020 | | Telephone conference with K. Baker | DS, IHB, DH | 2.70 | |
| 2/26/2020 | | Telephone conference with S, DeBruine re patent and trademark issues | DH, DS | 2.00 | |
| 2/26/2020 | | Travel and attend meeting with S. Sorooshian | DH, DS | 6.90 | |
| 2/26/2020 | 3/31/2020 | Document review for discovery responses and drafting request for production #10 | DB, IHB, KM | 23.90 | |
| 2/28/2020 | | Conference call with S. DeBruine re trademark and patent issues | DB, IHB | 1.80 | |
| 2/28/2020 | 3/4/2020 | Draft status letter to client re document received | DB, IHB | 4.80 | |
| 2/28/2020 | 8/11/2020 | Prepare for deposition of N. Lang, expert re Business Trade Secrets; documents review | DS IHB | 32.30 | |
| 3/2/2020 | 4/24/2020 | Draft chronology of events | IHB, KM | 7.00 | **P** |
| 3/3/2020 | 8/31/2020 | Document review re licensing agreement and licensing expert, including review documents from Call State Licensing Board | IHB, DH, DB | 23.50 | |
| 3/5/2020 | | Prepare for and attend meeting with arbitrator | IHB, DS | 1.40 | **P** |
| 3/10/2020 | | Prepare for and attend meeting with J. Goode, Swinerton Builders | IHB | 1.00 | |
| 3/10/2020 | 8/25/2020 | Review documents re former CPS employee expert D. Keith, C. Dunn and E. Phillips | IHB, KM | 11.50 | |
| 3/19/2020 | | Prepare for and attend call with opposing counsel on status | DH, IHB, DS | 2.00 | |
| 3/24/2020 | | Prepare for and attend meeting with former counsel | IHB, DH | 1.70 | |

| Date | | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| From | To | | | | |
| 3/24/2020 | | Prepare for and attend call with arbitrator; summary to client | IHB, DH, DS | 1.60 | **P** |
| 3/25/2020 | 6/25/2020 | Review subcontractor Swinerton Builders IP documents | DH, IBH, KM | 13.50 | |
| 4/1/2020 | | Conference call with Swinerton | IHB, DDS | 1.10 | |
| 4/6/2020 | 4/30/2020 | Continued document review for discovery and production | DH, KM, IHB, DB | 99.20 | |
| 4/8/2020 | | Prepare for and attend call with arbitrator | DH, IHB, DS | 1.40 | **P** |
| 4/8/2020 | 4/9/2020 | Prepare for deposition of Crow forensic ESI computer expert | IHB | 2.30 | |
| 4/9/2020 | | Review argument on client's 2019 demurrer and motion to strike | IHB | 1.10 | **P** |
| 4/9/2020 | | Review documents re Bank of New York Melon funding | IHB | 2.80 | |
| 4/13/2020 | 4/20/2020 | Document review re response to meet and confer for production meeting minutes | KM, DB | 14.20 | |
| 4/14/2020 | | Attend conference call with K. Baker | DH, IHB, DS | 3.50 | |
| 4/14/2020 | | Prepare for arbitration | KM | 1.00 | |
| 4/24/2020 | 5/6/2020 | Review ROA in underlying lawsuits to determine claims and support for defense | IHB, JM | 9.00 | |
| 5/1/2020 | | Draft letter to opposing counsel re production of AEO documents | DB | 2.40 | |
| 5/1/2020 | 5/31/2020 | Continued document review for preparation and responses to discovery and production | KM, DH, IHB, DB, DS | 71.70 | |
| 5/6/2020 | | Prepare for and attend call with arbitrator Fisher | DH, IHB | 1.90 | **P** |
| 5/10/2020 | | Analysis of CA law re communication with unrepresented parties | DB | 2.50 | |
| 5/13/2020 | 5/28/2020 | Review documents and create timeline of discovery and activity by prior counsel | KM | 11.50 | |
| 5/17/2020 | 5/18/2020 | Draft email motion re AEO issue | DB, IHB | 4.30 | |
| 5/18/2020 | | Draft subpoenas to subcontractors | KM | 1.40 | |
| 5/20/2020 | | Conference call with arbitrator Fisher | DS, DH, IHB | 5.70 | |
| 5/22/2020 | | Attorney fees patent research | DH | 1.70 | |
| 5/27/2020 | | Review Murphy Austin file re attorney client privilege and custodian production issue | DB, KM | 4.80 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 5/28/2020 | 5/29/2020 | Review documents and prepare letter to arbitrator re Vertiv production issues | DB, IHB, KM | 8.50 | |
| 5/29/2020 | | Revie email from Ulrich re limiting process | DH | 1.50 | |
| 6/1/2020 | 6/30/2020 | Continued document review for discovery and production | KM, IHB | | |
| 6/4/2020 | 6/18/2020 | Search patent related documents in Relativity | DH | 18.70 | |
| 6/19/2020 | | Attend meet and confer with claimants on discovery disputes | IHB, DS | 3.70 | |
| 6/19/2020 | | Attend conference with carrier for update | IHB, DS | 1.60 | |
| 6/22/2020 | | Lengthy call with client re discovery dispute | IHB, DS | 1.40 | |
| 6/24/2020 | | Update letter to carrier | IHB | 1.20 | |
| 6/25/2020 | | Attend client status call | DH, IHB | 1.20 | |
| 6/29/2020 | | Attend client status call | DH, IHB | 1.00 | |
| 7/1/2020 | 7/31/2020 | Document review for discovery and production | IHB, KM | 19.30 | |
| 7/2/2020 | | Participate in meet and confer with Vertiv re depositions | DS, DH | 1.00 | |
| 7/6/2020 | | Attend meet and confer conference with Vertiv | DS, DH, IHB | 1.80 | |
| 7/7/2020 | 7/8/2020 | Prepare for hearing before arbitrator, including presentation and oral argument on 11 motions | IHB, DB | 4.80 | **P** |
| 7/8/2020 | | Conference with arbitrator Fisher | DH, DS, IHB | 6.10 | **P** |
| 7/10/2020 | | Draft letter to arbitrator summarizing AEO issue | DB | 1.00 | |
| 7/14/2020 | | Attend conference call with opposing counsel re arbitrator ordered conference | DH, DS, IHB | 1.40 | |
| 7/14/2020 | | Conference with arbitrator Fisher re depositions and scheduling | DH, DS, IHB | 1.50 | |
| 7/16/2020 | | Prepare for and attend meeting with client | DH, IHB | 1.60 | |
| 7/27/2020 | | Conference call with client to prepare for depositions | DS, IHB | 3.50 | |
| 7/27/2020 | | Attend deposition preparation session with N. Lang | DH, IHB | 6.30 | |
| 7/29/2020 | | Attend deposition preparation meeting with N. Lang and U. Pelz | DH, IHB | 4.10 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 7/30/2020 | | Attend deposition preparation meeting with N. Lang and U. Pelz | DH, IHB | 3.40 | |
| 7/31/2020 | | Prepare for and attend oral argument with arbitrator on continuances | DH, IHB | 2.00 | **P** |
| 8/1/2020 | 8/31/2020 | Review and analysis of documents in preparation for discovery and production | IHB, DS, KB, KM | 26.90 | |
| 8/4/2020 | | Attend deposition preparation meeting with N. Lang and U. Pelz | DH, DS, IHB | 5.60 | |
| 8/5/2020 | | Meet and confer as ordered by arbitrator | DH, IHB, DS | 2.80 | |
| 8/5/2020 | | Attend deposition preparation meeting with N. Lang and U. Pelz | DH, IHB | 2.50 | |
| 8/6/2020 | | Attend deposition preparation meeting with N. Lang and U. Pelz | DH, IHB | 2.40 | |
| 8/7/2020 | | Attend deposition preparation meeting with N. Lang and U. Pelz | DH, IHB | 4.10 | |
| 8/12/2020 | | Attend deposition of N. Lang | DS | 8.20 | |
| 8/12/2020 | | Attend deposition of U. Pelz | IHB | 9.10 | |
| 8/13/2020 | 8/14/2020 | Draft status letter to carrier | IHB, DS | 4.60 | |
| 8/24/2020 | | Attend call with arbitrator Fisher re document production | DH, DS, IHB | 2.70 | |
| 8/27/2020 | | Draft status letter re deposition of N. Lang | IHB | 1.30 | |
| 9/1/2020 | 9/4/2020 | Prepare for deposition of U. Pelz | IHB, KB | 3.50 | |
| 9/1/2020 | 9/30/2020 | Document review and analysis of DPR emails; analysis re AEO designation | KM, KB, IHB | 25.60 | |
| 9/3/2020 | | Attend deposition preparation meeting with U. Pelz | IHB | 1.80 | |
| 9/4/2020 | | Attend deposition preparation meeting with U. Pelz | IHB. DS | 3.50 | |
| 9/7/2020 | | Attend deposition preparation meeting with U. Pelz | IHB, DS | 4.00 | |
| 9/8/2020 | | Attend deposition preparation meeting with U. Pelz | IHB, DS, DH | 6.10 | |
| 9/8/2020 | | Attend call with expert re "claim" analysis | IHB | 1.00 | |
| 9/8/2020 | | Attend call with expert re "claim" analysis | IHB | 1.70 | |
| 9/14/2020 | | Prepare patent defense arguments | DH | 16.50 | |

| Date From | To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 9/15/2020 | 9/28/2020 | Prepare for deposition of A. Miller | IHB, KM, KB | 17.00 | |
| 9/18/2020 | | Prepare expert disclosure | IHB | 1.20 | |
| 9/19/2020 | 9/30/2020 | Draft arbitration motion re document production, including research enforcement of subpoenas | IHB, DB | 11.30 | |
| 9/21/2020 | | Prepare for and attend deposition of J. Goode, Swinerton | IHB | 4.80 | |
| 9/23/2020 | | Attend deposition of U. Pelz | DH | 7.10 | |
| 9/25/2020 | | Attend deposition of U. Pelz | DH | 2.70 | |
| 9/27/2020 | | Call with client re deposition of A. Miller | IHB | 3.60 | |
| 9/28/2020 | | Attend deposition of A. Miller | DH | 8.30 | |
| 10/1/2020 | 10/20/2020 | Prepare for deposition of R. Fetters | IHB, DS, KM | 29.80 | |
| 10/6/2020 | | Prepare for and attend telephone conference with HKA experts | IHB | 1.40 | |
| 10/6/2020 | | Research non-retained expert issue for meet and confer | DB | 2.50 | |
| 10/8/2020 | | Call with client re Fetters deposition | IHB | 1.20 | |
| 10/8/2020 | 10/12/2020 | Review site inspection confidential agreement | DH | 1.70 | |
| 10/8/2020 | 10/26/2020 | Document review re Vertiv email production | KM | 6.10 | |
| 10/9/2020 | | Attend call with arbitrator Fisher | DH, IHB | 2.20 | **P** |
| 10/9/2020 | | Draft deposition summary of A. Miller | KM | 5.80 | |
| 10/11/2020 | | Prepare for interview with M. Arroyo | IHB | 1.10 | |
| 10/12/2020 | 10/14/2020 | Draft opposition to Motion to Compel production of withheld documents | DB | 17.80 | |
| 10/13/2020 | | Litigation strategy meeting to prepare for trial | DH, IHB, DS, KB | 10.70 | |
| 10/14/2020 | | Attend Prime Data Systems Facility inspection | DH | 7.00 | |
| 10/15/2020 | | Document review re engineer Kleinfelder | IHB | 1.30 | |
| 10/20/2020 | | Attend deposition of R. Fetters | IHB | 8.30 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 10/20/2020 | | Draft deposition summary of R. Fetters | KM | 1.80 | |
| 10/20/2020 | | Draft letter to carrier re depositions and interviews | IHB | 1.80 | |
| 10/21/2020 | | Prepare for hearing on Vertiv motion to compel | DS | 1.00 | |
| 10/22/2020 | | Draft response to arbitrator re withheld documents | IHB | 2.10 | |
| 10/22/2020 | 10/27/2020 | Prepare for deposition of S. Ford | IHB, KM | 9.10 | |
| 10/26/2020 | | Prepare for and attend hearing on Vertiv Motion to Compel | DS | 1.70 | |
| 10/27/2020 | 10/28/2020 | Prepare for deposition of CPS PMK B. McDaniel | IHB, DS | 2.40 | |
| 10/28/2020 | | Prepare for and attend deposition of B. McDaniel | DSD | 8.10 | |
| 10/29/2020 | 10/30/2020 | Draft SVO motion to postpone arbitration | DS | 4.40 | |
| 11/16/2020 | | Telephone conference with new attorneys at Tyson | KM | 2.30 | |
| 12/22/2020 | | Phone call with new counsel | IHB | 13.00 | |
| 3/1/2021 | | Video conference meeting with SVO litigation team | SW, JF, BB, DDF, CM, JT | 13.20 | |
| 3/1/2021 | | Continued work with expert HKA K. Baker | DF | 1.70 | |
| 3/1/2021 | | Analysis of expert testimony re construction permits | CM | 3.60 | |
| 3/1/2021 | 3/24/2021 | Document review for production and for experts | SW, DF, RD, CM, AR, JT | 102.40 | |
| 3/2/2021 | | Meeting with SVO litigation team | SW, DF, JT | 5.10 | |
| 3/2/2021 | | Draft deposition subpoena to D. Runte, DPR | JT | 39.00 | |
| 3/2/2021 | | Strategy and alignment conference | AR, DF, CM, JT | 4.00 | |
| 3/2/2021 | | Analysis of expert testimony re Security System | CM | 3.70 | |
| 3/3/2021 | 3/1/2038 | Draft opposition to Vertiv motion re non-retained experts automatically becoming retained with further information | RD, JT, CM, DF | 37.60 | |
| 3/4/2021 | | Conference call with KDL (ESI consultant) | DF, CM | 2.20 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 3/4/2021 | | Strategy and alignment conference | EK, RD, AR, JF, BB, DF, CM | 14.00 | |
| 3/4/2021 | 3/16/2021 | Review deposition of A. Miller re timeline of SVO termination | DF | 4.40 | |
| 3/5/2021 | | Strategy and alignment call with client | AR, JF, DF, JT, CM | 3.40 | |
| 3/5/2021 | | Conference call with KDL (ESI consultant) | DF, CM, SW | 5.70 | |
| 3/8/2021 | | Conference call with Dunn & Phelps (IP expert) | CM, SW, DF | 3.30 | |
| 3/8/2021 | 3/12/2021 | Review documents and status report re defects and delay claims | BB | 3.80 | **P** |
| 3/8/2021 | 3/17/2021 | Review and analysis re transfer of power from DPR | DF, JT | 6.90 | |
| 3/8/2021 | 3/23/2021 | Communication and review documents re P. Vermeulen, contractor licensure expert | RD, AR | 25.80 | |
| 3/9/2021 | | Strategy and alignment conference | EK, AR, JF, BB, DF, CM, JT | 9.80 | |
| 3/9/2021 | | Prepare for hearing on non-retained expert motion | RD, JT, DF | 8.80 | |
| 3/9/2021 | | Prepare meet and confer letter re ESI protocol | DM | 2.30 | |
| 3/10/2021 | | Attend post hearing SVO litigation team meeting | DR, DF | 1.00 | |
| 3/10/2021 | | Attend conference with KLD re ESI issues | CM, DF | 2.80 | |
| 3/10/2021 | | Review IP trade secret documents for Dunn & Phelps | SW | 4.20 | |
| 3/10/2021 | | Attend hearing before arbitrator re Motion to Compel further disclosures | JT, DF, RD | 51.00 | |
| 3/10/2021 | | Attend meeting with prior counsel, Murphy Autin re ESI | CM | 2.00 | |
| 3/10/2021 | 3/17/2021 | Draft motion to compel post JDA documents from Vertiv | JT, DF | 10.30 | |
| 3/11/2021 | | Attend meeting with prior counsel re ESI issue | DF | 1.40 | |
| 3/11/2021 | 3/12/2021 | Research service of T. Marchese before subpoena | JT | 7.90 | |
| 3/12/2021 | | Attend meet and confer with opposing counsel re document production protocols | RD, JT, DF | 3.30 | |
| 3/12/2021 | | Strategy and alignment call with client | AR, DF, JT, EK, CM, RD, SW | 7.50 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 3/12/2021 | 3/23/2021 | Prepare for deposition of S. Ford | EK, JT, AR | 48.50 | |
| 3/15/2021 | 3/24/2021 | Review documents for IP consultant I. Bitterlin | CM, AR | 26.80 | |
| 3/16/2021 | | Prepare proposed protocol for evidentiary hearing | JT | 3.10 | |
| 3/16/2021 | | Strategy and alignment call with client | AR, JF, DF, JT, RD | 5.00 | |
| 3/17/2021 | | Attend conference with IP expert Duff & Phelps | DF, SW, CM | 4.00 | |
| 3/18/2021 | 3/19/2021 | Review documents re subcontractor Main Freight and others | AR, EK | 8.30 | |
| 3/19/2021 | | Review document re trade secrets at issue | CM | 3.10 | |
| 3/19/2021 | | Review documents re Baker Williams engineering | AR | 3.20 | |
| 3/19/2021 | | Strategy and alignment call with client | AR, BB, JF, DF, JT, CM, EK, RD | 11.80 | |
| 3/19/2021 | | Interview of Ted Martin, fact witness | RD, EK | 3.80 | |
| 3/20/2021 | | Draft letter to client re preliminary arbitration hearing | DF | 1.30 | |
| 3/20/2021 | | Telephone conference with fact witness M. Wall | RD, EK | 4.60 | |
| 3/21/2021 | | Meet and confer conference with DPR re custodian of records subpoena | DF | 1.20 | |
| 3/22/2021 | | Attend conference with I. Bitterlin re trademark claims | CM | 1.90 | |
| 3/23/2021 | | Review documents re breach of contract claims | BB | 1.20 | |
| 3/23/2021 | | Strategy and alignment call with client | M | 8.70 | |
| 3/24/2021 | | Legal research and review and analysis authority re patent related claims and dismissal of 13th cause of action | JT | 4.50 | |
| 3/24/2021 | | Draft letter to DPR re evidentiary hearing subpoena | JT | 3.10 | |
| 3/24/2021 | | Telephone conference with D. Bunch re Vertiv's role, fact witness re contractor licensure | RD, EK | 3.00 | |
| 3/24/2021 | | Prepare for and attend telephone conference with fact witness K. Knott, architect | RD, EK | 3.30 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| | | **Total** | | **1,427.00** | |

| Allocation | | Hours Billed |
|---|---|---|
| P | Potentially Defamation | 33.30 |
| | | 33.30 |

# EXHIBIT 9

# NAVIGATORS V. SVO FEE REVIEW
## Re: Tyson and Mendes LLP
## Outline of Services Performed

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 11/3/2020 | 12/14/2020 | Initial intake of file and review file, complaint regarding IP and discovery disputes | GS, CM, JT, DP, DF | 17.10 | |
| 11/5/2020 | | Lengthy telephone conference with Hosshie of Gordon & Rees regarding allegations | GS | 1.10 | |
| 11/5/2020 | 11/16/2020 | Review Turn Key Agreement to determine obligations | AR, DF | 8.30 | |
| 11/8/2020 | | Emails to and from client at SVO regarding background information, facts and documents to introduce | DF | 1.40 | |
| 11/8/2020 | 11/11/2020 | Review production of documents, production of emails and privilege issues to analyze discovery dispute for production strategy | GS, CM, DF, RD | 4.20 | |
| 11/9/2020 | | Review and analyze 23 IP claims of plaintiff | GS | 3.70 | |
| 11/9/2020 | | Review of arbitration hearing transcript regarding licensing issue and demurrer defense | DF | 4.80 | |
| 11/9/2020 | | Calls and emails with client regarding prior discussions regarding production by DPR and background facts | DF | 0.90 | |
| 11/9/2020 | 12/9/2020 | Review DPR documents previously produced and discovery dispute and prepare list | DF, AR | 8.30 | |
| 11/10/2020 | | Analysis of Professions and Vocation regarding licensure issues regarding breach of contract in complaint | GS | 1.20 | |
| 11/10/2020 | | Prepare memorandum regarding general scope of lawsuit | GS | 0.80 | **P** |
| 11/10/2020 | | Prepare for and call with prior counsel regarding liability analysis | GS, DF, RD | 4.30 | |
| 11/10/2020 | 11/20/2020 | Review client's PowerPoint regarding defenses protection manipulation by plaintiff | JF, DF | 2.20 | |
| 11/11/2020 | | Analysis of arbitration transcript regarding MSJ hearing | RD | 0.90 | |
| 11/11/2020 | 11/16/2020 | Analysis of excel spreadsheet of emails between plaintiffs and subcontractors and review timeline | RD | 2.10 | |
| 11/11/2020 | 11/25/2020 | Review 4th amended complaint and review client's counter claims | RD, JT, DF | 3.60 | |
| 11/12/2020 | | File assessment regarding liability and damages and prepare outline | DF | 3.30 | **P** |
| 11/12/2020 | 11/24/2020 | Analysis of Business and Professional Code 7031 regarding licensing and requirements | RD | 3.70 | |
| 11/13/2020 | 11/19/2020 | Review and analyze letter brief on discovery issues to prepare for new matter and develop facts | RD, CM | 3.30 | |
| 11/16/2020 | | Prepare for and attend lengthy telephone conference with client [1.2, 2.1, 1.2] | GS, RD, DF | 4.50 | |

| Date From | To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 11/17/2020 | | Prepare for and attend lengthy telephone conference with client [1.7, 1.7, 1.7] | GS, RD, DF | 5.10 | |
| 11/17/2020 | | Assessment of non-witness identified and areas of anticipated testimony and assess expert witness designation | DF | 5.10 | |
| 11/17/2020 | 11/23/2020 | Review and analyze deposition of N. Lang, review exhibits and prepare summary | RD, JT, CM | 16.50 | |
| 11/17/2020 | 11/24/2020 | Analysis of Lump Sum contract | RD, JT, GS | 3.50 | |
| 11/17/2020 | 12/4/2020 | Review deposition of Andrew Miller, Financial manager and review his emails and production and prepare page line summary | RD, JT, CM | 21.00 | |
| 11/17/2020 | 12/4/2020 | Review and analyze deposition of client Ulrich Pelz and draft summary | CM, RD, DF, JT | 13.60 | |
| 11/18/2020 | | Review deposition of Randy Fetter | DF | 1.40 | |
| 11/18/2020 | | Review and analyze prior demurrer and motion to strike | DF | 1.20 | |
| 11/18/2020 | | Call with prior counsel regarding strategy for lifting stay | RD, JT | 1.20 | |
| 11/18/2020 | | Review deposition of B. McDaniel | DF | 1.30 | |
| 11/18/2020 | | Review stay order and related documents for status conference and stipulated protective order to prepare for conference with prior counsel | RD | 1.70 | |
| 11/19/2020 | | Review arbitration agreement in preparation for developing argument for further disclosure of documents | RD | 1.10 | |
| 11/19/2020 | 11/25/2020 | Analysis of best practice outlining issues and evidence for defense strategy for arbitration and moving case forward | RD, GS, DF | 2.50 | |
| 11/19/2020 | 11/30/2020 | Extensive analysis of trade secret disclosure and remaining trade secrets to determine the nature of the trade secrets | GS, DF | 3.80 | |
| 11/20/2020 | | Review allegations in D. Keith complaints to defend against Vertiv malfeasance by SVO | RD, DF | 1.00 | |
| 11/20/2020 | | Review and access strategy regarding SVO's motion to continue and plaintiff's opposition and prepare response | DF | 1.00 | |
| 11/20/2020 | | Lengthy call with client regarding strategy and motion to continue | DF | 1.60 | |
| 11/20/2020 | | Prepare outline of key issues and claims against Vertiv for further strategy | JT | 5.20 | |
| 11/22/2020 | | Several email communication with client | DF | 1.50 | |
| 11/23/2020 | | Conference with client regarding background of case | DF | 2.30 | |
| 11/23/2020 | | Analyze letters to arbitrator regarding motion to compel production | JT | 1.20 | |
| 11/23/2020 | 12/22/2020 | Review MSJ, pleadings and prior production responses for factual background and for use in motion to lift stay and motion to compel the production of further documents, prepare outline and prepare motions | JT, RD, CM, DF, AR | 45.60 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 11/24/2020 | | Review and analyze timeline specifically to determine dates related to licensure issues | RD | 1.90 | |
| 11/24/2020 | | Prepare for and lengthy call with Gordon & Rees regarding patent specifications | GS, AR | 5.50 | |
| 11/25/2020 | | Prepare section pertaining to discovery issues with Vertiv and Vertiv's damages and SVO damages | JT | 4.50 | |
| 11/27/2020 | | Review and analyze work orders regarding construction defect prepared by Casey Dunn | DF | 4.10 | |
| 11/30/2020 | | Call with client Ulrich Pelz regarding arbitration hearing | GS, DF, RD | 7.80 | |
| 11/30/2020 | | Research case law regarding discovery and lifting stay and review client's points regarding withdrawal of counsel | CM, DF | 3.40 | |
| 12/1/2020 | | Analysis of joint defense agreement between DPR and Vertiv for opening and expanding discovery and positive and negative impact | RD | 4.90 | |
| 12/1/2020 | | Attend SVO litigation team status and strategy conference call | DF, CM, JT | 3.90 | |
| 12/1/2020 | 12/7/2020 | Research and analyze case law regarding arbitrator's inability to enforce subpoena against non-party DPR | CM, RD | 6.10 | |
| 12/2/2020 | | Review and analyze interview questions for Erin Phillips | RD | 0.90 | |
| 12/2/2020 | | Review and analyze interview questions for Matt Arroyo | RD | 1.30 | |
| 12/2/2020 | | Review and analyze prior document analysis regarding Vertiv's retention protocol and policies | DF | 1.40 | |
| 12/3/2020 | | Analysis of Business and Professional Code 7031 regarding defenses to unfair business practices claim | RD | 1.40 | |
| 12/3/2020 | | Review and analyze statement from Relativity regarding contract and prepare memorandum regarding storage and costs | AR | 2.70 | |
| 12/3/2020 | 12/7/2020 | Prepare outline regarding issues to be addressed in formal appearance | RD | 1.60 | |
| 12/3/2020 | 12/7/2020 | Case law analysis relating to licensure issues and review MSA documents for licensure issues | RD | 3.40 | |
| 12/4/2020 | | Strategy call with client | DF | 1.10 | |
| 12/4/2020 | 12/7/2020 | Review 12 boxes of documents and report by KLD on 300K documents to determine the contents of data the client has access to for discovery | AR, CM | 5.80 | |
| 12/7/2020 | | Review and analyze 5,800 documents related to IP claim and prepare outline | GS | 1.50 | |
| 12/7/2020 | | Review and analyze documents regarding Tim Coate | CM | 4.10 | |
| 12/8/2020 | | Review Relativity documents relating to Swinerton Builders | CM | 4.00 | |
| 12/8/2020 | | Attend SVO litigation meeting | DF, GS, RD | 4.20 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 12/8/2020 | 12/11/2020 | Review Relativity documents relating to Ulrich Perez and develop questions for him | CM, RD, GS | 4.50 | |
| 12/8/2020 | 12/16/2020 | Review documents from Gordon Rees to determine production and format document, organize and upload into Worldox and prepare memorandum | AR | 32.10 | |
| 12/9/2020 | | Review Relativity for documents regarding Aaron Weeks | CM | 3.70 | |
| 12/9/2020 | | Review and analyze Relativity productions regarding ACCO engineer system | CM | 4.40 | |
| 12/10/2020 | | Draft letter to arbitrator regarding representation of TM and motion for continuance | DF | 1.70 | |
| 12/10/2020 | | Prepare for and strategy call with client | DF | 1.10 | |
| 12/10/2020 | | Review and analyze 4th amended complaint and turnkey agreement for allegations of patent infringement | JL, RD, GS | 7.40 | |
| 12/11/2020 | | Attend strategy meeting with client | RD, DF, GS | 3.90 | |
| 12/11/2020 | | Review scope of discovery, interviews and subpoenas for status report | GS | 1.20 | |
| 12/11/2020 | 12/14/2020 | Review summaries and charts for strategy for depositions and experts | CM | 3.00 | |
| 12/12/2020 | | Review prior counsel's notes and outlines | CM | 1.90 | |
| 12/13/2020 | | Telephone conference with client regarding status, formal appearance and request for continuance | DF | 1.10 | |
| 12/14/2020 | | Review prior counsel's correspondence with arbitrator and order and prepare outline of hearing and orders | CM | 1.40 | |
| 12/14/2020 | | Extensive review of statements of new contractor Jeff Goode | JT | 4.60 | |
| 12/14/2020 | | Review and analysis of deposition exhibits of Brandon McDaniel regarding contract breach | RD, AR | 3.50 | |
| 12/15/2020 | | Meet and confer with opposing counsel | RD, GS, DF | 2.20 | |
| 12/15/2020 | | Prepare for and conference call with client and alignment of strategy | DF | 2.30 | |
| 12/15/2020 | | Telephone conference with Ulrich Pelz | RD, GS | 2.80 | |
| 12/15/2020 | | Prepare summary of Randy Fetters deposition | JT | 5.80 | |
| 12/15/2020 | 12/16/2020 | Review and analyze Vertiv's responses to multiple sets of discovery regarding patent issues and defenses for meet and confer | JT | 6.30 | |
| 12/15/2020 | 12/21/2020 | Review arbitration rules, case law and research CCP 998 regarding settlement and draft memorandum regarding settlement options | CM | 19.80 | |
| 12/16/2020 | | Review history of background of dispute for arbitration | RD | 2.50 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 12/16/2020 | | Review and analyze transcript of motion for injunction to evaluate for trade secret claims | RD | 1.20 | |
| 12/16/2020 | | Commence review of extensive electronic file of prior counsel to assess | DF | 3.20 | |
| 12/16/2020 | 12/17/2020 | Review orders and amended claims to prepare for discussion with Murphy Austin attorneys for strategy for prosecution of defenses against breach of contract claims | RD, GS | 2.80 | |
| 12/16/2020 | 12/28/2020 | Analysis of defamation cause of action compared with other causes of action | GS, RD | 2.10 | **D** |
| 12/17/2020 | | Prepare for conference call with prior counsel, Murphy Austin and client | DF, JT, GS | 3.40 | |
| 12/17/2020 | | Review and analyze prior orders regarding motion to compel documents for trade secrets misappropriation | JL | 2.10 | |
| 12/17/2020 | | Review pre-mediation brief to prepare for further hearing of meet and confer for production of missing documents | GS | 1.70 | |
| 12/17/2020 | | Prepare updated status report | DF | 1.50 | |
| 12/17/2020 | 12/21/2020 | Review and assess pending discovery motions and status of work and prepare oppositions to plaintiff's motions | DF, JT | 7.30 | |
| 12/17/2020 | 12/23/2020 | Review and analyze documents from prior counsel Murphy Austin regarding outstanding discovery issues and meet and confer issues | JT, DF, CM, GS | 11.90 | |
| 12/18/2020 | | Preliminary review of detailed chronology prepared by prior counsel regarding construction events | DF | 4.10 | |
| 12/18/2020 | | Team strategy conference | DF, RD, JT, CM | 5.20 | |
| 12/18/2020 | | Review case summaries regarding misappropriation of IP | GS | 0.90 | |
| 12/18/2020 | | Discussions with prior counsel | DF, RD, CM | 3.50 | |
| 12/18/2020 | 12/19/2020 | Prepare outline of meet and confer topics and review discovery | RD, CM | 7.50 | |
| 12/21/2020 | | Review motion to compel in preparation of call with client and attend call | RD, GS, DF | 5.30 | |
| 12/21/2020 | | Prepare list of questions for call with prior counsel | JT | 2.30 | |
| 12/21/2020 | | Call with data center expert Ian Bitterlin | GS | 1.40 | |
| 12/21/2020 | 12/30/2020 | Review and triage of Relativity database | DF | 28.30 | |
| 12/22/2020 | | Prepare for and conference with prior counsel | CM, RD, JT, DF | 6.00 | |
| 12/22/2020 | | Conference with litigation team | CM, JT | 3.30 | |
| 12/22/2020 | | Call with client regarding law and motion moving forward | GS, RD, DF, JF, JT | 10.50 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 12/22/2020 | 12/30/2020 | Prepare section analyzing status of written discovery and production of documents for meet and confer conferences ordered by arbitration for January 4 and January 6 | JT, DF | 26.40 | |
| 12/23/2020 | | Review and analyze 294 page 4th mended complaint and outline key issues | CM, RD | 2.30 | **P** |
| 12/23/2020 | | Review and analyze MSJ hearing transcript and docket | RD | 1.60 | |
| 12/23/2020 | | Review transcript of several meet and confer hearings with opposing counsel and hearing order | CM | 8.30 | |
| 12/23/2020 | | Email exchange with client regarding discovery motions | DF | 1.10 | |
| 12/23/2020 | 12/28/2020 | Review Lump Sum Turnkey agreement for scope of authority of arbitrator, and appealability | CM | 5.00 | |
| 12/24/2020 | | Review and analyze Murphy Austin file regarding David Keith's suspect emails | CM | 3.20 | |
| 12/24/2020 | 12/28/2020 | Review and analyze Murphy Austin's file regarding SVO's non-retained expert designation | CM | 3.60 | |
| 12/26/2020 | | Review and analyze Murphy Austin's file regarding background and 78 claims | CM | 6.50 | |
| 12/28/2020 | | Conference call with client | DF | 1.50 | |
| 12/28/2020 | | Review and analyze Murphy Austin's file regarding Delaware Federal Court | CM | 2.60 | |
| 12/28/2020 | | Review case law regarding matters which may fall outside Business and Professional code section 7031 for impact on Rico and defamation defense | RD | 1.70 | **D** |
| 12/28/2020 | | Review and analyze documents relevant to exhibit A in Relativity (180 pages) | AR | 2.80 | |
| 12/28/2020 | | Strategy call with client regarding status and ordered meet and confer | DF, RD, CM, JT | 4.40 | |
| 12/28/2020 | | Draft and revise expert witness log | AR | 2.60 | |
| 12/29/2020 | | Telephone conference with prior counsel regarding appealability of arbitration award | CM | 1.70 | |
| 12/29/2020 | | Litigation team conference call with client | JT, CM, AR, RD, SW | 7.00 | |
| 12/29/2020 | | Draft memorandum regarding Vertiv's discovery motions | CM | 8.20 | |
| 12/29/2020 | | Prepare for and telephone call with Bill Finegan regarding Erin Phillips interview efforts | RD | 2.00 | |
| 12/30/2020 | | Prepare chart detailing emails by Vertiv's custodian versus total emails sent | JT | 1.60 | |
| 12/30/2020 | | Create search in Relativity to contest document production | AR | 2.40 | |

| Date | | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| From | To | | | | |
| 12/30/2020 | | Review and analyze various platforms of data from past counsel for document organization plan | SW, AR | 7.00 | |
| 12/30/2020 | 12/31/2020 | Review and analyze (Attorney eyes only) Vertiv's documents to prepare for contesting validity and meet and confer and prepare memorandum | DM, RD, AR | 25.50 | |
| 12/31/2020 | | Review and analyze Vertiv's document designation regarding merit of confidentiality designation and demand for withdrawal | DF | 4.60 | |
| 1/1/2021 | 1/31/2021 | Prepare for and attend documents production by opposing counsel designated as attorneys eyes only, review documents for production and production by subcontractors | AR, JJF, DF, JT, CM, SW, GS, JL, TM, GA | 439.70 | |
| 1/2/2021 | 2/8/2021 | Prepare for interview with E. Phillips; memorandum | AR, RP | 12.50 | |
| 1/4/2021 | | Telephone conference with U. Pelz re discovery strategy | AR, RD, JT, DF, GS | 8.40 | |
| 1/4/2021 | | Conference with Tyson litigation team | CM, JL | 2.00 | |
| 1/4/2021 | | Prepare and attend meet and confer letter re discovery issues | JR, JT, DF, RD, GS, JL | 13.80 | |
| 1/5/2021 | | Telephone conference with SVO team re arbitration | DRD | 1.40 | |
| 1/6/2021 | | Attend interview with E. Phillips | RD | 1.70 | |
| 1/6/2021 | 1/11/2021 | Legal research appealability of motions for summary judgment and discovery for letter to arbitrator | CM, GS, JT | 83.60 | |
| 1/7/2021 | | Prepare for and attend meet and confer | DF, JT, RD, CM | 4.70 | |
| 1/8/2021 | | Meeting call with team | SW | 1.20 | |
| 1/8/2021 | | Telephone conference with client re arbitration and meet and confer | JT, JF, DF | 43.00 | |
| 1/12/2021 | | Legal research challenging denial of motion to transfer | RD | 1.30 | |
| 1/12/2021 | | Telephone conference with client re arbitration and meet and confer | JT | 1.00 | |
| 1/12/2021 | 1/13/2021 | Prepare for arbitration, including review orders | JT, CM, RD, SW, GS, DF | 26.90 | |
| 1/13/2021 | | Status letter to client re arbitration | CM | 3.20 | |
| 1/13/2021 | | Attend arbitration | JT, DF, CM, GS, DF | 45.00 | |
| 1/14/2021 | | Telephone conference with client re arbitration brief | JT, GS | 4.90 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo- cation |
|---|---|---|---|---|---|
| 1/14/2021 | | Review and work up of IP issues | DF | 2.70 | |
| 1/14/2021 | | Conference with client | CM, RD, JF, DF | 8.80 | |
| 1/14/2021 | 2/26/2021 | Prepare for deposition of and declaration re HKA ESI claims | CM, DF, SW, AR | 22.30 | |
| 1/15/2021 | | Prepare for and attend Tyler litigation meeting | CM, AR, GS, JF, JT | 10.70 | |
| 1/15/2021 | | Review and analysis SVO documents re breach of contract claim | DF | 4.10 | |
| 1/15/2021 | | Prepare for site inspection | GS | 1.40 | |
| 1/15/2021 | 1/25/2021 | Draft meet and confer re ESI compliance, including declaration of KLD, redaction and privilege log | CM, JT, RD, DF | 32.60 | |
| 1/18/2021 | | Conference with client re IP issues | GS, JF | 2.90 | |
| 1/19/2021 | | Analysis of patent claims re patent exhaustion | GS | 6.10 | |
| 1/19/2021 | 1/25/2021 | Draft petition to Sacramento CA Superior Court for case number | DF, CM | 5.10 | |
| 1/19/2021 | 1/26/2021 | Draft opposition to Vertiv motion to compel records withheld by SVO | JT | 21.70 | |
| 1/19/2021 | 1/29/2021 | Draft motion to compel petition for subpoenas to contractors | JF, CM, DF | 28.00 | |
| 1/20/2021 | | Conference with client | RD, JT | 4.00 | |
| 1/20/2021 | 1/28/2021 | Outline of Vertiv expert witnesses and potential exhibits | DF, AR, SW | 11.70 | |
| 1/20/2021 | 2/1/2021 | Search of communication with all experts between the Gordon and Murphy firms, including legal research independent contractors and employees | SW, DF, AR, CM | 23.00 | |
| 1/21/2021 | | Draft memo re evidentiary rules at arbitration | CM | 2.70 | |
| 1/22/2021 | | Conference with client | CM, GS, SW, RD, JF, DF, JT, AF | 16.50 | |
| 1/22/2021 | | Prepare equipment payment schedule | GS | 1.40 | |
| 1/22/2021 | 2/3/2021 | Prepare brief for February 3 arbitration, including arbitrator's failure to control discovery abuse, Building Management Systems defect | JT, JF, CM, JT | 78.90 | |
| 1/25/2021 | | Prepare for and attend telephone conference with T. Coates re contract breaches and delay | RD | 4.50 | |
| 1/26/2021 | | Conference with experts HKA | CM, AR, GS, SW, RD, JF, DF | 17.20 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 1/26/2021 | | Telephone conference with HKA | GS, JT | 4.60 | |
| 1/26/2021 | 1/29/2021 | Draft declaration of T. Coates | RD | 13.10 | |
| 1/27/2021 | | Telephone conference with client | CM | 1.10 | |
| 1/28/2021 | 2/25/2021 | Prepare for deposition of A. Weeks, Vertiv project manager, review documents and prepare chronology | AF, AR, GS, BB | 126.50 | |
| 1/29/2021 | | Conference with client | RD, JT | 3.30 | |
| 2/1/2021 | 2/8/2021 | Continued preparation of arbitration brief, including case assessment, evidentiary issue and review complaint re defenses | CM, DF, RD, EK, AR | 56.70 | |
| 2/1/2021 | 2/24/2021 | Draft joint defense agreement between DPR and Vertiv | CM, RD | 5.60 | |
| 2/1/2021 | 2/27/2021 | Prepare for and review documents produced bsy opposing counsel designated a attorneys eyes only, review documents for production and production by subcontractors | SW, AR, JT, DF, CM | 130.20 | |
| 2/2/2021 | 2/10/2021 | Prepare for arbitration hearing | CM | 2.70 | |
| 2/4/2021 | 2/9/2021 | Draft reply in support of arbitration brief | RD, JT | 20.80 | |
| 2/5/2021 | | Attend conference call with client | DF, CM, JF, RD | 5.20 | |
| 2/8/2021 | | Attend team meeting | SW, JT | 2.40 | |
| 2/8/2021 | 2/25/2021 | Document review and conference with IT for issues expert J. Losado | CM, JT, RD | 4.00 | |
| 2/10/2021 | | Attend team meeting | DF, RD, JT | 6.30 | |
| 2/10/2021 | 2/12/2021 | Analysis of Liebert's claims for reasonable value for motion to defend | AR | 14.50 | |
| 2/11/2021 | 2/19/2021 | Post arbitration meet and confer for subcontractor subpoenas production | CM, JT | 23.70 | |
| 2/12/2021 | | Attend call with client | CM, JF, RD, JT, AR | 6.60 | |
| 2/12/2021 | | Opposition to Vertiv motion to compel SVO compliance with ESI protocol | CM | 8.70 | |
| 2/12/2021 | | Outline SVO cross-claims | CM | 1.70 | |
| 2/14/2021 | | Attend call with client | DF | 2.20 | |
| 2/15/2021 | | Review client list of non-retained experts | AR | 1.80 | |
| 2/15/2021 | 2/18/2021 | Prepare for deposition of J. Goode | DF, CM | 8.40 | |

| Date From | Date To | Description | Timekeeper | Hours Billed | Allo-cation |
|---|---|---|---|---|---|
| 2/16/2021 | | Conference with experts HKA | CM, AR, RD, JF, JT | 6.60 | |
| 2/16/2021 | 2/19/2021 | Draft summary of letter notices by SVO in support of defense | JT | 11.30 | |
| 2/19/2021 | | Attend deposition of J. Goode | CM, DF | 17.40 | |
| 2/20/2021 | 2/26/2021 | Deposition summary of J. Goode | CM | 12.90 | |
| 2/23/2021 | | Telephone conference with opposing counsel for meet and confer | DF, CM, RD, JT | 4.50 | |
| 2/25/2021 | | Strategy conference call with client | DF, CM | 2.40 | |
| 2/26/2021 | | Prepare for and attend deposition of A. Weeks | JT, RD | 16.10 | |
| | | **Total** | | **2,181.80** | |

| | Allocation | Hours Billed |
|---|---|---|
| D | Defamation | 3.80 |
| P | Potentially Defamation | 6.40 |
| | | 10.20 |

# EXHIBIT 10

**NAVIGATORS V. SVO FEE REVIEW**
**Re: Murphy Austin Adams Schoenfeld LLP**
**Fees and Costs Billed**

| Statement Date | Invoice | Fees Billed | Costs Billed | Total Billed |
|---|---|---|---|---|
| **Pre March 24, 2021** | | | | |
| 8/12/2019 | 975831 | $91,668.50 | $1,608.74 | $93,277.24 |
| 9/18/2019 | 976596 | $87,166.50 | $9,006.90 | $96,173.40 |
| 10/10/2019 | 977212 | $85,017.00 | $1,223.30 | $86,240.30 |
| 11/13/2019 | 977930 | $83,269.00 | $3,825.88 | $87,094.88 |
| 12/5/2019 | 978436 | $116,783.50 | $2,489.34 | $119,272.84 |
| 2/12/2020 | 979855 | $61,500.50 | $27,453.98 | $88,954.48 |
| 2/12/2020 | 979856 | $0.00 | $65.65 | $65.65 |
| 3/10/2020 | 980413 | $17,962.50 | $7,366.62 | $25,329.12 |
| 3/10/2020 | 980414 | $206.00 | $0.00 | $206.00 |
| **Pre March 24, 2021 Total** | | **$543,573.50** | **$53,040.41** | **$596,613.91** |
| **Grand Total** | | **$543,573.50** | **$53,040.41** | **$596,613.91** |

**NAVIGATORS V. SVO FEE REVIEW**
**Re: Morris James LLP**
**Fees and Costs Billed**

| Statement Date | Invoice | Fees Billed | Costs Billed | Total Billed |
|---|---|---|---|---|
| **Pre March 24, 2021** | | | | |
| 3/19/2019 | 535185 | $1,860.00 | $0.00 | $1,860.00 |
| 4/15/2019 | 536243 | $8,615.00 | $0.00 | $8,615.00 |
| 5/14/2019 | 537252 | $1,470.00 | $0.00 | $1,470.00 |
| 11/18/2019 | 544441 | $397.50 | $0.00 | $397.50 |
| 3/16/2020 | 549407 | $115.50 | $0.00 | $115.50 |
| **Pre March 24, 2021 Total** | | **$12,458.00** | **$0.00** | **$12,458.00** |
| **Grand Total** | | **$12,458.00** | **$0.00** | **$12,458.00** |

**NAVIGATORS V. SVO FEE REVIEW**
**Re: Law Office of Sean DeBruine**
**Fees and Costs Billed**

| Statement Date | Invoice | Fees Billed | Costs Billed | Total Billed |
|---|---|---|---|---|
| **Pre March 24, 2021** | | | | |
| 12/4/2018 | 20181204 | $2,760.00 | $0.00 | $2,760.00 |
| 1/8/2019 | 20190108 | $30,615.00 | $0.00 | $30,615.00 |
| 2/6/2019 | 20190206 | $14,365.00 | $0.00 | $14,365.00 |
| 3/6/2019 | 20190306 | $33,072.00 | $500.00 | $33,572.00 |
| 4/5/2019 | 20190405 | $22,230.00 | $0.00 | $22,230.00 |
| 5/6/2019 | 20190506 | $10,440.00 | $0.00 | $10,440.00 |
| 6/14/2019 | 20190614 | $37,440.00 | $70.00 | $37,510.00 |
| 7/8/2019 | 20190708 | $12,420.00 | $0.00 | $12,420.00 |
| 8/5/2019 | 20190805 | $21,660.00 | $0.00 | $21,660.00 |
| 9/13/2019 | 20190913 | $8,880.00 | $0.00 | $8,880.00 |
| 10/15/2019 | 20191015 | $21,120.00 | $0.00 | $21,120.00 |
| 11/4/2019 | 20191104 | $18,240.00 | $0.00 | $18,240.00 |
| 12/5/2019 | 20191205 | $24,540.00 | $0.00 | $24,540.00 |
| 3/1/2020 | 16 | $12,480.00 | $0.00 | $12,480.00 |
| **Pre March 24, 2021 Total** | | **$270,262.00** | **$570.00** | **$270,832.00** |
| **Grand Total** | | **$270,262.00** | **$570.00** | **$270,832.00** |

**NAVIGATORS V. SVO FEE REVIEW**
**Re: Gordon & Rees LLP**
**Fees and Costs Billed**

| Statement Date | Invoice | Fees Billed | Costs Billed | Total Billed |
|---|---|---|---|---|
| **Pre March 24, 2021** | | | | |
| 3/5/2020 | 20758044 | $27,033.00 | $113.68 | $27,146.68 |
| 6/7/2020 | 20795661 | $110,819.50 | $0.00 | $110,819.50 |
| 9/18/2020 | 20840908 | $109,160.00 | $7,109.29 | $116,269.29 |
| 12/15/2020 | 20880394 | $115,448.50 | $71,048.74 | $186,497.24 |
| 3/15/2021 | 20918793 | $2,466.00 | $16,577.31 | $19,043.31 |
| **Pre March 24, 2021 Total** | | **$364,927.00** | **$94,849.02** | **$459,776.02** |
| **Grand Total** | | **$364,927.00** | **$94,849.02** | **$459,776.02** |

# NAVIGATORS V. SVO FEE REVIEW
## Re: Tyson and Mendes LLP
## Fees and Costs Billed

| Statement Date | Invoice | Fees Billed | Costs Billed | Total Billed |
|---|---|---|---|---|
| **Pre March 24, 2021** | | | | |
| 12/28/2020 | 69380 | $53,392.50 | $0.00 | $53,392.50 |
| 1/6/2021 | 69624 | $0.00 | $10,000.00 | $10,000.00 |
| 1/19/2021 | 70077 | $113,883.00 | $0.00 | $113,883.00 |
| 2/25/2021 | 71980 | $212,739.50 | $1,882.30 | $214,621.80 |
| 3/19/2021 | 72765 | $119,304.00 | $388.80 | $119,692.80 |
| 4/29/2021 | 74764 | $121,819.00 | $8,858.54 | $130,677.54 |
| **Pre March 24, 2021 Total** | | **$621,138.00** | **$21,129.64** | **$642,267.64** |
| **Post March 24, 2021** | | | | |
| 4/29/2021 | 74764 | $40,670.50 | $1,035.00 | $41,705.50 |
| 6/8/2021 | 76222 | $207,044.00 | $3,530.71 | $210,574.71 |
| 7/9/2021 | 77565 | $194,998.50 | $12,763.85 | $207,762.35 |
| 8/23/2021 | 79821 | $273,175.50 | $17,652.04 | $290,827.54 |
| 8/30/2021 | 80276 | $352,267.00 | $13,480.05 | $365,747.05 |
| 10/18/2021 | 90149 | $250,361.00 | $4,272.58 | $254,633.58 |
| 11/18/2021 | 91756 | $205,081.50 | $9,381.78 | $214,463.28 |
| 12/20/2021 | 93312 | $246,283.50 | $4,760.51 | $251,044.01 |
| 1/18/2022 | 94549 | $240,190.00 | $3,440.18 | $243,630.18 |
| 2/7/2022 | 95662 | $279,066.00 | $3,795.92 | $282,861.92 |
| 3/30/2022 | 98380 | $879.38 | $7,817.91 | $8,697.29 |
| 5/4/2022 | 100030 | $0.00 | $42,929.14 | $42,929.14 |
| **Post March 24, 2021 Total** | | **$2,290,016.88** | **$124,859.67** | **$2,414,876.55** |
| **Grand Total** | | **$2,911,154.88** | **$145,989.31** | **$3,057,144.19** |

**PROOF OF SERVICE**

*Navigators Spec. Ins. Co. v. SVO Building One, LLC*
U.S.D.C., Northern District, Case No. 3:22-cv-07102-AMO

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 S. Flower Street, Suite 2900, Los Angeles, CA 90071. My email address is Shannon.Santos@wilsonelser.com.

On October 15, 2025, I served the foregoing document described as **NAVIGATORS SPECIALTY INSURANCE COMPANY'S INITIAL EXPERT WITNESS DISCLOSURES** on the interested parties in this action by sending a copy via e-mail to the electronic addresses included below:

Shawn Shaffie, Esq.
Bruce T. Smyth, Esq.
PARKER SHAFFIE LLP
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Tel.: (213) 622-4441
Fax: (213) 622-1444
Email: shaffie@parkershaffiellp.com
smyth@parkershaffiellp.com
*Attorneys for Defendant/ Counterclaimant SVO Building One, LLC*

Steven W. Murray, Esq.
STEVEN W. MURRAY, APC
14930 Ventura Blvd., Suite 205
Sherman Oaks, California 91403
Tel.: (818) 501-2277
Email: swm@psilaw.com
*Attorneys for Defendant/ Counterclaimant SVO Building One, LLC*

☒ **BY ELECTRONIC SERVICE:** I electronically served the foregoing document in PDF format to the person at the electronic service addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 15, 2025 at Los Angeles, California.

[signature]
Shannon L. Santos

EXHIBIT "3"

KPC
Legal Audit Services Inc.
AUDITORS OF PROFESSIONAL BILLINGS

550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922 • (818) 547-2900 • Facsimile: (818) 547-5329
Federal I.D. No. 95-3628599

November 12, 2025

Wilson Elser Moskowitz Edelman & Dicker
Shannon Santos
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071

Invoice No. 342561

jessica.edwards@thehartford.com; EBILL VIA BILLTRACKPRO

## INVOICE SUMMARY

**Our Matter No.: 03014 - 01809**

**RE: NAVIGATORS INSURANCE COMPANY V. SVO BUILDING ONE, LLC**
**Claim No.: 18753.00318**

| | |
|---|---|
| Total Fees | $ 47,115.50 |
| Total Disbursements and Costs Advanced | $ .00 |
| **TOTAL THIS INVOICE** | **$ 47,115.50** |
| Credits Applied | $ -3,000.00 |
| **BALANCE DUE THIS INVOICE** | **$ 44,115.50** |

EXHIBIT
7

N10515

# KPC - Legal Audit Services Inc.

Invoice No. 342561 November 12, 2025

**FOR PROFESSIONAL SERVICES RENDERED**

| Date | Description | Tkpr | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/30/25 | Review coverage complaint, answer and counterclaim, Navigator discovery responses re establishing protocol for audit; review Tyson & Mendes invoices re allocation parameters; confer with LR and KLS re same (Navigators v. SVO audit) | AEJ | 6.90 | 625.00 | 4,312.50 |
| 10/01/25 | Navigators - telephone conference with A. Jardini re background, causes of action and basis for allocation | KLS | .60 | 295.00 | 177.00 |
| 10/01/25 | Review documents from client and review invoices for prior to dismissal date, prepare list for auditing and discussion with AEJ regarding strategy and allocation | LKR | 2.70 | 295.00 | 796.50 |
| 10/02/25 | Review invoices re allocation analysis and confer with KLS re format issues | AEJ | .80 | 625.00 | 500.00 |
| 10/02/25 | Navigators - Begin review and analysis of Gordon & Reese invoices for time period before covered claim dismissal | KLS | 4.50 | 295.00 | 1,327.50 |
| 10/02/25 | Review and analyze invoices of Tyson and Mendes for significant work performed | LKR | 3.10 | 295.00 | 914.50 |
| 10/02/25 | Navigators v SVO; began entry of hours, and fees into database. | JPM | 6.60 | 155.00 | 1,023.00 |
| 10/03/25 | Continue the review and analysis of difficult invoices of Tyson and Mendes for outline of services | LKR | 4.20 | 295.00 | 1,239.00 |
| 10/03/25 | Navigators; continue tally of firm hours and fees for entry into database. | JPM | 5.10 | 155.00 | 790.50 |
| 10/06/25 | Review outline of services and data re significant billers re reasonableness analysis | AEJ | 2.20 | 625.00 | 1,375.00 |
| 10/06/25 | Navigators: Continued review and analysis of Gordon & Reese billing to isolate services performed and identify billing issues | KLS | 7.20 | 295.00 | 2,124.00 |
| 10/06/25 | Discussions regarding findings and research individual experts for allocation | LKR | 1.50 | 295.00 | 442.50 |
| 10/06/25 | Navigators; continue tally of timekeepers hours and fees for Tyson and Gordon firms on pages 1 through 322. | JPM | 6.40 | 155.00 | 992.00 |
| 10/07/25 | Begin review of the Tyson & Mendes invoices, #70077-A1 through #72765-A1, and Gordon Rees invoice #20880397-A1, and determine total hours billed per invoice. | KMG | 4.60 | 135.00 | 621.00 |
| 10/07/25 | Navigators; continued tally of hours and fees for PDF pages 290 through 361 | JPM | 3.20 | 155.00 | 496.00 |
| 10/08/25 | Call with counsel | AEJ | .60 | 625.00 | 375.00 |
| 10/08/25 | Confer with staff re report preparation | AEJ | .30 | 625.00 | 187.50 |

# KPC - Legal Audit Services Inc.

Invoice No. 342561 November 12, 2025

| Date | Description | Tkpr | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/08/25 | Continue review of the Gordon & Rees invoices, #20880397-A1 & 20918793, along with the Tyson Mendes invoice #74764, to determine total hours billed per invoice. | KMG | 5.80 | 135.00 | 783.00 |
| 10/08/25 | Navigators; continue tally of hours and fees for entry into database. | JPM | 7.20 | 155.00 | 1,116.00 |
| 10/09/25 | Review extensive claim file including subject invoices | AEJ | 2.60 | 625.00 | 1,625.00 |
| 10/09/25 | Prepare federal report | AEJ | 4.20 | 625.00 | 2,625.00 |
| 10/09/25 | Continued review and analysis of Gordon billing to isolate and tally time billed on identifiable services; finish review and begin preparation of Outline of Services; begin review and analysis for reasonableness of certain Tyson billing records, beginning January 2021 | KLS | 9.40 | 295.00 | 2,773.00 |
| 10/09/25 | Prepare outline of services as to work performed by Tyson and Mendes | LKR | 4.80 | 295.00 | 1,416.00 |
| 10/09/25 | Continue review of the Tyson Mendes invoice #74764, and begin review of the Gordon Rees invoice #20795661-A1 invoice to determine total number of hours billed per invoice. | KMG | 6.80 | 135.00 | 918.00 |
| 10/09/25 | Navigators; continue tally of timekeeper hours and fees for entry into database. | JPM | 7.10 | 155.00 | 1,100.50 |
| 10/10/25 | Continued review and analysis of Tyson billing records, including January and February 2021 and begin Outline of Services | KLS | 7.10 | 295.00 | 2,094.50 |
| 10/10/25 | Continue review of the Gordon Rees invoice #20795661-A1, to determine total number of hours billed. Begin investigation of bar admissions information for both the Gordon Rees and the Tyson firms for all the timekeepers. | KMG | 5.90 | 135.00 | 796.50 |
| 10/10/25 | Navigators; complete tally of timekeeper hours and fees. QC of all entries. Began entry of hours, fees and costs into database. | JPM | 7.70 | 155.00 | 1,193.50 |
| 10/11/25 | Review and analysis of DeBruin invoices and Morris invoices to isolate time spent on substantive tasks for coverage allocation | KLS | 5.80 | 295.00 | 1,711.00 |
| 10/11/25 | Navigators; entry of hours, fees and costs into database for Tyson and Gordon firms. QC of all entries and draft of Fees and Costs Billed, Index of Billing Personnel, and Costs Billed sub-reports. Began entry of vendor costs into database. | JPM | 4.90 | 155.00 | 759.50 |
| 10/12/25 | Finish Tyson, Gordon and Morris Outlines and begin review and analysis of Murphy invoices for reasonableness and allocation for coverage | KLS | 6.20 | 295.00 | 1,829.00 |
| 10/12/25 | Navigators; complete entry of vendor costs into database. | JPM | 3.90 | 155.00 | 604.50 |
| 10/13/25 | Review disclosure and comment, review 3 outlines of services and perform allocation analysis and edit comprehensive report | AEJ | 3.40 | 625.00 | 2,125.00 |

# KPC - Legal Audit Services Inc.

Invoice No. 342561 November 12, 2025

| Date | Description | Tkpr | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/13/25 | Continued review and analysis of Murphy law firm invoices to isolate and tally time spent on substantive tasks for allocation; review and analysis invoices from Morris for allocation; finalize Outline of Services for all firms | KLS | 8.80 | 295.00 | 2,596.00 |
| 10/13/25 | Navigators; QC of entries for Tyson, Gordon, DeBruine, Morris, and Murphy firms. Draft of Global Fees and Costs Billed sub-report. Revision to Outline of Services sub-reports for Gordon, DeBruine, Murphy and Tyson. | JPM | 4.90 | 155.00 | 759.50 |
| 10/14/25 | Finalize and edit report re expert opinions and review and approve accompanying schedules | AEJ | 1.50 | 625.00 | 937.50 |
| 10/14/25 | Finalize allocation for all firms; review and analysis Jardini report and edit | KLS | 1.10 | 295.00 | 324.50 |
| 10/14/25 | Navigators: revision to Fees and Costs Billed and Outline of Services sub-reports for Murphy, Morris, DeBruine, Tyson and Gordon firms. QC of AEJ report. | JPM | 1.70 | 155.00 | 263.50 |
| 10/16/25 | Call with counsel re edits to report | AEJ | .30 | 625.00 | 187.50 |
| 10/20/25 | Review and analysis SVO expert reports for data and detail for expert rebuttal | KLS | 1.30 | 295.00 | 383.50 |
| 10/22/25 | Review reports of opposing experts and call with counsel | AEJ | .80 | 625.00 | 500.00 |

**TOTAL FEES** **$ 47,115.50**

**TIMEKEEPER SUMMARY**

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| SCOTT, K L | Auditor | 52.00 | 295.00 | 15,340.00 |
| ROSENBERGER, L K | Auditor | 16.30 | 295.00 | 4,808.50 |
| GALLOWAY, K M | Asst. Auditor | 23.10 | 135.00 | 3,118.50 |
| JARDINI, A E | Director | 23.60 | 625.00 | 14,750.00 |
| MURPHY, J P | Project Manager | 58.70 | 155.00 | 9,098.50 |
| **Total** | | **173.70** | | **$ 47,115.50** |

| | |
|---|---|
| **TOTAL THIS INVOICE** | **$ 47,115.50** |
| Credits Applied | $ -3,000.00 |
| **BALANCE DUE THIS INVOICE** | **$ 44,115.50** |

KPC
Legal Audit Services Inc.
AUDITORS OF PROFESSIONAL BILLINGS

550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922 • (818) 547-2900 • Facsimile: (818) 547-5329
Federal I.D. No. 95-3628599

November 12, 2025

Wilson Elser Moskowitz Edelman & Dicker
Shannon Santos
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071

Invoice No. 342561

## REMITTANCE ADVICE

**Our Matter No.: 03014 - 01809**

**RE: NAVIGATORS INSURANCE COMPANY V. SVO BUILDING ONE, LLC**

| | |
|---|---|
| **BALANCE DUE THIS INVOICE** | **$ 44,115.50** |

**All checks should be made payable to:**

**KPC - Legal Audit Services Inc.**

ATTN: Accounts Receivable
550 North Brand Blvd., Suite 1500
Glendale, CA 91203-1922

(Please return this page with payment.)

When making a payment, please reference Our Matter No. **03014.01809** and Invoice No. **342561**.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 W. 6th Street, Suite 500, Los Angeles, CA 90017.

On December 1, 2025, I served true copies of the following document(s) described as **DECLARATION OF BRUCE T. SMYTH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

| | |
|---|---|
| David Simantob, Esq.<br>Shannon L. Santos, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071 | Attorneys for Plaintiff **NAVIGATORS SPECIALTY INSURANCE COMPANY**<br>Telephone: (213) 443-5100<br>Facsimile: (213) 443-5101<br>E-mail: David.Simantob@wilsonelser.com<br>Shannon.Santos@wilsonelder.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 1, 2025, at Los Angeles, California.

[signature]

Ben Barragan