David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant.<br>_____<br>SVO BUILDING ONE, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-Defendant. | Case No. 3:22-cv-07102-AMO<br>Hon. Araceli Martínez-Olguín<br>Courtroom 10<br><br>**NAVIGATORS SPECIALTY INSURANCE COMPANY'S AMENDED RESPONSES TO SVO BUILDING ONE, LLC'S INTERROGATORIES, SET NO. ONE**<br><br>Action Filed: November 14, 2022<br>Trial Date: July 14, 2026 |

PROPOUNDING PARTY: Defendant/Counterclaimant SVO Building One, LLC

RESPONDING PARTY: Plaintiff/Counter-Defendant Navigators Specialty Insurance Company

SET NO.: One

/ / /

Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") hereby provides its amended responses to certain of the Interrogatories, Set No. One, propounded by Defendant/Counterclaimant SVO Building One, LLC ("SVO").

**GENERAL OBJECTIONS**

1. Navigators objects to the extent the Interrogatories are vague, ambiguous, uncertain, overly broad, calls for speculation, or are not reasonably calculated to lead to the discovery of admissible evidence.

2. Navigators objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the litigation privilege, or any other lawfully recognized privilege or immunity which may attach to the information requested.

3. Navigators objects to the Interrogatories to the extent they seek information protected from disclosure as trade secret, proprietary, and/or confidential.

4. Navigators objects to the Interrogatories to the extent they seek information not within the care, custody, or control of Navigators.

5. Navigators objects to the Interrogatories to the extent they seek information which is equally available to SVO.

6. Navigators objects to the Interrogatories to the extent they seek information which can be obtained by less intrusive means or is already in the SVO's care, custody, or control.

7. Navigators objects to the Interrogatories to the extent they are burdensome and seek information which is not proportional to the needs of the case.

8. Navigators objects to the Interrogatories as vague and ambiguous as, under the "DEFINITIONS" section, there appear to be instructions as far as the responses to the Interrogatories are concerned. As these instructions as identified as "DEFINITIONS," the information is unclear and nonsensical.

9. Navigators objects to the Interrogatories as any instructions under the "DEFINITIONS" section attempt to impose on Navigators obligations that exceed the discovery rules under the Federal Rules of Civil Procedure and Local Rules.

Navigators has not yet completed its investigation and discovery of this matter. The following responses are provided to the best of Navigators' ability and understanding at this time. Discovery is continuing, and Navigators reserves the right to supplement these responses as additional information becomes available.

These General Objections are incorporated by reference as though fully set forth into each response to the Requests.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES that YOU contend is solely allocable to a NON-COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 1:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects that the phrase "NON-COVERED CLAIM" is capitalized, suggesting it is a defined phrase, but SVO's discovery does not include such a definition. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: As Navigators previously advised SVO, all fees and costs incurred after the March 24, 2021 dismissal of the allegations of defamation in the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action") were not potentially covered under Navigators Policy No. LA17CGL219162IC issued to SVO effective July 12, 2017 to August 12, 2019 ("Policy"). Navigators paid approximately $2,998,457.50 for such fees and costs. Prior to the dismissal, all fees and costs incurred in defense of any claim other than allegations that SVO disparaged the underlying claimant, Vertiv (formerly known as Liebert Corporation) ("Claimant"), were not potentially covered under the Policy. These defamation allegations were limited to one of 18 causes of action asserted by the Claimant in the Fourth Amended Complaint. Navigators paid approximately $2,497,187.09 for all fees and costs incurred prior to the March 24, 2021 dismissal of the defamation cause of action. Virtually all (if not all) of that amount was incurred in defense of uncovered claims. Navigators is entitled to recovery of all fees and costs incurred in defense of such uncovered claims. Discovery is continuing, and Navigators reserves the right to amend this response accordingly, including once expert analysis has been completed.

**<u>AMENDED RESPONSE TO INTERROGATORY NO. 1:</u>**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects that the phrase "NON-COVERED CLAIM" is capitalized, suggesting it is a defined phrase, but SVO's discovery does not include such a definition. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege.

Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, and in accordance with the Court's November 5, 2025 order, Navigators responds as follows: Navigators incorporates by reference the "Rule 26 Expert Report of André E. Jardini" dated October 14, 2025 ("Jardini Expert Report") as if set forth herein in full. The Jardini Expert Report provides a line-by-line allocation of all attorneys' fees billed in defense of SVO in the action entitled *Liebert Corporation v. SVO Building One, LLC*, American Arbitration Association, Case No. 01-18-0003-1318 ("Underlying Action") which do not relate to the defamation allegations and, thus, were not potentially covered under Navigators Policy No. LA17CGL219162IC ("Policy"). The expert opined that, "[t]he services rendered after March 24, 2021, the date the defamation claim was formally dismissed, are subject to reimbursement in total. After that date, the potential for defamation claim did not exist." (Jardini Expert Report, ¶ 53.) Each and every time entry entered by Tyson & Mendes LLP ("Tyson & Mendes") after March 24, 2021 was incurred in defense of uncovered claims. As to the time incurred by Tyson & Mendes in defense of the Underlying Action before March 24, 2021, Navigators' expert opined that, "[n]o potential coverage existed" for 17 of the 18 claims in the Underlying Action asserted against SVO as "[p]otential coverage existed only as to the defamation claim." (Jardini Expert Report, ¶ 45.) Moreover, "very little time was expended related to the defamation claim." (Jardini Expert Report, ¶ 56.) Based on a review of the time entries incurred, the expert determined that only 1% of the time incurred prior to the dismissal went to the defamation claim and "certainly less than 3%." (Jardini Expert Report, ¶¶ 59-61.) For this reason, the expert opined that "97% of fees and costs incurred before March 24, 2021 are recoverable by Navigators." (Jardini Expert Report, ¶ 64.) Based on this expert analysis, **at least $5,420,728.98** Navigators paid in SVO's defense of the Underlying Action is subject to reimbursement in this action.

Exhibit 9 to the Jardini Expert Report identifies the following time entries billed by Tyson &

Mendes before the defamation cause of action was dismissed in the Underlying Action that are potentially covered under the Policy:

| Date | Description | Timekeeper(s) | Hours | Allocation[1] |
|---|---|---|---|---|
| 11/10/20 | Prepare memorandum regarding general scope of lawsuit | GS | 0.80 | P |
| 11/12/20 | File assessment regarding liability and damages and prepare outline | DF | 3.30 | P |
| 12/16-28/20 | Analysis of defamation cause of action compared with other causes of action | GS, RD | 2.1 | D |
| 12/23/20 | Review and analyze 294 page 4th amended complaint and outline key issues | CM, RD | 2.3 | P |
| 12/28/20 | Review case law regarding matters which may fall outside Business and Professional code section 7031 for impact on Rico and defamation defense | RD | 1.7 | D |
| | **TOTAL:** | | **10.2** | |
| | **Allocated to Defamation:**<br><br>**Allocated to Potentially Covered:** | | 3.8<br><br>6.4 | |

Each and every other time entry billed by Tyson & Mendes is solely allocable to defense of a claim in the Underlying Action that did not come within the Policy's Insuring Agreement, was never potentially covered, and is recoverable by Navigators in this action.

**INTERROGATORY NO. 2:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to TYSON & MENDES in the UNDERLYING ACTION that YOU contend is recoverable by YOU under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997).

/ / /

[1] The Jardini Expert Report uses "P" to reflect time that is potentially related to the defamation allegations and "D" to reflect time that is related to the defamation allegations.

**RESPONSE TO INTERROGATORY NO. 2:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**AMENDED RESPONSE TO INTERROGATORY NO. 2:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks

information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, and in accordance with the Court's November 5, 2025 order, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**INTERROGATORY NO. 3:**

IDENTIFY each and every BILLING ENTRY of attorney's fees that YOU paid to GRSM that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 3:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of

Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**AMENDED RESPONSE TO INTERROGATORY NO. 3:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "BILLING ENTRY" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual time entries incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, and in accordance with the Court's November 5, 2025 order, Navigators responds as follows: Navigators incorporates by reference the Jardini Expert Report as if set forth herein in full. The Jardini Expert Report provides a line-by-line allocation of all attorneys' fees billed in defense of SVO in the Underlying Action which were not potentially covered under the Policy. As to the time incurred by Gordon Rees Scully Mansukhani ("Gordon Rees") before the defamation cause of action was dismissed in the Underlying Action on March 24, 2021, Navigators' expert opined that, "[n]o potential coverage existed" for 17 of the 18 claims in the Underlying Action asserted against SVO as "[p]otential coverage existed only as to the

defamation claim." (Jardini Expert Report, ¶ 45.) Moreover, "very little time was expended related to the defamation claim." (Jardini Expert Report, ¶ 56.) Based on a review of the time entries incurred, the expert determined that only 1% of the time incurred prior to the dismissal went to the defamation claim and "certainly less than 3%." (Jardini Expert Report, ¶¶ 59-61.) For this reason, the expert opined that "97% of fees and costs incurred before March 24, 2021 are recoverable by Navigators." (Jardini Expert Report, ¶ 64.) Based on this expert analysis, **at least $5,420,728.98** Navigators paid in SVO's defense of the Underlying Action is subject to reimbursement in this action.

Exhibit 8 to the Jardini Expert Report identifies the following time entries billed by Gordon Rees before the defamation cause of action was dismissed in the Underlying Action that are potentially covered under the Policy:

| Date | Description | Timekeeper(s) | Hours | Allocation |
|---|---|---|---|---|
| 3/2/20-4/24/20 | Draft chronology of events | IHB, KM | 7.0 | P |
| 3/5/20 | Prepare for and attend meeting with arbitrator | IHB, DS | 1.4 | P |
| 3/24/20 | Prepare for and attend call with arbitrator; summary to client | IHB, DH, DS | 1.6 | P |
| 4/5/20 | Prepare for and attend call with arbitrator | DH, IHB, DS | 1.4 | P |
| 4/9/20 | Review argument on client's 2019 demurrer and motion to strike | IHB | 1.1 | P |
| 5/6/20 | Prepare for and attend call with arbitrator Fisher | DH, IHB | 1.9 | P |
| 7/7-8/20 | Prepare for hearing before arbitrator, including presentation and oral argument on 11 motions | IHB, DB | 4.8 | P |
| 7/8/20 | Conference with arbitrator Fisher | DH, DS, IHB | 6.1 | P |
| 7/31/20 | Prepare for and attend oral argument with arbitrator on continuances | DH, IHB | 2.0 | P |
| 10/9/20 | Attend call with arbitrator Fisher | DH, IHB | 2.2 | P |

| | | | | |
|---|---|---|---|---|
| 3/8-12/21 | Review documents and status report re defects and delay claims | BB | 3.8 | P |
| | **TOTAL:** | | **33.3** | |
| | **Allocated to Potentially Covered:** | | **33.3** | |

Each and every other time entry billed by Gordon Rees is solely allocable to defense of a claim in the Underlying Action that did not come within the Policy's Insuring Agreement, was never potentially covered, and is recoverable by Navigators in this action.

**INTERROGATORY NO. 4:**

IDENTIFY each and every cost or expense YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 4:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to

Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference as if set forth in full.

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, and in accordance with the Court's November 5, 2025 order, Navigators responds as follows: Navigators previously produced its calculations on the total costs incurred in defense of SVO in the Underlying Action at N09905-09908. Navigators directs SVO to that portion of its production for the response to this Interrogatory, which provides identification of the costs incurred before and after the dismissal of the defamation cause of action in the Underlying Action. The produced spreadsheet at N09905-09908 shows that the amounts paid, minus those for Gordon Rees and Tyson & Mendes, total $1,587,054.39 before March 24, 2021 and $1,937,111.44 after March 24, 2021. As noted in response to Interrogatory No. 1, which is incorporated herein by reference as if set forth in full, at most 3% of the time spent on SVO's defense of the Underlying Action was for potentially covered claims under the Policy. Therefore, at least 97% of the $1,587,054.39 in costs incurred before

March 24, 2021 were for uncovered claims and subject to reimbursement for a total of $1,539,442.76. After the defamation cause of action was dismissed, no other claim in the Underlying Action was potentially covered under the Policy, and the costs are subject to reimbursement at 100% for a total of $1,937,111.44. Based on the expert analysis set forth in the Jardini Expert Report, Navigators is entitled to recovery of at least $3,476,554.20 in costs and expenses paid in defense of the Underlying Action as not potentially covered under the Policy.

**INTERROGATORY NO. 5:**

IDENTIFY each and every expert fee or consultant fee YOU paid during the defense of SVO in the UNDERLYING ACTION that YOU contend is solely allocable to a NON-POTENTIALLY COVERED CLAIM in the UNDERLYING ACTION.

**RESPONSE TO INTERROGATORY NO. 5:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual fees and costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

Subject to and without waiving the foregoing objections, Navigators responds as follows: Navigators' response to this Interrogatory is the same as the response set forth above with respect to Interrogatory No. 1. Navigators' response to Interrogatory No. 1 is incorporated herein by reference

as if set forth in full.

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Navigators incorporates by reference the General Objections set forth above as though fully set forth herein. Navigators objects to the definition of "IDENTIFY" in connection with a "cost, expense, consulting or expert fee" as seeking four types of information, making the Interrogatory inherently compound and exceeding the discovery limits imposed by statute. Navigators objects to the definition of "YOU" as unduly burdensome and harassing by seeking information in possession of Navigators' "officers, directors, employees, shareholders, agents, representatives, attorneys, and persons authorized to act on" Navigators' behalf, which necessarily seeks information outside of Navigators' care, custody, and control. Navigators objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or the litigation privilege. Navigators objects to this Interrogatory on the ground that it calls for a legal conclusion and expert testimony, which is not obligated to be produced at this point in discovery. Navigators objects to this Interrogatory on the ground that it is overbroad, burdensome, and harassing by seeking identification of individual fees and costs incurred over more than two years of Navigators' defense of SVO despite Navigators' prior production of the invoices.

/ / /

/ / /

Subject to and without waiving the foregoing objections, and in accordance with the Court's November 5, 2025 order, Navigators responds as follows: Navigators previously produced its calculations on the total costs incurred in defense of SVO in the Underlying Action at N09905-09908. Navigators directs SVO to that portion of its production for the response to this Interrogatory, which provides identification of the expert and consultant fees incurred before and after the dismissal of the defamation cause of action in the Underlying Action. The produced spreadsheet at N09905-09908 shows which amounts were paid for each vendor. All expert and consultant fees and costs identified in the spreadsheet are recoverable at 100% as no experts in the Underlying Action were involved in SVO's defense of the defamation allegations.

Dated: November 19, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: ______________________________
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**VERIFICATION**

I, Angel L. Muth, am a Director of Global Specialty Claims for Navigators Specialty Insurance Company ("Navigators"), a party to the above-entitled action. I am authorized to execute this verification on behalf of Navigators. I have read the foregoing **NAVIGATORS SPECIALTY INSURANCE COMPANY'S AMENDED RESPONSES TO SVO BUILDING ONE, LLC'S INTERROGATORIES, SET NO. ONE**, and know its contents. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true based on my own knowledge and my review of Navigators' records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 18, 2025 at Hartford, Connecticut.

Angel Muth
Angel L. Muth

# PROOF OF SERVICE

*Navigators Spec. Ins. Co. v. SVO Building One, LLC*
U.S.D.C., Northern District, Case No. 3:22-cv-07102-AMO

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 S. Flower Street, Suite 2900, Los Angeles, CA 90071. My email address is Shannon.Santos@wilsonelser.com.

On November 19, 2025, I served the foregoing document described as **NAVIGATORS SPECIALTY INSURANCE COMPANY'S AMENDED RESPONSES TO SVO BUILDING ONE, LLC'S INTERROGATORIES, SET NO. ONE.** on the interested parties in this action by sending a copy via e-mail to the electronic addresses included below:

Shawn Shaffie, Esq.
Bruce T. Smyth, Esq.
PARKER SHAFFIE LLP
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Tel.: (213) 622-4441
Fax: (213) 622-1444
Email: shaffie@parkershaffiellp.com
smyth@parkershaffiellp.com
*Attorneys for Defendant/ Counterclaimant SVO Building One, LLC*

Steven W. Murray, Esq.
STEVEN W. MURRAY, APC
14930 Ventura Blvd., Suite 205
Sherman Oaks, California 91403
Tel.: (818) 501-2277
Email: swm@psilaw.com
*Attorneys for Defendant/ Counterclaimant SVO Building One, LLC*

☒ **BY ELECTRONIC SERVICE:** I electronically served the foregoing document in PDF format to the person at the electronic service addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 19, 2025 at Los Angeles, California.

Shannon L. Santos