David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant.<br>———————————————<br>SVO BUILDING ONE, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-Defendant. | Case No. 3:22-cv-07102-AMO<br>Hon. Araceli Martínez-Olguín<br>Courtroom 10<br><br>**NAVIGATORS SPECIALTY INSURANCE COMPANY'S REQUEST TO STRIKE SVO BUILDING ONE, LLC'S EVIDENTIARY OBJECTIONS TO MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with Reply]<br><br>Hearing Date: March 5, 2026<br>Time: 2:00 p.m.<br>Courtroom: 10, 19th Floor<br><br>Action Filed: November 14, 2022<br>Trial Date: July 14, 2026 |

/ / /

/ / /

Navigators Specialty Insurance Company ("Navigators") hereby requests the Court strike and not consider the Evidentiary Objections to Declaration of Angel Muth [Doc. 107] ("Objections") filed by SVO Building One, LLC ("SVO") in opposition to Navigators' Motion for Summary Judgment [Doc. 100] ("Motion").

Pursuant to L.R. 7-3(a), "[a]ny evidentiary and procedural objections to the motion must be contained **within** the brief or memorandum. Pursuant to Civil L.R. 7-4(b), such brief or memorandum may not exceed 25 pages of text." (Emphasis added.) The Opposition to the Motion [Doc. 106] is 25 pages long. Therefore, the additional five pages in the Objections, which were not included in the Opposition brief, should be stricken from the record for SVO's failure to comply with statutory authority.

In addition to being procedurally flawed, the Objections substantively fail as not providing a legal basis to dispute the factual statements made in the Declaration of Angel Muth in support of Navigators' Motion [Doc. 100-1] ("Angel Dec.").

- **SVO's Objection No. 1:** The Objections start by taking issue with the foundational statements in the Angel Dec., which establishes the declarant's basis for the personal knowledge contained in the document, including the declarant's title, employer, involvement in the subject insurance claim SVO submitted to Navigators as the primary claims adjuster, and familiarity with the business records associated with the claim. (Angel Dec., ¶ 1.) There is no basis for SVO's objection that the Angel Dec. fails to "provide foundation" for the other factual statements in the declaration. (Objections, 2:4-14.) It is hard to comprehend who SVO contends would be more familiar with SVO's claim at Navigators than the primary claims adjuster who handled the claim. Such foundational information is not hearsay nor does it lack personal knowledge as SVO claims. (Objections, 2:13-17.) Navigators does not dispute that the Angel Dec. is prejudicial to SVO's claims in this action since the declaration supports the bases for summary judgment to be granted in Navigators' favor. Such factual statements though are not objectionable just because they are harmful to SVO's case nor has SVO provided the Court with any reason to believe the statements are false or misleading. SVO had an opportunity to depose the claims adjuster during discovery in this case and opted not to. [Doc. 104-1, Declaration of Shannon Santos ("Santos Dec."), ¶ 4.] SVO lacks a basis to

object to the veracity of the factual statements in the Angel Dec. when it lacks any information about the declarant's personal knowledge. While SVO's Objection No. 1 disputes the factual information contained in paragraph 13 of the Angel Dec. (Objections, 2:4-17), the objection is directed to paragraph 1 only (Objections, 1:8-11) and does not require a response to paragraph 13.

- **SVO's Objection No. 2:** SVO's second objection continues with the foundational arguments, which are addressed above. Neither the declarant nor Navigators had any obligation to put the information SVO wants in the declaration, including when SVO hired its counsel, what billing was performed by "any" law firm, or "how, when, or whether" Navigators received any bills "related to costs or claims." (Objections, 2:25-3:8.) The declaration includes the factual information necessary to support Navigators' Motion, not SVO's Opposition to the Motion. Navigators does not understand SVO's sentence "what Plaintiff was informed as to any other entity retaining any other firm" to respond thereto. (Objections, 3:2-3.) SVO contention that Navigators was "provided copies of those bills" in discovery refutes its own statement that the declaration contains false information. (Objections, 3:14-19.) If SVO provided the invoices for the first time in discovery, then they were never provided to Navigators, instead being provided to Navigators' counsel, and confirms that SVO did not provide any such documentation during the handling of the claim to Navigators.

- **SVO's Objection No. 3:** SVO's foundational issues are addressed above. As in all of the objections, SVO's conclusion that "any information offered by Declarant is **likely** based upon hearsay" is unpersuasive and lacks and reasoning whatsoever. (Objections, 4:6-9 (emphasis added).) SVO provides the Court with no basis for believing the declaration constitutes hearsay, instead apparently relying on SVO's hunch that the information the declarant relied upon in stating her personal knowledge was hearsay.

/ / /

/ / /

- **SVO's Objection No. 4:** SVO's foundational issues are addressed above. There is no requirement that "any corresponding exhibit" be offered in support of the Motion (Objections 4:24-28) as the Angel Dec. is the evidence that supports the Motion. It is particularly reprehensible that SVO questions the calculations included in the Angel Dec. as, through discovery, Navigators has produced invoices, evidence of payments, interrogatory responses, and an internal Navigators spreadsheet that show how these amounts were calculated. [Doc. 104-1, Santos Dec., ¶ 2.] Regardless, the witness is permitted to declare the total calculations even if Navigators had not previously produced all supporting documents to SVO. For purposes of the Motion, the witness's statement is sufficient evidence to establish the factual statements made in connection with the Motion.

Dated: December 22, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: /s/ Shannon L. Santos
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*