Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Behnam M. Parvinian
parvinian@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br><br>[Assigned to Hon. Araceli Martínez-Olguín]<br><br>**DEFENDANT SVO BUILDING ONE, LLC'S NOTICE OF MOTION AND MOTION TO STRIKE NAVIGATORS SPECIALTY INSURANCE COMPANY'S OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS ANDRÉ E. JARDINI**<br><br>Date: March 5, 2026<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

/ / /

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 5, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Araceli Martínez-Olguín, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant and Counterclaimant SVO Building One, LLC ("SVO") will and hereby does move this Court to strike Plaintiff and Counter-defendant Navigators Specialty Insurance Company's Opposition to Motion to Exclude Testimony of Expert Witness André E. Jardini, which violates Hon. Martínez-Olguín's Standing Order for Civil Cases (revised on November 14, 2025), limiting opening and responsive *Daubert* motions to five pages.

This motion is made pursuant to the Court's inherent authority to enforce its orders and manage its docket, Federal Rule of Civil Procedure 83, and the Court's local rules and Standing Order. SVO respectfully requests that the Court strike Navigators' Opposition in its entirety. In the alternative, SVO respectfully requests that the Court disregard all pages and arguments beyond page 5 of Navigators' Opposition.

This motion is based on this Notice, the following Memorandum of Points and Authorities, the pleadings and records on file, and any argument or evidence presented at the hearing.

DATED: December 22, 2025 **PARKER SHAFFIE LLP**

By: Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 15, 2025, Navigators filed an Opposition exceeding 20 pages in clear violation of the Standing Order limiting such filings to five pages absent prior leave. Navigators sought no leave and offered no justification for its violation of the Standing Order. Courts in this Circuit regularly enforce page limits by striking noncompliant filings or refusing to consider the excess pages. The same remedy is warranted here to vindicate the Court's Standing Order, ensuring fairness and equity. Navigators' overlength filing forces SVO to respond to quadruple the permitted argument and prejudices the orderly administration of this case.

## II. LEGAL STANDARD

District courts possess inherent authority to manage their dockets and to enforce compliance with court orders, including by striking noncompliant filings. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)) (recognizing district courts' inherent power to strike filings from docket as sanction for litigation conduct). The Ninth Circuit has affirmed striking filings that exceed court-imposed page limits. Rule 83 authorizes district courts to adopt and enforce local rules and standing orders governing practice in their court. *See* Fed. R. Civ. P. 83(a)–(b). Federal courts in California have enforced local rules and standing orders on brief length by striking or refusing to consider oversized filings and imposing sanctions for noncompliance. *See*, *e.g.*, *Conservation Congress v. United States Forest Serv.*, 409 F.Supp.3d 861, (E.D. Cal. 2019) (refusing to consider arguments beyond the 5-page limit); *Beasley v. Lucky Stores, Inc.*, 400 F.Supp.3d 942, 950 (N.D. Cal. 2019) (finding that the inclusion of 19 footnotes containing substantive legal arguments totaling nearly five pages was inappropriate, ultimately refusing to consider arguments raised solely in the footnotes).

## III. ARGUMENT

Enforcing page limits protects this Court's ability to manage its docket, promotes fairness, and prevents parties from securing an unfair advantage by expanding arguments beyond what the

Court has authorized. Here, the violation is plain. The Standing Order caps the motion at five pages. When SVO drafted its *Daubert* motion, it had to cut down its arguments significantly in order to comply with the Standing Order. Navigators' then filed a more-than-twenty-page Opposition without having sought leave. That is sufficient to strike the Opposition in its entirety. Forcing SVO to respond to quadruple the permitted argument is unfair and prejudices the orderly administration of this case, especially considering the fact that the Standing Order imposes a 3-page limit on such replies. Given Navigators' failure to adhere to the page-limit requirement, SVO is unable to respond to all of Navigators' arguments raised in its Opposition exceeding 20 pages.

If the Court prefers a less severe remedy, it must disregard any and all pages beyond page five of the Opposition. Courts regularly decline to consider arguments beyond a prescribed limit. *See Conservation Cong.*, 409 F.Supp.3d at 888. Such relief will alleviate the prejudice to SVO while preserving the Court's control over proceedings.

The Standing Order controls and is more restrictive than default local rules. *See* N.D. Cal. Civ. L.R. 7-4(b) (25 pages for opening and opposition briefs; 15 for replies; court orders may set different limits). Where, as here, the Standing Order limits a motion to five pages, any filing in excess without leave is improper and subject to striking or other remedial measures.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should strike Navigators' twenty-page Opposition in its entirety for violating the Court's five-page limit. In the alternative, the Court should disregard all pages beyond page 5.

DATED: December 22, 2025

**PARKER SHAFFIE LLP**

By: *Bruce T. Smyth* [signature]

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**