Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br>[Assigned to Hon. Araceli Martínez-Olguín]<br><br>**DEFENDANT SVO BUILDING ONE LLC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | Date: March 5, 2026<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor<br><br>*[Declaration of Bruce T. Smyth in Support of Reply Memorandum Filed Concurrently]* |

/ / /

/ / /

# TABLE OF CONTENTS

**Page**


MEMORANDUM OF POINTS AND AUTHORITIES .......... 2

I. INTRODUCTION .......... 2

II. NAVIGATORS DID NOT APPLY THE CORRECT STANDARD IN DETERMINING THE FEES AND EXPENSES IT CONTENDS SHOULD BE REIMBURSED TO IT .......... 3

III. NAVIGATORS' REPLY CONFIRMS THAT IT DID NOT APPLY ANY CONSISTENT OR COGNIZABLE STANDARD IN ALLEGEDLY DETERMINING REIMBURSABLE FEES OR EXPENSES. .......... 4

A. Navigators Fails To Respond To The Deficiencies In Jardini's Report .......... 9

IV. NAVIGATORS HAS FAILED TO MEET ITS BURDEN FOR REIMBURSEMENT FOR FEES AND EXPENSES INCURRED AFTER THE DISMISSAL OF THE DEFAMATION CAUSE OF ACTION .......... 10

IV. NONE OF THE CASES CITED BY NAVIGATORS ESTABLISH THAT THE DISMISSAL WITHOUT PREJUDICE ELIMINATES THE DUTY TO DEFEND. .......... 12

A. Navigators Has Not Met Its Burden Of Establishing Expert And Consultant Fees And Expenses Solely Allocable To Claims Not Even Potentially Covered .......... 15

V. NAVIGATORS WAS OBLIGATED TO DEFEND CLAIMS OF LOSS OF USE OF PROPERTY THAT WAS NOT PHYSICALLY DAMAGED .......... 16

VI. CONCLUSION .......... 16

# TABLE OF AUTHORITIES

**Page**

## CASES

*Borg v. Transamerica Corp.*,
47 Cal. App. 4th 448 (1996) .......... 16

*Buss v. Superior Court*,
16 Cal. 4th 35 (1997) .......... 2, 3, 4, 15

*California Union Ins. Co. v. Club Aquarius, Inc.*,
113 Cal. App. 3d 243 (1980) .......... 13

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 2

*Columbia Cas. Co. v. Abdou*,
2016 WL 4417711 (S.D. Cal August 18, 2016) .......... 8

*First One Lending Corp. v. Hartford Cas. Ins. Co.*,
664 Fed Appx. 619 (9th Cir. 2016) .......... 14

*Gers, Inc. v. Atlantic Mut. Ins. Co.*,
2005 WL 8166038 (S.D. Cal. Mar. 29, 2005) .......... 12

*Gers, Inc. v. Atlantic Mut. Ins. Co.*,
2005 WL 8166040 (S.D. Cal. Oct. 19, 2005) .......... 12

*Golden Eagle Ins. Corp. v. Cen-Fed, Ltd.*,
148 Cal. App. 4th 976 (2007) .......... 16

*Great Am. E & S Inc. Co. v. Theos Ed. Sys., Inc.*,
357 F. Supp. 3d 953 (N.D. 2019) .......... 14

*Jaffe v. Cranford Ins. Co.*,
168 Cal. App. 3d 930 (1985) .......... 14

*Kazi v. State Farm Fire & Cas. Co.*,
24 Cal. App. 4th 871 (2001) .......... 16

*Lumbermens Mut. Cas. Co. V. Corning, Inc.*,
2008 WL 11337841 (C.D. Cal. 2008) .......... 14

*Lumbermens Mut. Cas. Co. v. Corning, Inc.*,
2009 WL 10675707 (C.D. Cal. May 22, 2009) .......... 8

*Millenium Lab., Inc. v. Darwin Select Ins. Co.*,
676 Fed. Appx. 734 (9th Cir. Jan. 27, 2017) .......... 13

*Pacific Coast Surgical Ctr, LP. v. Scottsdale Ins. Co.*,
2019 WL 4390565 (C.D. Cal. June 25, 2019) ................................................ 13

*Royce Int'l Broad. Corp. v. Vigilant Ins. Co.*,
51 Fed. Appx. 229 (9th Cir. 2002) ................................................................ 16

*San Miguel Comm. Assn. v. State Farm Gen. Ins. Co.*,
220 Cal. App. 4th 798 (2013)........................................................................ 14

*Scottsdale Ins. Co. v. MV Transp.*,
36 Cal. 4th 643 (2005).................................................................................. 11

*State Farm Fire & Cas. Co. v. Plutsky*,
848 F. 2d 199, 1998 WL 53926 (9th Cir. May 23, 1988) ............................... 13

*Storek v. Fidelity & Guar Ins. Underwriters, Inc.*,
504 F. Supp. 2d 803 (N.D. Cal. 2007) .......................................................... 13

*Thee Sombrero, Inc. v. Scottsdale Ins. Co.*,
28 Cal. App. 5th 729 (2018).......................................................................... 16

*Travelers Indem. Co. of Conn. v. Walking U Ranch,* LLC,
2022 WL 762303 (March 10, 2022)............................................................... 13

*WAWGD, Inc. v. Sentinel Ins. Co.*,
2017 WL 4340437 (S.D. Cal. September 29, 2017) ....................................... 16

*Westfield Ins. Co. v. TWT, Inc.*,
723 F. Supp. 492 (N.D. Cal. 1989) ................................................................ 14

*Zox LLC, v. West Am. Ins. Co.*,
2024 WL 512561 (9th Cir. Feb. 9, 2024)....................................................... 15

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The Opposition of Plaintiff and Counter-defendant Navigators Specialty Insurance Company ("Navigators") to the motion for summary judgment of Defendant and Counterclaimant SVO Building One LLC ("SVO") confirms the entitlement of SVO to summary judgement on Navigators' Amended Complaint. The basis for SVO's motion is very simple: Navigators has failed to produce admissible evidence in response to interrogatories and its alleged Expert Report of Andre Jardini ("Jardini") fails to establish attorneys' fees and costs solely allocable to claims not even potentially covered, as Navigators is required to do to obtain reimbursement of those fees and costs under the controlling case of *Buss v. Superior Court*, 16 Cal. 4th 35, 53 (1997) ("*Buss*"). Because Navigators bears the burden of proof, in order for SVO to obtain summary judgment it needs to establish only that there is an absence of evidence to support the opposing party's claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). SVO has met that burden. Neither the Amended Responses to Interrogatories *after* an order compelling further responses nor the "Expert Report" allegedly incorporated in those responses provides any evidence sufficient to support its claims.

Instead of establishing attorneys' fees and costs solely allocable to claims which are not even potentially covered, Navigators and Jardini contend that Navigators need only prove that its arbitrarily "batched" groupings of multiple fee entries in issue more likely than not are not covered based on what Jardini asserts is the number of potentially covered claims – one -- and the number not potentially covered – 17. Thus if there is a grouping of the entries for a general task such as reviewing documents, because Navigators contends there was only one potentially covered claim and 17 which are not covered, it concludes that it is more likely that not that it is not covered and Navigators is entitled to reimbursement. That is not the standard under *Buss*.

Navigators not only did not apply the standard under *Buss* but refused to provide the requested information in response to interrogatories, even after motion to compel further responses was granted against it. Instead it incorporated by reference Jardini's report, which ignored the applicable standard for reimbursement under *Buss*, did not analyze each fee entry or any expenses,

had Jardini's assistants arbitrarily batch different fee entries into groupings without any standards for doing so, and utilized an approach for allocating fees and expenses based on the number of causes of action covered and not covered, which is totally contrary to the method set forth and *Buss*.[1]

Navigators did not apply the correct standard to determine the fees and expenses solely allocable to claims which are not even potentially covered and utilized an arbitrary "methodology" to obtain the "calculations" it made. Garbage in -- garbage out. Because Navigators had not met its burden of establishing fees and costs solely allocable to claims which are not even potentially covered and has had ample opportunity to do so and both fact and expert discovery have closed, SVO should be granted summary judgment on the amended complaint.

## II. NAVIGATORS DID NOT APPLY THE CORRECT STANDARD IN DETERMINING THE FEES AND EXPENSES IT CONTENDS SHOULD BE REIMBURSED TO IT.

In *Buss*, 16 Cal. 4th 35, the California Supreme Court asked and answered 4 questions setting forth the requirements as to whether and under what conditions insurers could recover defense costs in a mixed action with covered and uncovered claims:

> First, may the insurer seek reimbursement from the insured for defense costs? Yes, as to claims that are not even potentially covered, but no, as to those that are. Second, for what specific costs may the insurer obtain reimbursement? Those that can be allocated **solely** to claims that are not even potentially covered. Third, when the insurer seeks reimbursement, which party must carry the burden of proof? The insurer. Fourth and final, what is the burden of proof? Proof by a preponderance of the evidence.

*Id.* At 39. (Emphasis added).

Navigators and Jardini just skip over the second question and its answer. The burden of proof is the preponderance of the evidence that *the specific expense or expenses are allocable*

[1] One of the more improbable allegations by Navigators, among many others, is that SVO is seeking summary judgment not because it is entitled to it, but because it fears a jury, even though SVO requested one and Navigators did not. Navigators perhaps overestimates the jury appeal of its position in a case where the insurer improperly withdraws its defense until informed of its breach of contract and of the implied covenant of good faith and fair dealing, and then sues its insured for reimbursement of the defense fees, while a similarly situated insurer has elected not to do so.



PARKER SHAFFIE LLP

*solely to claims which are not even potentially covered*. It is not whether Mr. Jardini thinks that a collection of entries which his staff has amalgamated are more probably than not mostly covered or uncovered claims. Moreover, his application of the "Jardini standard" is haphazard, arbitrary, and inconsistent. When his calculations of the expenses which are not reimbursable become absurdly small, he applies an arbitrary "fudge factor" of stating that he will count those expenses as not reimbursable out of "an abundance of caution." This is not a standard at all.

Navigators concedes that Jardini's report applies his reimbursement analysis to attorneys' fees that were prior to the period that the operative Fourth Amended Complaint had been filed or tendered to it and thus which it did not pay. Jardini further asserts that there were no fees incurred referencing the potentially covered claim of disparagement in the fee statements after the dismissal without prejudice of the defamation claim, but this statement is expressly refuted by the fee statements themselves. *See* Declaration of Bruce T. Smyth in support of Reply ("Smyth Reply Decl."), Ex. 1.

In the Reply, Navigators did not even attempt to respond to the arguments that it had not satisfied the requirements of *Buss* for the fees and expenses incurred after March 24, 2021 dismissal without prejudice of the potentially covered defamation cause of action. It ignores the allegations of other causes of action sufficient to trigger a duty to defend, such as disparagement, other defamation allegations and loss of use of property. Neither Navigators nor Jardini even attempted to analyze a substantial expenses and costs incurred in the defense of the underlying case, including consulting and expert fees, let alone satisfy the requirements of *Buss* that such expenses be solely allocable to claims not even potentially covered.

Because Navigators has not satisfied its burden of establishing that the fees and expenses are solely allocable to claims which are not even potentially covered and both fact and expert discovery have closed, SVO should be granted summary judgment.

## III. NAVIGATORS' REPLY CONFIRMS THAT IT DID NOT APPLY ANY CONSISTENT OR COGNIZABLE STANDARD IN ALLEGEDLY DETERMINING REIMBURSABLE FEES OR EXPENSES.

Navigators' Reply establishes that not only did it not apply the *Buss* standard, it applied no

standard at all in allegedly determining reimbursable fees and expenses. Clearly, Navigators did not perform a line by line analysis of the fees and expenses to determine whether each fee entry satisfied the *Buss* requirement that it be solely allocable to fees or expenses not even potentially covered. Navigators' counsel *admitted* at the hearing on Navigator's motion to compel further responses to interrogatories that Jardini's report did not include a line by line allocation, but now asserts at page 12, lines 26-27, of that Opposition that her statement "was a mistake." *See* Transcript of Hearing, November 5, page 2, lines 13-21, a copy of which is attached to the previously filed Smyth Declaration in support of Motion for Summary Judgment ("Smyth MSJ Decl.") as Ex. 4. The Court then asked "as to the line by line allocation, when do you contend that they are entitled to that? If they are not entitled to it in fact discovery, when are they entitled to it?" Transcript, page 3, lines 5-8. See Smyth Decl. Ex. 4. The Court then noted the plaintiff's obligation to provide that information:

> They do have a responsibility to turn over those line items in response to the interrogatories based on the claims at present. In the other cases that I have reviewed in advance of this hearing, the only time the court didn't do that was when there was an expert report coming out that was going to have the detailed information in it. The expert report here doesn't. It doesn't meet the factual information and documents underlying the report, So I'm going to order Navigators to respond to the interrogatories. By when can that be done?

Transcript of Hearing page 12, lines 8-20; Smyth MSJ Decl.Ex. 4. Navigators' counsel responded to the Court's inquiry by committing to have Jardini provide a further report with a line-by-line breakdown of the fees and expenses:

> MS. SANTOS: That's going to require our expert to prepare that, which can be done as a rebuttal expert report with the line by line.

Transcript of Hearing, November 5, page 12, lines 21-23, the Smyth MSJ Decl. Ex. 4. No such additional report, rebuttal or otherwise, was prepared or submitted by Navigators or Jardini.

In fact, Jardini is even contemptuous of the "line by line" allocation its counsel states that Navigators would be providing. In his deposition at page 57, lines 17-19 he states that *"doing it line by line is just entering into a mudhole…* It does not help the process." (Emphasis added). *See* Jardini Dep. 57:17-19; Smyth MSJ Decl., Ex. 7. Now, perhaps unremarkably, Navigators now

asserts that Jardini actually did perform a line-by-line analysis of the fee entries and expenses after all. Opp. 13:2; and 13-23. The problem is that Jardini did not conduct any such review.

First, instead of evaluating the individual fee entries, he had non-attorney staff members collect fee entries into arbitrary categories, without providing any guidance as to the categories to be created. Individual entries, often with lengthy individual descriptions of the work performed over lengthy periods of time by different timekeepers are thus collected into a category of document review totaling scores of hours. Jardini Dep. 8:9-9:5; Smyth MSJ Decl. at Ex. 7. The vast majority of the work in support of his report was performed by non-attorney staff – only 23.6 hours of 173.7 total hours billed was performed by Jardini. Jardini Dep. 12:4-19; Smyth MSJ Decl. Ex. 7. Jardini did not provide any guidance as to how the fee entries should be collected or batched, asserting that they were "objectively" batched. These deficiencies and others are noted in the Rebuttal Report of SVO's designated expert, Kenneth Moscaret. Smyth MSJ Decl. Ex. 8.

In its Opposition at page 14, Navigators cites testimony in deposition by Jardini that he is permitted to arbitrarily combine fee entries because it is otherwise too complicated for the trier of fact. He asserts that it is "useable for the trier of fact and the expert" and that invoices "are not prepared to assist in an allocation analysis." Jardini Dep.54:10-12; 56:19-23; Smyth Reply Decl. Ex. 2. He then asserts that the compilation entries are the exact entry from the time records. Jardini Dep. 55: 5-19; Smyth Reply Decl. Ex. 2. Except, of course, that they are not. The entries combined are not the same. He then asserts that he is permitted to have his staff combine entries because he says he has been doing that for 20 years, and that is what makes the review of the invoices "more readily ascertainable and transparent." Jardini Dep.15:1-13; Smyth Reply Decl. Ex. 2. Jardini does not testify that such amalgamation has been done by his office in cases governed by *Buss,* where the unique standard for reimbursement is fee entries solely allocable to claims which are not even potentially covered. Although Navigators complains in its Opposition that the assertion by SVO that the batching of time entries was done without any guidance is false, in fact, there is no evidence that the staff was informed of the provisions of *Buss*, which does not permit batching in any event. Of course, that review is much easier to perform when the insurer ignores the complicated and burdensome applicable law.

Second, rather than determining whether each entry can be solely allocated to claims which are not even potentially covered, Jardini then just makes his own arbitrary determination as to whether the work would have included tasks related to defamation. Jardini's description of the standard in his expert report omits the "solely" part of the standard: "[r]ecovery is permitted by an insurer against the insured as to claims that are not even potentially covered by the insurance policy." Jardini Report at par. 43; Smyth MSJ Decl. Ex. 6. Because he asserts that there was only one covered claim and 17 which are not, he invariably concludes that it is more probable than not that the entries do not include work related to defamation. The Jardini standard is not the *Buss* standard. *Buss* nowhere states that the insurer may allocate fees based on the number of covered and uncovered claims, or that an "expert" may speculate whether some generally described work may be more likely related to uncovered claims. The burden is on the insurer. In circumstances where the insurer cannot satisfy its burden of establishing that the particular fee entry or entries are solely allocable to claims for relief which are not even potentially covered, those expenses are not reimbursable to the insurer. Jardini has the standard reversed.

Many of Jardini's determinations are inconsistent and conclusory. When Jardini was questioned why 26.9 hours of fees for document review in one of his arbitrary combinations would not include time for review of documents relevant to the defamation cause of action, he responded that he believed that that it was 50.1 percent likely that the documents did not include ones related to defamation. Jardini Dep. 64:15-65:23; 26:9-32:3; Smyth MSJ Decl. at Ex. 7. Jardini similarly was questioned why his collection of 35.4 hours for the transfer of a file from the prior defense counsel, Murphy Austin, to the panel counsel, GRSM, would not include files and discussions including the defamation cause of action, Jardini esponded that *he did not know* but that it was more probable than not that such discussions and transfer efforts did not involve defamation. Jardini Dep. 80:2-82:11; Smyth MSJ Decl. Ex. 7. This of course is not the standard. Navigators must prove that each fee entry is not solely allocable to a claims which are not even potentially covered. The standard is not whether it is more likely or not that most of the work related to non-covered claims or that based on the number of uncovered versus covered claims it is more probable than not that an entry may be related to non- covered claims.

Jardini similarly asserted that 56.7 hours his assistants collected for fees incurred for the preparation of an arbitration brief would not include fees related to defamation because it was "likely that they did not involve to *a meaningful degree* at all, or perhaps at all, defamation." Jardini Dep. 104:21-105:20; Smyth MSJ Decl. Ex. 7 (Emphasis added). *Buss* requires that the fees be solely allocable to claims which are not even potentially covered to be reimbursable to the insurer, not that the covered claim not be "involved to a meaningful degree."

Other allocations by Jardini are completely arbitrary and inconsistent. Jardini was questioned whether attendance at a conference with the arbitrator would not be reimbursable to the insurer because an attorney defending a defamation claim would have to attend. He reluctantly stated that "out of an abundance of caution" he would include fees for such attendance as not being reimbursable. When asked why he did not apply that same standard to another entry with the identical description, he simply asserted that it was a 5.7 hour "mistake." Jardini Dep. at 62:11 to 64:14; Smyth MSJ Decl. at Ex. 7. Jardini departs from his own purported standard not "out of an abundance of caution" but because his allocations of non-reimbursable fees would otherwise be even more ridiculously low that they already are.

None of the cases Navigators cites in its Opposition at page 11 provide any support for Jardini's allocation method. In *Columbia Cas. Co. v. Abdou*, 2016 WL 4417711 (S.D. Cal August 18, 2016), the entire claim involved in the litigation was not covered and the insurer sought reimbursement of the full amount of defense fees. It was not a *Buss*, the court awarded fees based on its earlier decision that the underlying action did not create a potential for liability.

*Lumbermens Mut. Cas. Co. v. Corning, Inc.,* 2009 WL 10675707 (C.D. Cal. May 22, 2009), cited by Navigators, is not a case at all, but only a recommendation by a Special Master and there is no record whether the court accepted or rejected the recommendation. However, the curious fact is that Navigators cited it, because the insurer in that report did everything that Navigators did *not* do here in seeking reimbursement. As Navigators improbably notes, the insurer provided "invoices with detailed time records, proof of payment, and detailed summaries under cover of declaration that tend to establish that the items selected can be 'solely allocated' to the non-covered claims." 2009 WL 10675707 at *3. The Special Master


PS PARKER SHAFFIE LLP

further noted that the opposing party "correctly contends that [the insurer] has the burden of proving that *the line items selected* can be solely allocated to non-covered claims." *Id.* (Emphasis added). Jardini did not do any of these tasks. He did not cite the actual invoices, did not provide detailed testimony or evidence that the line items could be solely allocated to non-covered claims. He instead utilized his own arbitrary amalgamation of invoices and applied a 50.1% rule of his own devising that each amalgamation was more likely than not to be a covered or uncovered claim.

### A. Navigators Fails To Respond To The Deficiencies In Jardini's Report

In its Opposition, Navigators provides no acceptable explanations for the deficiencies in Jardini's report identified in SVO's moving papers. Navigators unconvincingly asserts that the fact that Jardini performed an allocation of fees that were incurred before the tender does not mean that it was seeking fees it did not pay. Not so. The fees it did not pay were included in the totals that Jardini contended were subject to reimbursement. See Exhibit 10 to Jardini report; Smyth MSJ Decl. Ex. 6. Jardini's defense in his deposition that there was no harm because SVO was getting credited three percent of the excess amount based on Jardini's calculation of the percentage that was allocable to non-reimbursable fees underscores the inaccuracy of Jardini's reporting -- because Navigators would be "reimbursed" for *the other 97% of the tens of thousands of dollars of fees* that it did not pay in the first place. Jardini's report should be excluded for his arrogance over this error alone.

Navigators' assertion at page 23 of its Opposition that SVO's discussion of the difference between the totals in Jardini's report of the fees in Exhibit 10 of his Report and the calculation of the total fees and expenses in paragraph 42 of his report are immaterial because he testified that the numbers in paragraph 42 were from Navigators' interrogatory responses misses the point. Jardini's errors in these statements confirm the lack of credibility of his testimony and report. First, Jardini's Report at paragraph 42 states that the numbers for the fees and costs before and after the dismissal of the defamation claim came from the claims file materials. This is untrue. Indeed, Navigators cites his testimony that the information in fact "as it turns out I now know were from Interrogatories that Navigators answered under oath. So, my paragraph 42, ss to the

amounts paid, are the amounts paid as detailed in answers to [SVO's] discovery." Jardini Dep., 77:8-18; Smyth Reply Decl. Ex. 2;) Second, this testimony only came after a break when he had the opportunity to discuss the issue with Navigators' counsel, who apparently corrected his lengthy and extensive testimony to the contrary earlier in the deposition. Jardini testified first that *he* had made those calculations and *then* that the calculations were provided to him by an assistant auditor. Jardini Dep. 47:12- 52:9; Smyth Reply Decl. Ex. 2. Such conflicting testimony underscores the lack of credibility of his report and testimony.

In response to the obvious deficiencies of Jardini's analysis, Navigators falsely asserts that Jardini was "involved in developing the Buss standard" (Opp. 10:6) and that he "created the *Buss* allocation." Opp. 13:27. Neither is true. He didn't brief and didn't argue that case and his only connection was exceedingly attenuated. When questioned about his actual role in the *Buss* case, Jardini testified that he did an analysis for one of the parties in that case three years before the *Buss* case was before the Supreme Court and that it was "not referenced" in the decision. Jardini Dep. 35:24-36:18. Smyth Reply Decl. Ex. 2.

As noted in SVO's moving papers, Navigators' "amended" responses to Interrogatory Nos. 1-5, served on November 19, 2025, do not provide the information ordered by this Court. See Amended Responses attached to the Smyth MSJ Decl. as Ex. 5. Although Navigators states at page 5, line 9, that it provides a "line by line allocation of all attorney's fees listed," it does nothing of the sort. Instead of a line by line allocation of attorney fee entries, the response provides only an amalgamation of entries which Navigators asserts show that only 10.2 hours were spent on the defense of the defamation claim. Most importantly, the entries it cites for the hours totaled *are not time entries*. Instead, they are artificially constructed arbitrary summaries developed by Jardini's assistants with no formal guidance from the alleged expert. Navigators utilizes the same deficient type of response with respect to Interrogatory No. 3 which asked for the fees with respect to GRSM, for which it comes up with a total of 33.3 hours.

## IV. NAVIGATORS HAS FAILED TO MEET ITS BURDEN FOR REIMBURSEMENT FOR FEES AND EXPENSES INCURRED AFTER THE DISMISSAL OF THE

**DEFAMATION CAUSE OF ACTION**

Navigators has not established that it is entitled to reimbursement of attorneys' fees after the dismissal without prejudice of the defamation cause of action either, for multiple reasons. First, under California law, once a duty to defend arises, it "lasts until the underlying lawsuit is concluded, or until it has been shown there is no potential for coverage." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 655 (2005). The duty to defend the defamation claim thus was not extinguished until the case was dismissed with prejudice. The Fourth Amended Complaint in any event still included claims for disparagement, a covered offense under the Navigators' Policy. Second, under California precedent, a dismissal without prejudice does not eliminate the duty to defend the dismissed claim because it can always be brought back into the case. Third, Navigators has not met its burden of establishing that all of the fee entries in the post dismissal period are solely allocable to claims which are not even potentially covered. It provided no evidence of such expenses and its expert, Jardini, did not even review those fees.

Jardini erroneously stated that it was "undisputed" that there was only one potentially covered cause of action in the Fourth Amended Complaint, for defamation. When confronted with Steven Murray's letter of May 3, 2021 noting the existence of allegations for disparagement in the Fourth Amended Complaint, Jardini confessed that his assertion had been erroneous. Jardini Dep. 52:10-22; Smyth MSJ Decl. Ex. 7. It is not even clear that Mr. Jardini or anyone with his firm even looked at the invoices for work after March 24, 2021. Jardini conceded that did not see any entries specifically to that effect in his invoice. Jardini Dep. 110:11-18; 132:14-133:l; Smyth MSJ Decl. Ex. 7; Jardini invoice attached to Jardini Dep. as Ex. 7 thereto; Smyth MSJ Decl. Ex. 10.

Jardini does not consider the allegations of a cause of action for disparagement remaining in the case. Jardini refused to consider whether disparagement was a covered offense under the Navigators' policy (Jardini Dep. 39:8-25; Smyth MSJ Decl. Ex. 7.), in looking at the fees allocable did not consider disparagement (Jardini Dep. 42:7-19; Smyth MSJ Decl. Ex. 7), and did not look for fees incurred under the tort of disparagement. Jardini Dep. 111:12-112:9; Smyth MSJ Decl. Ex. 7). In its Opposition, at page 21, lines 19-23, Navigators cites Jardini's testimony that there were no attorney fee entries about the disparagement claim:

> . . .Did you, or anyone in connection with your review of the billing entries, investigate whether there was work performed in connection with the defense of the specific allegations set forth in Mr. Murray's letter under "disparagement"?
>
> A. We looked at every line. We also before doing that, did a word search. The word "disparagement," I don't believe, appears in the bills anywhere. . . .

Jardini Dep. 43:24-44:16; Smyth Reply Decl. Ex. 2.

Well, not every line. A quick review of some of the fees *incurred after the dismissal of the defamation cause of action* shows billed tasks for the defense of a disparagement claim. A number of the fee entries after the dismissal without prejudice of the defamation cause of action in March 2021 reference the claims of disparagement or of false reports by SVO or by its subcontractor DPR. *See* Smyth Reply Decl. Ex.1. Attached thereto are copies of pages from the fee bills after March 2021, from Navigators from its bill review service, Legal Xchange, produced by Navigators in this case bearing its production numbers with a prefix of "N" followed by five digit numbers which reference those claims with the relevant entries highlighted in yellow. These include Production Nos. N06465, N06470, N07511, N07514, N09388, N07520 and N08397. Jardini's testimony is not only wrong, but his report, incorporated into Navigators' responses to SVO's interrogatories, is unreliable and inaccurate.

## IV. <u>NONE OF THE CASES CITED BY NAVIGATORS ESTABLISH THAT THE DISMISSAL WITHOUT PREJUDICE ELIMINATES THE DUTY TO DEFEND.</u>

In addition to ignoring its ongoing duty to defend the disparagement claim, the scores of cases Navigators cites provide no support for its contention that the dismissal without prejudice of the defamation cause of action eliminates the duty to defend. Navigators misleadingly cites the *Buss* case, 16 Cal. 4th at 46, in support of its claim that upon the dismissal of the defamation claim without prejudice, the duty to defend was "extinguished." In fact, the full citation states that the duty to defend may be discharged earlier than when the case is concluded only "if it is shown that no claim can in fact be covered." *Id.* Navigators has made no such showing. In *Gers, Inc. v. Atlantic Mut. Ins. Co.*, 2005 WL 8166040 (S.D. Cal. Oct. 19, 2005), cited by Navigators, the court found no duty to defend in an arbitration where a covered claim of defamation had been withdrawn because it was not a contractual claim in an arbitration limited to contractual claims. *Gers, Inc. v. Atlantic Mut. Ins. Co.*, 2005 WL 8166038 at *7 (S.D. Cal. Mar. 29, 2005). In

*California Union Ins. Co. v. Club Aquarius, Inc.*, 113 Cal. App. 3d 243, 247-248 (1980), the court found that the insurer need not defend the remaining portion of an action when the covered claim was disposed of in the liability portion of a bifurcated trial. No such adjudication was made by the arbitrator here.

In *State Farm Fire & Cas. Co. v. Plutsky*, 848 F. 2d 199, 1998 WL 53926 (9th Cir. May 23, 1988), the court found no duty to defend because the district court had previously found that there were no allegations of the covered claim of wrongful eviction. There was no such finding here. In *Pacific Coast Surgical Ctr, LP. v. Scottsdale Ins. Co.*, 2019 WL 4390565 (C.D. Cal. June 25, 2019), the court found that the insurer could withdraw the defense because a letter showing that the claim had been made prior to the start of a policy period constituted an undisputed fact that the claim was not potentially covered. There is no such undisputed fact here.

The other cases Navigators cites simply do not support its contention that the dismissal without prejudice eliminated the potential of coverage. In *Storek v. Fidelity & Guar Ins. Underwriters, Inc.*, 504 F. Supp. 2d 803, 813 (N.D. Cal. 2007), the court rejected the speculation that an allegation in the cross-complaint demonstrated the seeds of a claim for defamation. 504 F.Supp.2d at 808-09. Here, in contrast, the allegations of defamation could be reasserted and the existing complaint contained allegations of potentially covered disparagement.

*Millenium Lab., Inc. v. Darwin Select Ins. Co.*, 676 Fed. Appx. 734, 737 (9th Cir. Jan. 27, 2017), cited by Navigators, present very different facts from those here. There the case had gone to trial without litigation of the potentially covered disparagement claim, an appeal and a motion for new trial were denied, and there was no indication that the insured intended to later pursue such a claim. The court found no likelihood that there would be any amendment to add a disparagement claim. *Id.* Here, the litigation was ongoing, after the dismissal without prejudice, the complaint still contained allegations of disparagement and the issue is the continued obligation of Navigators to defend until the case was settled, and not *after* the case was settled.

*Travelers Indem. Co. of Conn. v. Walking U Ranch,* LLC, 2022 WL 762303 (March 10, 2022), cited by Navigators, also involved the issue of the insurer's duty to defend *after* trial and on appeal. Because the only claim on which there was potential coverage had been disposed of by


PS PARKER SHAFFIE LLP

the trial court and the complaint no longer could be amended, there was no duty to provide a defense on appeal. In support, the court noted the ruling in *Lumbermens Mut. Cas. Co. V. Corning, Inc.,* 2008 WL 11337841 (C.D. Cal. 2008) ("[P]artial judgment as to all covered claims is one of the few circumstances justifying the insurer's withdrawal of its defense") (internal citation omitted).

Navigators cites *Great Am. E & S Inc. Co. v. Theos Ed. Sys., Inc.,* 357 F. Supp. 3d 953, 968 (N.D. Cal. 2019) *aff'd* 799 Fed. Appx. 539 (9th Cir. April 1, 2020) without explanation, but that case has no relevance here. The plaintiff sought only attorneys' fees in a contempt proceeding, and because such fees did not constitute covered damages, the insurer did not have a duty to defend.

Navigators make a vain attempt to distinguish the only case on point in the circumstances actually present here -- where a party dismisses a potentially covered cause of action without prejudice before trial – *Westfield Ins. Co. v. TWT, Inc.,* 723 F. Supp. 492 (N.D. Cal. 1989). None of the cases Navigators cites discuss a potentially covered claim dismissed without prejudice before trial. None of those cases have disapproved or questioned the *Westfield* holding. None of the cases cited by Navigators discuss the circumstance of allegations of a potentially covered claim in the operative complaint for disparagement either.

Navigators' contention that it need not defend the potential disparagement claim because there is no allegation of damages is unfounded. *San Miguel Comm. Assn. v. State Farm Gen. Ins. Co.,* 220 Cal. App. 4th 798, 800-801 (2013), where the plaintiff sought only injunctive relief before amending the complaint to seek damges, does not support Navigators' contentions. Here, both the previously asserted cause of action for defamation, dismissed without prejudice, and the Fourteenth Cause of Action, containing a disparagement allegation, sought damages. Neither mentioned restitution or injunctive relief. Unlike *San Miguel* there is no declaration of from counsel stating that he or she did not intend to seek damages. *See First One Lending Corp. v. Hartford Cas. Ins. Co.,* 664 Fed Appx. 619 (9th Cir. 2016). *Jaffe v. Cranford Ins. Co.,* 168 Cal. App. 3d 930, 935 (1985), also is inapposite. In that case, the court found no duty to defend a criminal case where the defendant faced only a fine or imprisonment.

Finally, Navigators' contention that SVO's allegations of disparagement are insufficient to trigger the duty to defend because they are merely legal conclusions like those in *Zox LLC, v. West Am. Ins. Co.,* 2024 WL 512561 (9th Cir. Feb. 9, 2024), is unfounded. In that case, the allegation was made that Zox "disparaged the goods, services, or business of another by false or misleading representations of fact." *Id.* *2. The allegations of Vertiv against SVO are far more specific, as noted in the allegations cited in the May 3, 2021 Murray Letter. Murray Decl. Ex. 3.

**A. Navigators Has Not Met Its Burden Of Establishing Expert And Consultant Fees And Expenses Solely Allocable To Claims Not Even Potentially Covered.**

Navigators have cited no authority that expert and consultant fees and expenses are recoverable under *Buss*. However, even if they are, Navigators has not met its burden for obtaining reimbursement for those expenses. In Interrogatory No. 4, Navigators was asked to identify the costs and expenses, and Interrogatory No. 5, the expert and consultant fees, it contended were recoverable under *Buss*. After deficient responses and an order to provide further responses, Navigators still provided deficient amended responses. Instead of identifying each expense or cost, Navigators instead asserted that it was entitled to 97% of the cost and expenses based on its deficient calculations of the 97% of attorney's fees it contended were reimbursable. Despite the order that it would provide further responses, Navigators then provided no calculation of the expert and consultant fees and expenses it allegedly incurred. Instead, it cites a document it asserts it produced, bearing production Nos. 9905-9908, which it asserts provides a calculation, if one subtracts the attorneys' fees incurred by Tyson and Mendes and GRSM. A copy of that document is attached to the Smyth Decl. as Ex. 9. In any event, those calculations are incorrect. Included in the total are a payout to SVO of $472,139.25. SVO obviously is not an expert or consultant. If that amount is alleged to be payout to SVO for fees incurred after the tender of the defense to Navigators for other law firms such as Murphy Austin and the Law Offices of Sean DeBruine, Navigators has included those fees in its calculation of attorneys' fees for those firms in its outlines attached as exhibits to Jardini's Report. It is therefore double-counting them.

Navigators is not entitled to recover the expenses or expert fees based on Jardini's Report either. In his deposition, he testified that he "didn't look at expenses" (Jardini Dep. 30:11, Smyth


PARKER SHAFFIE LLP

Decl. Ex. 7), that he did not review expense bills (Jardini Dep. 116:12-117:18; Smyth Dec. Ex. 7), and that there is no entry in his invoice for such review. Jardini Dep. 133:2-6; Smyth Decl. Ex. 7.

## V. NAVIGATORS WAS OBLIGATED TO DEFEND CLAIMS OF LOSS OF USE OF PROPERTY THAT WAS NOT PHYSICALLY DAMAGED

Navigators conspicuously fails to distinguish the cases cited by SVO establishing its duty to defend the claim of loss of use of tangible property which has not been physically damaged: *Borg v. Transamerica Corp.,* 47 Cal. App. 4th 448, 457(1996); *Thee Sombrero, Inc. v. Scottsdale Ins. Co.,* 28 Cal. App. 5th 729, 736 (2018) ("*Thee Sombrero*"). Instead it cites a case which does not have a policy provision for loss of use of property not physically damaged, *Kazi v. State Farm Fire & Cas. Co.,* 24 Cal. App. 4th 871, 879 (2001). *See Thee Sombrero*, 28 Cal. App. 5th at 741. Navigators' complaint that the damages alleged are solely economic ignores the calculation of damages for loss of use. In *Thee Sombrero*, 28 Cal. App. 5th at 739, the court noted that it was "difficult to conceive of loss-of-use damages as anything *other* than economic losses." Rather, the correct principle was that losses that are *exclusively* economic, without any accompanying loss of use of tangible property, do not constitute property damage. *Id*. Here there was the loss of use of tangible property. The relevant property coverage provision does not require physical damages.

Navigators makes the same mistake on these potentially covered allegations as it does with disparagement, complaining that the allegations are included in other causes of action which have other requirements, do not plead each and every element of a claim for loss of use of property which has not been physically damaged or that they do not plead property damages. SVO need only point to claims which may *potentially be covered*. It does not need to establish the pleading of every element of a claim. The cases Navigators cites are largely irrelevant. *See, WAWGD, Inc. v. Sentinel Ins. Co*., 2017 WL 4340437 at *5 (S.D. Cal. September 29, 2017) (no loss of use of property alleged); *Golden Eagle Ins. Corp. v. Cen-Fed, Ltd.,* 148 Cal. App. 4th 976, 986 (2007) (no loss of use of tangible property not physically injured alleged); *Royce Int'l Broad. Corp. v. Vigilant Ins. Co.,* 51 Fed. Appx. 229 (9th Cir. 2002) (pre-2007 case).

## VI. CONCLUSION

Because Navigators has refused to meet its burden of establishing fees solely allocable to

causes of action which are not even potentially covered, this Court should grant SVO's motion.

DATED: December 22, 2025 **PARKER SHAFFIE LLP**

By: /s/ Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**