Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant. | Case No. 3:22-CV-07102-AMO<br>[Assigned to Hon. Araceli Martínez-Olguín]<br><br>**DEFENDANT SVO BUILDING ONE LLC'S OBJECTIONS AND MOTION TO STRIKE DECLARATION OF SHANNON SANTOS IN OPPOSITION TO SVO'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 5, 2026<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor<br><br>*[Filed Concurrently with Reply and Declaration of Bruce T. Smyth]* |
| SVO BUILDING ONE, LLC<br><br>Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-defendant. | |

/ / /

/ / /

**SVO'S OBJECTIONS AND MOTION TO STRIKE DECLARATION OF SHANNON SANTOS IN OPPOSITION TO SVO'S MOTION FOR SUMMARY JUDGMENT**

Defendant and Cross-complainant SVO Building One, LLC ("SVO") hereby objects to and moves to strike the following portions of the Declaration Of Shannon Santos In Opposition to SVO's Motion For Summary Judgment:

**Objections to Paragraph 2**

1. SVO objects to paragraph 2 in its entirety and the following bullet points in that paragraph on the grounds that such statements are hearsay (FRE 801-802), lacking in personal knowledge (FRE 602) and prejudicial and misleading (FRE 403). In particular, the introductory language in the paragraph that the bullet points cited establishes the amounts paid in covered and uncovered claims is completely unsupported. Navigators was ordered to provide further responses to SVO's Interrogatories which requested that it identify the attorneys' fees and expenses solely allocable to causes of action which are not even potentially covered. It did not do so. This paragraph and the documents identified in no way remedy that failure.

2. The chart identified in Bullet Point 2 of paragraph 2 does not identify how much was paid on each invoice submitted in connection with SVO's defense. The chart has not been authenticated (FRE 602), is hearsay (FRE 801-802) and is prejudicial and misleading (FRE 402). Furthermore, it is impossible to determine what was paid and when from the chart.

3. The alleged chart of payments in Bullet Point 3 of paragraph 2 does not identify the payments of each invoice. The chart has not been authenticated (FRE 602), is hearsay (FRE 801-802) and is prejudicial and misleading (FRE 402). It is impossible to determine the payments for each invoice.

4. The allegation in Bullet Point 4 of paragraph 2 that all pleadings provided to Navigator in connection with the insurance claim is lacking in foundation (FRE 602) and hearsay (FRE 801-802).

**5.** The allegation in Bullet Point 5 of paragraph 2 that Mr. Jardini's report provided an analysis of the time spent on defamation versus non-defamation claims and a summary of the general calculations for use in the allocation is lacking in foundation (FRE 602) and is hearsay

(FRE 801-802). The report does nothing of the sort.

6. The "Outline of Services Performed" referenced in in Bullet Point 6 of paragraph 2 is lacking in foundation (FRE 602), hearsay (FRE 801-802) and is prejudicial and misleading (FRE 403). It was not prepared by "the allocation expert." It was largely prepared by non-expert and non-attorney staff.

7. The allegation in Bullet Point 8 that the Interrogatory responses addressed SVO's requests for identification of the billing entries that were solely allocable to uncovered claims is hearsay (FRE 801-802) and lacking in foundation (FRE 602). The responses did nothing of the sort.

8. The allegation in Bullet Point 9 that the Interrogatory responses addressed SVO's requests for identification of the costs and expenses that were solely allocable to uncovered claims is hearsay (FRE 801-802) and lacking in foundation (FRE 602). The responses did nothing of the sort.

**Objection To Paragraph 4**

1. SVO objects to the allegation in paragraph 4 that SVO elected not to notice the deposition of Navigators in this action as lacking in foundation (FRE 602) ad is prejudicial and misleading (FRE 403).

**Objection To Paragraph 6**

1. SVO objects to the allegation in the last line of paragraph 6, lines 24-25, that "Navigators still served timely amended responses based on the Court Order" as hearsay (FRE 801-802), lacking in foundation (FRE 602), and prejudicial and misleading. (FRE 403).

DATED: December 22, 2025

**PARKER SHAFFIE LLP**

By: Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**