Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Behnam M. Parvinian (331944)
parvinian@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

v.

SVO BUILDING ONE, LLC,

Defendant.

SVO BUILDING ONE, LLC

Counterclaimant,

v.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-defendant.

Case No. 3:22-CV-07102-AMO

[Assigned to Hon. Araceli Martínez-Olguín]

**SVO BUILDING ONE, LLC'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF NAVIGATORS SPECIALTY INSURANCE COMPANY'S EXPERT WITNESS ANDRÉ E. JARDINI**

Date: March 5, 2026
Time: 2:00 p.m.
Dept.: Courtroom 10, 19th Floor

/ / /

SVO Building One, LLC hereby submits its reply in support of its *Daubert* Motion to exclude the testimony of Navigators' expert witness André E. Jardini.[1]

## I. ARGUMENT

### A. Rule 702 and *Daubert*: Reliability and Fit Govern, Not Qualifications.

Navigators leans on Mr. Jardini's alleged experience and participation in *Buss v. Superior Ct.,* 16 Cal. 4th 35, 39 (1997) ("*Buss*") to argue for admissibility.[2] But opinions "connected to existing data only by the ipse dixit of the expert" are inadmissible where there is "too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). That is precisely the case here. Mr. Jardini eschewed an entry-by-entry allocation. He testified that his staff reviewed and "batched" the time "by litigation service" into outlines, and he deliberately avoided a line-by-line determination because "doing it line by line is just entering into a mud hole." Smyth Reply Decl. ¶3, Ex. 1.; Jardini Dep. 56:14-57:20; 58:1-60:5; 78:9-79:13. Of 173.70 total billed hours on the assignment, only 23.60 were his. *Id*. at 12:4-19. That staff-driven batching, followed by arbitrary judgment calls to aggregated tasks, is not a reliable, transparent application of the allocation standard to the actual cost items.

### B. The Governing Standard under Buss and Navigators' Burden are Clear.

*Buss* holds that an insurer may recover "defense costs that can be allocated solely to the claims that are not even potentially covered," and the insurer's burden is "by a preponderance of the evidence." 16 Cal. 4th at 39-40, 52-53. The magistrate judge's discovery order compelling Navigators to produce "those line items" because the expert report "doesn't" contain the "detailed information" underscores the same point: entry-level specificity is required here. *See* SVO MSJ at 8-9 (summarizing hearing and order). Navigators' opposition recasts *Buss* as addressing only the

---

[1] Navigators' Opposition grossly exceeds the five page limit of the Court. SVO has filed a motion to strike it in its entirety. SVO in contrast complies with the three page limit on replies.

[2] Contrary to Navigators' false assertion, Jardini had no role in "developing "the *Buss* standard. He prepared a fee analysis for one party three years before the decision, did not argue or brief the case and his fee report is not referenced in the decision. Smyth Reply Decl. ¶3, Ex. 1.; Jardini Dep. 35:24-36:18.

"form" of proof and not itemization. However, the problem is, in fact, substantive. *Buss*'s "solely allocable" requirement, coupled with the insurer's burden, compels item-specific evidence; it cannot be satisfied by probabilistic batching, predominance by count of claims, or coding choices untethered to specific fee entries. Navigators argues that Mr. Jardini's testimony should not be excluded because he is the only "expert" on this issue, which is all the more reason why this motion should be granted. The identification of fee entries solely allocable to claims which are not even potentially covered, a statement of the reasons for each determination and the calculation of the totals does not require an expert. If one is utilized, his or her methodology and application must be sound and reliable. Jardini's is not. More importantly, Navigators bears the burden of proof on a *Buss* allocation. Mr. Jardini's testimony and report do not satisfy that burden.

**C. <u>The Record Establishes Unreliability and Lack of Fit.</u>**

First, Mr. Jardini rejected entry-level allocation in favor of staff-created batching. He described the outlines as "a tool that permits analysis and extrapolation," expressly stating that including minor entries would "regurgitate the bill" and that batching allowed him to "make one decision as to 25 entries, instead of 25 separate decisions." Smyth Reply Decl. ¶3, Ex. 1.; Jardini Dep. 56:14-57:20; 58:1-60:5; 78:9-79:13. That is a methodological decision to avoid the item-by-item analysis *Buss* demands.

Second, he applied the wrong decisional rule: "more likely than not" on batched, undifferentiated tasks rather than "solely allocable" for each item. He repeatedly invoked the predominance of non-defamation claims as the basis to classify broad tasks as noncovered, including conferences with the arbitrator and document review, conceding that he "did not know which documents were reviewed" but would "stick with" a "more likely than not" judgment. *Id.* at 22:17-23:11; 64:9-65:23; 68:14-25. That is not proof that particular entries are solely allocable to uncovered claims; it simply is the wrong standard. Moreover, the P/D coding is arbitrary and inconsistent. Identical "conference with arbitrator Fisher" tasks are coded differently across dates; he admitted a "5.7 hour 'mistake.'" *Id.* at 62:11-64:14. Such inconsistencies confirm the subjective, non-replicable nature of the coding and undermine reliability.

Third, the report's numbers do not reconcile. Paragraph 42 asserts approximately

$2,497,187.09 pre-March 24, 2021 and $5,495,644.59 total, but Exhibit 10's firm schedules reflect materially lower totals ($1,981,947.57 pre-March 24; $4,396,824.12 overall). *Id.* at 47:12-51:18. He suggested Paragraph 42 was "amounts paid" gleaned from interrogatory responses, whereas Exhibit 10 was "billed," but he could not reconcile the disparity or identify specific sources. *Id.* at 49:8-51:18. *Joiner* permits exclusion where such gaps exist. 522 U.S. at 146.

Finally, the analysis sweeps in pre-tender time. He acknowledged that outlines included entries from 2018 and early 2019 and conceded that counting them was "bank error in [SVO's] favor." Smyth Reply Decl. ¶3, Ex. 1.; Jardini Dep. 74:10-78:8. Inclusion of pre-tender entries in a reimbursement analysis is an incurable reliability flaw. *Daubert* gives the Court "broad latitude" to assess reliability considering "the nature of the issue." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150-53. The nature of the issue in the "solely allocable" standard is an application that is item by item, which directly contradicts a batched, unduly probabilistic, error-prone methodology.

**D. <u>Navigators' Attempted Rejoinders Miss the Point.</u>**

Navigators claims *Buss* "does not require a written line-by-line allocation table." SVO's position in reply does not concern formatting; it is about substance. Because *Buss* requires proof that costs are "solely allocable" to uncovered claims, the insurer must supply item-specific evidence adequate to carry that burden. This Court's order discovery compelling "those line items" confirms such necessity; Navigators still did not provide them. Navigators also argues that "auditors reviewed every line," but Rule 702 asks whether the expert reliably applied the correct standard to the facts. Here, the expert expressly rejected line-by-line allocation as "a mud hole," opted for batching "so you can make one decision as to 25 entries," and then applied a "more likely than not" heuristic rooted in the predominance of non-defamation theories. Smyth Reply Decl. ¶3, Ex. 1.; Jardini Dep. 56:14-57:20; 58:1-17; 64:15-65:23; 78:9 -79:13. Mr. Jardini's approach neither satisfies *Buss* nor Rule 702.

Mr. Jardini's opinions fail Rule 702's reliability and fit. The methodology substitutes staff batching and arbitrary judgments for item-by-item analysis; the P/D coding is arbitrary and inconsistent; the report's totals contradict its schedules and pre-tender entries are included; and costs are handled via "rough justice." *Id.* at 116:12-24. Mr. Jardini's testimony must be excluded.

DATED: December 22, 2025

**PARKER SHAFFIE LLP**

By: Bruce T. Smyth

Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**



PS PARKER SHAFFIE LLP