David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SVO BUILDING ONE, LLC,<br><br>Defendant.<br>____________________<br>SVO BUILDING ONE, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Counter-Defendant. | Case No. 3:22-cv-07102-AMO<br>Hon. Araceli Martínez-Olguín<br>Courtroom 10<br><br>**NAVIGATORS SPECIALTY INSURANCE COMPANY'S OPPOSITION TO SVO BUILDING ONE, LLC'S MOTION TO STRIKE OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS ANDRÉ E. JARDINI**<br><br>[Filed concurrently with Declaration of Shannon L. Santos]<br><br>Hearing Date: March 5, 2026<br>Time: 2:00 p.m.<br>Courtroom: 10<br><br>Action Filed: November 14, 2022<br>Trial Date: July 14, 2026 |

/ / /

/ / /

Plaintiff/Counter-Defendant Navigators Specialty Insurance Company ("Navigators") hereby opposes the Motion to Strike Navigators' Opposition [Doc. 111] ("Motion") filed by Defendant/Counterclaimant SVO Building One, LLC ("SVO"), through which SVO requests the Court strike Navigators' Opposition [Doc. 105] ("Original Opposition") to SVO's Motion to Exclude Testimony of Navigators' Expert Witness André E. Jardini [Doc. 102] ("Motion to Exclude").

## I. INTRODUCTION

Navigators respectfully acknowledges that its Original Opposition exceeded the five-page limit set forth in the Court's November 14, 2025 Standing Order ("2025 Standing Order") and accepts responsibility for this oversight. Navigators prepared and filed its Original Opposition in good-faith reliance on the Court's Standing Order revised on November 22, 2023 ("2023 Standing Order"), which states that the briefing at issue is "subject to the page limits set forth in the Civil Local Rules." (Declaration of Shannon L. Santos ("Santos Dec."), ¶ 2, Ex. "A" thereto, 2023 Standing Order.) Navigators' counsel did not know that a subsequent revision to the 2023 Standing Order was issued or limited such briefs to five pages. The 2025 Standing Order was not filed on the case docket, and counsel was unaware of its existence when the Original Opposition was filed. (Santos Dec., ¶ 3, Ex. "B" thereto, 2025 Standing Order.) Navigators' Original Opposition complied with the Local Rule page limits as required by the 2023 Standing Order.

In light of this error, Navigators has promptly prepared and is concurrently filing an opposition to the Motion to Exclude that conforms to the new five-page limit ("Shortened Opposition"). Navigators respectfully asks the Court, in its discretion, to either consider the Original Opposition or the Shortened Opposition in consideration of the Motion to Exclude given Navigators' good-faith reliance on the 2023 Standing Order and the absence of any intent to gain advantage.

## II. ARGUMENT

### A. The Original Opposition Was Filed in Compliance with the 2023 Standing Order.

The 2023 Standing Order provides in relevant part:

> **G. DAUBERT MOTIONS**
>
> **1. Limits.** Each side is limited to three Daubert motions throughout the entire case absent leave of court. Daubert motions must clearly specify the

> paragraphs or portions of the report that the party seeks to exclude. Parties are reminded that issues going to the weight and credibility to be given to a report are not proper bases to bring a Daubert motion. **Daubert motion briefing is subject to the page limits set forth in the Civil Local Rules.**

(Santos Dec., ¶ 2, Ex. "A" thereto, 2023 Standing Order, EX. A-4 (emphasis added).) Navigators has relied on this 2023 Standing Order on all briefing after the case was reassigned to Judge Martínez-Olguín. (Santos Dec., ¶ 2.) Navigators learned for the first time in reviewing SVO's Motion that the 2025 Standing Order was issued, which states:

> **G. DAUBERT MOTIONS**
>
> **1. <u>Limits</u>.** Limits. Each side is limited to three Daubert motions throughout the entire case absent leave of court. Daubert motions must clearly specify the paragraphs or portions of the report that the party seeks to exclude. Parties are reminded that issues going to the weight and credibility to be given to a report are not proper bases to bring a Daubert motion. **Daubert opening and responsive briefs shall not exceed 5 pages. Replies shall not exceed 3 pages.**
>
> **2. <u>Sequence</u>.** Unless otherwise ordered by the Court, briefing on Daubert motions shall trail the filing of a motion for summary judgment and commence with the filing of the non-moving party's opposition to summary judgment as set forth below. A party that anticipates filing a Daubert motion must include a suggested briefing schedule in any proposed scheduling order that tracks the following sequence:
>
> - The initial moving party's motion for summary judgment.
> - Plaintiff's opposition to motion for summary judgment and Daubert motion(s).[1]
> - Defendant's reply in support of motion for summary judgment, Daubert motion(s), and opposition(s) to Plaintiff's Daubert motion(s).

[1] While the Motion states that SVO relied upon the 2025 Standing Order in bringing the Motion to Exclude (Motion, 3:1-3), SVO did not comply with Section G.2. of the 2025 Standing Order as the Motion to Exclude was filed concurrently with SVO's Motion for Summary Judgment [Doc. 101].

- Plaintiff's reply in support of Daubert motion(s), opposition to Defendant's Daubert motion(s).
- Defendant's reply in support of Daubert motion(s).

(Santos Dec., ¶ 3, Ex. "B" thereto, 2025 Standing Order, EX. B-4 (emphasis added).)

The 2025 Standing Order was not entered on the case docket, and Navigators' counsel was unaware of its existence at the time Navigators filed its Original Opposition. (Santos Dec., ¶ 3.) Based on the requirements of the 2023 Standing Order, Navigators filed the Original Opposition consistent with the Local Rule page limits based on a good-faith reliance on the 2023 Standing Order that governed the case following reassignment to Judge Martínez-Olguín. L.R. 7-3(a).

There is no dispute that the new page limitation appears in the 2025 revision to the Standing Order. The question is whether it should be enforced to strike a filing made by a party who was unaware of the revision, which was issued 31 days before the Original Opposition was filed, when that party relied on the previously issued 2023 Standing Order that incorporated the Local Rule page limits. Navigators requests the Court take the less draconian path here.

**B. <u>In Fairness, Navigators Requests the Court Consider the Shortened Opposition in Consideration of the Motion to Exclude.</u>**

The purpose of page limits is to aid efficient case management, not to create unfair traps for the unwary. Under these facts where Navigators followed what it thought was the operative Standing Order in determining what page limits applied, striking the Original Opposition would be inequitable. Navigators is concurrently filing the Shortened Opposition to the Motion to Exclude, conforming to the five-page limitation set forth in the 2025 Standing Order. (Santos Dec., ¶ 4, Ex. "C" thereto, Shortened Opposition, EX. C-1-6.) This ensures that SVO and the Court have a concise opposition compliant with the new limit while preserving Navigators' timely, good-faith opposition submitted under the limits incorporated by the 2023 Standing Order. Denying the Motion and considering the Shortened Opposition best harmonizes orderly docket management with fairness to the parties.

/ / /

/ / /

## III. CONCLUSION

Navigators does not dispute the Court's authority to control its docket and enforce its Standing Orders but submits that the appropriate exercise of discretion here is to deny the Motion given Navigators complied with the page limits in effect under the 2023 Standing Order and the Local Rules as understood at the time of filing the Original Opposition. Any claimed prejudice to SVO is cured through the attached Shortened Opposition, which Navigators requests the Court consider in connection with the Motion to Exclude.

Dated: December 23, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*