**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# STANDING ORDER FOR CIVIL CASES BEFORE DISTRICT JUDGE ARACELI MARTÍNEZ-OLGUÍN
**(Revised November 14, 2025)**

Parties shall comply with the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this Standing Order, all of which are available at http://www.cand.uscourts.gov. A party's failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## A. COMMUNICATION WITH THE COURT

Counsel shall not attempt to contact Judge Martínez-Olguín or her chambers staff by telephone, email, or any other ex parte means, but may contact her Courtroom Deputy, Alexis Solorzano-Rodriguez, at amocrd@cand.uscourts.gov, regarding scheduling or other appropriate matters. Before contacting the Courtroom Deputy, counsel must ensure that their inquiry is not otherwise addressed by any Federal or Local Rule or any General or Standing Order of this Court.

## B. SCHEDULING

Except in pro se prisoner cases, parties should notice motions (other than discovery motions) pursuant to the Civil Local Rules. Parties should confirm the Court's availability prior to filing any noticed motion. *See* https://www.cand.uscourts.gov/judges/martinez-olguin-araceli-amo/. For scheduling questions, please contact Judge Martínez-Olguín's Courtroom Deputy, Alexis Solorzano-Rodriguez, at amocrd@cand.uscourts.gov. Noticed days may be reset as the Court's calendar requires, with order of call to be determined by the Court. Absent exceptional circumstances, motions noticed for hearing with less than four weeks between the close of briefing and the hearing may be automatically re-noticed by the Court. Any motion noticed for hearing on a closed hearing date will automatically be re-set by the Court. Parties are reminded that their motions and case may be resolved more quickly by consenting to proceed before a Magistrate Judge.

Civil motions are heard in person in Courtroom 10, 450 Golden Gate Avenue, San Francisco, California on Thursdays at 2:00 p.m.

Civil case management and status conferences are held in person in Courtroom 10, 450 Golden Gate Avenue, San Francisco, California on Thursdays at 10:00 a.m.

Pretrial conferences are held in person in Courtroom 10, 450 Golden Gate Avenue, San Francisco, California on Thursdays at 11:00 a.m.

Any changes to these default settings will be communicated by the Court via the case docket, public calendar, and/or email correspondence. It is the parties' responsibility to keep appraised of changes to the Court calendar.

**<u>No Continuance Without Court Approval</u>.** Parties may not continue a case management conference, status hearing, pretrial conference, or any other deadline set by the Court without Court approval. Any party seeking an extension of a court deadline must seek an extension **at least seven (7) days prior** to the deadline by filing an appropriate motion or stipulation, in compliance with the Civil Local Rules. Requests for extensions contained in a case management statement or brief will not be entertained.

## C. APPEARANCES AND ORAL ARGUMENT

**1. <u>In-Person Appearances</u>.** The Court may notify the parties in advance of a setting that will be conducted via Zoom rather than in person, but the default rule is that all settings are held in person. Each party shall email Judge Martínez-Olguín's Courtroom Deputy, Alexis Solorzano-Rodriguez, at amocrd@cand.uscourts.gov, with a list of counsel who will be taking the lead speaking role on behalf of a party, along with any other counsel who will be appearing for that party. The list shall be emailed **at least two (2) court days in advance** of the scheduled proceeding. If they so choose, litigants and lawyers may indicate their pronouns (e.g., she/her, he/him, they/their) and honorifics (e.g., Mr., Ms., Mx., Dr.) by including the information in the list of counsel to be emailed to the Courtroom Deputy.

**2. <u>Virtual Appearances</u>.** If all parties agree, they may request to have a setting by Zoom video, but they must make their request at least one week in advance of the scheduled setting. Such a joint request should be prepared and filed in the form of an Administrative Motion, in compliance with Civil Local Rule 7-11. Absent agreement, requests to appear by video conference may be entertained upon a compelling showing of good cause, and must also be filed **at least seven (7) days in advance** of the scheduled setting. Requests submitted without a showing of good cause and/or submitted fewer than seven days prior to the scheduled setting will likely face denial. If the Court has approved a request to hold a setting by Zoom video, each party shall email Judge Martínez-Olguín's Courtroom Deputy, Alexis Solorzano-Rodriguez, at amocrd@cand.uscourts.gov, with a list of counsel who will be taking the lead speaking role on behalf of a party, along with any other counsel who will be appearing for that party. The list shall be emailed **at least two (2) court days in advance** of the scheduled proceeding. If they so choose, litigants and lawyers may indicate their pronouns (e.g., she/her, he/him, they/their) and honorifics (e.g., Mr., Ms., Mx., Dr.) by including the information in the list of counsel to be emailed to the Courtroom Deputy.

**3. <u>Participation by Junior Lawyers</u>.** If a written request for oral argument is filed before issuance of a ruling stating that a lawyer eight or fewer years out of law school will conduct all or most of the oral argument, the Court will entertain in-person oral argument on the principle that less experienced lawyers need more opportunities for appearances than they typically receive. The Court strongly encourages parties to permit less experienced attorneys to actively participate in the proceedings by presenting argument at motion hearings, examining witnesses at trial, or taking a speaking role at case management conferences. The Court permits more than one attorney to present on behalf of a party if this creates an opportunity for less experienced attorneys to participate.

**4.** **Format of Argument.** Unless a case is particularly complex, each side is typically allotted an initial five (5) minutes of oral argument, after which the parties should be prepared to address any questions from the Court.

**5.** **Demonstratives.** The Court does not generally permit the use of demonstratives. If a party would like to use audio-visual demonstratives during a hearing (e.g., PowerPoint presentation), it shall file an administrative motion requesting leave to use demonstratives **at least 14 court days before** the hearing.

## D. CIVIL CASE MANAGEMENT

**1.** **Case Management Conference Statements.** By **no later than noon, seven (7) days** before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Standing Order for All Judges of the Northern District of California, a copy of which is available at https://www.cand.uscourts.gov/judges/martinez-olguin-araceli-amo/. **Updated** joint case management conference statements are required and must be filed by **noon, seven (7) days in advance** of all other case management conferences. In cases involving litigants unrepresented by counsel, the parties may file separate case management statements. Any case management statement proposing a case schedule that contemplates cross-motions for summary judgment or Daubert motions shall conform to the requirements set forth in Paragraphs E and G, below.

**2.** **Appearance by Lead Trial Counsel Required.** At the case management conference, lead trial counsel shall attend on behalf of each party or, for parties unrepresented by an attorney, the party shall attend. Counsel or unrepresented parties shall be (1) prepared to address all matters referred to in the Northern District of California's general standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.

**3.** **Recordings and Transcripts of Court Proceedings.** All hearings, case management conferences, status conferences and pretrial conferences are audio recorded; court reporters are usually not provided. Parties may request a copy of the audio recording (on CD), a transcription of the audio recording, or the court reporter's transcript if applicable by following the procedures set forth at http://cand.uscourts.gov/transcripts.

## E. MOTIONS FOR SUMMARY JUDGMENT

**1.** **One Motion Per Side.** All issues shall be contained within one motion, which may not exceed twenty-five pages in length, and shall conform to Civil Local Rule 7-2. Only one summary judgment motion may be filed collectively **per side**, absent leave of court. Leave of court to file more than one motion may be requested if multiple parties comprise one or both sides.

**2.** **Evidence Submitted.** Parties shall underline, highlight, or otherwise (e.g., by hyperlink) specific lines of the documents and transcripts upon which they rely in support of or in opposition to a motion.

**3.** **Cross-Motions.** Parties anticipating cross-motions for summary judgment must include a suggested briefing schedule in any proposed scheduling order that tracks the following sequence:

- The initial moving party's motion for summary judgment, not to exceed 25 pages.
- The opposing party's combined cross-motion and opposition, not to exceed 25 pages.
- The initial moving party's combined opposition and reply, not to exceed 15 pages.
- The opposing party's reply, not to exceed 15 pages.

## F. EXPERTS AND THEIR REPORTS

All witnesses who will provide expert testimony under Federal Rule of Evidence 702, 703, or 705, whether retained or non-retained, must be disclosed and must provide written reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(B). All expert reports shall number each paragraph to facilitate any motion practice challenging the specifics of any opinions and shall include a table of contents. The reports shall list each opinion to be proffered and provide an executive opinion of each.

Any percipient witness who may also testify at trial with technical expertise akin to an independent expert shall be identified by name no later than the date of expert disclosures to allow for deposition, if necessary.

At the time of disclosure of a written report, the disclosing party must identify all written materials upon which the expert relies in that report and produce those materials if they have not done so previously.

## G. DAUBERT MOTIONS

**1.** **Limits.** Each side is limited to three Daubert motions throughout the entire case absent leave of court. Daubert motions must clearly specify the paragraphs or portions of the report that the party seeks to exclude. Parties are reminded that issues going to the weight and credibility to be given to a report are not proper bases to bring a Daubert motion. Daubert opening and responsive briefs shall not exceed 5 pages. Replies shall not exceed 3 pages.

**2.** **Sequence.** Unless otherwise ordered by the Court, briefing on Daubert motions shall trail the filing of a motion for summary judgment and commence with the filing of the non-moving party's opposition to summary judgment as set forth below. A party that anticipates filing a Daubert motion must include a suggested briefing schedule in any proposed scheduling order that tracks the following sequence:

- The initial moving party's motion for summary judgment.
- Plaintiff's opposition to motion for summary judgment and Daubert motion(s).
- Defendant's reply in support of motion for summary judgment, Daubert motion(s), and opposition(s) to Plaintiff's Daubert motion(s).
- Plaintiff's reply in support of Daubert motion(s), opposition to Defendant's Daubert motion(s).
- Defendant's reply in support of Daubert motion(s).



EX. B-4

## H. PLEADINGS AND DOCKETING

**1.** **Amended Pleadings.** If a party files an amended pleading, they shall concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading. Any amended pleading authorized by the Court must be filed as a stand-alone entry on the docket.

**2.** **Documents Filed on ECF.** All exhibits to motions and/or discovery dispute joint statements should be separately filed on ECF. For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on. Electronically filed documents must be text-searchable PDFs whenever possible.

**3.** **Formatting Considerations.** Use of footnotes in court filings shall be limited to providing brief points of clarification or cross-references. Argument in footnotes will not be considered by the Court. Footnotes must comply with the formatting requirements, including font size and spacing, set forth in the Civil Local Rules. The Court may strike any filing that includes excessive or improper footnotes. String citations without any analysis or descriptive parentheticals contained in any court filing will be disregarded. Pincites to any materials in the record shall be as particular as possible. Parties may not incorporate by reference prior arguments submitted in the case. This practice creates substantial administrative burdens and may be construed as circumventing page limits. The Court may strike any filing that improperly incorporates material by reference.

**4.** **Artificial Intelligence (AI).** Counsel is responsible for providing the Court with complete and accurate representations in any submission (including filings, demonstratives, evidence, or oral argument), consistent with Federal Rule of Civil Procedure 11, the California Rules of Professional Conduct, and any other applicable legal or ethical guidance. Use of ChatGPT or other such tools is not prohibited, but counsel must at all times personally confirm for themselves the accuracy of any content generated by these tools. At all times, counsel—and specifically designated lead trial counsel—bears responsibility for any submission made by the party that the attorney represents. Any submission containing AI-generated content must include a certification that lead trial counsel has personally verified the content's accuracy. Failure to include this certification or comply with this verification requirement will be grounds for sanctions. Counsel is responsible for maintaining records of all prompts or inquiries submitted to any generative AI tools in the event those records become relevant at any point.

**5.** **Pronouns and Honorifics.** If they so choose, litigants and lawyers may indicate their pronouns (e.g., she/her, he/him, they/their) and honorifics (e.g., Mr., Ms., Mx., Dr.) by adding the information in the name block or signature line of the pleadings.

6. **Chambers Copies.** Except for administrative motions or stipulations, chambers copies of any filing must be provided within **three (3) days** of filing. Chambers copies should be double-sided (when possible) and three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels or tabs along the right side. If the filing includes exhibits over two inches thick, the parties shall place the chambers copies in a binder. The chambers copies shall be marked "Chambers Copy" and submitted to the Clerk's Office, in an envelope marked with "Judge Martínez-Olguín," the case number, and "Chambers Copy." If the Court requires electronic copies of a filing, it will specifically request it from the parties. **Parties should not otherwise email amocrd@cand.uscourts.gov with electronic copies of filings.**

7. **Motions to File Under Seal.** Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or the category of documents for which good cause exists for filing under seal. If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5 and include a proposed order which includes a chart in the following format:

| **Document title or description** | **Dkt. No. of redacted version** | **Dkt. No. of unredacted version** | **Dkt. No. of decl. in support of sealing** | **Party with burden to substantiate need to seal** | **Full or partial sealing sought** | **Brief statement of reason for sealing (with citation to corresponding declaration in support of sealing)** | **Granted/ Denied (leave blank)** |
|---|---|---|---|---|---|---|---|
| *Example:* John Doe Medical Records | 34-2 | 35-2 | 35 | Plaintiff | If partial, specify page and line numbers. | Sensitive portions of medical record are unrelated to the claims. | |

If parties are asked to provide chambers copies of documents filed under seal, the chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded. **If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.**

## I. CIVIL DISCOVERY

1. **2015 Amendments to the Federal Rules of Civil Procedure.** Parties should be mindful of the December 1, 2015 amendments to the Federal Rules of Civil Procedure, and in particular, the directive in Rule 1 that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," and the proportionality requirements for discovery under Rule 26(b)(1).

**2. Discovery Disputes Between Parties to the Case.** Upon the development of an impasse with respect to discovery in a pending case assigned to Judge Martínez-Olguín, the parties must first meet and confer; that is, counsel for each party shall meet and confer in person or via videoconference to attempt to resolve their dispute informally. A mere exchange of letters, emails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

If the parties are unable to resolve their dispute informally after a good faith effort, **including meet and confer efforts conducted by lead trial counsel,** the parties shall prepare a joint statement of not more than five pages (12-point font or greater) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts. Issue-by-issue, the joint statement shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue. It is preferable that the parties file a separate statement for each dispute. Where necessary, the parties may submit supporting declarations and documentation of up to 12 pages. Parties are expected to plan for and cooperate in preparing the joint statement so that each side has adequate time to address the arguments.

The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages (12-point font or greater).

The joint statement or individual statements shall be e-filed (unless the case is exempt from e-filing requirements). Whether joint or individual, the statement must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of the parties' submission(s), the Court will advise the parties of how the Court intends to proceed. The Court may issue a ruling or schedule a videoconference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates. The Court may also order the parties to come to the courthouse to meet and confer in good faith.

**3. Discovery Disputes Between a Party and a Non-Party.** For discovery disputes involving non-parties (usually Federal Rule 45 disputes), the parties may utilize the procedure identified above, provided the parties and non-parties agree to that procedure. Absent agreement, the moving party should file a noticed motion pursuant to Local Rule 7. In either event, before the dispute may be brought to the Court's attention, lead trial counsel must meet and confer in person or by videoconference.

**4. Protective Orders/ESI Orders.** Parties who seek a protective order or order regarding discovery of electronically stored information ("ESI") must, where practicable, use one of the model stipulated orders available at https://cand.uscourts.gov/model-protective-orders or https://cand.uscourts.gov/eDiscoveryGuidelines. Parties must file one of the following with any proposed protective order or order regarding discovery of ESI: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each

modification to the model order, along with a redline version comparing the proposed order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

**5.** **Privilege Logs.** If a party withholds material as privileged under Federal Rule 26(b)(5) or 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date. Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; and (f) the specific privilege and a brief summary of any supporting facts. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

## J. SECURITIES CASES

Within 14 days of service of the complaint (or consolidated complaint), the plaintiff shall file an appendix summarizing the information required by 15 U.S.C. § 78u-4(b)(1) and (2), specifically identifying the allegations in the operative complaint as follows: (a) each statement alleged to have been false or misleading; (b) the speaker, date, and medium by which the statement was made; (c) the reason(s) the statement was false or misleading when made; and (d) the facts alleged to show that defendant(s) knew the statement false and/or misleading. The appendix should clearly identify, by citation to the operative complaint, which statements or omissions are attributable to which defendants, and for each such defendant, the facts alleged which give rise to a strong inference that the defendant acted with the required state of mind at the relevant time. The appendix must strictly adhere to the allegations in the operative complaint and may not include any new or supplemental information or explanation. The appendix shall be organized in the following format, with hyperlinks to any material contained in the pleadings:

| **Statement No.** | ¶ | The Speaker(s), Date(s), and Medium | False and Misleading Statements | Reasons Statements Were False and Misleading When Made | Facts Giving Rise to a Strong Inference of Scienter |
|---|---|---|---|---|---|
| 1. | ¶ 10 | When: [date]<br>Where: [e.g. Press release]<br>Speakers: [e.g. CEO] | [Direct quotation of the alleged false and misleading statements.] | [Summarize arguments on falsity with specific references to paragraphs in the complaint.] | [Summarize arguments on scienter with specific references to paragraphs in the complaint.] |

With its motion to dismiss, the defendant shall include a chart summarizing the bases for challenging each statement, in the following format:

| **Statement No.** | ¶ | The Speaker(s), Date(s), and Medium | False and Misleading Statements | Not Well-Pleaded | Safe Harbor | Opinion | Puffery |
|---|---|---|---|---|---|---|---|
| 1. | ¶ 10 | When: [date] Where: [e.g. Press release] Speakers: [e.g. CEO] | [Direct quotation of the alleged false and misleading statements.] | ✓ | ✓ | ✓ | ✓ |

## K. CLASS ACTION SETTLEMENTS

Any motion for preliminary or final approval of a class action settlement must address the respective guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website.

As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the final distribution of settlement funds. In addition to the information contained in the Guidance, the post-distribution accounting must discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

## L. PARTIES UNREPRESENTED BY AN ATTORNEY

Parties representing themselves, without the assistance of a lawyer, should visit the webpage entitled "Representing Yourself" available on the Court's website at https://cand.uscourts.gov/pro-se-litigants/. The page discusses the Court's Legal Help Center which provides free assistance for unrepresented parties over the phone. Parties can make an appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org.

**M. FAILURE TO OPPOSE**

The failure of a party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion.

**IT IS SO ORDERED.**

Dated: November 14, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**