David Simantob, SBN 155790
Email: David.Simantob@wilsonelser.com
Shannon L. Santos, SBN 260112
Email: Shannon.Santos@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

SVO BUILDING ONE, LLC,

Defendant.

---

SVO BUILDING ONE, LLC,

Counterclaimant,

vs.

NAVIGATORS SPECIALTY INSURANCE COMPANY,

Counter-Defendant.

Case No. 3:22-cv-07102-AMO
Hon. Araceli Martínez-Olguín
Courtroom 10

**NAVIGATORS SPECIALTY INSURANCE COMPANY'S OPPOSITION TO SVO BUILDING ONC, LLC'S MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS ANDRÉ E. JARDINI**

[Filed in reliance upon Declaration of Shannon Santos [Doc. 105-1] and Exhibit [Doc. 105-2]]

Hearing Date: March 5, 2026
Time: 2:00 p.m.
Courtroom: 10, 19th Floor

Action Filed: November 14, 2022
Trial Date: July 14, 2026

/ / /

/ / /

Navigators Specialty Insurance Company ("Navigators") hereby submits its Opposition to the Motion to Exclude Testimony of Navigators' Expert Witness André E. Jardini [Doc. 102] ("Motion") filed by SVO Building One, LLC ("SVO").

## I. <u>INTRODUCTION</u>

In seeking to exclude testimony from Navigators' expert, retained to opine on the reimbursement allocation set forth in the seminal decision *Buss v. Super. Ct.*, 16 Cal. 4th 35 (1997), SVO ignores the most persuasive part of the expert's deposition testimony:

Q. Can you remember a case where you used the *Buss* allocation?

A. Yes. *Buss*.

(Declaration of Shannon Santos [Doc. 105-1] ("Santos Dec."), ¶ 2, Ex. A, Deposition of André Jardini ("Jardini Depo."), 19:9-12, EX. A-6.) That's right. Navigators' allocation expert, André Jardini, is the expert who was utilized in developing the *Buss* allocation. Yet, SVO comically asserts that Mr. Jardini is not qualified to opine on a *Buss* allocation. SVO's desperation to avoid testimony by perhaps the person most qualified to do so seeps out of the Motion.

Navigators has more than met its burden to satisfy the requirements for providing expert testimony. Mr. Jardini's specialized knowledge, extensive experience in insurance billing, and application of a line-by-line invoice review methodology will help the trier of fact determine which defense costs are more likely than not attributable solely to uncovered claims such that Navigators is entitled to reimbursement of more than $5.5 million. SVO seeks to exclude Mr. Jardini's opinions by mischaracterizing both the California Supreme Court's *Buss* decision and the expert work performed in this case. *Buss* does not require a written line-by-line allocation of each time entry billed by defense counsel to assign it to either defamation or non-defamation claims. Rather, *Buss* contemplates evaluation of billing records to identify and substantiate those fees that are fairly attributable solely to uncovered claims without a specific methodology required, precisely what Mr. Jardini did in this case. As the expert who developed the allocation approach applied in the *Buss* litigation, Mr. Jardini is uniquely qualified to assist the Court and the trier of fact in evaluating Navigators' claim for reimbursement. By contrast, SVO elected not to disclose an allocation expert at all and now attempts to avoid the consequences of that strategic choice by seeking to bar the only

allocation expert retained in the case. SVO's failure to adequately prepare its defense is not a reason to exclude part of Navigators' prosecution.

SVO's claim that Mr. Jardini did not apply the correct *Buss* standard is refuted by the first page of the *Buss* decision: "what is the burden of proof? Proof by a preponderance of the evidence." *Buss*, 16 Cal. 4th at 40. Yet, SVO states that the applicable standard of proof to an allocation analysis is not preponderance of the evidence but instead more akin to the standard applicable to the duty to defend. SVO's erroneous reading of *Buss* cannot be a basis to exclude Mr. Jardini's opinions. Navigators requests the Court deny SVO's Motion and allow Mr. Jardini to educate the trier of fact on the reimbursement allocation.

## II. ARGUMENT

### A. Mr. Jardini Unquestionably Meets the Legal Standard for Expert Opinion.

Rule 702 provides that expert opinion is admissible if (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702. **The Rule 702 factors are not even *identified* in SVO's Motion let alone *analyzed.***

Mr. Jardini's expert retention meets all of the admissibility elements of Rule 702. Mr. Jardini is a lawyer with 48 years of litigation practice. [Doc. 102-1, p. 35, Jardini Report, ¶¶ 2-3.] As a legal auditor, he has conducted more than 1,950 audits and $2.75 billion in legal fees reviewed. [Doc. 102-1, p. 36, Jardini Report, ¶ 9.] He has served as consultant and expert witness in countless cases involving the allocation of fees in reimbursement coverage cases as well as on the reasonableness of fees. [Doc. 102-1, pp. 36, 46-59, 61-63, 65-66, Jardini Report, ¶¶ 8, 11, Exs. 1-3.] Mr. Jardini was also the expert involved in creating the *Buss* allocation standard by working on the *Buss* case. (Jardini Depo., 18:24-19:3; 19:9-11, EX. A-6.) As such, he is uniquely qualified to testify in this case, which both parties agree is controlled by precepts imparted in *Buss*.

Mr. Jardini's testimony will help the trier of fact understand the evidence. Calculating the

reimbursement owed by SVO involves evaluating thousands of pages of legal invoices while making sense of each of those entries. No court would ever allow an insurer to show the jury each and every line of fees incurred in a defended action. With Mr. Jardini's testimony however, the trier of fact will be able to understand this information and process it in a more efficient way.

Mr. Jardini considered all of the data that is regularly considered by members of his profession and experts in his field. In fact, he testified that **he and his team reviewed *all* of the legal invoices and individual time entries** as part of the allocation determination even though there is no such *Buss* requirement. (Jardini Depo., 42:20-43:7; 43:14-44:16; 53:10-54:2; 61:2-12, EX. A-12, 14-16.) Mr. Jardini further testified that, in deciding how to allocate the fee entries between defamation and non-defamation claims, he drew on his specialized knowledge and experience as a litigation lawyer and auditor. (Jardini Depo., 21:17-23:24; 62:11-23, EX. A-6, 7, 17.)

Mr. Jardini's methodology is one that has been widely accepted and tested both in reimbursement allocation cases as well as in cases challenging the reasonableness of legal fees. (Jardini's Depo., 54:20-23.) Mr. Jardini's report as well as his deposition testimony reveal that he has reliably applied his regular, daily methodology process to the legal invoices involved in this case. (Jardini Depo., 15:1-13; 17:6-25, 21:17-23:24; 42:20-43:7; 43:14-44:16; 53:10-54:2; 57:15-20; 61:2-12; 62:11-63:15; 78:12-79:13, EX. A-5-7, 12, 14-17, 21.)

Mr. Jardini's opinions meet the threshold of relevance and reliability to allow presentation.

**B. <u>SVO's Criticisms Go to the Weight of the Evidence, Not Its Admissibility.</u>**

Navigators realizes that SVO does not like the conclusions drawn by Mr. Jardini, particularly since the expert opined that "about 1% of all time spent" in defense of SVO in the subject action went towards defamation claims. [Doc. 102-1, p. 43, Jardini Report, ¶ 59.] The remainder will be paid by SVO. Disagreement over the opinions though does not disqualify Mr. Jardini from testifying.

The California Supreme Court does not endorse any particular methodology for an insurer in allocating between covered and uncovered claims. It does not impose any pleading or report-format requirement or dictate an expert's presentation. *Buss*, 16 Cal. 4th at 61. Even though SVO manufactured the purported *Buss* requirement for a line-by-line allocation, Navigators' expert did in fact perform such an analysis. (Jardini Depo., 42:20-43:7; 43:14-44:16; 53:10-54:2; 57:15-20; 61:2-

12, EX. A-12, 14-16.) It will be a matter for the trier of fact to evaluate how much credit this expert opinion receives.

The inaccuracies in the Motion are completely unsupported by evidence as shown below:

- Mr. Jardini did not run a word search for "defamation" in the "Outlines for Services Performed." [Doc. 102, pp. 3-4, Motion, 2:26-3:1.] The witness testified that, as one part of the multi-step allocation evaluation, word searches were run on the **invoices**. (Jardini Depo., 44:5-16; 71:13-72:8; 79:14-19; 109:23-110:7; 132:14-22, EX. A-12, 19, 21, 28, 29, 34.)

- The classifications of "P" or "D" were not done arbitrarily. [Doc. 102, p. 4, Motion, 3:3-5, 26-27.] The allocation, which Mr. Jardini performed himself, involved evaluation of whether the task was even possibly related to the defamation claim. (Jardini Depo., 14:12-17, 20-25; 22:22-23:11; 58:2-14; 62:14-63:15; 88:1-16; 95:1-4; 130:6-9, EX. A-5, 7, 16, 17, 23, 25, 34.) Mr. Jardini explained that the same task performed at different points would be for different purposes, especially given the dismissal of the defamation claim. (Jardini Depo., 85:5-87:25; 93:4-10, EX. A-22-24.)

- Mr. Jardini did not create a methodology "primarily due to the fact that only one out of 18 causes of action assertedly [sic] involved a covered claim." [Doc. 102, p. 4, Motion, 3:10-12, 16-18.] Rather, he utilized the same procedure applied in all of his cases for decades. (Jardini Depo., 15:1-13; 17:6-25, EX. A-5.)

- Mr. Jardini never opined "that a claim needs to be actively litigated to warrant coverage." [Doc. 102, p. 4, Motion, 3:12-13.] The expert never opined on coverage whatsoever, instead only allocating between defamation and non-defamation. (Jardini Depo., 19:25-20:14; 38:19-39:25; 44:23-45:22; 46:20-47:11; 82:25-83:11; 92:25-93:1; 100:5-101:4, EX. A-6, 11-13, 22, 24, 26.) The portion of the Jardini Report cited in the Motion does include a word about coverage.

- Mr. Jardini never said "that settlement money has to be paid towards the specific claim in order to justify coverage." [Doc. 102, p. 4, Motion, 3:13-14.] The portion of the Jardini Report cited in the Motion does include a word about coverage.

- The expert opinion shows that only 1% of the time was spent towards "defamation efforts," not 3%. [Doc. 102, p. 4, Motion, 3:15-16; Doc. 102-1, p. 43, Jardini Report, ¶ 59.] The math calculations in the Jardini Report are correct and do not add up to 5.5% nor does SVO explain how it

calculated 5.5%. [Doc. 102, p. 4, Motion, 3:14-16.]

- There are not "numerical inconsistencies" in the Jardini Report. [Doc. 102, p. 5, Motion, 4:12-18.] Rather, SVO intentionally did not advise the Court of the expert's testimony that the totals in the report came from Navigators' Interrogatory responses, not calculations done by his office. (Jardini Depo., 77:11-18, EX. A-20.)

- Mr. Jardini's analysis of the time incurred before SVO's tender of the claim does not make his opinion unreliable. [Doc. 102, p. 5, Motion, 4:20-24.] The allocation shows that Mr. Jardini's opinion was consistent for work performed throughout SVO's defense. If anything, this expanded allocation analysis works to SVO's advantage on the calculations since there would have been more time potentially spent on the defamation claim before tender than after.

- SVO falsely states that Mr. Jardini did not do an allocation for costs. [Doc. 102, p. 6, Motion, 5:3-7.] The expert testified to the contrary. (Jardini Depo., 116:12-24, EX. A-30.)

- The expert did not make a determination that "Navigators had no duty [to defend] after March 24, 2021." [Doc. 102, p. 6, Motion, 5:8-10.] Mr. Jardini repeatedly testified that he was not opining on coverage despite SVO's counsel's constant attempts to trap the witness into providing a legal conclusion. (Jardini Depo., 19:25-20:14; 38:19-39:25; 44:23-45:22; 46:20-47:11; 82:25-83:11; 92:25-93:1; 100:5-101:4, EX. A-6, 11-13, 22, 24, 26.)

### C. SVO Failed to Comply with the Local Rules in Bringing the Motion.

SVO failed to comply with the Local Rules by not noticing the Motion for hearing. L.R. 7-2(b). The Motion does not contain the requisite notice of the Motion. SVO's failure to do so in connection with this Motion provides grounds to deny the requested relief.

## III. CONCLUSION

Navigators requests the Court deny the Motion and allow testimony by Mr. Jardini.

Dated: December 23, 2025

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Shannon L. Santos*
David Simantob
Shannon L. Santos
*Attorneys for Plaintiff/Counter-Defendant Navigators Specialty Insurance Company*