Shawn Shaffie (SBN 262002)
shaffie@parkershaffiellp.com
Bruce T. Smyth (SBN 89171)
smyth@parkershaffiellp.com
Behnam M. Parvinian
parvinian@parkershaffiellp.com
**PARKER SHAFFIE LLP**
800 W. 6th Street, Suite 500
Los Angeles, California 90017
Telephone: (213) 622-4441
Facsimile: (213) 622-1444

Steven W. Murray (SBN 41493)
swm@psilaw.com
**STEVEN W. MURRAY, APC**
14930 Ventura Boulevard #205
Sherman Oaks, CA 91403
Telephone: (818) 501-2277
Facsimile: (818) 501-8441

Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SVO BUILDING ONE, LLC,<br><br>　　　　Defendant.<br><br>SVO BUILDING ONE, LLC<br><br>　　　　Counterclaimant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>　　　　Counter-defendant. | Case No. 3:22-CV-07102-AMO<br><br>[Assigned to Hon. Araceli Martínez-Olguín]<br><br>**DEFENDANT SVO BUILDING ONE, LLC'S OPPOSITION TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S REQUEST TO FILE A SECOND OPPOSITION TO SVO'S MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS ANDRÉ E. JARDINI**<br><br>Date:　　March 5, 2026<br>Time:　　2:00 p.m.<br>Dept.:　　Courtroom 10, 19th Floor |

**DEFENDANT SVO BUILDING ONE, LLC'S OPPOSITION TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S REQUEST TO FILE A SECOND OPPOSITION TO SVO'S MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS ANDRÉ E. JARDINI**

P S PARKER SHAFFIE LLP

## I. INTRODUCTION

On December 1, 2025, SVO Building One, LLC ("SVO") filed a five-page *Daubert* motion to exclude the testimony of Andre Jardini accompanying SVO's motion for summary judgment based on the deficiencies of Navigators' discovery responses and of the expert testimony of Mr. Jardini incorporated therein. The motion complied with the five-page limitation on *Daubert* motions under the Court's Standing Order. On December 15, 2025, Navigators filed an Opposition to SVO's motion to exclude the testimony of Andre Jardini exceeding 20 pages, in clear violation of the page limit in the Standing Order absent prior leave. Navigators sought no leave and offered no justification for its violation of the Standing Order. After receiving SVO's Reply, on December 23, 2025,Navigators filed a request to be permitted to file a second Opposition (ECF 116) which it said conformed to the five-page limit.

## II. THIS COURT SHOULD STRIKE NAVIGATORS' ORIGINAL OPPOSITION AND NOT ALLOW IT SECOND ONE.

Courts in this Circuit regularly enforce page limits by striking noncompliant filings or refusing to consider the excess pages. The same remedy is warranted here to vindicate the Court's Standing Order, ensuring fairness and equity. Navigators' overlength filing forced SVO to respond to quadruple the permitted argument in the only three pages permitted for replies on *Daubert* motions already prejudiced the orderly administration of this case. Permitting Navigators to file a second Opposition after the Court ordered deadline to make five additional pages of argument after SVO filed its reply to Navigators' original opposition would compound the unfairness.

What is even more unfair and improper is that Navigators utilizes its untimely second Opposition to assert a *new* argument in opposition to SVO's motion. It asserts that SVO should have waited to file its *Daubert* motion until the time that Navigators' Opposition to SVO's motion for summary judgment was due, citing the Court's schedule for summary judgment motions and *Daubert* motions. This argument is untimely and should be disregarded. It is also unfounded.

/ / /

/ / /

**DEFENDANT SVO BUILDING ONE, LLC'S OPPOSITION TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S REQUEST TO FILE A SECOND OPPOSITION TO SVO'S MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS ANDRÉ E. JARDINI**

The Court's schedule contemplates a motion for summary judgment where the opposing party wishes to make a *Daubert* motion to challenge the moving party's evidence. Navigators made no such motion. Here the motion for summary judgment is based on the deficiency of the expert testimony and the *Daubert* motion complements that motion. Navigators would be the first to complain if the *Daubert* motion were filed at the time the oppositions were due and they had only a week to respond, instead of the two weeks they had because of the concurrent filing of the motion for summary judgment and the *Daubert* motion.

Navigators in any event has no grounds to argue unfairness which was in fact caused by its own failure to comply with the page limitation on the Court's Standing Order. The Order is readily available on the Northern District's website. Anyone practicing before the federal courts knows that these Orders are often updated or modified, as they were recently because of the government shutdown and after the shutdown ended. The five-page length of SVO's moving papers should have given Navigators a clue that there was a shorter limit in effect.

## III.  CONCLUSION

For the foregoing reasons, the Court should deny Navigators' request for leave to file a second Opposition to SVO's motion to strike the Jardini testimony. The Court should instead strike Navigators' twenty-page Opposition in its entirety for violating the Court's five-page limit. In the alternative, the Court should disregard all pages beyond page 5.

DATED: December 29, 2025 **PARKER SHAFFIE LLP**

By: _Bruce T. Smyth_
_____
Bruce T. Smyth
Attorneys for Defendant and Counterclaimant
**SVO BUILDING ONE, LLC**

**DEFENDANT SVO BUILDING ONE, LLC'S OPPOSITION TO NAVIGATORS SPECIALTY INSURANCE COMPANY'S REQUEST TO FILE A SECOND OPPOSITION TO SVO'S MOTION TO EXCLUDE TESTIMONY OF EXPERT WITNESS ANDRÉ E. JARDINI**