UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAVIGATORS SPECIALTY
INSURANCE COMPANY,

Plaintiff,

v.

SVO BUILDING ONE, LLC,

Defendant.

Case No.  22-cv-07102-AMO

**ORDER DENYING MOTION FOR
LEAVE TO FILE A MOTION FOR
RECONSIDERATION**

Re: Dkt. No. 130

Before the Court is Plaintiff/Counter-Defendant Navigators Specialty Insurance Company's ("Navigators") motion for leave to file a motion for reconsideration submitted under Civil Local Rule 7-9.  Navigators seeks leave to file a motion for reconsideration of the Court's April 30, 2026 order re cross-motions for summary judgment.  *See* Dkt. No. 124.  For the following reasons, the Court **DENIES** Navigators's motion.

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' "  *Gamevice, Inc. v. Nintendo Co.*, 677 F. Supp. 3d 1069, 1071 (N.D. Cal. 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).  "As such, [reconsideration] should not be granted 'absent highly unusual circumstances.' "  *Id.* (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).  A party seeking reconsideration of an interlocutory court order in this District must first seek leave to file such a motion.  Civil L.R. 7-9(a).  The moving party must specifically show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know of such fact or

law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).  Importantly, a party seeking reconsideration may not reargue any written or oral argument previously asserted to the Court.  Civil L.R. 7-9(c).  "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion for reconsideration."  Civil L.R. 7-9(d).

Here, Navigators seeks reconsideration of the Court's order based on subsection (3) of Civil Local Rule 7-9, namely, a purported failure to consider material facts or dispositive legal arguments that were presented to the Court in the course of summary judgment briefing.  First, Navigators advances that the Court failed to consider proposed expert André E. Jardini's application of the standard for allocating attorney's fees in a "mixed" action where some claims are covered by an insurance policy and others are not as set forth in *Buss v. Super. Ct.*, 16 Cal. 4th 35, 39-40 (1997).  *See* Dkt. No. 130 at 6-10.  The Court did not fail to consider the proposed expert's purported application of the *Buss* standard in assessing his qualifications under Rule 702.  To the contrary, the Court considered Jardini's opinion yet found it unhelpful and irrelevant.  Dkt. No. 124 at 5-7.  Navigators's argument that the Court failed to consider Jardini's opinion thus fails on at least two grounds: (1) it reflects disagreement with the Court's reasoning and conclusion rather than identifying a "manifest failure" by the Court to consider material facts, and (2) it repackages argument previously asserted before the Court (*compare, e.g.*, Dkt. No. 114 *with* Dkt. No. 130).

Second, Navigators avers that the Court failed to consider material facts submitted in support of the summary judgment briefing.  *See* Dkt. No. 124 at 10-13.  Navigators specifically points to the interrogatory responses by its claims adjuster in which the "claims adjuster made independent conclusions in responses completely unrelated to the allocation analysis completed by the [proposed] expert."  Dkt. No. 124 at 10.  Despite Navigators's contention that the adjuster's statements reflect independent knowledge, the plain language of the responses (including language highlighted within the document) demonstrate that the adjuster relied on materials prepared by

United States District Court
Northern District of California

Jardini – the responses expressly rely on exhibits to the "Jardini Expert Report." Dkt. No. 104-2 at 5-6, 10-11 (including highlighted references to Exhibits 8 and 9 of the Jardini Expert Report). The Court must reject Navigators's assertion that the adjuster, as a lay witness, "made independent conclusions in the responses" unrelated to Jardini's opinion because the exhibits expressly reflect reliance on the excluded expert opinion rather than independently-perceived lay opinion. As the Court noted in its order, the amended interrogatory responses verified by Navigators's adjuster, the same discovery responses Navigators's relies on to assert a manifest failure on the part of the Court, do not "raise a triable question of fact as they incorporate and rely on Jardini's report, which the Court has excluded. . . . Thus, Navigators has not carried its burden of showing specific facts, 'supported by admissible evidence' which would allow a reasonable jury to find for it[.]" Dkt. No. 124 at 12 (citations omitted). Navigators's second argument accordingly fails as well.

For the foregoing reasons, including the failure to satisfy the requirements of Civil Local Rule 7-9, the Court **DENIES** Navigators's motion for leave to file a motion for reconsideration. The parties' pretrial schedule remains unchanged. *See* Dkt. No. 125.

**IT IS SO ORDERED.**

Dated: June 3, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**